## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| IN RE: REMBRANDT TECHNOLOGIES, LP<br>PATENT LITIGATION | )<br>)<br>)    MDL Docket No. 07-md-1848(GMS)<br>) |

## ORDER SETTING SCHEDULING CONFERENCE

1.    *Initial Conference*.  All parties shall appear for an initial conference to discuss case management of this MDL with the undersigned on **Wednesday, December 12, 2007, at 9:30 a.m.** at the United States Courthouse for the District of Delaware, 844 N. King Street, in Courtroom 4A, Wilmington, Delaware.

(a)    *Attendance*.  To minimize costs and facilitate a manageable conference, parties are not required to attend the conference.  Attendance at the conference will not waive objections to jurisdiction, venue, or service.  Telephonic appearances will not be permitted.

2.    *Purposes*.  The conference will be held for the purposes specified in Fed. R. Civ. P. 16(a), 16(b), 16(c), and 26(f) and subject to the sanctions prescribed in Rule 16(f).

3.    *Preparations for Conference*.

(a)    *Procedures for Complex Litigation*.  Counsel are expected to familiarize themselves with the *Manual for Complex Litigation, Fourth* and be prepared at the conference to suggest procedures that will facilitate the just, speedy, and inexpensive resolution of this litigation.

(b)    *Initial Conference of Counsel*.  Before the conference, counsel shall confer and seek consensus to the extent possible with respect to all agenda items listed below.  On or before the **close of business on Wednesday, December 5, 2007,** counsel shall file a JOINT STATUS REPORT addressing each agenda item.

1.    ***Jurisdiction and Service.***  Does the court have subject matter jurisdiction? Are all parties subject to the court's jurisdiction?  Do any remain to be served?

2.     ***Substance of the Action.***  What are the factual and legal bases for plaintiff's claims and defendants' defenses?

3.     ***Identification of Issues.***  What factual and legal issues are genuinely in dispute?

4.     ***Narrowing of Issues.***  Can the issues in litigation be narrowed by agreement or by motions?  Are there dispositive or partially dispositive issues appropriate for decision on motion?

5.     ***Relief.***  What specific relief does plaintiff seek?  What is the amount of damages sought and generally how is it computed?

6.     ***Amendment of Pleadings?***

7.     ***Joinder of Parties?***

8.     ***Discovery.***  Discovery contemplated by each party and the amount of time it may take to complete discovery?  Can discovery be limited?  Are less costly and time-consuming methods available to obtain necessary information?  Have the parties explored and discussed the possibility of utilizing a magistrate judge during the discovery process?

9.     ***Estimated trial length.***  Is it feasible or desirable to bifurcate issues for trial?  Is it possible to reduce the length of the trial by stipulations, use of summaries or statements, or other expedited means of presenting evidence?

10.    ***Jury trial?***

11.    ***Settlement.***  Have there been settlement discussions?  What are the prospects for settlement?  Is referral to the Magistrate for mediation or other ADR mechanism appropriate?

12.    ***Related cases.***  Are there any related cases pending in federal or state court?

13.    ***Pending motions.***  Counsel's Joint Status Report shall list all pending motions.

14.    Such other matters as counsel considers conducive to the just, speedy and inexpensive determination of this action.

15.    A statement that counsel for the parties have conferred about each of the above matters.

4.    *Interim Measures*.

(a)    *Admission of Counsel*.  Attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation.

(b)    *Stays*.  All previously issued stays are lifted as of the date of this Order.  The parties should be prepared to file all motions or answers in a timely manner pursuant to the lifting of the stays.

(c)    *Pending and New Discovery*.  Pending the conference, all outstanding disclosure and discovery proceedings are stayed and no further discovery shall be initiated.  This order does not (1) preclude voluntary informal discovery regarding the identification and location of relevant documents and witnesses; (2) preclude parties from stipulating to the conduct of a deposition that has already been scheduled; (3) prevent a party from voluntarily making disclosures, responding to an outstanding discovery request under Federal Rule of Civil Procedure 33, 34, or 36; or (4) authorize a party to suspend its efforts in gathering information needed to respond to a request under Rule 33, 34, or 36.  Relief from this stay may be granted for good cause shown, such as the ill health of a proposed deponent.

(d)    *Orders of Transferor Courts*.  All orders by transferor courts imposing dates for pleading or discovery are vacated.

5.    *Later Filed Cases*.  This Order shall apply to related cases later filed to, removed to, or transferred to this court.

6.    *Applications for Lead and Liaison Counsel Appointments*.  The court presently intends to appoint lead counsel and liaison counsel.  Applications for these positions shall be filed within **ten (10) days of the date of this Order**.  The main criteria the court will consider for these appointments are: (1) willingness and ability to commit to a time-consuming process; (2) ability to work cooperatively with others; (3) professional experience in this type of litigation; and (4) access to sufficient resources to advance the litigation in a timely manner.

7.    *Continuation of Conference*.  No continuance of the conference will be granted except by order of the court upon application of counsel made seven (7) days before the date of the conference supported by a declaration stating the reasons for the request.

Dated: October __31__, 2007

CHIEF UNITED STATES DISTRICT JUDGE

3

FILED

NOV - 1 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE