# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| IN RE: REMBRANDT TECHNOLOGIES, LP PATENT LITIGATION | ) ) ) ) | MDL Docket No. 07-md-1848 (GMS) |

## JOINT STATUS REPORT

Pursuant to the Order Setting Scheduling Conference (D.I. 21) ("Order"), the

parties submit this Joint Status Report, addressing each agenda item set forth in paragraph

3(b) of the Order.

## OVERVIEW OF THIS REPORT AND ITS ATTACHMENTS

This Joint Statement contains all parties' respective responses to the questions set

forth in the Court's Order. The responses are provided, on the one hand, by Rembrandt

Technologies, LP ("Rembrandt"), the alleged patent owner, and on the other hand, by all

parties adverse to Rembrandt, whether they are defendants or declaratory relief claimants

(hereafter, "All Other Parties"). Accordingly, All Other Parties (which include

equipment manufacturers, network broadcasters and cable multiple systems operators

("MSOs")), provide a single collective response to the Court's questions. In addition,

Rembrandt and All Other Parties have attached as Exhibits A and B their respective

Proposed Scheduling Orders. Rembrandt also attaches as Exhibit C a table showing the

events and dates contained in Rembrandt's Exhibit A (Proposed Scheduling Order). All

Other Parties also attach as Exhibit D a table showing the events and dates contained in

All Other Parties' Exhibit B (Proposed Scheduling Order).

The differences in these responses arise from fundamentally different views of how this Multidistrict Litigation should proceed. Therefore, Rembrandt and All Other Parties first set forth preliminary statements of their overall positions to assist the Court with its consideration of the responses that follow for each individual question set forth in the Court's Order.

### Rembrandt's Preliminary Statement

Regrettably, despite Rembrandt's request that the parties only state, and not brief, their respective positions, All Other Parties have insisted on arguing their position. Thus, Rembrandt must respond to the Other Parties' demand for a schedule that would effectively reverse the MDL Order and process.

Rembrandt offers the Court flexible proposals that allow the MDL cases to proceed efficiently towards trial in the transferor jurisdictions. The proposals herein maximize the value of work already undertaken by the parties and the courts in transferred cases while allowing the other cases to progress in a timely fashion.

All Other Parties seek to undermine the MDL process by: (1) waiting for as long as possible to file a declaratory judgment action for the purpose of delaying Rembrandt from prosecuting cases filed as long as two years ago; (2) seeking to have a case filed three weeks ago control the schedule of all other cases filed over the past two years; and (3) attempting to control both the venue in which the cases will be tried, without regard for when they were filed, and to limit the scope of damages available to Rembrandt. Not only does the proposal undermine the MDL process, it is illogical given the facts, and creates no efficiencies.

Rembrandt filed the first case in this MDL in September 2005, asserting patent infringement claims against Comcast (*Comcast I*).  Rembrandt filed separate actions against cable operators Time Warner, Charter, CoxCom and Cablevision in the months following the *Comcast I* case.  The *Comcast I* case was originally set for trial in August 2007, yet no modem manufacturers sought to intervene in that case, nor did they file any declaratory judgment action though presumably any indemnity notifications were sent shortly after Rembrandt filed suit.  Instead, these manufacturers sat on their hands for two years and filed suit November 21, 2007, three weeks before the Scheduling Conference, alleging only now that there is a controversy for this Court to resolve.[1]  While these manufacturers may file any case they choose, it would be unjust to allow them to manipulate the MDL by granting their request to have their last-filed case tried first while the progress of the other cases is retarded.  Allowing this gamesmanship to delay Rembrandt's prosecution of significantly earlier filed cases would be an injustice and undermine the MDL process. But this delay is exactly what All Other Parties seek to accomplish through their purposefully late filing and maneuvering.

All Other Parties submit that allowing the manufacturers' case to proceed first creates efficiencies.  This argument is wrong for many reasons.  First, although the declaratory judgment action asserts that it seeks resolution with respect to all of the patents involved in all of the cable company cases, in fact, the declaratory judgment action is improper as to four of the patents because it is the cable companies that are the direct infringers of these patents, not the suppliers of the cable modems.  Thus, Rembrandt's allegations of infringement of United States Patents 5,719,858 ("the '858

---

[1] Rembrandt reserves its right to contest the justiciability of the declaratory judgment action.

Patent"), 4,937,819 ("the '819 Patent),5,852,631 ("the '631 Patent"), and 5,008,903 ("the '903 Patent) (collectively "the system patents") against the cable companies may not even be appropriately included in the declaratory judgment action, and certainly are not properly the subject of the "customer suit exception" to the first-to-file rule. With respect to these patents, Rembrandt alleges that the cable companies infringe because their respective cable networks carry data between the subscribers' cable modems and the cable network's cable modem termination systems according to the DOCSIS ("Data Over Cable Service Interface Specification") standard. This requires the use of DOCSIS compliant modems at both locations in combination with the cable networks of the cable company defendants, one modem for each subscriber location ("subscriber modems") and at least one cable modem termination system at the head end of the cable company's cable network (a "CMTS modem"). It is the combination of this modem equipment with the cable operator's cable network that constitutes direct infringement of these patents.

Rembrandt's Cable I cases (the actions against Time Warner, Charter, CoxCom and Cablevision) and the cases involving the '903 patent are suits against the real manufacturers of the cable network system—the cable operators. They are the proper parties against whom infringement of these patents should be determined.

All Other Parties rely on the customer suit exception to argue that the recently filed *Motorola v. Rembrandt* case (D. Del. Civ. No. 07-752-GMS) proceed ahead of all of the earlier-filed cases. The exception is inapplicable in this case. As stated above, the real manufacturers of the cable system are the cable operators. There can be no customer suit exception because the cable operators are not the All Other Parties' customers with respect to the system patents. Moreover, the Manual for Complex Litigation (Fourth)

4

acknowledges in Section 33.23 that "[t]he general rule is that the first-filed suit will proceed while other pending litigation is dismissed or stayed." The customer suit exception to this rule only applies when the manufacturer files suit (a) promptly after a customer action and (b) in its home forum. *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737 (1st Cir.), *cert. denied*, 434 U.S. 860 (1977); *ATSPI, Inc. v. Sharper Image, Inc.*, 677 F. Supp. 842, 843, 843 (W.D. Pa. 1988). *See also Dentsply Int'l v. Kerr Mfg. Co.*, 734 F. Supp. 656, 660 (D. Del. 1990) ("[A]pplication of the 'customer suit' rule in this case would give the Court's imprimatur to the delay of Centrix in bringing its 'manufacturer's action.'"). Here, the Motorola case was neither filed promptly (it was filed more than two years after the *Comcast I* case), nor in the plaintiffs' home forum (none of the plaintiffs have their principal place of business in Delaware).

No benefit arises from trying the declaratory judgment action first. All Other Parties claim that even if Rembrandt prevails in the declaratory judgment action, there will be efficiencies, notwithstanding that every defendant will still retain the right to a trial of its cases. The apparent basis for this claim is that the outcome of the declaratory judgment case may lay the basis for resolution of the other cases, perhaps even by summary judgment. But that, of course, is true regardless of which case gets tried first. For example, the only outcome that voids the need for some of the MDL cases to proceed would be invalidation of Rembrandt's patents as that outcome would be binding on Rembrandt. *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 28 L. Ed. 2d 788, 91 S. Ct. 1434 (1971). But, such estoppel would also hold true if the *Comcast I* case were to proceed. Proceeding with *Comcast I* offers many benefits because of the advanced stage of that case: over 4 million pages of documents

have been produced, 59 third parties have been subpoenaed and/or have produced documents, and the parties have filed claim construction briefs and received a *Markman* ruling from the Court. Moving the *Comcast I* case towards trial would certainly be more expeditious than beginning with a case where Rembrandt's responding papers have not even come due.

All Other Parties repeatedly misrepresent Rembrandt's proposal as not providing efficiencies for the Court and the parties. Respectfully, Rembrandt has offered multiple proposals that allow the Court maximum flexibility in governing the MDL to provide for common discovery and treatment of pre-trial issues by the Court, and an opportunity for all parties to participate (contrary to All Other Parties' claim that Rembrandt is seeking to "bind" or "preclude" such participation). The proposal offered by All Other Parties ignores that the purpose of an MDL is not to avoid trials in the original transferor districts, but instead to coordinate cases that have some overlap.

### All Other Parties' Preliminary Statement

The joint status report and schedule that Rembrandt first proposed to All Other Parties demonstrated that the parties' proposals could not be reconciled because Rembrandt and All Other Parties had fundamentally different views as to how this MDL action should proceed. Accordingly, All Other Parties believed that preliminary statements explaining the basic differences between the parties' overall positions would assist the Court with its consideration of the responses that follow for each individual question.

The parties' basic differences in approach arise from Rembrandt's desire to obtain a quick remand to the Eastern District of Texas of one case against one MSO, Comcast,

event though this approach is massively inefficient, would result in duplicative proceedings, and may unnecessarily lead to inconsistent findings and results with respect to identical issues.  In addition, Rembrandt seeks to bind not just Comcast to the Eastern District of Texas Magistrate Judge's non-final claim construction order that this Court has already vacated, but it also seeks to apply that same claim construction order to a multitude of other adversaries who, because of Rembrandt's litigation strategy of suing defendants at different times and in different jurisdictions, had no opportunity to participate in the claim construction proceedings in Texas.  Thus, Rembrandt's approach does not achieve the MDL Panel's objectives in consolidating these actions to "prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary."  Instead, Rembrandt is attempting to use this MDL proceeding to deny All Other Parties the opportunity to meaningfully participate in claim construction, and to try infringement relating to the same contentions against the same equipment multiple times.  For these reasons, All Other Parties oppose Rembrandt's schedule and propose a comprehensive approach for equitably and efficiently coordinating and resolving all actions on all patents.

Rembrandt's patent assertions in the MDL Proceedings fall into two categories.  First, Rembrandt asserts eight of the nine patents at-issue (the "Eight Patents") against the sale and use of cable modems ("CM") and cable modem termination systems ("CMTS") that the MSOs use to provide Internet access and telephone service to their customers.  Rembrandt has asserted that any CM or CMTS equipment that complies with a cable industry standard called DOCSIS (the "Data Over Cable Service Interface Specifications") supposedly infringes the Eight Patents.  Second, Rembrandt asserts one

patent against the sale and use of TV transmitting and receiving equipment that complies with the different and unrelated Advanced Television Systems Committee ("ATSC") Digital Television Standard. These two different industry standards are unrelated and distinct. Rembrandt's assertions regarding CM and CMTS equipment and DOCSIS relates to the provision of high-speed Internet services through the use of *cable* equipment. In contrast, Rembrandt's assertions against the ATSC Digital Television Standard relates to the transmission and receipt of digital terrestrial *broadcast* signals, *i.e.*, digital TV.

As to the Eight Patents and Rembrandt's assertions regarding CM and CMTS equipment, Rembrandt has filed ten cases against six different cable MSOs, suing in Texas, New York and Delaware. In addition, in the case of <u>Motorola, Inc. et al. v. Rembrandt Technologies, LP</u>, C.A. No. 07-752 (GMS), the co-plaintiffs ("Equipment Manufacturers"), who have made and supply CM and/or CMTS equipment to the MSOs, have filed a declaratory judgment action in this Court, seeking a declaration that neither they nor their customer cable MSOs infringe the Eight Patents and that the Eight Patents are invalid.

In light of the Equipment Manufacturers' action, and its ability to resolve all issues in all underlying cases on the Eight Patents, All Other Parties to actions including the Eight Patents propose that the Equipment Manufacturers' action be tried in this Court before completion of the consolidated MDL Proceedings. This approach meets this Court's directive to the parties to propose a just, speedy and inexpensive resolution for these matters. Indeed, under the "customer suit exception" to the first-to-file rule, it is efficient and proper to first try a manufacturer's declaratory relief action before

completing the pretrial handling and trial of a patentee's suits against the customers.
Ricoh Co., Ltd. v. Aeroflex, Inc., 279 F. Supp. 2d 554, 557 (D. Del. 2003) (citing Katz v.
Lear Siegler, Inc., 909 F.2d 1459, 1464 (Fed. Cir. 1990)).  The Manual for Complex
Litigation also contemplates trial of the manufacturer's suit first as an efficient way to
manage complex patent litigation.  See Manual for Complex Litigation (Fourth) (2004) at
§ 33.23 and n. 2170 (citing cases recognizing customer suit exception to allowing first-
filed action to proceed).  Accordingly, progressing all actions on the Eight Patents and
conducting a trial in the Equipment Manufacturers' declaratory judgment action before
completion of the consolidated customer suit proceedings, results in the efficiencies noted
by the "customer suit exception."

     The Equipment Manufacturers filed their declaratory judgment action to establish
that their sale and their cable customer MSOs' use of the Equipment Manufacturers' CMs
and CMTS do not infringe the Eight Patents.  If the Equipment Manufacturers prevail, the
issue of their customer MSOs' non-infringement and/or patent invalidity will be resolved,
and there will never be a need to try the many different cases against many different
MSOs in multiple Districts.  If the Equipment Manufacturers do not prevail, the damages
assessed against the Equipment Manufacturers would exhaust Rembrandt's remedies, and
Rembrandt would not be permitted to seek double recoveries against the MSO customers.
Thus, it is efficient to defer completion of pretrial proceedings for the cable MSOs until
after the Equipment Manufacturers' trial, when coordinated dispositive motions could
then be filed that take into account the outcome of the trial and completely resolve any
need for MSO trials.

If the Equipment Manufacturers' action is not tried first, however, the MSOs face the prospect of litigating the same issues in many different actions. Rembrandt alleges infringement of the same Eight Patents in these different actions based on different MSOs' use of the very same equipment from the same Equipment Manufacturers. Litigating each of these actions separately would result in an enormous waste of judicial and party resources, and would needlessly create the risk of inconsistent results in actions involving the same equipment and Rembrandt's allegations regarding the DOCSIS industry standard.

Similarly, with respect to Rembrandt's assertions concerning U.S. Patent 5,243,627 (the "'627 patent") and the unrelated ATSC Digital Television Standard, All Other Parties to actions including that patent propose that this Court try some or all of the Delaware '627 actions before completion of pretrial proceedings for the remaining cable MSOs or Sharp Corporation and Sharp Electronics Corporation ("Sharp") actions on the '627 patent. Not only would the outcome of a trial and/or dispositive motions render unnecessary any further '627 patent trials, or at the least vastly reduce any remaining issues to be tried, but an earlier case schedule and trial on the '627 patent would allow the case to be resolved as to the applicable Delaware parties without requiring all of the Broadcasters to further participate in a complex, multi-patent, multi-party proceeding.

Rembrandt's proposal for Comcast I to proceed first on just three of the Eight Patents asserted against CMs and CMTS equipment and on the '627 patent asserted against the ATSC standard offers no coordination or efficiencies, seeks to preclude all parties' positions from being fully considered, and seeks to assure multiple trials on

identical issues. As described above, this is inefficient and needlessly raises the prospect of inconsistent results with respect to identical issues.

Rembrandt's proposal would significantly hinder the orderly progression of coordinated discovery in the ten MSO cases. In <u>Comcast I</u>, more than 40 nonparties to that action, including the Equipment Manufacturers in the 07-752 (GMS) declaratory relief action, have been served with document and deposition subpoenas. The subjects of those subpoenas include the function and operation of the Equipment Manufacturers' CM and CMTS equipment that the MSOs use. In addition, some of the subpoenas and deposition notices related to ATSC-compliant products. Prior to the MDL Panel's Order, some documents had been produced in response to the subpoenas, but no depositions had occurred, and many productions had barely begun.

Because the CM and CMTS equipment that is the subject of this discovery is sold to the entire cable industry, and because the equipment is the subject of Rembrandt's infringement accusations not only for the three of the Eight Patents in <u>Comcast I</u>, but also for the remaining five of the Eight Patents, this discovery is relevant to all ten cases pending against the MSOs in these MDL Proceedings. It makes no sense to proceed, as Rembrandt proposes, with discovery from Equipment Manufacturers and third parties on three of the Eight Patents on an accelerated and separate schedule, and to later require similar discovery for with respect to the five other patents. This and any other fact discovery on the Equipment Manufacturers' equipment should thus be conducted as part of one comprehensive plan. For similar reasons, discovery on ATSC-compliant equipment/products should likewise be conducted in one coordinated format. A schedule

where Comcast I proceeds first would contradict the principles and goals underlying the MDL Panel's Order and guarantee massive inefficiencies.

Further, Rembrandt's patent assertions in MSO cases other than Comcast I include, among other things, U.S. Patent 5,710,761 which shares so many issues to those presented by U.S. Patent 5,852,631 asserted in Comcast I that the common and sole inventor of the two patents disclaimed the term of the '631 patent beyond the expiration of the '761 patent. It makes no sense to separate pretrial and trial proceedings on those two patents, as Rembrandt proposes to do.

In sum, Rembrandt's proposal seeks, and in fact would assure, multiple trials in multiple venues on the same patents against use of the same equipment. Rembrandt's proposal is inefficient, needlessly risks inconsistent results on identical issues, and is fundamentally unfair in that it seeks to use as a base the vacated, non-final Magistrate Judge's claim construction order that only one MSO has even had the opportunity to participate in. For all of these reasons, Rembrandt's proposal should be rejected. The proposal of All Other Parties, which provides for the equitable and efficient coordination and resolution of all the actions on all patents, should be adopted.

1.    ***Jurisdiction and Service.*** *Does the court have subject matter jurisdiction? Are all parties subject to the court's jurisdiction? Do any remain to be served?*

All claims and counterclaims arise under the U.S. Patent Laws alone or in conjunction with the provisions for Declaratory Judgments. Accordingly, this Court has subject matter jurisdiction in accordance with 28 U.S.C. §§ 1331 and 1338, and 2201.

Pursuant to MDL Panel jurisprudence, it is not necessary for this Court to have personal jurisdiction over defendants to the MDL Proceedings, so long as there is personal jurisdiction in the underlying actions in the transferor courts. In two underlying

12

actions to these MDL Proceedings, CoxCom Inc. has pending fully briefed motions to dismiss the cases brought against it in the Eastern District of Texas for lack of personal jurisdiction. However, in its request to the MDL Panel for consolidation, CoxCom confirmed that it is subject to jurisdiction in Delaware. If the Court grants the motions to dismiss the Texas actions, CoxCom will seek leave to amend its declaratory judgment action pending in this Court to add all remaining patents asserted by Rembrandt. This Court also has personal jurisdiction over all defendants to the actions originally brought in Delaware.

All parties have been served.

2.     ***Substance of the Action.*** *What are the factual and legal bases for plaintiff's claims and defendants' defenses?*

**Rembrandt's Response To Question 2**

The plaintiff alleges infringement of one or more of the following U.S. Patents, all owned by Rembrandt: U.S. 5,243,627; U.S. 5,852,631; U.S. 5,719,858; U.S. 4,937,819; U.S. 5,008,903; U.S. 5,778,234; U.S. 6,131,159; U.S. 6,950,444; and 5,710,761.

**All Other Parties' Response To Question 2**

Rembrandt asserts that the Eight Patents (U.S. Pat. Nos. 5,710,761; 5,852,631; 5,719,858; 4,937,819; 5,008,903; 5,778,234; 6,131,159 and 6,950,444) are allegedly infringed by the sale or use of CM and CMTS equipment that complies with the DOCSIS industry standard. All Other Parties in litigation on the Eight Patents deny infringement, assert that the patents are invalid and/or unenforceable, and deny that Rembrandt is entitled to any damages or injunctive relief.

Rembrandt asserts an additional patent, U.S. patent, the '627 patent, against certain entities who make, sell or use equipment that complies with the ATSC Digital

Television Standard. The relevant All Other Parties deny that their ATSC-compliant

equipment or its use infringes the '627 patent, assert that the patent is invalid and

unenforceable, deny that Rembrandt is entitled to any damages or injunctive relief, and

additionally aver that Rembrandt has violated obligations to the ATSC standards setting

organization ("SSO") and the Federal Communications Commission ("FCC") that arise

from the original assignee's agreements with (and representations to) the SSO and the

FCC, and assert license as a defense.

3.    ***Identification of Issues.***  *What factual and legal issues are genuinely in dispute?*

**Rembrandt's Identification Of Issues (Response To Question 3)**

    a.    **The *Comcast I* Case**

*Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:05-433 (E.D.

Tex.) ("*Comcast I*") The issues in this case include the factual and legal issues of

infringement, willful infringement, exceptional case, permanent injunction, damages,

costs, validity, laches, patent misuse, inequitable conduct and enforceability. As

addressed in Section 4 of this Report plaintiff believes that the Comcast I case should be

placed on a separate track from the other cases due to its advanced stage in the litigation.

    b.    **The Other Cable Cases**

        (1) **Charter/Cox I:** *Rembrandt Technologies, LP. v. Charter*

*Communications, Inc. et al.,* C.A. No. 2:06-223-TJW (E.D. Tex.) ("*Charter/Cox I*"). The

issues in this case include the factual and legal issues of infringement, willful

infringement, exceptional case, permanent injunction, damages, costs, validity, laches,

estoppel, personal jurisdiction, venue, waiver, acquiescence, marking, and enforceability.

14

(2) **Time Warner I:** *Rembrandt Technologies, LP v. Time Warner Cable, Inc., et al.,* C.A. No. 2:06-224-TJW (E.D. Tex.) ("*Time Warner I*"). The issues in this case include the factual and legal issues of infringement, willful infringement, exceptional case, permanent injunction, damages, costs, validity, estoppel, and laches.

(3) **Cablevision:** *Rembrandt Technologies, LP. v. Cablevision Systems Corp. et al.,* 1:06-635-GMS (D. Del.) ("*Cablevision I*"). This issues in this case include the factual and legal issues of infringement, willful infringement, exceptional case, permanent injunction, damages, costs, validity, prosecution history estoppel, laches, estoppel, implied license, patent exhaustion, statute of limitations, notice, patent misuse, and unclean hands.

(4) **Charter/Cox II:** *Rembrandt Technologies, LP v. Charter Communications, Inc. et al.,* C.A. No. 2:06-CV-507-TJW (E.D. Tex.) ("Charter/Cox II"). The issues in this case include the factual and legal issues of infringement, willful infringement, exceptional case, permanent injunction, damages, costs, validity, laches, estoppel, personal and subject matter jurisdiction, and venue.

(5) **Time Warner II:** *Rembrandt Technologies, LP v. Time Warner Cable, Inc. et al.,* C.A. No. 2:06-CV-369-TJW (E.D. Tex.) ("*Time Warner II*"). The issues in this *Communications, Inc. et al.,* C.A. No. 2:06-CV-507-TJW (E.D. Tex.) ("Charter/Cox II"). The issues in this case include the factual and legal issues of infringement, willful infringement, exceptional case, permanent injunction, damages, costs, validity and laches.

(6) **Comcast II:** *Rembrandt Technologies, LP v. Comcast Corporation et al.,* C.A. No. 2:06-CV-506-TJW (E.D. Tex.) ("Comcast II"). The issues in this case

include the factual and legal issues of infringement, willful infringement, exceptional

case, permanent injunction, damages, costs, validity, laches, personal jurisdiction, venue,

and misuse.

(7) *Rembrandt Technologies, LP v. Adelphia Communications Corp., et al.*, Bky. Advy. No. 1:06-1739-REG (S.D.N.Y Bkrcy). The issues in this case include the factual and legal issues of infringement, willful infringement, exceptional case, damages, costs, validity, statute of limitations, estoppel, waiver, unclean hands, automatic stay provision of 11 U.S.C. § 362(a), and laches.

(8) *Rembrandt Technologies, LP v. Adelphia Communications Corp.*, C.A. No. 1:07-214-WHP (S.D.N.Y). The issues in this case include the factual and legal issues of infringement, willful infringement, exceptional case, damages, costs, validity, statute of limitations, estoppel, waiver, unclean hands, automatic stay provision of 11 U.S.C. § 362(a), and laches.

(9) *Coxcom, Inc. v. Rembrandt Technologies, LP*, C.A. No. 1:06-721-GMS (D. Del.). Currently pending is a claim for declaratory relief regarding one patent, U.S. 5,008,903. A motion to dismiss for lack of jurisdiction filed by Rembrandt Technologies is also pending. If the case proceeds, the issues will likely include the factual and legal issues of infringement, willful infringement, exceptional case, permanent injunction, damages, costs, validity, laches, estoppel, jurisdiction, venue, waiver, acquiescence, marking, and enforceability.

(10) *Rembrandt Technologies, LP v. Sharp Corp., et al.*, C.A. No. 2:06-47 (E.D. Tex.). The issues in this case include the factual and legal issues of infringement, willful infringement, exceptional case, damages, costs, and validity.

c.      **The Broadcaster Cases**

(1)  The factual and legal issues of infringement, willfulness, damages, invalidity, enforceability, laches, estoppel, misuse, unclean hands, exhaustion, implied license, inequitable conduct, statute of limitations, notice, and no right to injunction are raised in the following cases that pertain to U.S. 5,243,627:

> a.  *Rembrandt Technologies, LP v. CBS Corp.*, C.A. No. 1:06-727-GMS (D. Del.)
>
> b.  *Rembrandt Technologies, LP v. NBC Universal, Inc.*, C.A. No. 1:06-729-GMS (D. Del.)
>
> c.  *Rembrandt Technologies, LP v. ABC, Inc.*, C.A. No. 1:06-730-GMS (D. Del.)

(2)  The factual and legal issues of infringement, willfulness, damages invalidity, enforceability, laches, estoppel, misuse, unclean hands, exhaustion, implied license, inequitable conduct, prosecution history estoppel, waiver and no right to injunction are raised in the following case regarding U.S. 5,243,627:

> a.  *Rembrandt Technologies, LP v. Fox Entertainment Group, Inc., et al.*, C.A. No. 1:06-731-GMS (D. Del.)

**All Other Parties' Identification Of Issues (Response to 3)**

**(1)    Assertions Regarding The Eight Patents**

The Equipment Manufacturers' pending declaratory judgment action in this Court and all pending actions against the cable MSOs (whether in Texas, New York or Delaware) include Rembrandt's assertions that the Eight Patents it allegedly acquired are infringed by the CM and CMTS equipment MSOs purchase from the Equipment Manufacturers.  The relevant All Other Parties deny infringement, assert that the patents

are invalid and/or unenforceable, and deny that Rembrandt is entitled to any damages or injunctive relief.

### (2) '627 Patent Assertion

The remaining actions pending in this Court or Texas involving Broadcasters, television set manufacturer Sharp and several but not all cable MSOs, concern Rembrandt's assertion that the '627 patent it acquired is infringed by the sale or use of TV equipment to transmit or receive ATSC-compliant digital television signals. The relevant All Other Parties deny that ATSC-compliant equipment or its use infringes the patent, assert that the patent is invalid and unenforceable, deny that Rembrandt is entitled to any damages or injunctive relief, and additionally aver that Rembrandt has violated obligations to the ATSC standards setting organization ("SSO") and the FCC that arise from the original assignee's agreements with (and representations to) the SSO and the FCC; certain entities also assert a license defense.

4. ***Narrowing of issues.*** *Can the issues in litigation be narrowed by agreement or by motions? Are there dispositive or partially dispositive issues appropriate for decision on motion?*

## Rembrandt's Response To Question 4

### a. **Handling of *Comcast I* Case**

The *Comcast I* case is further advanced than the other Cable Group I cases (*Charter/Cox I*, *Time Warner I*, and *Cablevision I*). The parties in the *Comcast I* case exchanged and reached agreement on the claim terms to be construed; they conducted claim construction-related discovery; they presented their respective constructions to the Court; they fully briefed the construction issues; and Magistrate Judge Everingham held a claim construction hearing and issued a claim construction order with respect to United

States Patent Nos. 5,243,627, 5,852,631, 5,719,858, and 4,937,819. As part of his ruling, the Magistrate Judge asked and Rembrandt submitted further briefing on *WMS Gaming, Inc. v. International Game Technology,* 184 F.3d 1339, 1359 (Fed. Cir. 1999). Comcast also filed its objections to the Magistrate Judge's claim construction order. The work done by the parties and by the Magistrate Judge have narrowed the claim construction issues with respect to the four patents in the Cable Group I cases, which include the '627 Patent – the same patent in the Sharp case and the Broadcaster cases.

The time and effort expended by the Magistrate Judge and the parties in *Comcast I* could serve to narrow the claim construction work remaining on the four patents in issue in all of the Cable Group I cases identified above. For example, the Court could use the proceedings and order entered by Magistrate Judge Everingham to narrow the issues and conserve judicial resources by adopting a procedure for objections to the order. All parties with an interest in the patents addressed in that order could submit their respective objections and raise with this Court any other terms that the parties believe should be construed, but were not presented to Magistrate Judge Everingham. The Court could then determine whether another claim construction hearing is necessary on these patents. Even if the Court determines that another hearing is warranted, that briefing, as well as the work done by the Magistrate Judge, Comcast and Rembrandt, could narrow the issues remaining for the Court to consider, and focus the hearing on those claim terms truly disputed by the parties.

With respect solely to the *Comcast I* case, if the Court relies on Magistrate Everingham's claim construction order, and instructs Comcast and Rembrandt to complete their respective briefing on the order, Comcast will likely want to respond to

19

Rembrandt's brief on *WMS Gaming,* and Rembrandt will want to respond to Comcast's objections. Comcast and Rembrandt will then be able to complete their post-construction discovery and be ready for trial in a more expedited fashion.

**All Other Parties' Response To Question 4**

### 1. Two Delaware Trials Would Support Resolution of All Actions

As noted in the preliminary statement above, all cases could be resolved or the issues significantly narrowed by trying two cases in this Court before conclusion of the consolidated MDL Proceedings. Trying the Equipment Manufacturers' declaratory judgment action before conclusion of the consolidated proceedings would allow for subsequent consolidated dispositive motions likely to resolve all ten actions pending against six cable MSOs in three venues over the Eight Patents. Win, lose or draw, the outcome of that one trial should thus be dispositive of all MSO cases on the Eight Patents.

Similarly, trying first in this Court the '627 patent asserted against the ATSC Digital Television Standard will either eliminate or streamline any remaining issues involving the '627 patent for the remaining actions against the cable MSOs and Sharp, all of whom are accused of infringing the '627 patent based on sale or use of equipment used to receive certain digital television signals. Indeed, an earlier trial on the '627 patent in this Court would allow for efficient resolution of the case against the Broadcasters without requiring them to undergo the complexities, burdens and expenses of litigating a nine-patent case where their stake is limited to only one patent.

In contrast, Rembrandt's proposal suggests that the Court advance the Comcast I action, which relates to four of the Eight Patents and the '627 patent, based on pretrial

proceedings that took place in the Eastern District of Texas. Not only would Rembrandt's proposal be less efficient in resolving these actions for the reasons above, but it would be highly prejudicial to the parties that did not have the opportunity to participate in the Comcast I action. Indeed, the majority of parties that would be affected by Rembrandt's proposal had no involvement in the Comcast I action in the Eastern District of Texas, let alone the opportunity to participate in the Texas claim construction proceedings.

Accordingly, coordinated dispositive motions following two trials in this Court will likely resolve all 15 pending actions and at minimum would greatly narrow any issues remaining in dispute.

### 2. Response To Rembrandt's <u>Comcast I</u> Proposals

Rembrandt's proposals regarding <u>Comcast I</u> are neither consistent with coordination of these proceedings nor would they allow all parties a full and fair opportunity to prepare for and be heard on claim construction. Rembrandt and the Comcast parties were the only parties who had an opportunity to prepare their cases, submit briefing and be heard by a Magistrate Judge on claim construction in that Eastern District of Texas action. The other five MSOs and their affiliates (Time Warner Cable, Inc., Coxcom, Inc., Charter Communications, Inc., Cablevision Systems Corp. and Adelphia Communications Corp.) did not have the opportunity to present positions and had not yet briefed claim construction in their cases. In fact, discovery in most of those proceedings was just beginning, with Adelphia being somewhat more advanced than others on a different combination of the Eight Patents as those involved in <u>Comcast I</u>. Further, the Equipment Manufacturers also wish to be considered, and have filed their related action in sufficient time to participate in these coordinated proceedings. In

addition, the Broadcasters and Sharp did not have an opportunity to prepare their

positions and be considered in the Magistrate Judge's proceeding on the '627 patent in

Comcast I.

Rembrandt's proposal would also significantly hinder the orderly progression of

coordinated discovery in all of the cases. In Comcast I, more than 40 nonparties,

including all of the Equipment Manufacturers in the 07-752 (GMS) declaratory judgment

action, have been served document and deposition subpoenas. The subjects of those

subpoenas include the function and operation of the Equipment Manufacturers' CMs and

CMTS used by the MSOs, as well as other equipment or products related to the ATSC

standard. Prior to the MDL Panel's Order, some documents had been produced in

response to the subpoenas, but no depositions had occurred, and many of the Equipment

Manufacturers and other vendors had barely begun their document production. Because

the CM and CMTS equipment that is the subject of this discovery is sold to the entire

cable industry, and because the equipment is the subject of Rembrandt's infringement

accusations not only for three of the Eight Patents asserted in Comcast I, but also for the

remaining five of the Eight Patent patents, this discovery is relevant to all ten MSO cases

in the MDL Proceedings. This and any other CM and CMTS equipment discovery

should be conducted under one comprehensive plan. In addition, discovery on ATSC-

compliant equipment/products should likewise be conducted in one coordinated format,

not in a piecemeal fashion as contemplated by the Rembrandt proposal. A schedule

where Comcast I proceeds first would contradict the principles and goals underlying the

MDL Panel's Order.

Consistent with the MDL Panel's Order, all parties should be given the opportunity to conduct discovery, develop the record and prepare and present their positions through <u>Markman</u> briefing consistent with the coordination envisioned by the Panel. There is no principled basis for proceeding first solely with <u>Comcast I</u>, and doing so would assure multiple proceedings on the same issues.

5.    ***Relief.*** *What specific relief does plaintiff seek? What is the amount of damages sought and generally how is it computed?*

**Rembrandt** seeks patent infringement damages, injunctive relief, attorneys' fees, enhanced damages, interest, and costs. At this time, a computation of damages has not been made by plaintiff.

**All Other Parties** seek findings that the patents-in-suit are not infringed and are invalid and/or unenforceable, a finding that these are exceptional cases, and awards of attorneys fees and costs incurred in connection with these actions.

6.    ***Amendment of Pleadings?***

**Rembrandt's Response**

Rembrandt proposes a date of March 28, 2008, by which pleadings can be amended and parties added. Rembrandt's proposed scheduling order is attached hereto as Exhibit A setting forth this and other milestone dates and provisions.

**All Other Parties Response**

All Other Parties propose (a) March 28, 2008 for the '627 Patent and (b) May 2, 2008 for the Eight Patents, as dates by which pleadings can be amended and parties added. All Other Parties' proposed scheduling order is attached hereto as Exhibit B setting forth this and other milestone dates and provisions.

7.    ***Joinder of Parties?***

See parties' response to 6.

8.  ***Discovery.*** *Discovery contemplated by each party and the amount of time it may take to complete discovery? Can discovery be limited? Are less costly and time-consuming methods available to obtain necessary information? Have the parties explored and discussed the possibility of utilizing a magistrate judge during the discovery process?*

The parties are amenable to the possibility of utilizing a Magistrate Judge during the discovery process.

**Rembrandt's Response To Question 8**

a.    **The *Comcast I* Case**

As noted by Rembrandt in Section 4, above, Comcast and Rembrandt have completed the claim construction aspect of the *Comcast I* case. They have completed their initial disclosures and served written discovery. Rembrandt contends that discovery should proceed in accordance with Rembrandt's Proposed Scheduling Order attached hereto as Exhibit A.

b.    **The Other Cases**

Rembrandt expects to take discovery on the issues of infringement, willfulness, damages invalidity, enforceability, laches, estoppel, misuse, unclean hands, exhaustion, implied license, inequitable conduct, prosecution history estoppel, waiver and no right to injunction. Rembrandt contends that discovery in the other cases should proceed in accordance with Rembrandt's Proposed Scheduling Order attached hereto as Exhibit A.

**All Other Parties' Response To Question 8**

As noted in Section 4 above and in the proposed scheduling order and dates included in Exhibit B, All Other Parties propose coordinated and consolidated proceedings to occur on the '627 patent followed by trial in this Court, and coordinated

and consolidated proceedings to occur on the Eight Patents asserted against the Equipment Manufacturers, which together are likely to resolve all issues in all 15 cases.

In support of this approach, All Other Parties propose to place discovery on the '627 patent and the Eight Patents on two separate but overlapping tracks. To assist with efficient management, All Other Parties propose that the consolidated proceedings and trial in the Court on the '627 patent asserted against the ATSC Digital Television Standard occur a few months before the consolidated proceedings and trial in this Court on the Eight Patents asserted against the sale and use of CM and CMTS equipment that the customer MSOs purchase from the Equipment Manufacturers.

Those All Other Parties litigating the patent assertions against the sale and use of the Equipment Manufacturers' CMs and CMTS equipment expect to take discovery regarding the conception and reduction to practice of the alleged inventions, the prosecution of the patents, the technical operations of products of the former patentee or any other parties as relevant to patent marking or any other issues, prior art and any prior knowledge of it, communications with any parties or non-parties regarding the patents or the DOCSIS cable industry standard, potential inequitable conduct or unclean hands, reasonable royalties and licensing regarding the patents-in-suit, Rembrandt's alleged ownership of the patents-in-suit and the various parties and entities involved with owning or licensing the patents since their applications, and such other issues as may be relevant.

Those All Other Parties litigating the '627 patent assertions concerning the ATSC Digital Television standard expect to take discovery regarding the conception and reduction to practice of the alleged inventions, the prosecution of the patents, the technical operations of products of the former patentee or any other parties as relevant to

patent marking or any other issues, prior art and any prior knowledge of it, the

development of the ATSC standard and potential equitable estoppel arising from the

standards-setting process, conduct relating to the FCC and ATSC, communications with

any parties or non-parties regarding the patents or ATSC standard, inequitable conduct

and unclean hands, estoppel and/or laches, reasonable royalties and licensing regarding

the patents-in-suit, Rembrandt's alleged ownership of the patents-in-suit, the various

parties and entities involved with owning or licensing the patents since their applications,

and such other issues as may be relevant.

9.   ***Estimated trial length.*** *Is it feasible or desirable to bifurcate issues for trial?  Is it possible to reduce the length of the trial by stipulations, use of summaries or statements, or other expedited means of presenting evidence?*

**Rembrandt's Response To Question 9**

A discussion of trial length is applicable only to the cases that were originally

filed in this Court, namely:

(a)  *Rembrandt Technologies, LP v. Cablevision Systems Corp., et al.,* C.A. No. 1:06-635-GMS (D. Del.)

(b)  *Coxcom, Inc. v. Rembrandt Technologies, LP,* C.A. No. 1:06-721-GMS (D. Del.)[2]

(c)  *Rembrandt Technologies, LP v. CBS Corp.,* C.A. No. 1:06-727-GMS (D. Del.)

(d)  *Rembrandt Technologies, LP v. NBC Universal, Inc.,* C.A. No. 1:06-729-GMS (D. Del.)

(e)  *Rembrandt Technologies, LP v. ABC, Inc.,* C.A. No. 1:06-730-GMS (D. Del.)

(f)  *Rembrandt Technologies, LP v. Fox Entertainment Group, Inc., et al.,* C.A. No. 1:06-731-GMS (D. Del.)

---

[2] This issue of whether this case will be tried in the District of Delaware is dependent upon the pending motion to dismiss for lack of subject matter jurisdiction described in Section 13 (a) of this Report.

For each of these cases, proposed dates for the pretrial conference and trial, as well as trial length, is included in Paragraphs 13-14 of the proposed Scheduling Order attached hereto as Exhibit A.

**All Other Parties' Response To Question 9**

With respect to those All Other Parties litigating Rembrandt's patent assertions concerning DOCSIS and the sale or use of Equipment Manufacturers' CM and CMTS equipment, Rembrandt's cases omit <u>Motorola, Inc. et al. v. Rembrandt Technologies, LP.</u>, C.A. No. 07-752 (GMS), the declaratory judgment action brought by the CM and CMTS Equipment Manufacturers on all of Rembrandt's assertions against the Eight Patents and their equipment used by the customer cable MSOs. The Equipment Manufacturers expect a trial of fifteen (15) days.

With respect to the relevant All Other Parties and the assertions concerning the ATSC digital television standard, they expect a trial in this Court of ten (10) days.

These two trials are likely to completely eliminate, and at minimum greatly reduce the issues in, any other trials with the remaining MSOs (including their affiliates) or Sharp.

10. *Jury trial?*

A jury trial has been demanded in all of the MDL cases and counterclaims asserted therein, including all cases originally filed in this Court.

11. *Settlement. Have there been settlement discussions? What are the prospects for settlement? Is referral to the Magistrate for mediation or other ADR mechanism appropriate?*

**Rembrandt's Response To Question 11**

a.     **The Comcast I Case**

27

On February 15, 2007, Rembrandt sent a letter to Comcast offering to license the '627 patent.

### b.      The Other Cable Cases

On February 14 or 15, 2007, Rembrandt sent a letter to each of the Defendants offering to license the '627 patent.

### c.      The Broadcaster Cases

In the Broadcaster cases, a license under the '627 patent was offered by plaintiff via letter dated February 15, 2007.

### All Other Parties' Response To Question 11

Rembrandt asserts having sent various letters as noted above; these facts have not been verified. There have been no settlement discussions between the parties and Rembrandt.

12.    ***Related cases.***   *Are there any related cases pending in federal or state court?*

Rembrandt filed a declaratory judgment action against Harris Corporation, which sells television transmitters to the broadcaster defendants in these MDL Proceedings, in the Delaware Superior Court seeking resolution of whether Rembrandt has an obligation to offer Harris a license to the '627 patent on reasonable and nondiscriminatory terms. That pending case is *Rembrandt Technologies, LP v. Harris Corp.*, C.A. No. 07C-09-059-1-CV (JRS).

Harris Corporation previously filed a declaratory judgment action against Rembrandt in the United States District Court for the Middle District of Florida. The Florida District Court dismissed it for lack of jurisdiction.

13.    ***Pending motions.***   *Counsel's Joint Status Report shall list all pending motions.*

The following is a list of all pending motion for each of the individual cases:

<u>Cases Originally Filed in the District of Delaware</u>

    (a)   *Rembrandt Technologies, LP v. Cablevision Systems Corp., et al.*, C.A. No. 1:06-635-GMS (D. Del.). No motions pending.

    (b)   *CoxCom, Inc. v. Rembrandt Technologies, LP*, C.A. No. 1:06-721-GMS (D. Del.)

        (i) Motion to Dismiss for Lack of Jurisdiction Over the Subject Matter - filed by Rembrandt Technologies LP, filed 1/26/2007 (D. I. 8)

        (ii) Motion to Enjoin Rembrandt Technologies LP From Proceeding With the Texas Action - filed by Coxcom Inc., filed 2/16/07 (D.I. 12)

    (c)   *Rembrandt Technologies, LP v. CBS Corp.*, C.A. No. 1:06-727-GMS (D. Del.). No motions pending.

    (d)   *Rembrandt Technologies, LP v. NBC Universal, Inc.*, C.A. No. 1:06-729-GMS (D. Del.). No motions pending.

    (e)   *Rembrandt Technologies, LP v. ABC, Inc.*, C.A. No. 1:06-730-GMS (D. Del.). No motions pending.

    (f)   *Rembrandt Technologies, LP v. Fox Entertainment Group, Inc.*, et al., C.A. No. 1:06-731-GMS (D. Del.). No motions pending.

    (g)   *Motorola, Inc. et al. v. Rembrandt Technologies, LP*, C.A. No. 07-752-GMS-LPS (D. Del.). No motions pending.

<u>Cases Originally Filed in the Southern District of New York</u>

    (h)   *Rembrandt Technologies, LP v. Adelphia Communications Corp.*, et al., Bky. Advy. No. 1:06-1739 (S.D.N.Y Bkrcy). No motions pending.

    (i)   *Rembrandt Technologies, LP v. Adelphia Communications Corp.*, C.A. No. 1:07-214 (S.D.N.Y)

        (i)   Motion to withdraw the bankruptcy reference, filed 1/11/07 (D.I. 1&2)

<u>Cases Originally Filed in the Eastern District of Texas</u>

    (j)   *Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:05-433 (E.D. Tex.) ("Comcast I")

        (i)   Motion to Compel filed by Rembrandt (under seal) on Jan. 30, 2007 (Docket No. 137);

        Rembrandt contends that the following additional motions are pending: (ii) Plaintiff's Invited Supplemental Claim Construction Brief on *WMS Gaming* filed on June 15, 2007 (Docket No. 181); and (iii) Comcast's Objections to Magistrate Judge's Memorandum Opinion and Order Regarding Claim Construction and Motion for Reconsideration of Same filed on June 19, 2007 (Docket No. 182)

        All Other Parties believe those motions are moot in light of this Court's Order (D.I. 9) vacating the Magistrate Judge's Memorandum Opinion and Order Regarding Claim Construction.

    (k)   *Rembrandt Technologies, LP v. Sharp Corp., et al.*, C.A. No. 2:06-47 (E.D. Tex.). No motions pending. However, the parties' competing proposals concerning the form of protective order to be entered were before the Court.

    (l)   *Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, C.A. No. 2:06-223 (E.D. Tex.) ("Charter I")

        (i)   Defendant CoxCom Inc.'s Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(2) and Brief in Support Thereof filed on December 14, 2006 (Docket No. 52)

    (m)   *Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-224 (E.D. Tex.). No motions pending.

    (n)  *Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-369 (E.D. Tex.). No motions pending.

    (o)  *Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:06-506 (E.D. Tex.). No motions pending.

    (p)  *Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, C.A. No. 2:06-507 (E.D. Tex.)

        (i)  MOTION to Dismiss for Lack of Subject Matter Jurisdiction, Personal Jurisdiction, or in the Alternative, Transfer by Coxcom, Inc., filed January 26, 2007 (D.I. 45)

14.    *Such other matters as counsel considers conducive to the just, speedy and inexpensive determination of this action.*

The parties have filed motions for appointment for lead and liaison counsel and referencing the responsibilities. All Other Parties will submit an additional motion for leave to file an application for appointment of Kirkland & Ellis LLP as co-lead counsel to share those responsibilities with respect to the Eight Patents.

All Other Parties believe that periodic case status conferences will be helpful to monitor the orderly progression and coordination of the MDL Proceedings and have provided dates for such conferences in the proposed scheduling order attached hereto as Exhibit B.

15.    *A statement that counsel for the parties have conferred about each of the above matters.*

The parties have conferred about each of the above matters.

*/s/ Collins J. Seitz, Jr.*
Collins J. Seitz, Jr. (#2237)
Francis DiGiovanni (#3189)
James D. Heisman (#2746)
Kristen Healey Cramer (#4512)
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
(302) 658-9141
cseitz@cblh.com
fdigiovanni@cblh.com
jheisman@cblh.com
kcramer@cblh.com

Attorneys for Rembrandt Technologies, LP

Dated:  December 5, 2007

*/s/ Jack B. Blumenfeld*
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com

Liaison Counsel for Defendants

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE:
REMBRANDT TECHNOLOGIES, LP
PATENT LITIGATION

MDL Docket No. 07-mdl-1848 GMS
JUDGE GREGORY M. SLEET

## SCHEDULING ORDER

This _____ day of _____ 2007, the Court having conducted a Rule 16 Scheduling Conference pursuant to Local Rule 16.2(b) on December 12, 2007, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1.      **Rule 26(a) Initial Disclosures:**  In any case where Rule 26(a) initial disclosures have not yet been served, the parties agree to serve them by January 4, 2008.

2.      **Joinder of other Parties and Amendment of Pleadings:**  All motions to join other parties and amend the pleadings shall be filed: March 28, 2008.

3.      **Reliance Upon Advice of Counsel:**  Each defendant shall inform plaintiff whether it intends to rely upon advice of counsel as a defense to willful infringement in 07-404 (GMS) (*Comcast I* litigation) no later than March 12, 2008.  If any defendant elects to rely on advice of counsel as a defense to willful infringement, the defendant shall identify and produce to plaintiff any opinions on which defendant intends to rely no later than two weeks after it informs plaintiff of its intention to rely upon advice of counsel.  For all other cases, the date for informing plaintiff shall be no later than July 1, 2008, with disclosures within two weeks after that date.

4.    *Markman* **Claim Construction Hearing**:

a.    **United States Patent Nos. 4,937,819; 5,852,631; 5,719,858; and**
**5,243,627.**    With respect to United States Patent Nos. 4,937,819; 5,852,631; 5,719,858; and 5,243,627, the parties respectfully offer three alternatives for the Court's consideration to capitalize on the considerable work performed by Rembrandt, Comcast, and the Eastern District of Texas. These procedures allow for the patents asserted in *Comcast I* to be construed quickly in accordance with the advanced nature of that action.

**First Alternative:** If the Court is inclined to avail itself of the work already done in *Comcast I* with respect to the *Markman* proceedings in the Eastern District of Texas, the Court could reinstate and review the claim construction order entered by Magistrate Judge Everingham on June 6, 2007, and allow the Parties by or against whom such patents are asserted to file objections to the findings of the Magistrate Judge. To implement the first alternative, the Parties propose the following Order:

> The June 6, 2007 Memorandum Opinion and Order on claim construction in *Comcast I*, which was vacated by Order of this Court on July 3, 2007, is hereby reinstated. Rembrandt and the Defendants against whom one or more of United States Patent Nos. 4,937,819; 5,852,631; 5,719,858; and 5,243,627 are asserted may file objections to the June 6, 2007 Memorandum Opinion and Order <u>January 12, 2008</u>. Responses to the objections may be filed by <u>January 24, 2008</u>. Objections and responses thereto shall not exceed 10 (ten) pages per party. The Court shall hold a hearing on the objections and responses thereto on <u>February 12, 2008</u>.

**Second Alternative:** If the Court is inclined to conduct entirely new claim construction proceedings involving all parties against whom the '819, '631, '858, and '672 patents are asserted, then the Parties propose the following Order to implement the second alternative:

> The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues. Four weeks after the Court convenes a scheduling conference, the parties shall submit a Final Joint Claim Chart which shall include citations to intrinsic evidence. Plaintiff shall file an opening claim

2

construction brief, not to exceed 40 pages pursuant to Local Rule
7, five weeks after the Court convenes a scheduling conference,
and the defendants answering claim construction brief shall be
filed seven weeks after the Court convenes a scheduling
conference. Defendants shall file a single brief, not to exceed 45
pages, identifying any issues where one or more Defendants take a
different position from the rest of the Defendants. Defendants may
cumulatively have five additional pages of briefing to account for
differing positions, if any. Plaintiff shall file a reply brief, not to
exceed 20 pages, eight weeks after the Court convenes a
scheduling conference. The *Markman* hearing will be held at the
Court's convenience. The *Markman* hearing is scheduled for a total
of 6 hours with each side having 3 hours.

**Third Alternative:** If the Court is inclined to have Rembrandt and the Comcast parties

proceed with the *Markman* process in Comcast I separately from the other parties, the Parties

propose the following Order:

Comcast has filed objections to the June 6, 2007 Memorandum
Opinion and Order entered in Comcast I. Rembrandt will file its
response to those objections within 10 (ten) days of the date of this
Order. The Court may then consider these filings in the context of
the June 6, 2007 Memorandum Opinion and Order.

Alternatively, the Plaintiff shall file an opening claim construction
brief five weeks after the Court convenes a scheduling conference,
and Comcast's answering claim construction brief shall be filed
seven weeks after the Court convenes a scheduling conference.
Rembrandt shall file a reply brief one week thereafter. The
*Markman* hearing will be held at the Court's convenience. The
*Markman* hearing is scheduled for a total of 6 hours with each side
having 3 hours.

Approximately twelve months after the scheduling conference or at
the Court's convenience, the Court shall convene a separate
*Markman* hearing on United States Patent Nos. 4,937,819;
5,852,631; 5,719,858; and 5,243,627 for the remaining Defendants
and Rembrandt. The parties shall meet and confer regarding
narrowing and reducing the number of claim construction issues
and to suggest a schedule by which the parties shall submit a Final
Joint Claim Chart which shall include citations to intrinsic
evidence. Plaintiff shall file an opening claim construction brief
not to exceed 40 pages pursuant to Local Rule 7 and the defendants
answering claim construction brief shall be filed three weeks later.
Defendants shall file a single brief, not to exceed 45 pages,
identifying any issues where one or more defendants takes a

3

different position than the rest of the defendants. Defendants may have five additional pages of briefing to account for differing positions, if any. Plaintiff shall file a reply brief, not to exceed 20 pages pursuant to Local Rule 7, one week after the response brief. The *Markman* hearing is scheduled for a total of 6 hours with each side having 3 hours.

b.    **United States Patent Nos. 5,008,903; 5,710,761; 5,778,234; 6,131,159; and 6,950,444.** A *Markman* claim construction hearing on United States Patent Nos. 5,008,903; 5,710,761; 5,778,234; 6,131,159; and 6,950,444 shall be held on July 1, 2008. The *Markman* hearing is scheduled for a total of 6 hours with each side having 3 hours. The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues, and shall submit a Final Joint Claim Chart by May 15, 2008, which shall include citations to intrinsic evidence. The parties shall file opening claim construction briefs, not to exceed 40 pages pursuant to Local Rule 7, by May 22, 2008. The parties shall file answering claim construction briefs by June 12, 2008.

5.    **Discovery:** All fact discovery shall be initiated so that it will be completed on or before May 30, 2008 for *Comcast I* and October 30, 2008 in all other cases. Expert Discovery shall be initiated so that it will be completed on or before August 1, 2008 for *Comcast I* and January 16, 2009 in all other cases. Opening expert reports by the party bearing the burden of proof on each issue shall be served on or before June 12, 2008 for *Comcast I* and November 13, 2008 in all other cases. Rebuttal expert reports by the opposing party shall be served on or before July 10, 2008 for *Comcast I* and December 11, 2008 in all other cases.

The parties agree to produce documents electronically in the following format: single page .tiffs, single page OCR text files, and Opticon load files. The parties will also produce the following metadata for electronic documents where that metadata is available for capture at the time of production: to, cc, bcc, subject, sent date, file name, file path, author and last modified date. Where any receiving party requests the native file of a produced document, the producing

4

party shall produce the native file within six (6) business days following the request, absent a show of good cause by the non-producing party that the production would be unreasonably burdensome. If the producing party refuses to produce the requested native files, the receiving party may file a motion to compel such production.

6. **Depositions:** Plaintiff and defendants may engage in (1) depositions of the parties, (2) depositions on written questions of custodians of business records for third parties, and (3) depositions of five (5) experts per side. Deposition of a former employee of a party will be considered a party fact deposition. "Side" means a party or a group of parties with a common interest. Each party may depose each adverse party for up to seventy (70) hours. The defendants, collectively, may depose each inventor for up to nine (9) hours. The plaintiff may depose each inventor for up to three (3) hours. The defendants, collectively, may depose each supplier, each party with prior art knowledge, and each prosecuting attorney for up to fourteen (14) hours. The plaintiff may depose each supplier, each party with prior art knowledge, and prosecuting attorney for up to ten (10) hours. In addition to the foregoing, the defendants, collectively, and the plaintiff, will each have an additional sixty (60) hours for deposing third-parties, including suppliers, parties with prior art knowledge, and prosecuting attorneys. The parties reserve the right to request additional depositions if, during the course of discovery, it becomes apparent that additional depositions are necessary. The parties agree to meet and confer to resolve any such requests for additional depositions. Any party may notice a deposition in multiple cases and defendants shall coordinate depositions to ensure that fact witnesses are only deposed once.

a. **Interrogatories:** Each side may serve up to sixty (60) interrogatories. The parties reserve the right to request additional interrogatories if, during the course of

5

discovery, it becomes apparent that additional interrogatories are necessary. The parties agree to meet and confer to resolve any such requests for additional interrogatories.

b.    **Requests for Admission:**    Each side may serve up to sixty (60) substantive requests for admission and an unlimited number of requests for admissions directed to the authenticity and/or admissibility of documents and other material things. The parties reserve the right to request additional requests for admission if, during the course of discovery, it becomes apparent that additional requests for admission are necessary. The parties agree to meet and confer to resolve any such requests for additional requests for admission.

c.    **Third Party Documents:** The parties will serve each other with copies of any subpoena or deposition notice directed to a third-party on the same day the subpoena or notice is served on the third-party. Any party that receives documents from a third-party will provide copies of the third-party documents to all other parties within five (5) business days of receipt of those documents. No party will schedule the deposition of a third-party earlier than five (5) business days after providing the other parties with copies of any documents received from that third-party.

d.    **Experts:** Each side may have up to five (5) testifying experts. Each side may depose each of the other side's experts for up to seven (7) hours per report.

e.    **Expert Discovery:** The Parties agree to the following with respect to Expert Discovery:

> 1. Oral and written communication between an expert witness for any party or parties, and the party or parties, or their attorneys or representatives employing such expert which are made in connection with the expert witness' engagement for this case shall

not be discoverable, except to the extent that the expert relies upon them for his opinions.

2. Drafts of a report of an expert witness for any party or parties that are prepared in connection with the expert witness' engagement for this case shall not be discoverable.

3. All notes, memoranda and other writings of an expert witness that are prepared in connection with the expert witness' engagement for this case shall not be discoverable, except to the extent that the expert consults them while testifying at a deposition or at trial.

4. The provisions of Fed. R. Civ. P. 26(a)(2)(B) regarding the content of a report of an expert report are not changed by this Stipulation, except that "considered" shall be replaced by "relied upon."

f.    **Privileged Information:**    There is no duty to disclose privileged documents or information.  Within sixty (60) days after the Scheduling Conference, the parties shall exchange amended or supplemental privilege logs, if any, identifying the documents or information which they assert is privileged or protected, along with the basis for any claim of privilege or protection in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. The parties in *Comcast I* are thereafter directed to meet and confer after the Scheduling Conference concerning any disputes regarding privileged documents or information.

In all other cases, the parties shall exchange privilege logs within thirty (30) days after each document production.  The privilege logs shall identify the documents or information which a party asserts is privileged or protected, along with the basis for any claim of privilege or protection in a manner that, without revealing information itself privileged or protected, will

enable the other parties to assess the applicability of the privilege or protection. The parties shall raise any disputes over privilege by the conclusion of discovery. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within six (6) business days, submitting any proof in the form of declarations or affidavits to support their assertions of privilege. No Party must list on its privilege log any communication between that party and its counsel which occurred after the filing of the lawsuit. In addition, plaintiff does not have to list any communications between it and its counsel that occurred after the filing of the complaint in *Comcast I*.

     g.  **Duty to Supplement:**  After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

     h.  **Discovery and Scheduling Matters:**  Should counsel find they are unable to resolve a discovery or scheduling matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference.  Not less than forty-eight hours prior to the teleconference, the parties shall file with the court, via electronic means (CM/ECF), a **joint, non-argumentative** letter agenda not to exceed two (2) pages outlining the issue(s) in dispute.  A sample letter can be located on this court's website at www.ded.uscourts.gov.  Should the Court find further briefing necessary upon conclusion of the telephone conference, unless otherwise directed, the party seeking relief shall file with the court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention.  The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**.

The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

       7.    **Confidential Information and Papers filed under Seal:**   The parties are conferring regarding a protective order and hope to submit an agreed protective order and will submit such proposal to the Court within ten (10) days from the date of this order.  When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers. **If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall submit any disagreements to the Court for resolution.**

       8.    **Settlement Conference:**  The parties agree that the possibility of settlement may be enhanced by referral to United States Magistrate Judge.

       9.    **Summary Judgment Motions.**  Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion.  The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court no later than June 5, 2008 for *Comcast I* and November 6, 2008 for all other cases.  Answering letter briefs shall be no longer than five (5) pages and filed with the Court no later than June 19, 2008 for *Comcast I* and November 13, 2008 for all other cases.  Reply letter briefs shall be no longer than three (3) pages and filed with the Court no later than June 26, 2008 for *Comcast I* and November 20, 2008 for all other cases.  The Court shall hold a Status Conference to hear argument and to determine whether the filing of any motion for summary judgment will be permitted on July 2, 2008 at _____ for *Comcast I* and November 26, 2008 at _____ for all other cases.

      Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in paragraph 8.

10.    **Case Dispositive Motions.**  All case dispositive motions and an opening brief and affidavits, if any, in support of the motion shall be served and filed no later than (a) July 17, 2008 for Comcast I and by January 23, 2009 for all other cases, or (b) two (2) weeks after Court's decision on the issues addressed during the summary judgment teleconference.  Briefing will be presented pursuant to the court's Local Rules, unless the parties agree to an alternative briefing schedule.  Any such agreement shall be in writing and filed with the Court for the Court's approval.  Any request for extensions of time as set forth in this Scheduling Order must be accompanied by an explanation or your request will be denied.Applications by Motions:  Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed, via electronic means (CM/ECF).   Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11.    **Oral Argument:**  If the Court believes that oral argument is necessary, the Court will consider the request and schedule a hearing Pursuant to District of Delaware Local Rule 7.1.4.

12.    **Motions *in Limine*:**  This paragraph is applicable only to those cases originating in the District of Delaware.  No side shall file more than five (5) motions *in limine*.  Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages. Motions *in limine* are due no later than March 12, 2009.  All *Daubert* issues shall be briefed on the same schedule as *in limine* motions.

13.    **Pretrial Conference:**  The Court need not conduct pretrial conferences in the transferred matters as those cases will be tried in the transferor districts.  The Court will hold a Pretrial Conference in Chambers with counsel for the following cases on the following dates:

10

     a.     Civ. No. 06-635 (D. Del.): <u>April 15, 2009, at 10:00 a.m.</u>

     b.     Civ. Nos. 06-727; 06-729; 06-730; and 06-731: <u>April 17, 2009 at 10:00</u>

<u>a.m.</u>

Unless otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial Order (a sample form of Pretrial Order can be located on this court's website at www.ded.uscourts.gov) satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3).

14.    **<u>Trial</u>:**    10-day jury trials are scheduled for the following cases on the following dates:

     a.     Civ. No. 06-635 (D. Del.): <u>May 4, 2009.</u>

     b.     Civ. Nos. 06-727; 06-729; 06-730; and 06-731: <u>May 26, 2009</u> (consolidated trial).

15.    **<u>Scheduling</u>:**    The parties shall contact Chambers, at (302) 573-6470, only in situations where scheduling relief is sought, and only then when ALL participating counsel is on the line for purposes of selecting a new date.

IT IS SO ORDERED:


_____

HON. GREGORY M. SLEET
United States District Judge

On this _____ day of _____, 2007

# **EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: REMBRANDT TECHNOLOGIES, LP PATENT LITIGATION | )<br>)<br>) MDL Docket No. 07-md-1848 (GMS)<br>) |

## SCHEDULING ORDER

This _____day of _____ 200__, the Court having conducted a Rule 16 Scheduling Conference pursuant to Local Rule 16.2(b) on December 12, 2007, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1.      **Rule 26(a) Initial Disclosures.** Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before January 14, 2008.

2.      **Joinder of other Parties and Amendment of Pleadings.**

        **a.  '627 patent matters:** Motions to join other parties and amend the pleadings shall be filed on or before March 28, 2008.

        **b.  '234, '159, '444, '761, '631, '858, '819 and '903 patent matters:**  All motions to join other parties and amend the pleadings shall be filed on or before May 2, 2008.

3.      **Reliance           Upon           Advice           of           Counsel.**

A date for production of written opinions of counsel will only be set if Rembrandt asserts willfulness in light of In re Seagate Technology.

4.      ***Markman* Claim Construction Hearing.**

        **a.  '627 patent matters.**  A *Markman* claim construction hearing shall be held on February ___, 2009 at _____ __.m. The *Markman* hearing is scheduled for a total of 6

hours with each side having 3 hours. The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues. On or before November 14, 2008, the parties shall submit a Final Joint Claim Chart which shall include citations to intrinsic evidence. The plaintiff shall submit to the Court, a Joint Appendix of Intrinsic and Extrinsic Evidence (the "Joint Appendix") containing all intrinsic and extrinsic evidence relied upon in the claim construction briefing. A sample table of contents of the Joint Appendix can be located on this Court's website at www.ded.uscourts.gov. The Joint Appendix shall be filed within five (5) days of the filing of answering claim construction briefs. The parties shall file opening claim construction briefs on December 8, 2008, and answering claim construction briefs on January 12, 2009.

b.   **'234, '159, '444, '761, '631, 858, '819 and '903 patent matters.** *Markman* claim construction hearing shall be held from May ___ to ___, 2009, commencing at _____ __.m. each day. The *Markman* hearing is scheduled for a total of 12 hours with each side having 6 hours. The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues and the order of presentation at the hearing. On or before February 27, 2009, the parties shall submit a Final Joint Claim Chart which shall include citations to intrinsic evidence. The plaintiff shall submit to the Court, a Joint Appendix of Intrinsic and Extrinsic Evidence (the "Joint Appendix") containing all intrinsic and extrinsic evidence relied upon in the claim construction briefing. A sample table of contents of the Joint Appendix can be located on this Court's website at www.ded.uscourts.gov. The Joint Appendix shall be filed within five (5) days of the filing of answering claim construction briefs. The parties shall file opening claim construction briefs on March 30, 2009, and defendants and declaratory judgment claimants shall file a consolidated answering claim construction brief on April 30, 2009. The opening and answering briefs shall be eighty (80) pages or less. In addition, each defendant and counterclaimant may file non-duplicative five page supplemental opening

2

briefs on April 1, 2009, and answering claim construction briefs on or before May 1, 2009.

5.     **Discovery.**

   a.     **'627 patent matters.** Fact discovery shall be initiated so that it will be completed on or before April 17, 2009. Expert discovery shall be initiated so that it will be completed on or before July 14, 2009. Following a trial in this Court on the '627 patent and trial of the Equipment Manufacturer's declaratory judgment action on the additional eight patents asserted, the Court shall hold a post-trial conference to determine dates for summary judgment motions and remaining or supplemental discovery (if any) with respect to the remaining MSO and Sharp actions.

   b.     **'234, '159, '444, '761, '631, 858, '819 and '903 patent matters.** All fact discovery shall be initiated so that it will be completed on or before July 17, 2009. Expert discovery shall be initiated so that it will be completed on or before October 16, 2009. Following a trial in this Court on the '627 patent (consolidated with respect to the network broadcasters) and trial of the Equipment Manufacturer declaratory judgment action on the additional eight patents asserted, the Court shall hold a post-trial conference to determine dates for summary judgment motions and remaining or supplemental discovery (if any) with respect to the remaining MSO and Sharp actions.

6.     **Depositions:**

   a.     **'627 patent matters.** Rembrandt and the '627 patent defendants shall each have 125 hours per side in which to depose fact witnesses, including depositions of parties and non-parties. This includes up to three days per inventor, three days per prosecuting attorney, and three days of 30(b)(6) depositions per a given entity including its affiliates (*i.e.*, affiliates are not counted separately). Days shall consist of seven hours of record testimony exclusive of breaks, although the parties may agree to continue a deposition longer if they wish. The parties reserve the right to request additional depositions if, during the course of discovery, it becomes apparent that additional

3

depositions are necessary. The parties agree to meet and confer to resolve any such requests for additional depositions.

      **b. '234, '159, '444, '761, '631, 858, '819 and '903 patent matters.** Rembrandt and all other parties shall each have 225 hours per side in which to depose fact witnesses, including depositions of parties and non-parties. This includes up to three days per inventor, three days per prosecuting attorney, and three days of 30(b)(6) depositions per a given entity including its affiliates (*i.e.*, affiliates are not counted separately). Days shall consist of seven hours of record testimony exclusive of breaks, although the parties may agree to continue a deposition longer if they wish. The parties reserve the right to request additional depositions if, during the course of discovery, it becomes apparent that additional depositions are necessary. The parties agree to meet and confer to resolve any such requests for additional depositions.

      **c. <u>Interrogatories:</u>** Each side may serve up to sixty (60) interrogatories. The parties reserve the right to request additional interrogatories if, during the course of discovery, it becomes apparent that additional interrogatories are necessary. The parties agree to meet and confer to resolve any such requests for additional interrogatories.

      **d. <u>Requests for Admission:</u>** Each side may serve up to sixty (60) substantive requests for admission and an unlimited number of requests for admissions directed to the authenticity and/or admissibility of documents and other material things. The parties reserve the right to request additional requests for admission if, during the course of discovery, it becomes apparent that additional requests for admission are necessary. The parties agree to meet and confer to resolve any such requests for additional requests for admission.

      **e. <u>Third Party Documents:</u>** The parties will serve each other with copies of any subpoena or deposition notice directed to a third-party on or before the day the subpoena or notice is served on the third-party. Any party that receives documents from a third-party will provide copies of the third-party documents to all other parties within five (5) business days of receipt of those documents unless the third party provides some

objection, in which case the parties shall meet and confer to achieve a resolution of the issue.

      **f.**  <u>**Experts:**</u>  The Parties agree that drafts of a report of an expert witness for any party or parties that are prepared in connection with the expert witness' engagement for this case shall not be discoverable.  Regarding deposition timing and other issues, the parties shall meet and confer and seek to resolve these issues.

      **g.**  <u>**Status Conferences:**</u>  In order to monitor the orderly progression and coordination of the MDL Proceedings, the Court shall hold case status conferences on June __, 2008 at _____ __.m., in conjunction with the <u>Markman</u> hearings set forth in paragraph 4 above, and in conjunction with the summary judgment teleconferences set forth in paragraph 9 below.

      **h.**  <u>**Privileged Information:**</u>  There is no duty to disclose privileged documents or information.  The parties stipulate that no party needs to list any privileged or work product protected materials that occurred after the filing of the complaint in <u>Comcast I</u>. Regarding the timing of exchanges of privilege logs and related issues, the parties shall meet and confer and seek to resolve these issues.  Regarding willfulness, a date for production of written opinions of counsel will only be set if Rembrandt asserts willfulness in light of <u>In re Seagate Technology</u>.

    **Discovery and Scheduling Matters:**  Should counsel find they are unable to resolve a discovery or scheduling matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference.  Not less than forty-eight hours prior to the teleconference, the parties shall file with the court, via electronic means (CM/ECF), a **joint, non-argumentative** letter agenda not to exceed two (2) pages outlining the issue(s) in dispute.  A sample letter can be located on this court's website at <u>www.ded.uscourts.gov</u>.  After the parties have had three (3) discovery teleconferences, they will be required to file a joint letter showing good cause why the court should permit a fourth discovery teleconference. Should the court find further briefing necessary upon conclusion of the telephone conference, unless otherwise

5

directed, the party seeking relief shall file with the court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

  7. **Confidential Information and Papers filed under Seal.** Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within ten (10) days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

  **If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(a).**

  8. **Settlement Conference.** The parties agree that the possibility of settlement may be enhanced by referral to United States Magistrate Judge.

  9. **Summary Judgment Motions.**

   a. **'627 patent matters.** Prior to filing any summary judgment motion, a planning to file a motion must submit a letter brief seeking permission to file the motion. The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court no later than June 15, 2009. Answering letter briefs shall be no longer than five (5) pages and filed with the Court no later than June 24, 2009. Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before July 1, 2009. The Court shall hold a Status Conference to hear argument and to determine whether the filing of any motion for summary judgment will be permitted on July __, 2009 at ___ __.m. **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in this paragraph.**

6

**b. '234, '159, '444, '761, '631, 858, '819 and '903 patent matters.** Prior to filing any summary judgment motion, a party planning to file the motion must submit letter briefs seeking permission to file the motion. The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court no later than September 18, 2009. Answering letter briefs shall be no longer than five (5) pages and filed with the Court no later than September 25, 2009. Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before October 2, 2009. The Court shall hold a Status Conference to hear argument and to determine whether the filing of any motion for summary judgment will be permitted on October ___, 2009 at ___ ___.m. **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in this paragraph.**

10.     **Case Dispositive Motions.** All case dispositive motions and an opening brief and affidavits, if any, in support of the motion shall be served and filed on or before three (3) weeks following the Court's Status Conference to hear argument and to determine whether the filing of any motion for summary judgment will be permitted. Briefing will be presented pursuant to the court's Local Rules, unless the parties agree to an alternative briefing schedule. Any such agreement shall be in writing and filed with the Court for the Court's approval. Any request for extensions of time as set forth in this Scheduling Order <u>must</u> be accompanied by an explanation or your request will be denied.

11.     **Applications by Motion.** Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed, via electronic means (CM/ECF). Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

12.     **Oral Argument.** If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to District of Delaware Local Rule 7.1.4.

13.     **Daubert Issues.** The Court will address <u>Daubert</u> issues at the respective Pretrial Conferences for the trials in this Court of the '627 patent action and the '234, '159, '444, '761,

7

'631, 858, '819 and '903 Equipment Manufacturer declaratory judgment action. Those rulings shall be applicable to all MDL Proceedings, but the Court will entertain supplemental <u>Daubert</u> motions in the remaining MSO and Sharp matters if necessary if any disputes remain between the parties to those actions following the trials that occur in this Court and subsequent dispositive motions.

      14.     **<u>Pretrial Conference</u>.**

          **a.  '627 patent matters.**  On December__, 2009, beginning at _____, __.m., the Court will hold a Pretrial Conference with counsel.  Unless otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial Order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3).  A sample form of Pretrial Order can be located on this Court's website at www.ded.uscourts.gov. Thirty (30) days before the Joint Proposed Pretrial Order is due, Rembrandt's counsel shall forward to relevant opposing counsel a draft of the pretrial order containing the information Rembrandt proposes to include in the draft.  Opposing counsel shall, in turn, provide to Rembrandt's counsel any comments on the Rembrandt's draft as well as the information opposing counsel proposes to include in the proposed pretrial order. ***Motions in limine***: No party shall file more than five (5) motions *in limine*.  Briefs **(opening, answering and reply)** on all motions *in limine* shall be filed by November 16, 2009.  Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages.  The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which can be located on this Court's website at www.ded.uscourts.gov on or before November 16, 2009.

          **b.  '234, '159, '444, '761, '631, 858, '819 and '903 patent matters.**  On March __, 2010, beginning at _____, __.m., the Court will hold a Pretrial Conference with counsel.  Unless otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial Order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3).  A sample form of Pretrial Order can be located on this

8

Court's website at www.ded.uscourts.gov. Thirty (30) days before the Joint Proposed Pretrial Order is due, Rembrandt's counsel shall forward to relevant opposing counsel a draft of the pretrial order containing the information Rembrandt proposes to include in the draft. Opposing counsel shall, in turn, provide to Rembrandt's counsel any comments on the Rembrandt's draft as well as the information opposing counsel proposes to include in the proposed pretrial order. ***Motions in limine***: No party shall file more than five (5) motions *in limine*. Briefs **(opening, answering and reply)** on all motions *in limine* shall be filed by February 9, 2010. Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages. The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which can be located on this Court's website at www.ded.uscourts.gov on or before February 9, 2010.

15.    **Trial.**

    **a.  '627 patent.**  The '627 patent action is scheduled for a ten (10) day jury trial beginning at 9:00 a.m. on January __, 2010.

    **b.  '234, '159, '444, '761, '631, 858, '819 and '903 patents.**  The Equipment Manufacturers' declaratory judgment action is scheduled for a fifteen (15) day jury trial beginning at 9:00 a.m. on April __, 2010.

16.    **Post-Trial Conference.**  Following the trials in this Court, the Court will hold a Post-Trial Conference with counsel. At that time, the Court and the parties will discuss what, if any, issues remain to be adjudicated as to the actions against Sharp Corporation and the remaining MSO parties. In the event that issues remain to be adjudicated, the Court will set dates for summary judgment motions, remaining or supplemental discovery, and Daubert motions, as necessary.

17.    **Scheduling:**  The parties shall contact chambers, at (302) 573-6470, only in situations where scheduling relief is sought, and only then when ALL participating counsel is on the line for purposes of selecting a new date.

9

_____
UNITED STATES DISTRICT JUDGE

10

# EXHIBIT C

Exhibit C – Dates Proposed by Rembrandt

| Event | Proposed Dates - *Comcast I* | Proposed Dates - All cases other than *Comcast I* | Cablevision, 06-635 (D. Del.) | Broadcaster cases (D. Del.) |
|---|---|---|---|---|
| Initial disclosures | 1/4/08 | 1/4/08 | | |
| Disclosure of written opinions of counsel | 3/12/08 | 7/1/08 | | |
| Joinder of other parties | 3/28/08 | 3/28/08 | | |
| Amendment of pleadings | 3/28/08 | 3/28/08 | | |
| Final joint claim chart | 5/15/08 | 5/15/08 | | |
| Objections due to 6-6-07 Claim Construction Ruling | 1/12/08 | 1/12/08 | | |
| Responses to Objections to 6-6-07 Claim Construction Ruling | 1/24/08 | 1/24/08 | | |
| Hearing on Objections to 6-6-07 Claim Construction Ruling | 2/12/08 | 2/12/08 | | |
| Opening claim construction briefs | n/a | 5/22/08 | | |
| Answering claim construction briefs | n/a | 6/12/08 | | |
| *Markman* hearing | n/a | 7/1/08 | | |
| Fact discovery cut-off | 5/30/08 | 10/30/08 | | |
| Opening expert reports | 6/12/08 | 11/13/08 | | |
| Rebuttal expert reports | 7/10/08 | 12/11/08 | | |
| Expert discovery cut-off | 8/1/08 | 1/16/09 | | |
| S/J opening letters | 6/5/08 | 11/6/08 | | |
| S/J answering letters | 6/19/08 | 11/13/08 | | |
| S/J reply letters | 6/26/08 | 11/20/08 | | |
| S/J teleconference | 7/2/08 | 11/26/08 | | |
| S/J motions (if allowed) | 7/17/08 | 1/23/09 | | |
| Motions *in limine* | n/a | n/a | 3/12/09 | 3/12/09 |
| Pretrial conference | n/a | n/a | 4/15/09 | 4/17/09 |
| Trial | n/a | n/a | 5/4/09 (10 days) | 5/26/09 (10 days; consol. trial) |

# **EXHIBIT D**

**IN RE: REMBRANDT TECHNOLOGIES, LP PATENT LITIGATION**
**All Other Parties' Proposed Scheduling Order Dates**

| Event | '627 patent | '234, '159, '444, '761, '631; '858, '819 and '903 patents |
|---|---|---|
| Initial disclosures (to the extent not already exchanged) | 1/14/08 | 1/14/08 |
| Joinder of other parties | 3/28/08 | 5/2/08 |
| Amendment of pleadings | 3/28/08 | 5/2/08 |
| Case Status Conference | June 2008 | June 2008 |
| Final joint claim chart | 11/14/08 | 2/27/09 |
| Opening claim construction briefs | 12/8/08 | 3/30/09 |
| Answering claim construction briefs | 1/12/09 | 4/30/09 |
| *Markman* hearing & Case Status Conference | February 2009 | May 2009 |
| Fact discovery cut-off | 4/17/09 | 7/17/09 |
| Opening expert reports | 5/15/09 | 8/14/09 |
| Rebuttal expert reports | 6/12/09 | 9/15/09 |
| S/J opening letters | 6/15/09 | 9/18/09 |
| S/J answering letters | 6/24/09 | 9/25/09 |
| S/J reply letters | 7/1/09 | 10/2/09 |
| Expert discovery cut-off | 7/14/09 | 10/16/09 |
| S/J teleconference & Case Status Conference | July 2009 | October 2009 |
| S/J motions (if allowed) | 3 weeks after teleconference | 3 weeks after teleconference |
| Pre-Trial Order | November 2009 | February 2010 |
| Pretrial conference | December 2009 | March 2010 |
| Delaware Trial | January 2010 | April 2010 |
| Post-Trial Conference to Determine Issues (If Any) Still in Dispute as to Remaining MSOs & Sharp. If disputes remain, topics shall include proposed dates and procedures for (a) summary judgment; (b) remaining or supplemental discovery, if needed. | TBD | TBD |