**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| IN RE: REMBRANDT TECHNOLOGIES, LP PATENT LITIGATION | ) ) ) ) ) |
|  | MDL Docket No. 07-md-1848 (GMS) |

|  |  |
|---|---|
| MOTOROLA, INC., CISCO SYSTEMS, INC., SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, INC., THOMSON, INC., AMBIT MICROSYSTEMS, INC., and NETGEAR, INC., | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )  Civil Action No. 07-752-GMS |
| REMBRANDT TECHNOLOGIES, LP, | ) ) |
| Defendant. | )  **JURY TRIAL DEMANDED** |

|  |  |
|---|---|
| REMBRANDT TECHNOLOGIES, LP, and REMBRANDT TECHNOLOGIES, LLC d/b/a REMSTREAM, | ) ) ) ) ) |
| Counter-Plaintiffs, | ) ) |
| v. | )  Civil Action No. 07-752-GMS ) |
| MOTOROLA, INC., CISCO SYSTEMS, INC., SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, INC., THOMSON, INC., AMBIT MICROSYSTEMS, INC., NETGEAR, INC., TIME WARNER CABLE, INC., TIME WARNER CABLE LLC, TIME WARNER NEW YORK CABLE LLC, TIME WARNER ENTERTAINMENT COMPANY, LP, COMCAST CORPORATION, COMCAST CABLE COMMUNICATIONS, LLC, CHARTER COMMUNICATIONS, INC., CHARTER COMMUNICATIONS OPERATING, LLC, COXCOM, INC., COX COMMUNICATIONS, | ) )  **JURY TRIAL DEMANDED** ) ) ) ) ) ) ) ) ) ) ) |

INC., COX ENTERPRISES, INC., CSC                    )
HOLDINGS, INC., CABLEVISION SYSTEMS         )
CORPORATION, ADELPHIA                              )
COMMINICATIONS CORPORATION,                   )
CENTURY-TCI CALIFORNIA                            )
COMMUNICATIONS, LP, CENTURY-TCI             )
HOLDINGS, LLC, COMCAST OF                         )
FLORIDA/PENNSYLVANIA, L.P. (f/k/a              )
PARNASSOS, LP), COMCAST OF                        )
PENNSYLVANIA II, L.P. (f/k/a CENTURY-TCI    )
CALIFORNIA, L.P.), PARNASSOS                       )
COMMUNICATIONS, LP, ADELPHIA                  )
CONSOLIDATION, LLC, PARNASSOS                  )
HOLDINGS, LLC, and WESTERN NY                  )
CABLEVISION, LP,                                        )
                                                               )
                    Counter-Defendants.                    )
                                                               )
_____          )

## ANSWER OF REMBRANDT TECHNOLOGIES, LP
## AND COUNTERCLAIM OF REMBRANDT TECHNOLOGIES, LP
## AND REMBRANDT TECHNOLOGIES, LLC d/b/a REMSTREAM

Defendant Rembrandt Technologies, LP ("Rembrandt") respectfully submits this Answer

to the Complaint for Declaratory Judgment of Patent Invalidity, Noninfringement, and

Unenforceability filed by Motorola, Inc. ("Motorola"), Cisco Systems, Inc. ("Cisco"), Scientific-

Atlanta, Inc. ("Scientific-Atlanta"), ARRIS Group, Inc. ("ARRIS"), Thomson, Inc.

("Thomson"), Ambit Microsystems, Inc. ("Ambit"), and NETGEAR, Inc. ("NETGEAR")

(collectively "Plaintiffs" or "Plaintiffs/Counter-Defendants"); and Rembrandt and Rembrandt

Technologies, LLC d/b/a Remstream ("Remstream") respectfully submit their Counterclaims

against Plaintiffs/Counter-Defendants and additional counter-defendants Time Warner Cable,

Inc., Time Warner Cable LLC, Time Warner New York Cable LLC, Time Warner Entertainment

Company, LP, Comcast Corporation, Comcast Cable Communications, LLC, Charter

Communications, Inc., Charter Communications Operating, LLC, Coxcom, Inc., Cox

Communications, Inc., Cox Enterprises, Inc., CSC Holdings, Inc., Cablevision Systems Corporation, Adelphia Communications Corporation, Century-TCI California Communications, LP, Century-TCI Holdings, LLC, Comcast of Florida/Pennsylvania, L.P. (f/k/a Parnassos, LP), Comcast of Pennsylvania II, L.P. (f/k/a Century-TCI California, L.P.), Parnassos Communications, LP, Adelphia Consolidation, LLC, Parnassos Holdings, LLC, and Western NY Cablevision, LP (collectively "Multiple System Operator Counter-Defendants" or "MSO Counter-Defendants") and state as follows.

## REMBRANDT TECHNOLOGIES, LP'S ANSWER TO THE COMPLAINT

A.      Plaintiffs have inserted unnumbered paragraphs purporting to summarize the allegations of its complaint. To the extent a response is required, the responses herein to the relevant numbered paragraphs are incorporated. After reasonable investigation, Rembrandt is without knowledge or information sufficient to form a belief as to which, if any, of Plaintiffs' customers have sought indemnification.   Rembrandt denies that Plaintiffs are entitled to injunctive, declaratory, or other relief.

### PARTIES

1.      Upon information and belief, Rembrandt admits that Ambit MicroSystems, Inc. ("Ambit") is a California corporation with its principal place of business at 9570 La Costa Lane, Lone Tree, CO 80124.

2.      Upon information and belief, Rembrandt admits that ARRIS Group, Inc. ("ARRIS") is a Delaware corporation with its principal place of business at 3871 Lakefield Drive, Suwanee, GA 30024.

3. Upon information and belief, Rembrandt admits that Cisco Systems, Inc. ("Cisco") is a California corporation with its principal place of business at 170 West Tasman Drive, San Jose, CA 95134.

4. Upon information and belief, Rembrandt admits that Motorola, Inc. ("Motorola") is a Delaware corporation with its principal place of business at 1303 Algonquin Road, Shaumburg, IL 60196.

5. Upon information and belief, Rembrandt admits that NETGEAR, Inc. ("NETGEAR") is a Delaware corporation with its principal place of business at 4500 Great America Parkway, Santa Clara, CA 95054.

6. Upon information and belief, Rembrandt admits that Scientific-Atlanta, Inc. ("Scientific-Atlanta") is a wholly-owned subsidiary of plaintiff/counter-defendant Cisco and is a Georgia corporation with its principal place of business at 5030 Sugarloaf Parkway, Lawrenceville, GA 30044-2896.

7. Upon information and belief, Rembrandt admits that Thomson, Inc. ("Thomson") is a Delaware corporation with its principal place of business at 101 W. 103rd Street, INH 3340, Indianapolis, IN 46290.

8. Rembrandt admits that it is a limited partnership organized under the laws of the State of New Jersey. Rembrandt denies having its principal place of business at 401 City Avenue, Suite 528, Bala Cynwyd, PA 19004; Rembrandt's principle place of business is Suite 900 at the aforementioned address. Rembrandt admits that part of its business is enforcing and licensing patents. Rembrandt admits that it instituted patent infringement actions against Cablevision Systems Incorporated and CSC Holdings, Inc. (C.A. No. 06-635), and against ABC, Inc. (C.A. No. 06-730), CBS Corporation (C.A. No. 06-727), NBC Universal, Inc. (C.A. No. 06-

729), and Fox Entertainment Group Inc. and Fox Broadcasting Company (C.A. No. 06-731) in the District of Delaware. The allegations in those complaints are in writing and speak for themselves. Admitted that Rembrandt obtained some of the patents at issue in this action through a sale agreement with Paradyne Corp., and that Rembrandt formed in Delaware a number of LLCs. Rembrandt denies the remaining allegations in paragraph 8.

## NATURE OF THE ACTION

9.      Rembrandt admits that Plaintiffs purport to bring a declaratory judgment of patent noninfringement and invalidity of eight United States patents under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.,* but denies that Plaintiffs are entitled to their requested relief.

## JURISDICTION AND VENUE

10.      Rembrandt does not contest this Court's jurisdiction over the subject matter of at least some of the claims asserted in this action under 28 U.S.C. §§ 1331 and 1338(a). Rembrandt admits that Plaintiffs purport to bring their claims for a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202, but denies the viability of Plaintiffs' request for declaratory judgment. Upon information and belief, Rembrandt avers that some or all of the plaintiffs may not have a jurisdictional basis for asserting declaratory judgment claims with respect to the '631, '858, '819, or '903 patents.

11.      Rembrandt does not contest that venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b), but denies that Plaintiffs are entitled to their requested relief.

## RELATED ACTIONS

12.      Rembrandt does not contest that the cases listed in paragraph 12 are "Related Actions" under D. Del. LR 3.1(b).

## THE PATENTS

13.     Admitted, except it is averred that the '819 patent was duly and legally issued.

14.     Admitted, except it is averred that the '903 patent was duly and legally issued.

15.     Admitted, except it is averred that the '761 patent was duly and legally issued.

16.     Admitted, except it is averred that the '858 patent was duly and legally issued.

17.     Admitted, except it is averred that the '234 patent was duly and legally issued.

18.     Admitted, except it is averred that the '631 patent was duly and legally issued.

19.     Admitted, except it is averred that the '159 patent was duly and legally issued.

20.     Admitted, except it is averred that the '444 patent was duly and legally issued.

21.     Rembrandt admits that it purchased some, but not all, of the Patents from Paradyne Corporation, and that with respect to those patents, it purchased all of Paradyne's rights to those patents; that Rembrandt is the owner of the '819, '903, '761, '858, '234, '631, '159, and '444 patents; that Rembrandt is the owner of all the right, title, and interest in and to the '819, '903, '858, and '631 patents, and Rembrandt, subject to the rights granted to Remstream, is also the owner of all right, title, and interest in and to the '761, '234, '159, and '444 patents; that it did not invent the technology in the Patents; and that neither it nor Paradyne participated in the development of DOCSIS. Rembrandt denies that DOCSIS is an invention. Rembrandt believes that the allegation that Paradyne did not sell cable modems or cable modem termination systems is correct. With respect to the allegations regarding what Rembrandt "has contended" or "has also admitted," such statements are in writing and speak for themselves. Rembrandt believes that it is accurate that Paradyne sold products in the United States which practiced some of the claims of some of the Patents, but Rembrandt is without knowledge or information sufficient to

6

admit or deny whether any or all of those products were marked with those patents. Rembrandt denies the remaining allegations in paragraph 21.

## COUNT I

22.     Rembrandt incorporates by reference its responses to paragraphs 1-21 as though fully set forth herein.

23.     Rembrandt admits that it accused the entities listed in paragraph 23 of infringing the '819 patent. Rembrandt admits that DOCSIS is a specification that describes operational parameters of equipment used for cable networks. Rembrandt also admits that DOCSIS compliant cable modems and cable termination system ("CMTS") equipment, when used in conjunction with a cable company's cable network, infringe the '819 patent. Rembrandt denies the remaining allegations of paragraph 23, except that Rembrandt, after reasonable investigation, lacks sufficient knowledge or information to admit or deny the truth of the allegations of the last sentence in paragraph 23.

24.     Admitted.

25.     Denied.

26.     Denied.

27.     Denied.

## COUNT II

28.     Rembrandt incorporates by reference its responses to paragraphs 1-27 as though fully set forth herein.

29.     Rembrandt admits that it accused the entities listed in paragraph 29 of infringing the '903 patent. Rembrandt admits that DOCSIS is a specification that describes operational parameters of equipment used for cable networks. Rembrandt also admits that DOCSIS

compliant cable modems and CMTS equipment, when used in conjunction with a cable company's cable network, infringe the '903 patent. Rembrandt denies the remaining allegations of paragraph 29, except that Rembrandt lacks sufficient knowledge or information to admit or deny the truth of the allegations of the last sentence in paragraph 29.

30.    Admitted.

31.    Denied.

32.    Denied.

33.    Denied.

### COUNT III

34.    Rembrandt incorporates by reference its responses to paragraphs 1-33 as though fully set forth herein.

35.    Rembrandt admits that it accused the entities listed in paragraph 35 of infringing the '761 patent. Rembrandt admits that DOCSIS is a specification that describes operational parameters of equipment used for cable networks, and that DOCSIS compliant cable modems and CMTS equipment infringe the '761 patent. Rembrandt denies the remaining allegations of paragraph 35, except that Rembrandt lacks sufficient knowledge or information to admit or deny the truth of the allegations in the last sentence in paragraph 35.

36.    Admitted.

37.    Denied.

38.    Denied.

39.    Denied.

## COUNT IV

40.     Rembrandt incorporates by reference its responses to paragraphs 1-39 as though fully set forth herein.

41.     Rembrandt admits that it accused the entities listed in paragraph 41 of infringing the '858 patent. Rembrandt admits that DOCSIS is a specification that describes operational parameters of equipment used for cable networks.  Rembrandt also admits that DOCSIS compliant cable modems and CMTS equipment, when used in conjunction with a cable company's cable network, infringe the '858 patent. Rembrandt denies the remaining allegations of paragraph 41 except that Rembrandt lacks sufficient knowledge or information to admit or deny the truth of the allegations in the last sentence in paragraph 41.

42.     Admitted.

43.     Denied.

44.     Denied.

45.     Denied.

## COUNT V

46.     Rembrandt incorporates by reference its responses to paragraphs 1-45 as though fully set forth herein.

47.     Rembrandt admits that it accused the entities listed in paragraph 47 of infringing the '234 patent.  Rembrandt admits that DOCSIS is a specification that describes operational parameters of equipment used for cable networks, and that DOCSIS compliant cable modems and CMTS equipment infringe the '234 patent. Rembrandt denies the remaining allegations of paragraph 47, except that Rembrandt lacks sufficient knowledge or information to admit or deny the truth of the allegations in the last sentence in paragraph 47.

9

48.    Admitted.

49.    Denied.

50.    Denied.

51.    Denied.

## COUNT VI

52.    Rembrandt incorporates by reference its responses to paragraphs 1-51 as though fully set forth herein.

53.    Rembrandt admits that it accused the entities listed in paragraph 53 of infringing the '631 patent. Rembrandt admits that DOCSIS is a specification that describes operational parameters of equipment used for cable networks.  Rembrandt also admits that DOCSIS compliant cable modems and CMTS equipment, when used in conjunction with a cable company's cable network, infringe the '631 patent. Rembrandt denies the remaining allegations of paragraph 53, except that Rembrandt lacks sufficient knowledge or information to admit or deny the truth of the allegations in the last sentence in paragraph 53.

54.    Admitted.

55.    Denied.

56.    Denied.

57.    Denied.

## COUNT VII

58.    Rembrandt incorporates by reference its responses to paragraphs 1-57 as though fully set forth herein.

59.    Rembrandt admits that it accused the entities listed in paragraph 59 of infringing the '159 patent.  Rembrandt admits that DOCSIS is a specification that describes operational

parameters of equipment used for cable networks, and that DOCSIS compliant cable modems and CMTS equipment infringe the '159 patent. Rembrandt denies the remaining allegations of paragraph 59, except that Rembrandt lacks sufficient knowledge or information to admit or deny the truth of the allegations in the last sentence in paragraph 59.

60.    Admitted.

61.    Denied.

62.    Denied.

63.    Denied.

## COUNT VIII

64.    Rembrandt incorporates by reference its responses to paragraphs 1-63 as though fully set forth herein.

65.    Rembrandt admits that it accused the entities listed in paragraph 65 of infringing the '444 patent. Rembrandt admits that DOCSIS is a specification that describes operational parameters of equipment used for cable networks, and that DOCSIS compliant cable modems and CMTS equipment infringe the '444 patent. Rembrandt denies the remaining allegations of paragraph 65, except that Rembrandt lacks sufficient knowledge or information to admit or deny the truth of the allegations in last sentence in paragraph 65.

66.    Admitted.

67.    Denied.

68.    Denied.

69.    Denied.

## AFFIRMATIVE DEFENSES

The Complaint fails to state a claim upon which relief can be granted.

## PRAYER FOR RELIEF

Rembrandt denies that Plaintiffs are entitled to any of the relief requested in their prayer for relief. Rembrandt respectfully requests that the Court enter judgment in its favor and against Plaintiffs on all of Plaintiffs' claims; that the Court find this case exceptional and award Rembrandt its costs and attorneys' fees pursuant to 35 U.S.C. § 285; and that the Court award Rembrandt such other further relief as the Court deems appropriate.

## REMBRANDT TECHNOLOGIES, LP'S, AND REMBRANDT TECHNOLOGIES, LLC'S COUNTERCLAIM FOR PATENT INFRINGEMENT

Defendant/counter-plaintiff Rembrandt Technologies, LP ("Rembrandt") and counter-plaintiff Rembrandt Technologies, LLC, d/b/a Remstream ("Remstream"), by and through the undersigned attorneys, asserts the following counterclaims against Plaintiffs/Counter-Defendants and MSO Counter-Defendants under the United States Patent Act, 35 U.S.C. § 1 *et seq.*, as follows:

## THE PARTIES

1.    Rembrandt is a limited partnership organized under the laws of the state of New Jersey with its principal place of business at 401 City Avenue, Suite 900, Bala Cynwyd, PA 19004.

2.    Rembrandt Technologies, LLC, a Delaware LLC, is wholly owned by Rembrandt and does business as "Remstream." Remstream has its headquarters at 401 City Avenue, Suite 900, Bala Cynwyd, PA 19004. Joinder of Remstream, the exclusive licensee of the 761, '234, '159, and '444 patents, as a counter-plaintiff in this counterclaim is proper under Federal Rules of Civil Procedure 13(h) and 19.

12

3.      Rembrandt has granted Remstream the exclusive right, under the '761, '234, '159, and '444 patents, to make, have made, import, sell, offer to sell, or otherwise distribute, DOCSIS 1.0/1.1, 2.0 and/or 3.0 compliant cable modems and/or EMTA cable modems.

4.      Plaintiff/counter-defendant Ambit MicroSystems, Inc. ("Ambit") is a California corporation with its principal place of business at 9570 La Costa Lane, Lone Tree, CO 80124.

5.      Plaintiff/counter-defendant ARRIS Group, Inc. ("ARRIS") is a Delaware corporation with its principal place of business at 3871 Lakefield Drive, Suwanee, GA 30024.

6.      Plaintiff/counter-defendant Cisco Systems, Inc. ("Cisco") is a California corporation with its principal place of business at 170 West Tasman Drive, San Jose, CA 95134.

7.      Plaintiff/counter-defendant Motorola, Inc. ("Motorola") is a Delaware corporation with its principal place of business at 1303 Algonquin Road, Shaumburg, IL 60196.

8.      Plaintiff/counter-defendant NETGEAR, Inc. ("NETGEAR") is a Delaware corporation with its principal place of business at 4500 Great America Parkway, Santa Clara, CA 95054.

9.      Plaintiff/counter-defendant Scientific-Atlanta, Inc. ("Scientific-Atlanta") is a wholly-owned subsidiary of Plaintiff/Counter-Defendant Cisco and is a Georgia corporation with its principal place of business at 5030 Sugarloaf Parkway, Lawrenceville, GA 30044-2896.

10.      Plaintiff/counter-defendant Thomson, Inc. ("Thomson") is a Delaware corporation with its principal place of business at 101 W. 103rd Street, INH 3340, Indianapolis, IN 46290.

11.      Plaintiff/Counter-Defendants manufacture and/or sell cable equipment, including cable modems, to multiple system operators ("MSOs"), including but not limited to MSO Counter-Defendants.  MSO Counter-Defendants sell and/or lease some of the cable equipment and/or include the equipment in their networks for the provision of high speed internet, cable

13

broadband, and/or other services.    MSO Counter-Defendants are made parties to the Counterclaim in accordance with the provisions of Federal Rules of Civil Procedure 13(h).

12.    Counter-defendant Time Warner Cable, Inc. ("TWC") is a corporation organized under the laws of the state of Delaware with its principal place of business at 7910 Crescent Executive Drive, Suite 56, Charlotte, North Carolina 28217.    TWC's registered agent for service of process in Delaware is The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

13.    Counter-defendant Time Warner Cable LLC ("TWCL") is a limited liability company organized under the laws of the state of Delaware with its principal place of business at 290 Harbor Drive, Stamford, Connecticut 06902.    TWLC's registered agent for service of process is the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

14.    Counter-defendant Time Warner New York Cable LLC ("TWNY") is a limited liability company organized under the laws of the state of Delaware with its principal place of business at 7910 Crescent Executive Drive, Suite 56, Charlotte, North Carolina 28217.    TWC's registered agent for service of process in Delaware is The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

15.    Counter-defendant Time Warner Entertainment Company, LP ("TWE") is a limited partnership organized under the laws of the state of Delaware with its principal place of business at 290 Harbor Drive, Stamford, Connecticut 06902 in care of Time Warner Cable. TWE's registered agent for service of process in Delaware is The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801

16.    Counter-defendant TWC is the direct or indirect parent of each of counter-defendants TWCL, TWNY, and TWE.  Through one or more of its subsidiaries, affiliates, partners, or other related parties, TWC owns and/or operates cable systems throughout the United States.  TWCL, TWNY, and TWE, each directly or through one or more subsidiaries, affiliates, partners, or other related parties, as set forth herein, have each committed and continue to commit tortuous acts of patent infringement.

17.    Counter-defendant Comcast Corporation is a corporation organized under the laws of the state of Pennsylvania with its principal place of business at 1500 Market Street, Philadelphia, Pennsylvania 19103.  Comcast Corporation is a national provider of cable television and internet products and services, and regularly conducts and transacts business in Delaware.

18.    Counter-defendant Comcast Cable Communications, LLC is a limited liability company organized under the laws of Delaware with its principal place of business at 1500 Market Street, Philadelphia, Pennsylvania 19103.  Comcast Cable Communications, LLC's registered agent for service of process in Delaware is Comcast Capital Corporation, 1201 N. Market Street, Suite 1000, Wilmington, DE 19801.

19.    Counter-defendants Comcast Corporation and Comcast Cable Communications, LLC, are collectively referred to as "Comcast."  Comcast is a national provider of cable television and internet products and services, and regularly conducts and transacts business in Delaware.

20.    Counter-defendant Charter Communications, Inc. is a corporation organized under the laws of the state of Delaware with its principal place of business at 12405 Powerscout Drive, Ste. 100, St. Louis, Missouri 63131.  Charter Communications, Inc. is a national provider of

cable television and internet products and services, and regularly conducts and transacts business in Delaware. Charter Communications, Inc.'s registered agent for service of process in Delaware is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808

21.    Counter-defendant Charter Communications Operating, LLC is a limited liability company organized under the laws of the state of Delaware with its principal place of business at 12405 Powerscout Drive, Ste. 100, St. Louis, Missouri 63131.    Charter Communications Operating, LLC is a subsidiary of Counter-Defendant Charter Communications, Inc. and is a national provider of cable television and internet products and services, and regularly conducts and transacts business in Delaware. Charter Communications Operating, LLC's registered agent for service of process in Delaware is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

22.    Counter-defendant Coxcom, Inc. is a corporation organized under the laws of the state of Delaware with its principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319.    Coxcom, Inc. is a national provider of cable television and internet products and services, and regularly conducts and transacts business in Delaware. Coxcom Inc.'s registered agent for service of process in Delaware is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

23.    Counter-defendant Cox Communications, Inc. is a corporation organized under the laws of the state of Delaware with its principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319. Cox Communications, Inc.'s registered agent for service of process in Delaware is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

24.    Counter-defendant Cox Enterprises, Inc. is a corporation organized under the laws of the state of Georgia with its principal place of business at 6205 Peachtree Dunwoody Road NE, Atlanta, Georgia 30319.  Cox Enterprises, Inc. is a national provider of cable television and internet products and services, and upon information and belief, regularly conducts and transacts business in Delaware.  Cox Enterprises, Inc.'s registered agent for service of process in Delaware is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

25.    Counter-defendant CSC Holdings, Inc. is a corporation organized under the laws of the state of Delaware with its principal place of business at 1111 Stewart Avenue, Bethpage, New York 11714. CSC Holdings, Inc.'s registered agent for service of process in Delaware is The Prentice-Hall Corporation System Inc., 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

26.    Counter-defendant Cablevision Systems Corporation is a corporation organized under the laws of the state of Delaware with its principal place of business at 1111 Stewart Avenue, Bethpage, New York 11714.  Cablevision Systems Corporation's registered agent for service of process in Delaware is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

27.    Counter-defendant Adelphia Communications Corporation ("ACC") is a corporation organized under the laws of the state of Delaware.  On June 25, 2002, ACC filed a petition in bankruptcy under Chapter 11 in the United States Bankruptcy Court for the Southern District of New York in a case captioned *In re Adelphia Communications Corporation*, Case No. 02-41729 (REG).  That case remains pending in the bankruptcy court.  ACC's principal place of business on the Petition Date was located in Coudersport, Pennsylvania and is currently located in Greenwood Village, Colorado.  ACC was one of the leading cable and telecommunication

17

companies in the United States. After seeking bankruptcy protection on June 25, 2002, ACC continued to provide cable internet and television services to consumers throughout the United States until the sale of substantially all of its assets on July 31, 2006. ACC's registered agent for service of process in Delaware is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

28.    Counter-defendant Century-TCI California Communications, LP is a partnership organized under the laws of the state of Delaware. Century-TCI California Communications, LP is an affiliate of ACC. On June 25, 2002, Century-TCI California Communications, LP filed a petition in bankruptcy under Chapter 11 in the United States Bankruptcy Court for the Southern District of New York. Century-TCI California Communications, LP's bankruptcy proceedings are jointly administered with *In re Adelphia Communications Corporation*, Case No. 02-41729 (REG). Century-TCI California Communications, LP's registered agent for service of process in Delaware is Comcast Capital Corporation, 1201 N. Market Street, Suite 1000, Wilmington, DE 19081.

29.    Counter-defendant Century-TCI Holdings, LLC is a corporation organized under the laws of the state of Delaware. Century-TCI Holdings, LLC is an affiliate of ACC. On June 25, 2002, Century-TCI California Communications, LP filed a petition in bankruptcy under Chapter 11 in the United States Bankruptcy Court for the Southern District of New York. Century-TCI Holdings, LLC's bankruptcy proceedings are jointly administered with *In re Adelphia Communications Corporation*, Case No. 02-41729 (REG). Century-TCI Holdings, LLC's registered agent for service of process in Delaware is Comcast Capital Corporation, 1201 N. Market Street, Suite 1000, Wilmington, DE 19801.

30.    Counter-defendant Comcast of Florida/Pennsylvania, L.P. (f/k/a Parnassos, LP) is a partnership organized under the laws of the state of Delaware.  Parnassos, LP was or is an affiliate of ACC.  On June 25, 2002, Parnassos, LP filed a petition in bankruptcy under Chapter 11 in the United States Bankruptcy Court for the Southern District of New York.  Parnassos, LP's bankruptcy proceedings are jointly administered with *In re Adelphia Communications Corporation*, Case No. 02-41729 (REG).  Comcast of Florida/Pennsylvania, L.P.'s registered agent for service of process in Delaware is Comcast Capital Corporation, 1201 N. Market Street, Suite 1000, Wilmington, DE 19801.

31.    Counter-defendant Comcast of Pennsylvania II, L.P. (f/k/a Century-TCI California, L.P.), is a partnership organized under the laws of the state of Delaware.  Century-TCI California, L.P. was or is an affiliate of ACC.  On June 25, 2002, Century-TCI California, L.P. filed a petition in bankruptcy under Chapter 11 in the United States Bankruptcy Court for the Southern District of New York.  Century-TCI California, LP's bankruptcy proceedings are jointly administered with *In re Adelphia Communications Corporation*, Case No. 02-41729 (REG).  Comcast of Pennsylvania II, L.P.'s registered agent for service of process in Delaware is Comcast Capital Corporation, 1201 N. Market Street, Suite 1000, Wilmington, DE 19801.

32.    Counter-defendant Parnassos Communications, LP is a partnership organized under the laws of the state of Delaware.  Parnassos Communications, LP is an affiliate of ACC. On June 25, 2002, Parnassos Communications, LP filed a petition in bankruptcy under Chapter 11 in the United States Bankruptcy Court for the Southern District of New York.  Parnassos Communications, LP's bankruptcy proceedings are jointly administered with *In re Adelphia Communications Corporation*, Case No. 02-41729 (REG).  Parnassos Communications, LP's

registered agent for service of process in Delaware is Comcast Capital Corporation, 1201 N. Market Street, Suite 1000, Wilmington, DE 19801.

33.    Counter-defendant Adelphia Consolidation, LLC, into which Parnassos Distribution Company I, LLC, Parnassos Distribution Company II, LLC, and Century-TCI Distribution Company, LLC, were merged, is a limited liability company organized under the laws of the state of Delaware.  Parnassos Distribution Company I, LLC, Parnassos Distribution Company, II, LLC, and Century-TCI Distribution Company, LLC were affiliates of ACC.  On June 25, 2002, Century-TCI Distribution Company, LLC filed a petition in bankruptcy under Chapter 11 in the United States Bankruptcy Court for the Southern District of New York.  On October 6, 2005, Parnassos Distribution Company I, LLC, and Parnassos Distribution Company, II, LLC filed petitions in bankruptcy under Chapter 11 in the United States Bankruptcy Court for the Southern District of New York.  Parnassos Distribution Company I, LLC's, Parnassos Distribution Company II, LLC's, and Century-TCI Distribution Company, LLC's bankruptcy proceedings are jointly administered with *In re Adelphia Communications Corporation*, Case No. 02-41729 (REG).  Adelphia Consolidation, LLC's registered agent for service of process in Delaware is Corporation service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

34.    Counter-defendant Parnassos Holdings, LLC, is a corporation organized under the laws of the state of Delaware.  Parnassos Holdings, LLC is an affiliate of ACC.  On June 25, 2002, Parnassos Holdings, LLC filed a petition in bankruptcy under Chapter 11 in the United States Bankruptcy Court for the Southern District of New York.  Parnassos Holdings, LLC's bankruptcy proceedings are jointly administered with *In re Adelphia Communications Corporation*, Case No. 02-41729 (REG).  Parnassos Holdings, LLC's registered agent for service

of process in Delaware is Comcast Capital Corporation, 1201 N. Market Street, Suite 1000, Wilmington, DE 19801.

35.    Counter-defendant Western NY Cablevision, LP is a partnership organized under the laws of the state of Delaware.  Western NY Cablevision, LP is an affiliate of ACC.  On June 25, 2002, Western NY Cablevision, LP filed a petition in bankruptcy under Chapter 11 in the United States Bankruptcy Court for the Southern District of New York.  Western NY Cablevision, LP's bankruptcy proceedings are jointly administered with *In re Adelphia Communications Corporation*, Case No. 02-41729 (REG).  Western NY Cablevision, LP's registered agent for service of process in Delaware is Comcast Capital Corporation, 1201 N. Market Street, Suite 1000, Wilmington, DE 19801.

36.    Counter-defendants ACC, Comcast of Florida/Pennsylvania, L.P. (f/k/a Parnassos, LP), Comcast of Pennsylvania II, L.P. (f/k/a Century-TCI California, L.P.), Century-TCI California Communications, LP, Century-TCI Holdings, LLC, Parnassos Communications, LP, Adelphia Consolidation, LLC, Parnassos Holdings, LLC, and Western NY Cablevision, LP, are herein referred to as the "ACC-Affiliated Counter-Defendants."  On September 13, 2006, Rembrandt commenced an adversary proceeding (the "Adversary Proceeding") against the ACC-Affiliated Counter-Defendants (or, in the case of Adelphia Consolidation, LLC, Rembrandt commenced an adversary proceeding against predecessor entities Parnassos Distribution Company I LLC, Parnassos Distribution Company II LLC, and Century-TCI Distribution Company LLC) and filed an administrative proof of claim (the "Proof of Claim") against the ACC-Affiliated Counter-Defendants (or their predecessor entities) in each case in the Bankruptcy Court for the Southern District of New York in which the ACC-Affiliated Counter-Defendants' (or their predecessor entities') Chapter 11 cases were pending.  In asserting the

21

causes of action against the ACC-Affiliated Counter-Defendants that are set forth in the Counterclaim, the Counterclaim Plaintiffs intend to assert, and do assert, the same causes of action that Rembrandt previously asserted against the ACC-Affiliated Counter-Defendants (or their predecessor entities) in the Adversary Proceeding that are subject to the Proof of Claim and seek the same recovery against the ACC-Affiliated Counter-Defendants' bankruptcy estates as was the subject of the Proof of Claim.

## JURISDICTION AND VENUE

37.    This is an action for patent infringement, arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

38.    Subject matter jurisdiction is proper in this court under 28 U.S.C. §§ 1331 and 1338(a).

39.    This Court has personal jurisdiction over Plaintiffs/Counter-Defendants because they have submitted to the jurisdiction of this Court by filing the instant action; in addition, the Court has personal jurisdiction over Plaintiffs/Counter-Defendants because they have committed acts of patent infringement in this judicial district, are Delaware entities, and/or have other sufficient contacts with Delaware.

40.    This Court has personal jurisdiction over MSO Counter-Defendants because they either have previously availed themselves of the Court's jurisdiction, are Delaware entities, have property, offices, or personnel in Delaware, have committed acts of patent infringement in this judicial district, regularly transact business in Delaware, and/or have other sufficient contacts with Delaware.

41.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), and 1400(b).

## COUNT I - INFRINGEMENT OF U.S. PATENT NO. 4,937,819

42.     Rembrandt realleges and incorporates herein by reference the allegations stated in paragraphs 1-41 of this Counterclaim.

43.     Rembrandt is the owner of all right, title, and interest, including the right to sue, enforce, and recover damages for all infringements, of U.S. Patent No. 4,937,819, entitled "Time Orthogonal Multiple Virtual DCE Device for Use in Analog and Digital Networks" (the "'819 patent") (Exhibit A to Plaintiff/Counter-Defendants' Complaint).

44.     The '819 patent was duly and legally issued by the United States Patent and Trademark Office on June 26, 1990.

45.     Plaintiffs/Counter-Defendants are manufacturers of cable equipment, which equipment is sold to MSOs, including MSO Counter-Defendants, which, in turn, sell and/or lease some of that equipment and, additionally, use such equipment, throughout the United States in the operation of their cable networks.

46.     Upon information and belief, Plaintiffs/Counter-Defendants have indirectly infringed, and are continuing to indirectly infringe, the '819 patent by practicing or causing others to practice (by inducement and/or contributorily) the inventions claimed in the '819 patent, in this district or otherwise within the United States.  For example, upon information and belief, Plaintiffs/Counter-Defendants have indirectly infringed and continue to indirectly infringe the '819 patent by their manufacture and sale of cable equipment to cable MSOs for inclusion into the MSOs' cable networks for the specific provision of high speed internet, cable broadband, and/or other services.

47.     Upon information and belief, MSO Counter-Defendants, excepting ACC-Affiliated Counter-Defendants, have directly infringed, and are continuing to directly infringe,

the '819 patent by practicing the inventions claimed in the '819 patent, in this district or otherwise within the United States. For example, upon information and belief, MSO Counter-Defendants, excepting ACC-Affiliated Counter-Defendants, have directly infringed and continue to directly infringe the '819 patent by including Plaintiff/Counter-Defendants' cable equipment in MSO Counter-Defendant's cable networks for the specific provision of high speed internet, cable broadband, and/or other services.

48.     Upon information and belief, Plaintiffs/Counter-Defendants and MSO Counter-Defendants, excepting ACC-Affiliated Counter-Defendants, will continue to infringe the '819 patent unless enjoined by this Court. Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT II - INFRINGEMENT OF U.S. PATENT NO. 5,008,903

49.     Rembrandt realleges and incorporates herein by reference the allegations stated in paragraphs 1-48 of this Counterclaim.

50.     Rembrandt is the owner of all right, title, and interest, including the right to sue, enforce, and recover damages for all infringements, of U.S. Patent No. 5,008,903, entitled "Adaptive Transmit Pre-Emphasis for Digital Modem Computed from Noise Spectrum" (the "'903 patent") (Exhibit B to Plaintiff/Counter-Defendants' Complaint).

51.     The '903 patent was duly and legally issued by the United States Patent and Trademark Office on April 16, 1991.

52.     Plaintiffs/Counter-Defendants are manufacturers of cable equipment, which equipment is sold to MSOs, including MSO Counter-Defendants, which, in turn, sell and/or lease

24

some of that equipment and, additionally, use such equipment, throughout the United States in the operation of their cable networks.

53.    Upon information and belief, Plaintiffs/Counter-Defendants have indirectly infringed, and are continuing to indirectly infringe, the '903 patent by practicing or causing others to practice (by inducement and/or contributorily) the inventions claimed in the '903 patent, in this district or otherwise within the United States.  For example, upon information and belief, Plaintiffs/Counter-Defendants have infringed and continue to infringe the '903 patent by their manufacture and sale of cable equipment to MSOs for inclusion into the MSOs' cable networks for the specific provision of high speed internet, cable broadband, and/or other services.

54.    Upon information and belief, MSO Counter-Defendants, excepting ACC-Affiliated Counter-Defendants, have directly infringed, and are continuing to directly infringe, the '903 patent by practicing the inventions claimed in the '903 patent, in this district or otherwise within the United States.  For example, upon information and belief, MSO Counter-Defendants, excepting ACC-Affiliated Counter-Defendants, have directly infringed and continue to directly infringe the '903 patent by including Plaintiff/Counter-Defendants' cable equipment in MSO Counter-Defendant cable networks for the specific provision of high speed internet, cable broadband, and/or other services.

55.    Upon information and belief, Plaintiffs/Counter-Defendants and MSO Counter-Defendants, excepting ACC-Affiliated Counter-Defendants, will continue to infringe the '903 patent unless enjoined by this Court.  Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT III - INFRINGEMENT OF U.S. PATENT NO. 5,710,761

56.    Rembrandt and Remstream reallege and incorporate herein by reference the allegations stated in paragraphs 1-55 of this Counterclaim.

57.    Rembrandt is the owner, and Remstream is the exclusive licensee, of U.S. Patent No. 5,701,761, entitled "Error Control Negotiation Based on Modulation" (the "'761 patent") (Exhibit C to Plaintiff/Counter-Defendants' Complaint).

58.    The '761 patent was duly and legally issued by the United States Patent and Trademark Office on January 20, 1998.

59.    Plaintiffs/Counter-Defendants are manufacturers of cable equipment, which equipment is sold to MSOs, including MSO Counter-Defendants, which, in turn, sell and/or lease some of that equipment throughout the United States.

60.    Plaintiffs/Counter-Defendants have directly and indirectly infringed, and are continuing to directly and indirectly infringe, the '761 patent by practicing or causing others to practice (by inducement and/or contributorily) the inventions claimed in the '761 patent, in this district or otherwise within the United States.

61.    Upon information and belief, MSO Counter-Defendants have directly infringed, and/or are continuing to directly infringe, the '761 patent by practicing the inventions claimed in the '761 patent, in this district or otherwise within the United States.

62.    Upon information and belief, Plaintiffs/Counter-Defendants and MSO Counter-Defendants (excepting ACC-Affiliated Counter-Defendants) will continue to infringe the '761 patent unless enjoined by this Court.

63.    Upon information and belief, the infringement by Plaintiffs/Counter-Defendants and MSO Counter-Defendants has been, and/or will continue to be, willful, making this an

exceptional case and entitling Counter-Plaintiffs to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT IV - INFRINGEMENT OF U.S. PATENT NO. 5,719,858

64.    Rembrandt realleges and incorporates herein by reference the allegations stated in paragraphs 1-63 of this Counterclaim.

65.    Rembrandt is the owner of all right, title, and interest, including the right to sue, enforce, and recover damages for all infringements, of U.S. Patent No. 5,719,858, entitled "Time-Division Multiple-Access Method for Packet Transmission on Shared Synchronous Serial Buses" (the "'858 patent") (Exhibit D to Plaintiff/Counter-Defendants' Complaint).

66.    The '858 patent was duly and legally issued by the United States Patent and Trademark Office on February 17, 1998.

67.    Plaintiffs/Counter-Defendants are manufacturers of cable equipment which equipment is sold to MSOs, including MSO Counter-Defendants, which, in turn, sell and/or lease some of that equipment and, additionally, use such equipment, throughout the United States in the operation of their cable networks.

68.    On information and belief, Plaintiffs/Counter-Defendants have indirectly infringed, and are continuing to indirectly infringe, the '858 patent by practicing or causing others to practice (by inducement and/or contributorily) the inventions claimed in the '858 patent, in this district or otherwise within the United States. For example, upon information and belief, Plaintiffs/Counter-Defendants have infringed and continue to infringe the '858 patent by their manufacture and sale of cable equipment to MSOs for inclusion into the MSOs' cable networks for the specific provision of high speed internet, cable broadband, and/or other services.

69. Upon information and belief, MSO Counter-Defendants, excepting ACC-Affiliated Counter-Defendants, have directly infringed, and are continuing to directly infringe, the '858 patent by practicing the inventions claimed in the '858 patent, in this district or otherwise within the United States. For example, upon information and belief, MSO Counter-Defendants, excepting ACC-Affiliated Counter-Defendants, have directly infringed and continue to directly infringe the '858 patent by including Plaintiff/Counter-Defendants' cable equipment in MSO Counter-Defendants' cable networks for the specific provision of high speed internet, cable broadband, and/or other services.

70. Upon information and belief, Plaintiffs/Counter-Defendants and MSO Counter-Defendants, excepting ACC-Affiliated Counter-Defendants, will continue to infringe the '858 patent unless enjoined by this Court. Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

### COUNT V - INFRINGEMENT OF U.S. PATENT NO. 5,778,234

71. Rembrandt and Remstream reallege and incorporate herein by reference the allegations stated in paragraphs 1-70 of this Counterclaim.

72. Rembrandt is the owner, and Remstream is the exclusive licensee, of U.S. Patent No. 5,778,234, entitled "Method for Downloading Programs" (the "'234 patent") (Exhibit E to Plaintiff/Counter-Defendants' Complaint).

73. The '234 patent was duly and legally issued by the United States Patent and Trademark Office on July 7, 1998.

74.    Plaintiffs/Counter-Defendants are manufacturers of cable equipment which equipment is sold to MSOs, including MSO Counter-Defendants, which, in turn, sell and/or lease some of that equipment throughout the United States

75.    Plaintiffs/Counter-Defendants have directly and indirectly infringed, and are continuing to directly and indirectly infringe, the '234 patent by practicing or causing others to practice (by inducement and/or contributorily) the inventions claimed in the '234 patent, in this district or otherwise within the United States.

76.    Upon information and belief, MSO Counter-Defendants have directly infringed, and/or are continuing to directly infringe, the '234 patent by practicing the inventions claimed in the '234 patent, in this district or otherwise within the United States.

77.    Upon information and belief, Plaintiffs/Counter-Defendants and MSO Counter-Defendants (excepting ACC-Affiliated Counter-Defendants) will continue to infringe the '234 patent unless enjoined by this Court.

78.    Upon information and belief, the infringement by Plaintiffs/Counter-Defendants and MSO Counter-Defendants has been, and/or will continue to be, willful, making this an exceptional case and entitling Counter-Plaintiffs to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

### COUNT VI - INFRINGEMENT OF U.S. PATENT NO. 5,852,631

79.    Rembrandt realleges and incorporates herein by reference the allegations stated in paragraphs 1-78 of this Counterclaim.

80.    Rembrandt is the owner of all right, title, and interest, including the right to sue, enforce, and recover damages for all infringements, of U.S. Patent No. 5,852,631, entitled

"System and Method for Establishing Link Layer Parameters based on Physical Layer Modulation" (the "'631 patent") (Exhibit F to Plaintiff/Counter-Defendants' Complaint).

81.    The '631 patent was duly and legally issued by the United States Patent and Trademark Office on December 22, 1998.

82.    Plaintiffs/Counter-Defendants are manufacturers of cable equipment which equipment is sold to MSOs, including MSO Counter-Defendants, which, in turn, sell and/or lease some of that equipment and, additionally, use such equipment, throughout the United States in the operation of their cable networks.

83.    On information and belief, Plaintiffs/Counter-Defendants have indirectly infringed, and are continuing to indirectly infringe, the '631 patent by practicing or causing others to practice (by inducement and/or contributorily) the inventions claimed in the '631 patent, in this district or otherwise within the United States. For example, on information and belief, Plaintiffs/Counter-Defendants have infringed and continue to infringe the '631 patent by their manufacture and sale of cable equipment to MSOs for inclusion into the MSOs' cable networks for the specific provision of high speed internet, cable broadband, and/or other services.

84.    Upon information and belief, MSO Counter-Defendants, excepting ACC-Affiliated Counter-Defendants, have directly infringed, and are continuing to directly infringe, the '631 patent by practicing the inventions claimed in the '631 patent, in this district or otherwise within the United States. For example, upon information and belief, MSO Counter-Defendants, excepting ACC-Affiliated Counter-Defendants, have directly infringed and continue to directly infringe the '631 patent by including Plaintiff/Counter-Defendants' cable equipment

in MSO Counter-Defendants' cable networks for the specific provision of high speed internet, cable broadband, and/or other services.

85.    Upon information and belief, Plaintiffs/Counter-Defendants and MSO Counter-Defendants, excepting ACC-Affiliated Counter-Defendants, will continue to infringe the '631 patent unless enjoined by this Court. Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Counter-Plaintiffs to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT VII - INFRINGEMENT OF U.S. PATENT NO. 6,131,159

86.    Rembrandt and Remstream reallege and incorporate herein by reference the allegations stated in paragraphs 1-85 of this Counterclaim.

87.    Rembrandt is the owner, and Remstream is the exclusive licensee, of U.S. Patent No. 6,131,159, entitled "System for Downloading Programs" (the "'159 patent") (Exhibit G to Plaintiff/Counter-Defendants' Complaint).

88.    The '159 patent was duly and legally issued by the United States Patent and Trademark Office on October 10, 2000.

89.    Plaintiffs/Counter-Defendants are manufacturers of cable equipment which equipment is sold to MSOs, including MSO Counter-Defendants, which, in turn, sell and/or lease some of that equipment throughout the United States.

90.    Plaintiffs/Counter-Defendants have directly and indirectly infringed, and are continuing to directly and indirectly infringe, the '159 patent by practicing or causing others to practice (by inducement and/or contributorily) the inventions claimed in the '159 patent, in this district or otherwise within the United States.

31

91.    Upon information and belief, MSO Counter-Defendants have directly infringed, and/or are continuing to directly infringe, the '159 patent by practicing the inventions claimed in the '159 patent, in this district or otherwise within the United States.

92.    Upon information and belief, Plaintiffs/Counter-Defendants and MSO Counter-Defendants (excepting ACC-Affiliated Counter-Defendants) will continue to infringe the '159 patent unless enjoined by this Court.

93.    Upon information and belief, the infringement by Plaintiffs/Counter-Defendants and MSO Counter-Defendants has been, and/or will continue to be, willful, making this an exceptional case and entitling Counter-Plaintiffs to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

### COUNT VIII - INFRINGEMENT OF U.S. PATENT NO. 6,950,444

94.    Rembrandt and Remstream reallege and incorporate herein by reference the allegations stated in paragraphs 1-93 of this Counterclaim.

95.    Rembrandt is the owner, and Remstream is the exclusive licensee, of U.S. Patent No. 6,950,444, entitled "System and Method for a Robust Preamble and Transmission Delimiting in a Switched-Carrier Transceiver (the "'444 patent") (Exhibit H to Plaintiff/Counter-Defendants' Complaint).

96.    The '444 patent was duly and legally issued by the United States Patent and Trademark Office on September 27, 2005.

97.    Plaintiffs/Counter-Defendants are manufacturers of cable equipment which equipment is sold to MSOs, including MSO Counter-Defendants, which, in turn, sell and/or lease some of that equipment throughout the United States.

98.     Plaintiffs/Counter-Defendants have directly and indirectly infringed, and are continuing to directly and indirectly infringe, the '444 patent by practicing or causing others to practice (by inducement and/or contributorily) the inventions claimed in the '444 patent, in this district or otherwise within the United States.

99.     Upon information and belief, MSO Counter-Defendants have directly infringed, and/or are continuing to directly infringe, the '444 patent by practicing the inventions claimed in the '444 patent, in this district or otherwise within the United States.

100.     Upon information and belief, Plaintiffs/Counter-Defendants and MSO Counter-Defendants (excepting ACC-Affiliated Counter-Defendants) will continue to infringe the '444 patent unless enjoined by this Court.

101.     Upon information and belief, the infringement by Plaintiffs/Counter-Defendants and MSO Counter-Defendants the infringement has been, and/or will continue to be, willful, making this an exceptional case and entitling Counter-Plaintiffs to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

**PRAYER FOR RELIEF**

WHEREFORE, Rembrandt and Remstream pray that they have judgment against Plaintiffs/Counter-Defendants and MSO Counter-Defendants for the following:

1.     A judgment that Plaintiffs/Counter-Defendants and MSO Counter-Defendants have infringed the patents-in-suit as alleged in the Counterclaim;

2.     A permanent injunction enjoining and restraining Plaintiffs/Counter-Defendants, MSO Counter-Defendants (excepting ACC-Affiliated Counter-Defendants), and their agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with them, from making, using, testing, offering to sell, selling, leasing, and importing into the United States

any product, or using, offering to sell, offering to lease, selling, or leasing any service, that falls within the scope of any claim of a patent-in-suit asserted against a party.

3.    An award of damages, and pre-judgment and post-judgment interest;

4.    An award of increased damages pursuant to 35 U.S.C. § 284;

5.    A judgment that this case is exceptional under 35 U.S.C. § 285 and requiring Plaintiffs/Counter-Defendants and/or MSO Counter-Defendants to pay the costs of this action, including all disbursements and attorneys' fees; and

6.    Such other and further relief, at law or in equity, to which counter-plaintiffs Rembrandt and/or Remstream are justly entitled.

<u>**JURY DEMAND**</u>

Counter-plaintiffs Rembrandt and Remstream hereby demand a jury trial on all issues appropriately triable by a jury.

Dated: January 16, 2008

/s/ Collins J. Seitz, Jr.
Collins J. Seitz, Jr. (#2237)
Francis DiGiovanni (#3189)
James D. Heisman (#2746)
Kristen Healey Cramer (#4512)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141
cseitz@cblh.com
fdigiovanni@cblh.com
jheisman@cblh.com
kcramer@cblh.com

Attorneys for Rembrandt Technologies, LP, and
Rembrandt Technologies, LLC d/b/a Remstream

586109v1

34

## CERTIFICATE OF SERVICE

I, Collins J. Seitz, Jr., hereby certify that on the 16th day of January, 2008, a true

copy of the foregoing **ANSWER OF REMBRANDT TECHNOLOGIES, LP AND**

**COUNTERCLAIM OF REMBRANDT TECHNOLOGIES, LP AND**

**REMBRANDT TECHNOLOGIES, LLC d/b/a REMSTREAM** was hand delivered to

the following persons and was electronically filed with the Clerk of the Court using

CM/ECF which will send notification of such filing to the following and the document is

available for viewing and downloading from CM/ECF:

**BY E-MAIL and HAND DELIVERY**
Jack B. Blumenfeld
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@mnat.com

**BY E-MAIL and HAND DELIVERY**
John W. Shaw
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
jshaw@ycst.com

**BY E-MAIL**
David S. Benyacar
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
dbenyacar@kayescholer.com

**BY E-MAIL**
Matthew D. Powers
Edward R. Reines
Weil Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
matthew.powers@weil.com
edward.reines@weil.com

**BY E-MAIL**
John Desmarais
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022
jdesmarais@kirkland.com

**BY E-MAIL**
Eric R. Lamison
Kirkland & Ellis LLP
555 California Street, Ste. 2700
San Francisco, CA 94104
elamison@kirkland.com

By:  _/s/ Collins J. Seitz, Jr._
   Collins J. Seitz, Jr., (#2237)
   cseitz@cblh.com