IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: REMBRANDT TECHNOLOGIES, LP PATENT LITIGATION | MDL Docket No. 07-md-1848 (GMS) |
| MOTOROLA, INC., CISCO SYSTEMS, INC., SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, INC., THOMSON, INC., AMBIT MICROSYSTEMS, INC., and NETGEAR, INC. | |
| Plaintiffs, | |
| v. | Civil Action No. 07-752-GMS |
| REMBRANDT TECHNOLOGIES, LP, | |
| Defendant. | **JURY TRIAL DEMANDED** |
| REMBRANDT TECHNOLOGIES, LP, and REMBRANDT TECHNOLOGIES, LLC d/b/a REMSTREAM, | |
| Counter-Plaintiffs, | |
| v. | Civil Action No. 07-752-GMS |
| MOTOROLA, INC., CISCO SYSTEMS, INC., SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, INC., THOMSON, INC., AMBIT MICROSYSTEMS, INC., and NETGEAR, INC., TIME WARNER CABLE, INC., TIME WARNER CABLE LLC, TIME WARNER NEW YORK CABLE LLC, TIME WARNER ENTERTAINMENT COMPANY, LP, COMCAST CORPORATION, COMCAST CABLE COMMUNICATIONS, LLC, CHARTER COMMUNICATIONS OPERATING, LLC, COXCOM, INC., COX COMMUNICATIONS, | **JURY TRIAL DEMANDED** |

INC., COX ENTERPRISES, INC., CSC )
HOLDINGS, INC., CABLEVISION SYSTEMS )
CORPORATION, ADELPHIA )
COMMUNICATIONS CORPORATION, )
CENTURY-TCI CALIFORNIA )
COMMUNICATIONS, LP, CENTURY-TCI )
HOLDINGS, LLC, COMCAST OF )
FLORIDA/PENNSYLVANIA, L.P. (f/k/a )
PARNASSOS, LP), COMCAST OF )
PENNSYLVANIA II, L.P. (f/k/a CENTURY-TCI )
CALIFORNIA, L.P.), PARNASSOS )
COMMUNICATIONS, LP, ADELPHIA )
CONSOLIDATION, LLC, PARNASSOS )
HOLDINGS, LLC, and WESTERN NY )
CABLEVISION, LP, )
                                                                )
            Counter-Defendants.                    )
                                                                )

## REPLY OF PLAINTIFFS/COUNTER-DEFENDANTS TO THE COUNTERCLAIMS OF COUNTER-PLAINTIFFS

Plaintiffs Motorola, Inc. ("Motorola"), Cisco Systems, Inc. ("Cisco"), Scientific-Atlanta,

Inc. ("Scientific-Atlanta"), ARRIS Group, Inc. ("ARRIS"), Thomson, Inc. ("Thomson"), Ambit

Microsystems, Inc. ("Ambit") and NETGEAR, Inc. ("NETGEAR") (collectively "Plaintiffs" or

"Plaintiffs/Counter-Defendants") reply to the Counterclaims of Rembrandt Technologies, LP

("Rembrandt") and Rembrandt Technologies, LLC ("Remstream") (collectively "Counter-

Plaintiffs") as follows:

1.    Rembrandt is a limited partnership organized under the laws of the state of New

Jersey with its principal place of business at 401 City Avenue, Suite 900, Bala Cynwyd, PA

19004.

**ANSWER:**    Upon information and belief, Plaintiffs/Counter-Defendants admit that Rembrandt is a limited partnership organized under the laws of the state of New Jersey with its principal place of business at 401 City Avenue, Suite 900, Bala Cynwyd, PA 19004.

2.    Rembrandt Technologies, LLC, a Delaware LLC, is wholly owned by Rembrandt and does business as "Remstream." Remstream has its headquarters at 401 City Avenue, Suite 900, Bala Cynwyd, PA 19004. Joinder of Remstream, the exclusive licensee of the 761, '234, '159, and '444 patents, as a counter-plaintiff in this counterclaim is proper under Federal Rules of Civil Procedure 13(h) and 19.

**ANSWER:**    Upon information and belief, Plaintiffs/Counter-Defendants admit that Rembrandt Technologies, LLC is also known as "Remstream." Upon information and belief, Plaintiffs/Counter-Defendants admit that Remstream has its headquarters at 401 City Avenue, Suite 900, Bala Cynwyd, PA 19004. Plaintiffs/Counter-Defendants lack knowledge or information sufficient to admit or deny the truth of the remaining allegations contained in paragraph 2 and accordingly deny the remaining allegations of paragraph 2.

3.    Rembrandt has granted Remstream the exclusive right under the '761, '234, '159, and '444 patents, to make, have made, import, sell, offer to sell, or otherwise distribute, DOCSIS 1.0/1.1, 2.0 and/or 3.0 compliant cable modems and/or EMTA cable modems.

**ANSWER:**    Plaintiffs/Counter-Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 3 and accordingly deny the allegations of paragraph 3.

3

4.      Plaintiff/counter-defendant Ambit MicroSystems, Inc. ("Ambit") is a California corporation with its principal place of business at 9570 La Costa Lane, Lone Tree, CO 80124.

**ANSWER:**    Admitted.

5.      Plaintiff/counter-defendant ARRIS Group, Inc. ("ARRIS") is a Delaware corporation with its principal place of business at 3871 Lakefield Drive, Suwanee, GA 30024.

**ANSWER:**    Admitted.

6.      Plaintiff/counter-defendant Cisco Systems, Inc. ("Cisco") is a California corporation with its principal place of business at 170 West Tasman Drive, San Jose, CA 95134.

**ANSWER:**    Admitted.

7.      Plaintiff/counter-defendant Motorola, Inc. ("Motorola") is a Delaware corporation with its principal place of business at 1303 Algonquin Road, Schaumburg, IL 60196.

**ANSWER:**    Admitted.

8.      Plaintiff/counter-defendant NETGEAR, Inc. ("NETGEAR") is a Delaware corporation with its principal place of business at 4500 Great America Parkway, Santa Clara, CA 95054.

**ANSWER:**    Admitted.

9.      Plaintiff/counter-defendant Scientific-Atlanta, Inc. ("Scientific-Atlanta") is a wholly-owned subsidiary of Plaintiff/Counter-Defendant Cisco and is a Georgia corporation with its principal place of business at 5030 Sugarloaf Parkway, Lawrenceville, GA 30044-2896.

4

**ANSWER:**    Admitted.

10.    Plaintiff/counter-defendant Thomson, Inc. ("Thomson") is a Delaware corporation with its principal place of business at 101 W. 103rd Street, INH 3340, Indianapolis, IN 46290.

**ANSWER:**    Admitted.

11.    Plaintiffs/Counter-Defendants manufacture and/or sell cable equipment, including cable modems, to multiple system operators ("MSOs"), including but not limited to MSO Counter-Defendants. MSO Counter-Defendants sell and/or lease some of the cable equipment and/or include the equipment in their networks for the provision of high speed internet, cable broadband, and/or other services.    MSO Counter-Defendants are made parties to the Counterclaim in accordance with the provisions of Federal Rules of Civil Procedure 13(h).

**ANSWER:**    Plaintiffs/Counter-Defendants    admit    that    Plaintiff/Counter-Defendants manufacture and/or sell cable equipment, including cable modems, to multiple system operators ("MSOs"), including but not limited to MSO Counter-Defendants who may supply such equipment for use in cable systems.    Plaintiffs/Counter-Defendants lack knowledge or information sufficient to admit or deny the truth of the remaining allegations contained in paragraph 11 and accordingly deny the remaining allegations of paragraph 11.

12.    Counter-defendant Time Warner Cable, Inc. ("TWC") is a corporation organized under the laws of the state of Delaware with its principal place of business at 7910 Crescent Executive Drive, Suite 56, Charlotte, North Carolina 28217. TWC's registered agent for service

of process in Delaware is The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

**ANSWER:**    Plaintiffs/Counter-Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 12 and accordingly deny the allegations of paragraph 12.

13.    Counter-defendant Time Warner Cable LLC ("TWCL") is a limited liability company organized under the laws of the state of Delaware with its principal place of business at 290 Harbor Drive, Stamford, Connecticut 06902. TWCL's registered agent for service of process in Delaware is The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

**ANSWER:**    Plaintiffs/Counter-Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 13 and accordingly deny the allegations of paragraph 13.

14.    Counter-defendant Time Warner New York Cable LLC ("TWNY") is a limited liability company organized under the laws of the state of Delaware with its principal place of business at 7910 Crescent Executive Drive, Suite 56, Charlotte, North Carolina 28217. TWC's registered agent for service of process in Delaware is The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

**ANSWER:**    Plaintiffs/Counter-Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 14 and accordingly deny the allegations of paragraph 14.

6

15.     Counter-defendant Time Warner Entertainment Company, LP ("TWE") is a limited partnership organized under the laws of the state of Delaware with its principal place of business at 290 Harbor Drive, Stamford, Connecticut 06902 in care of Time Warner Cable. TWE's registered agent for service of process in Delaware is The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801

**ANSWER:**    Plaintiffs/Counter-Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 15 and accordingly deny the allegations of paragraph 15.

16.     Counter-defendant TWC is the direct or indirect parent of each of counter-defendants TWCL, TWNY, and TWE.  Through one or more of its subsidiaries, affiliates, partners, or other related parties, TWC owns and/or operates cable systems throughout the United States.  TWCL, TWNY, and TWE, each directly or through one or more subsidiaries, affiliates, partners, or other related parties, as set forth herein, have each committed and continue to commit tortuous acts of patent infringement.

**ANSWER:**    Plaintiffs/Counter-Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 16 and accordingly deny the allegations of paragraph 16.

17.     Counter-defendant Comcast Corporation is a corporation organized under the laws of the state of Pennsylvania with its principal place of business at 1500 Market Street, Philadelphia, Pennsylvania 19103.  Comcast Corporation is a national provider of cable television and internet products and services, and regularly conducts and transacts business in Delaware.

7

**ANSWER:**    Plaintiffs/Counter-Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 17 and accordingly deny the allegations of paragraph 17.

18.    Counter-defendant Comcast Cable Communications, LLC is a limited liability company organized under the laws of Delaware with its principal place of business at 1500 Market Street Philadelphia, Pennsylvania 19103.   Comcast Cable Communications, LLC's registered agent for service of process in Delaware is Comcast Capital Corporation, 1201 N. Market Street, Suite 1000, Wilmington, DE 19801.

**ANSWER:**    Plaintiffs/Counter-Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 18 and accordingly deny the allegations of paragraph 18.

19.    Counter-defendants Comcast Corporation and Comcast Cable Communications, LLC, are collectively referred to as "Comcast."   Comcast is a national provider of cable television and internet products and services, and regularly conducts and transacts business in Delaware.

**ANSWER:**    Plaintiffs/Counter-Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 19 and accordingly deny the allegations of paragraph 19.

20.    Counter-defendant Charter Communications, Inc. is a corporation organized under the laws of the state of Delaware with its principal place of business at 12405 Powerscout Drive Ste. 100, St. Louis, Missouri 63131.  Charter Communications, Inc. is a national provider

8

of cable television and internet products and services, and regularly conducts and transacts business in Delaware. Charter Communications, Inc.'s registered agent for service of process in Delaware is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808

**ANSWER:**    Plaintiffs/Counter-Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 20 and accordingly deny the allegations of paragraph 20.

21.    Counter-defendant Charter Communications Operating, LLC is a limited liability company organized under the laws of the state of Delaware with its principal place of business at 12405 Powerscout Drive Ste. 100, St. Louis, Missouri 63131.    Charter Communications Operating, LLC is a subsidiary of Counter-Defendant Charter Communications, Inc. is a national provider of cable television and internet products and services, and regularly conducts and transacts business in Delaware. Charter Communications Operating, LLC's registered agent for service of process in Delaware is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

**ANSWER:**    Plaintiffs/Counter-Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 21 and accordingly deny the allegations of paragraph 21.

22.    Counter-defendant Coxcom, Inc. is a corporation organized under the laws of the state of Delaware with its principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319. Coxcom, Inc. is a national provider of cable television and internet products and services, and regularly conducts and transacts business in Delaware. Coxcom, Inc.'s registered

agent for service of process in Delaware is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

**ANSWER:**   Plaintiffs/Counter-Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 22 and accordingly deny the allegations of paragraph 22.

23.   Counter-defendant Cox Communications, Inc. is a corporation organized under the laws of the state of Delaware with its principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319. Cox Communications, Inc.'s registered agent for service of process in Delaware is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

**ANSWER:**   Plaintiffs/Counter-Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 23 and accordingly deny the allegations of paragraph 23.

24.   Counter-defendant Cox Enterprises, Inc. is a corporation organized under the laws of the state of Georgia with its principal place of business at 6205 Peachtree Dunwoody Road NE, Atlanta, Georgia 30319. Cox Enterprises, Inc. is a national provider of cable television and internet products and services, and upon information and belief, regularly conducts and transacts business in Delaware. Cox Enterprises, Inc.'s registered agent for service of process in Delaware is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

**ANSWER:**    Plaintiffs/Counter-Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 24 and accordingly deny the allegations of paragraph 24.

25.    Counter-defendant CSC Holdings, Inc. is a corporation organized under the laws of the state of Delaware with its principal place of business at 1111 Stewart Avenue, Bethpage, New York 11714.  CSC Holdings, Inc.'s registered agent for service of process in Delaware is The Prentice-Hall Corporation System Inc., 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

**ANSWER:**    Plaintiffs/Counter-Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 25 and accordingly deny the allegations of paragraph 25.

26.    Counter-defendant Cablevision Systems Corporation is a corporation organized under the laws of the state of Delaware with its principal place of business at 1111 Stewart Avenue, Bethpage, New York 11714.  Cablevision Systems Corporation's registered agent for service of process in Delaware is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

**ANSWER:**    Plaintiffs/Counter-Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 26 and accordingly deny the allegations of paragraph 26.

27.    Counter-defendant Adelphia Communications Corporation ("ACC") is a corporation organized under the laws of the state of Delaware.  On June 25, 2002, ACC filed a

petition in bankruptcy under Chapter 11 in the United States Bankruptcy Court for the Southern District of New York in a case captioned *In re Adelphia Communications Corporation*, Case No. 02-41729 (REG). That case remains pending in the bankruptcy court. ACC's principal place of business on the Petition Date was located in Coudersport, Pennsylvania and is currently located in Greenwood Village, Colorado. ACC was one of the leading cable and telecommunication companies in the United States. After seeking bankruptcy protection on June 25, 2002, ACC continued to provide cable internet and television services to consumers throughout the United States until the sale of substantially all of its assets on July 31, 2006. ACC's registered agent for service of process in Delaware is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

**ANSWER:**    Plaintiffs/Counter-Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 27 and accordingly deny the allegations of paragraph 27.

28.    Counter-defendant Century-TCI California Communications, LP is a partnership organized under the laws of the state of Delaware. Century-TCI California Communications, LP is an affiliate of ACC. On June 25, 2002, Century-TCI California Communications, LP filed a petition in bankruptcy under Chapter 11 in the United States Bankruptcy Court for the Southern District of New York. Century-TCI California Communications, LP's bankruptcy proceedings are jointly administered with *In re Adelphia Communications Corporation*, Case No. 02-41729 (REG). Century-TCI California Communications, LP's registered agent for service of process in Delaware is Comcast Capital Corporation, 1201 N. Market Street, Suite 1000, Wilmington, DE 19081.

**ANSWER:**    Plaintiffs/Counter-Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 28 and accordingly deny the allegations of paragraph 28.

29.    Counter-defendant Century-TCI Holdings, LLC is a corporation organized under the laws of the state of Delaware. Century-TCI Holdings, LLC is an affiliate of ACC. On June 25, 2002, Century-TCI California Communications, LP filed a petition in bankruptcy under Chapter 11 in the United States Bankruptcy Court for the Southern District of New York. Century-TCI Holdings, LLC's bankruptcy proceedings are jointly administered with *In re Adelphia Communications Corporation*, Case No. 02-41729 (REG). Century-TCI Holdings, LLC's registered agent for service of process in Delaware is Comcast Capital Corporation, 1201 N. Market Street, Suite 1000, Wilmington, DE 19801.

**ANSWER:**    Plaintiffs/Counter-Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 29 and accordingly deny the allegations of paragraph 29.

30.    Counter-defendant Comcast of Florida/Pennsylvania, L.P. (f/k/a Parnassos, LP) is a partnership organized under the laws of the state of Delaware. Parnassos, LP was or is an affiliate of ACC.  On June 25, 2002, Parnassos, LP filed a petition in bankruptcy under Chapter 11 in the United States Bankruptcy Court for the Southern District of New York.  Parnassos, LP's bankruptcy proceedings are jointly administered with *In re Adelphia Communications Corporation*, Case No. 02-41729 (REG).  Comcast of Florida/Pennsylvania, L.P.'s registered agent for service of process in Delaware is Comcast Capital Corporation, 1201 N. Market Street, Suite 1000, Wilmington, DE 19801.

**ANSWER:**    Plaintiffs/Counter-Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 30 and accordingly deny the allegations of paragraph 30.

31.    Counter-defendant Comcast of Pennsylvania II, L.P. (f/k/a Century-TCI California, L.P.), is a partnership organized under the laws of the state of Delaware. Century-TCI California, L.P. was or is an affiliate of ACC. On June 25, 2002, Century-TCI California, L.P. filed a petition in bankruptcy under Chapter 11 in the United States Bankruptcy Court for the Southern District of New York. Century-TCI California, LP's bankruptcy proceedings are jointly administered with *In re Adelphia Communications Corporation*, Case No. 02-41729 (REG). Comcast of Pennsylvania II, L.P.'s registered agent for service of process in Delaware is Comcast Capital Corporation, 1201 N. Market Street, Suite 1000, Wilmington, DE 19801.

**ANSWER:**    Plaintiffs/Counter-Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 31 and accordingly deny the allegations of paragraph 31.

32.    Counter-defendant Parnassos Communications, LP is a partnership organized under the laws of the state of Delaware. Parnassos Communications, LP is an affiliate of ACC. On June 25, 2002, Parnassos Communications, LP filed a petition in bankruptcy under Chapter 11 in the United States Bankruptcy Court for the Southern District of New York. Parnassos Communications, LP's bankruptcy proceedings are jointly administered with *In re Adelphia Communications Corporation*, Case No. 02-41729 (REG). Parnassos Communications, LP's registered agent for service of process in Delaware is Comcast Capital Corporation, 1201 N. Market Street, Suite 1000, Wilmington, DE 19801.

14

**ANSWER:**    Plaintiffs/Counter-Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 32 and accordingly deny the allegations of paragraph 32.

33.    Counter-defendant Adelphia Consolidation, LLC, into which Parnassos Distribution Company I, LLC, Parnassos Distribution Company II, LLC, and Century-TCI Distribution Company, LLC, were merged, is a limited liability company organized under the laws of the state of Delaware. Parnassos Distribution Company I, LLC, Parnassos Distribution Company, II, LLC, and Century-TCI Distribution Company, LLC were affiliates of ACC. On June 25, 2002, Century-TCI Distribution Company, LLC filed a petition in bankruptcy under Chapter 11 in the United States Bankruptcy Court for the Southern District of New York. On October 6, 2005, Parnassos Distribution Company I, LLC, and Parnassos Distribution Company, II, LLC filed petitions in bankruptcy under Chapter 11 in the United States Bankruptcy Court for the Southern District of New York. Parnassos Distribution Company I, LLC's, Parnassos Distribution Company II, LLC's, and Century-TCI Distribution Company, LLC's bankruptcy proceedings are jointly administered with *In re Adelphia Communications Corporation*, Case No. 02-41729 (REG). Adelphia Consolidation, LLC's registered agent for service of process in Delaware is Corporation service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

**ANSWER:**    Plaintiffs/Counter-Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 33 and accordingly deny the allegations of paragraph 33.

15

34.    Counter-defendant Parnassos Holdings, LLC, is a corporation organized under the laws of the state of Delaware. Parnassos Holdings, LLC is an affiliate of ACC. On June 25, 2002, Parnassos Holdings, LLC filed a petition in bankruptcy under Chapter 11 in the United States Bankruptcy Court for the Southern District of New York. Parnassos Holdings, LLC's bankruptcy proceedings are jointly administered with *In re Adelphia Communications Corporation*, Case No. 02-41729 (REG). Parnassos Holdings, LLC's registered agent for service of process in Delaware is Comcast Capital Corporation, 1201 N. Market Street, Suite 1000, Wilmington, DE 19801.

**ANSWER:**    Plaintiffs/Counter-Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 34 and accordingly deny the allegations of paragraph 34.

35.    Counter-defendant Western NY Cablevision, LP is a partnership organized under the laws of the state of Delaware. Western NY Cablevision, LP is an affiliate of ACC. On June 25, 2002, Western NY Cablevision, LP filed a petition in bankruptcy under Chapter 11 in the United States Bankruptcy Court for the Southern District of New York. Western NY Cablevision, LP's bankruptcy proceedings are jointly administered with *In re Adelphia Communications Corporation*, Case No. 02-41729 (REG). Western NY Cablevision, LP's registered agent for service of process in Delaware is Comcast Capital Corporation, 1201 N. Market Street, Suite 1000, Wilmington, DE 19801.

**ANSWER:**    Plaintiffs/Counter-Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 35 and accordingly deny the allegations of paragraph 35.

36.     Counter-defendants ACC, Comcast of Florida/Pennsylvania, L.P. (f/k/a Parnassos, LP), Comcast of Pennsylvania II, L.P. (f/k/a Century-TCI California, L.P.), Century-TCI California Communications, LP, Century-TCI Holdings, LLC, Parnassos Communications, LP, Adelphia Consolidation, LLC, Parnassos Holdings, LLC, and Western NY Cablevision, LP, are herein referred to as the "ACC-Affiliated Counter-Defendants." On September 13, 2006, Rembrandt commenced an adversary proceeding (the "Adversary Proceeding") against the ACC-Affiliated Counter-Defendants (or, in the case of Adelphia Consolidation, LLC, Rembrandt commenced an adversary proceeding against predecessor entities Parnassos Distribution Company I LLC, Parnassos Distribution Company II LLC, and Century-TCI Distribution Company LLC) and filed an administrative proof of claim (the "Proof of Claim") against the ACC-Affiliated Counter-Defendants (or their predecessor entities) in each case in the Bankruptcy Court for the Southern District of New York in which the ACC-Affiliated Counter-Defendants' (or their predecessor entities') Chapter 11 cases were pending. In asserting the causes of action against the ACC-Affiliated Counter-Defendants that are set forth in the Counterclaim, the Counterclaim Plaintiffs intend to assert, and do assert, the same causes of action that Rembrandt previously asserted against the ACC-Affiliated Counter-Defendants (or their predecessor entities) in the Adversary Proceeding that are subject to the Proof of Claim and seek the same recovery against the ACC-Affiliated Counter-Defendants' bankruptcy estates as was the subject of the Proof of Claim.

**ANSWER:**     Plaintiffs/Counter-Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 36 and accordingly deny the allegations of paragraph 36.

**JURISDICTION AND VENUE**

37.    This is an action for patent infringement, arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

**ANSWER:**    Plaintiffs/Counter-Defendants admit that the Counterclaim purports to recite an action arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

38.    Subject matter jurisdiction is proper in this court under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:**    Admitted with respect to Plaintiffs/Counter-Defendants' declaratory judgment claims against Rembrandt Technologies, LP.    Due to standing issues regarding the counterclaims, Plaintiffs/Counter-Defendants lack knowledge or information sufficient to admit or deny the truth of the remaining allegations contained in paragraph 38 and accordingly deny the remaining allegations of paragraph 38.

39.    This Court has personal jurisdiction over Plaintiffs/Counter-Defendants because they have submitted to the jurisdiction of this Court by filing the instant action; in addition, the Court has personal jurisdiction over Plaintiffs/Counter-Defendants because they have committed acts of patent infringement in this judicial district, are Delaware entities, and/or have other sufficient contacts with Delaware.

**ANSWER:**    Plaintiffs/Counter-Defendants admit that this Court has personal jurisdiction over the Plaintiffs/Counter-Defendants in this specific case because they have submitted to the jurisdiction of this Court over this patent dispute by filing the instant action. Plaintiffs/Counter-Defendants deny the remaining allegations contained in paragraph 39.

18

40.     This Court has personal jurisdiction over MSO Counter-Defendants because they either have previously availed themselves of the Court's jurisdiction, are Delaware entities, have property, offices, or personnel in Delaware, have committed acts of patent infringement in this judicial district, regularly transact business in Delaware, and/or have other sufficient contacts with Delaware.

**ANSWER:**     Plaintiffs/Counter-Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 40 and accordingly deny the allegations of paragraph 40.

41.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), and 1400(b).

**ANSWER:**     Admitted.

## COUNT I - INFRINGEMENT OF U.S. PATENT NO. 4,937,819

42.     Rembrandt realleges and incorporates herein by reference the allegations stated in paragraphs 1-41 of this Counterclaim.

**ANSWER:**     Plaintiffs/Counter-Defendants incorporate the answers provided to paragraphs 1-41 as though fully stated herein.

43.     Rembrandt is the owner of all right, title, and interest, including the right to sue, enforce, and recover damages for all infringements, of U.S. Patent No. 4,937,819, entitled "Time Orthogonal Multiple Virtual DCE Device for Use in Analog and Digital Networks" (the "'819 patent") (Exhibit A to Plaintiff/Counter-Defendants' Complaint).

19

**ANSWER:**    Plaintiffs/Counter-Defendants admit that on its face, the '819 patent is entitled "Time Orthogonal Multiple Virtual DCE for Use in Analog and Digital Networks" and was attached as Exhibit A to Plaintiff/Counter-Defendants' Complaint.    Plaintiffs/Counter-Defendants lack knowledge or information sufficient to deny or admit the remaining allegations contained in paragraph 43 and accordingly deny the remaining allegations of paragraph 43.

44.    The '819 patent was duly and legally issued by the United States Patent and Trademark Office on June 26, 1990.

**ANSWER:**    Plaintiffs/Counter-Defendants admit that on its face the '819 patent recites an issuance date of June 26, 1990.  Plaintiffs/Counter-Defendants deny the remaining allegations of paragraph 44.

45.    Plaintiffs/Counter-Defendants are manufacturers of cable equipment, which equipment is sold to MSOs, including MSO Counter-Defendants, which, in turn, sell and/or lease some of that equipment and, additionally, use such equipment, throughout the United States in the operation of their cable networks.

**ANSWER:**    Plaintiffs/Counter-Defendants    admit    that    Plaintiff/Counter-Defendants manufacture and/or sell cable equipment to multiple system operators ("MSOs"), including MSO Counter-Defendants, and that such equipment may be used in the MSO Counter-Defendants' cable systems.  Plaintiffs/Counter-Defendants lack knowledge or information sufficient to admit or deny the truth of the remaining allegations contained in paragraph 45 and accordingly deny the remaining allegations of paragraph 45.

46.    Upon information and belief, Plaintiffs/Counter-Defendants have indirectly infringed, and are continuing to indirectly infringe, the '819 patent by practicing or causing others to practice (by inducement and/or contributorily) the inventions claimed in the '819 patent, in this district or otherwise within the United States. For example, upon information and belief, Plaintiffs/Counter-Defendants have indirectly infringed and continue to indirectly infringe the '819 patent by their manufacture and sale of cable equipment to cable MSOs for inclusion into the MSOs' cable networks for the specific provision of high speed internet, cable broadband, and/or other services.

**ANSWER:**    Denied.

47.    Upon information and belief, MSO Counter-Defendants, excepting ACC-Affiliated Counter-Defendants, have directly infringed, and are continuing to directly infringe, the '819 patent by practicing the inventions claimed in the '819 patent, in this district or otherwise within the United States. For example, upon information and belief, MSO Counter-Defendants, excepting ACC-Affiliated Counter-Defendants, have directly infringed and continue to directly infringe the '819 patent by including Plaintiff/Counter-Defendants' cable equipment in MSO Counter-Defendant's cable networks for the specific provision of high speed internet, cable broadband, and/or other services.

**ANSWER:**    Denied.

48.    Upon information and belief, Plaintiffs/Counter-Defendants and MSO Counter-Defendants, excepting ACC-Affiliated Counter-Defendants, will continue to infringe the '819 patent unless enjoined by this Court. Upon information and belief, such infringement has been,

and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

**ANSWER:**    Denied.

### COUNT II - INFRINGEMENT OF U.S. PATENT NO. 5,008,903

49.    Rembrandt realleges and incorporates herein by reference the allegations stated in paragraphs 1-48 of this Counterclaim.

**ANSWER:**    Plaintiffs/Counter-Defendants incorporate the answers provided to paragraphs 1-48 as though fully stated herein.

50.    Rembrandt is the owner of all right, title, and interest, including the right to sue, enforce, and recover damages for all infringements, of U.S. Patent No. 5,008,903, entitled "Adaptive Transmit Pre-Emphasis for Digital Modem Computed from Noise Spectrum" (the "'903 patent") (Exhibit B to Plaintiff/Counter-Defendants' Complaint).

**ANSWER:**    Plaintiffs/Counter-Defendants admit that on its face, the '903 patent is entitled "Adaptive Transmit Pre-Emphasis for Digital Modem Computed from Noise Spectrum" and was attached as Exhibit B to Plaintiff/Counter-Defendants' Complaint.    Plaintiffs/Counter-Defendants lack knowledge or information sufficient to deny or admit the remaining allegations contained in paragraph 50 and accordingly deny the remaining allegations of paragraph 50.

51.    The '903 patent was duly and legally issued by the United States Patent and Trademark Office on April 16, 1991.

**ANSWER:**    Plaintiffs/Counter-Defendants admit that on its face the '903 patent recites an issuance date of April 16, 1991. Plaintiffs/Counter-Defendants deny the remaining allegations of paragraph 51.

52.    Plaintiffs/Counter-Defendants are manufacturers of cable equipment, which equipment is sold to MSOs, including MSO Counter-Defendants, which, in turn, sell and/or lease some of that equipment and, additionally, use such equipment, throughout the United States in the operation of their cable networks.

**ANSWER:**    Plaintiffs/Counter-Defendants    admit    that    Plaintiff/Counter-Defendants manufacture and/or sell cable equipment to multiple system operators ("MSOs"), including MSO Counter-Defendants, and that such equipment may be used in the MSO Counter-Defendants' cable systems. Plaintiffs/Counter-Defendants lack knowledge or information sufficient to admit or deny the truth of the remaining allegations contained in paragraph 52 and accordingly deny the remaining allegations of paragraph 52.

53.    Upon information and belief, Plaintiffs/Counter-Defendants have indirectly infringed, and are continuing to indirectly infringe, the '903 patent by practicing or causing others to practice (by inducement and/or contributorily) the inventions claimed in the '903 patent, in this district or otherwise within the United States. For example, upon information and belief, Plaintiffs/Counter-Defendants have infringed and continue to infringe the '903 patent by their manufacture and sale of cable equipment to cable MSOs for inclusion into the MSOs' cable networks for the specific provision of high speed internet, cable broadband, and/or other services.

**ANSWER:**    Denied.

23

54.    Upon information and belief, MSO Counter-Defendants, excepting ACC-Affiliated Counter-Defendants, have directly infringed, and are continuing to directly infringe, the '903 patent by practicing the inventions claimed in the '903 patent, in this district or otherwise within the United States. For example, upon information and belief, MSO Counter-Defendants, excepting ACC-Affiliated Counter-Defendants, have directly infringed and continue to directly infringe the '903 patent by including Plaintiff/Counter-Defendants' cable equipment in MSO Counter-Defendant cable networks for the specific provision of high speed internet, cable broadband, and/or other services.

**ANSWER:**    Denied.

55.    Upon information and belief, Plaintiffs/Counter-Defendants and MSO Counter-Defendants, excepting ACC-Affiliated Counter-Defendants, will continue to infringe the '903 patent unless enjoined by this Court. Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

**ANSWER:**    Denied.

### COUNT III - INFRINGEMENT OF U.S. PATENT NO. 5,710,761

56.    Rembrandt and Remstream reallege and incorporate herein by reference the allegations stated in paragraphs 1-55 of this Counterclaim.

**ANSWER:**    Plaintiffs/Counter-Defendants incorporate the answers provided to paragraphs 1-55 as though fully stated herein.

57.    Rembrandt is the owner, and Remstream is the exclusive licensee, of U.S. Patent No. 5,710,761, entitled "Error Control Negotiation Based on Modulation" (the "'761 patent") (Exhibit C to Plaintiff/Counter-Defendants' Complaint).

**ANSWER:**    Plaintiffs/Counter-Defendants admit that on its face, the '761 patent is entitled "Error Control Negotiation Based on Modulation" and was attached as Exhibit C to Plaintiff/Counter-Defendants' Complaint.    Plaintiffs/Counter-Defendants lack knowledge or information sufficient to deny or admit the remaining allegations contained in paragraph 57 and accordingly deny the remaining allegations of paragraph 57.

58.    The '761 patent was duly and legally issued by the United States Patent and Trademark Office on January 20, 1998.

**ANSWER:**    Plaintiffs/Counter-Defendants admit that on its face the '761 patent recites an issuance date of January 20, 1998.  Plaintiffs/Counter-Defendants deny the remaining allegations of paragraph 58.

59.    Plaintiffs/Counter-Defendants are manufacturers of cable equipment, which equipment is sold to MSOs, including MSO Counter-Defendants, which, in turn, sell and/or lease some of that equipment throughout the United States.

**ANSWER:**    Plaintiffs/Counter-Defendants    admit    that    Plaintiff/Counter-Defendants manufacture and/or sell cable equipment to multiple system operators ("MSOs"), including MSO Counter-Defendants, and that such equipment may be used in the MSO Counter-Defendants' cable systems.  Plaintiffs/Counter-Defendants lack knowledge or information sufficient to admit

or deny the truth of the remaining allegations contained in paragraph 59 and accordingly deny the remaining allegations of paragraph 59.

60.    Plaintiffs/Counter-Defendants have directly and indirectly infringed, and are continuing to directly and indirectly infringe, the '761 patent by practicing or causing others to practice (by inducement and/or contributorily) the inventions claimed in the '761 patent, in this district or otherwise within the United States.

**ANSWER:**    Denied.

61.    Upon information and belief, MSO Counter-Defendants have directly infringed, and/or are continuing to directly infringe, the '761 patent by practicing the inventions claimed in the '761 patent, in this district or otherwise within the United States.

**ANSWER:**    Denied.

62.    Upon information and belief, Plaintiffs/Counter-Defendants and MSO Counter-Defendants (excepting ACC-Affiliated Counter-Defendants) will continue to infringe the '761 patent unless enjoined by this Court.

**ANSWER:**    Denied.

63.    Upon information and belief, the infringement by Plaintiffs/Counter-Defendants and MSO Counter-Defendants has been, and/or will continue to be, willful, making this an exceptional case and entitling Counter-Plaintiffs to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

**ANSWER:**    Denied.

## COUNT IV - INFRINGEMENT OF U.S. PATENT NO. 5,719,858

64.     Rembrandt realleges and incorporates herein by reference the allegations stated in paragraphs 1-63 of this Counterclaim.

**ANSWER:**     Plaintiffs/Counter-Defendants incorporate the answers provided to paragraphs 1-63 as though fully stated herein.

65.     Rembrandt is the owner of all right, title, and interest, including the right to sue, enforce, and recover damages for all infringements, of U.S. Patent No. 5,719,858, entitled "Time-Division Multiple-Access Method for Packet Transmission on Shared Synchronous Serial Buses" (the "'858 patent") (Exhibit D to Plaintiff/Counter-Defendants' Complaint).

**ANSWER:**     Plaintiffs/Counter-Defendants admit that on its face, the '858 patent is entitled "Time-Division Multiple-Access Method for Packet Transmission on Shared Synchronous Serial Buses" and was attached as Exhibit D to Plaintiff/Counter-Defendants' Complaint. Plaintiffs/Counter-Defendants lack knowledge or information sufficient to deny or admit the remaining allegations contained in paragraph 65 and accordingly deny the remaining allegations of paragraph 65.

66.     The '858 patent was duly and legally issued by the United States Patent and Trademark Office on February 17, 1998.

**ANSWER:**     Plaintiffs/Counter-Defendants admit that on its face the '858 patent recites an issuance date of February 17, 1998.   Plaintiffs/Counter-Defendants deny the remaining allegations of paragraph 66.

27

67.     Plaintiffs/Counter-Defendants are manufacturers of cable equipment, which equipment is sold to MSOs, including MSO Counter-Defendants, which, in turn, sell and/or lease some of that equipment and, additionally, use such equipment, throughout the United States in the operation of their cable networks.

**ANSWER:**   Plaintiffs/Counter-Defendants     admit     that     Plaintiff/Counter-Defendants manufacture and/or sell cable equipment to multiple system operators ("MSOs"), including MSO Counter-Defendants, and that such equipment may be used in the MSO Counter-Defendants' cable systems.  Plaintiffs/Counter-Defendants lack knowledge or information sufficient to admit or deny the truth of the remaining allegations contained in paragraph 67 and accordingly deny the remaining allegations of paragraph 67.

68.     On information and belief, Plaintiffs/Counter-Defendants have indirectly infringed, and are continuing to indirectly infringe, the '858 patent by practicing or causing others to practice (by inducement and/or contributorily) the inventions claimed in the '858 patent, in this district or otherwise within the United States.  For example, upon information and belief, Plaintiffs/Counter-Defendants have infringed and continue to infringe the '858 patent by their manufacture and sale of cable equipment to MSOs for inclusion into the MSOs' cable networks for the specific provision of high speed internet, cable broadband, and/or other services.

**ANSWER:**   Denied.

69.     Upon information and belief, MSO Counter-Defendants, excepting ACC-Affiliated Counter-Defendants, have directly infringed, and are continuing to directly infringe, the '858 patent by practicing the inventions claimed in the '858 patent, in this district or

28

otherwise within the United States. For example, upon information and belief, MSO Counter-Defendants, excepting ACC-Affiliated Counter-Defendants, have directly infringed and continue to directly infringe the '858 patent by including Plaintiff/Counter-Defendants' cable equipment in MSO Counter-Defendant's cable networks for the specific provision of high speed internet, cable broadband, and/or other services.

**ANSWER:**    Denied.

70.    Upon information and belief, Plaintiffs/Counter-Defendants and MSO Counter-Defendants, excepting ACC-Affiliated Counter-Defendants, will continue to infringe the '858 patent unless enjoined by this Court. Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

**ANSWER:**    Denied.

### COUNT V - INFRINGEMENT OF U.S. PATENT NO. 5,778,234

71.    Rembrandt and Remstream reallege and incorporate herein by reference the allegations stated in paragraphs 1-70 of this Counterclaim.

**ANSWER:**    Plaintiffs/Counter-Defendants incorporate the answers provided to paragraphs 1-70 as though fully stated herein.

72.    Rembrandt is the owner, and Remstream is the exclusive licensee, of U.S. Patent No. 5,778,234, entitled "Method for Downloading Programs" (the "'234 patent") (Exhibit E to Plaintiff/Counter-Defendants' Complaint).

**ANSWER:**    Plaintiffs/Counter-Defendants admit that on its face, the '234 patent is entitled "Method for Downloading Programs" and was attached as Exhibit E to Plaintiff/Counter-Defendants' Complaint. Plaintiffs/Counter-Defendants lack knowledge or information sufficient to deny or admit the remaining allegations contained in paragraph 72 and accordingly deny the remaining allegations of paragraph 72.

73.    The '234 patent was duly and legally issued by the United States Patent and Trademark Office on July 7, 1998.

**ANSWER:**    Plaintiffs/Counter-Defendants admit that on its face the '234 patent recites an issuance date of July 7, 1998. Plaintiffs/Counter-Defendants deny the remaining allegations of paragraph 73.

74.    Plaintiffs/Counter-Defendants are manufacturers of cable equipment, which equipment is sold to MSOs, including MSO Counter-Defendants, which, in turn, sell and/or lease some of that equipment throughout the United States.

**ANSWER:**    Plaintiffs/Counter-Defendants    admit    that    Plaintiff/Counter-Defendants manufacture and/or sell cable equipment to multiple system operators ("MSOs"), including MSO Counter-Defendants, and that such equipment may be used in the MSO Counter-Defendants' cable systems. Plaintiffs/Counter-Defendants lack knowledge or information sufficient to admit or deny the truth of the remaining allegations contained in paragraph 74 and accordingly deny the remaining allegations of paragraph 74.

75.    Plaintiffs/Counter-Defendants have directly and indirectly infringed, and are continuing to directly and indirectly infringe, the '234 patent by practicing or causing others to

practice (by inducement and/or contributorily) the inventions claimed in the '234 patent, in this district or otherwise within the United States.

**ANSWER:**    Denied.

76.    Upon information and belief, MSO Counter-Defendants have directly infringed, and/or are continuing to directly infringe, the '234 patent by practicing the inventions claimed in the '234 patent, in this district or otherwise within the United States.

**ANSWER:**    Denied.

77.    Upon information and belief, Plaintiffs/Counter-Defendants and MSO Counter-Defendants (excepting ACC-Affiliated Counter-Defendants) will continue to infringe the '234 patent unless enjoined by this Court.

**ANSWER:**    Denied.

78.    Upon information and belief, the infringement by Plaintiffs/Counter-Defendants and MSO Counter-Defendants has been, and/or will continue to be, willful, making this an exceptional case and entitling Counter-Plaintiffs to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

**ANSWER:**    Denied.

## COUNT VI - INFRINGEMENT OF U.S. PATENT NO. 5,852,631

79.    Rembrandt realleges and incorporates herein by reference the allegations stated in paragraphs 1-78 of this Counterclaim.

**ANSWER:**    Plaintiffs/Counter-Defendants incorporate the answers provided to paragraphs 1-78 as though fully stated herein.

80.    Rembrandt is the owner of all right, title, and interest, including the right to sue, enforce, and recover damages for all infringements, of U.S. Patent No. 5,852,631, entitled "System and Method for Establishing Link Layer Parameters Based on Physical Layer Modulation" (the "'631 patent") (Exhibit F to Plaintiff/Counter-Defendants' Complaint).

**ANSWER:**    Plaintiffs/Counter-Defendants admit that on its face, the '631 patent is entitled "System and Method for Establishing Link Layer Parameters Based on Physical Layer Modulation" and was attached as Exhibit F to Plaintiff/Counter-Defendants' Complaint. Plaintiffs/Counter-Defendants lack knowledge or information sufficient to deny or admit the remaining allegations contained in paragraph 80 and accordingly deny the remaining allegations of paragraph 80.

81.    The '631 patent was duly and legally issued by the United States Patent and Trademark Office on December 22, 1998.

**ANSWER:**    Plaintiffs/Counter-Defendants admit that on its face the '631 patent recites an issuance date of December 22, 1998.    Plaintiffs/Counter-Defendants deny the remaining allegations of paragraph 81.

82.    Plaintiffs/Counter-Defendants are manufacturers of cable equipment, which equipment is sold to MSOs, including MSO Counter-Defendants, which, in turn, sell and/or lease some of that equipment and, additionally, use such equipment, throughout the United States in the operation of their cable networks.

32

**ANSWER:**   Plaintiffs/Counter-Defendants   admit   that   Plaintiff/Counter-Defendants manufacture and/or sell cable equipment to multiple system operators ("MSOs"), including MSO Counter-Defendants, and that such equipment may be used in the MSO Counter-Defendants' cable systems.  Plaintiffs/Counter-Defendants lack knowledge or information sufficient to admit or deny the truth of the remaining allegations contained in paragraph 82 and accordingly deny the remaining allegations of paragraph 82.

83.   On information and belief, Plaintiffs/Counter-Defendants have indirectly infringed, and are continuing to indirectly infringe, the '631 patent by practicing or causing others to practice (by inducement and/or contributorily) the inventions claimed in the '631 patent, in this district or otherwise within the United States.  For example, on information and belief, Plaintiffs/Counter-Defendants have infringed and continue to infringe the '631 patent by their manufacture and sale of cable equipment to MSOs for inclusion into the MSOs' cable networks for the specific provision of high speed internet, cable broadband, and/or other services.

**ANSWER:**   Denied.

84.   Upon information and belief, MSO Counter-Defendants, excepting ACC-Affiliated Counter-Defendants, have directly infringed, and are continuing to directly infringe, the '631 patent by practicing the inventions claimed in the '631 patent, in this district or otherwise within the United States.  For example, upon information and belief, MSO Counter-Defendants, excepting ACC-Affiliated Counter-Defendants, have directly infringed and continue to directly infringe the '631 patent by including Plaintiff/Counter-Defendants' cable equipment

33

in MSO Counter-Defendants' cable networks for the specific provision of high speed internet, cable broadband, and/or other services.

**ANSWER:**    Denied.

85.    Upon information and belief, Plaintiffs/Counter-Defendants and MSO Counter-Defendants, excepting ACC-Affiliated Counter-Defendants, will continue to infringe the '631 patent unless enjoined by this Court. Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Counter-Plaintiffs to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

**ANSWER:**    Denied.

### COUNT VII - INFRINGEMENT OF U.S. PATENT NO. 6,131,159

86.    Rembrandt and Remstream reallege and incorporate herein by reference the allegations stated in paragraphs 1-85 of this Counterclaim.

**ANSWER:**    Plaintiffs/Counter-Defendants incorporate the answers provided to paragraphs 1-85 as though fully stated herein.

87.    Rembrandt is the owner, and Remstream is the exclusive licensee, of U.S. Patent No. 6,131,159, entitled "System for Downloading Programs" (the "'159 patent") (Exhibit G to Plaintiff/Counter-Defendants' Complaint).

**ANSWER:**    Plaintiffs/Counter-Defendants admit that on its face, the '159 patent is entitled "System for Downloading Programs" and was attached as Exhibit G to Plaintiff/Counter-Defendants' Complaint. Plaintiffs/Counter-Defendants lack knowledge or information sufficient

34

to deny or admit the remaining allegations contained in paragraph 87 and accordingly deny the remaining allegations of paragraph 87.

88.    The '159 patent was duly and legally issued by the United States Patent and Trademark Office on October 10, 2000.

**ANSWER:**    Plaintiffs/Counter-Defendants admit that on its face the '159 patent recites an issuance date of October 10, 2000. Plaintiffs/Counter-Defendants deny the remaining allegations of paragraph 88.

89.    Plaintiffs/Counter-Defendants are manufacturers of cable equipment, which equipment is sold to MSOs, including MSO Counter-Defendants, which, in turn, sell and/or lease some of that equipment throughout the United States.

**ANSWER:**    Plaintiffs/Counter-Defendants    admit    that    Plaintiff/Counter-Defendants manufacture and/or sell cable equipment to multiple system operators ("MSOs"), including MSO Counter-Defendants, and that such equipment may be used in the MSO Counter-Defendants' cable systems. Plaintiffs/Counter-Defendants lack knowledge or information sufficient to admit or deny the truth of the remaining allegations contained in paragraph 89 and accordingly deny the remaining allegations of paragraph 89.

90.    Plaintiffs/Counter-Defendants have directly and indirectly infringed, and are continuing to directly and indirectly infringe, the '159 patent by practicing or causing others to practice (by inducement and/or contributorily) the inventions claimed in the '159 patent, in this district or otherwise within the United States.

**ANSWER:**    Denied.

91.     Upon information and belief, MSO Counter-Defendants have directly infringed, and/or are continuing to directly infringe, the '159 patent by practicing the inventions claimed in the '159 patent, in this district or otherwise within the United States.

**ANSWER:**     Denied.

92.     Upon information and belief, Plaintiffs/Counter-Defendants and MSO Counter-Defendants (excepting ACC-Affiliated Counter-Defendants) will continue to infringe the '159 patent unless enjoined by this Court.

**ANSWER:**     Denied.

93.     Upon information and belief, the infringement by Plaintiffs/Counter-Defendants and MSO Counter-Defendants has been, and/or will continue to be, willful, making this an exceptional case and entitling Counter-Plaintiffs to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

**ANSWER:**     Denied.

## COUNT VIII - INFRINGEMENT OF U.S. PATENT NO. 6,950,444

94.     Rembrandt and Remstream reallege and incorporate herein by reference the allegations stated in paragraphs 1-93 of this Counterclaim.

**ANSWER:**     Plaintiffs/Counter-Defendants incorporate the answers provided to paragraphs 1-93 as though fully stated herein.

95.     Rembrandt is the owner, and Remstream is the exclusive licensee, of U.S. Patent No. 6,950,444, entitled "System and Method for a Robust Preamble and Transmission

Delimiting in a Switched-Carrier Transceiver (the "'444 patent") (Exhibit H to Plaintiff/Counter-Defendants' Complaint).

**ANSWER:**  Plaintiffs/Counter-Defendants admit that on its face, the '444 patent is entitled "System and Method for a Robust Preamble and Transmission Delimiting in a Switched-Carrier Transceiver" and was attached as Exhibit H to Plaintiff/Counter-Defendants' Complaint. Plaintiffs/Counter-Defendants lack knowledge or information sufficient to deny or admit the remaining allegations contained in paragraph 95 and accordingly deny the remaining allegations of paragraph 95.

96.     The '444 patent was duly and legally issued by the United States Patent and Trademark Office on September 27, 2005.

**ANSWER:**  Plaintiffs/Counter-Defendants admit that on its face the '444 patent recites an issuance date of September 27, 2005.   Plaintiffs/Counter-Defendants deny the remaining allegations of paragraph 96.

97.     Plaintiffs/Counter-Defendants are manufacturers of cable equipment, which equipment is sold to MSOs, including MSO Counter-Defendants, which, in turn, sell and/or lease some of that equipment throughout the United States.

**ANSWER:**  Plaintiffs/Counter-Defendants    admit    that    Plaintiff/Counter-Defendants manufacture and/or sell cable equipment to multiple system operators ("MSOs"), including MSO Counter-Defendants, and that such equipment may be used in the MSO Counter-Defendants' cable systems.  Plaintiffs/Counter-Defendants lack knowledge or information sufficient to admit

or deny the truth of the remaining allegations contained in paragraph 97 and accordingly deny the remaining allegations of paragraph 97.

98.    Plaintiffs/Counter-Defendants have directly and indirectly infringed, and are continuing to directly and indirectly infringe, the '444 patent by practicing or causing others to practice (by inducement and/or contributorily) the inventions claimed in the '444 patent, in this district or otherwise within the United States.

**ANSWER:**    Denied.

99.    Upon information and belief, MSO Counter-Defendants have directly infringed, and/or are continuing to directly infringe, the '444 patent by practicing the inventions claimed in the '444 patent, in this district or otherwise within the United States.

**ANSWER:**    Denied.

100.    Upon information and belief, Plaintiffs/Counter-Defendants and MSO Counter-Defendants (excepting ACC-Affiliated Counter-Defendants) will continue to infringe the '444 patent unless enjoined by this Court.

**ANSWER:**    Denied.

101.    Upon information and belief, the infringement by Plaintiffs/Counter-Defendants and MSO Counter-Defendants the infringement has been, and/or will continue to be, willful, making this an exceptional case and entitling Counter-Plaintiffs to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

**ANSWER:**    Denied.

38

## PRAYER FOR RELIEF

WHEREFORE, Rembrandt and Remstream pray that they have judgment against Plaintiffs/Counter-Defendants and MSO Counter-Defendants for the following:

1.    A judgment that Plaintiffs/Counter-Defendants and MSO Counter-Defendants have infringed the patents-in-suit as alleged in the Counterclaim;

2.    A permanent injunction enjoining and restraining Plaintiffs/Counter-Defendants, MSO Counter-Defendants (excepting ACC-Affiliated Counter-Defendants), and their agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with them, from making, using, testing, offering to sell, selling, leasing, and importing into the United States any product, or using, offering to sell, offering to lease, selling, or leasing any service, that falls within the scope of any claim of a patent-in-suit asserted against a party.

3.    An award of damages, and pre-judgment and post-judgment interest;

4.    An award of increased damages pursuant to 35 U.S.C. § 284;

5.    A judgment that this case is exceptional under 35 U.S.C. § 285 and requiring Plaintiffs/Counter-Defendants and/or MSO Counter-Defendants to pay the costs of this action, including all disbursements and attorneys' fees; and

6.    Such other and further relief, at law or in equity, to which counter-plaintiffs Rembrandt and/or Remstream are justly entitled.

**RESPONSE TO PRAYER FOR RELIEF:**    Plaintiffs/Counter-Defendants    deny    that Counter-Plaintiffs are entitled to any relief in these Counterclaims against Plaintiffs/Counter-Defendants and specifically request that:

1.    judgment be entered for Plaintiffs/Counter-Defendants that they do not infringe U.S. Patent Nos. 4,937,819; 5,008,903; 5,710,761; 5,719,858; 5,778,234; 5,852,631; 6,131,159; and 6,950,444; and that those patents are invalid;

2.    no injunctive relief issue to Counter-Plaintiffs against Plaintiffs/Counter-Defendants;

3.    no damages be awarded to Counter-Plaintiffs against Plaintiffs/Counter-Defendants;

4.    no costs, expenses, nor attorney fees be awarded to Counter-Plaintiffs against Plaintiffs/Counter-Defendants; and

5.    costs, expenses and attorney fees be awarded to Plaintiffs/Counter-Defendants for their defense of this case.

## AFFIRMATIVE AND OTHER DEFENSES

For the asserted and other affirmative defenses, Plaintiffs/Counter-Defendants do not assume the burden of proof where such burden is not legally upon Plaintiffs/Counter-Defendants. Plaintiffs/Counter-Defendants assert the following affirmative and other defenses and reserve the right to amend their answer to assert any other basis for invalidity, unenforceability, or any other defense:

## FIRST DEFENSE: NON-INFRINGEMENT

Plaintiffs/Counter-Defendants do not infringe and have not infringed, either directly, indirectly, contributorily, or by inducement any claim of the '819, '903, '761, '858, '234, '631,

40

'159, or '444 patents, either literally or under the doctrine of equivalents, willfully or otherwise. Counter-Plaintiffs have also failed to identify which, if any, of Plaintiffs/Counter-Defendants' products are alleged to infringe any valid claim of the patents-at-issue either literally or under the doctrine of equivalents.

## SECOND DEFENSE: INVALIDITY

The '819, '903, '761, '858, '234, '631, '159, and '444 patents are invalid for failure to comply with the requirements of Title 35, United States Code, including, but not limited to, sections 101, 102, 103, and/or 112.

## THIRD DEFENSE: LACHES

Counter-Plaintiffs' claims for relief are barred in whole or in part by the equitable doctrine of laches.

## FOURTH DEFENSE: ESTOPPEL

Counter-Plaintiffs' claims for relief are barred in whole or in part by the equitable doctrines of waiver and/or estoppel.

## FIFTH DEFENSE: PROSECUTION HISTORY ESTOPPEL

Counter-Plaintiffs' claims for relief are barred in whole or in part by the equitable doctrine of prosecution history estoppel, and any disclosed but unclaimed embodiments are dedicated to the public.

## SIXTH DEFENSE: COUNTER-PLAINTIFFS NOT ENTITLED TO DAMAGES

Counter-Plaintiffs are not entitled to alleged damages due to their failure to plead and, on information and belief, their inability to prove compliance with 35 U.S.C. § 287 provisions of patent marking and pre-suit notice.   Additionally, the limitations period further bars past damages claims.

## SEVENTH DEFENSE: COUNTER-PLAINTIFF REMSTREAM LACKS STANDING

Counter-Plaintiff Remstream lacks standing to bring the instant counterclaims.  Counter-Plaintiff Rembrandt has failed to allege that all substantial rights, including the right to enforce the patents, have been granted to Remstream. *See Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372, 1379-80 (Fed. Cir. 2000) ("In evaluating whether a particular license agreement transfers all substantial rights in a patent to the licensee, we pay particular attention to whether the agreement conveys *in full* the right to exclude others from making, using and selling the patented invention in the exclusive territory." (emphasis in original)).

## EIGHTH DEFENSE: PATENT EXHAUSTION

Counter-Plaintiffs' claims for relief are barred in whole or in part by express or implied license and/or the doctrine of patent exhaustion.

## NINTH DEFENSE: NO INJUNCTIVE RELIEF

Counter-Plaintiffs are not entitled to any injunctive relief because any alleged injury to Counter-Plaintiffs is not immediate or irreparable, and Counter-Plaintiffs have an adequate remedy at law for any alleged injury.

## TENTH DEFENSE: FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Counter-Plaintiffs have failed to state a claim upon which relief may be granted.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
1000 West Street
Wilmington, DE 19801
(302) 571-6600
jshaw@ycst.com

*Liaison Counsel and Attorneys for Plaintiffs/Counter-Defendants Cisco Systems, Inc., Scientific-Atlanta, Inc., ARRIS Group, Inc., Thomson, Inc., Ambit Microsystems, Inc., and NETGEAR, Inc.*

Of Counsel:

John Desmarais
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

Eric Lamison
Benjamin Ostapuk
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104

Russell E. Levine, P.C.
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601

*Attorneys for Plaintiffs/Counter-Defendants*

Date:   February 05, 2008

## CERTIFICATE OF SERVICE

I, John W. Shaw, Esquire, hereby certify that on February 5, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Collins J. Seitz, Jr., Esquire
Francis DiGiovanni, Esquire
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building – 8th Floor
1007 N. Orange Street
Wilmington, DE 19801
cseitz@cblh.com
fdigiovanni@cblh.com

Jack B. Blumenfeld, Esquire
Morris Nichols Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
jblumenfeld@mnat.com

I further certify that on February 5, 2008, I caused a copy of the foregoing document to be served by e-mail and hand delivery on the above-listed counsel of record and on the following in the manner indicated:

### BY E-MAIL

David S. Benyacar, Esquire
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022
dbenyacar@kayescholer.com

### BY E-MAIL

Matthew D. Powers, Esquire
Edward R. Reines, Esquire
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
matthew.powers@weil.com
edward.reines@weil.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
*jshaw@ycst.com*