# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: REMBRANDT TECHNOLOGIES, LP PATENT LITIGATION | MDL Docket No. 07-md-1848 (GMS) |
| MOTOROLA, INC., CISCO SYSTEMS, INC., SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, INC., THOMSON, INC., AMBIT MICROSYSTEMS, INC., and NETGEAR, INC.,<br><br>                    Plaintiffs,<br><br>          v.<br><br>REMBRANDT TECHNOLOGIES, LP,<br><br>                    Defendant. | C.A. No. 07-752-GMS |
| REMBRANDT TECHNOLOGIES, LP, and REMBRANDT TECHNOLOGES, LLC d/b/a REMSTREAM,<br><br>                    Counter-Plaintiffs,<br><br>          v.<br><br>MOTOROLA, INC., CISCO SYSTEMS, INC., SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, INC., THOMSON, INC., AMBIT MICROSYSTEMS, INC., NETGEAR, INC., TIME WARNER CABLE, INC., TIME WARNER CABLE LLC, TIME WARNER NEW YORK CABLE LLC, TIME WARNER ENTERTAINMENT COMPANY, LP, COMCAST CORPORATION, COMCAST CABLE COMMUNICATIONS, LLC, CHARTER COMMUNICATIONS OPERATING, LLC, COXCOM, INC., COX COMMUNICATIONS, INC., COX ENTERPRISES, INC., CSC HOLDINGS, INC., CABLEVISION SYSTEMS CORPORATION, ADELPHIA COMMUNICATIONS CORPORATION, CENTURY-TCI CALIFORNIA COMMUNICATIONS, LP, CENTURY-TCI HOLDINGS, LLC, COMCAST OF | C.A. No. 07-752-GMS |

FLORIDA/PENNSYLVANIA, L.P. (f/k/a
PARNASSOS, LP), COMCAST OF
PENNSYLVANIA II, L.P. (f/k/a CENTURY-TCI
CALIFORNIA, L.P.), PARNASSOS
COMMUNICATIONS, LP, ADELPHIA
CONSOLIDATION, LLC, PARNASSOS
HOLDINGS, LLC and WESTERN NY
CABLEVISION, LP,

                    Counter-Defendants.

### REPLY OF COXCOM, INC. TO COUNTERCLAIMS OF REMBRANDT TECHNOLOGIES, LP AND REMBRANDT TECHNOLOGIES, LLC, d/b/a REMSTREAM, AND COUNTER-COUNTERCLAIMS OF COXCOM, INC.

Counter-Defendant CoxCom, Inc. ("Cox") replies to the Counterclaims of Counter-Plaintiffs Rembrandt Technologies, LP ("Rembrandt") and Rembrandt Technologies, LLC, d/b/a Remstream ("Remstream") as follows:

Except as expressly admitted herein, Cox denies each and every allegation in the Counterclaims of Rembrandt and Remstream.

### THE PARTIES

1.      Cox admits the allegations in this paragraph on information and belief.

2.      Cox lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies those allegations.

3.      Cox lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies those allegations.

4.      Cox lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies those allegations.

5.      Cox lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies those allegations.

6.      Cox lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies those allegations.

7.      Cox lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies those allegations.

8.      Cox lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies those allegations.

9.      Cox lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies those allegations.

10.     Cox lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies those allegations.

11.     Cox admits that it, either directly, or indirectly through one or more subsidiaries, purchases products from one or more Plaintiff/Counter-Defendants for use in the provision of high-speed internet and cable broadband services.  Except as expressly so admitted, Cox denies the remaining allegations in this paragraph as directed to Cox.  Further, Cox lacks sufficient information to form a belief as to the truth of the allegations in this paragraph as directed to the non-Cox MSO Counter-Defendants, and on that basis denies those allegations.

12.     Cox lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies those allegations.

13.     Cox lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies those allegations.

14.     Cox lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies those allegations.

15.     Cox lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies those allegations.

16.     Cox lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies those allegations.

17.     Cox lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies those allegations.

18.     Cox lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies those allegations.

19.     Cox lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies those allegations.

20.     Cox lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies those allegations.

21.     Cox lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies those allegations.

22.     Admitted.

23.     Admitted.

24.     Admitted.

25.     Cox lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies those allegations.

26.     Cox lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies those allegations.

27.     Cox lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies those allegations.

28.     Cox lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies those allegations.

29.     Cox lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies those allegations.

30.     Cox lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies those allegations.

31.     Cox lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies those allegations.

32.     Cox lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies those allegations.

33.     Cox lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies those allegations.

34.     Cox lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies those allegations.

35.     Cox lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies those allegations.

36.     Cox lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies those allegations.

## JURISDICTION AND VENUE

37.     This paragraph does not require a response.

38.     Cox admits that 28 U.S.C. §§ 1331 and 1338(a) provide subject matter jurisdiction over patent disputes, but otherwise denies the allegations of this paragraph.

39.     Cox lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies those allegations.

40.     Cox admits that it has availed itself of this Court's jurisdiction, and that it is a Delaware entity, and/or has property, offices, or personnel in Delaware.  Except as expressly so admitted, Cox denies the remaining allegations in this paragraph.

41.     Cox admits that 28 U.S.C. §§ 1391(b), (c), and 1400(b) identify where venue is proper in a patent dispute, but otherwise denies the allegations of this paragraph.

## COUNT I -- U.S. Patent No. 4,937,819

42.    Cox restates and incorporates herein by reference the responses stated in paragraphs 1-41 above.

43.    Cox lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies those allegations.

44.    Cox admits that the issue date listed on the '819 patent is June 26, 1990. Except as expressly so admitted, Cox denies the remaining allegations in this paragraph.

45.    Cox admits that it, either directly, or indirectly through one or more subsidiaries, purchases equipment from one or more Plaintiff/Counter-Defendants for use in the operation of cable networks.  Cox lacks sufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies those allegations.

46.    Denied.

47.    Denied.

48.    Denied.

## COUNT II -- U.S. Patent No. 5,008,903

49.    Cox restates and incorporates herein by reference the responses stated in paragraphs 1-48 above.

50.    Cox lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies those allegations.

51.    Cox admits that the issue date listed on the '903 patent is April 16, 1991. Except as expressly so admitted, Cox denies the remaining allegations in this paragraph.

52.    Cox admits that it, either directly, or indirectly through one or more subsidiaries, purchases equipment from one or more Plaintiff/Counter-Defendants for use in the operation of cable networks.  Cox lacks sufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies those allegations.

53.    Denied.

54.    Denied.

55.    Denied.

## COUNT III -- U.S. Patent No. 5,701,761

56.    Cox restates and incorporates herein by reference the responses stated in paragraphs 1-55 above.

57.    Cox lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies those allegations.

58.    Cox admits that the issue date listed on the '761 patent is January 20, 1998.  Except as expressly so admitted, Cox denies the remaining allegations in this paragraph.

59.    Cox admits that it, either directly, or indirectly through one or more subsidiaries, purchases equipment from one or more Plaintiff/Counter-Defendants for use in the operation of cable networks.  Cox lacks sufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies those allegations.

60.    Denied.

61.    Denied.

62.    Denied.

63.    Denied.

## COUNT IV -- U.S. Patent No. 5,719,858

64.    Cox restates and incorporates herein by reference the responses stated in paragraphs 1-63 above.

65.    Cox lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies those allegations.

66.     Cox admits that the issue date listed on the '858 patent is February 17, 1998.  Except as expressly so admitted, Cox denies the remaining allegations in this paragraph.

67.     Cox admits that it, either directly, or indirectly through one or more subsidiaries, purchases equipment from one or more Plaintiff/Counter-Defendants for use in the operation of cable networks.  Cox lacks sufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies those allegations.

68.     Denied.

69.     Denied.

70.     Denied.

## COUNT V -- U.S. Patent No. 5,778,234

71.     Cox restates and incorporates herein by reference the responses stated in paragraphs 1-70 above.

72.     Cox lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies those allegations.

73.     Cox admits that the issue date listed on the '234 patent is July 7, 1998.  Except as expressly so admitted, Cox denies the remaining allegations in this paragraph.

74.     Cox admits that it, either directly, or indirectly through one or more subsidiaries, purchases equipment from one or more Plaintiff/Counter-Defendants for use in the operation of cable networks.  Cox lacks sufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies those allegations.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

## COUNT VI -- U.S. Patent No. 5,852,631

79.     Cox restates and incorporates herein by reference the responses stated in paragraphs 1-78 above.

80.     Cox lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies those allegations.

81.     Cox admits that the issue date listed on the '631 patent is December 22, 1998.  Except as expressly so admitted, Cox denies the remaining allegations in this paragraph.

82.     Cox admits that it, either directly, or indirectly through one or more subsidiaries, purchases equipment from one or more Plaintiff/Counter-Defendants for use in the operation of cable networks.  Cox lacks sufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies those allegations.

83.     Denied.

84.     Denied.

85.     Denied.

## COUNT VII -- U.S. Patent No. 6,131,159

86.     Cox restates and incorporates herein by reference the responses stated in paragraphs 1-85 above.

87.     Cox lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies those allegations.

88.     Cox admits that the issue date listed on the '159 patent is October 10, 2000.  Except as expressly so admitted, Cox denies the remaining allegations in this paragraph.

89.     Cox admits that it, either directly, or indirectly through one or more subsidiaries, purchases equipment from one or more Plaintiff/Counter-Defendants for use in the operation of cable networks.  Cox lacks sufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies those allegations.

90.    Denied.

91.    Denied.

92.    Denied.

93.    Denied.

## COUNT VIII -- U.S. Patent No. 6,950,444

94.    Cox restates and incorporates herein by reference the responses stated in paragraphs 1-93 above.

95.    Cox lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies those allegations.

96.    Cox admits that the issue date listed on the '444 patent is September 27, 2005.  Except as expressly so admitted, Cox denies the remaining allegations in this paragraph.

97.    Cox admits that it, either directly, or indirectly through one or more subsidiaries, purchases equipment from one or more Plaintiff/Counter-Defendants for use in the operation of cable networks.  Cox lacks sufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies those allegations.

98.    Denied.

99.    Denied.

100.    Denied.

101.    Denied.

## PRAYER FOR RELIEF

This section contains no factual allegations and thus requires no response.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE:  Failure to State a Claim (Counts I-VIII)

1.      Counts I-VIII of Rembrandt's and Remstream's Counterclaims fail to state a claim upon which relief can be granted.

2.      Cox has not infringed any claim of any of the '819, '903, '761, '858, '234, '631, '159, and '444 patents ("the asserted patents").

3.      Cox has not caused, with knowledge, specific intent, or otherwise, equipment suppliers, service providers, and/or any others to infringe any claim of the asserted patents.

4.      Rembrandt and Remstream have not been damaged in any amount, manner, or at all by reason of any act alleged against Cox, and therefore the relief Rembrandt and Remstream pray for cannot be granted.

5.      Rembrandt and Remstream are not entitled to permanent injunctive relief.

### SECOND AFFIRMATIVE DEFENSE:  Invalidity

6.      On information and belief, each of the asserted patents is invalid at least for failure to satisfy one or more of the conditions of Title 35 United States Code, including without limitation, Sections 101, 102, 103, and 112 thereof.

### THIRD AFFIRMATIVE DEFENSE:  Laches

7.      Rembrandt and Remstream have delayed in bringing this action and their delay is unreasonable and inexcusable, and has caused Cox material evidentiary and/or economic prejudice.  Rembrandt's and Remstream's claims are barred, in whole or in part, by the doctrine of laches.

## COUNTER-COUNTERCLAIM

Counter-Defendants/Counterclaimant CoxCom, Inc. ("Cox") asserts the following Counter-Counterclaims against Rembrandt Technologies LP ("Rembrandt") and Rembrandt Technologies, LLC d/b/a Remstream ("Remstream").

## PARTIES

1.    CoxCom, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business at 1400 Lake Hearn Dr., Atlanta, GA 30319.

2.    On information and belief, Rembrandt is a limited partnership organized under the laws of the state of New Jersey with its principal place of business at 401 City Avenue, Suite 900, Bala Cynwyd, Pennsylvania.

3.    On information and belief, Remstream is wholly owned by Rembrandt and is headquartered at 401 City Avenue, Suite 900, Bala Cynwyd, PA 19004.

## JURISDICTION AND VENUE

4.    This court has jurisdiction over Cox's Counter-Counterclaim under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 and as arising under the Patent Laws in Title 35 of the United States Code.

5.    This Court has personal jurisdiction over Rembrandt and Remstream because they have submitted to the jurisdiction of this Court.  In addition, on information and belief, the Court has personal jurisdiction over Rembrandt and Remstream because they regularly conduct business in Delaware, and have other sufficient contacts with Delaware.

6.    Venue in this District is proper under 28 U.S.C. §§ 1391 and 1400.

## FACTS

7.     On information and belief, Rembrandt claims to own all rights, title, and interest in and to United States Patent Nos. 5,243,627 ("the '627 patent"); 4,937,819 ("the '819 patent"); 5,008,903 ("the '903 patent"); 5,719,858 ("the '858 patent"); and 5,852,631 ("the '631 patent").

8.     Rembrandt has accused Cox of infringing the '627, '819, '903, '858, and '631 patents.

9.     On information and belief, Rembrandt claims to own all rights, title, and interest in and to United States Patent Nos. 5,710,761 ("the '761 patent"); 5,778,234 ("the '234 patent"); 6,131,159 ("the '159 patent"); and 6,950,444 ("the '444 patent"), and has granted exclusive rights under the '761, '234, '159, and '444 patents to Remstream.

10.     Rembrandt and Remstream have accused Cox of infringing the '761, '234, '159, and '444 patents.

11.     An actual case or controversy exists between the parties as to the infringement, validity, and enforceability of the '627, '819, '858, '631, '761, '159, '234, '903, and '444 patents.

## COUNT I

### DECLARATORY JUDGMENT OF
### NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY
### OF THE '627 PATENT

12.     Cox realleges and incorporates by reference Paragraphs 1 through 11 above.

13.     Cox has not infringed and is not now infringing the '627 patent.

14.     Cox has not caused others to infringe, and is not now causing others to infringe, the '627 patent.

15.    The '627 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 112.

16.    Any attempt by Rembrandt to assert the claims of the '627 patent against Cox is barred by the doctrine of laches at least because Rembrandt's delay in filing suit against Cox is unreasonable and inexcusable, and has caused Cox material evidentiary and/or economic prejudice.

17.    Cox is entitled to a declaratory judgment that it has not infringed and is not infringing the '627 patent, and that the '627 patent is invalid and unenforceable.

18.    This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and Cox is entitled to an award of its reasonable attorneys' fees.

## <u>COUNT II</u>

### DECLARATORY JUDGMENT OF
### NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY
### OF THE '858 PATENT

19.    Cox realleges and incorporates by reference Paragraphs 1 through 18 above.

20.    Cox has not infringed and is not now infringing the '858 patent.

21.    Cox has not caused others to infringe, and is not now causing others to infringe, the '858 patent.

22.    The '858 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 112.

23.    Any attempt by Rembrandt to assert the claims of the '858 patent against Cox is barred by the doctrine of laches at least because Rembrandt's delay in filing suit against Cox is unreasonable and inexcusable, and has caused Cox material evidentiary and/or economic prejudice.

24.     Cox is entitled to a declaratory judgment that it has not infringed and is not infringing the '858 patent, and that the '858 patent is invalid and unenforceable.

25.     This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and Cox is entitled to an award of its reasonable attorneys' fees.

## COUNT III

### DECLARATORY JUDGMENT OF
### NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY
### OF THE '819 PATENT

26.     Cox realleges and incorporates by reference Paragraphs 1 through 25 above.

27.     Cox has not infringed and is not now infringing the '819 patent.

28.     Cox has not caused others to infringe, and is not now causing others to infringe, the '819 patent.

29.     The '819 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 112.

30.     Any attempt by Rembrandt to assert the claims of the '819 patent against Cox is barred by the doctrine of laches at least because Rembrandt's delay in filing suit against Cox is unreasonable and inexcusable, and has caused Cox material evidentiary and/or economic prejudice.

31.     Cox is entitled to a declaratory judgment that it has not infringed and is not infringing the '819 patent, and that the '819 patent is invalid and unenforceable.

32.     This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and Cox is entitled to an award of its reasonable attorneys' fees.

**COUNT IV**

**DECLARATORY JUDGMENT OF**
**NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY**
**OF THE '631 PATENT**

33.      Cox realleges and incorporates by reference Paragraphs 1 through 32 above.

34.      Cox has not infringed and is not now infringing the '631 patent.

35.      Cox has not caused others to infringe, and is not now causing others to infringe, the '631 patent.

36.      The '631 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 112.

37.      Any attempt by Rembrandt to assert the claims of the '631 patent against Cox is barred by the doctrine of laches at least because Rembrandt's delay in filing suit against Cox is unreasonable and inexcusable, and has caused Cox material evidentiary and/or economic prejudice.

38.      Cox is entitled to a declaratory judgment that it has not infringed and is not infringing the '631 patent, and that the '631 patent is invalid and unenforceable.

39.      This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and Cox is entitled to an award of its reasonable attorneys' fees.

**COUNT V**

**DECLARATORY JUDGMENT OF**
**NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY**
**OF THE '761 PATENT**

40.      Cox realleges and incorporates by reference Paragraphs 1 through 39 above.

41.      Cox has not infringed and is not now infringing the '761 patent.

42.     Cox has not caused others to infringe, and is not now causing others to infringe, the '761 patent.

43.     The '761 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 112.

44.     Any attempt by Rembrandt or Remstream to assert the claims of the '761 patent against Cox is barred by the doctrine of laches at least because Rembrandt's and Remstream's delay in filing suit against Cox is unreasonable and inexcusable, and has caused Cox material evidentiary and/or economic prejudice.

45.     Cox is entitled to a declaratory judgment that it has not infringed and is not infringing the '761 patent, and that the '761 patent is invalid and unenforceable.

46.     This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and Cox is entitled to an award of its reasonable attorneys' fees.

## COUNT VI

### DECLARATORY JUDGMENT OF
### NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY
### OF THE '444 PATENT

47.     Cox realleges and incorporates by reference Paragraphs 1 through 46 above.

48.     Cox has not infringed and is not now infringing the '444 patent.

49.     Cox has not caused others to infringe, and is not now causing others to infringe, the '444 patent.

50.     The '444 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 112.

51.     Any attempt by Rembrandt or Remstream to assert the claims of the '444 patent against Cox is barred by the doctrine of laches at least because Rembrandt's and

Remstream's delay in filing suit against Cox is unreasonable and inexcusable, and has caused Cox material evidentiary and/or economic prejudice.

52.     Cox is entitled to a declaratory judgment that it has not infringed and is not infringing the '444 patent, and that the '444 patent is invalid and unenforceable.

53.     This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and Cox is entitled to an award of its reasonable attorneys' fees.

## COUNT VII

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF THE '234 PATENT

54.     Cox realleges and incorporates by reference Paragraphs 1 through 53 above.

55.     Cox has not infringed and is not now infringing the '234 patent.

56.     Cox has not caused others to infringe, and is not now causing others to infringe, the '234 patent.

57.     The '234 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 112.

58.     Any attempt by Rembrandt or Remstream to assert the claims of the '234 patent against Cox is barred by the doctrine of laches at least because Rembrandt's and Remstream's delay in filing suit against Cox is unreasonable and inexcusable, and has caused Cox material evidentiary and/or economic prejudice.

59.     Cox is entitled to a declaratory judgment that it has not infringed and is not infringing the '234 patent, and that the '234 patent is invalid and unenforceable.

60.     This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and Cox is entitled to an award of its reasonable attorneys' fees.

## COUNT VIII

### DECLARATORY JUDGMENT OF
### NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY
### OF THE '159 PATENT

61.     Cox realleges and incorporates by reference Paragraphs 1 through 60 above.

62.     Cox has not infringed and is not now infringing the '159 patent.

63.     Cox has not caused others to infringe, and is not now causing others to infringe, the '159 patent.

64.     The '159 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 112.

65.     Any attempt by Rembrandt or Remstream to assert the claims of the '159 patent against Cox is barred by the doctrine of laches at least because Rembrandt's and Remstream's delay in filing suit against Cox is unreasonable and inexcusable, and has caused Cox material evidentiary and/or economic prejudice.

66.     Cox is entitled to a declaratory judgment that it has not infringed and is not infringing the '159 patent, and that the '159 patent is invalid and unenforceable.

67.     This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and Cox is entitled to an award of its reasonable attorneys' fees.

## COUNT IX

### DECLARATORY JUDGMENT OF
### NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY
### OF THE '903 PATENT

68.     Cox realleges and incorporates by reference Paragraphs 1 through 67 above.

69.     Cox has not infringed and is not now infringing the '903 patent.

70.     Cox has not caused others to infringe, and is not now causing others to infringe, the '903 patent.

71.     The '903 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 112.

72.     Any attempt by Rembrandt to assert the claims of the '903 patent against Cox is barred by the doctrine of laches at least because Rembrandt's delay in filing suit against Cox is unreasonable and inexcusable, and has caused Cox material evidentiary and/or economic prejudice.

73.     Cox is entitled to a declaratory judgment that it has not infringed and is not infringing the '903 patent, and that the '903 patent is invalid and unenforceable.

This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and Cox is entitled to an award of its reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, the Cox prays for judgment against Rembrandt and Remstream as follows:

A.     For dismissal of Rembrandt's and Remstream's Counterclaims in their entirety, with prejudice, and that the relief requested be denied;

B.     For a judgment declaring that no claim of the '819, '903, '761, '858, '234, '631, '159, '444, or '627 patent (collectively "the patents-in-suit") has been infringed willfully, deliberately, or otherwise by Cox;

C.     For a judgment declaring that each and every claim of the patents-in-suit is invalid and unenforceable;

D.     For an award of Cox's reasonable attorneys' fees under 35 U.S.C. § 285; and

E.     For such other and further relief as the Court may deem just and fair.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Cox demands a trial by jury of all issues so triable in this action, including, without limitation, those issues raised in the Counterclaims, Reply, Affirmative Defenses, and Counter-Counterclaims.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II (#3778)*

_____

Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
rsmith@mnat.com
  *Attorneys for CoxCom, Inc.*

OF COUNSEL:

Mitchell G. Stockwell
KILPATRICK & STOCKTON LLP
1100 Peachtree Street, N.E.
Suite 2800
Atlanta, GA  30309
(404) 815-6500

February 7, 2008
1488250

## <u>CERTIFICATE OF SERVICE</u>

I, Rodger D. Smith II, hereby certify that on February 7, 2008, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF.

I further certify that I caused copies of the foregoing document to be served on February 7, 2008, upon the following in the manner indicated:

### <u>BY E-MAIL</u>

Collins J. Seitz, Jr., Esquire
Francis DiGiovanni, Esquire
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801
cseitz@cblh.com
fdigiovanni@cblh.com

John W. Shaw, Esquire
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
jshaw@ycst.com

Jack B. Blumenfeld, Esquire
Karen Jacobs Louden, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19803
jblumenfeld@mnat.com
klouden@mnat.com

David S. Benyacar, Esquire
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022
dbenyacar@kayescholer.com

John M. Desmarais, Esquire
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY  10022-4611
jdesmarais@kirkland.com

Eric R. Lamison, Esquire
Kirkland & Ellis LLP
555 California Street
San Francisco, CA  94104
elamison@kirkland.com

Matthew D. Powers, Esquire
Edward R. Reines, Esquire
Weil, Gotshal & Manges LLP
201 Redwood Shore Parkway
Redwood Shores, CA  94065
matthew.powers@weil.com
edward.reines@weil.com

*/s/ Rodger D. Smith II (#3778)*
_____
Rodger D. Smith II (#3778)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
(302) 658-9200
rsmith@mnat.com

2