**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: REMBRANDT TECHNOLOGIES, LP PATENT LITIGATION | ) MDL Docket No. 07-md-1848 (GMS) |
| ——————————————— | ) Civil Action No. 07-752-GMS |
| | ) |
| MOTOROLA, INC., CISCO SYSTEMS, INC., SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, INC., THOMSON, INC., AMBIT MICROSYSTEMS, INC., and NETGEAR, INC. | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 07-752-GMS |
| REMBRANDT TECHNOLOGIES, LP, | ) |
| Defendant. | ) |
| ——————————————— | ) |
| REMBRANDT TECHNOLOGIES, LP, and REMBRANDT TECHNOLOGIES, LLC d/b/a REMSTREAM, | ) |
| Counter-Plaintiffs, | ) |
| v. | ) |
| MOTOROLA, INC., CISCO SYSTEMS, INC., SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, INC., THOMSON, INC., AMBIT MICROSYSTEMS, INC., NETGEAR, INC., TIME WARNER CABLE, INC., TIME WARNER CABLE LLC, TIME WARNER NEW YORK CABLE LLC, TIME WARNER ENTERTAINMENT COMPANY, LP, COMCAST CORPORATION, COMCAST CABLE COMMUNICATIONS, LLC, CHARTER COMMUNICATIONS, INC., CHARTER COMMUNICATIONS OPERATING, LLC, COXCOM, INC., COX COMMUNICATIONS, INC., COX | ) |

ENTERPRISES, INC., CSC HOLDINGS,           )
INC., CABLEVISION SYSTEMS                    )
CORPORATION, ADELPHIA                        )
COMMUNICATIONS CORPORATION,                 )
CENTURY-TCI CALIFORNIA                       )
COMMUNICATIONS, LP, CENTURY-TCI             )
HOLDINGS, LLC, COMCAST OF                   )
FLORIDA/PENNSYLVANIA, L.P. (f/k/a            )
PARNASSOS, LP), COMCAST OF                   )
PENNSYLVANIA II, L.P. (f/k/a CENTURY-        )
TCI CALIFORNIA, L.P.), PARNASSOS            )
COMMUNICATIONS, LP, ADELPHIA                )
CONSOLIDATION, LLC, PARNASSOS               )
HOLDINGS, LLC, and WESTERN NY               )
CABLEVISION, LP,                             )
                                             )
            Counter-Defendants.              )
                                             )
_____          )

## REPLY OF ADELPHIA COMMUNICATIONS CORPORATION and ADELPHIA CONSOLIDATION, LLC TO COUNTERCLAIMS OF REMBRANDT TECHNOLOGIES, LP AND REMBRANDT TECHNOLOGIES, LLC d/b/a REMSTREAM; AND COUNTER-COUNTERCLAIMS

Counter-Defendants Adelphia Communications Corporation and Adelphia Consolidation, LLC (collectively the "Adelphia-Related Counter-Defendants"), by their attorneys Kasowitz, Benson, Torres & Friedman LLP and Bayard P.A., reply to the Counterclaims of Counter-Plaintiff Rembrandt Technologies, LP and Rembrandt Technologies, LLC, d/b/a/ Remstream (collectively "Rembrandt") as follows:

Except as expressly admitted herein, the Adelphia-Related Counter-Defendants deny each and every allegation in the Counterclaims of Rembrandt.

## THE PARTIES

1.      Admitted, upon information and belief.

2.      Upon information and belief, Rembrandt Technologies, LLC is a limited liability company with a place of business at 401 City Avenue, Suite 900, Bala Cynwyd, PA 19004. The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2, and therefore deny them.

3.      The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3, and therefore deny them.

4.      The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4, and therefore deny them.

5.      The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5, and therefore deny them.

6.      The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6, and therefore deny them.

7.      The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7, and therefore deny them.

8.     The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8, and therefore deny them.

9.     The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9, and therefore deny them.

10.     The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10, and therefore deny them.

11.     Denied that Plaintiff/Counter-Defendants currently sell cable equipment to the Adelphia-Related Counter-Defendants, and that the Adelphia-Related Counter-Defendants currently sell and/or lease some of the cable equipment and/or include the equipment in their networks for the provision of high speed internet, cable, broadband and/or other services.  With respect to all other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11, and therefore deny them.  No response is required to the other allegations in this paragraph 11.

12.     The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12, and therefore deny them.

13.     The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13, and therefore deny them.

14.    The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14, and therefore deny them.

15.    The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15, and therefore deny them.

16.    The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16, and therefore deny them.

17.    The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17, and therefore deny them.

18.    The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18, and therefore deny them.

19.    The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19, and therefore deny them.

20.    The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20, and therefore deny them.

21.     The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21, and therefore deny them.

22.     The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22, and therefore deny them.

23.     The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23, and therefore deny them.

24.     The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24, and therefore deny them.

25.     The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25, and therefore deny them.

26.     The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26, and therefore deny them.

27.     Admit that (i) Adelphia is a corporation incorporated under the laws of Delaware having its principal place of business in Greenwood Village, Colorado; (ii) on June 25, 2002, Adelphia had its principal place of business in Coudersport, Pennsylvania; (iii) Adelphia filed a voluntary petition under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York on

June 25, 2002, with its Chapter 11 case captioned *In re Adelphia Communications*

*Corporation*, Case No. 02-41729 (REG); (iv) prior to the sale of substantially all of their

assets on July 31, 2006, Adelphia-Related Counter-Defendants and their affiliates offered

analog and digital video services, high-speed Internet access and other services; and

(v) Adelphia's registered agent for service of process in Delaware is Corporation Service

Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.   Any other or

different allegations in this paragraph are denied or do not require a response.

      28.    Deny that Century-TCI California Communications, LP is an affiliate of

Adelphia, or that it is currently part of the bankruptcy process of *In re Adelphia*

*Communications Corp.*, Case No. 02-41729.   Admit that on June 25, 2002, Century-TCI

California Communications filed a petition in bankruptcy under chapter 11 in the United

States Bankruptcy Court for the Southern District of New York.  The Adelphia-Related

Counter-Defendants lack knowledge or information sufficient to form a belief as to the

truth of the remaining allegations contained in paragraph 28, and therefore deny them.

      29.    Deny that Century-TCI Holdings, LLC is an affiliate of Adelphia, or that it

is currently part of the bankruptcy process of *In re Adelphia Communications Corp.*,

Case No. 02-41729.   Admit that on June 25, 2002, Century-TCI Holdings, LLC filed a

petition in bankruptcy under chapter 11 in the United States Bankruptcy Court for the

Southern District of New York.  The Adelphia-Related Counter-Defendants lack

knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in paragraph 29, and therefore deny them.

      30.    Deny that Parnassos, LP is an affiliate of Adelphia, or that it is currently

part of the bankruptcy process of *In re Adelphia Communications Corp.*, Case No. 02-

41729. Admit that on June 25, 2002, Parnassos, LP filed a petition in bankruptcy under chapter 11 in the United States Bankruptcy Court for the Southern District of New York. The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30, and therefore deny them.

31.     Deny that Century-TCI California is an affiliate of Adelphia, or that it is currently part of the bankruptcy process of *In re Adelphia Communications Corp.*, Case No. 02-41729. Admit that on June 25, 2002, Parnassos, LP filed a petition in bankruptcy under chapter 11 in the United States Bankruptcy Court for the Southern District of New York. The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 31, and therefore deny them.

32.     Deny that Parnassos Communications, LP is an affiliate of Adelphia, or that it is currently part of the bankruptcy process of *In re Adelphia Communications Corp.*, Case No. 02-41729. Admit that on June 25, 2002, Parnassos Communications, LP Parnassos, LP filed a petition in bankruptcy under chapter 11 in the United States Bankruptcy Court for the Southern District of New York. The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 32, and therefore deny them.

33.     Admit the allegations contained in paragraph 33 of the Complaint, except deny that Century-TCI Distribution Company filed a petition in bankruptcy on June 25, 2002.

34.    Deny that Parnassos Holdings, LLC is an affiliate of Adelphia, or that it is currently part of the bankruptcy process of *In re Adelphia Communications Corp.*, Case No. 02-41729.  Admit that on June 25, 2002, Parnassos Holdings, LLC filed a petition in bankruptcy under chapter 11 in the United States Bankruptcy Court for the Southern District of New York.  The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 34, and therefore deny them.

35.    Deny that Western NY Cablevision, LP is an affiliate of Adelphia, or that it is currently part of the bankruptcy process of *In re Adelphia Communications Corp.*, Case No. 02-41729.  Admit that on June 25, 2002, Western NY Cablevision, LP filed a petition in bankruptcy under chapter 11 in the United States Bankruptcy Court for the Southern District of New York.  The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 35, and therefore deny them.

36.    Admit that on September 13, 2006, Rembrandt commenced an adversary proceeding naming as defendants Adelphia Communications Corporation; Century-TCI California, LP; Century-TCI California Communications, LP; Century-TCI Distribution Company, LLC; Century-TCI Holdings, LLC; Parnassos, LP; Parnassos Communications, LP; Parnassos Distribution Company I, LLC; Parnassos Distribution Company II, LLC; Parnassos Holdings, LLC; and Western NY Cablevision, LP, and filed an administrative proof of claim in the Bankruptcy Court for the Southern District of New York.  Denied that all these entities are affiliates of Adelphia.  Further admit that Rembrandt states that it intends to assert the same causes of action that Rembrandt

previously asserted in the Adversary Proceeding and it seeks to obtain the same recovery. Any and all other allegations in this paragraph are denied or do not require a response.

## JURISDICTION AND VENUE

37.    Admit that Rembrandt has filed an action for patent infringement.

38.    Admit that subject matter jurisdiction exists under 28 U.S.C §§ 1331 and 1338(a).

39.    The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39, and therefore deny them.

40.    Admit that the Adelphia-Related Counter-Defendants are Delaware entities.  Any other allegations are denied or do not require a response.

41.    The Adelphia-Related Counter-Defendants deny that Rembrandt's counterclaims, as asserted against the Adelphia-Related Counter-Defendants, should be resolved in this judicial district as part of the trial of the equipment manufacturer declaratory judgment claims.  Pursuant to the first-filed rule, Rembrandt's Counterclaims against the Adelphia-related Counter-Defendants should be stayed, dismissed, and/or transferred for trial to the United States Bankruptcy Court for the Southern District of New York.  The Adelphia-Related Counter-Defendants will brief this issue pursuant to the guidelines set forth in Judge Sleet's December 12, 2007 Order in MDL Docket No. 07-md-1848 (GMS).  With respect to all other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny them.

## COUNT I - U.S. PATENT NO. 4,937,819

42.    The responses to paragraphs 1-41 are hereby incorporated by reference.

43.    Admit that U.S. Patent No. 4,937,819 (the "'819 patent") is entitled "Time Orthogonal Multiple Virtual DCE Device for Use in Analog and Digital Networks" and that a copy of the '819 patent is attached to the Plaintiff/Counter-Defendant's Answer and Counterclaims as Exhibit A.  The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 43 of the Complaint, and therefore deny them.

44.    Admit that the issue date listed on the '819 patent is June 26, 1990.  The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 44 of the Complaint, and therefore deny them.

45.    Denied that Plaintiffs/Counter-Defendants currently sell equipment to the Adelphia-Related Counter-Defendants or that the Adelphia-Related Counter-Defendants currently sell, lease or use that equipment.  With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45, and therefore deny them.

46.    The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46, and therefore deny them.

47.    Admit that the Adelphia-Related Counter-Defendants have not directly infringed and do not directly infringe the '819 patent.  With respect to the other Counter-

Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47, and therefore deny them.

48.    Admit that the Adelphia-Related Counter-Defendants will not infringe the '819 patent. With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48, and therefore deny them.

## COUNT II - U.S. PATENT NO. 5,008,903

49.    The responses to paragraphs 1-48 are hereby incorporated by reference.

50.    Admit that U.S. Patent No. 5,008,903 (the "'903 patent") is entitled "Adaptive Transmit Pre-Emphasis For Digital Modem Computed from Noise Spectrum" and that a copy of the '903 patent is attached to the Plaintiff/Counter-Defendant's Answer and Counterclaims as Exhibit B. The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 50 of the Complaint, and therefore deny them.

51.    Admit that the issue date listed on the '903 patent is April 16, 1991. The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 58 of the Complaint, and therefore deny them.

52.    Denied that Plaintiffs/Counter-Defendants currently sell equipment to the Adelphia-Related Counter-Defendants or that the Adelphia-Related Counter-Defendants currently sell, lease or use that equipment. With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to

form a belief as to the truth of the allegations contained in paragraph 52, and therefore deny them.

53.    The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53, and therefore deny them.

54.    Admit that the Adelphia-Related Counter-Defendants have not directly infringed and do not directly infringe the '903 patent.  With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54, and therefore deny them.

55.    Admit that the Adelphia-Related Counter-Defendants will not infringe the '903 patent.  With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55, and therefore deny them.

## COUNT III - U.S. PATENT NO. 5,710,761

56.    The responses to paragraphs 1-55 are hereby incorporated by reference.

57.    Admit that U.S. Patent No. 5,710,761 (the "'761 patent") is entitled "Error Control Negotiation Based on Modulation" and that a copy of the '761 patent is attached to the Plaintiff/Counter-Defendant's Answer and Counterclaims as Exhibit C. The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint, and therefore deny them.

58.     Admit that the issue date listed on the '761 patent is January 20, 1998. The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 58 of the Complaint, and therefore deny them.

59.     Denied that Plaintiffs/Counter-Defendants currently sell equipment to the Adelphia-Related Counter-Defendants or that the Adelphia-Related Counter-Defendants currently sell, lease or use that equipment.  With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59, and therefore deny them.

60.     The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60, and therefore deny them.

61.     Denied as to the Adelphia-Related Counter-Defendants. With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny them.

62.     Admit that the Adelphia-Related Counter-Defendants will not infringe the '761 patent.  With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62, and therefore deny them.

63.     Denied as to the Adelphia-Related Counter-Defendants. With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge

or information sufficient to form a belief as to the truth of the allegations, and therefore deny them.

## COUNT IV - U.S. PATENT NO. 5,719,858

64.     The responses to paragraphs 1-63 are hereby incorporated by reference.

65.     Admit that U.S. Patent No. 5,719,858 (the "'858 patent") is entitled "Time-Division Multiple-Access Method for Packet Transmission on Shared Synchronous Serial Buses" (the "'858 patent") and that a copy of the '858 patent is attached to the Plaintiff/Counter-Defendant's Answer and Counterclaims as Exhibit D.  The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 65 of the Complaint, and therefore deny them.

66.     Admit that the issue date listed on the '858 patent is February 17, 1998. The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 66 of the Complaint, and therefore deny them.

67.     Denied that Plaintiffs/Counter-Defendants currently sell equipment to the Adelphia-Related Counter-Defendants or that the Adelphia-Related Counter-Defendants currently sell, lease or use that equipment.  With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67, and therefore deny them.

15

68.     The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68, and therefore deny them.

69.     Admit that the Adelphia-Related Counter-Defendants have not directly infringed and do not directly infringe the '903 patent.  With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69, and therefore deny them.

70.     Admit that the Adelphia-Related Counter-Defendants will not infringe the '903 patent.  With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70, and therefore deny them.

## COUNT V - U.S. PATENT NO. 5,778,234

71.     The responses to paragraphs 1-70 are hereby incorporated by reference.

72.     Admit that U.S. Patent No. 5,778,234 (the "'234 patent") is entitled "Method for Downloading Programs" and that a copy of the '234 patent is attached to the Plaintiff/Counter-Defendant's Answer and Counterclaims as Exhibit E. The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint, and therefore deny them.

73.     Admit that the issue date listed on the '234 patent is July 7, 1998.  The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in paragraph 73 of the Complaint, and therefore deny them.

74.     Denied that Plaintiffs/Counter-Defendants currently sell equipment to the Adelphia-Related Counter-Defendants or that the Adelphia-Related Counter-Defendants currently sell, lease or use that equipment.  With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74, and therefore deny them.

75.     The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75, and therefore deny them.

76.     Denied as to the Adelphia-Related Counter-Defendants. With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny them.

77.     Admit that the Adelphia-Related Counter-Defendants will not infringe the '234 patent.  With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77, and therefore deny them.

78.     Denied as to the Adelphia-Related Counter-Defendants. With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny them.

## COUNT VI - U.S. PATENT NO. 5,852,631

79.    The responses to paragraphs 1-78 are hereby incorporated by reference.

80.    Admit that U.S. Patent No. 5,852,631 (the "'631 patent") is entitled "System and Method for Establishing Link Layer Parameters Based on Physical Layer Modulation" and that a copy of the '631 patent is attached to the Plaintiff/Counter-Defendant's Answer and Counterclaims as Exhibit F. The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 80 of the Complaint, and therefore deny them.

81.    Admit that the issue date listed on the '631 patent is December 22, 1998. The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 81 of the Complaint, and therefore deny them.

82.    Denied that Plaintiffs/Counter-Defendants currently sell equipment to the Adelphia-Related Counter-Defendants or that the Adelphia-Related Counter-Defendants currently sell, lease or use that equipment. With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82, and therefore deny them.

83.    The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83, and therefore deny them.

84.     Admit that the Adelphia-Related Counter-Defendants have not directly infringed and do not directly infringe the '631 patent. With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84, and therefore deny them.

85.     Admit that the Adelphia-Related Counter-Defendants will not infringe the '631 patent. With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85, and therefore deny them.

## COUNT VII - U.S. PATENT NO. 6,131,159

86.     The responses to paragraphs 1-85 are hereby incorporated by reference.

87.     Admit that U.S. Patent No. 6,131,159 (the "'159 patent") is entitled "System for Downloading Programs" and that a copy of the '159 patent is attached to the Plaintiff/Counter-Defendant's Answer and Counterclaims as Exhibit G. The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Complaint, and therefore deny them.

88.     Admit that the issue date listed on the '159 patent is October 10, 2000. The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 88 of the Complaint, and therefore deny them.

89.     Denied that Plaintiffs/Counter-Defendants currently sell equipment to the Adelphia-Related Counter-Defendants or that the Adelphia-Related Counter-Defendants

currently sell, lease or use that equipment. With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89, and therefore deny them.

90.    The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90, and therefore deny them.

91.    Denied as to the Adelphia-Related Counter-Defendants. With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny them.

92.    Admit that the Adelphia-Related Counter-Defendants will not infringe the '159 patent. With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92, and therefore deny them.

93.    Denied as to the Adelphia-Related Counter-Defendants. With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny them.

## COUNT VIII - U.S. PATENT NO. 6,950,444

94.    The responses to paragraphs 1-93 are hereby incorporated by reference.

95.    Admit that U.S. Patent No. 6,950,444 (the "'444 patent") is entitled "System and Method for a Robust Preamble and Transmission Delimiting in a Switched-

Carrier Transceiver" and that a copy of the '444 patent is attached to the Plaintiff/Counter-Defendant's Answer and Counterclaims as Exhibit H. The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Complaint, and therefore deny them.

96.    Admit that the issue date listed on the '444 patent is September 27, 2005. The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 96 of the Complaint, and therefore deny them.

97.    Denied that Plaintiffs/Counter-Defendants currently sell equipment to the Adelphia-Related Counter-Defendants or that the Adelphia-Related Counter-Defendants currently sell, lease or use that equipment.  With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97, and therefore deny them.

98.    The Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98, and therefore deny them.

99.    Denied as to the Adelphia-Related Counter-Defendants. With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny them.

100.    Admit that the Adelphia-Related Counter-Defendants will not infringe the '444 patent.  With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100, and therefore deny them.

101.    Denied as to the Adelphia-Related Counter-Defendants. With respect to the other Counter-Defendants, the Adelphia-Related Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny them.

## PRAYER FOR RELIEF

The Adelphia-Related Counter-Defendants request that Rembrandt take nothing by its Counterclaims and that the relief requested in Rembrandt's Prayer for Relief be denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Counter-Plaintiff's Counterclaims and each purported cause of action set forth in the Counterclaims fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Counter-Plaintiff's claims are barred, in whole or in part, to the extent they have been asserted beyond the time allowed by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

None of the acts or omissions alleged in Counter-Plaintiff's Counterclaims proximately caused, in whole or in part, any alleged injury that the Counterclaims seek to redress.

## FOURTH AFFIRMATIVE DEFENSE

Counter-Plaintiff is estopped from asserting each of the purported causes of action set forth in the Counterclaims.

## FIFTH AFFIRMATIVE DEFENSE

Counter-Plaintiff has waived any right to assert each of the purported causes of action set forth in the Counterclaims.

## SIXTH AFFIRMATIVE DEFENSE

With respect to each purported cause of action set forth in the Counterclaims, Counter-Plaintiff has failed to mitigate its damages.

## SEVENTH AFFIRMATIVE DEFENSE

Each of the purported causes of action set forth in the Counterclaims is barred by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

Each of the purported causes of action set forth in the Counterclaims is barred by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

Each of the purported causes of action set forth in the Counterclaims are in violation of the automatic stay provisions of 11 U.S.C. § 362(a), and/or have been discharged in bankruptcy.

## TENTH AFFIRMATIVE DEFENSE

The '761, '234, '159, and '444 patents are invalid for failure to comply with the conditions set forth in 35 U.S.C. § § 101 *et seq.*

## ELEVENTH AFFIRMATIVE DEFENSE

Counter-Plaintiff has failed to plead which, if any, of Counter-Defendant's products are alleged to infringe the '761, '234, ' 159, and '444 patents. The Adelphia-Related Counter-Defendants have not infringed, contributorily infringed, or induced the infringement of any valid claim of the '761, '234, '159, and '444 patents, either literally or under the doctrine of equivalents.

## TWELFTH AFFIRMATIVE DEFENSE

Counter-Plaintiff's claims for relief are barred in whole or in part by the equitable doctrine of prosecution history estoppel, and any disclosed but unclaimed embodiments are dedicated to the public.

## THIRTEENTH AFFIRMATIVE DEFENSE

Counter-Plaintiff is not entitled to alleged damages due to its failure to plead and, on information and belief, its inability to prove compliance with 35 U.S.C. § 287 provisions of patent marking and pre-suit notice.

## FOURTEENTH AFFIRMATIVE DEFENSE

Counter-Plaintiff Remstream lacks standing to bring the instant counterclaims.

## FIFTEENTH AFFIRMATIVE DEFENSE

Counter-Plaintiff's claims are barred in whole or in part by express or implied license and/or the doctrine of patent exhaustion.

## SIXTEENTH AFFIRMATIVE DEFENSE

Rembrandt's counterclaims, as asserted against the Adelphia-Related Counter-Defendants, should not be resolved in this judicial district as part of the trial of the equipment manufacturer declaratory judgment claims.  Pursuant to the first-filed rule,

Rembrandt's Counterclaims against the Adelphia-related Counter-Defendants should be stayed, dismissed, and/or transferred for trial to the United States Bankruptcy Court for the Southern District of New York.  The Adelphia-Related Counter-Defendants will brief this issue pursuant to the guidelines set forth in Judge Sleet's December 12, 2007 Order in MDL Docket No. 07-md-1848 (GMS).

### COUNTER-COUNTERCLAIMS OF THE
### ADELPHIA-RELATED COUNTER-DEFENDANTS

As stated above, the Adelphia-Related Counter-Defendants' position is that Rembrandt's counterclaims against them should be stayed, dismissed and/or transferred for trial to the United States Bankruptcy Court for the Southern District of New York.  In the event the Rembrandt counterclaims are not resolved in this manner, however, the Adelphia-Related Counter-Defendants, in the alternative, plead the following counter-counterclaims.

### PARTIES

1.    Adelphia Communications Corporation is a corporation organized under the laws of the state of Delaware.

2.    Adelphia Consolidation LLC is a limited liability company organized under the laws of the state of Delaware.

3.    Upon information and belief, Rembrandt Technologies, LP is a limited partnership organized under the laws of the state of New Jersey with its principal place of business at 401 City Avenue, Suite 900, Bala Cynwyd, PA  19004.

4.    Upon information and belief, Rembrandt Technologies LLC is a Delaware LLC and has its headquarters at 401 City Avenue, Suite 900, Bala Cynwyd, PA  19004.

### JURISDICTION AND VENUE

5.      Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a).

6.      This court has personal jurisdiction over Rembrandt Technologies, LP and Rembrandt Technologies LLC because they have submitted to the jurisdiction of this Court.

7.      As stated above, pursuant to the first-filed rule, Rembrandt's Counterclaims against the Adelphia-related Counter-Defendants should be stayed, dismissed, and/or transferred for trial to the United States Bankruptcy Court for the Southern District of New York. However, in the event that the Rembrandt counterclaims against the Adelphia-Related Counter-Defendants are not stayed, dismissed and/or transferred for trial to the United States Bankruptcy Court for the Southern District of New York, then venue in this district would be proper under 28 U.S.C. §1391(b) and §1409.

### COUNT I

### DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY OF THE '761 PATENT

8.      The allegations made in its Affirmative Defenses and in Paragraphs 1-7 above are incorporated herein by reference.

9.      An actual controversy exists between the Adelphia-Related Counter-Defendants and Rembrandt regarding the alleged infringement and invalidity of United States Patent No. 5,710,761.

10.     The Adelphia-Related Counter-Defendants have not infringed, contributorily infringed, or induced the infringement of any valid claims of the '761 patent, either literally or under the doctrine of equivalents.

11.    The '761 patent is invalid in light of the failure to company with one or more requirements of 35 U.S.C. §101 *et seq.*

12.    Rembrandt's counterclaims that the Adelphia-Related Counter-Defendants are infringing, contributorily infringing or actively inducing the infringement of the '761 patent render this case exceptional within the meaning of 35 U.S.C. § 285, entitling the Adelphia-Related Counter-Defendant to recover their attorney fees, costs and expenses in defending against those claims.

## COUNT II

### DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY OF THE '234 PATENT

13.    The allegations made in its Affirmative Defenses and in Paragraphs 1-12 above are incorporated herein by reference.

14.    An actual controversy exists between the Adelphia-Related Counter-Defendants and Rembrandt regarding the alleged infringement and invalidity of United States Patent No. 5,778,234.

15.    The Adelphia-Related Counter-Defendants have not infringed, contributorily infringed, or induced the infringement of any valid claims of the '234 patent, either literally or under the doctrine of equivalents.

16.    The '234 patent is invalid in light of the failure to company with one or more requirements of 35 U.S.C. §101 *et seq.*

17.    Rembrandt's counterclaims that the Adelphia-Related Counter-Defendants are infringing, contributorily infringing or actively inducing the infringement of the '234 patent render this case exceptional within the meaning of 35 U.S.C. § 285, entitling the

Adelphia-Related Counter-Defendants to recover their attorney fees, costs and expenses in defending against those claims.

## COUNT III

### DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY OF THE '159 PATENT

18.    The allegations made in its Affirmative Defenses and in Paragraphs 1-17 above are incorporated herein by reference.

19.    An actual controversy exists between the Adelphia-Related Counter-Defendants and Rembrandt regarding the alleged infringement and invalidity of United States Patent No. 6,131,159.

20.    The Adelphia-Related Counter-Defendants have not infringed, contributorily infringed, or induced the infringement of any valid claims of the '159 patent, either literally or under the doctrine of equivalents.

21.    The '159 patent is invalid in light of the failure to company with one or more requirements of 35 U.S.C. §101 *et seq.*

22.    Rembrandt's counterclaims that the Adelphia-Related Counter-Defendants are infringing, contributorily infringing or actively inducing the infringement of the '159 patent render this case exceptional within the meaning of 35 U.S.C. § 285, entitling the Adelphia-Related Counter-Defendants to recover their attorney fees, costs and expenses in defending against those claims.

## COUNT IV

## DECLARATORY JUDGMENT OF NONINFRINGEMENT
## AND INVALIDITY OF THE '444 PATENT

23.     The allegations made in its Affirmative Defenses and in Paragraphs 1-22 above are incorporated herein by reference.

24.     An actual controversy exists between the Adelphia-Related Counter-Defendants and Rembrandt regarding the alleged infringement and invalidity of United States Patent No. 6,950,444.

25.     The Adelphia-Related Counter-Defendants have not infringed, contributorily infringed, or induced the infringement of any valid claims of the '444 patent, either literally or under the doctrine of equivalents.

26.     The '444 patent is invalid in light of the failure to company with one or more requirements of 35 U.S.C. §101 *et seq.*

27.     Rembrandt's counterclaims that the Adelphia-Related Counter-Defendants are infringing, contributorily infringing or actively inducing the infringement of the '444 patent render this case exceptional within the meaning of 35 U.S.C. § 285, entitling the Adelphia-Related Counter-Defendants to recover their attorney fees, costs and expenses in defending against those claims.

## PRAYER FOR RELIEF

For the reasons set forth above,  the Adelphia-Related Counter-Defendants pray for the Court's determination that the Rembrandt counterclaims should be stayed, dismissed or transferred for trial to the United States Bankruptcy Court for the Southern District of New York.

If the Court does not so determine, the Adelphia-Related Counter-Defendants pray, in the alternative, that the Court enters judgment that:

 (i) The '761, '234, '159, and '444 patents are invalid;

 (ii) The Adelphia-Related Counter-Defendants have not infringed, contributorily infringed, or induced the infringement of any claim of the '761, '234, '159 or '444 patents;

 (iii) Rembrandt's Counterclaims against the Adelphia-Related Counter-Defendants be dismissed with prejudice;

 (iv) Rembrandt takes nothing by reason of its Counterclaims against the Adelphia-Related Counter-Defendants;

 (v) This case is exceptional and entitles the Adelphia-Related Counter-Defendants to an award of its attorney fees, costs and expenses under 35 U.S.C. § 285; and

 (vi) Such other and further relief at law or equity as the Court may deem just and proper.

Dated: February 7, 2008    BAYARD, PA.

OF COUNSEL:    /s/ Richard D. Kirk (rk0922)
         Richard D. Kirk (#0922)
Peter J. Toren      Scott G. Wilcox (#3882)
Lawrence B. Goodwin    Stephen B. Brauerman (#4952)
Monica V. Bhattacharyya   222 Delaware Avenue, Suite 900
Stefan R. Stoyanov     P. O. Box 25130
Kasowitz, Benson, Torres & Friedman LLP Wilmington, DE  19899
1633 Broadway     rkirk@bayardlaw.com
New York, NY  10019    swilcox@bayardlaw.com
         sbrauerman@bayardlaw.com

         Attorney for Counter-Defendants
         Adelphia Communications Corporation
         and Adelphia Consolidation LLC

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel certifies that, on February 7, 2008, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Steven J. Balick, Esquire
Ashby & Geddes
500 Delaware Avenue, 8th Floor
PO Box 1150
Wilmington, DE 19899

Frederick L. Cottrell, III, Esquire
Richards Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801

Richard L. Horwitz, Esquire
David Ellis Moore, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
Wilmington, DE 19899

John W. Shaw, Esquire
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899

Collins J. Seitz, Jr., Esquire
Francis DiGiovanni, Esquire
Connolly Bove Lodge & Hutz LLP
The Nemours Building – 8th Floor
1007 N. Orange Street
Wilmington, DE 19801

Rodger D. Smith, II, Esquire
Jack B. Blumenfeld, Esquire
Karen Jacobs Louden, Esquire
Morris Nichols Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19899

George Pazuniak, Esquire
James Michael Lennon, Esquire
Womble Carlyle Sandridge & Rice, PLLC
222 Delaware Avenue
Suite 1501
Wilmington, DE 19899

The undersigned counsel further certifies that, on February 7, 2008, copies of the foregoing document were sent by hand to the above local counsel and by first class mail to the following non-registered participant:

Samuel F. Baxter, Esquire
McKool Smith – Marshall
PO Box 0
Marshall, TX 75671

David S. Benyacar, Esquire
Daniel Reisner, Esquire
Michael A. Rogoff, Esquire
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022

{00722098;v1}

Matthew R. Berry, Esquire
Brooke A.M. Taylor
Susman Godfrey LLP
1201 Third Avenue, Suite 3800
Seattle, WA 98101

Bradley W. Caldwell, Esquire
McKool Smith
300 Crescent Court, Suite 1500
Dallas, TX 75201

Diane DeVasto, Esquire
Allen F. Gardner, Esquire
Michael E. Jones, Esquire
Potter Minton, PC
110 North College Street, Suite 500
Tyler, TX 75702

Daralyn J. Durie, Esquire
Brian L. Ferrall, Esquire
Matthias A. Kamber, Esquire
Leo L. Lam, Esquire
Eric MacMichael, Esquire
Steven K. Taylor, Esquire
Matthew M. Werdegar, Esquire
Keker & Van Nest
710 Sansome Street
San Francisco, CA 94111

Joseph S. Grinstein, Esquire
Tibor L. Nagy, Esquire
Max L. Tribble, Jr., Esquire
Susman Godfrey LLP
1000 Louisiana, #5100
Houston, TX 77002

Josh A. Krevitt, Esquire
Gibson Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166

William W. Oxley, Esquire
Orrick Herrington & Sutcliffe LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017

Vineet Bhatia, Esquire
Susman Godfrey LLP
590 Madison Avenue, 8th Floor
New York, NY 10022

Otis W. Carroll, Jr., Esquire
Ireland Carroll & Kelley
6101 South Broadway, Suite 500
Tyler, TX 75703

Jennifer H. Doan, Esquire
Haltom  & Doan LLP
6500 North Summerhill Road
Crown Executive Center Suite 1A
PO Box 6227
Texarkana, TX 75505

Harry L. Gillam, Jr., esquire
Gillam & Smith LLP
303 South Washington Avenue
Marshall, TX 75670

Kevin D. Hogg, Esquire
Charles Juister, Esquire
Bradford P. Lyerla, Esquire
Marshall Gerstein & Borun LLP
233 South Wacher Drive
8300 Sears Tower
Chicago, Ill 60606

Gerald Levy, Esquire
Day Pitney LLP
200 Campus Drive
Florham, NJ 07932

Robert M. Parker, Esquire
Parker Bunt & Ainsworth PC
1000 E. Ferguson, Suite 1114
Tyler, TX 75702

Edward R. Reines, Esquire
Weil Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065

John F. Sweeney, Esquire
Morgan & Finnegan, LP
3 World Financial Center
New York, NY  10281

Johnathan B. Tropp, Esquire
Day Pitney LLP
One Canterbury Green
Stamford, CT  06901

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk