IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: REMBRANDT TECHNOLOGIES, LP PATENT LITIGATION | ) ) ) ) ) | MDL Docket No. 07-md-1848 (GMS) |
| MOTOROLA, INC., CISCO SYSTEMS, INC., SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, INC., THOMSON, INC., AMBIT MICROSYSTEMS, INC., and NETGEAR, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>REMBRANDT TECHNOLOGIES, LP,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 07-752-GMS |
| REMBRANDT TECHNOLOGIES, LP, and REMBRANDT TECHNOLOGIES, LLC d/b/a REMSTREAM,<br><br>Counter-Plaintiffs, Counterclaim Defendants,<br><br>v.<br><br>MOTOROLA, INC., CISCO SYSTEMS, INC., SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, INC., THOMSON, INC., AMBIT MICROSYSTEMS, INC., NETGEAR, INC.,<br><br>Counter-Defendants,<br><br>and<br><br>TIME WARNER CABLE, INC., TIME WARNER CABLE LLC, TIME WARNER NEW YORK CABLE LLC, TIME WARNER ENTERTAINMENT COMPANY, LP, COMCAST CORPORATION, COMCAST CABLE COMMUNICATIONS, LLC, CHARTER COMMUNICATIONS, INC., CHARTER COMMUNICATIONS OPERATING, LLC, COXCOM, INC., COX COMMUNICATIONS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 07-752-GMS |



INC., COX ENTERPRISES, INC., CSC HOLDINGS, INC., CABLEVISION SYSTEMS CORPORATION, ADELPHIA COMMUNICATIONS CORPORATION, CENTURY-TCI CALIFORNIA COMMUNICATIONS, LP, CENTURY-TCI HOLDINGS, LLC, COMCAST OF FLORIDA/PENNSYLVANIA, L.P. (f/k/a PARNASSOS, LP), COMCAST OF PENNSYLVANIA II, L.P. (f/k/a CENTURY-TCI CALIFORNIA, L.P.), PARNASSOS COMMUNICATIONS, LP, ADELPHIA CONSOLIDATION, LLC, PARNASSOS HOLDINGS, LLC, and WESTERN NY CABLEVISION, LP,

        Counter-Defendants, Counterclaim Plaintiffs,

        and

TIME WARNER ENTERTAINMENT-ADVANCE/NEWHOUSE PARTNERSHIP,

        Counterclaim Plaintiff.

## TWC'S RULE 7.1 DISCLOSURE STATEMENT

Pursuant to FRCP Rule 7.1, Time Warner Cable Inc., Time Warner Cable LLC, Time Warner New York Cable LLC (properly known as Time Warner NY Cable LLC), Time Warner Entertainment Company, L.P., and Time Warner Entertainment-Advance/Newhouse Partnership (collectively, "TWC") state the following:

    1.    Time Warner Cable Inc. states that it is a publicly held company. Time Warner Inc., a publicly held company, owns, through wholly-owned subsidiaries, more than 10% of Time Warner Cable Inc.'s stock.

    2.    Time Warner Cable LLC states that it is a Delaware limited liability company, which is owned by Time Warner Cable Inc. Time Warner Cable LLC is owned indirectly by Time Warner Inc. Time Warner Cable Inc. and Time Warner Inc. are publicly held companies.

    3.    Time Warner NY Cable LLC states that it is a Delaware limited liability

company, which is owned by TW NY Cable Holding Inc. Time Warner NY Cable LLC is owned indirectly by Time Warner Cable Inc. and Time Warner Inc., which are publicly held companies.

4. Time Warner Entertainment Company, L.P. states that it is a Delaware limited partnership which is owned by Time Warner NY Cable LLC and, through wholly-owned subsidiaries, by Time Warner Cable LLC. Time Warner Entertainment Company, L.P. is owned indirectly by Time Warner Cable Inc. and Time Warner Inc., which are publicly held companies.

5. Time Warner Entertainment-Advance/Newhouse Partnership states that it is a New York general partnership which is owned by Time Warner NY Cable LLC and, through wholly-owned subsidiaries, by Time Warner Entertainment Company, L.P. Time Warner Entertainment-Advance/Newhouse Partnership is owned indirectly by Time Warner Cable Inc. and Time Warner Inc., which are publicly held companies.

Dated: February 8, 2008

By: /s/ David S. Benyacar
David S. Benyacar
Daniel L. Reisner
**Kaye Scholer LLP**
425 Park Avenue
New York, NY 10022-3598
(212) 836-8000

*Attorneys for Time Warner Cable Inc., Time Warner Cable LLC, Time Warner New NY Cable LLC, Time Warner Entertainment Company, L.P., and Time Warner Entertainment-Advance/Newhouse Partnership*

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2008, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF.

I further certify that I caused to be served copies of the foregoing document on February 8, 2008 upon the following in the manner indicated:

### VIA EMAIL

Collins J. Seitz, Jr., Esquire
Francis DiGiovanni, Esquire
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801
cseitz@cblh.com
fdigiovanni@cblh.com

Jack B. Blumenfeld
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. box 1347
Wilmington, DE 19899
jblumenfeld@mnat.com

Eric R. Lamison, Esquire
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
elamison@kirkland.com

John W. Shaw, Esquire
YOUNG CONAWAY STARGATT & TAYLOR LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
jshaw@ycst.com

John M. DesMarais, Esquire
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022-4611
Jdesmarais@kirkland.com

        /s/ David S. Benyacar
David S. Benyacar, Esq.
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
dbenyacar@kayescholer.com