IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: REMBRANDT TECHNOLOGIES, LP PATENT LITIGATION | ) ) ) | MDL Docket No. 07-md-1848 (GMS) |
| —————————————————— | ) ) | |
| MOTOROLA, INC., CISCO SYSTEMS, INC., SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, INC., THOMSON, INC., AMBIT MICROSYSTEMS, INC., and NETGEAR, INC.,        Plaintiffs,     v. REMBRANDT TECHNOLOGIES, LP,        Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) | |
| —————————————————— | ) ) | |
| REMBRANDT TECHNOLOGIES, LP, and REMBRANDT TECHNOLOGIES, LLC d/b/a REMSTREAM,        Counter-Plaintiffs,     v. MOTOROLA, INC., CISCO SYSTEMS, INC., SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, INC., THOMSON, INC., AMBIT MICROSYSTEMS, INC., NETGEAR, INC., TIME WARNER CABLE, INC., TIME WARNER CABLE LLC, TIME WARNER NEW YORK CABLE LLC, TIME WARNER ENTERTAINMENT COMPANY, LP, COMCAST CORPORATION, COMCAST CABLE COMMUNICATIONS, LLC, CHARTER COMMUNICATIONS, INC., CHARTER COMMUNICATIONS OPERATING, LLC, COXCOM, INC., COX COMMUNICATIONS, INC., COX ENTERPRISES, INC., CSC HOLDINGS, INC., CABLEVISION SYSTEMS CORPORATION, ADELPHIA COMMINICATIONS CORPORATION, CENTURY-TCI CALIFORNIA COMMUNICATIONS, LP, CENTURY-TCI HOLDINGS, LLC, COMCAST OF FLORIDA/PENNSYLVANIA, L.P. (f/k/a PARNASSOS, LP), COMCAST OF PENNSYLVANIA II, L.P. (f/k/a CENTURY-TCI | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 07-752-GMS **JURY TRIAL DEMANDED** |

CALIFORNIA, L.P.), PARNASSOS                    )
COMMUNICATIONS, LP, ADELPHIA                    )
CONSOLIDATION, LLC, PARNASSOS                   )
HOLDINGS, LLC, and WESTERN NY                   )
CABLEVISION, LP,                               )
                Counter-Defendants.          )

---

## REPLY OF COUNTER-DEFENDANTS CABLEVISION SYSTEMS CORPORATION AND CSC HOLDINGS, INC. TO COUNTERCLAIMS OF REMBRANDT TECHNOLOGIES, LP AND REMBRANDT TECHNOLOGIES, LLC, d/b/a REMSTREAM; AND COUNTER-COUNTERCLAIMS OF COUNTER-DEFENDANTS CABLEVISION SYSTEMS CORPORATION AND CSC HOLDINGS, INC.

Counter-Defendants Cablevision Systems Corporation and CSC Holdings, Inc. (collectively "Cablevision"), by their attorneys, reply to the Counterclaims of Counter-Plaintiffs Rembrandt Technologies, LP and Rembrandt Technologies, LLC, d/b/a Remstream (collectively "Rembrandt") as follows:

Except as expressly admitted herein, Cablevision denies each and every allegation in Rembrandt's Counterclaims.

### THE PARTIES

1.      Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 1, and therefore denies those allegations.

2.      Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 2, and therefore denies those allegations.

3.      Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 3, and therefore denies those allegations.

4.      Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 4, and therefore denies those allegations.

2

5.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 5, and therefore denies those allegations.

6.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 6, and therefore denies those allegations.

7.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 7, and therefore denies those allegations.

8.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 8, and therefore denies those allegations.

9.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 9, and therefore denies those allegations.

10.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 10, and therefore denies those allegations.

11.    Cablevision admits that one or more Cablevision Counter-Defendants, either directly, or indirectly through one or more subsidiaries, purchase cable modems from one or more Plaintiffs/Counter-Defendants and sell and/or lease some of that equipment and/or include the equipment in their networks for the provision of high-speed internet and cable broadband services.  Except as expressly so admitted, Cablevision denies the remaining allegations in Paragraph 11 as directed to Cablevision.  Cablevision lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 11 as directed to the non-Cablevision Counter-Defendants, and on that basis denies those allegations.

12.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 12, and therefore denies those allegations.

3

13.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 13, and therefore denies those allegations.

14.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 14, and therefore denies those allegations.

15.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 15, and therefore denies those allegations.

16.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 16, and therefore denies those allegations.

17.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 17, and therefore denies those allegations.

18.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 18, and therefore denies those allegations.

19.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 19, and therefore denies those allegations.

20.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 20, and therefore denies those allegations.

21.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 21, and therefore denies those allegations.

22.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 22, and therefore denies those allegations.

23.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 23, and therefore denies those allegations.

RLF1-3252090-1

24.     Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 24, and therefore denies those allegations.

25.     Admitted.

26.     Admitted.

27.     Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 27, and therefore denies those allegations.

28.     Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 28, and therefore denies those allegations.

29.     Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 29, and therefore denies those allegations.

30.     Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 30, and therefore denies those allegations.

31.     Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 31, and therefore denies those allegations.

32.     Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 32, and therefore denies those allegations.

33.     Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 33, and therefore denies those allegations.

34.     Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 34, and therefore denies those allegations.

35.     Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 35, and therefore denies those allegations.

RLF1-3252090-1

36.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 36, and therefore denies those allegations.

## JURISDICTION AND VENUE

37.    Cablevision admits that Counter-Plaintiffs purport to bring an action for patent infringement arising under the patent laws of the United States, but Cablevision denies the legal sufficiency of Counter-Plaintiffs' claims and allegations and denies that Counter-Plaintiffs have any viable claim thereunder.

38.    Cablevision admits that this Court has subject matter jurisdiction over patent infringement claims under 28 U.S.C. §§ 1331 and 1338(a), but denies the legal sufficiency of Counter-Plaintiffs' claims and allegations.

39.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 39, and therefore denies those allegations.

40.    Cablevision admits that the Cablevision Counter-Defendants are Delaware entities and that this Court has personal jurisdiction over them, but denies the remaining allegations in paragraph 40 as directed to Cablevision.  Cablevision lacks sufficient information to form a belief as to the truth of the allegations in paragraph 40 as directed to the non-Cablevision Counter-Defendants, and on that basis denies those allegations.

41.    Cablevision admits that venue is proper in this judicial district, but denies the legal sufficiency of Counter-Plaintiffs' claims and allegations.

## COUNT I

42.    Cablevision incorporates its responses to Paragraphs 1-41 as if fully set forth herein.

6

43.    Cablevision admits that U.S. Patent No. 4,937,819 is entitled "Time Orthogonal Multiple Virtual DCE For Use In Analog And Digital Networks," but lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 43, and therefore denies these allegations.

44.    Cablevision admits that the '819 patent on its face indicates that it was issued by the United States Patent and Trademark Office on June 26, 1990, but otherwise denies the allegations of Paragraph 44.

45.    Cablevision admits that one or more Cablevision Counter-Defendants, either directly, or indirectly through one or more subsidiaries, purchase cable equipment from one or more Plaintiffs/Counter-Defendants for use in the operation of cable networks,  but denies that it sells, leases, and/or uses such equipment "throughout the United States."  Cablevision further denies the remaining allegations in Paragraph 45 as directed to Cablevision.  Cablevision lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 45 as directed to the non-Cablevision Counter-Defendants, and on that basis denies those allegations.

46.    Cablevision denies the allegations of Paragraph 46 to the extent that they are directed to Cablevision.  Cablevision lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 46 as directed to the non-Cablevision Counter-Defendants, and on that basis denies those allegations.

47.    Cablevision denies the allegations of Paragraph 47 as directed to Cablevision. Cablevision lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 47 as directed to the non-Cablevision Counter-Defendants, and on that basis denies those allegations.

7

48.    Cablevision denies the allegations of Paragraph 48 as directed to Cablevision. Cablevision lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 48 as directed to the non-Cablevision Counter-Defendants, and on that basis denies those allegations.

## COUNT II

49.    Cablevision incorporates its responses to Paragraphs 1-48 as if fully set forth herein.

50.    Cablevision admits that U.S. Patent No. 5,008,903 is entitled "Adaptive Transmit Pre-Emphasis For Digital Modem Computed From Noise Spectrum," but lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 50, and therefore denies these allegations.

51.    Cablevision admits that the '903 patent on its face indicates that it was issued by the United States Patent and Trademark Office on April 16, 1991, but otherwise denies the allegations of Paragraph 51.

52.    Cablevision admits that one or more Cablevision Counter-Defendants, either directly, or indirectly through one or more subsidiaries, purchase cable equipment from one or more Plaintiffs/Counter-Defendants for use in the operation of cable networks, but denies that it sells, leases, and/or uses such equipment "throughout the United States." Cablevision further denies the remaining allegations in Paragraph 52 as directed to Cablevision. Cablevision lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 52 as directed to the non-Cablevision Counter-Defendants, and on that basis denies those allegations.

53.    Cablevision denies the allegations of Paragraph 53 to the extent that they are directed to Cablevision. Cablevision lacks sufficient information to form a belief as to the truth

8

of the allegations in Paragraph 53 as directed to the non-Cablevision Counter-Defendants, and on that basis denies those allegations.

54.     Cablevision denies the allegations of Paragraph 54 as directed to Cablevision. Cablevision lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 54 as directed to the non-Cablevision Counter-Defendants, and on that basis denies those allegations.

55.     Cablevision denies the allegations of Paragraph 55 as directed to Cablevision. Cablevision lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 55 as directed to the non-Cablevision Counter-Defendants, and on that basis denies those allegations.

**COUNT III**

56.     Cablevision incorporates its responses to Paragraphs 1-55 as if fully set forth herein.

57.     Cablevision admits that U.S. Patent No. 5,710,761 is entitled "Error Correction Negotiation Based On Modulation," but lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 57, and therefore denies these allegations.

58.     Cablevision admits that the '761 patent on its face indicates that it was issued by the United States Patent and Trademark Office on January 20, 1998, but otherwise denies the allegations of Paragraph 58.

59.     Cablevision admits that one or more Cablevision Counter-Defendants, either directly, or indirectly through one or more subsidiaries, purchase cable equipment from one or more Plaintiffs/Counter-Defendants, but denies that it sells and/or leases such equipment "throughout the United States." Cablevision further denies the remaining allegations in

9

Paragraph 59 as directed to Cablevision.    Cablevision lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 59 as directed to the non-Cablevision Counter-Defendants, and on that basis denies those allegations.

60.    Cablevision denies the allegations of Paragraph 60 to the extent that they are directed to Cablevision. Cablevision lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 60 as directed to the non-Cablevision Counter-Defendants, and on that basis denies those allegations.

61.    Cablevision denies the allegations of Paragraph 61 as directed to Cablevision. Cablevision lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 61 as directed to the non-Cablevision Counter-Defendants, and on that basis denies those allegations.

62.    Cablevision denies the allegations of Paragraph 62 as directed to Cablevision. Cablevision lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 62 as directed to the non-Cablevision Counter-Defendants, and on that basis denies those allegations.

63.    Cablevision denies the allegations of Paragraph 63 as directed to Cablevision. Cablevision lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 63 as directed to the non-Cablevision Counter-Defendants, and on that basis denies those allegations.

## COUNT IV

64.    Cablevision incorporates its responses to Paragraphs 1-63 as if fully set forth herein.

10

65.    Cablevision admits that U.S. Patent No. 5,719,858 is entitled "Time-Division Multiple-Access Method For Packet Transmission On Shared Synchronous Serial Buses," but lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 65, and therefore denies these allegations.

66.    Cablevision admits that the '858 patent on its face indicates that it was issued by the United States Patent and Trademark Office on February 17, 1998, but otherwise denies the allegations of Paragraph 66.

67.    Cablevision admits that one or more Cablevision Counter-Defendants, either directly, or indirectly through one or more subsidiaries, purchase cable equipment from one or more Plaintiffs/Counter-Defendants for use in the operation of cable networks, but denies that it sells, leases, and/or uses such equipment "throughout the United States." Cablevision further denies the remaining allegations in Paragraph 67 as directed to Cablevision. Cablevision lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 67 as directed to the non-Cablevision Counter-Defendants, and on that basis denies those allegations.

68.    Cablevision denies the allegations of Paragraph 68 to the extent that they are directed to Cablevision. Cablevision lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 68 as directed to the non-Cablevision Counter-Defendants, and on that basis denies those allegations.

69.    Cablevision denies the allegations of Paragraph 69 as directed to Cablevision. Cablevision lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 69 as directed to the non-Cablevision Counter-Defendants, and on that basis denies those allegations.

11

70.     Cablevision denies the allegations of Paragraph 70 as directed to Cablevision. Cablevision lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 70 as directed to the non-Cablevision Counter-Defendants, and on that basis denies those allegations.

## COUNT V

71.     Cablevision incorporates its responses to Paragraphs 1-70 as if fully set forth herein.

72.     Cablevision admits that U.S. Patent No. 5,778,234 is entitled "Method For Downloading Programs," but lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 72, and therefore denies these allegations.

73.     Cablevision admits that the '234 patent on its face indicates that it was issued by the United States Patent and Trademark Office on July 7, 1998, but otherwise denies the allegations of Paragraph 73.

74.     Cablevision admits that one or more Cablevision Counter-Defendants, either directly, or indirectly through one or more subsidiaries, purchase cable equipment from one or more Plaintiffs/Counter-Defendants, but denies that it sells and/or leases such equipment "throughout the United States."    Cablevision further denies the remaining allegations in Paragraph 74 as directed to Cablevision.    Cablevision lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 74 as directed to the non-Cablevision Counter-Defendants, and on that basis denies those allegations.

75.     Cablevision denies the allegations of Paragraph 75 to the extent that they are directed to Cablevision. Cablevision lacks sufficient information to form a belief as to the truth

12

of the allegations in Paragraph 75 as directed to the non-Cablevision Counter-Defendants, and on that basis denies those allegations.

76.    Cablevision denies the allegations of Paragraph 76 as directed to Cablevision. Cablevision lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 76 as directed to the non-Cablevision Counter-Defendants, and on that basis denies those allegations.

77.    Cablevision denies the allegations of Paragraph 77 as directed to Cablevision. Cablevision lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 77 as directed to the non-Cablevision Counter-Defendants, and on that basis denies those allegations.

78.    Cablevision denies the allegations of Paragraph 78 as directed to Cablevision. Cablevision lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 78 as directed to the non-Cablevision Counter-Defendants, and on that basis denies those allegations.

## COUNT VI

79.    Cablevision incorporates its responses to Paragraphs 1-78 as if fully set forth herein.

80.    Cablevision admits that U.S. Patent No. 5,852,631 is entitled "System And Method For Establishing Link Layer Parameters Based On Physical Layer Modulation," but lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 80, and therefore denies these allegations.

13

81.    Cablevision admits that the '631 patent on its face indicates that it was issued by the United States Patent and Trademark Office on December 22, 1998, but otherwise denies the allegations of Paragraph 81.

82.    Cablevision admits that one or more Cablevision Counter-Defendants, either directly, or indirectly through one or more subsidiaries, purchase cable equipment from one or more Plaintiffs/Counter-Defendants for use in the operation of cable networks, but denies that it sells, leases, and/or uses such equipment "throughout the United States." Cablevision further denies the remaining allegations in Paragraph 82 as directed to Cablevision. Cablevision lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 82 as directed to the non-Cablevision Counter-Defendants, and on that basis denies those allegations.

83.    Cablevision denies the allegations of Paragraph 83 to the extent that they are directed to Cablevision. Cablevision lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 83 as directed to the non-Cablevision Counter-Defendants, and on that basis denies those allegations.

84.    Cablevision denies the allegations of Paragraph 84 as directed to Cablevision. Cablevision lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 84 as directed to the non-Cablevision Counter-Defendants, and on that basis denies those allegations.

85.    Cablevision denies the allegations of Paragraph 85 as directed to Cablevision. Cablevision lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 85 as directed to the non-Cablevision Counter-Defendants, and on that basis denies those allegations.

## COUNT VII

86.     Cablevision incorporates its responses to Paragraphs 1-85 as if fully set forth herein.

87.     Cablevision admits that U.S. Patent No. 6,131,159 is entitled "System For Downloading Programs," but lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 87, and therefore denies these allegations.

88.     Cablevision admits that the '159 patent on its face indicates that it was issued by the United States Patent and Trademark Office on October 10, 2000, but otherwise denies the allegations of Paragraph 88.

89.     Cablevision admits that one or more Cablevision Counter-Defendants, either directly, or indirectly through one or more subsidiaries, purchase cable equipment from one or more Plaintiffs/Counter-Defendants, but denies that it sells and/or leases such equipment "throughout the United States."     Cablevision further denies the remaining allegations in Paragraph 89 as directed to Cablevision.     Cablevision lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 89 as directed to the non-Cablevision Counter-Defendants, and on that basis denies those allegations.

90.     Cablevision denies the allegations of Paragraph 90 to the extent that they are directed to Cablevision. Cablevision lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 90 as directed to the non-Cablevision Counter-Defendants, and on that basis denies those allegations.

91.     Cablevision denies the allegations of Paragraph 91 as directed to Cablevision. Cablevision lacks sufficient information to form a belief as to the truth of the allegations in

15

Paragraph 91 as directed to the non-Cablevision Counter-Defendants, and on that basis denies those allegations.

92.     Cablevision denies the allegations of Paragraph 92 as directed to Cablevision. Cablevision lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 92 as directed to the non-Cablevision Counter-Defendants, and on that basis denies those allegations.

93.     Cablevision denies the allegations of Paragraph 93 as directed to Cablevision. Cablevision lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 93 as directed to the non-Cablevision Counter-Defendants, and on that basis denies those allegations.

## COUNT VIII

94.     Cablevision incorporates its responses to Paragraphs 1-93 as if fully set forth herein.

95.     Cablevision admits that U.S. Patent No. 6,950,444 is entitled "System And Method For A Robust Preamble And Transmission Delimiting In A switched-Carrier Transceiver," but lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 95, and therefore denies these allegations.

96.     Cablevision admits that the '444 patent on its face indicates that it was issued by the United States Patent and Trademark Office on September 27, 2005, but otherwise denies the allegations of Paragraph 96.

97.     Cablevision admits that one or more Cablevision Counter-Defendants, either directly, or indirectly through one or more subsidiaries, purchase cable equipment from one or more Plaintiffs/Counter-Defendants, but denies that it sells and/or leases such equipment

16

"throughout the United States." Cablevision further denies the remaining allegations in Paragraph 97 as directed to Cablevision. Cablevision lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 97 as directed to the non-Cablevision Counter-Defendants, and on that basis denies those allegations.

98. Cablevision denies the allegations of Paragraph 98 to the extent that they are directed to Cablevision. Cablevision lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 98 as directed to the non-Cablevision Counter-Defendants, and on that basis denies those allegations.

99. Cablevision denies the allegations of Paragraph 99 as directed to Cablevision. Cablevision lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 99 as directed to the non-Cablevision Counter-Defendants, and on that basis denies those allegations.

100. Cablevision denies the allegations of Paragraph 100 as directed to Cablevision. Cablevision lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 100 as directed to the non-Cablevision Counter-Defendants, and on that basis denies those allegations.

101. Cablevision denies the allegations of Paragraph 101 as directed to Cablevision. Cablevision lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 101 as directed to the non-Cablevision Counter-Defendants, and on that basis denies those allegations.

## DEFENSES

102. Further replying to Rembrandt's Counterclaims, Cablevision asserts the following defenses:

17

## FIRST DEFENSE

103.   Counts I-VIII of Rembrandt's Counterclaims fail to state a claim upon which relief can be granted.

104.   Cablevision has not infringed and does not infringe any valid claim of any of the '819, '903, '761, '858, '234, '631, '159, and '444 patents (collectively, "the asserted patents"), either directly or indirectly.

105.   Rembrandt has not been damaged in any amount, manner, or at all by reason of any act alleged against Cablevision, and therefore the relief Rembrandt prays for cannot be granted.

106.   Rembrandt is not entitled to permanent injunctive relief.

## SECOND DEFENSE

107.   Each claim of the asserted patents is invalid at least for failure to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

## THIRD DEFENSE

108.   Prosecution history estoppel applies to preclude Rembrandt from maintaining that any claim of the asserted patents covers any of the accused systems operated by Cablevision.

## FOURTH DEFENSE

109.   On information and belief, Rembrandt has misused the asserted patents by bringing and maintaining its claims of patent infringement against Cablevision in bad faith and without probable cause when it knew or should have known that it had no valid claim of patent infringement against Cablevision, and by purporting to enforce the asserted patents and demand royalties and other damages with respect to products not covered by the asserted patents.

18

### FIFTH DEFENSE

110.   Rembrandt's claims are barred in whole or in part by the doctrine of laches.

### SIXTH DEFENSE

111.   Rembrandt's claims are barred in whole or in part by the doctrine of estoppel.

### SEVENTH DEFENSE

112.   Rembrandt's claims are barred in whole or in part by express or implied license and/or the doctrine of patent exhaustion.

### EIGHTH DEFENSE

113.   To the extent Rembrandt seeks damages for alleged infringement more than six years prior to the filing of this action, the claims are barred by the statute of limitations pursuant to 35 U.S.C. § 286.

### NINTH DEFENSE

**114.**   To the extent Rembrandt seeks damages for any alleged infringement prior to its giving actual notice of the patents to Cablevision, its claims are barred pursuant to 35 U.S.C. § 287(a).

### TENTH DEFENSE

115.   Rembrandt's claims are barred in whole or in part by the doctrine of unclean hands.

### ELEVENTH DEFENSE

116.   Rembrandt is not entitled to any injunctive relief because any alleged injury to it is not immediate or irreparable, and Rembrandt has an adequate remedy at law for any alleged injury.

RLF1-3252090-1

## COUNTER-COUNTERCLAIMS

Counter-Defendants Cablevision Systems Corporation and CSC Holdings, Inc. (collectively "Cablevision"), by their attorneys, assert the following Counter-Counterclaims against Rembrandt Technologies, LP and Rembrandt Technologies, LLC, d/b/a Remstream (collectively "Rembrandt"):

## PARTIES

117.    Cablevision Systems Corporation is a Delaware corporation with its principal place of business at 1111 Stewart Avenue, Bethpage, New York 11714.

118.    CSC Holdings, Inc. is a Delaware corporation with its principal place of business at 1111 Stewart Avenue, Bethpage, New York 11714.

119.    Upon information and belief, Rembrandt Technologies, LP is a limited partnership organized under the laws of the state of New Jersey with its principal place of business at 401 City Avenue, Suite 815, Bala Cynwyd, Pennsylvania 19004.

120.    Upon information and belief, Rembrandt Technologies, LLC, is a Delaware limited liability company with its principal place of business at 401 City Avenue, Suite 815, Bala Cynwyd, Pennsylvania 19004.

## JURISDICTION AND VENUE

121.    These Counter-Counterclaims arise under federal law, and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

122.    This Court has personal jurisdiction over Rembrandt because it has submitted to the jurisdiction of this Court.

123.    Venue is proper under 28 U.S.C. § 1391 and 1400(b).

20

124.    Rembrandt has previously asserted in this litigation that Cablevision Systems Corporation and CSC Holdings, Inc. infringe U.S. Patent No. 4,937,819, 5,008,903, 5,243,627, 5,719,858, and 5,852,631. Rembrandt's Counterclaims additionally assert that that Cablevision infringes U.S. Patent Nos. 4,937,819, 5,008,903, 5,710,761, 5,719,858, 5,778,234, 5,852,631, 6,131,159, and 6,950,444 (together with the '627 patent, "the asserted patents"). An actual controversy exists between Rembrandt and Cablevision over the alleged infringement, invalidity, and unenforceability of the asserted patents.

## FIRST COUNTER-COUNTERCLAIM

125.    Cablevision incorporates and realleges Paragraphs 1 through 124 as though fully set forth herein.

126.    Cablevision has not infringed and does not directly or indirectly infringe any valid, enforceable claim of any of the asserted patents, either literally or under the doctrine of equivalents.

## SECOND COUNTER-COUNTERCLAIM

127.    Cablevision incorporates and realleges Paragraphs 1 through 126 as though fully set forth herein.

**128.**    The asserted patents are invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

## DEMAND FOR A JURY TRIAL

Cablevision demands a jury trial, pursuant to Fed. R. Civ. P. 38(b), on all Counter-Counterclaims and as to all issues that may be tried by a jury.

RLF1-3252090-1

**PRAYER FOR RELIEF**

FOR THESE REASONS, Cablevision respectfully requests that this Court enter judgment in its favor and grant the following relief:

a.    An order declaring that Rembrandt, its officers, directors, agents, servants, employees, and attorneys, and those persons in active concert with it, take nothing on the claims asserted in the Counterclaims.

b.    A declaration that Cablevision does not infringe any of U.S. Patent Nos. 4,937,819, 5,008,903, 5,243,627, 5,710,761, 5,719,858, 5,778,234, 5,852,631, 6,131,159, and 6,950,444 (collectively, "the asserted patents");

c.    A declaration that the asserted patents are invalid;

d.    An order declaring that this is an exceptional case and awarding Cablevision its costs, expenses, reasonable attorney fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

e.    Any such other relief as the Court may deem appropriate and just under the circumstances.

22

*Kelly E. Farnan*
Frederick M. Cottrell, III (#2555)
cottrell@rlf.com
Kelly E. Farnan (#4395)
farnan@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700

*Attorneys for Counter-Defendants Cablevision
Systems Corporation and CSC Holdings, Inc.*

OF COUNSEL:

Josh A. Krevitt
Charles J. Boudreau
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, New York 10166-0193
(212) 351-4000

David Segal
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612-4412
(949) 451-3800

Amanda J. Tessar
GIBSON, DUNN & CRUTCHER LLP
1801 California Street, Suite 4200
Denver, CO 80202-2642
(303) 298-5700

Dated:  February 8, 2008

# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Kelly E. Farnan, here certify that on February 8, 2008, I electronically filed the

foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to

the following and which has also been served as noted:

## BY HAND DELIVERY:

Collins J. Seitz, Jr., Esquire
Francis DiGiovanni, Esquire
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801

I further certify that on February 8, 2008, the foregoing document was served on the

following persons in the manner indicated:

## BY E-MAIL:

John W. Shaw, Esquire
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
jshaw@ycst.com

Jack B. Blumenfeld, Esquire
Karen Jacobs Louden, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19803
jblumenfeld@mnat.com
klouden@mnat.com

David S. Benyacar, Esquire
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022
dbenyacar@kayescholer.com

John M. Desmarais, Esquire
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022-4611
jdesmarais@kirkland.com

1

Matthew D. Powers, Esquire
Edward R. Reines, Esquire
Weil, Gotshal & Manges LLP
201 Redwood Shore Parkway
Redwood Shores, CA 94065
matthew.powers@weil.com
edward.reines@weil.com

Eric R. Lamison, Esquire
Kirkland & Ellis LLP
555 California Street
San Francisco, CA 94104
elamison@kirkland.com

Kelly E. Farnan (#4395)

RLF1-3252041-1