**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| IN RE: REMBRANDT TECHNOLOGIES, LP PATENT LITIGATION | ) ) ) ) ) ) ) MDL Docket No. 07-md-1848 (GMS) |
| MOTOROLA, INC., CISCO SYSTEMS, INC., SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, INC., THOMSON, INC., AMBIT MICROSYSTEMS, INC., and NETGEAR, INC., Plaintiffs, v. REMBRANDT TECHNOLOGIES, LP, Defendant. | ) ) ) ) ) ) Civil Action No. 07-752-GMS ) ) ) **JURY TRIAL DEMANDED** ) ) ) ) ) ) |
| REMBRANDT TECHNOLOGIES, LP, and REMBRANDT TECHNOLOGIES, LLC d/b/a REMSTREAM, Counter-Plaintiffs, v. MOTOROLA, INC., CISCO SYSTEMS, INC., SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, INC., THOMSON, INC., AMBIT MICROSYSTEMS, INC., NETGEAR, INC., TIME WARNER CABLE, INC., TIME WARNER CABLE LLC, TIME WARNER NEW YORK CABLE LLC, TIME WARNER ENTERTAINMENT COMPANY, LP, COMCAST CORPORATION, COMCAST CABLE COMMUNICATIONS, LLC, CHARTER COMMUNICATIONS, INC., CHARTER COMMUNICATIONS OPERATING, LLC, | ) ) ) ) ) ) ) Civil Action No. 07-752-GMS ) ) ) **JURY TRIAL DEMANDED** ) ) ) ) ) ) ) ) ) ) ) |

COXCOM, INC., CSC HOLDINGS, INC.,                )
CABLEVISION SYSTEMS CORPORATION,                 )
ADELPHIACOMMINICATIONS                           )
CORPORATION, CENTURY-TCI CALIFORNIA              )
COMMUNICATIONS, LP, CENTURY-TCI                  )
HOLDINGS, LLC, COMCAST OF                        )
FLORIDA/PENNSYLVANIA, L.P. (f/k/a                )
PARNASSOS, LP), COMCAST OF                       )
PENNSYLVANIA II, L.P. (f/k/a CENTURY-TCI         )
CALIFORNIA, L.P.), PARNASSOS                     )
COMMUNICATIONS, LP, ADELPHIA                     )
CONSOLIDATION, LLC, PARNASSOS                    )
HOLDINGS, LLC, and WESTERN NY                    )
CABLEVISION, LP,                                 )
                                                 )
       Counter-Defendants.                    )
                                                 )
                                                )
_____          )
                                                 )
REMBRANDT TECHNOLOGIES, LP, and                  )
REMBRANDT TECHNOLOGIES, LLC d/b/a                )
REMSTREAM,                                       )
                                                 )
       Counter Counterclaim-Plaintiffs,      )
                                                 )
       v.                                    )
                                                 )
TIME WARNER ENTERTAINMENT-                       )
ADVANCE/NEWHOUSE PARTNERSHIP, and                )
COMCAST CABLE COMMUNICATION                      )
HOLDINGS, INC.                                   )
                                                 )
       Counter Counterclaim-Defendants.      )
                                                 )
_____          )

## REPLY OF REMBRANDT TECHNOLOGIES, LP
## AND REMBRANDT TECHNOLOGIES, LLC d/b/a REMSTREAM TO
## COUNTERCLAIMS OF CABLEVISION SYSTEMS CORPORATION
## <u>AND CSC HOLDINGS, INC.</u>

Defendant/Counter-Plaintiffs Rembrandt Technologies, LP and Rembrandt Technologies,

LLC d/b/a Remstream (collectively "Rembrandt"), by their undersigned attorneys, reply to the

594580

counterclaims of Counter-Defendants Cablevision Systems Corporation and CSC Holdings, Inc.

(collectively "Cablevision") as follows:

## Parties

117.    Cablevision Systems Corporation is a Delaware corporation with its principal place of business at 1111 Stewart Avenue, Bethpage, New York 11714.

Answer:
Upon information and belief, Rembrandt admits that Cablevision Systems Corporation is a corporation organized under the laws of the state of Delaware with its principal place of business at 1111 Stewart Avenue, Bethpage, New York 11714.

118.    CSC Holdings, Inc. is a Delaware corporation with its principal place of business at 1111 Stewart Avenue, Bethpage, New York 11714.

Answer:
Upon information and belief, Rembrandt admits that CSC Holdings, Inc. is a corporation organized under the laws of the state of Delaware with its principal place of business at 1111 Stewart Avenue, Bethpage, New York 11714.

119.    Upon information and belief, Rembrandt Technologies, LP is a limited partnership organized under the laws of the state of New Jersey with its principal place of business at 401 City Avenue, Suite 815, Bala Cynwyd, Pennsylvania 19004.

Answer:
Rembrandt Technologies, LP admits that it is a limited partnership organized under the laws of the State of New Jersey. Rembrandt Technologies, LP denies having its principal place of business at 401 City Avenue, Suite 815, Bala Cynwyd, PA 19004; Rembrandt's principal place of business is Suite 900 at the aforementioned address.

120.    Upon information and belief, Rembrandt Technologies, LLC, is a Delaware limited liability company with its principal place of business at 401 City Avenue, Suite 815, Bala Cynwyd, Pennsylvania 19004.

Answer:
Rembrandt Technologies, LLC admits that it is a limited liability company organized under the laws of the state of Delaware also doing business as Remstream. Rembrandt Technologies, LLC denies having its principal place of business at 401 City Avenue, Suite 815, Bala Cynwyd, PA 19004; Rembrandt's principal place of business is Suite 900 at the aforementioned address.

594580

**Jurisdiction and Venue**

121.    These Counter-Counterclaims arise under federal law, and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

Answer:
Admitted that Cablevision purports to bring counterclaims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.* and that the Court has jurisdiction over said claims. Denied that Cablevision is entitled to its requested relief.

122.    This Court has personal jurisdiction over Rembrandt because it has submitted to the jurisdiction of this Court.

Answer:
Admitted that this Court has personal jurisdiction over Rembrandt only for purposes of this case. Except as expressly admitted, Rembrandt denies the remainder of the allegations in this paragraph 122.

123.    Venue is proper under 28 U.S.C. §§ 1391 and 1400(b).

Answer:
Rembrandt does not contest that venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400 but denies that Charter is entitled to its requested relief.

124.    Rembrandt has previously asserted in this litigation that Cablevision Systems Corporation and CSC Holdings, Inc. infringe U.S. Patent No. 4,937,819; 5,008,903; 5,243,627; 5,719,858 and 5,852,631. Rembrandt's counterclaims additionally assert that Cablevision infringes U.S. Patent Nos. 4,937,819, 5,008,903, 5,710,761, 5,719,858, 5,778,234, 5,852,631, 6,131,159, and 6,950,444 (together with the' 627 patent, "the asserted patents"). An actual controversy exists between Rembrandt and Cablevision over the alleged infringement, invalidity, and unenforceability of the asserted patents.

Answer:
Admitted.

594580

### First Counter-Counterclaim

125.    Cablevision incorporates and realleges Paragraphs 1 through 124 as though fully set forth herein.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 124 as if fully set forth herein.

126.    Cablevision has not infringed and does not directly or indirectly infringe any valid, enforceable claim of any of the asserted patents, either literally or under the doctrine of equivalents.

Answer:
Denied.

### Second Counter-Counterclaim

127.    Cablevision incorporates and realleges Paragraphs 1 through 126 as thought fully set forth herein.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 126 as if fully set forth herein.

128.    The asserted patents are invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

Answer:
Denied.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

1.    The Counterclaims fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

2.    The '819, '903, '761, '858, '234, '631, '159, '444, and '627 patents are enforceable in all respects and infringed by Counter-Defendants Cablevision Systems Corporation and CSC Holdings, Inc.

594580

### Third Affirmative Defense

3.    Cablevision's counterclaims are barred, in whole or in part, by the doctrine of estoppel.

### Fourth Affirmative Defense

4.    Cablevision's counterclaims are barred, in whole or in part, by the doctrine of waiver.

### Fifth Affirmative Defense

5.    Cablevision is not entitled to the relief requested as a matter of law.

### Sixth Affirmative Defense

6.    Cablevision's counterclaims are barred by the doctrine of laches.

### Seventh Affirmative Defense

7.    Rembrandt reserves the right to assert additional and/or different affirmative defenses as discovery progresses, and hereby reserves the right to amend its reply to Cablevision's Counterclaim in support of any such defenses.

### PRAYER FOR RELIEF

Rembrandt denies that Counter-Counterclaimants Cablevision Systems Corporation and CSC Holdings, Inc. are entitled to any of the relief requested in their prayer for relief. Rembrandt respectfully requests that the Court enter judgment in its favor and against Counter-Counterclaimants Cablevision Systems Corporation and CSC Holdings, Inc. on all of their claims; that the Court find this case exceptional and award Rembrandt its costs and attorneys' fees pursuant to 35 U.S.C. § 285; and that the Court award Rembrandt such other further relief as the Court deems appropriate.

594580

Dated: February 27, 2008

/s/ Collins J. Seitz, Jr.
Collins J. Seitz, Jr. (#2237)
Francis DiGiovanni (#3189)
James D. Heisman (#2746)
Kristen Healey Cramer (#4512)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141
cseitz@cblh.com
fdigiovanni@cblh.com
jheisman@cblh.com
kcramer@cblh.com
Attorneys for Rembrandt Technologies, LP,
and Rembrandt Technologies, LLC d/b/a
Remstream

594580

## CERTIFICATE OF SERVICE

I, James D. Heisman., hereby certify that on the 27th day of February, 2008, a true copy of the foregoing **Reply of Rembrandt Technologies, LP and Rembrandt Technologies, LLC d/b/a Remstream to Counterclaims of Cablevision Systems Corporation and CSC Holdings, Inc.** was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following and the document is available for viewing and downloading from CM/ECF:

**BY E-MAIL**

| | |
|---|---|
| Jack B. Blumenfeld<br>Karen Jacobs Louden<br>Morris, Nichols, Arsht & Tunnell LLP<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>jblumenfeld@mnat.com<br>klouden@mnat.com | John W. Shaw<br>Young, Conaway, Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19899-0391<br>jshaw@ycst.com |
| Rodger D. Smith II (#3778)<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br>rsmith@mnat.com | Richard D. Kirk<br>Scott G. Wilcox<br>Stephen B. Brauerman<br>Bayard, PA<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899<br>rkirk@bayardlaw.com<br>swilcox@bayardlaw.com<br>sbrauerman@bayardlaw.com |

| | |
|---|---|
| Fredrick L. Cottrell, III<br>Kelly E. Farnan<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>cottrell@rlf.com<br>farnan@rlf.com | Peter J. Toren<br>Lawrence B. Goodwin<br>Monica V. Bhattacharyya<br>Stefan R. Stoyanov<br>Kasowitz, Benson, Torres & Friedman LLP<br>1633 Broadway<br>New York, NY 10019<br>ptoren@kasowitz.com<br>lgoodwin@kasowitz.com<br>mbhattacharyya@kasowitz.com<br>sstoyanov@kasowitz.com |
| Josh A. Krevitt<br>Charles J. Bourdreau<br>Gibson, Dunn & Crutcher LLP<br>200 Park Avenue, 47th Floor<br>New York, New York 10166-0193<br>jkrevitt@gibsondunn.com<br>cboudreau@gibsondunn.com | David Segal<br>Gibson, Dunn & Crutcher LLP<br>3161 Michelson Drive<br>Irvina, California 92612-4412<br>dsegal@gibsondunn.com |
| Amanda J. Tessar<br>Gibson, Dunn & Crutcher LLP<br>1801 California Street, Suite 4200<br>Denver, CO 80202-2642<br>atessar@gibsondunn.com | David S. Benyacar<br>Daniel L. Reisner<br>Kaye Scholer LLP<br>425 Park Avenue<br>New York, New York 10022<br>dbenyacar@kayescholer.com<br>dreisner@kayescholer.com |

| | |
|---|---|
| Matthew D. Powers<br>Edward R. Reines<br>Weil Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065<br>matthew.powers@weil.com<br>edward.reines@weil.com | Robert A. Van Nest<br>Brian L. Ferrall<br>Daralyn J. Durie<br>Leo L. Lam<br>Matthew M. Werdegar<br>KEKER & VAN NEST LLP<br>710 Sansome Street<br>San Francisco, CA 94111<br>rvannest@kvn.com<br>bferrall@kvn.com<br>ddurie@kvn.com<br>llam@kvn.com<br>mwerdegar@kvn.com |
| John Desmarais<br>Kirkland & Ellis LLP<br>Citigroup Center<br>153 East 53rd Street<br>New York, New York 10022<br>jdesmarais@kirkland.com | Eric R. Lamison<br>Kirkland & Ellis LLP<br>555 California Street, Ste. 2700<br>San Francisco, CA 94104<br>elamison@kirkland.com |
| Mitchell Stockwell<br>Kilpatrick & Stockton LLP<br>110 Peachtree Street, N.E.<br>Suite 2800<br>Atlanta, GA 30309<br>MStockwell@KilpatrickStockton.com | Bradford P. Lyerla<br>Kevin D. Hogg<br>Charles E. Juister<br>Marshall, Gerstein & Borun LLP<br>6300 Sears Tower<br>233 South Wacker Drive<br>Chicago, IL 60606-6357<br>blyerla@marshallip.com<br>khogg@marshallip.com<br>cjuister@marshallip.com |

By:  _/s/ James D. Heisman_
     James D. Heisman (#2746)
     jheisman@cblh.com