IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: REMBRANDT TECHNOLOGIES, LP PATENT LITIGATION | MDL Docket No. 07-md-1848 (GMS) |
| MOTOROLA, INC., CISCO SYSTEMS, INC., SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, INC., THOMSON, INC., AMBIT MICROSYSTEMS, INC., and NETGEAR, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>REMBRANDT TECHNOLOGIES, LP,<br><br>Defendant. | Civil Action No. 07-752-GMS<br><br>**JURY TRIAL DEMANDED** |
| REMBRANDT TECHNOLOGIES, LP, and REMBRANDT TECHNOLOGIES, LLC d/b/a REMSTREAM,<br><br>Counter-Plaintiffs,<br><br>v.<br><br>MOTOROLA, INC., CISCO SYSTEMS, INC., SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, INC., THOMSON, INC., AMBIT MICROSYSTEMS, INC., NETGEAR, INC., TIME WARNER CABLE, INC., TIME WARNER CABLE LLC, TIME WARNER NEW YORK CABLE LLC, TIME WARNER ENTERTAINMENT COMPANY, LP, COMCAST CORPORATION, COMCAST CABLE COMMUNICATIONS, LLC, CHARTER COMMUNICATIONS, INC., CHARTER COMMUNICATIONS OPERATING, LLC, | Civil Action No. 07-752-GMS<br><br>**JURY TRIAL DEMANDED** |

| | |
|---|---|
| COXCOM, INC., CSC HOLDINGS, INC., CABLEVISION SYSTEMS CORPORATION, ADELPHIACOMMINICATIONS CORPORATION, CENTURY-TCI CALIFORNIA COMMUNICATIONS, LP, CENTURY-TCI HOLDINGS, LLC, COMCAST OF FLORIDA/PENNSYLVANIA, L.P. (f/k/a PARNASSOS, LP), COMCAST OF PENNSYLVANIA II, L.P. (f/k/a CENTURY-TCI CALIFORNIA, L.P.), PARNASSOS COMMUNICATIONS, LP, ADELPHIA CONSOLIDATION, LLC, PARNASSOS HOLDINGS, LLC, and WESTERN NY CABLEVISION, LP,<br><br>        Counter-Defendants.<br><br>REMBRANDT TECHNOLOGIES, LP, and REMBRANDT TECHNOLOGIES, LLC d/b/a REMSTREAM,<br><br>        Counter Counterclaim-Plaintiffs,<br><br>        v.<br><br>TIME WARNER ENTERTAINMENT-ADVANCE/NEWHOUSE PARTNERSHIP, and COMCAST CABLE COMMUNICATION HOLDINGS, INC.<br><br>        Counter Counterclaim-Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**REPLY OF REMBRANDT TECHNOLOGIES, LP
AND REMBRANDT TECHNOLOGIES, LLC d/b/a REMSTREAM TO
<u>COUNTERCLAIMS OF COXCOM, INC.</u>**

Defendant/Counter-Plaintiffs Rembrandt Technologies, LP and Rembrandt Technologies, LLC d/b/a Remstream (collectively "Rembrandt"), by their undersigned attorneys, reply to the counterclaims of Counter-Defendant CoxCom, Inc. (hereinafter "CoxCom" or "Cox") as follows:

594578

## The Parties

1.  CoxCom, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business at 1400 Lake Hearn Dr., Atlanta, GA 30319.

Answer:
Upon information and belief, Rembrandt admits that CoxCom, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business at 1400 Lake Hearn Dr., Atlanta, GA 30319.

2.  On information and belief, Rembrandt is a limited partnership organized under the laws of the state of New Jersey with its principal place of business at 401 City Avenue, Suite 900, Bala Cynwyd, Pennsylvania.

Answer:
Admitted that Rembrandt Technologies, LP is a limited partnership organized under the laws of the state of New Jersey with its principal place of business at 401 City Avenue, Suite 900, Bala Cynwyd, Pennsylvania.

3.  On information and belief, Remstream is wholly owned by Rembrandt and is headquartered at 401 City Avenue, Suite 900, Bala Cynwyd, PA 19004.

Answer:
Admitted that Rembrandt Technologies, LLC is wholly owned by Rembrandt Technologies, LP, and also does business as Remstream and is headquartered at 401 City Avenue, Suite 900, Bala Cynwyd, PA.

## Jurisdiction and Venue

4.  This Court has jurisdiction over Cox's Counter-Counterclaim under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 and as arising under the Patent Laws in Title 35 of the United States Code.

Answer:
Rembrandt admits that Cox purports to bring a declaratory judgment counterclaim of non-infringement and invalidity under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 and the patent laws of the United States, 35 U.S.C. § 100 *et seq.* but denies that Cox is entitled to its requested relief. Rembrandt does not dispute that this Court has jurisdiction over the asserted claims.

5.   This Court has personal jurisdiction over Rembrandt and Remstream because they have submitted to the jurisdiction of this Court. In addition, on information and belief, the Court has personal jurisdiction over Rembrandt and Remstream because they regularly conduct business in Delaware, and have other sufficient contacts with Delaware.

Answer:
Admitted only that the Court has personal jurisdiction over Rembrandt, which as defined above includes Remstream, for purposes of this action. Except as expressly admitted the allegations of this paragraph 5 are denied.

6.   Venue in this District is proper under 28 U.S.C. §§ 1391 and 1400.

Answer:
Rembrandt does not contest that venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400, but denies that Cox is entitled to its requested relief.

## Facts

7.   On information and belief, Rembrandt claims to own all rights, title, and interest in and to United States Patent Nos. 5,243,627 ('the '627 patent"); 4,937,819 ("the '819 patent"); 5,008,903 ("the '903 patent"); 5,719,858 ("the '858 patent"); and 5,852,631 ("the '631 patent").

Answer:
Admitted.

8.   Rembrandt has accused Cox of infringing the '627, '819, '903, '858, and '631 patents.

Answer:
Admitted.

9.   On information and belief, Rembrandt claims to own all rights, title, and interest in and to United States Patent Nos. 5,710,761 ("the '761 patent"); 5,778,234 ("the '234 patent"); 6,131,159 ("the '159 patent"); and 6,950,444 ("the '444 patent"), and has granted exclusive rights under the '761, '234, '159, and '444 patents to Remstream.

Answer:
Denied as stated. Admitted that Rembrandt Technologies, LP owns all right, title, and interest in and to United States Patent Nos. 5,710,761 ("the '761 patent"); 5,778,234 ("the '234 patent"); 6,131,159 ("the '159 patent"); and 6,950,444 ("the '444 patent"), and has granted exclusive rights under the '761, '234, '159, and '444 patents to Rembrandt Technologies, LLC which also does business as Remstream.

10. Rembrandt and Remstream have accused Cox of infringing the '761, '234, '159, and '444 patents.

Answer:
Admitted.

11. An actual case or controversy exists between the parties as to the infringement, validity, and enforceability of the '627, '819, '858, '631, '761, '159, '234, '903, and '444 patents.

Answer:
Admitted.

## Count I
### Declaratory Judgment of Noninfringement, Invalidity and Unenforceability of the '627 Patent

12. Cox realleges and incorporates by reference Paragraphs 1 through 11 above.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 11 as if fully set forth herein.

13. Cox has not infringed and is not now infringing the '627 patent.

Answer:
Denied.

14. Cox has not caused others to infringe, and is not now causing others to infringe, the '627 patent.

Answer:
Denied.

15. The '627 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 112.

Answer:
Denied.

16. Any attempt by Rembrandt to assert the claims of the '627 patent against Cox is barred by the doctrine of laches at least because Rembrandt's delay in filing suit against Cox is unreasonable and inexcusable, and has caused Cox material evidentiary and/or economic prejudice.

Answer:
Denied.

17. Cox is entitled to a declaratory judgment that it has not infringed and is not infringing the '627 patent, and that the '627 patent is invalid and unenforceable.

Answer:
Denied.

18. This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and Cox is entitled to an award of its reasonable attorneys' fees.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by CoxCom.

### Count II
### Declaratory Judgment of Noninfringement, Invalidity and Unenforceability of the '858 Patent

19. Cox realleges and incorporates by reference Paragraphs 1 through 18 above.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 18 as if fully set forth herein.

20. Cox has not infringed and is not now infringing the '858 patent.

Answer:
Denied.

21. Cox has not caused others to infringe, and is not now causing others to infringe, the '858 patent.

Answer:
Denied.

594578

22. The '858 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 112.

Answer:
Denied.

23. Any attempt by Rembrandt to assert the claims of the '858 patent against Cox is barred by the doctrine of laches at least because Rembrandt's delay in filing suit against Cox is unreasonable and inexcusable, and has caused Cox material evidentiary and/or economic prejudice.

Answer:
Denied.

24. Cox is entitled to a declaratory judgment that it has not infringed and is not infringing the '858 patent, and that the '858 patent is invalid and unenforceable.

Answer:
Denied.

25. This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and Cox is entitled to an award of its reasonable attorneys' fees.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by CoxCom.

**Count III**
**Declaratory Judgment of Noninfringement, Invalidity and**
**Unenforceability of the '819 Patent**

26. Cox realleges and incorporates by reference Paragraphs 1 through 25 above.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 25 as if fully set forth herein.

27. Cox has not infringed and is not now infringing the '819 patent.

Answer:
Denied.

28. Cox has not caused others to infringe, and is not now causing others to infringe, the '819 patent.

Answer:
Denied.

29. The '819 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 112.

Answer:
Denied.

30. Any attempt by Rembrandt to assert the claims of the '819 patent against Cox is barred by the doctrine of laches at least because Rembrandt's delay in filing suit against Cox is unreasonable and inexcusable, and has caused Cox material evidentiary and/or economic prejudice.

Answer:
Denied.

31. Cox is entitled to a declaratory judgment that it has not infringed and is not infringing the '819 patent, and that the '819 patent is invalid and unenforceable.

Answer:
Denied.

32. This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and Cox is entitled to an award of its reasonable attorneys' fees.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by CoxCom.

**Count IV**
**Declaratory Judgment of Noninfringement, Invalidity and**
**Unenforceability of the '631 Patent**

33. Cox realleges and incorporates by reference Paragraphs 1 through 32 above.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 32 as if fully set forth herein.

594578

34. Cox has not infringed and is not now infringing the '631 patent.

<u>Answer</u>:
Denied.

35. Cox has not caused others to infringe, and is not now causing others to infringe, the '631 patent.

<u>Answer</u>:
Denied.

36. The '631 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 112.

<u>Answer</u>:
Denied.

37. Any attempt by Rembrandt to assert the claims of the '631 patent against Cox is barred by the doctrine of laches at least because Rembrandt's delay in filing suit against Cox is unreasonable and inexcusable, and has caused Cox material evidentiary and/or economic prejudice.

<u>Answer</u>:
Denied.

38. Cox is entitled to a declaratory judgment that it has not infringed and is not infringing the '631 patent, and that the '631 patent is invalid and unenforceable.

<u>Answer</u>:
Denied.

39. This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and Cox is entitled to an award of its reasonable attorneys' fees.

<u>Answer</u>:
Denied that this case is exceptional with respect to any claim for attorneys' fees by CoxCom.

594578

## Count V
## Declaratory Judgment of Noninfringement, Invalidity and
## Unenforceability of the '761 Patent

40. Cox realleges and incorporates by reference Paragraphs 1 through 39 above.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 39 as if fully set forth herein.

41. Cox has not infringed and is not now infringing the '761 patent.

Answer:
Denied.

42. Cox has not caused others to infringe, and is not now causing others to infringe, the '761 patent.

Answer:
Denied.

43. The '761 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 112.

Answer:
Denied.

44. Any attempt by Rembrandt or Remstream to assert the claims of the '761 patent against Cox is barred by the doctrine of laches at least because Rembrandt's and Remstream's delay in filing suit against Cox is unreasonable and inexcusable, and has caused Cox material evidentiary and/or economic prejudice.

Answer:
Denied.

45. Cox is entitled to a declaratory judgment that it has not infringed and is not infringing the '761 patent, and that the '761 patent is invalid and unenforceable.

Answer:
Denied.

46. This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and Cox is entitled to an award of its reasonable attorneys' fees.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by CoxCom.

**Count VI**
**Declaratory Judgment of Noninfringement, Invalidity and**
**Unenforceability of the '444 Patent**

47. Cox realleges and incorporates by reference Paragraphs 1 through 46 above.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 46 as if fully set forth herein.

48. Cox has not infringed and is not now infringing the '444 patent.

Answer:
Denied.

49. Cox has not caused others to infringe, and is not now causing others to infringe, the '444 patent.

Answer:
Denied.

50. The '444 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 112.

Answer:
Denied.

51. Any attempt by Rembrandt or Remstream to assert the claims of the '444 patent against Cox is barred by the doctrine of laches at least because Rembrandt's and Remstream's delay in filing suit against Cox is unreasonable and inexcusable, and has caused Cox material evidentiary and/or economic prejudice.

Answer:
Denied.

52. Cox is entitled to a declaratory judgment that it has not infringed and is not infringing the '444 patent, and that the '444 patent is invalid and unenforceable.

Answer:
Denied.

53. This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and Cox is entitled to an award of its reasonable attorneys' fees.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by CoxCom.

### Count VII
### Declaratory Judgment of Noninfringement, Invalidity and Unenforceability of the '234 Patent

54. Cox realleges and incorporates by reference Paragraphs 1 through 53 above.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 53 as if fully set forth herein.

55. Cox has not infringed and is not now infringing the '234 patent.

Answer:
Denied.

56. Cox has not caused others to infringe, and is not now causing others to infringe, the '234 patent.

Answer:
Denied.

57. The '234 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 112.

Answer:
Denied.

594578

58. Any attempt by Rembrandt or Remstream to assert the claims of the '234 patent against Cox is barred by the doctrine of laches at least because Rembrandt's and Remstream's delay in filing suit against Cox is unreasonable and inexcusable, and has caused Cox material evidentiary and/or economic prejudice.

Answer:
Denied.

59. Cox is entitled to a declaratory judgment that it has not infringed and is not infringing the '234 patent, and that the '234 patent is invalid and unenforceable.

Answer:
Denied.

60. This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and Cox is entitled to an award of its reasonable attorneys' fees.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by CoxCom.

### Count VIII
### Declaratory Judgment of Noninfringement, Invalidity and Unenforceability of the '159 Patent

61. Cox realleges and incorporates by reference Paragraphs 1 through 60 above.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 60 as if fully set forth herein.

62. Cox has not infringed and is not now infringing the '159 patent.

Answer:
Denied.

63. Cox has not caused others to infringe, and is not now causing others to infringe, the '159 patent.

Answer:
Denied.

594578

64. The '159 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 112.

Answer:
Denied.

65. Any attempt by Rembrandt or Remstream to assert the claims of the '159 patent against Cox is barred by the doctrine of laches at least because Rembrandt's and Remstream's delay in filing suit against Cox is unreasonable and inexcusable, and has caused Cox material evidentiary and/or economic prejudice.

Answer:
Denied.

66. Cox is entitled to a declaratory judgment that it has not infringed and is not infringing the '159 patent, and that the '159 patent is invalid and unenforceable.

Answer:
Denied.

67. This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and Cox is entitled to an award of its reasonable attorneys' fees.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by CoxCom.

### Count IX
### Declaratory Judgment of Noninfringement, Invalidity and Unenforceability of the '903 Patent

68. Cox realleges and incorporates by reference Paragraphs 1 through 67 above.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 67 as if fully set forth herein.

69. Cox has not infringed and is not now infringing the '903 patent.

Answer:
Denied.

70. Cox has not caused others to infringe, and is not now causing others to infringe, the '903 patent.

Answer:
Denied.

71. The '903 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 112.

Answer:
Denied.

72. Any attempt by Rembrandt to assert the claims of the '903 patent against Cox is barred by the doctrine of laches at least because Rembrandt's delay in filing suit against Cox is unreasonable and inexcusable, and has caused Cox material evidentiary and/or economic prejudice.

Answer:
Denied.

73. Cox is entitled to a declaratory judgment that it has not infringed and is not infringing the '903 patent, and that the '903 patent is invalid and unenforceable.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by CoxCom.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. The Counterclaims fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

2. The '819, '903, '761, '858, '234, '631, '159, '444, and '627 patents are enforceable in all respects and infringed by CoxCom, Inc.

### Third Affirmative Defense

3. CoxCom's counterclaims are barred, in whole or in part, by the doctrine of estoppel.

594578

### Fourth Affirmative Defense

4. CoxCom's counterclaims are barred, in whole or in part, by the doctrine of waiver.

### Fifth Affirmative Defense

5. CoxCom's counterclaims are barred by the doctrine of laches.

### Sixth Affirmative Defense

6. CoxCom is not entitled to the relief requested as a matter of law.

### Seventh Affirmative Defense

7. Rembrandt reserves the right to assert additional and/or different affirmative defenses as discovery progresses, and hereby reserves the right to amend its reply to CoxCom's Counterclaim in support of any such defenses.

### PRAYER FOR RELIEF

Rembrandt denies that CoxCom, Inc. is entitled to any of the relief requested in its prayer for relief. Rembrandt respectfully requests that the Court enter judgment in its favor and against CoxCom, Inc. on all of their claims; that the Court find this case exceptional and award Rembrandt its costs and attorneys' fees pursuant to 35 U.S.C. § 285; and that the Court award Rembrandt such other further relief as the Court deems appropriate.

Dated: February 27, 2008

/s/ Collins J. Seitz, Jr
Collins J. Seitz, Jr. (#2237)
Francis DiGiovanni (#3189)
James D. Heisman (#2746)
Kristen Healey Cramer (#4512)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141
cseitz@cblh.com
fdigiovanni@cblh.com
jheisman@cblh.com
kcramer@cblh.com

Attorneys for Rembrandt Technologies, LP, and Rembrandt Technologies, LLC d/b/a Remstream

594578

## CERTIFICATE OF SERVICE

I, James D. Heisman., hereby certify that on the 27th day of February, 2008, a true copy of the foregoing **Reply of Rembrandt Technologies, LP and Rembrandt Technologies, LLC d/b/a Remstream to Counterclaims of Coxcom, Inc.** was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following and the document is available for viewing and downloading from CM/ECF:

### BY E-MAIL

| | |
|---|---|
| Jack B. Blumenfeld<br>Karen Jacobs Louden<br>Morris, Nichols, Arsht & Tunnell LLP<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>jblumenfeld@mnat.com<br>klouden@mnat.com | John W. Shaw<br>Young, Conaway, Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19899-0391<br>jshaw@ycst.com |
| Rodger D. Smith II (#3778)<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br>rsmith@mnat.com | Richard D. Kirk<br>Scott G. Wilcox<br>Stephen B. Brauerman<br>Bayard, PA<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899<br>rkirk@bayardlaw.com<br>swilcox@bayardlaw.com<br>sbrauerman@bayardlaw.com |

| | |
|---|---|
| Fredrick L. Cottrell, III<br>Kelly E. Farnan<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>cottrell@rlf.com<br>farnan@rlf.com | Peter J. Toren<br>Lawrence B. Goodwin<br>Monica V. Bhattacharyya<br>Stefan R. Stoyanov<br>Kasowitz, Benson, Torres & Friedman LLP<br>1633 Broadway<br>New York, NY 10019<br>ptoren@kasowitz.com<br>lgoodwin@kasowitz.com<br>mbhattacharyya@kasowitz.com<br>sstoyanov@kasowitz.com |
| Josh A. Krevitt<br>Charles J. Bourdreau<br>Gibson, Dunn & Crutcher LLP<br>200 Park Avenue, 47th Floor<br>New York, New York 10166-0193<br>jkrevitt@gibsondunn.com<br>cboudreau@gibsondunn.com | David Segal<br>Gibson, Dunn & Crutcher LLP<br>3161 Michelson Drive<br>Irvina, California 92612-4412<br>dsegal@gibsondunn.com |
| Amanda J. Tessar<br>Gibson, Dunn & Crutcher LLP<br>1801 California Street, Suite 4200<br>Denver, CO 80202-2642<br>atessar@gibsondunn.com | David S. Benyacar<br>Daniel L. Reisner<br>Kaye Scholer LLP<br>425 Park Avenue<br>New York, New York 10022<br>dbenyacar@kayescholer.com<br>dreisner@kayescholer.com |

| | |
|---|---|
| Matthew D. Powers<br>Edward R. Reines<br>Weil Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065<br>matthew.powers@weil.com<br>edward.reines@weil.com | Robert A. Van Nest<br>Brian L. Ferrall<br>Daralyn J. Durie<br>Leo L. Lam<br>Matthew M. Werdegar<br>KEKER & VAN NEST LLP<br>710 Sansome Street<br>San Francisco, CA 94111<br>rvannest@kvn.com<br>bferrall@kvn.com<br>ddurie@kvn.com<br>llam@kvn.com<br>mwerdegar@kvn.com |
| John Desmarais<br>Kirkland & Ellis LLP<br>Citigroup Center<br>153 East 53rd Street<br>New York, New York 10022<br>jdesmarais@kirkland.com | Eric R. Lamison<br>Kirkland & Ellis LLP<br>555 California Street, Ste. 2700<br>San Francisco, CA 94104<br>elamison@kirkland.com |
| Mitchell Stockwell<br>Kilpatrick & Stockton LLP<br>110 Peachtree Street, N.E.<br>Suite 2800<br>Atlanta, GA 30309<br>MStockwell@KilpatrickStockton.com | Bradford P. Lyerla<br>Kevin D. Hogg<br>Charles E. Juister<br>Marshall, Gerstein & Borun LLP<br>6300 Sears Tower<br>233 South Wacker Drive<br>Chicago, IL 60606-6357<br>blyerla@marshallip.com<br>khogg@marshallip.com<br>cjuister@marshallip.com |

By: /s/ James D. Heisman
  James D. Heisman (#2746)
  jheisman@cblh.com