# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| IN RE: REMBRANDT TECHNOLOGIES, LP PATENT LITIGATION | MDL Docket No. 07-md-1848 (GMS) |
| MOTOROLA, INC., CISCO SYSTEMS, INC., SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, INC., THOMSON, INC., AMBIT MICROSYSTEMS, INC., and NETGEAR, INC., | |
| Plaintiffs, | Civil Action No. 07-752-GMS |
| v. | **JURY TRIAL DEMANDED** |
| REMBRANDT TECHNOLOGIES, LP, | |
| Defendant. | |
| REMBRANDT TECHNOLOGIES, LP, and REMBRANDT TECHNOLOGIES, LLC d/b/a REMSTREAM, | |
| Counter-Plaintiffs, | Civil Action No. 07-752-GMS |
| v. | **JURY TRIAL DEMANDED** |
| MOTOROLA, INC., CISCO SYSTEMS, INC., SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, INC., THOMSON, INC., AMBIT MICROSYSTEMS, INC., NETGEAR, INC., TIME WARNER CABLE, INC., TIME WARNER CABLE LLC, TIME WARNER NEW YORK CABLE LLC, TIME WARNER ENTERTAINMENT COMPANY, LP, COMCAST CORPORATION, COMCAST CABLE COMMUNICATIONS, LLC, CHARTER COMMUNICATIONS, INC., CHARTER COMMUNICATIONS OPERATING, LLC, | |

COXCOM, INC., CSC HOLDINGS, INC.,                )
CABLEVISION SYSTEMS CORPORATION,           )
ADELPHIA COMMINICATIONS                          )
CORPORATION, CENTURY-TCI CALIFORNIA         )
COMMUNICATIONS, LP, CENTURY-TCI               )
HOLDINGS, LLC, COMCAST OF                          )
FLORIDA/PENNSYLVANIA, L.P. (f/k/a                )
PARNASSOS, LP), COMCAST OF                         )
PENNSYLVANIA II, L.P. (f/k/a CENTURY-TCI      )
CALIFORNIA, L.P.), PARNASSOS                         )
COMMUNICATIONS, LP, ADELPHIA                     )
CONSOLIDATION, LLC, PARNASSOS                     )
HOLDINGS, LLC, and WESTERN NY                     )
CABLEVISION, LP,                                            )
                                                                        )
                    Counter-Defendants.                     )
                                                                        )
                                                                        )
_____        )
                                                                        )
REMBRANDT TECHNOLOGIES, LP, and             )
REMBRANDT TECHNOLOGIES, LLC d/b/a          )
REMSTREAM,                                                 )
                                                                        )
                    Counter Counterclaim-Plaintiffs,     )
                                                                        )
            v.                                                        )
                                                                        )
TIME WARNER ENTERTAINMENT-                     )
ADVANCE/NEWHOUSE PARTNERSHIP, and       )
COMCAST CABLE COMMUNICATION                )
HOLDINGS, INC.                                             )
                                                                        )
                    Counter Counterclaim-Defendants.   )
                                                                        )
_____        )

### REPLY OF REMBRANDT TECHNOLOGIES, LP
### AND REMBRANDT TECHNOLOGIES, LLC d/b/a REMSTREAM TO
### COUNTERCLAIMS OF TIME WARNER CABLE INC.,
### TIME WARNER CABLE LLC, TIME WARNER NEW YORK CABLE LLC AND
### TIME WARNER ENTERTAINMENT COMPANY, L.P.
### AND COUNTER-COUNTERCLAIM

Defendant/Counter-Plaintiffs Rembrandt Technologies, LP and Rembrandt Technologies,

LLC d/b/a Remstream (collectively "Rembrandt"), by their undersigned attorneys, reply to the

counterclaims of Counter-Defendants Time Warner Cable, Inc., Time Warner Cable LLC, Time

594582

Warner NY Cable LLC, Time Warner Entertainment Company, L.P. and Time Warner

Entertainment-Advance/Newhouse Partnership (collectively "Time Warner" or "TWC

counterclaimants") as follows:

## FIRST COUNTERCLAIM

### The Parties

1.    Counterclaimant Time Warner Cable Inc. is a Delaware corporation having its corporate headquarters at One Time Warner Center, New York, New York 10019.

Answer:
Upon information and belief, Time Warner Cable, Inc. ("TWC") is a corporation organized under the laws of the state of Delaware having its corporate headquarters at One Time Warner Center, New York, New York 10019.


2.    Counterclaimant Time Warner Cable LLC is a Delaware limited liability company having its corporate headquarters at One Time Warner Center, New York, New York 10019.

Answer:
Upon information and belief, Rembrandt admits that Time Warner Cable LLC ("TWCL") is a limited liability company organized under the laws of the state of Delaware having its corporate headquarters at One Time Warner Center, New York, New York 10019.


3.    Counterclaimant Time Warner NY Cable LLC is a Delaware limited liability company having its corporate headquarters at One Time Warner Center, New York, New York 10019.

Answer:
Upon information and belief, Rembrandt admits that Time Warner NY Cable LLC ("TWNY") is a limited liability company organized under the laws of the state of Delaware having its corporate headquarters at One Time Warner Center, New York, New York 10019.


4.    Counterclaimant Time Warner Entertainment Company, L.P. is a Delaware limited partnership having its corporate headquarters at One Time Warner Center, New York, New York 10019.

Answer:
Upon information and belief, Rembrandt admits that Time Warner Entertainment Company, LP ("TWE") is a limited partnership organized under the laws of the state of

594582

Delaware having its corporate headquarters at One Time Warner Center, New York, New York 10019.

5.     Counterclaimant Time Warner Entertainment-Advance/Newhouse Partnership is a New York partnership having its corporate headquarters at One Time Warner Center, New York, New York 10019. Joinder of Time Warner Entertainment-Advance/Newhouse Partnership as a Counterclaim-Plaintiff in this action is proper under Federal Rules of Civil Procedure 13(h) and 20(a).

Answer:
Upon information and belief, Rembrandt admits that Time Warner Entertainment-Advance/Newhouse Partnership ("TWEAN") is a New York partnership having its corporate headquarters at One Time Warner Center, New York, New York 10019. Upon information and belief, Rembrandt admits that joinder or TWEAN is proper.

6.     Counterclaim Defendant Rembrandt Technologies, LP purports to be a limited partnership organized under the laws of the state of New Jersey with its principal place of business at 401 City Avenue, Suite 900, Bala Cynwyd, PA 19004.

Answer:
Admitted that Rembrandt Technologies, LP is a New Jersey limited partnership with its principal place of business at 401 City Avenue, Suite 900, Bala Cynwyd, PA.

7.     Counterclaim Defendant Rembrandt Technologies, LLC, d/b/a Remstream, purports to be a Delaware LLC with it headquarters at 401 City Avenue, Suite 900, Bala Cynwyd, PA 19004.

Answer:
Admitted that Rembrandt Technologies, LLC is a Delaware LLC also doing business as Remstream, and that its principal place of business is 401 City Avenue, Suite 900, Bala Cynwyd, PA.

## Jurisdiction and Venue

8.     These counterclaims seek a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

Answer:
Admitted that the TWC Counterclaimants purport to seek a declaratory judgment pursuant to 28 U.S.C. § 2701 and 2202, but denied that they are entitled to the requested relief.

594582

9.    This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338 and 1367.

Answer:
Admitted.


10.    Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400.

Answer:
Rembrandt does not contest that venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400. Denied that the TWC Counterclaimants are entitled to its requested relief.


11.    A justifiable controversy exists between Time Warner Cable Inc., Time Warner Cable LLC, Time Warner NY Cable LLC, Time Warner Entertainment Company, L.P., and Time Warner Entertainment-Advance/Newhouse Partnership ("Counterclaimants" or "TWC Counterclaimants") and Counterclaim Defendants with respect to the invalidity and non-infringement of the claims of U.S. Patent Nos. 4,937,819 (the "'819 patent"), 5,008,903 (the "903 patent"), 5,710,761 (the "761 patent"), 5,719,858 (the "'858 patent"), 5,778,234 (the "'234 patent"), 5,852,631 (the "631 patent"), 6,131,159 (the "159 patent"), 6,950,444 (the "'444 patent"), and 5,243,627 (the "627 patent").

Answer:
Denied that a "justifiable" controversy exists between the TWC Counterclaimants and Rembrandt but admitted that a justiciable controversy exists among the parties.

## Count I

12.    Counterclaimants hereby repeat and reiterate the allegations made in paragraphs 1-11 of these Counterclaims as if fully set forth herein.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 11 as if fully set forth herein.


13.    Each of the claims of the '819, '903, '761, '858, '234, '631, '159, '444 and '627 patents is invalid for failure to satisfy the provisions of one or more of sections 101, 102, 103, and/or 112 of Title 35 of the United States Code.

Answer:
Denied.

594582

## Count II

14.     Counterclaimants hereby repeat and reiterate the allegations made in paragraphs 1-13 of these Counterclaims as if fully set forth herein.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 13 as if fully set forth herein.

15.     Counterclaimants do not manufacture, use, offer for sale, sell, or import into the United States any product or method that infringes any claim of the '819, '903, '761, '858, '234, '631, '159, '444, or '627 patents and Counterclaimants have not done so in the past. Counterclaimants also do not contribute to or induce infringement of the '819, '903, '761, '858, '234, '631, '159, '444, or '627 patents and Counterclaimants have not done so in the past. Counterclaimants do not infringe, and have not in the past infringed, either directly or indirectly, the '819, '903, '761, '858, '234, '631, '159, '444, or '627 patents.

Answer:
Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1.     The Counterclaims fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

2.     The '819, '903, '761, '858, '234, '631, '159, '444, and '627 patents are enforceable in all respects and infringed by the TWC Counterclaimants.

### Third Affirmative Defense

3.     TWC's counterclaims are barred, in whole or in part, by the doctrine of estoppel.

### Fourth Affirmative Defense

4.     TWC's counterclaims are barred, in whole or in part, by the doctrine of waiver.

### Fifth Affirmative Defense

5.     TWC's counterclaims are barred by the doctrine of laches.

594582

**Sixth Affirmative Defense**

6.      TWC is not entitled to the relief requested as a matter of law.

**Seventh Affirmative Defense**

7.      Rembrandt reserves the right to assert additional and/or different affirmative defenses as discovery progresses, and hereby reserves the right to amend its reply to TWC's Counterclaim in support of any such defenses.

**PRAYER FOR RELIEF**

Rembrandt denies that TWC Counterclaimants are entitled to any of the relief requested in their prayer for relief.  Rembrandt respectfully requests that the Court enter judgment in its favor and against the TWC Counterclaimants on all of the claims; that the Court find this case exceptional and award Rembrandt its costs and attorneys' fees pursuant to 35 U.S.C. § 285; and that the Court award Rembrandt such other further relief as the Court deems appropriate.


**REMBRANDT TECHNOLOGIES, LP'S, AND REMBRANDT TECHNOLOGIES, LLC'S COUNTER-COUNTERCLAIM AGAINST TIME WARNER ENTERTAINMENT-ADVANCE/NEWHOUSE PARTNERSHIP FOR PATENT INFRINGEMENT**

Defendant/counter-plaintiff,    counter-defendant    and    counter-counterclaim    plaintiff, Rembrandt Technologies, LP ("Rembrandt") and counter-plaintiff, counter-defendant, and counter-counterclaim plaintiff, Rembrandt Technologies, LLC, d/b/a Remstream ("Remstream"), by and through the undersigned attorneys, asserts the following counterclaims against counterclaim plaintiff, Time Warner Entertainment-Advance/Newhouse Partnership under the United States Patent Act, 35 U.S.C. § 1 et seq., as follows:

594582

**THE PARTIES**

1.     Rembrandt is a limited partnership organized under the laws of the state of New Jersey with its principal place of business at 401 City Avenue, Suite 900, Bala Cynwyd, PA 19004.

2.     Rembrandt Technologies, LLC, a Delaware LLC, is wholly owned by Rembrandt and also does business as "Remstream." Remstream has its headquarters at 401 City Avenue, Suite 900, Bala Cynwyd, PA 19004. Joinder of Remstream, the exclusive licensee of the 761, '234, '159, and '444 patents, as a counter-counterclaim plaintiff in this counterclaim is proper under Federal Rules of Civil Procedure 13(h) and 20.

3.     Rembrandt has granted Remstream the exclusive right, under the '761, '234, '159, and '444 patents, to make, have made, import, sell, offer to sell, or otherwise distribute, DOCSIS 1.0/1.1, 2.0 and/or 3.0 compliant cable modems and/or EMTA cable modems.

4.     Counterclaim-plaintiff and counter-counterclaim defendant Time Warner Entertainment-Advance/Newhouse Partnership ("TWEAN"), is a New York partnership, having it corporate headquarters at One Time Warner Center, New York, New York.

**JURISDICTION AND VENUE**

5.     This is an action for patent infringement, arising under the patent laws of the United States, 35 U.S.C. § 1, et seq.

6.     Subject matter jurisdiction is proper in this court under 28 U.S.C. §§ 1331 and 1338(a).

7.     This Court has personal jurisdiction over TWEAN because it has submitted to the jurisdiction of this Court by filing the instant counterclaim; in addition, the Court has personal

594582

jurisdiction over TWEAN because it has committed acts of patent infringement in this judicial district, and/or has other sufficient contacts with Delaware.

8.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), and 1400(b).

## COUNT I - INFRINGEMENT OF U.S. PATENT NO. 4,937,819

9.     Rembrandt realleges and incorporates herein by reference the allegations stated in paragraphs 1-8 of this Counterclaim.

10.     Rembrandt is the owner of all right, title, and interest, including the right to sue, enforce, and recover damages for all infringements, of U.S. Patent No. 4,937,819, entitled "Time Orthogonal Multiple Virtual DCE Device for Use in Analog and Digital Networks" (the "'819 patent") (Exhibit A to Plaintiff/Counter-Defendants' Complaint).

11.     The '819 patent was duly and legally issued by the United States Patent and Trademark Office on June 26, 1990.

12.     Upon information and belief, TWEAN has directly infringed, and is continuing to directly infringe, the '819 patent by practicing the inventions claimed in the '819 patent, in this district or otherwise within the United States.   For example, upon information and belief, TWEAN has directly infringed and continues to directly infringe the '819 patent by including cable equipment in its cable networks for the specific provision of high speed internet, cable broadband, and/or other services.

13.     Upon information and belief, TWEAN will continue to infringe the '819 patent unless enjoined by this Court.  Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

594582

**COUNT II - INFRINGEMENT OF U.S. PATENT NO. 5,008,903**

14.    Rembrandt realleges and incorporates herein by reference the allegations stated in paragraphs 1-13 of this Counterclaim.

15.    Rembrandt is the owner of all right, title, and interest, including the right to sue, enforce, and recover damages for all infringements, of U.S. Patent No. 5,008,903, entitled "Adaptive Transmit Pre-Emphasis for Digital Modem Computed from Noise Spectrum" (the "'903 patent") (Exhibit B to Plaintiff/Counter-Defendants' Complaint).

16.    The '903 patent was duly and legally issued by the United States Patent and Trademark Office on April 16, 1991.

17.    Upon information and belief, TWEAN has directly infringed, and is continuing to directly infringe, the '903 patent by practicing the inventions claimed in the '903 patent, in this district or otherwise within the United States.  For example, upon information and belief, TWEAN has directly infringed and continues to directly infringe the '903 patent by including cable equipment in its cable networks for the specific provision of high speed internet, cable broadband, and/or other services.

18.    Upon information and belief, TWEAN will continue to infringe the '903 patent unless enjoined by this Court.  Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

**COUNT III - INFRINGEMENT OF U.S. PATENT NO. 5,710,761**

19.    Rembrandt and Remstream reallege and incorporate herein by reference the allegations stated in paragraphs 1-18 of this Counterclaim.

594582

20. Rembrandt is the owner, and Remstream is the exclusive licensee, of U.S. Patent No. 5,701,761, entitled "Error Control Negotiation Based on Modulation" (the "'761 patent") (Exhibit C to Plaintiff/Counter-Defendants' Complaint).

21. The '761 patent was duly and legally issued by the United States Patent and Trademark Office on January 20, 1998.

22. Upon information and belief, TWEAN has directly infringed, and is continuing to directly infringe, the '761 patent by practicing the inventions claimed in the '761 patent, in this district or otherwise within the United States. For example, upon information and belief, TWEAN has directly infringed and continues to directly infringe the '761 patent by including cable equipment in its cable networks for the specific provision of high speed internet, cable broadband, and/or other services.

23. Upon information and belief, TWEAN will continue to infringe the '761 patent unless enjoined by this Court. Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT IV - INFRINGEMENT OF U.S. PATENT NO. 5,719,858

24. Rembrandt realleges and incorporates herein by reference the allegations stated in paragraphs 1-23 of this Counterclaim.

25. Rembrandt is the owner of all right, title, and interest, including the right to sue, enforce, and recover damages for all infringements, of U.S. Patent No. 5,719,858, entitled "Time-Division Multiple-Access Method for Packet Transmission on Shared Synchronous Serial Buses" (the "'858 patent") (Exhibit D to Plaintiff/Counter-Defendants' Complaint).

594582

26.    The '858 patent was duly and legally issued by the United States Patent and Trademark Office on February 17, 1998.

27.    Upon information and belief, TWEAN has directly infringed, and is continuing to directly infringe, the '858 patent by practicing the inventions claimed in the '858 patent, in this district or otherwise within the United States.  For example, upon information and belief, TWEAN has directly infringed and continues to directly infringe the '858 patent by including cable equipment in its cable networks for the specific provision of high speed internet, cable broadband, and/or other services.

28.    Upon information and belief, TWEAN will continue to infringe the '858 patent unless enjoined by this Court.  Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT V - INFRINGEMENT OF U.S. PATENT NO. 5,778,234

29.    Rembrandt and Remstream reallege and incorporate herein by reference the allegations stated in paragraphs 1-28 of this Counterclaim.

30.    Rembrandt is the owner, and Remstream is the exclusive licensee, of U.S. Patent No. 5,778,234, entitled "Method for Downloading Programs" (the "'234 patent") (Exhibit E to Plaintiff/Counter-Defendants' Complaint).

31.    The '234 patent was duly and legally issued by the United States Patent and Trademark Office on July 7, 1998.

32.    Upon information and belief, TWEAN has directly infringed, and is continuing to directly infringe, the '234 patent by practicing the inventions claimed in the '234 patent, in this district or otherwise within the United States.  For example, upon information and belief,

594582

TWEAN has directly infringed and continues to directly infringe the '234 patent by including cable equipment in its cable networks for the specific provision of high speed internet, cable broadband, and/or other services.

33.    Upon information and belief, TWEAN will continue to infringe '234 patent unless enjoined by this Court.  Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT VI - INFRINGEMENT OF U.S. PATENT NO. 5,852,631

34.    Rembrandt realleges and incorporates herein by reference the allegations stated in paragraphs 1-33 of this Counterclaim.

35.    Rembrandt is the owner of all right, title, and interest, including the right to sue, enforce, and recover damages for all infringements, of U.S. Patent No. 5,852,631, entitled "System and Method for Establishing Link Layer Parameters based on Physical Layer Modulation" (the "'631 patent") (Exhibit F to Plaintiff/Counter-Defendants' Complaint).

36.    The '631 patent was duly and legally issued by the United States Patent and Trademark Office on December 22, 1998.

37.    Upon information and belief, TWEAN has directly infringed, and is continuing to directly infringe, the '631 patent by practicing the inventions claimed in the '631 patent, in this district or otherwise within the United States.  For example, upon information and belief, TWEAN has directly infringed and continues to directly infringe the '631 patent by including cable equipment in its cable networks for the specific provision of high speed internet, cable broadband, and/or other services.

594582

38.    Upon information and belief, TWEAN will continue to infringe the '631 patent unless enjoined by this Court. Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

### COUNT VII - INFRINGEMENT OF U.S. PATENT NO. 6,131,159

39.    Rembrandt and Remstream reallege and incorporate herein by reference the allegations stated in paragraphs 1-38 of this Counterclaim.

40.    Rembrandt is the owner, and Remstream is the exclusive licensee, of U.S. Patent No. 6,131,159, entitled "System for Downloading Programs" (the "'159 patent") (Exhibit G to Plaintiff/Counter-Defendants' Complaint).

41.    The '159 patent was duly and legally issued by the United States Patent and Trademark Office on October 10, 2000.

42.    Upon information and belief, TWEAN has directly infringed, and is continuing to directly infringe, the '159 patent by practicing the inventions claimed in the '159 patent, in this district or otherwise within the United States. For example, upon information and belief, TWEAN has directly infringed and continues to directly infringe the '159 patent by including cable equipment in its cable networks for the specific provision of high speed internet, cable broadband, and/or other services.

43.    Upon information and belief, TWEAN will continue to infringe the '159 patent unless enjoined by this Court. Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

594582

## COUNT VIII - INFRINGEMENT OF U.S. PATENT NO. 6,950,444

44.    Rembrandt and Remstream reallege and incorporate herein by reference the allegations stated in paragraphs 1-43 of this Counterclaim.

45.    Rembrandt is the owner, and Remstream is the exclusive licensee, of U.S. Patent No. 6,950,444, entitled "System and Method for a Robust Preamble and Transmission Delimiting in a Switched-Carrier Transceiver (the "'444 patent") (Exhibit H to Plaintiff/Counter-Defendants' Complaint).

46.    The '444 patent was duly and legally issued by the United States Patent and Trademark Office on September 27, 2005.

47.    Upon information and belief, TWEAN has directly infringed, and is continuing to directly infringe, the '444 patent by practicing the inventions claimed in the '444 patent, in this district or otherwise within the United States.   For example, upon information and belief, TWEAN has directly infringed and continues to directly infringe the '444 patent by including cable equipment in its cable networks for the specific provision of high speed internet, cable broadband, and/or other services.

48.    Upon information and belief, TWEAN will continue to infringe the '444 patent unless enjoined by this Court.  Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

594582

**PRAYER FOR RELIEF**

WHEREFORE, Rembrandt and Remstream pray that they have judgment against TWEAN for the following:

1.    A judgment that TWEAN has infringed the patents-in-suit as alleged in the Counterclaim;

2.    A permanent injunction enjoining and restraining TWEAN and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with it, from making, using, testing, offering to sell, selling, leasing, and importing into the United States any product, or using, offering to sell, offering to lease, selling, or leasing any service, that falls within the scope of any claim of a patent-in-suit asserted against a party.

3.    An award of damages, and pre-judgment and post-judgment interest;

4.    An award of increased damages pursuant to 35 U.S.C. § 284;

5.    A judgment that this case is exceptional under 35 U.S.C. § 285 and requiring TWEAN to pay the costs of this action, including all disbursements and attorneys' fees; and

6.    Such other and further relief, at law or in equity, to which counter-counterclaim plaintiffs Rembrandt and/or Remstream are justly entitled.

**JURY DEMAND**

Counter-counter-plaintiffs Rembrandt and Remstream hereby demand a jury trial on all issues appropriately triable by a jury.

594582

Dated: February 27, 2008

/s/ Collins J. Seitz, Jr.
Collins J. Seitz, Jr. (#2237)
Francis DiGiovanni (#3189)
James D. Heisman (#2746)
Kristen Healey Cramer (#4512)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141
cseitz@cblh.com
fdigiovanni@cblh.com
jheisman@cblh.com
kcramer@cblh.com

Attorneys for Rembrandt Technologies, LP,
and Rembrandt Technologies, LLC d/b/a
Remstream

594582

## CERTIFICATE OF SERVICE

I, James D. Heisman., hereby certify that on the 27th day of February, 2008, a true

copy of the foregoing **Reply of Rembrandt Technologies, LP and Rembrandt**

**Technologies, LLC d/b/a Remstream to Counterclaims of Time Warner Cable Inc.,**

**Time Warner Cable LLC, Time Warner New York Cable LLC and Time Warner**

**Entertainment Company, L.P.** was electronically filed with the Clerk of the Court

using CM/ECF which will send notification of such filing to the following and the

document is available for viewing and downloading from CM/ECF:

**BY E-MAIL**

| | |
|---|---|
| Jack B. Blumenfeld<br>Karen Jacobs Louden<br>Morris, Nichols, Arsht & Tunnell LLP<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>jblumenfeld@mnat.com<br>klouden@mnat.com | John W. Shaw<br>Young, Conaway, Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19899-0391<br>jshaw@ycst.com |
| Rodger D. Smith II (#3778)<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br>rsmith@mnat.com | Richard D. Kirk<br>Scott G. Wilcox<br>Stephen B. Brauerman<br>Bayard, PA<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899<br>rkirk@bayardlaw.com<br>swilcox@bayardlaw.com<br>sbrauerman@bayardlaw.com |

| | |
|---|---|
| Fredrick L. Cottrell, III<br>Kelly E. Farnan<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>cottrell@rlf.com<br>farnan@rlf.com | Peter J. Toren<br>Lawrence B. Goodwin<br>Monica V. Bhattacharyya<br>Stefan R. Stoyanov<br>Kasowitz, Benson, Torres & Friedman LLP<br>1633 Broadway<br>New York, NY 10019<br>ptoren@kasowitz.com<br>lgoodwin@kasowitz.com<br>mbhattacharyya@kasowitz.com<br>sstoyanov@kasowitz.com |
| Josh A. Krevitt<br>Charles J. Bourdreau<br>Gibson, Dunn & Crutcher LLP<br>200 Park Avenue, 47th Floor<br>New York, New York 10166-0193<br>jkrevitt@gibsondunn.com<br>cboudreau@gibsondunn.com | David Segal<br>Gibson, Dunn & Crutcher LLP<br>3161 Michelson Drive<br>Irvina, California 92612-4412<br>dsegal@gibsondunn.com |
| Amanda J. Tessar<br>Gibson, Dunn & Crutcher LLP<br>1801 California Street, Suite 4200<br>Denver, CO 80202-2642<br>atessar@gibsondunn.com | David S. Benyacar<br>Daniel L. Reisner<br>Kaye Scholer LLP<br>425 Park Avenue<br>New York, New York 10022<br>dbenyacar@kayescholer.com<br>dreisner@kayescholer.com |

| | |
|---|---|
| Matthew D. Powers<br>Edward R. Reines<br>Weil Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065<br>matthew.powers@weil.com<br>edward.reines@weil.com | Robert A. Van Nest<br>Brian L. Ferrall<br>Daralyn J. Durie<br>Leo L. Lam<br>Matthew M. Werdegar<br>KEKER & VAN NEST LLP<br>710 Sansome Street<br>San Francisco, CA 94111<br>rvannest@kvn.com<br>bferrall@kvn.com<br>ddurie@kvn.com<br>llam@kvn.com<br>mwerdegar@kvn.com |
| John Desmarais<br>Kirkland & Ellis LLP<br>Citigroup Center<br>153 East 53rd Street<br>New York, New York 10022<br>jdesmarais@kirkland.com | Eric R. Lamison<br>Kirkland & Ellis LLP<br>555 California Street, Ste. 2700<br>San Francisco, CA 94104<br>elamison@kirkland.com |
| Mitchell Stockwell<br>Kilpatrick & Stockton LLP<br>110 Peachtree Street, N.E.<br>Suite 2800<br>Atlanta, GA 30309<br>MStockwell@KilpatrickStockton.com | Bradford P. Lyerla<br>Kevin D. Hogg<br>Charles E. Juister<br>Marshall, Gerstein & Borun LLP<br>6300 Sears Tower<br>233 South Wacker Drive<br>Chicago, IL 60606-6357<br>blyerla@marshallip.com<br>khogg@marshallip.com<br>cjuister@marshallip.com |

By:  _/s/ James D. Heisman_
     James D. Heisman (#2746)
     jheisman@cblh.com