IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: REMBRANDT TECHNOLOGIES, LP PATENT LITIGATION | ) ) ) ) ) ) ) MDL Docket No. 07-md-1848 (GMS) |
| MOTOROLA, INC., CISCO SYSTEMS, INC., SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, INC., THOMSON, INC., AMBIT MICROSYSTEMS, INC., and NETGEAR, INC., <br><br>Plaintiffs,<br><br>v.<br><br>REMBRANDT TECHNOLOGIES, LP,<br><br>Defendant. | ) ) ) ) ) ) ) Civil Action No. 07-752-GMS ) ) ) **JURY TRIAL DEMANDED** |
| REMBRANDT TECHNOLOGIES, LP, and REMBRANDT TECHNOLOGIES, LLC d/b/a REMSTREAM,<br><br>Counter-Plaintiffs,<br><br>v.<br><br>MOTOROLA, INC., CISCO SYSTEMS, INC., SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, INC., THOMSON, INC., AMBIT MICROSYSTEMS, INC., NETGEAR, INC., TIME WARNER CABLE, INC., TIME WARNER CABLE LLC, TIME WARNER NEW YORK CABLE LLC, TIME WARNER ENTERTAINMENT COMPANY, LP, COMCAST CORPORATION, COMCAST CABLE COMMUNICATIONS, LLC, CHARTER COMMUNICATIONS, INC., CHARTER COMMUNICATIONS OPERATING, LLC, | ) ) ) ) ) ) ) ) Civil Action No. 07-752-GMS ) ) ) **JURY TRIAL DEMANDED** ) ) ) ) ) ) ) ) |

- 2 -

| | |
|---|---|
| COXCOM, INC., CSC HOLDINGS, INC., CABLEVISION SYSTEMS CORPORATION, ADELPHIACOMMINICATIONS CORPORATION, CENTURY-TCI CALIFORNIA COMMUNICATIONS, LP, CENTURY-TCI HOLDINGS, LLC, COMCAST OF FLORIDA/PENNSYLVANIA, L.P. (f/k/a PARNASSOS, LP), COMCAST OF PENNSYLVANIA II, L.P. (f/k/a CENTURY-TCI CALIFORNIA, L.P.), PARNASSOS COMMUNICATIONS, LP, ADELPHIA CONSOLIDATION, LLC, PARNASSOS HOLDINGS, LLC, and WESTERN NY CABLEVISION, LP, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Counter-Defendants. | ) ) ) |
| REMBRANDT TECHNOLOGIES, LP, and REMBRANDT TECHNOLOGIES, LLC d/b/a REMSTREAM, | ) ) ) ) |
| Counter Counterclaim-Plaintiffs, | ) ) ) |
| v. | ) ) |
| TIME WARNER ENTERTAINMENT-ADVANCE/NEWHOUSE PARTNERSHIP, and COMCAST CABLE COMMUNICATION HOLDINGS, INC. | ) ) ) ) ) ) |
| Counter Counterclaim-Defendants. | ) ) ) ) |

### REPLY OF REMBRANDT TECHNOLOGIES, LP AND REMBRANDT TECHNOLOGIES, LLC d/b/a REMSTREAM TO COUNTERCLAIMS OF CHARTER COMMUNICATIONS, INC. AND CHARTER COMMUNICATIONS OPERATING, LLC

Defendant/Counter-Plaintiffs Rembrandt Technologies, LP and Rembrandt Technologies, LLC d/b/a Remstream (collectively "Rembrandt"), by their undersigned attorneys, reply to the

594579

counterclaims of Counter-Defendants Charter Communications, Inc. and Charter Communications Operating, LLC (collectively "Charter") as follows:

### Jurisdiction and Venue

1. These Counterclaims arise under the United States patent laws and the declaratory judgment statute. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1338(a), 1367, 2201 and 2202.

Answer:
Rembrandt admits that Charter purports to bring a declaratory judgment counterclaim of non-infringement and invalidity under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 and the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, but denies that Charter is entitled to its requested relief. Rembrandt does not dispute that this Court has jurisdiction over the asserted claims.

2. This Court has personal jurisdiction over Rembrandt and Remstream because they have submitted to the jurisdiction of this Court by filing their Counterclaim for Patent Infringement in the instant action.

Answer:
Admitted only that this Court has personal jurisdiction over Rembrandt and Remstream for purposes of this case. Except as expressly admitted, Rembrandt denies the remaining allegations of this paragraph 2.

3. Venue in this District is proper under 28 U.S.C. §§ 1391 and 1400.

Answer:
Rembrandt does not contest that venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400, but denies that Charter is entitled to its requested relief.

### Factual Background

4. Rembrandt and Remstream have accused Charter of infringing the '761, '234, '159, and '444 patents, directly and/or indirectly.

Answer:
Admitted.

5.  Rembrandt has accused Charter of infringing U.S. Patent No. 5,243,627 ("the '627 patent") entitled "Signal Point Interleaving Technique" (attached hereto as Exhibit A) and the '819, '903, '858, and '631 patents, directly and/or indirectly.

Answer:
Admitted.

6.  The '819, '903, '761, '858, '234, '631, '159, '444, and '627 patents are invalid, and have not been and are not infringed by Charter, either directly or indirectly.

Answer:
Denied.

7.  Consequently, there is an actual case or controversy between the parties over the infringement, validity, and/or enforceability of the '819, '903, '761, '858, '234, '631, '159, '444, and '627 patents.

Answer:
Admitted.

## Count I

8.  Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

9.  Charter has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '819 patent.

Answer:
Denied.

10. This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed suit against Charter alleging infringement of the '819 patent with knowledge of the facts stated in this Counterclaim.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

594579

## Count II

11.  Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

12.  Charter has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '903 patent.

Answer:
Denied.

13.  This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed suit against Charter alleging infringement of the '903 patent with knowledge of the facts stated in this Counterclaim.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

## Count III

14.  Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

15.  Charter has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '761 patent.

Answer:
Denied.

594579

16.  This is an exceptional case under 35 U.S.C. § 285 because Rembrandt and Remstream filed suit against Charter alleging infringement of the '761 patent with knowledge of the facts stated in this Counterclaim.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

## Count IV

17.  Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

18.  Charter has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '858 patent.

Answer:
Denied.

19.  This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed suit against Charter alleging infringement of the '858 patent with knowledge of the facts stated in this Counterclaim.
Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

## Count V

20.  Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

594579

21.   Charter has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '234 patent.

Answer:
Denied.

22.   This is an exceptional case under 35 U.S.C. § 285 because Rembrandt and Remstream filed suit against Charter alleging infringement of the '234 patent with knowledge of the facts stated in this Counterclaim.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

### Count VI

23.   Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

24.   Charter has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '631 patent.

Answer:
Denied.

25.   This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed suit against Charter alleging infringement of the '631 patent with knowledge of the facts stated in this Counterclaim.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

## Count VII

26. Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

27. Charter has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '159 patent.

Answer:
Denied.

28. This is an exceptional case under 35 U.S.C. § 285 because Rembrandt and Remstream filed suit against Charter alleging

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

## Count VIII

29. Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

30. Charter has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '444 patent.

Answer:
Denied.

594579

31.  This is an exceptional case under 35 U.S.C. § 285 because Rembrandt and Remstream filed suit against Charter alleging infringement of the '444 patent with knowledge of the facts stated in this Counterclaim.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

### Count IX

32.  Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

33.  Charter has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '627 patent.

Answer:
Denied.

34.  This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed suit against Charter alleging infringement of the '627 patent with knowledge of the facts stated in this Counterclaim.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

### Count X

35.  Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

36. The claims of the '819 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

Answer:
Denied.

37. This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed suit against Charter alleging infringement of the '819 patent with knowledge of the facts stated in this Counterclaim.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

## Count XI

38. Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

39. The claims of the '903 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

Answer:
Denied.

40. This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed suit against Charter alleging infringement of the '903 patent with knowledge of the facts stated in this Counterclaim.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

## Count XII

41. Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

42. The claims of the '761 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

Answer:
Denied.

43. This is an exceptional case under 35 U.S.C. § 285 because Rembrandt and Remstream filed suit against Charter alleging infringement of the '761 patent with knowledge of the facts stated in this Counterclaim.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

## Count XIII

44. Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

45. The claims of the '858 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

Answer:
Denied.

594579

46.     This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed suit against Charter alleging infringement of the '858 patent with knowledge of the facts stated in this Counterclaim.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

### Count XIV

47.     Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

48.     The claims of the '234 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

Answer:
Denied.

49.     This is an exceptional case under 35 U.S.C. § 285 because Rembrandt and Remstream filed suit against Charter alleging infringement of the '234 patent with knowledge of the facts stated in this Counterclaim.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

### Count XV

50.     Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

594579

51.   The claims of the '631 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

Answer:
Denied.

52.   This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed suit against Charter alleging infringement of the '631 patent with knowledge of the facts stated in this Counterclaim.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

### Count XVI

53.   Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

54.   The claims of the '159 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

Answer:
Denied.

55.   This is an exceptional case under 35 U.S.C. § 285 because Rembrandt and Remstream filed suit against Charter alleging infringement of the '159 patent with knowledge of the facts stated in this Counterclaim.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

594579

## Count XVII

56. Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

57. The claims of the '444 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

Answer:
Denied.

58. This is an exceptional case under 35 U.S.C. § 285 because Rembrandt and Remstream filed suit against Charter alleging infringement of the '444 patent with knowledge of the facts stated in this Counterclaim.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

## Count XVIII

59. Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

60. The claims of the '627 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

Answer:
Denied.

594579

61.     This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed suit against Charter alleging infringement of the '627 patent with knowledge of the facts stated in this Counterclaim.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1.      The Counterclaims fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

2.      The '819, '903, '761, '858, '234, '631, '159, '444, and '627 patents are enforceable in all respects and infringed by Charter.

### Third Affirmative Defense

3.      Charter's counterclaims are barred, in whole or in part, by the doctrine of estoppel.

### Fourth Affirmative Defense

4.      Charter's counterclaims are barred, in whole or in part, by the doctrine of waiver.

### Fifth Affirmative Defense

5.      Charter is not entitled to the relief requested as a matter of law.

### Sixth Affirmative Defense

6.      Charter's counterclaims are barred by the doctrine of laches.

### Seventh Affirmative Defense

7.      Rembrandt reserves the right to assert additional and/or different affirmative defenses as discovery progresses, and hereby reserves the right to amend its reply to Charter's Counterclaim in support of any such defenses.

594579

## PRAYER FOR RELIEF

Rembrandt denies that the Charter Counterclaimants are entitled to any of the relief requested in their prayer for relief. Rembrandt respectfully requests that the Court enter judgment in its favor and against the Charter Counterclaimants on all of their claims; that the Court find this case exceptional and award Rembrandt its costs and attorneys' fees pursuant to 35 U.S.C. § 285; and that the Court award Rembrandt such other further relief as the Court deems appropriate.

Dated: February 27, 2008

/s/ Collins J. Seitz, Jr.
Collins J. Seitz, Jr. (#2237)
Francis DiGiovanni (#3189)
James D. Heisman (#2746)
Kristen Healey Cramer (#4512)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141
cseitz@cblh.com
fdigiovanni@cblh.com
jheisman@cblh.com
kcramer@cblh.com
Attorneys for Rembrandt Technologies, LP, and Rembrandt Technologies, LLC d/b/a Remstream

594579

## CERTIFICATE OF SERVICE

I, James D. Heisman., hereby certify that on the 27th day of February, 2008, a true copy of the foregoing **Reply of Rembrandt Technologies, LP and Rembrandt Technologies, LLC d/b/a Remstream to Counterclaims of Charter Communications, Inc. and Charter Communications Operating, LLC** was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following and the document is available for viewing and downloading from CM/ECF:

## BY E-MAIL

| | |
|---|---|
| Jack B. Blumenfeld<br>Karen Jacobs Louden<br>Morris, Nichols, Arsht & Tunnell LLP<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>jblumenfeld@mnat.com<br>klouden@mnat.com | John W. Shaw<br>Young, Conaway, Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19899-0391<br>jshaw@ycst.com |
| Rodger D. Smith II (#3778)<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br>rsmith@mnat.com | Richard D. Kirk<br>Scott G. Wilcox<br>Stephen B. Brauerman<br>Bayard, PA<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899<br>rkirk@bayardlaw.com<br>swilcox@bayardlaw.com<br>sbrauerman@bayardlaw.com |

| | |
|---|---|
| Fredrick L. Cottrell, III<br>Kelly E. Farnan<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>cottrell@rlf.com<br>farnan@rlf.com | Peter J. Toren<br>Lawrence B. Goodwin<br>Monica V. Bhattacharyya<br>Stefan R. Stoyanov<br>Kasowitz, Benson, Torres & Friedman LLP<br>1633 Broadway<br>New York, NY 10019<br>ptoren@kasowitz.com<br>lgoodwin@kasowitz.com<br>mbhattacharyya@kasowitz.com<br>sstoyanov@kasowitz.com |
| Josh A. Krevitt<br>Charles J. Bourdreau<br>Gibson, Dunn & Crutcher LLP<br>200 Park Avenue, 47th Floor<br>New York, New York 10166-0193<br>jkrevitt@gibsondunn.com<br>cboudreau@gibsondunn.com | David Segal<br>Gibson, Dunn & Crutcher LLP<br>3161 Michelson Drive<br>Irvina, California 92612-4412<br>dsegal@gibsondunn.com |
| Amanda J. Tessar<br>Gibson, Dunn & Crutcher LLP<br>1801 California Street, Suite 4200<br>Denver, CO 80202-2642<br>atessar@gibsondunn.com | David S. Benyacar<br>Daniel L. Reisner<br>Kaye Scholer LLP<br>425 Park Avenue<br>New York, New York 10022<br>dbenyacar@kayescholer.com<br>dreisner@kayescholer.com |

| Matthew D. Powers<br>Edward R. Reines<br>Weil Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065<br>matthew.powers@weil.com<br>edward.reines@weil.com | Robert A. Van Nest<br>Brian L. Ferrall<br>Daralyn J. Durie<br>Leo L. Lam<br>Matthew M. Werdegar<br>KEKER & VAN NEST LLP<br>710 Sansome Street<br>San Francisco, CA 94111<br>rvannest@kvn.com<br>bferrall@kvn.com<br>ddurie@kvn.com<br>llam@kvn.com<br>mwerdegar@kvn.com |
|---|---|
| John Desmarais<br>Kirkland & Ellis LLP<br>Citigroup Center<br>153 East 53rd Street<br>New York, New York 10022<br>jdesmarais@kirkland.com | Eric R. Lamison<br>Kirkland & Ellis LLP<br>555 California Street, Ste. 2700<br>San Francisco, CA 94104<br>elamison@kirkland.com |
| Mitchell Stockwell<br>Kilpatrick & Stockton LLP<br>110 Peachtree Street, N.E.<br>Suite 2800<br>Atlanta, GA 30309<br>MStockwell@KilpatrickStockton.com | Bradford P. Lyerla<br>Kevin D. Hogg<br>Charles E. Juister<br>Marshall, Gerstein & Borun LLP<br>6300 Sears Tower<br>233 South Wacker Drive<br>Chicago, IL 60606-6357<br>blyerla@marshallip.com<br>khogg@marshallip.com<br>cjuister@marshallip.com |

By: /s/ James D. Heisman
James D. Heisman (#2746)
jheisman@cblh.com