## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: REMBRANDT TECHNOLOGIES, LP PATENT LITIGATION | ) ) ) ) ) ) ) |  MDL Docket No. 07-md-1848 (GMS) |

| | |
|---|---|
| MOTOROLA, INC., CISCO SYSTEMS, INC., SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, INC., THOMSON, INC., AMBIT MICROSYSTEMS, INC., and NETGEAR, INC., <br><br> Plaintiffs, <br><br> v. <br><br> REMBRANDT TECHNOLOGIES, LP, <br><br> Defendant. | Civil Action No. 07-752-GMS <br><br> **JURY TRIAL DEMANDED** |

| | |
|---|---|
| REMBRANDT TECHNOLOGIES, LP, and REMBRANDT TECHNOLOGIES, LLC d/b/a REMSTREAM, <br><br> Counter-Plaintiffs, <br><br> v. <br><br> MOTOROLA, INC., CISCO SYSTEMS, INC., SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, INC., THOMSON, INC., AMBIT MICROSYSTEMS, INC., NETGEAR, INC., TIME WARNER CABLE, INC., TIME WARNER CABLE LLC, TIME WARNER NEW YORK CABLE LLC, TIME WARNER ENTERTAINMENT COMPANY, LP, COMCAST CORPORATION, COMCAST CABLE COMMUNICATIONS, LLC, CHARTER COMMUNICATIONS, INC., CHARTER COMMUNICATIONS OPERATING, LLC, | Civil Action No. 07-752-GMS <br><br> **JURY TRIAL DEMANDED** |

COXCOM, INC., INC., CSC HOLDINGS, INC.,     )
CABLEVISION SYSTEMS CORPORATION,     )
ADELPHIACOMMINICATIONS     )
CORPORATION, CENTURY-TCI CALIFORNIA     )
COMMUNICATIONS, LP, CENTURY-TCI     )
HOLDINGS, LLC, COMCAST OF     )
FLORIDA/PENNSYLVANIA, L.P. (f/k/a     )
PARNASSOS, LP), COMCAST OF     )
PENNSYLVANIA II, L.P. (f/k/a CENTURY-TCI     )
CALIFORNIA, L.P.), PARNASSOS     )
COMMUNICATIONS, LP, ADELPHIA     )
CONSOLIDATION, LLC, PARNASSOS     )
HOLDINGS, LLC, and WESTERN NY     )
CABLEVISION, LP,     )
     )
        Counter-Defendants.     )
     )
     )
_____     )
     )
REMBRANDT TECHNOLOGIES, LP, and     )
REMBRANDT TECHNOLOGIES, LLC d/b/a     )
REMSTREAM,     )
     )
        Counter Counterclaim-Plaintiffs,     )
     )
        v.     )
     )
TIME WARNER ENTERTAINMENT-     )
ADVANCE/NEWHOUSE PARTNERSHIP, and     )
COMCAST CABLE COMMUNICATION     )
HOLDINGS, INC.     )
     )
        Counter Counterclaim-Defendants.     )
     )
_____     )

## REPLY OF REMBRANDT TECHNOLOGIES, LP AND REMBRANDT TECHNOLOGIES, LLC d/b/a REMSTREAM TO COUNTERCLAIMS OF ADELPHIA COMMUNICATIONS CORPORATION AND ADELPHIA CONSOLIDATION, LLC

Defendant/Counter-Plaintiffs Rembrandt Technologies, LP and Rembrandt Technologies,

LLC d/b/a Remstream (collectively "Rembrandt"), by their undersigned attorneys, reply to the

594576

counterclaims of Counter-Defendants Adelphia Communications Corporation and Adelphia

Consolidation, LLC (collectively "Adelphia") as follows:

## Parties

1.     Adelphia Communications Corporation is a corporation organized under the laws of the state of Delaware.

Answer:
Upon information and belief, Rembrandt admits that Adelphia Communications Corporation is a corporation organized under the laws of the state of Delaware.

2.     Adelphia Consolidation LLC is a limited liability company organized under the laws of the state of Delaware.

Answer:
Upon information and belief, Rembrandt admits that Adelphia Consolidation LLC is a limited liability company organized under the laws of the state of Delaware.

3.     Upon information and belief, Rembrandt Technologies, LP is a limited partnership organized under the laws of the state of New Jersey with its principal place of business at 401 City Avenue, Suite 900, Bala Cynwyd, PA 19004.

Answer:
Admitted.

4.     Upon information and belief, Rembrandt Technologies LLC is a Delaware LLC and has its headquarters at 401 City Avenue, Suite 900, Bala Cynwyd, PA 19004.

Answer:
Admitted.   By way of further answer, Rembrandt Technologies, LLC also is doing business as Remstream.

## Jurisdiction and Venue

5.     Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a).

Answer:
Admitted.

594576

6.     This court has personal jurisdiction over Rembrandt Technologies, LP and Rembrandt Technologies LLC because they have submitted to the jurisdiction of this Court.

Answer:
Admitted only that this Court has personal jurisdiction over Rembrandt, which as defined above includes Remstream, for purposes of this action.  Except as expressly admitted, the allegations of this paragraph 6 are denied.

7.     As stated above, pursuant to the first-filed rule, Rembrandt's Counterclaims against the Adelphia-related Counter-Defendants should be stayed, dismissed, and/or transferred for trial to the United States Bankruptcy Court for the Southern District of New York.  However, in the event that the Rembrandt counterclaims against the Adelphia-Related Counter-Defendants are not stayed, dismissed and/or transferred for trial to the United States Bankruptcy Court for the Southern District of New York, then venue in this district would be proper under 28 U.S.C. §1391(b) and §1409.

Answer:
Denied that Rembrandt's Counterclaims against the Adelphia-Related Counter-Defendants should be stayed, dismissed and/or transferred pursuant to the first filed or any other rule.  Admitted that venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400, but denied that Adelphia is entitled to its requested relief.

## Count I
## Declaratory Judgment of Noninfringement and Invalidity of the '761 Patent

8.     The allegations made in its Affirmative Defenses and in Paragraphs 1-7 above are incorporated herein by reference.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

9.     An actual controversy exists between the Adelphia-Related Counter-Defendants and Rembrandt regarding the alleged infringement and invalidity of United States Patent No. 5,710,761.

Answer:
Admitted.

594576

10.    The Adelphia-Related Counter-Defendants have not infringed, contributorily infringed, or induced the infringement of any valid claims of the '761 patent, either literally or under the doctrine of equivalents.

Answer:
Denied.


11.    The '761 patent is invalid in light of the failure to company with one or more requirements of 35 U.S.C. §101 *et seq.*

Answer:
Denied.


12.    Rembrandts counterclaims that the Adelphia-Related Counter-Defendants are infringing, contributorily infringing or actively inducing the infringement of the '761 patent render this case exceptional within the meaning of 35 U.S.C. § *285*, entitling the Adelphia-Related Counter-Defendant to recover their attorney fees, costs and expenses in defending against those claims.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Adelphia-Related Counter-Defendants.

## Count II
### Declaratory Judgment of Noninfringement and Invalidity of the '234 Patent

13.    The allegations made in its Affirmative Defenses and in Paragraphs 1-12 above are incorporated herein by reference.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 12 as if fully set forth herein.


14.    An actual controversy exists between the Adelphia-Related Counter-Defendants and Rembrandt regarding the alleged infringement and invalidity of United States Patent No. 5,778,234.

Answer:
Admitted.

594576

15.    The Adelphia-Related Counter-Defendants have not infringed, contributorily infringed, or induced the infringement of any valid claims of the '234 patent, either literally or under the doctrine of equivalents.

Answer:
Denied.


16.    The '234 patent is invalid in light of the failure to company with one or more requirements of 35 U.S.C. §101 *et seq.*

Answer:
Denied.


17.    Rembrandt's counterclaims that the Adelphia-Related Counter-Defendants are infringing, contributorily infringing or actively inducing the infringement of the '234 patent render this case exceptional within the meaning of 35 U.S.C. § 285, entitling the Adelphia-Related Counter-Defendants to recover their attorney fees, costs and expenses in defending against those claims.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Adelphia-Related Counter-Defendants.

## Count III
## Declaratory Judgment of Noninfringement and Invalidity of the '159 Patent

18.    The allegations made in its Affirmative Defenses and in Paragraphs 1-17 above are incorporated herein by reference.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 17 as if fully set forth herein.


19.    An actual controversy exists between the Adelphia-Related Counter-Defendants and Rembrandt regarding the alleged infringement and invalidity of United States Patent No. 6,131,159.

Answer:
Admitted.

594576

20.    The Adelphia-Related Counter-Defendants have not infringed, contributorily infringed, or induced the infringement of any valid claims of the '159 patent, either literally or under the doctrine of equivalents.

Answer:
Denied.


21.    The '159 patent is invalid in light of the failure to company with one or more requirements of 35 U.S.C. §101 *et seq.*

Answer:
Denied.


22.    Rembrandt's counterclaims that the Adelphia-Related Counter-Defendants are infringing, contributorily infringing or actively inducing the infringement of the *'159* patent render this case exceptional within the meaning of 35 U.S.C. § 285, entitling the Adelphia-Related Counter-Defendants to recover their attorney fees, costs and expenses in defending against those claims.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Adelphia-Related Counter-Defendants.

## Count IV
## Declaratory Judgment of Noninfringement and Invalidity of the '444 Patent

23.    The allegations made in its Affirmative Defenses and in Paragraphs 1-22 above are incorporated herein by reference.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 22 as if fully set forth herein.


24.    An actual controversy exists between the Adelphia-Related Counter-Defendants and Rembrandt regarding the alleged infringement and invalidity of United States Patent No. 6,950,444.

Answer:
Admitted.

594576

25.    The Adelphia-Related Counter-Defendants have not infringed, contributorily infringed, or induced the infringement of any valid claims of the '444 patent, either literally or under the doctrine of equivalents.

Answer:
Denied.


26.    The '444 patent is invalid in light of the failure to company with one or more requirements of 35 U.S.C. §101 *et seq.*

Answer:
Denied.


27.    Rembrandt's counterclaims that the Adelphia-Related Counter-Defendants are infringing, contributorily infringing or actively inducing the infringement of the '444 patent render this case exceptional within the meaning of 35 U.S.C. § 285, entitling the Adelphia-Related Counter-Defendants to recover their attorney fees, costs and expenses in defending against those claims.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Adelphia-Related Counter-Defendants.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1.    The Counterclaims fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

2.    The '761, '234, '159, and '444 patents are enforceable in all respects and infringed by the Adelphia-Related Counter-Defendants.

### Third Affirmative Defense

3.    Adelphia's counterclaims are barred, in whole or in part, by the doctrine of

estoppel.

594576

### Fourth Affirmative Defense

4.    Adelphia's counterclaims are barred, in whole or in part, by the doctrine of waiver.

### Fifth Affirmative Defense

5.    Adelphia's counterclaims are barred by the doctrine of laches.

### Sixth Affirmative Defense

6.    Adelphia is not entitled to the relief requested as a matter of law.

### Seventh Affirmative Defense

7.    Rembrandt reserves the right to assert additional and/or different affirmative defenses as discovery progresses, and hereby reserves the right to amend its reply to Adelphia's Counterclaim in support of any such defenses.

### PRAYER FOR RELIEF

Rembrandt denies that the Adelphia-Related Counter-Defendants are entitled to any of the relief requested in its prayer for relief. Rembrandt respectfully requests that the Court enter judgment in its favor and against the Adelphia-Related Counter-Defendants on all of their claims; that the Court find this case exceptional and award Rembrandt its costs and attorneys' fees pursuant to 35 U.S.C. § 285; and that the Court award Rembrandt such other further relief as the Court deems appropriate.

594576

Dated: February 27, 2008

/s/ Collins J. Seitz, Jr.
Collins J. Seitz, Jr. (#2237)
Francis DiGiovanni (#3189)
James D. Heisman (#2746)
Kristen Healey Cramer (#4512)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141
cseitz@cblh.com
fdigiovanni@cblh.com
jheisman@cblh.com
kcramer@cblh.com

Attorneys for Rembrandt Technologies, LP,
and Rembrandt Technologies, LLC d/b/a
Remstream

594576

## CERTIFICATE OF SERVICE

I, James D. Heisman., hereby certify that on the 27th day of February, 2008, a true

copy of the foregoing **Reply of Rembrandt Technologies, LP and Rembrandt**

**Technologies, LLC d/b/a Remstream to Counterclaims of Adelphia**

**Communications Corporation and Adelphia Consolidation, LLC** was electronically

filed with the Clerk of the Court using CM/ECF which will send notification of such

filing to the following and the document is available for viewing and downloading from

CM/ECF:

**BY E-MAIL**

| | |
|---|---|
| Jack B. Blumenfeld<br>Karen Jacobs Louden<br>Morris, Nichols, Arsht & Tunnell LLP<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>jblumenfeld@mnat.com<br>klouden@mnat.com | John W. Shaw<br>Young, Conaway, Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19899-0391<br>jshaw@ycst.com |
| Rodger D. Smith II (#3778)<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br>rsmith@mnat.com | Richard D. Kirk<br>Scott G. Wilcox<br>Stephen B. Brauerman<br>Bayard, PA<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899<br>rkirk@bayardlaw.com<br>swilcox@bayardlaw.com<br>sbrauerman@bayardlaw.com |

| | |
|---|---|
| Fredrick L. Cottrell, III<br>Kelly E. Farnan<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>cottrell@rlf.com<br>farnan@rlf.com | Peter J. Toren<br>Lawrence B. Goodwin<br>Monica V. Bhattacharyya<br>Stefan R. Stoyanov<br>Kasowitz, Benson, Torres & Friedman LLP<br>1633 Broadway<br>New York, NY 10019<br>ptoren@kasowitz.com<br>lgoodwin@kasowitz.com<br>mbhattacharyya@kasowitz.com<br>sstoyanov@kasowitz.com |
| Josh A. Krevitt<br>Charles J. Bourdreau<br>Gibson, Dunn & Crutcher LLP<br>200 Park Avenue, 47th Floor<br>New York, New York 10166-0193<br>jkrevitt@gibsondunn.com<br>cboudreau@gibsondunn.com | David Segal<br>Gibson, Dunn & Crutcher LLP<br>3161 Michelson Drive<br>Irvina, California 92612-4412<br>dsegal@gibsondunn.com |
| Amanda J. Tessar<br>Gibson, Dunn & Crutcher LLP<br>1801 California Street, Suite 4200<br>Denver, CO 80202-2642<br>atessar@gibsondunn.com | David S. Benyacar<br>Daniel L. Reisner<br>Kaye Scholer LLP<br>425 Park Avenue<br>New York, New York 10022<br>dbenyacar@kayescholer.com<br>dreisner@kayescholer.com |

| Matthew D. Powers | Robert A. Van Nest |
|---|---|
| Edward R. Reines | Brian L. Ferrall |
| Weil Gotshal & Manges LLP | Daralyn J. Durie |
| 201 Redwood Shores Parkway | Leo L. Lam |
| Redwood Shores, CA 94065 | Matthew M. Werdegar |
| matthew.powers@weil.com | KEKER & VAN NEST LLP |
| edward.reines@weil.com | 710 Sansome Street |
| | San Francisco, CA 94111 |
| | rvannest@kvn.com |
| | bferrall@kvn.com |
| | ddurie@kvn.com |
| | llam@kvn.com |
| | mwerdegar@kvn.com |
| John Desmarais | Eric R. Lamison |
| Kirkland & Ellis LLP | Kirkland & Ellis LLP |
| Citigroup Center | 555 California Street, Ste. 2700 |
| 153 East 53rd Street | San Francisco, CA 94104 |
| New York, New York 10022 | elamison@kirkland.com |
| jdesmarais@kirkland.com | |
| Mitchell Stockwell | Bradford P. Lyerla |
| Kilpatrick & Stockton LLP | Kevin D. Hogg |
| 110 Peachtree Street, N.E. | Charles E. Juister |
| Suite 2800 | Marshall, Gerstein & Borun LLP |
| Atlanta, GA 30309 | 6300 Sears Tower |
| MStockwell@KilpatrickStockton.com | 233 South Wacker Drive |
| | Chicago, IL 60606-6357 |
| | blyerla@marshallip.com |
| | khogg@marshallip.com |
| | cjuister@marshallip.com |

By: _/s/ James D. Heisman_
    James D. Heisman (#2746)
    jheisman@cblh.com