IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| IN RE: REMBRANDT TECHNOLOGIES, LP ) <br> PATENT LITIGATION                ) <br>                                   ) | MDL Docket No. 07-md-1848(GMS) |

## **ORDER**

At Wilmington, this 27th day of March, 2008, after having considered the parties' revised proposed scheduling order;

IT IS ORDERED that the revised proposed scheduling order (D.I. 103) is DENIED. The plaintiff, Rembrandt Technologies, LP, shall submit a further revised proposed scheduling order no later than close of business on **Monday, March 31, 2008**, which contains the following modifications:

1. In paragraph 4(c), the parties shall strike all language regarding supplemental briefs.

2. In paragraph 4(c), the parties shall include the following page limits for *Markman* briefing: (a) each side shall file joint opening and answering briefs each of which may be 40 pages or less for the Eight Patents; and (b) each side shall file joint opening and answering briefs each of which may be 20 pages or less for the '627

        patent.[1,2]

3. In paragraphs 15(a) and 15(b), the parties shall change the time for beginning the jury trials from 9:00 a.m. to 9:30 a.m.

                                                      /s/ Gregory M. Sleet
                                                      CHIEF, UNITED STATES DISTRICT JUDGE

---

[1] Having considered the parties' positions as represented during the scheduling conference and further teleconference in this matter, the court sees no need for supplemental briefing and no need for the number of pages of briefing proposed by the parties in their revised scheduling order. Indeed, the court finds it unreasonable to have to read 500-600 pages of *Markman* briefing for one patent matter. Further, as a practical matter, the parties' proposal is unworkable, as the Judge and his law clerk would essentially have to put aside the Judge's entire caseload, which currently numbers 436 civil cases and 90 criminal cases, to read, digest, and address the issues raised by the parties' lengthy briefs.

[2] To the extent that the parties' proposal is based upon the fact that there are multiple defendants in this matter, it is unavailing, as the court assumes that all defendants will propose a unified construction for each disputed claim term.