# CONNOLLY BOVE LODGE & HUTZ LLP
### ATTORNEYS AT LAW

WILMINGTON, DE

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

Collins J. Seitz, Jr.
TEL       (302) 888-6278
FAX       (302) 255-4278
EMAIL     cseitz@cblh.com
REPLY TO  Wilmington Office

March 31, 2008

**BY E-FILING**

The Honorable Gregory M. Sleet
Chief Judge, United States District Court
District of Delaware
844 King Street
Wilmington, Delaware 19801

Re:  *In re: Rembrandt Technologies, LP Patent Litig.*
     **C.A. No. 1:07-md-1848 (GMS)**

Dear Chief Judge Sleet:

Pursuant to the Court's March 28, 2008 Order (D.I. 123), on behalf of all parties enclosed is a Scheduling Order revised as requested by the Court.

A day before the Court entered its Order, the parties submitted for the Court's consideration a request to amend paragraph 2 of the Scheduling Order to extend by approximately two weeks the date for amendments to the pleadings (D.I. 119). The purpose of the amendment is to allow the parties additional time to confer on amendments to the pleadings, as well as to confer about case simplification proposals. The proposed amendment does not impact any other dates in the Scheduling Order, and if the proposed amendment is acceptable to the Court, D.I. 119 will be withdrawn as moot.

The parties have included this amendment to paragraph 2 in the enclosed form of order, and hope it meets with the Court's approval. Counsel are available to answer any questions the Court might have.

Respectfully,

*/s/ Collins J. Seitz, Jr.*
Collins J. Seitz, Jr.
(Bar No. 2237)
cseitz@cblh.com

CJS,Jr./saj
Enclosure

WILMINGTON, DE                    WASHINGTON, DC                    LOS ANGELES, CA

cc:    Clerk of the Court (by ECF)
       Jack B. Blumenfeld (by ECF and hand delivery)
       John W. Shaw (by ECF and hand delivery)
       (601797)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| IN RE: REMBRANDT TECHNOLOGIES, LP<br>PATENT LITIGATION<br><br>ALL CASES | )<br>)<br>)<br>)<br>)<br>) | MDL Docket No. 07-md-1848 (GMS) |

## SCHEDULING ORDER

This ____ day of March, 2008, the Court having conducted a Rule 16 Scheduling Conference pursuant to Local Rule 16.2(b) on December 12, 2007, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration,

IT IS ORDERED that:

1. **Rule 26(a) Initial Disclosures.** Unless otherwise agreed to by the parties, to the extent initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) have not been made in an action, they shall be made on or before January 14, 2008.

2. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before April 11, 2008.

3. **Reliance Upon Advice of Counsel.** If Rembrandt Technologies, LP ("Rembrandt") first makes a *prima facie* showing of willfulness as it relates to any party, any such party shall inform Rembrandt whether it intends to rely upon advice of counsel as a defense to willful infringement and produce opinions as set forth below. Specifically, in order for Rembrandt to proceed with willfulness as to any party, on or before October 15, 2008, Rembrandt shall provide written notice to such party stating that willful infringement is being

sought against that party and a recitation of an alleged *prima facie* showing of willful infringement, including a description of the contentions and identification and citation to alleged supporting evidence. Any party for which Rembrandt provides such notice and alleged showing shall no later than October 29, 2008, either (a) provide a written response setting forth why it believes Rembrandt's showing is insufficient as to that party; or (b) state whether it will rely on advice of counsel as a defense and produce such opinions on which the party intends to rely, and documents requested in writing by Rembrandt relating thereto to the extent discoverable, if any, no later than November 5, 2008, and such production shall not be construed in any way as an admission that Rembrandt has made any showing of willfulness. In the event any party and Rembrandt disagree whether Rembrandt's showing is sufficient to warrant production by the party, the parties shall meet and confer prior to the November 2008 status conference, and, if they are unable to resolve the issue, shall present the issue to the Court at the status conference.

   4. **_Markman_ Claim Construction Hearings.**

    (a) A *Markman* claim construction hearing shall be held at 9:30 a.m. on August 4 and 5, 2008, on United States Patent Nos. 5,719,858, 4,937,819, 5,852,631, 5,008,903, 5,710,761, 5,778,234, 6,131,159, and 6,950,444 (the "Eight Patents"). The *Markman* hearing is scheduled for a total of twelve (12) hours. The parties will confer regarding allocation of time for the *Markman* hearing and be prepared to address this subject at the June 2008 status conference.

    (b) A *Markman* claim construction hearing shall be held at 9:30 a.m. on August 6, 2008, on United States Patent No. 5,243,627 (the "'627 Patent"). The *Markman* hearing is scheduled for a total of six (6) hours. The parties will confer regarding allocation of time for the *Markman* hearing and be prepared to address this subject at the June 2008 status conference.

    (c)  The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues on or before May 21, 2008. To assist with this process, in addition to responding to formal discovery (*e.g.*, interrogatories), the parties shall serve lists of terms and phrases for construction on or before April 2, 2008 and serve their proposed constructions for those terms and phrases on or before April 30, 2008. Rembrandt shall identify each patent claim that it asserts or reasonably expects to assert against each party on March 3, 2008, one month prior to exchanging the list of terms and phrases, in order to prepare for that exchange. On or before May 28, 2008, the parties shall submit a Final Joint Claim Chart which shall include citations to intrinsic evidence. Rembrandt shall submit to the court a Joint Appendix of Intrinsic and Extrinsic Evidence (the "Joint Appendix") containing all intrinsic and extrinsic evidence relied upon in the claim construction briefing. A sample table of contents of the Joint Appendix can be located on this court's website at www.ded.uscourts.gov. The Joint Appendix shall be filed on July 7, 2008. The parties shall file opening claim construction briefs on June 4, 2008, and answering claim construction briefs on July 2, 2008. With regards to the Eight Patents, each side shall file joint opening and answering briefs each of which may be 40 pages or less. With regards to the '627 patent, each side shall file joint opening and answering briefs each of which may be 20 pages or less.

    5.  **Discovery.** All fact discovery in this case shall be initiated so that it will be completed on or before January 9, 2009. The parties shall exchange opening expert reports on issues for which they bear the burden of proof on or before November 21, 2008, and answering expert reports on or before January 12, 2009. All expert discovery shall be completed on or before February 25, 2009.

      (a)    <u>Status Conferences</u>. The Court shall conduct telephone status conferences at 2:00 p.m. on June 19, 2008, and at 11:00 a.m. on November 7, 2008.

      (b)    <u>Discovery and Scheduling Matters</u>. Should counsel find they are unable to resolve a discovery or scheduling matter and counsel reasonably believes such matter(s) cannot be raised at one of the in-person discovery conferences, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the parties shall file with the court via electronic means (CM/ECF) a **joint, non-argumentative** letter agenda not to exceed two (2) pages outlining the issue(s) in dispute. A sample letter can be located on this court's website at www.ded.uscourts.gov. After the parties have had three (3) discovery teleconferences, they will be required to file a joint letter showing good cause why the court should permit a fourth discovery teleconference. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court shall order the party seeking relief to file with the Court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

      **(c)**    **Discovery Limits**

The parties have agreed to the following limitations with respect to discovery. For purposes of the limitations set forth below, only discovery served subsequent to this Order shall be counted towards these limits and any pending, previously stayed or otherwise outstanding discovery must be served anew pursuant to this Order to be effective.

4

(1)     **Non-Expert Depositions**

Rembrandt and all other parties shall each have 650 hours per side in which to depose non-expert witnesses, including depositions of parties and non-parties; provided, however, that any party may apply for leave of the Court to seek additional deposition time should additional deposition hours be needed. Within the allotted deposition hours, All Other Parties to the Eight Patent case and All Other Parties to the '627 Patent case may take up to three days (21 hours) of testimony per named inventor, provided that any such three-day deposition runs three consecutive days; and up to two days (14 hours) of testimony per each prosecuting attorney, provided that any such two-day deposition runs two consecutive days. Deposition days shall consist of up to seven hours of record testimony exclusive of breaks, although the parties may agree to continue a deposition longer if they wish. Any counsel of record to a party in any underlying, related action to these proceedings is entitled to ask questions at a deposition in accordance with the Federal Rules of Civil Procedure and Federal Rules of Evidence. The parties may, by agreement, revise the limitations in this paragraph.

(2)     **Interrogatories**

**The Eight Patents.** Each side may ask up to thirty-five (35) interrogatories per party as follows. Rembrandt may ask up to twenty (25) joint interrogatories that are propounded to all other parties jointly and up to ten (10) interrogatories that are separate to each specific party. All Other Parties may jointly propound twenty (25) joint interrogatories and may each separately propound ten (10) interrogatories. Affiliates of any party are included in the counting of ten interrogatories to that party and are not counted separately. The parties reserve the right to request additional interrogatories if, during the course of discovery, it becomes apparent that

additional interrogatories are necessary. The parties agree to meet and confer to resolve any such requests for additional interrogatories.

**The '627 patent.** Each side may ask up to twenty-five (25) interrogatories per party as follows. Rembrandt may ask up to fifteen (15) joint interrogatories that are propounded to the '627 patent defendants and declaratory relief claimants jointly and up to ten (10) interrogatories that are separate to each specific party. The '627 patent defendants and declaratory relief claimants may jointly propound fifteen (15) joint interrogatories and may each separately propound ten (10) interrogatories. Affiliates of any party are included in the counting of ten interrogatories to that party and are not counted separately. The parties reserve the right to request additional interrogatories if, during the course of discovery, it becomes apparent that additional interrogatories are necessary. The parties agree to meet and confer to resolve any such requests for additional interrogatories.

(3)   **Requests for Admission**

**The Eight Patents.** Each side may serve an unlimited number of requests for admissions directed to the authenticity and/or admissibility of documents and other material things and up to sixty (60) substantive requests for admission as follows. Rembrandt may serve up to fifty (50) substantive requests for admission directed to the defendants jointly and up to ten (10) substantive requests for admission directed to each defendant. The defendants may serve up to fifty (50) substantive requests for admission directed to Rembrandt jointly and may each serve separately up to an additional ten (10) substantive requests for admission. The parties reserve the right to request additional requests for admission if, during the course of discovery, it becomes apparent that additional requests for admission are necessary. The parties agree to meet and confer to resolve any such requests for additional requests for admission.

**The '627 patent.** Each side may serve an unlimited number of requests for admissions directed to the authenticity and/or admissibility of documents and other material things and up to fifty (50) substantive requests for admission as follows. Rembrandt may serve up to forty (40) substantive requests for admission directed to the defendants and declaratory relief claimants jointly and up to ten (10) substantive requests for admission directed to each defendant and declaratory relief claimant. The defendants and declaratory relief claimants may serve up to forty (40) substantive requests for admission directed to Rembrandt jointly and may each serve separately up to an additional ten (10) substantive requests for admission. The parties reserve the right to request additional requests for admission if, during the course of discovery, it becomes apparent that additional requests for admission are necessary. The parties agree to meet and confer to resolve any such requests for additional requests for admission.

(4)   **Document requests**

**The Eight Patents.** Without limiting the number of document requests that may be served by any party, the Court anticipates that the parties will make efforts to coordinate their requests so that a majority of document requests are served either jointly on all defendants or jointly by all defendants.

**The '627 Patent.** Without limiting the number of document requests that may be served by any party, the Court anticipates that the parties will make efforts to coordinate their requests so that a majority of document requests are served either jointly on all defendants or jointly by all defendants.

(5)   **Third Party Documents**

The parties will serve each other with copies of any subpoena or deposition notice directed to a third-party on or before the day the subpoena or notice is served on the third-party.

Any party that receives documents from a third-party will provide copies of the third-party documents to all other parties within five (5) business days of receipt of those documents unless the third party provides some objection, in which case the parties shall meet and confer to achieve a resolution of the issue. In the event that a third party's deposition is scheduled to take place within ten (10) business days of receipt of documents from a third party, the party receiving the documents shall use its best efforts to provide copies of the third party's documents the same or next day of receipt of such documents.

**(6)    Experts.**

The Parties agree to the following concerning Expert Discovery with regards to both the Eight Patents and the '627 patent:

1. Oral and written communication between an expert witness for any party or parties, and the party or parties, or their attorneys or representatives employing such expert which are made in connection with the expert witness' engagement in any of these related cases shall not be discoverable, except to the extent that the expert relies upon them for his opinions.

2. Drafts of a report of an expert witness for any party or parties that are prepared in connection with the expert witness' engagement in any of these related cases shall not be discoverable.

3. All notes, memoranda and other writings of an expert witness that are prepared in connection with the expert witness' engagement in any of these related cases shall not be discoverable, except to the extent that the expert consults them while testifying at a deposition or at trial.

4. The provisions of Fed. R. Civ. P. 26(a)(2)(B) regarding the content of a report of an expert are not changed by this Stipulation, except that "considered" shall be replaced by "relied upon."

6. **Confidential Information and Papers Filed Under Seal.** Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within twenty (20) days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two (2) copies of the papers.

**If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(b).**

7. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to United States Magistrate Judge Stark for the purpose of exploring the possibility of a settlement. If the parties agree that the possibility of settlement may be enhanced by such referral, the parties shall contact Magistrate Judge Stark to schedule a settlement conference with counsel and clients.

8. **Briefing Requested In December 12, 2007 Order.** Pursuant to the Order dated December 12, 2007 (D.I. 29), the briefing requested by the Court shall occur as follows: Rembrandt's opening brief shall be filed on January 16, 2009; opposition briefing shall be filed on or before February 6, 2009; and Rembrandt's reply brief shall be filed on or before February 17, 2009. The page limit for Rembrandt's reply brief shall be 20 pages or one half of the

aggregate number of pages filed by Other Parties in their opposition briefs, whichever is greater. The briefing shall otherwise comply with the Local Rules.

9. **Summary Judgment Motions.** Prior to filing any summary judgment motion in any of the underlying matters, each party proposing to file a motion must submit letter briefing seeking permission to file the motion. Separate opening, answering and reply letter briefs shall be submitted in any matter with respect to the Eight Patents and the '627 patent. Each opening letter brief in each of those matters shall be no longer than five (5) pages and shall be filed with the Court no later than January 15, 2009. Each answering letter brief in each of those matters shall be no longer than five (5) pages and filed with the Court no later than January 22, 2009. Each reply letter brief in each of those matters shall be no longer than three (3) pages and filed with the Court no later than January 29, 2009. The Court shall hold a Telephone Conference to hear argument and to determine whether the filing of any motion will be permitted at 10:00 a.m. on February 27, 2009. **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in paragraph 9.**

10. **Case Dispositive Motions.** All case dispositive motions and an opening brief and affidavits, if any, in support of the motion shall be served and filed on or before March 20, 2009 or three weeks after permission is granted to file a case dispositive motion, whichever is later. Briefing will be presented pursuant to the Court's Local Rules, unless the parties agree to an alternative briefing schedule. Any such agreement shall be in writing and filed with the Court for approval. Any request for extensions of time as set forth in this Scheduling Order **must** be accompanied by an explanation or your request will be denied.

11. **Applications by Motion.** Except as provided in this Order or for matters relating to scheduling, any application to the Court shall be by written motion filed via electronic means

(CM/ECF). Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

12.  **Oral Argument.** If the Court believes that oral argument is necessary, the Court will schedule a hearing pursuant to Local Rule 7.1.4.

13.  **Daubert Issues.** The Court will address Daubert issues at the Pretrial Conference.

14.  **Pretrial Conference.**

(a)  On July 7 and, if necessary, on July 8, 2009, beginning at 10:00 a.m., the Court will hold a Pretrial Conference with counsel for the trial on the Eight Patents. Counsel for the parties to be present will be determined by the Court's ruling referred to in Paragraph 8. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). A sample form of Pretrial Order can be located on this Court's website at www.ded.uscourts.gov. Thirty (30) days before the joint proposed pretrial order is due, Rembrandt's counsel shall forward to all other parties a draft of the pretrial order containing the information Rembrandt proposes to include in the draft. All other parties' counsel shall, in turn, provide to Rembrandt's counsel any comments on Rembrandt's draft as well as the information all other parties propose to include in the proposed pretrial order. **Motions *in limine*:** No side shall file more than five (5) motions *in limine* related to this trial, however, in light of the complexity of the proceedings, as discussed at the December 12, 2007 Scheduling Conference, the parties will update the Court at a later time, after the record is more developed, whether the parties believe that more than five motions *in limine* are necessary in these proceedings and the proposed amount. Opening briefs

on all motions *in limine* shall be filed by May 15, 2009, answering briefs on all motions *in limine* shall be filed by June 1, 2009, and reply briefs on all motions *in limine* shall be filed by June 8, 2009, at 4:30 p.m. Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages. The parties shall file with the Court the **joint** proposed final pretrial order with the information required by the form of Final Pretrial Order which can be located on this Court's website at www.ded.uscourts.gov on or before June 8, at 4:30 p.m.

    (b)  Upon completion of the Pretrial Conference described in paragraph 14(a), or on July 9, 2009, at 10:00 a.m., whichever occurs earlier, the Court will hold a Pretrial Conference on the '627 Patent. Counsel trying the '627 Patent shall be prepared to commence the Pretrial Conference on July 8, 2009, should the Pretrial Conference described in paragraph 14(a) end early. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). A sample form of Pretrial Order can be located on this Court's website at www.ded.uscourts.gov. Thirty (30) days before the joint proposed pretrial order is due, Rembrandt's counsel shall forward to all other parties a draft of the pretrial order containing the information Rembrandt proposes to include in the draft. All other parties' counsel shall, in turn, provide to Rembrandt's counsel any comments on Rembrandt's draft as well as the information all other parties propose to include in the proposed pretrial order. **Motions *in limine***: No side shall file more than five (5) motions *in limine* related to this trial, however, in light of the complexity of the proceedings, as discussed at the December 12, 2007 Scheduling Conference, the parties will update the Court at a later time, after the record is more developed, whether the parties believe that more than five motions *in limine* are necessary in these proceedings and the proposed amount. Opening briefs on all motions *in limine* shall be filed by May 15, 2009,

answering briefs on all motions *in limine* shall be filed by June 1, 2009, and reply briefs on all motions *in limine* shall be filed by June 8, 2009, at 4:30 p.m. Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages. The parties shall file with the Court the **joint** proposed final pretrial order with the information required by the form of Final Pretrial Order which can be located on this Court's website at www.ded.uscourts.gov on or before June 8, at 4:30 p.m.

15. **Trial.**

    (a) Trial of the Equipment Manufacturers' declaratory judgment action on the Eight Patents (which, subject to the Court's ruling on the issue set forth in Paragraph 8, may or may not include additional parties) is scheduled for a 15 day jury trial beginning at 9:30 a.m. on September 9, 2009. There shall be no trial on September 28, 2009.

    (b) Trial on the '627 Patent is scheduled for a 10 day jury trial beginning at 9:30 a.m. on October 5, 2009.

16. **Scheduling.** The parties shall contact chambers, at (302) 573-6470, only in situations where scheduling relief is sought, and only then when ALL participating counsel is on the line for purposes of selecting a new date.

_____
United States District Judge