## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| IN RE:  REMBRANDT TECHNOLOGIES, LP PATENT LITIGATION | ) ) ) ) | MDL Docket No. 07-md-1848 (GMS) |

### NOTICE OF SUBPOENAS

PLEASE TAKE NOTICE that the attached subpoenas have been or will be served upon:

    A.    AT&T, Inc.;

    B.    IP Value Management Inc.;

    C.    Lucent Technologies;

    D.    Zhone Technologies, Inc.;

    E.    William L. Betts;

    F.    Peter V.D. Wilde;

    G.    Edward S. Zuranski;

    H.    Robert A. Westerlund; and

    I.    Dowling Consulting, Inc.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com
rsmith@mnat.com

*Liaison Counsel for Defendants and*
*Declaratory Relief Claimants*

April 10, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.

I further certify that I caused to be served copies of the foregoing document on April 10, 2008 upon the following in the manner indicated:

### VIA HAND DELIVERY and EMAIL

Collins J. Seitz, Jr., Esquire
Francis DiGiovanni, Esquire
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801
cseitz@cblh.com
fdigiovanni@cblh.com

John W. Shaw, Esquire
YOUNG CONAWAY STARGATT & TAYLOR LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
jshaw@ycst.com

### VIA EMAIL

David S. Benyacar, Esquire
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
dbenyacar@kayescholer.com

John M. DesMarais, Esquire
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022-4611
Jdesmarais@kirkland.com

Eric R. Lamison, Esquire
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
elamison@kirkland.com

Edward R. Reines, Esquire
WEIL GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
edward.reines@weil.com

Jack B. Blumenfeld (#1014)

EXHIBIT A

AO88 (Rev. 12/07) Subpoena in a Civil Case

<table>
<tr><td>
In re: Rembrandt<br>
Technologies, LP<br>
Patent Litigation
</td><td colspan="2">

**Issued by the**

# UNITED STATES DISTRICT COURT

District of Delaware

</td></tr>
<tr><td>
MOTOROLA, INC. et al.

V.

REMBRANDT TECHNOLOGIES, LP
</td><td colspan="2">

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  MDL 1:07-md-1848 GMS (DEL)
</td></tr>
</table>

TO:  AT&T, Inc. c/o Corp. Trust Comp., Registered Agent
     Corporation Trust Center
     1209 Orange Street
     Wilmington, DE 19801

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE    Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 | DATE AND TIME<br>4/21/2008 9:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE<br>4/4/08 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Timothy DeMasi, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153  (212) 310-8735

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                           DATE                                SIGNATURE OF SERVER

                                                _____
                                                ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
  (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
  (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
  (3) Quashing or Modifying a Subpoena.
    (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information;
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
  (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) Claiming Privilege or Protection.
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
  The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

1.      "Rembrandt" means Rembrandt Technologies, LP and all predecessors, successors, subsidiaries, parents, sisters, partnerships and affiliates thereof, and all directors, officers, agents, employees, attorneys and other persons acting on their behalf.

2.      "Paradyne" refers to any Paradyne entity including without limitation Paradyne Corporation, AT&T Paradyne, Paradyne Acquisition Corp., Paradyne Networks, Inc., Zhone Technologies, Inc. (hereafter "Zhone"), collectively and individually, including all predecessors, successors, subsidiaries, parents, sisters, partnerships and affiliates thereof, and all directors, officers, agents, employees, attorneys and other persons acting on their behalf.

3.      "Inventors" refers to either of the named inventors on the patent-in-suit or related patents or patent applications, including William L. Betts and Edward S. Zuranski.

4.      "Patent-in-suit" mean the following patent at issue in this litigation: U.S. Patent No. 5,243,627 (also referred to as the "'627 patent").

5.      "Related patents or patent applications" means any U.S. or foreign patent or patent application that either (i) stems from or claims priority to the patent-in-suit, (ii) describes subject matter claimed or described in the patent-in-suit, or (iii) claims any subject matter in the patent-in-suit.

6.      "Assignee" or "the assignees" refers to any alleged assignee of the patent-in-suit or any related patents or patent applications, including, but not limited to Paradyne, Rembrandt, AT&T Paradyne, or Lucent Technologies, Inc.

7.      "Prosecuting Attorney" shall refer to any counsel involved in the application or prosecution of a patent-in-suit, related patent or patent application.

71441011.3

8.    "Document" shall have the meaning accorded by Rule 34(a) of the Federal Rules of Civil Procedure including, but not limited to all of the matters defined in Rule 1001 of the Federal Rules of Evidence, any written, printed, typed, recorded, magnetic, punched, copied, graphic, or other tangible thing in which information may be embodied, translated, conveyed, or stored.  If a draft document has been prepared in several copies that are not identical, or if the original identical copies are no longer identical due to subsequent notation, each non-identical document is a separate document.

9.    "Concerning" means pertaining to, relating to, referring to, regarding, representing, embodying, illustrating, describing, evidencing, discussing, mentioning or constituting.

10.    "Communication" is used in a comprehensive sense, and means any instance in which any person has had contact with any other person by oral or written utterance, question, comment, inquiry, notation, or statement of any nature whatsoever, including but not limited to writings, documents, conversations, dialogues, discussions, interviews, consultations, agreements, and understandings.

11.    As used herein, "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12.    Where appropriate, the singular form of a word should be interpreted in the plural and vice versa, to acquire the broadest possible meaning.

13.    If any document relating to the subject matter of this subpoena has been destroyed, describe the content of said document, the last location of said document, the date of its destruction and the name of the person or entity that ordered or authorized its destruction.

14.    The "Subject Matter" of the patent-in-suit means any subject matter described, shown or claimed in the patent-in-suit or any related patents or patent applications, including trellis encoding, interleaving of symbols, signal points or other intervals for communication, Viterbi decoding, or error correction.

15.    The term "'627-related" shall mean all matters related to the '627 patent whether or not also related to one or more other patents, but shall exclude matters related solely to such other patents, including U.S. Patent Nos. 4,937,819; 5,719,858; 5,710,761; 5,852,631; 5,778,234; 6,131,159; 6,960,444 and 5,008,903.

## DOCUMENT REQUESTS

### *PATENT & PATENT PROSECUTION*

1.    All documents referring or relating to the patent-in-suit, any related patents or patent applications, or to the same or similar subject matter as the subject matter disclosed in the patent-in-suit.

2.    All documents referring or relating to the preparation, filing, or prosecution of the patent-in-suit or any related patents or patent applications, including, but not limited to invention disclosure information, technical descriptions, prior art, publications, non-identical drafts of patent applications, abandoned applications, prosecution file histories of the patent-in-suit, prosecution file histories of related patents or patent applications, communications with inventors or experts, and any communications with any agent, attorney, firm, foreign patent office or the U.S. Patent and Trademark Office ("USPTO").

3.    Documents sufficient to identify all persons who assisted in any aspect of the preparation, filing, or prosecution of the patent-in-suit or any related patents or patent applications.

- 3 -

71441011.3

4.     All documents referring to or concerning any patent applications filed by or patents issued to any of the Inventors concerning the Subject Matter of the patent-in-suit.

5.     All documents concerning the preparation, filing, or prosecution of any patents or patent applications naming one or more of the Inventors and concerning the Subject Matter of the patent-in-suit, including, but not limited to invention disclosure information, technical descriptions, prior art, publications, non-identical drafts of patent applications, abandoned applications, prosecution file histories, and any communications with any agent, attorney, firm, foreign patent office or the USPTO.

6.     All documents and materials concerning inventorship of any invention allegedly disclosed or claimed by the patent-in-suit or by any related patents or patent applications, including, but not limited to documents sufficient to identify the contribution of the named inventors to the claimed inventions of the patent-in-suit or any related patents or patent applications on a claim-by-claim basis.

7.     Documents sufficient to identify all persons who assisted in any aspect of the research, development, manufacture, testing, marketing, sale, licensing or supply of materials for the alleged invention(s) or for any embodiment of the alleged invention(s) and their role in any of the above.

8.     All documents provided to any Prosecuting Attorney or Inventor by anyone prior to or during the preparation and prosecution of the patent-in-suit or any related patents or patent applications in connection with such preparation and prosecution, including, without limitation notes, laboratory notebooks, sketches, memoranda, articles, technical reports, technical journals, and technical specifications.

71441011.3

9.     All documents and materials concerning the best mode of practicing the alleged invention(s) of the patent-in-suit or of any related patents or patent applications and any improvements to such alleged invention(s), including, but not limited to inventor records, notebooks, physical embodiments of all or part of such alleged invention(s), and all devices, apparatus or software purchased or built by the Inventors for the purpose of researching, developing, or reducing to practice such alleged invention(s).

10.    All documents concerning the conception, reduction to practice (actual or constructive) or any act of diligence leading to the reduction to practice of the alleged invention(s) of the patent-in-suit or of any related patents or patent applications, including but not limited to documents relating to research, development, manufacture, testing, marketing, or sale of the alleged invention(s) and any costs associated with the conception, reduction-to-practice, or research and development of the alleged invention(s), including, but not limited to receipts for supplies.

11.    All documents concerning when the Inventors, an Assignee, a Prosecuting Attorney, or anyone subject to the duty of candor before the USPTO learned of any potential or actual prior art to the patents-in-suit or to any related patents or patent applications.

12.    All documents and materials comprising, concerning or referring to any search for prior art to the patent-in-suit or any related patents or patent applications.

13.    All documents comprising, concerning or referring to potential or actual prior art to the patent-in-suit or to any related patents or patent applications, even if you dispute that the material constitutes or discloses prior art, including, but not limited to art considered or cited during prosecution of the patent-in-suit, art considered or cited during the prosecution of any

71441011.3

related patents or patent applications, and art disclosed by any third parties (including in any litigation involving the patent-in-suit or in licensing discussions).

14.    All documents that allegedly support any contention that the alleged invention(s) of the patent-in-suit are not obvious under 35 U.S.C. § 103, including, but not limited to documents that allegedly relate to or evidence secondary considerations of non-obviousness such as commercial success, long-felt need, copying by others, prior failure by others, licensing by others, or unexpected results.

15.    All '627-related documents referring to or concerning any litigation or other proceeding involving the patent-in-suit or any related patents or patent applications, including, but not limited to all pleadings, motions, exhibits, orders, depositions or other testimony, hearing transcripts, written discovery responses or initial disclosures, document productions, correspondence, settlement agreements, consent decrees, or any other materials from prior litigations.

16.    All documents and other materials provided to any Prosecuting Attorney by the Inventors, any Assignee, or their counsel relating to this litigation or to the patent-in-suit or any related patent or patent application.

17.    All documents and other materials provided by any Prosecuting Attorney to the Inventors, any Assignee, or their counsel relating to this litigation or to the patent-in-suit or any related patent or patent application.

18.    All documents concerning the level of ordinary skill in the art of the alleged invention(s) of the patent-in-suit.

19.    All documents concerning the interpretation or construction of any of the claim terms in the patent-in-suit.

- 6 -

20.    All documents concerning multidimensional trellis encoded and decoded (including Viterbi decoded) communications systems, Wei symbols, multidimensional signal constellations, interleaving or deinterleaving of symbols or interleaving or deinterleaving of signal points.

## COMMERCIALIZATION & PRIOR ART

21.    All documents concerning any disclosure by anyone to anyone of the alleged invention(s) of the patent-in-suit or of related patents or patent applications, including, but not limited to any disclosure of the alleged invention(s) by the Assignee(s) or the Inventors to each other or to any third party.

22.    All documents concerning any sale, offer for sale, importation, public use, or public disclosure of any activity, product, process, or method that may embody any of the claims or disclosures of the patent-in-suit or of related patents or patent applications.

23.    All documents concerning the first sale, offer for sale, importation, public use, or public disclosure of any activity, product, process, or method that may embody any of the claims or disclosures of the patent-in-suit or of related patents or patent applications.

24.    All documents referring or relating to any products marketed or sold by any Assignee that relates to any activity, product, process, or method that may embody any of the claims or disclosures of the patent-in-suit or of related patents or patent applications.

25.    All documents concerning conferences, symposia, panel discussions, seminars, exhibitions, conventions, or trade shows, manuals, articles, books, patents, publications, or any other reference materials relating to the Subject Matter of the patent-in-suit or any products relating to that patent or the application therefor.

71441011.3

26.     All documents referring or relating to any products that compete with any product marketed or sold by any Assignee that relates to any activity, product, process, or method that may embody any of the claims or disclosures of the patent-in-suit or of related patents or patent applications.

27.     All documents and materials concerning any strategies, plans, or expectations (whether of the Assignees, the Inventors, licensing counsel, or otherwise) with respect to the subject matter of the patent-in-suit, including without limitation any plans to commercialize, sell, license, or otherwise derive business or revenues from the patent-in-suit or from any related patents or applications.

28.     All documents concerning the work, research, design, development, manufacture, assembly, testing, installation, operation, marketing, sales or licensing of Paradyne's developed and tested prototype 24 kilobit per second modem that purportedly utilized the invention of the '627 patent.

## PATENT OWNERSHIP & LICENSING

29.     All documents concerning the ownership of the patent-in-suit or any related patents or patent applications, including, but not limited to all documents relating to assignments, acquisitions, liens, licenses, auctions, sales, or other transfers of rights by or to any entity or person.

30.     All documents concerning any license, proposed license, assignment, proposed assignment, sale, proposed sale, covenant not to sue, right of first refusal or any other actual or proposed transfer or extension of rights in or to the patent-in-suit or any related patents or patent applications.

71441011.3

31.    All documents concerning the potential value, if any, of the patent-in-suit, including documents referring to any actual or proposed purchase, assignment, sale, bid, auction, covenant not to sue, license or any other potential or actual transaction relating or referring to any possible or actual value of the patent-in-suit.

32.    All documents concerning the actual or proposed transfer, sale, securitization, monetization, acquisition or licensing of the patent-in-suit.

33.    All documents and things referring or relating to any review or inspection of the patent-in-suit, any agreements relating to the patent-in-suit or any communications relating to the patent-in-suit.

34.    All documents concerning a reasonable royalty for licensing the patent-in-suit or any related patents or patent applications.

35.    All documents concerning any settlement, covenant not to sue, consent decree, judgment or other resolution of any litigation (actual or potential) involving the patent-in-suit or any related patents or patent applications.

36.    All documents concerning any products that have been licensed or for which any covenant not to sue has been extended under the patent-in-suit or under any related patents or patent applications.

37.    All documents referring or relating to the actual or potential enforcement of the patent-in-suit or any related patents or patent applications.

38.    All documents comprising, concerning or referring to communications or agreements involving Paradyne, Lucent Technologies, Inc., Rembrandt, and/or Zhone relating to the patent-in-suit or related patents and patent applications.

- 9 -

39.    All documents referring or relating to the development of any standards that refer, relate to or concern the patent-in-suit or related patents or patent applications.

## TV & OTHER ISSUES

40.    All Rembrandt, Paradyne, Zhone, Inventor or Prosecuting Attorney documents referring or relating to transmission or reception of digital television signals, or communication systems or equipment for such transmission or reception.

41.    All documents referring or relating to the development of any standards relating to transmission or reception of digital television signals, or communication systems or equipment for such transmission or reception, including without limitation, documents relating to the Advanced Television Systems Committee, Grand Alliance or Advisory Committee on Advanced Television Service.

42.    All documents referring to or concerning the relationship, or absence thereof, between any version of the Advanced Television Systems Committee's digital television standards and the patent-in-suit, including without limitation, document referring to or concerning whether the patent-in-suit is essential to any such standard.

43.    All documents referring to or concerning any obligation or lack thereof to license the patent-in-suit on reasonable and non-discriminatory terms, including all documents referring to or concerning any offer to license the patent-in-suit on allegedly reasonable and non-discriminatory terms.

44.    All documents and things constituting or relating to any communications with any standard setting body, including, but not limited to the Advanced Television Systems Committee or Federal Communications Commission, relating to the Subject Matter of the patent-in-suit.

71441011.3

45.     All documents referring to or concerning any actual or proposed, formal or informal patent or intellectual property policies of the Advanced Television Systems Committee, Grand Alliance or the Advisory Committee on Advanced Television Service, including without limitation, any comunications with any person or entity relating to any such patent or intellectual property policy.

46.     All documents referring to or concerning any communications made by you or on your behalf to the Federal Communications Commission concerning any patent(s).

## LEGAL PROCEEDINGS

47.     All documents concerning any alleged infringement (whether direct, contributory or by inducement) of the patent-in-suit or any related patents.

48.     All documents concerning comparisons between the patent-in-suit or any related patents or patent applications to anything else including any activity, product, process, method, prior art, patent, or publication.

49.     All documents concerning any contention by any person or party, including without limitation any third party, Inventor, Prosecuting Attorney, prior art search firm, or any other person or party, that the patent-in-suit or any related patent or patent application is valid or invalid, enforceable or unenforceable, or infringed or not infringed.

50.     All documents comprising, concerning or referring to any opinions, evaluations, advice, or analyses concerning the validity or invalidity, enforceability or unenforceability, infringement or noninfringement, or scope of the claims of the patent-in-suit or of any related patents or patent applications, and all documents reviewed in the formation of such opinions, evaluations, advice, or analyses.

71441011.3

51.     All documents comprising, concerning or referring to any assertion that any claim of the patent-in-suit is valid or invalid, enforceable or unenforceable, or infringed or not infringed.

52.     All sworn testimony (including declarations, affidavits, printed deposition transcripts and videotapes) ever given in any proceeding by any Inventor or Prosecuting Attorney of the patent-in-suit at any time where any part of the sworn testimony relates to the patent-in-suit or the Subject Matter of any of the inventions claimed in the patent-in-suit.

### *FURTHER AGREEMENTS & COMMUNICATIONS*

53.     All documents comprising or referring or relating to any agreement involving the Inventors or the Prosecuting Attorneys relating to this litigation or to the patent-in-suit or any related patent or patent application.

54.     All documents comprising or referring or relating to any communications with the Inventors or the Prosecuting Attorneys relating to this litigation or to the patent-in-suit or any related patent or patent application.

55.     All documents concerning communications regarding the patent-in-suit, any related patents or patent applications or the subject matter of the patent-in-suit, including, but not limited to internal communications or communications with third parties (including without limitation communications with the USPTO, any foreign patent office, or any assignee).

56.     All documents and things relating to any business, professional or financial relationship with Rembrandt, any financial interest that you have in this litigation, or offer of financial interest in this litigation.

- 12 -

71441011.3

## *FURTHER BUSINESS DOCUMENTS*

57.    All documents and things referring or relating to the business of Rembrandt, including without limitation all documents and things referring or relating to any intellectual property licensing, acquisition or enforcement agreements, strategies or plans or to any agreements, strategies or plans to supply products or enter agreements with others to supply products implementing any intellectual property.

58.    Documents sufficient to identify policies and procedures of any Assignee for generating, maintaining, and disposing of documents, including, but not limited to policies and procedures relating to patent applications, patent prosecution files, and any scientific or technical references related to such patent prosecution files.

59.    All documents relating to any investigation, due diligence or analysis conducted by or on behalf of Rembrandt relating to the patent-in-suit, whether in connection with acquiring that patent, asserting it, or otherwise.

71441011.3

EXHIBIT B

AO88 (Rev. 12/07) Subpoena in a Civil Case

| In re: Rembrandt Technologies, LP Patent Litigation | **Issued by the** |
|---|---|

**Issued by the**

# UNITED STATES DISTRICT COURT

District of New Jersey

| MOTOROLA, INC. et al. | **SUBPOENA IN A CIVIL CASE** |
|---|---|

V.

REMBRANDT TECHNOLOGIES, LP

Case Number:[1]  MDL 1:07-md-1848 GMS (DEL)

TO:  Gerard A. DeBlasi
     IP Value Management Inc.
     991 Route 22 West, 3rd FL
     Bridgewater, NJ 08807

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE     Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 | DATE AND TIME  4/21/2008 9:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE  4/4/08 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Timothy DeMasi, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153  (212) 310-8735

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                        DATE                                       SIGNATURE OF SERVER

                                                 _____
                                                          ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
    (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
    (2) Command to Produce Materials or Permit Inspection.
        (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
        (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
            (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
            (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
    (3) Quashing or Modifying a Subpoena.
        (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
            (i) fails to allow a reasonable time to comply;
            (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
            (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
            (iv) subjects a person to undue burden.
        (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
            (i) disclosing a trade secret or other confidential research, development, or commercial information;
            (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
            (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
        (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

            (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
            (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
    (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
        (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
        (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
        (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
        (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) Claiming Privilege or Protection.
        (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
            (i) expressly make the claim; and
            (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
        (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
    The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

1.    "Rembrandt" means Rembrandt Technologies, LP and all predecessors, successors,

subsidiaries, parents, sisters, partnerships and affiliates thereof, and all directors, officers, agents,

employees, attorneys and other persons acting on their behalf.

2.    "Paradyne" refers to any Paradyne entity including without limitation Paradyne

Corporation, AT&T Paradyne, Paradyne Acquisition Corp., Paradyne Networks, Inc., Zhone

Technologies, Inc. (hereafter "Zhone"), collectively and individually, including all predecessors,

successors, subsidiaries, parents, sisters, partnerships and affiliates thereof, and all directors,

officers, agents, employees, attorneys and other persons acting on their behalf.

3.    "Inventors" refers to either of the named inventors on the patent-in-suit or related

patents or patent applications, including William L. Betts and Edward S. Zuranski.

4.    "Patent-in-suit" mean the following patent at issue in this litigation:  U.S. Patent

No. 5,243,627 (also referred to as the "'627 patent").

5.    "Related patents or patent applications" means any U.S. or foreign patent or patent

application that either (i) stems from or claims priority to the patent-in-suit, (ii) describes subject

matter claimed or described in the patent-in-suit, or (iii) claims any subject matter in the patent-

in-suit.

6.    "Assignee" or "the assignees" refers to any alleged assignee of the patent-in-suit or

any related patents or patent applications, including, but not limited to Paradyne, Rembrandt,

AT&T Paradyne, or Lucent Technologies, Inc.

7.    "Prosecuting Attorney" shall refer to any counsel involved in the application or

prosecution of a patent-in-suit, related patent or patent application.

71441011.3

8.     "Document" shall have the meaning accorded by Rule 34(a) of the Federal Rules of Civil Procedure including, but not limited to all of the matters defined in Rule 1001 of the Federal Rules of Evidence, any written, printed, typed, recorded, magnetic, punched, copied, graphic, or other tangible thing in which information may be embodied, translated, conveyed, or stored.  If a draft document has been prepared in several copies that are not identical, or if the original identical copies are no longer identical due to subsequent notation, each non-identical document is a separate document.

9.     "Concerning" means pertaining to, relating to, referring to, regarding, representing, embodying, illustrating, describing, evidencing, discussing, mentioning or constituting.

10.     "Communication" is used in a comprehensive sense, and means any instance in which any person has had contact with any other person by oral or written utterance, question, comment, inquiry, notation, or statement of any nature whatsoever, including but not limited to writings, documents, conversations, dialogues, discussions, interviews, consultations, agreements, and understandings.

11.     As used herein, "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12.     Where appropriate, the singular form of a word should be interpreted in the plural and vice versa, to acquire the broadest possible meaning.

13.     If any document relating to the subject matter of this subpoena has been destroyed, describe the content of said document, the last location of said document, the date of its destruction and the name of the person or entity that ordered or authorized its destruction.

14.    The "Subject Matter" of the patent-in-suit means any subject matter described, shown or claimed in the patent-in-suit or any related patents or patent applications, including trellis encoding, interleaving of symbols, signal points or other intervals for communication, Viterbi decoding, or error correction.

15.    The term "'627-related" shall mean all matters related to the '627 patent whether or not also related to one or more other patents, but shall exclude matters related solely to such other patents, including U.S. Patent Nos. 4,937,819; 5,719,858; 5,710,761; 5,852,631; 5,778,234; 6,131,159; 6,960,444 and 5,008,903.

## DOCUMENT REQUESTS
### *PATENT & PATENT PROSECUTION*

1.    All documents referring or relating to the patent-in-suit, any related patents or patent applications, or to the same or similar subject matter as the subject matter disclosed in the patent-in-suit.

2.    All documents referring or relating to the preparation, filing, or prosecution of the patent-in-suit or any related patents or patent applications, including, but not limited to invention disclosure information, technical descriptions, prior art, publications, non-identical drafts of patent applications, abandoned applications, prosecution file histories of the patent-in-suit, prosecution file histories of related patents or patent applications, communications with inventors or experts, and any communications with any agent, attorney, firm, foreign patent office or the U.S. Patent and Trademark Office ("USPTO").

3.    Documents sufficient to identify all persons who assisted in any aspect of the preparation, filing, or prosecution of the patent-in-suit or any related patents or patent applications.

4.    All documents referring to or concerning any patent applications filed by or patents issued to any of the Inventors concerning the Subject Matter of the patent-in-suit.

5.    All documents concerning the preparation, filing, or prosecution of any patents or patent applications naming one or more of the Inventors and concerning the Subject Matter of the patent-in-suit, including, but not limited to invention disclosure information, technical descriptions, prior art, publications, non-identical drafts of patent applications, abandoned applications, prosecution file histories, and any communications with any agent, attorney, firm, foreign patent office or the USPTO.

6.    All documents and materials concerning inventorship of any invention allegedly disclosed or claimed by the patent-in-suit or by any related patents or patent applications, including, but not limited to documents sufficient to identify the contribution of the named inventors to the claimed inventions of the patent-in-suit or any related patents or patent applications on a claim-by-claim basis.

7.    Documents sufficient to identify all persons who assisted in any aspect of the research, development, manufacture, testing, marketing, sale, licensing or supply of materials for the alleged invention(s) or for any embodiment of the alleged invention(s) and their role in any of the above.

8.    All documents provided to any Prosecuting Attorney or Inventor by anyone prior to or during the preparation and prosecution of the patent-in-suit or any related patents or patent applications in connection with such preparation and prosecution, including, without limitation notes, laboratory notebooks, sketches, memoranda, articles, technical reports, technical journals, and technical specifications.

71441011.3

9.    All documents and materials concerning the best mode of practicing the alleged invention(s) of the patent-in-suit or of any related patents or patent applications and any improvements to such alleged invention(s), including, but not limited to inventor records, notebooks, physical embodiments of all or part of such alleged invention(s), and all devices, apparatus or software purchased or built by the Inventors for the purpose of researching, developing, or reducing to practice such alleged invention(s).

10.    All documents concerning the conception, reduction to practice (actual or constructive) or any act of diligence leading to the reduction to practice of the alleged invention(s) of the patent-in-suit or of any related patents or patent applications, including but not limited to documents relating to research, development, manufacture, testing, marketing, or sale of the alleged invention(s) and any costs associated with the conception, reduction-to-practice, or research and development of the alleged invention(s), including, but not limited to receipts for supplies.

11.    All documents concerning when the Inventors, an Assignee, a Prosecuting Attorney, or anyone subject to the duty of candor before the USPTO learned of any potential or actual prior art to the patents-in-suit or to any related patents or patent applications.

12.    All documents and materials comprising, concerning or referring to any search for prior art to the patent-in-suit or any related patents or patent applications.

13.    All documents comprising, concerning or referring to potential or actual prior art to the patent-in-suit or to any related patents or patent applications, even if you dispute that the material constitutes or discloses prior art, including, but not limited to art considered or cited during prosecution of the patent-in-suit, art considered or cited during the prosecution of any

71441011.3

related patents or patent applications, and art disclosed by any third parties (including in any litigation involving the patent-in-suit or in licensing discussions).

14.    All documents that allegedly support any contention that the alleged invention(s) of the patent-in-suit are not obvious under 35 U.S.C. § 103, including, but not limited to documents that allegedly relate to or evidence secondary considerations of non-obviousness such as commercial success, long-felt need, copying by others, prior failure by others, licensing by others, or unexpected results.

15.    All '627-related documents referring to or concerning any litigation or other proceeding involving the patent-in-suit or any related patents or patent applications, including, but not limited to all pleadings, motions, exhibits, orders, depositions or other testimony, hearing transcripts, written discovery responses or initial disclosures, document productions, correspondence, settlement agreements, consent decrees, or any other materials from prior litigations.

16.    All documents and other materials provided to any Prosecuting Attorney by the Inventors, any Assignee, or their counsel relating to this litigation or to the patent-in-suit or any related patent or patent application.

17.    All documents and other materials provided by any Prosecuting Attorney to the Inventors, any Assignee, or their counsel relating to this litigation or to the patent-in-suit or any related patent or patent application.

18.    All documents concerning the level of ordinary skill in the art of the alleged invention(s) of the patent-in-suit.

19.    All documents concerning the interpretation or construction of any of the claim terms in the patent-in-suit.

- 6 -

20.     All documents concerning multidimensional trellis encoded and decoded (including Viterbi decoded) communications systems, Wei symbols, multidimensional signal constellations, interleaving or deinterleaving of symbols or interleaving or deinterleaving of signal points.

## COMMERCIALIZATION & PRIOR ART

21.     All documents concerning any disclosure by anyone to anyone of the alleged invention(s) of the patent-in-suit or of related patents or patent applications, including, but not limited to any disclosure of the alleged invention(s) by the Assignee(s) or the Inventors to each other or to any third party.

22.     All documents concerning any sale, offer for sale, importation, public use, or public disclosure of any activity, product, process, or method that may embody any of the claims or disclosures of the patent-in-suit or of related patents or patent applications.

23.     All documents concerning the first sale, offer for sale, importation, public use, or public disclosure of any activity, product, process, or method that may embody any of the claims or disclosures of the patent-in-suit or of related patents or patent applications.

24.     All documents referring or relating to any products marketed or sold by any Assignee that relates to any activity, product, process, or method that may embody any of the claims or disclosures of the patent-in-suit or of related patents or patent applications.

25.     All documents concerning conferences, symposia, panel discussions, seminars, exhibitions, conventions, or trade shows, manuals, articles, books, patents, publications, or any other reference materials relating to the Subject Matter of the patent-in-suit or any products relating to that patent or the application therefor.

26.     All documents referring or relating to any products that compete with any product marketed or sold by any Assignee that relates to any activity, product, process, or method that may embody any of the claims or disclosures of the patent-in-suit or of related patents or patent applications.

27.     All documents and materials concerning any strategies, plans, or expectations (whether of the Assignees, the Inventors, licensing counsel, or otherwise) with respect to the subject matter of the patent-in-suit, including without limitation any plans to commercialize, sell, license, or otherwise derive business or revenues from the patent-in-suit or from any related patents or applications.

28.     All documents concerning the work, research, design, development, manufacture, assembly, testing, installation, operation, marketing, sales or licensing of Paradyne's developed and tested prototype 24 kilobit per second modem that purportedly utilized the invention of the '627 patent.

### PATENT OWNERSHIP & LICENSING

29.     All documents concerning the ownership of the patent-in-suit or any related patents or patent applications, including, but not limited to all documents relating to assignments, acquisitions, liens, licenses, auctions, sales, or other transfers of rights by or to any entity or person.

30.     All documents concerning any license, proposed license, assignment, proposed assignment, sale, proposed sale, covenant not to sue, right of first refusal or any other actual or proposed transfer or extension of rights in or to the patent-in-suit or any related patents or patent applications.

71441011.3

31.    All documents concerning the potential value, if any, of the patent-in-suit, including documents referring to any actual or proposed purchase, assignment, sale, bid, auction, covenant not to sue, license or any other potential or actual transaction relating or referring to any possible or actual value of the patent-in-suit.

32.    All documents concerning the actual or proposed transfer, sale, securitization, monetization, acquisition or licensing of the patent-in-suit.

33.    All documents and things referring or relating to any review or inspection of the patent-in-suit, any agreements relating to the patent-in-suit or any communications relating to the patent-in-suit.

34.    All documents concerning a reasonable royalty for licensing the patent-in-suit or any related patents or patent applications.

35.    All documents concerning any settlement, covenant not to sue, consent decree, judgment or other resolution of any litigation (actual or potential) involving the patent-in-suit or any related patents or patent applications.

36.    All documents concerning any products that have been licensed or for which any covenant not to sue has been extended under the patent-in-suit or under any related patents or patent applications.

37.    All documents referring or relating to the actual or potential enforcement of the patent-in-suit or any related patents or patent applications.

38.    All documents comprising, concerning or referring to communications or agreements involving Paradyne, Lucent Technologies, Inc., Rembrandt, and/or Zhone relating to the patent-in-suit or related patents and patent applications.

- 9 -

71441011.3

39.     All documents referring or relating to the development of any standards that refer, relate to or concern the patent-in-suit or related patents or patent applications.

## TV & OTHER ISSUES

40.     All Rembrandt, Paradyne, Zhone, Inventor or Prosecuting Attorney documents referring or relating to transmission or reception of digital television signals, or communication systems or equipment for such transmission or reception.

41.     All documents referring or relating to the development of any standards relating to transmission or reception of digital television signals, or communication systems or equipment for such transmission or reception, including without limitation, documents relating to the Advanced Television Systems Committee, Grand Alliance or Advisory Committee on Advanced Television Service.

42.     All documents referring to or concerning the relationship, or absence thereof, between any version of the Advanced Television Systems Committee's digital television standards and the patent-in-suit, including without limitation, document referring to or concerning whether the patent-in-suit is essential to any such standard.

43.     All documents referring to or concerning any obligation or lack thereof to license the patent-in-suit on reasonable and non-discriminatory terms, including all documents referring to or concerning any offer to license the patent-in-suit on allegedly reasonable and non-discriminatory terms.

44.     All documents and things constituting or relating to any communications with any standard setting body, including, but not limited to the Advanced Television Systems Committee or Federal Communications Commission, relating to the Subject Matter of the patent-in-suit.

- 10 -

71441011.3

45.    All documents referring to or concerning any actual or proposed, formal or informal patent or intellectual property policies of the Advanced Television Systems Committee, Grand Alliance or the Advisory Committee on Advanced Television Service, including without limitation, any comunications with any person or entity relating to any such patent or intellectual property policy.

46.    All documents referring to or concerning any communications made by you or on your behalf to the Federal Communications Commission concerning any patent(s).

## LEGAL PROCEEDINGS

47.    All documents concerning any alleged infringement (whether direct, contributory or by inducement) of the patent-in-suit or any related patents.

48.    All documents concerning comparisons between the patent-in-suit or any related patents or patent applications to anything else including any activity, product, process, method, prior art, patent, or publication.

49.    All documents concerning any contention by any person or party, including without limitation any third party, Inventor, Prosecuting Attorney, prior art search firm, or any other person or party, that the patent-in-suit or any related patent or patent application is valid or invalid, enforceable or unenforceable, or infringed or not infringed.

50.    All documents comprising, concerning or referring to any opinions, evaluations, advice, or analyses concerning the validity or invalidity, enforceability or unenforceability, infringement or noninfringement, or scope of the claims of the patent-in-suit or of any related patents or patent applications, and all documents reviewed in the formation of such opinions, evaluations, advice, or analyses.

- 11 -

51.    All documents comprising, concerning or referring to any assertion that any claim of the patent-in-suit is valid or invalid, enforceable or unenforceable, or infringed or not infringed.

52.    All sworn testimony (including declarations, affidavits, printed deposition transcripts and videotapes) ever given in any proceeding by any Inventor or Prosecuting Attorney of the patent-in-suit at any time where any part of the sworn testimony relates to the patent-in-suit or the Subject Matter of any of the inventions claimed in the patent-in-suit.

### FURTHER AGREEMENTS & COMMUNICATIONS

53.    All documents comprising or referring or relating to any agreement involving the Inventors or the Prosecuting Attorneys relating to this litigation or to the patent-in-suit or any related patent or patent application.

54.    All documents comprising or referring or relating to any communications with the Inventors or the Prosecuting Attorneys relating to this litigation or to the patent-in-suit or any related patent or patent application.

55.    All documents concerning communications regarding the patent-in-suit, any related patents or patent applications or the subject matter of the patent-in-suit, including, but not limited to internal communications or communications with third parties (including without limitation communications with the USPTO, any foreign patent office, or any assignee).

56.    All documents and things relating to any business, professional or financial relationship with Rembrandt, any financial interest that you have in this litigation, or offer of financial interest in this litigation.

71441011.3

### *FURTHER BUSINESS DOCUMENTS*

57.    All documents and things referring or relating to the business of Rembrandt, including without limitation all documents and things referring or relating to any intellectual property licensing, acquisition or enforcement agreements, strategies or plans or to any agreements, strategies or plans to supply products or enter agreements with others to supply products implementing any intellectual property.

58.    Documents sufficient to identify policies and procedures of any Assignee for generating, maintaining, and disposing of documents, including, but not limited to policies and procedures relating to patent applications, patent prosecution files, and any scientific or technical references related to such patent prosecution files.

59.    All documents relating to any investigation, due diligence or analysis conducted by or on behalf of Rembrandt relating to the patent-in-suit, whether in connection with acquiring that patent, asserting it, or otherwise.

71441011.3

EXHIBIT C

AO88 (Rev. 12/07) Subpoena in a Civil Case

In re: Rembrandt
Technologies, LP
Patent Litigation

## Issued by the
# UNITED STATES DISTRICT COURT
### District of Delaware

MOTOROLA, INC. et al.

V.

REMBRANDT TECHNOLOGIES, LP

## SUBPOENA IN A CIVIL CASE

Case Number:[1] MDL 1:07-md-1848 GMS (DEL)

TO:  Lucent Technologies c/o Corp. Trust Comp., Registered
Agent
Corporation Trust Center
1209 Orange Street, Wilmington, DE 19801

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE          Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 | DATE AND TIME 4/21/2008 9:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

　　Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE 4/4/08 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Timothy DeMasi, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153  (212) 310-8735

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                            DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**ATTACHMENT A**

**DEFINITIONS AND INSTRUCTIONS**

1.    "Rembrandt" means Rembrandt Technologies, LP and all predecessors, successors,

subsidiaries, parents, sisters, partnerships and affiliates thereof, and all directors, officers, agents,

employees, attorneys and other persons acting on their behalf.

2.    "Paradyne" refers to any Paradyne entity including without limitation Paradyne

Corporation, AT&T Paradyne, Paradyne Acquisition Corp., Paradyne Networks, Inc., Zhone

Technologies, Inc. (hereafter "Zhone"), collectively and individually, including all predecessors,

successors, subsidiaries, parents, sisters, partnerships and affiliates thereof, and all directors,

officers, agents, employees, attorneys and other persons acting on their behalf.

3.    "Inventors" refers to either of the named inventors on the patent-in-suit or related

patents or patent applications, including William L. Betts and Edward S. Zuranski.

4.    "Patent-in-suit" mean the following patent at issue in this litigation:  U.S. Patent

No. 5,243,627 (also referred to as the "'627 patent").

5.    "Related patents or patent applications" means any U.S. or foreign patent or patent

application that either (i) stems from or claims priority to the patent-in-suit, (ii) describes subject

matter claimed or described in the patent-in-suit, or (iii) claims any subject matter in the patent-

in-suit.

6.    "Assignee" or "the assignees" refers to any alleged assignee of the patent-in-suit or

any related patents or patent applications, including, but not limited to Paradyne, Rembrandt,

AT&T Paradyne, or Lucent Technologies, Inc.

7.    "Prosecuting Attorney" shall refer to any counsel involved in the application or

prosecution of a patent-in-suit, related patent or patent application.

8. "Document" shall have the meaning accorded by Rule 34(a) of the Federal Rules of Civil Procedure including, but not limited to all of the matters defined in Rule 1001 of the Federal Rules of Evidence, any written, printed, typed, recorded, magnetic, punched, copied, graphic, or other tangible thing in which information may be embodied, translated, conveyed, or stored. If a draft document has been prepared in several copies that are not identical, or if the original identical copies are no longer identical due to subsequent notation, each non-identical document is a separate document.

9. "Concerning" means pertaining to, relating to, referring to, regarding, representing, embodying, illustrating, describing, evidencing, discussing, mentioning or constituting.

10. "Communication" is used in a comprehensive sense, and means any instance in which any person has had contact with any other person by oral or written utterance, question, comment, inquiry, notation, or statement of any nature whatsoever, including but not limited to writings, documents, conversations, dialogues, discussions, interviews, consultations, agreements, and understandings.

11. As used herein, "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12. Where appropriate, the singular form of a word should be interpreted in the plural and vice versa, to acquire the broadest possible meaning.

13. If any document relating to the subject matter of this subpoena has been destroyed, describe the content of said document, the last location of said document, the date of its destruction and the name of the person or entity that ordered or authorized its destruction.

71441011.3

14.   The "Subject Matter" of the patent-in-suit means any subject matter described, shown or claimed in the patent-in-suit or any related patents or patent applications, including trellis encoding, interleaving of symbols, signal points or other intervals for communication, Viterbi decoding, or error correction.

15.   The term "'627-related" shall mean all matters related to the '627 patent whether or not also related to one or more other patents, but shall exclude matters related solely to such other patents, including U.S. Patent Nos. 4,937,819; 5,719,858; 5,710,761; 5,852,631; 5,778,234; 6,131,159; 6,960,444 and 5,008,903.

## DOCUMENT REQUESTS

### *PATENT & PATENT PROSECUTION*

1.   All documents referring or relating to the patent-in-suit, any related patents or patent applications, or to the same or similar subject matter as the subject matter disclosed in the patent-in-suit.

2.   All documents referring or relating to the preparation, filing, or prosecution of the patent-in-suit or any related patents or patent applications, including, but not limited to invention disclosure information, technical descriptions, prior art, publications, non-identical drafts of patent applications, abandoned applications, prosecution file histories of the patent-in-suit, prosecution file histories of related patents or patent applications, communications with inventors or experts, and any communications with any agent, attorney, firm, foreign patent office or the U.S. Patent and Trademark Office ("USPTO").

3.   Documents sufficient to identify all persons who assisted in any aspect of the preparation, filing, or prosecution of the patent-in-suit or any related patents or patent applications.

71441011.3

4.     All documents referring to or concerning any patent applications filed by or patents issued to any of the Inventors concerning the Subject Matter of the patent-in-suit.

5.     All documents concerning the preparation, filing, or prosecution of any patents or patent applications naming one or more of the Inventors and concerning the Subject Matter of the patent-in-suit, including, but not limited to invention disclosure information, technical descriptions, prior art, publications, non-identical drafts of patent applications, abandoned applications, prosecution file histories, and any communications with any agent, attorney, firm, foreign patent office or the USPTO.

6.     All documents and materials concerning inventorship of any invention allegedly disclosed or claimed by the patent-in-suit or by any related patents or patent applications, including, but not limited to documents sufficient to identify the contribution of the named inventors to the claimed inventions of the patent-in-suit or any related patents or patent applications on a claim-by-claim basis.

7.     Documents sufficient to identify all persons who assisted in any aspect of the research, development, manufacture, testing, marketing, sale, licensing or supply of materials for the alleged invention(s) or for any embodiment of the alleged invention(s) and their role in any of the above.

8.     All documents provided to any Prosecuting Attorney or Inventor by anyone prior to or during the preparation and prosecution of the patent-in-suit or any related patents or patent applications in connection with such preparation and prosecution, including, without limitation notes, laboratory notebooks, sketches, memoranda, articles, technical reports, technical journals, and technical specifications.

71441011.3

9.     All documents and materials concerning the best mode of practicing the alleged invention(s) of the patent-in-suit or of any related patents or patent applications and any improvements to such alleged invention(s), including, but not limited to inventor records, notebooks, physical embodiments of all or part of such alleged invention(s), and all devices, apparatus or software purchased or built by the Inventors for the purpose of researching, developing, or reducing to practice such alleged invention(s).

10.    All documents concerning the conception, reduction to practice (actual or constructive) or any act of diligence leading to the reduction to practice of the alleged invention(s) of the patent-in-suit or of any related patents or patent applications, including but not limited to documents relating to research, development, manufacture, testing, marketing, or sale  of the alleged invention(s) and any costs associated with the conception, reduction-to-practice, or research and development of the alleged invention(s), including, but not limited to receipts for supplies.

11.    All documents concerning when the Inventors, an Assignee, a Prosecuting Attorney, or anyone subject to the duty of candor before the USPTO learned of any potential or actual prior art to the patents-in-suit or to any related patents or patent applications.

12.    All documents and materials comprising, concerning or referring to any search for prior art to the patent-in-suit or any related patents or patent applications.

13.    All documents comprising, concerning or referring to potential or actual prior art to the patent-in-suit or to any related patents or patent applications, even if you dispute that the material constitutes or discloses prior art, including, but not limited to art considered or cited during prosecution of the patent-in-suit, art considered or cited during the prosecution of any

related patents or patent applications, and art disclosed by any third parties (including in any litigation involving the patent-in-suit or in licensing discussions).

14.    All documents that allegedly support any contention that the alleged invention(s) of the patent-in-suit are not obvious under 35 U.S.C. § 103, including, but not limited to documents that allegedly relate to or evidence secondary considerations of non-obviousness such as commercial success, long-felt need, copying by others, prior failure by others, licensing by others, or unexpected results.

15.    All '627-related documents referring to or concerning any litigation or other proceeding involving the patent-in-suit or any related patents or patent applications, including, but not limited to all pleadings, motions, exhibits, orders, depositions or other testimony, hearing transcripts, written discovery responses or initial disclosures, document productions, correspondence, settlement agreements, consent decrees, or any other materials from prior litigations.

16.    All documents and other materials provided to any Prosecuting Attorney by the Inventors, any Assignee, or their counsel relating to this litigation or to the patent-in-suit or any related patent or patent application.

17.    All documents and other materials provided by any Prosecuting Attorney to the Inventors, any Assignee, or their counsel relating to this litigation or to the patent-in-suit or any related patent or patent application.

18.    All documents concerning the level of ordinary skill in the art of the alleged invention(s) of the patent-in-suit.

19.    All documents concerning the interpretation or construction of any of the claim terms in the patent-in-suit.

- 6 -

71441011.3

20.    All documents concerning multidimensional trellis encoded and decoded (including Viterbi decoded) communications systems, Wei symbols, multidimensional signal constellations, interleaving or deinterleaving of symbols or interleaving or deinterleaving of signal points.

## COMMERCIALIZATION & PRIOR ART

21.    All documents concerning any disclosure by anyone to anyone of the alleged invention(s) of the patent-in-suit or of related patents or patent applications, including, but not limited to any disclosure of the alleged invention(s) by the Assignee(s) or the Inventors to each other or to any third party.

22.    All documents concerning any sale, offer for sale, importation, public use, or public disclosure of any activity, product, process, or method that may embody any of the claims or disclosures of the patent-in-suit or of related patents or patent applications.

23.    All documents concerning the first sale, offer for sale, importation, public use, or public disclosure of any activity, product, process, or method that may embody any of the claims or disclosures of the patent-in-suit or of related patents or patent applications.

24.    All documents referring or relating to any products marketed or sold by any Assignee that relates to any activity, product, process, or method that may embody any of the claims or disclosures of the patent-in-suit or of related patents or patent applications.

25.    All documents concerning conferences, symposia, panel discussions, seminars, exhibitions, conventions, or trade shows, manuals, articles, books, patents, publications, or any other reference materials relating to the Subject Matter of the patent-in-suit or any products relating to that patent or the application therefor.

26.     All documents referring or relating to any products that compete with any product marketed or sold by any Assignee that relates to any activity, product, process, or method that may embody any of the claims or disclosures of the patent-in-suit or of related patents or patent applications.

27.     All documents and materials concerning any strategies, plans, or expectations (whether of the Assignees, the Inventors, licensing counsel, or otherwise) with respect to the subject matter of the patent-in-suit, including without limitation any plans to commercialize, sell, license, or otherwise derive business or revenues from the patent-in-suit or from any related patents or applications.

28.     All documents concerning the work, research, design, development, manufacture, assembly, testing, installation, operation, marketing, sales or licensing of Paradyne's developed and tested prototype 24 kilobit per second modem that purportedly utilized the invention of the '627 patent.

## PATENT OWNERSHIP & LICENSING

29.     All documents concerning the ownership of the patent-in-suit or any related patents or patent applications, including, but not limited to all documents relating to assignments, acquisitions, liens, licenses, auctions, sales, or other transfers of rights by or to any entity or person.

30.     All documents concerning any license, proposed license, assignment, proposed assignment, sale, proposed sale, covenant not to sue, right of first refusal or any other actual or proposed transfer or extension of rights in or to the patent-in-suit or any related patents or patent applications.

71441011.3

31.     All documents concerning the potential value, if any, of the patent-in-suit, including documents referring to any actual or proposed purchase, assignment, sale, bid, auction, covenant not to sue, license or any other potential or actual transaction relating or referring to any possible or actual value of the patent-in-suit.

32.     All documents concerning the actual or proposed transfer, sale, securitization, monetization, acquisition or licensing of the patent-in-suit.

33.     All documents and things referring or relating to any review or inspection of the patent-in-suit, any agreements relating to the patent-in-suit or any communications relating to the patent-in-suit.

34.     All documents concerning a reasonable royalty for licensing the patent-in-suit or any related patents or patent applications.

35.     All documents concerning any settlement, covenant not to sue, consent decree, judgment or other resolution of any litigation (actual or potential) involving the patent-in-suit or any related patents or patent applications.

36.     All documents concerning any products that have been licensed or for which any covenant not to sue has been extended under the patent-in-suit or under any related patents or patent applications.

37.     All documents referring or relating to the actual or potential enforcement of the patent-in-suit or any related patents or patent applications.

38.     All documents comprising, concerning or referring to communications or agreements involving Paradyne, Lucent Technologies, Inc., Rembrandt, and/or Zhone relating to the patent-in-suit or related patents and patent applications.

- 9 -

39.     All documents referring or relating to the development of any standards that refer, relate to or concern the patent-in-suit or related patents or patent applications.

## TV & OTHER ISSUES

40.     All Rembrandt, Paradyne, Zhone, Inventor or Prosecuting Attorney documents referring or relating to transmission or reception of digital television signals, or communication systems or equipment for such transmission or reception.

41.     All documents referring or relating to the development of any standards relating to transmission or reception of digital television signals, or communication systems or equipment for such transmission or reception, including without limitation, documents relating to the Advanced Television Systems Committee, Grand Alliance or Advisory Committee on Advanced Television Service.

42.     All documents referring to or concerning the relationship, or absence thereof, between any version of the Advanced Television Systems Committee's digital television standards and the patent-in-suit, including without limitation, document referring to or concerning whether the patent-in-suit is essential to any such standard.

43.     All documents referring to or concerning any obligation or lack thereof to license the patent-in-suit on reasonable and non-discriminatory terms, including all documents referring to or concerning any offer to license the patent-in-suit on allegedly reasonable and non-discriminatory terms.

44.     All documents and things constituting or relating to any communications with any standard setting body, including, but not limited to the Advanced Television Systems Committee or Federal Communications Commission, relating to the Subject Matter of the patent-in-suit.

71441011.3

45.     All documents referring to or concerning any actual or proposed, formal or informal patent or intellectual property policies of the Advanced Television Systems Committee, Grand Alliance or the Advisory Committee on Advanced Television Service, including without limitation, any comunications with any person or entity relating to any such patent or intellectual property policy.

46.     All documents referring to or concerning any communications made by you or on your behalf to the Federal Communications Commission concerning any patent(s).

## *LEGAL PROCEEDINGS*

47.     All documents concerning any alleged infringement (whether direct, contributory or by inducement) of the patent-in-suit or any related patents.

48.     All documents concerning comparisons between the patent-in-suit or any related patents or patent applications to anything else including any activity, product, process, method, prior art, patent, or publication.

49.     All documents concerning any contention by any person or party, including without limitation any third party, Inventor, Prosecuting Attorney, prior art search firm, or any other person or party, that the patent-in-suit or any related patent or patent application is valid or invalid, enforceable or unenforceable, or infringed or not infringed.

50.     All documents comprising, concerning or referring to any opinions, evaluations, advice, or analyses concerning the validity or invalidity, enforceability or unenforceability, infringement or noninfringement, or scope of the claims of the patent-in-suit or of any related patents or patent applications, and all documents reviewed in the formation of such opinions, evaluations, advice, or analyses.

- 11 -

51.    All documents comprising, concerning or referring to any assertion that any claim of the patent-in-suit is valid or invalid, enforceable or unenforceable, or infringed or not infringed.

52.    All sworn testimony (including declarations, affidavits, printed deposition transcripts and videotapes) ever given in any proceeding by any Inventor or Prosecuting Attorney of the patent-in-suit at any time where any part of the sworn testimony relates to the patent-in-suit or the Subject Matter of any of the inventions claimed in the patent-in-suit.

## *FURTHER AGREEMENTS & COMMUNICATIONS*

53.    All documents comprising or referring or relating to any agreement involving the Inventors or the Prosecuting Attorneys relating to this litigation or to the patent-in-suit or any related patent or patent application.

54.    All documents comprising or referring or relating to any communications with the Inventors or the Prosecuting Attorneys relating to this litigation or to the patent-in-suit or any related patent or patent application.

55.    All documents concerning communications regarding the patent-in-suit, any related patents or patent applications or the subject matter of the patent-in-suit, including, but not limited to internal communications or communications with third parties (including without limitation communications with the USPTO, any foreign patent office, or any assignee).

56.    All documents and things relating to any business, professional or financial relationship with Rembrandt, any financial interest that you have in this litigation, or offer of financial interest in this litigation.

- 12 -

## *FURTHER BUSINESS DOCUMENTS*

57.    All documents and things referring or relating to the business of Rembrandt, including without limitation all documents and things referring or relating to any intellectual property licensing, acquisition or enforcement agreements, strategies or plans or to any agreements, strategies or plans to supply products or enter agreements with others to supply products implementing any intellectual property.

58.    Documents sufficient to identify policies and procedures of any Assignee for generating, maintaining, and disposing of documents, including, but not limited to policies and procedures relating to patent applications, patent prosecution files, and any scientific or technical references related to such patent prosecution files.

59.    All documents relating to any investigation, due diligence or analysis conducted by or on behalf of Rembrandt relating to the patent-in-suit, whether in connection with acquiring that patent, asserting it, or otherwise.

714-41011.3

EXHIBIT D

AO88 (Rev. 12/07) Subpoena in a Civil Case

In re: Rembrandt
Technologies, LP
Patent Litigation

**Issued by the**

# UNITED STATES DISTRICT COURT

District of Delaware

MOTOROLA, INC. et al.

V.

REMBRANDT TECHNOLOGIES, LP

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  MDL 1:07-md-1848 GMS (DEL)

TO:  Zhone Technologies, Inc.
     c/o Connolly Bove Lodge & Hutz LLP
     1007 North Orange Street
     Wilmington, DE 19801  Attn: David E. Ross

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE     Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 | DATE AND TIME 4/21/2008 9:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE  4/9/08 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Timothy DeMasi, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153  (212) 310-8735

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

1.    "Rembrandt" means Rembrandt Technologies, LP and all predecessors, successors, subsidiaries, parents, sisters, partnerships and affiliates thereof, and all directors, officers, agents, employees, attorneys and other persons acting on their behalf.

2.    "Paradyne" refers to any Paradyne entity including without limitation Paradyne Corporation, AT&T Paradyne, Paradyne Acquisition Corp., Paradyne Networks, Inc., Zhone Technologies, Inc. (hereafter "Zhone"), collectively and individually, including all predecessors, successors, subsidiaries, parents, sisters, partnerships and affiliates thereof, and all directors, officers, agents, employees, attorneys and other persons acting on their behalf.

3.    "Inventors" refers to either of the named inventors on the patent-in-suit or related patents or patent applications, including William L. Betts and Edward S. Zuranski.

4.    "Patent-in-suit" mean the following patent at issue in this litigation:  U.S. Patent No. 5,243,627 (also referred to as the "'627 patent").

5.    "Related patents or patent applications" means any U.S. or foreign patent or patent application that either (i) stems from or claims priority to the patent-in-suit, (ii) describes subject matter claimed or described in the patent-in-suit, or (iii) claims any subject matter in the patent-in-suit.

6.    "Assignee" or "the assignees" refers to any alleged assignee of the patent-in-suit or any related patents or patent applications, including, but not limited to Paradyne, Rembrandt, AT&T Paradyne, or Lucent Technologies, Inc.

7.    "Prosecuting Attorney" shall refer to any counsel involved in the application or prosecution of a patent-in-suit, related patent or patent application.

8.    "Document" shall have the meaning accorded by Rule 34(a) of the Federal Rules of Civil Procedure including, but not limited to all of the matters defined in Rule 1001 of the Federal Rules of Evidence, any written, printed, typed, recorded, magnetic, punched, copied, graphic, or other tangible thing in which information may be embodied, translated, conveyed, or stored. If a draft document has been prepared in several copies that are not identical, or if the original identical copies are no longer identical due to subsequent notation, each non-identical document is a separate document.

9.    "Concerning" means pertaining to, relating to, referring to, regarding, representing, embodying, illustrating, describing, evidencing, discussing, mentioning or constituting.

10.    "Communication" is used in a comprehensive sense, and means any instance in which any person has had contact with any other person by oral or written utterance, question, comment, inquiry, notation, or statement of any nature whatsoever, including but not limited to writings, documents, conversations, dialogues, discussions, interviews, consultations, agreements, and understandings.

11.    As used herein, "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12.    Where appropriate, the singular form of a word should be interpreted in the plural and vice versa, to acquire the broadest possible meaning.

13.    If any document relating to the subject matter of this subpoena has been destroyed, describe the content of said document, the last location of said document, the date of its destruction and the name of the person or entity that ordered or authorized its destruction.

71441011.3

14.   The "Subject Matter" of the patent-in-suit means any subject matter described, shown or claimed in the patent-in-suit or any related patents or patent applications, including trellis encoding, interleaving of symbols, signal points or other intervals for communication, Viterbi decoding, or error correction.

15.   The term "'627-related" shall mean all matters related to the '627 patent whether or not also related to one or more other patents, but shall exclude matters related solely to such other patents, including U.S. Patent Nos. 4,937,819; 5,719,858; 5,710,761; 5,852,631; 5,778,234; 6,131,159; 6,960,444 and 5,008,903.

## DOCUMENT REQUESTS

### *PATENT & PATENT PROSECUTION*

1.   All documents referring or relating to the patent-in-suit, any related patents or patent applications, or to the same or similar subject matter as the subject matter disclosed in the patent-in-suit.

2.   All documents referring or relating to the preparation, filing, or prosecution of the patent-in-suit or any related patents or patent applications, including, but not limited to invention disclosure information, technical descriptions, prior art, publications, non-identical drafts of patent applications, abandoned applications, prosecution file histories of the patent-in-suit, prosecution file histories of related patents or patent applications, communications with inventors or experts, and any communications with any agent, attorney, firm, foreign patent office or the U.S. Patent and Trademark Office ("USPTO").

3.   Documents sufficient to identify all persons who assisted in any aspect of the preparation, filing, or prosecution of the patent-in-suit or any related patents or patent applications.

- 3 -

4.     All documents referring to or concerning any patent applications filed by or patents issued to any of the Inventors concerning the Subject Matter of the patent-in-suit.

5.     All documents concerning the preparation, filing, or prosecution of any patents or patent applications naming one or more of the Inventors and concerning the Subject Matter of the patent-in-suit, including, but not limited to invention disclosure information, technical descriptions, prior art, publications, non-identical drafts of patent applications, abandoned applications, prosecution file histories, and any communications with any agent, attorney, firm, foreign patent office or the USPTO.

6.     All documents and materials concerning inventorship of any invention allegedly disclosed or claimed by the patent-in-suit or by any related patents or patent applications, including, but not limited to documents sufficient to identify the contribution of the named inventors to the claimed inventions of the patent-in-suit or any related patents or patent applications on a claim-by-claim basis.

7.     Documents sufficient to identify all persons who assisted in any aspect of the research, development, manufacture, testing, marketing, sale, licensing or supply of materials for the alleged invention(s) or for any embodiment of the alleged invention(s) and their role in any of the above.

8.     All documents provided to any Prosecuting Attorney or Inventor by anyone prior to or during the preparation and prosecution of the patent-in-suit or any related patents or patent applications in connection with such preparation and prosecution, including, without limitation notes, laboratory notebooks, sketches, memoranda, articles, technical reports, technical journals, and technical specifications.

71441011.3

9.      All documents and materials concerning the best mode of practicing the alleged invention(s) of the patent-in-suit or of any related patents or patent applications and any improvements to such alleged invention(s), including, but not limited to inventor records, notebooks, physical embodiments of all or part of such alleged invention(s), and all devices, apparatus or software purchased or built by the Inventors for the purpose of researching, developing, or reducing to practice such alleged invention(s).

10.     All documents concerning the conception, reduction to practice (actual or constructive) or any act of diligence leading to the reduction to practice of the alleged invention(s) of the patent-in-suit or of any related patents or patent applications, including but not limited to documents relating to research, development, manufacture, testing, marketing, or sale of the alleged invention(s) and any costs associated with the conception, reduction-to-practice, or research and development of the alleged invention(s), including, but not limited to receipts for supplies.

11.     All documents concerning when the Inventors, an Assignee, a Prosecuting Attorney, or anyone subject to the duty of candor before the USPTO learned of any potential or actual prior art to the patents-in-suit or to any related patents or patent applications.

12.     All documents and materials comprising, concerning or referring to any search for prior art to the patent-in-suit or any related patents or patent applications.

13.     All documents comprising, concerning or referring to potential or actual prior art to the patent-in-suit or to any related patents or patent applications, even if you dispute that the material constitutes or discloses prior art, including, but not limited to art considered or cited during prosecution of the patent-in-suit, art considered or cited during the prosecution of any

71441011.3

related patents or patent applications, and art disclosed by any third parties (including in any litigation involving the patent-in-suit or in licensing discussions).

14.    All documents that allegedly support any contention that the alleged invention(s) of the patent-in-suit are not obvious under 35 U.S.C. § 103, including, but not limited to documents that allegedly relate to or evidence secondary considerations of non-obviousness such as commercial success, long-felt need, copying by others, prior failure by others, licensing by others, or unexpected results.

15.    All '627-related documents referring to or concerning any litigation or other proceeding involving the patent-in-suit or any related patents or patent applications, including, but not limited to all pleadings, motions, exhibits, orders, depositions or other testimony, hearing transcripts, written discovery responses or initial disclosures, document productions, correspondence, settlement agreements, consent decrees, or any other materials from prior litigations.

16.    All documents and other materials provided to any Prosecuting Attorney by the Inventors, any Assignee, or their counsel relating to this litigation or to the patent-in-suit or any related patent or patent application.

17.    All documents and other materials provided by any Prosecuting Attorney to the Inventors, any Assignee, or their counsel relating to this litigation or to the patent-in-suit or any related patent or patent application.

18.    All documents concerning the level of ordinary skill in the art of the alleged invention(s) of the patent-in-suit.

19.    All documents concerning the interpretation or construction of any of the claim terms in the patent-in-suit.

- 6 -

20.    All documents concerning multidimensional trellis encoded and decoded (including Viterbi decoded) communications systems, Wei symbols, multidimensional signal constellations, interleaving or deinterleaving of symbols or interleaving or deinterleaving of signal points.

## COMMERCIALIZATION & PRIOR ART

21.    All documents concerning any disclosure by anyone to anyone of the alleged invention(s) of the patent-in-suit or of related patents or patent applications, including, but not limited to any disclosure of the alleged invention(s) by the Assignee(s) or the Inventors to each other or to any third party.

22.    All documents concerning any sale, offer for sale, importation, public use, or public disclosure of any activity, product, process, or method that may embody any of the claims or disclosures of the patent-in-suit or of related patents or patent applications.

23.    All documents concerning the first sale, offer for sale, importation, public use, or public disclosure of any activity, product, process, or method that may embody any of the claims or disclosures of the patent-in-suit or of related patents or patent applications.

24.    All documents referring or relating to any products marketed or sold by any Assignee that relates to any activity, product, process, or method that may embody any of the claims or disclosures of the patent-in-suit or of related patents or patent applications.

25.    All documents concerning conferences, symposia, panel discussions, seminars, exhibitions, conventions, or trade shows, manuals, articles, books, patents, publications, or any other reference materials relating to the Subject Matter of the patent-in-suit or any products relating to that patent or the application therefor.

71441011.3

26.     All documents referring or relating to any products that compete with any product marketed or sold by any Assignee that relates to any activity, product, process, or method that may embody any of the claims or disclosures of the patent-in-suit or of related patents or patent applications.

27.     All documents and materials concerning any strategies, plans, or expectations (whether of the Assignees, the Inventors, licensing counsel, or otherwise) with respect to the subject matter of the patent-in-suit, including without limitation any plans to commercialize, sell, license, or otherwise derive business or revenues from the patent-in-suit or from any related patents or applications.

28.     All documents concerning the work, research, design, development, manufacture, assembly, testing, installation, operation, marketing, sales or licensing of Paradyne's developed and tested prototype 24 kilobit per second modem that purportedly utilized the invention of the '627 patent.

## *PATENT OWNERSHIP & LICENSING*

29.     All documents concerning the ownership of the patent-in-suit or any related patents or patent applications, including, but not limited to all documents relating to assignments, acquisitions, liens, licenses, auctions, sales, or other transfers of rights by or to any entity or person.

30.     All documents concerning any license, proposed license, assignment, proposed assignment, sale, proposed sale, covenant not to sue, right of first refusal or any other actual or proposed transfer or extension of rights in or to the patent-in-suit or any related patents or patent applications.

71441011.3

31.    All documents concerning the potential value, if any, of the patent-in-suit, including documents referring to any actual or proposed purchase, assignment, sale, bid, auction, covenant not to sue, license or any other potential or actual transaction relating or referring to any possible or actual value of the patent-in-suit.

32.    All documents concerning the actual or proposed transfer, sale, securitization, monetization, acquisition or licensing of the patent-in-suit.

33.    All documents and things referring or relating to any review or inspection of the patent-in-suit, any agreements relating to the patent-in-suit or any communications relating to the patent-in-suit.

34.    All documents concerning a reasonable royalty for licensing the patent-in-suit or any related patents or patent applications.

35.    All documents concerning any settlement, covenant not to sue, consent decree, judgment or other resolution of any litigation (actual or potential) involving the patent-in-suit or any related patents or patent applications.

36.    All documents concerning any products that have been licensed or for which any covenant not to sue has been extended under the patent-in-suit or under any related patents or patent applications.

37.    All documents referring or relating to the actual or potential enforcement of the patent-in-suit or any related patents or patent applications.

38.    All documents comprising, concerning or referring to communications or agreements involving Paradyne, Lucent Technologies, Inc., Rembrandt, and/or Zhone relating to the patent-in-suit or related patents and patent applications.

- 9 -

71441011.3

39.     All documents referring or relating to the development of any standards that refer, relate to or concern the patent-in-suit or related patents or patent applications.

## TV & OTHER ISSUES

40.     All Rembrandt, Paradyne, Zhone, Inventor or Prosecuting Attorney documents referring or relating to transmission or reception of digital television signals, or communication systems or equipment for such transmission or reception.

41.     All documents referring or relating to the development of any standards relating to transmission or reception of digital television signals, or communication systems or equipment for such transmission or reception, including without limitation, documents relating to the Advanced Television Systems Committee, Grand Alliance or Advisory Committee on Advanced Television Service.

42.     All documents referring to or concerning the relationship, or absence thereof, between any version of the Advanced Television Systems Committee's digital television standards and the patent-in-suit, including without limitation, document referring to or concerning whether the patent-in-suit is essential to any such standard.

43.     All documents referring to or concerning any obligation or lack thereof to license the patent-in-suit on reasonable and non-discriminatory terms, including all documents referring to or concerning any offer to license the patent-in-suit on allegedly reasonable and non-discriminatory terms.

44.     All documents and things constituting or relating to any communications with any standard setting body, including, but not limited to the Advanced Television Systems Committee or Federal Communications Commission, relating to the Subject Matter of the patent-in-suit.

- 10 -

71441011.3

45.    All documents referring to or concerning any actual or proposed, formal or informal patent or intellectual property policies of the Advanced Television Systems Committee, Grand Alliance or  the Advisory Committee on Advanced Television Service, including without limitation, any comunications with any person or entity relating to any such patent or intellectual property policy.

46.    All documents referring to or concerning any communications made by you or on your behalf to the Federal Communications Commission concerning any patent(s).

### LEGAL PROCEEDINGS

47.    All documents concerning any alleged infringement (whether direct, contributory or by inducement) of the patent-in-suit or any related patents.

48.    All documents concerning comparisons between the patent-in-suit or any related patents or patent applications to anything else including any activity, product, process, method, prior art, patent, or publication.

49.    All documents concerning any contention by any person or party, including without limitation any third party, Inventor, Prosecuting Attorney, prior art search firm, or any other person or party, that the patent-in-suit or any related patent or patent application is valid or invalid, enforceable or unenforceable, or infringed or not infringed.

50.    All documents comprising, concerning or referring to any opinions, evaluations, advice, or analyses concerning the validity or invalidity, enforceability or unenforceability, infringement or noninfringement, or scope of the claims of the patent-in-suit or of any related patents or patent applications, and all documents reviewed in the formation of such opinions, evaluations, advice, or analyses.

714410115

51.     All documents comprising, concerning or referring to any assertion that any claim of the patent-in-suit is valid or invalid, enforceable or unenforceable, or infringed or not infringed.

52.     All sworn testimony (including declarations, affidavits, printed deposition transcripts and videotapes) ever given in any proceeding by any Inventor or Prosecuting Attorney of the patent-in-suit at any time where any part of the sworn testimony relates to the patent-in-suit or the Subject Matter of any of the inventions claimed in the patent-in-suit.

### *FURTHER AGREEMENTS & COMMUNICATIONS*

53.     All documents comprising or referring or relating to any agreement involving the Inventors or the Prosecuting Attorneys relating to this litigation or to the patent-in-suit or any related patent or patent application.

54.     All documents comprising or referring or relating to any communications with the Inventors or the Prosecuting Attorneys relating to this litigation or to the patent-in-suit or any related patent or patent application.

55.     All documents concerning communications regarding the patent-in-suit, any related patents or patent applications or the subject matter of the patent-in-suit, including, but not limited to internal communications or communications with third parties (including without limitation communications with the USPTO, any foreign patent office, or any assignee).

56.     All documents and things relating to any business, professional or financial relationship with Rembrandt, any financial interest that you have in this litigation, or offer of financial interest in this litigation.

- 12 -

71441011.3

## *FURTHER BUSINESS DOCUMENTS*

57.    All documents and things referring or relating to the business of Rembrandt, including without limitation all documents and things referring or relating to any intellectual property licensing, acquisition or enforcement agreements, strategies or plans or to any agreements, strategies or plans to supply products or enter agreements with others to supply products implementing any intellectual property.

58.    Documents sufficient to identify policies and procedures of any Assignee for generating, maintaining, and disposing of documents, including, but not limited to policies and procedures relating to patent applications, patent prosecution files, and any scientific or technical references related to such patent prosecution files.

59.    All documents relating to any investigation, due diligence or analysis conducted by or on behalf of Rembrandt relating to the patent-in-suit, whether in connection with acquiring that patent, asserting it, or otherwise.

71441011.3

EXHIBIT E

AO88 (Rev. 12/07) Subpoena in a Civil Case

In re: Rembrandt
Technologies, LP
Patent Litigation

## Issued by the
# UNITED STATES DISTRICT COURT
### Middle District of Florida

MOTOROLA, INC. et al.

V.

REMBRANDT TECHNOLOGIES, LP

## SUBPOENA IN A CIVIL CASE

Case Number:[1] MDL 1:07-md-1848 GMS (DEL)

TO:   William L. Betts c/o Francis DiGiovanni, Esq.
      Connolly Bove Lodge & Hutz LLP
      1007 North Orange Street
      Wilmington, DE 19899

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE    Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 | DATE AND TIME 4/21/2008 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE  4/9/08 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Timothy DeMasi, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153  (212) 310-8735

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                          DATE                                              SIGNATURE OF SERVER

                                                                             _____
                                                                             ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

1.    "Rembrandt" means Rembrandt Technologies, LP and all predecessors, successors, subsidiaries, parents, sisters, partnerships and affiliates thereof, and all directors, officers, agents, employees, attorneys and other persons acting on their behalf.

2.    "Paradyne" refers to any Paradyne entity including without limitation Paradyne Corporation, AT&T Paradyne, Paradyne Acquisition Corp., Paradyne Networks, Inc., Zhone Technologies, Inc. (hereafter "Zhone"), collectively and individually, including all predecessors, successors, subsidiaries, parents, sisters, partnerships and affiliates thereof, and all directors, officers, agents, employees, attorneys and other persons acting on their behalf.

3.    "Inventors" refers to either of the named inventors on the patent-in-suit or related patents or patent applications, including William L. Betts and Edward S. Zuranski.

4.    "Patent-in-suit" mean the following patent at issue in this litigation:  U.S. Patent No. 5,243,627 (also referred to as the "'627 patent").

5.    "Related patents or patent applications" means any U.S. or foreign patent or patent application that either (i) stems from or claims priority to the patent-in-suit, (ii) describes subject matter claimed or described in the patent-in-suit, or (iii) claims any subject matter in the patent-in-suit.

6.    "Assignee" or "the assignees" refers to any alleged assignee of the patent-in-suit or any related patents or patent applications, including, but not limited to Paradyne, Rembrandt, AT&T Paradyne, or Lucent Technologies, Inc.

7.    "Prosecuting Attorney" shall refer to any counsel involved in the application or prosecution of a patent-in-suit, related patent or patent application.

8.    "Document" shall have the meaning accorded by Rule 34(a) of the Federal Rules of Civil Procedure including, but not limited to all of the matters defined in Rule 1001 of the Federal Rules of Evidence, any written, printed, typed, recorded, magnetic, punched, copied, graphic, or other tangible thing in which information may be embodied, translated, conveyed, or stored.  If a draft document has been prepared in several copies that are not identical, or if the original identical copies are no longer identical due to subsequent notation, each non-identical document is a separate document.

9.    "Concerning" means pertaining to, relating to, referring to, regarding, representing, embodying, illustrating, describing, evidencing, discussing, mentioning or constituting.

10.    "Communication" is used in a comprehensive sense, and means any instance in which any person has had contact with any other person by oral or written utterance, question, comment, inquiry, notation, or statement of any nature whatsoever, including but not limited to writings, documents, conversations, dialogues, discussions, interviews, consultations, agreements, and understandings.

11.    As used herein, "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12.    Where appropriate, the singular form of a word should be interpreted in the plural and vice versa, to acquire the broadest possible meaning.

13.    If any document relating to the subject matter of this subpoena has been destroyed, describe the content of said document, the last location of said document, the date of its destruction and the name of the person or entity that ordered or authorized its destruction.

71441011.3

14.    The "Subject Matter" of the patent-in-suit means any subject matter described, shown or claimed in the patent-in-suit or any related patents or patent applications, including trellis encoding, interleaving of symbols, signal points or other intervals for communication, Viterbi decoding, or error correction.

15.    The term "'627-related" shall mean all matters related to the '627 patent whether or not also related to one or more other patents, but shall exclude matters related solely to such other patents, including U.S. Patent Nos. 4,937,819; 5,719,858; 5,710,761; 5,852,631; 5,778,234; 6,131,159; 6,960,444 and 5,008,903.

## DOCUMENT REQUESTS

### *PATENT & PATENT PROSECUTION*

1.    All documents referring or relating to the patent-in-suit, any related patents or patent applications, or to the same or similar subject matter as the subject matter disclosed in the patent-in-suit.

2.    All documents referring or relating to the preparation, filing, or prosecution of the patent-in-suit or any related patents or patent applications, including, but not limited to invention disclosure information, technical descriptions, prior art, publications, non-identical drafts of patent applications, abandoned applications, prosecution file histories of the patent-in-suit, prosecution file histories of related patents or patent applications, communications with inventors or experts, and any communications with any agent, attorney, firm, foreign patent office or the U.S. Patent and Trademark Office ("USPTO").

3.    Documents sufficient to identify all persons who assisted in any aspect of the preparation, filing, or prosecution of the patent-in-suit or any related patents or patent applications.

71441011.3

4.      All documents referring to or concerning any patent applications filed by or patents issued to any of the Inventors concerning the Subject Matter of the patent-in-suit.

5.      All documents concerning the preparation, filing, or prosecution of any patents or patent applications naming one or more of the Inventors and concerning the Subject Matter of the patent-in-suit, including, but not limited to invention disclosure information, technical descriptions, prior art, publications, non-identical drafts of patent applications, abandoned applications, prosecution file histories, and any communications with any agent, attorney, firm, foreign patent office or the USPTO.

6.      All documents and materials concerning inventorship of any invention allegedly disclosed or claimed by the patent-in-suit or by any related patents or patent applications, including, but not limited to documents sufficient to identify the contribution of the named inventors to the claimed inventions of the patent-in-suit or any related patents or patent applications on a claim-by-claim basis.

7.      Documents sufficient to identify all persons who assisted in any aspect of the research, development, manufacture, testing, marketing, sale, licensing or supply of materials for the alleged invention(s) or for any embodiment of the alleged invention(s) and their role in any of the above.

8.      All documents provided to any Prosecuting Attorney or Inventor by anyone prior to or during the preparation and prosecution of the patent-in-suit or any related patents or patent applications in connection with such preparation and prosecution, including, without limitation notes, laboratory notebooks, sketches, memoranda, articles, technical reports, technical journals, and technical specifications.

71441011.3

9.      All documents and materials concerning the best mode of practicing the alleged

invention(s) of the patent-in-suit or of any related patents or patent applications and any

improvements to such alleged invention(s), including, but not limited to inventor records,

notebooks, physical embodiments of all or part of such alleged invention(s), and all devices,

apparatus or software purchased or built by the Inventors for the purpose of researching,

developing, or reducing to practice such alleged invention(s).

10.     All documents concerning the conception, reduction to practice (actual or

constructive) or any act of diligence leading to the reduction to practice of the alleged

invention(s) of the patent-in-suit or of any related patents or patent applications, including but

not limited to documents relating to research, development, manufacture, testing, marketing, or

sale of the alleged invention(s) and any costs associated with the conception, reduction-to-

practice, or research and development of the alleged invention(s), including, but not limited to

receipts for supplies.

11.     All documents concerning when the Inventors, an Assignee, a Prosecuting

Attorney, or anyone subject to the duty of candor before the USPTO learned of any potential or

actual prior art to the patents-in-suit or to any related patents or patent applications.

12.     All documents and materials comprising, concerning or referring to any search for

prior art to the patent-in-suit or any related patents or patent applications.

13.     All documents comprising, concerning or referring to potential or actual prior art

to the patent-in-suit or to any related patents or patent applications, even if you dispute that the

material constitutes or discloses prior art, including, but not limited to art considered or cited

during prosecution of the patent-in-suit, art considered or cited during the prosecution of any

related patents or patent applications, and art disclosed by any third parties (including in any litigation involving the patent-in-suit or in licensing discussions).

14.     All documents that allegedly support any contention that the alleged invention(s) of the patent-in-suit are not obvious under 35 U.S.C. § 103, including, but not limited to documents that allegedly relate to or evidence secondary considerations of non-obviousness such as commercial success, long-felt need, copying by others, prior failure by others, licensing by others, or unexpected results.

15.     All '627-related documents referring to or concerning any litigation or other proceeding involving the patent-in-suit or any related patents or patent applications, including, but not limited to all pleadings, motions, exhibits, orders, depositions or other testimony, hearing transcripts, written discovery responses or initial disclosures, document productions, correspondence, settlement agreements, consent decrees, or any other materials from prior litigations.

16.     All documents and other materials provided to any Prosecuting Attorney by the Inventors, any Assignee, or their counsel relating to this litigation or to the patent-in-suit or any related patent or patent application.

17.     All documents and other materials provided by any Prosecuting Attorney to the Inventors, any Assignee, or their counsel relating to this litigation or to the patent-in-suit or any related patent or patent application.

18.     All documents concerning the level of ordinary skill in the art of the alleged invention(s) of the patent-in-suit.

19.     All documents concerning the interpretation or construction of any of the claim terms in the patent-in-suit.

- 6 -

71441011.3

20. All documents concerning multidimensional trellis encoded and decoded (including Viterbi decoded) communications systems, Wei symbols, multidimensional signal constellations, interleaving or deinterleaving of symbols or interleaving or deinterleaving of signal points.

## COMMERCIALIZATION & PRIOR ART

21. All documents concerning any disclosure by anyone to anyone of the alleged invention(s) of the patent-in-suit or of related patents or patent applications, including, but not limited to any disclosure of the alleged invention(s) by the Assignee(s) or the Inventors to each other or to any third party.

22. All documents concerning any sale, offer for sale, importation, public use, or public disclosure of any activity, product, process, or method that may embody any of the claims or disclosures of the patent-in-suit or of related patents or patent applications.

23. All documents concerning the first sale, offer for sale, importation, public use, or public disclosure of any activity, product, process, or method that may embody any of the claims or disclosures of the patent-in-suit or of related patents or patent applications.

24. All documents referring or relating to any products marketed or sold by any Assignee that relates to any activity, product, process, or method that may embody any of the claims or disclosures of the patent-in-suit or of related patents or patent applications.

25. All documents concerning conferences, symposia, panel discussions, seminars, exhibitions, conventions, or trade shows, manuals, articles, books, patents, publications, or any other reference materials relating to the Subject Matter of the patent-in-suit or any products relating to that patent or the application therefor.

71441011.3

26.    All documents referring or relating to any products that compete with any product marketed or sold by any Assignee that relates to any activity, product, process, or method that may embody any of the claims or disclosures of the patent-in-suit or of related patents or patent applications.

27.    All documents and materials concerning any strategies, plans, or expectations (whether of the Assignees, the Inventors, licensing counsel, or otherwise) with respect to the subject matter of the patent-in-suit, including without limitation any plans to commercialize, sell, license, or otherwise derive business or revenues from the patent-in-suit or from any related patents or applications.

28.    All documents concerning the work, research, design, development, manufacture, assembly, testing, installation, operation, marketing, sales or licensing of Paradyne's developed and tested prototype 24 kilobit per second modem that purportedly utilized the invention of the '627 patent.

### *PATENT OWNERSHIP & LICENSING*

29.    All documents concerning the ownership of the patent-in-suit or any related patents or patent applications, including, but not limited to all documents relating to assignments, acquisitions, liens, licenses, auctions, sales, or other transfers of rights by or to any entity or person.

30.    All documents concerning any license, proposed license, assignment, proposed assignment, sale, proposed sale, covenant not to sue, right of first refusal or any other actual or proposed transfer or extension of rights in or to the patent-in-suit or any related patents or patent applications.

71441011.3

31.     All documents concerning the potential value, if any, of the patent-in-suit, including documents referring to any actual or proposed purchase, assignment, sale, bid, auction, covenant not to sue, license or any other potential or actual transaction relating or referring to any possible or actual value of the patent-in-suit.

32.     All documents concerning the actual or proposed transfer, sale, securitization, monetization, acquisition or licensing of the patent-in-suit.

33.     All documents and things referring or relating to any review or inspection of the patent-in-suit, any agreements relating to the patent-in-suit or any communications relating to the patent-in-suit.

34.     All documents concerning a reasonable royalty for licensing the patent-in-suit or any related patents or patent applications.

35.     All documents concerning any settlement, covenant not to sue, consent decree, judgment or other resolution of any litigation (actual or potential) involving the patent-in-suit or any related patents or patent applications.

36.     All documents concerning any products that have been licensed or for which any covenant not to sue has been extended under the patent-in-suit or under any related patents or patent applications.

37.     All documents referring or relating to the actual or potential enforcement of the patent-in-suit or any related patents or patent applications.

38.     All documents comprising, concerning or referring to communications or agreements involving Paradyne, Lucent Technologies, Inc., Rembrandt, and/or Zhone relating to the patent-in-suit or related patents and patent applications.

- 9 -

39.    All documents referring or relating to the development of any standards that refer, relate to or concern the patent-in-suit or related patents or patent applications.

## TV & OTHER ISSUES

40.    All Rembrandt, Paradyne, Zhone, Inventor or Prosecuting Attorney documents referring or relating to transmission or reception of digital television signals, or communication systems or equipment for such transmission or reception.

41.    All documents referring or relating to the development of any standards relating to transmission or reception of digital television signals, or communication systems or equipment for such transmission or reception, including without limitation, documents relating to the Advanced Television Systems Committee, Grand Alliance or Advisory Committee on Advanced Television Service.

42.    All documents referring to or concerning the relationship, or absence thereof, between any version of the Advanced Television Systems Committee's digital television standards and the patent-in-suit, including without limitation, document referring to or concerning whether the patent-in-suit is essential to any such standard.

43.    All documents referring to or concerning any obligation or lack thereof to license the patent-in-suit on reasonable and non-discriminatory terms, including all documents referring to or concerning any offer to license the patent-in-suit on allegedly reasonable and non-discriminatory terms.

44.    All documents and things constituting or relating to any communications with any standard setting body, including, but not limited to the Advanced Television Systems Committee or Federal Communications Commission, relating to the Subject Matter of the patent-in-suit.

71441011.3

45.     All documents referring to or concerning any actual or proposed, formal or informal patent or intellectual property policies of the Advanced Television Systems Committee, Grand Alliance or the Advisory Committee on Advanced Television Service, including without limitation, any comunications with any person or entity relating to any such patent or intellectual property policy.

46.     All documents referring to or concerning any communications made by you or on your behalf to the Federal Communications Commission concerning any patent(s).

## LEGAL PROCEEDINGS

47.     All documents concerning any alleged infringement (whether direct, contributory or by inducement) of the patent-in-suit or any related patents.

48.     All documents concerning comparisons between the patent-in-suit or any related patents or patent applications to anything else including any activity, product, process, method, prior art, patent, or publication.

49.     All documents concerning any contention by any person or party, including without limitation any third party, Inventor, Prosecuting Attorney, prior art search firm, or any other person or party, that the patent-in-suit or any related patent or patent application is valid or invalid, enforceable or unenforceable, or infringed or not infringed.

50.     All documents comprising, concerning or referring to any opinions, evaluations, advice, or analyses concerning the validity or invalidity, enforceability or unenforceability, infringement or noninfringement, or scope of the claims of the patent-in-suit or of any related patents or patent applications, and all documents reviewed in the formation of such opinions, evaluations, advice, or analyses.

- 11 -

71441011.3

51.    All documents comprising, concerning or referring to any assertion that any claim of the patent-in-suit is valid or invalid, enforceable or unenforceable, or infringed or not infringed.

52.    All sworn testimony (including declarations, affidavits, printed deposition transcripts and videotapes) ever given in any proceeding by any Inventor or Prosecuting Attorney of the patent-in-suit at any time where any part of the sworn testimony relates to the patent-in-suit or the Subject Matter of any of the inventions claimed in the patent-in-suit.

### FURTHER AGREEMENTS & COMMUNICATIONS

53.    All documents comprising or referring or relating to any agreement involving the Inventors or the Prosecuting Attorneys relating to this litigation or to the patent-in-suit or any related patent or patent application.

54.    All documents comprising or referring or relating to any communications with the Inventors or the Prosecuting Attorneys relating to this litigation or to the patent-in-suit or any related patent or patent application.

55.    All documents concerning communications regarding the patent-in-suit, any related patents or patent applications or the subject matter of the patent-in-suit, including, but not limited to internal communications or communications with third parties (including without limitation communications with the USPTO, any foreign patent office, or any assignee).

56.    All documents and things relating to any business, professional or financial relationship with Rembrandt, any financial interest that you have in this litigation, or offer of financial interest in this litigation.

- 12 -

*FURTHER BUSINESS DOCUMENTS*

57.     All documents and things referring or relating to the business of Rembrandt, including without limitation all documents and things referring or relating to any intellectual property licensing, acquisition or enforcement agreements, strategies or plans or to any agreements, strategies or plans to supply products or enter agreements with others to supply products implementing any intellectual property.

58.     Documents sufficient to identify policies and procedures of any Assignee for generating, maintaining, and disposing of documents, including, but not limited to policies and procedures relating to patent applications, patent prosecution files, and any scientific or technical references related to such patent prosecution files.

59.     All documents relating to any investigation, due diligence or analysis conducted by or on behalf of Rembrandt relating to the patent-in-suit, whether in connection with acquiring that patent, asserting it, or otherwise.

- 13 -

714441011.3

EXHIBIT F

AO88 (Rev. 12/07) Subpoena in a Civil Case

In re: Rembrandt
Technologies, LP
Patent Litigation

**Issued by the**

# UNITED STATES DISTRICT COURT

Eastern District of Virginia

MOTOROLA, INC. et al.

v.

REMBRANDT TECHNOLOGIES, LP

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  MDL 1:07-md-1848 GMS (DEL)

TO:  Peter V.D. Wilde
301 E. Landing
Williamsburg, VA 23185

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE        Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 | DATE AND TIME 4/21/2008 9:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE  4/4/08 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Timothy DeMasi, Weil, Gotshal & Manges LLP, New York, NY 10153  (212) 310-8735

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|---|---|
|  | ADDRESS OF SERVER |

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

1.    "Rembrandt" means Rembrandt Technologies, LP and all predecessors, successors, subsidiaries, parents, sisters, partnerships and affiliates thereof, and all directors, officers, agents, employees, attorneys and other persons acting on their behalf.

2.    "Paradyne" refers to any Paradyne entity including without limitation Paradyne Corporation, AT&T Paradyne, Paradyne Acquisition Corp., Paradyne Networks, Inc., Zhone Technologies, Inc. (hereafter "Zhone"), collectively and individually, including all predecessors, successors, subsidiaries, parents, sisters, partnerships and affiliates thereof, and all directors, officers, agents, employees, attorneys and other persons acting on their behalf.

3.    "Inventors" refers to either of the named inventors on the patent-in-suit or related patents or patent applications, including William L. Betts and Edward S. Zuranski.

4.    "Patent-in-suit" mean the following patent at issue in this litigation:  U.S. Patent No. 5,243,627 (also referred to as the "'627 patent").

5.    "Related patents or patent applications" means any U.S. or foreign patent or patent application that either (i) stems from or claims priority to the patent-in-suit, (ii) describes subject matter claimed or described in the patent-in-suit, or (iii) claims any subject matter in the patent-in-suit.

6.    "Assignee" or "the assignees" refers to any alleged assignee of the patent-in-suit or any related patents or patent applications, including, but not limited to Paradyne, Rembrandt, AT&T Paradyne, or Lucent Technologies, Inc.

7.    "Prosecuting Attorney" shall refer to any counsel involved in the application or prosecution of a patent-in-suit, related patent or patent application.

8.   "Document" shall have the meaning accorded by Rule 34(a) of the Federal Rules of Civil Procedure including, but not limited to all of the matters defined in Rule 1001 of the Federal Rules of Evidence, any written, printed, typed, recorded, magnetic, punched, copied, graphic, or other tangible thing in which information may be embodied, translated, conveyed, or stored.  If a draft document has been prepared in several copies that are not identical, or if the original identical copies are no longer identical due to subsequent notation, each non-identical document is a separate document.

9.   "Concerning" means pertaining to, relating to, referring to, regarding, representing, embodying, illustrating, describing, evidencing, discussing, mentioning or constituting.

10.   "Communication" is used in a comprehensive sense, and means any instance in which any person has had contact with any other person by oral or written utterance, question, comment, inquiry, notation, or statement of any nature whatsoever, including but not limited to writings, documents, conversations, dialogues, discussions, interviews, consultations, agreements, and understandings.

11.   As used herein, "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12.   Where appropriate, the singular form of a word should be interpreted in the plural and vice versa, to acquire the broadest possible meaning.

13.   If any document relating to the subject matter of this subpoena has been destroyed, describe the content of said document, the last location of said document, the date of its destruction and the name of the person or entity that ordered or authorized its destruction.

- 2 -

14.  The "Subject Matter" of the patent-in-suit means any subject matter described, shown or claimed in the patent-in-suit or any related patents or patent applications, including trellis encoding, interleaving of symbols, signal points or other intervals for communication, Viterbi decoding, or error correction.

15.  The term "'627-related" shall mean all matters related to the '627 patent whether or not also related to one or more other patents, but shall exclude matters related solely to such other patents, including U.S. Patent Nos. 4,937,819; 5,719,858; 5,710,761; 5,852,631; 5,778,234; 6,131,159; 6,960,444 and 5,008,903.

## DOCUMENT REQUESTS

### *PATENT & PATENT PROSECUTION*

1.  All documents referring or relating to the patent-in-suit, any related patents or patent applications, or to the same or similar subject matter as the subject matter disclosed in the patent-in-suit.

2.  All documents referring or relating to the preparation, filing, or prosecution of the patent-in-suit or any related patents or patent applications, including, but not limited to invention disclosure information, technical descriptions, prior art, publications, non-identical drafts of patent applications, abandoned applications, prosecution file histories of the patent-in-suit, prosecution file histories of related patents or patent applications, communications with inventors or experts, and any communications with any agent, attorney, firm, foreign patent office or the U.S. Patent and Trademark Office ("USPTO").

3.  Documents sufficient to identify all persons who assisted in any aspect of the preparation, filing, or prosecution of the patent-in-suit or any related patents or patent applications.

- 3 -

4.       All documents referring to or concerning any patent applications filed by or patents issued to any of the Inventors concerning the Subject Matter of the patent-in-suit.

5.       All documents concerning the preparation, filing, or prosecution of any patents or patent applications naming one or more of the Inventors and concerning the Subject Matter of the patent-in-suit, including, but not limited to invention disclosure information, technical descriptions, prior art, publications, non-identical drafts of patent applications, abandoned applications, prosecution file histories, and any communications with any agent, attorney, firm, foreign patent office or the USPTO.

6.       All documents and materials concerning inventorship of any invention allegedly disclosed or claimed by the patent-in-suit or by any related patents or patent applications, including, but not limited to documents sufficient to identify the contribution of the named inventors to the claimed inventions of the patent-in-suit or any related patents or patent applications on a claim-by-claim basis.

7.       Documents sufficient to identify all persons who assisted in any aspect of the research, development, manufacture, testing, marketing, sale, licensing or supply of materials for the alleged invention(s) or for any embodiment of the alleged invention(s) and their role in any of the above.

8.       All documents provided to any Prosecuting Attorney or Inventor by anyone prior to or during the preparation and prosecution of the patent-in-suit or any related patents or patent applications in connection with such preparation and prosecution, including, without limitation notes, laboratory notebooks, sketches, memoranda, articles, technical reports, technical journals, and technical specifications.

714410113

9. All documents and materials concerning the best mode of practicing the alleged invention(s) of the patent-in-suit or of any related patents or patent applications and any improvements to such alleged invention(s), including, but not limited to inventor records, notebooks, physical embodiments of all or part of such alleged invention(s), and all devices, apparatus or software purchased or built by the Inventors for the purpose of researching, developing, or reducing to practice such alleged invention(s).

10. All documents concerning the conception, reduction to practice (actual or constructive) or any act of diligence leading to the reduction to practice of the alleged invention(s) of the patent-in-suit or of any related patents or patent applications, including but not limited to documents relating to research, development, manufacture, testing, marketing, or sale of the alleged invention(s) and any costs associated with the conception, reduction-to-practice, or research and development of the alleged invention(s), including, but not limited to receipts for supplies.

11. All documents concerning when the Inventors, an Assignee, a Prosecuting Attorney, or anyone subject to the duty of candor before the USPTO learned of any potential or actual prior art to the patents-in-suit or to any related patents or patent applications.

12. All documents and materials comprising, concerning or referring to any search for prior art to the patent-in-suit or any related patents or patent applications.

13. All documents comprising, concerning or referring to potential or actual prior art to the patent-in-suit or to any related patents or patent applications, even if you dispute that the material constitutes or discloses prior art, including, but not limited to art considered or cited during prosecution of the patent-in-suit, art considered or cited during the prosecution of any

- 5 -

71441011.3

related patents or patent applications, and art disclosed by any third parties (including in any litigation involving the patent-in-suit or in licensing discussions).

14.    All documents that allegedly support any contention that the alleged invention(s) of the patent-in-suit are not obvious under 35 U.S.C. § 103, including, but not limited to documents that allegedly relate to or evidence secondary considerations of non-obviousness such as commercial success, long-felt need, copying by others, prior failure by others, licensing by others, or unexpected results.

15.    All '627-related documents referring to or concerning any litigation or other proceeding involving the patent-in-suit or any related patents or patent applications, including, but not limited to all pleadings, motions, exhibits, orders, depositions or other testimony, hearing transcripts, written discovery responses or initial disclosures, document productions, correspondence, settlement agreements, consent decrees, or any other materials from prior litigations.

16.    All documents and other materials provided to any Prosecuting Attorney by the Inventors, any Assignee, or their counsel relating to this litigation or to the patent-in-suit or any related patent or patent application.

17.    All documents and other materials provided by any Prosecuting Attorney to the Inventors, any Assignee, or their counsel relating to this litigation or to the patent-in-suit or any related patent or patent application.

18.    All documents concerning the level of ordinary skill in the art of the alleged invention(s) of the patent-in-suit.

19.    All documents concerning the interpretation or construction of any of the claim terms in the patent-in-suit.

- 6 -

71441011.3

20.     All documents concerning multidimensional trellis encoded and decoded (including Viterbi decoded) communications systems, Wei symbols, multidimensional signal constellations, interleaving or deinterleaving of symbols or interleaving or deinterleaving of signal points.

## COMMERCIALIZATION & PRIOR ART

21.     All documents concerning any disclosure by anyone to anyone of the alleged invention(s) of the patent-in-suit or of related patents or patent applications, including, but not limited to any disclosure of the alleged invention(s) by the Assignee(s) or the Inventors to each other or to any third party.

22.     All documents concerning any sale, offer for sale, importation, public use, or public disclosure of any activity, product, process, or method that may embody any of the claims or disclosures of the patent-in-suit or of related patents or patent applications.

23.     All documents concerning the first sale, offer for sale, importation, public use, or public disclosure of any activity, product, process, or method that may embody any of the claims or disclosures of the patent-in-suit or of related patents or patent applications.

24.     All documents referring or relating to any products marketed or sold by any Assignee that relates to any activity, product, process, or method that may embody any of the claims or disclosures of the patent-in-suit or of related patents or patent applications.

25.     All documents concerning conferences, symposia, panel discussions, seminars, exhibitions, conventions, or trade shows, manuals, articles, books, patents, publications, or any other reference materials relating to the Subject Matter of the patent-in-suit or any products relating to that patent or the application therefor.

71441011.3

26.    All documents referring or relating to any products that compete with any product marketed or sold by any Assignee that relates to any activity, product, process, or method that may embody any of the claims or disclosures of the patent-in-suit or of related patents or patent applications.

27.    All documents and materials concerning any strategies, plans, or expectations (whether of the Assignees, the Inventors, licensing counsel, or otherwise) with respect to the subject matter of the patent-in-suit, including without limitation any plans to commercialize, sell, license, or otherwise derive business or revenues from the patent-in-suit or from any related patents or applications.

28.    All documents concerning the work, research, design, development, manufacture, assembly, testing, installation, operation, marketing, sales or licensing of Paradyne's developed and tested prototype 24 kilobit per second modem that purportedly utilized the invention of the '627 patent.

## *PATENT OWNERSHIP & LICENSING*

29.    All documents concerning the ownership of the patent-in-suit or any related patents or patent applications, including, but not limited to all documents relating to assignments, acquisitions, liens, licenses, auctions, sales, or other transfers of rights by or to any entity or person.

30.    All documents concerning any license, proposed license, assignment, proposed assignment, sale, proposed sale, covenant not to sue, right of first refusal or any other actual or proposed transfer or extension of rights in or to the patent-in-suit or any related patents or patent applications.

- 8 -

714410113

31.     All documents concerning the potential value, if any, of the patent-in-suit, including documents referring to any actual or proposed purchase, assignment, sale, bid, auction, covenant not to sue, license or any other potential or actual transaction relating or referring to any possible or actual value of the patent-in-suit.

32.     All documents concerning the actual or proposed transfer, sale, securitization, monetization, acquisition or licensing of the patent-in-suit.

33.     All documents and things referring or relating to any review or inspection of the patent-in-suit, any agreements relating to the patent-in-suit or any communications relating to the patent-in-suit.

34.     All documents concerning a reasonable royalty for licensing the patent-in-suit or any related patents or patent applications.

35.     All documents concerning any settlement, covenant not to sue, consent decree, judgment or other resolution of any litigation (actual or potential) involving the patent-in-suit or any related patents or patent applications.

36.     All documents concerning any products that have been licensed or for which any covenant not to sue has been extended under the patent-in-suit or under any related patents or patent applications.

37.     All documents referring or relating to the actual or potential enforcement of the patent-in-suit or any related patents or patent applications.

38.     All documents comprising, concerning or referring to communications or agreements involving Paradyne, Lucent Technologies, Inc., Rembrandt, and/or Zhone relating to the patent-in-suit or related patents and patent applications.

- 9 -

39.    All documents referring or relating to the development of any standards that refer, relate to or concern the patent-in-suit or related patents or patent applications.

### TV & OTHER ISSUES

40.    All Rembrandt, Paradyne, Zhone, Inventor or Prosecuting Attorney documents referring or relating to transmission or reception of digital television signals, or communication systems or equipment for such transmission or reception.

41.    All documents referring or relating to the development of any standards relating to transmission or reception of digital television signals, or communication systems or equipment for such transmission or reception, including without limitation, documents relating to the Advanced Television Systems Committee, Grand Alliance or Advisory Committee on Advanced Television Service.

42.    All documents referring to or concerning the relationship, or absence thereof, between any version of the Advanced Television Systems Committee's digital television standards and the patent-in-suit, including without limitation, document referring to or concerning whether the patent-in-suit is essential to any such standard.

43.    All documents referring to or concerning any obligation or lack thereof to license the patent-in-suit on reasonable and non-discriminatory terms, including all documents referring to or concerning any offer to license the patent-in-suit on allegedly reasonable and non-discriminatory terms.

44.    All documents and things constituting or relating to any communications with any standard setting body, including, but not limited to the Advanced Television Systems Committee or Federal Communications Commission, relating to the Subject Matter of the patent-in-suit.

- 10 -

45.     All documents referring to or concerning any actual or proposed, formal or informal patent or intellectual property policies of the Advanced Television Systems Committee, Grand Alliance or the Advisory Committee on Advanced Television Service, including without limitation, any comunications with any person or entity relating to any such patent or intellectual property policy.

46.     All documents referring to or concerning any communications made by you or on your behalf to the Federal Communications Commission concerning any patent(s).

### LEGAL PROCEEDINGS

47.     All documents concerning any alleged infringement (whether direct, contributory or by inducement) of the patent-in-suit or any related patents.

48.     All documents concerning comparisons between the patent-in-suit or any related patents or patent applications to anything else including any activity, product, process, method, prior art, patent, or publication.

49.     All documents concerning any contention by any person or party, including without limitation any third party, Inventor, Prosecuting Attorney, prior art search firm, or any other person or party, that the patent-in-suit or any related patent or patent application is valid or invalid, enforceable or unenforceable, or infringed or not infringed.

50.     All documents comprising, concerning or referring to any opinions, evaluations, advice, or analyses concerning the validity or invalidity, enforceability or unenforceability, infringement or noninfringement, or scope of the claims of the patent-in-suit or of any related patents or patent applications, and all documents reviewed in the formation of such opinions, evaluations, advice, or analyses.

- 11 -

51.    All documents comprising, concerning or referring to any assertion that any claim of the patent-in-suit is valid or invalid, enforceable or unenforceable, or infringed or not infringed.

52.    All sworn testimony (including declarations, affidavits, printed deposition transcripts and videotapes) ever given in any proceeding by any Inventor or Prosecuting Attorney of the patent-in-suit at any time where any part of the sworn testimony relates to the patent-in-suit or the Subject Matter of any of the inventions claimed in the patent-in-suit.

## FURTHER AGREEMENTS & COMMUNICATIONS

53.    All documents comprising or referring or relating to any agreement involving the Inventors or the Prosecuting Attorneys relating to this litigation or to the patent-in-suit or any related patent or patent application.

54.    All documents comprising or referring or relating to any communications with the Inventors or the Prosecuting Attorneys relating to this litigation or to the patent-in-suit or any related patent or patent application.

55.    All documents concerning communications regarding the patent-in-suit, any related patents or patent applications or the subject matter of the patent-in-suit, including, but not limited to internal communications or communications with third parties (including without limitation communications with the USPTO, any foreign patent office, or any assignee).

56.    All documents and things relating to any business, professional or financial relationship with Rembrandt, any financial interest that you have in this litigation, or offer of financial interest in this litigation.

71441011.3

### *FURTHER BUSINESS DOCUMENTS*

57.    All documents and things referring or relating to the business of Rembrandt, including without limitation all documents and things referring or relating to any intellectual property licensing, acquisition or enforcement agreements, strategies or plans or to any agreements, strategies or plans to supply products or enter agreements with others to supply products implementing any intellectual property.

58.    Documents sufficient to identify policies and procedures of any Assignee for generating, maintaining, and disposing of documents, including, but not limited to policies and procedures relating to patent applications, patent prosecution files, and any scientific or technical references related to such patent prosecution files.

59.    All documents relating to any investigation, due diligence or analysis conducted by or on behalf of Rembrandt relating to the patent-in-suit, whether in connection with acquiring that patent, asserting it, or otherwise.

71441011.3

# EXHIBIT G

AO88 (Rev. 12/07) Subpoena in a Civil Case

| | |
|---|---|
| In re: Rembrandt Technologies, LP Patent Litigation | **Issued by the**<br>**UNITED STATES DISTRICT COURT**<br>Middle District of Florida |

| | |
|---|---|
| MOTOROLA, INC. et al.<br>V.<br>REMBRANDT TECHNOLOGIES, LP | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number:[1] MDL 1:07-md-1848 GMS (DEL) |

TO:  Edward S. Zuranski c/o Francis DiGiovanni, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
Wilmington, DE 19899

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE    Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 | DATE AND TIME<br>4/21/2008 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE<br>4|4|08 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Timothy DeMasi, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153  (212) 310-8735

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                           DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

1.  "Rembrandt" means Rembrandt Technologies, LP and all predecessors, successors, subsidiaries, parents, sisters, partnerships and affiliates thereof, and all directors, officers, agents, employees, attorneys and other persons acting on their behalf.

2.  "Paradyne" refers to any Paradyne entity including without limitation Paradyne Corporation, AT&T Paradyne, Paradyne Acquisition Corp., Paradyne Networks, Inc., Zhone Technologies, Inc. (hereafter "Zhone"), collectively and individually, including all predecessors, successors, subsidiaries, parents, sisters, partnerships and affiliates thereof, and all directors, officers, agents, employees, attorneys and other persons acting on their behalf.

3.  "Inventors" refers to either of the named inventors on the patent-in-suit or related patents or patent applications, including William L. Betts and Edward S. Zuranski.

4.  "Patent-in-suit" mean the following patent at issue in this litigation:  U.S. Patent No. 5,243,627 (also referred to as the "'627 patent").

5.  "Related patents or patent applications" means any U.S. or foreign patent or patent application that either (i) stems from or claims priority to the patent-in-suit, (ii) describes subject matter claimed or described in the patent-in-suit, or (iii) claims any subject matter in the patent-in-suit.

6.  "Assignee" or "the assignees" refers to any alleged assignee of the patent-in-suit or any related patents or patent applications, including, but not limited to Paradyne, Rembrandt, AT&T Paradyne, or Lucent Technologies, Inc.

7.  "Prosecuting Attorney" shall refer to any counsel involved in the application or prosecution of a patent-in-suit, related patent or patent application.

71:441011.3

8.    "Document" shall have the meaning accorded by Rule 34(a) of the Federal Rules of Civil Procedure including, but not limited to all of the matters defined in Rule 1001 of the Federal Rules of Evidence, any written, printed, typed, recorded, magnetic, punched, copied, graphic, or other tangible thing in which information may be embodied, translated, conveyed, or stored.  If a draft document has been prepared in several copies that are not identical, or if the original identical copies are no longer identical due to subsequent notation, each non-identical document is a separate document.

9.    "Concerning" means pertaining to, relating to, referring to, regarding, representing, embodying, illustrating, describing, evidencing, discussing, mentioning or constituting.

10.    "Communication" is used in a comprehensive sense, and means any instance in which any person has had contact with any other person by oral or written utterance, question, comment, inquiry, notation, or statement of any nature whatsoever, including but not limited to writings, documents, conversations, dialogues, discussions, interviews, consultations, agreements, and understandings.

11.    As used herein, "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12.    Where appropriate, the singular form of a word should be interpreted in the plural and vice versa, to acquire the broadest possible meaning.

13.    If any document relating to the subject matter of this subpoena has been destroyed, describe the content of said document, the last location of said document, the date of its destruction and the name of the person or entity that ordered or authorized its destruction.

14.   The "Subject Matter" of the patent-in-suit means any subject matter described, shown or claimed in the patent-in-suit or any related patents or patent applications, including trellis encoding, interleaving of symbols, signal points or other intervals for communication, Viterbi decoding, or error correction.

15.   The term "'627-related" shall mean all matters related to the '627 patent whether or not also related to one or more other patents, but shall exclude matters related solely to such other patents, including U.S. Patent Nos. 4,937,819; 5,719,858; 5,710,761; 5,852,631; 5,778,234; 6,131,159; 6,960,444 and 5,008,903.

## DOCUMENT REQUESTS

### *PATENT & PATENT PROSECUTION*

1.   All documents referring or relating to the patent-in-suit, any related patents or patent applications, or to the same or similar subject matter as the subject matter disclosed in the patent-in-suit.

2.   All documents referring or relating to the preparation, filing, or prosecution of the patent-in-suit or any related patents or patent applications, including, but not limited to invention disclosure information, technical descriptions, prior art, publications, non-identical drafts of patent applications, abandoned applications, prosecution file histories of the patent-in-suit, prosecution file histories of related patents or patent applications, communications with inventors or experts, and any communications with any agent, attorney, firm, foreign patent office or the U.S. Patent and Trademark Office ("USPTO").

3.   Documents sufficient to identify all persons who assisted in any aspect of the preparation, filing, or prosecution of the patent-in-suit or any related patents or patent applications.

- 3 -

4.    All documents referring to or concerning any patent applications filed by or patents issued to any of the Inventors concerning the Subject Matter of the patent-in-suit.

5.    All documents concerning the preparation, filing, or prosecution of any patents or patent applications naming one or more of the Inventors and concerning the Subject Matter of the patent-in-suit, including, but not limited to invention disclosure information, technical descriptions, prior art, publications, non-identical drafts of patent applications, abandoned applications, prosecution file histories, and any communications with any agent, attorney, firm, foreign patent office or the USPTO.

6.    All documents and materials concerning inventorship of any invention allegedly disclosed or claimed by the patent-in-suit or by any related patents or patent applications, including, but not limited to documents sufficient to identify the contribution of the named inventors to the claimed inventions of the patent-in-suit or any related patents or patent applications on a claim-by-claim basis.

7.    Documents sufficient to identify all persons who assisted in any aspect of the research, development, manufacture, testing, marketing, sale, licensing or supply of materials for the alleged invention(s) or for any embodiment of the alleged invention(s) and their role in any of the above.

8.    All documents provided to any Prosecuting Attorney or Inventor by anyone prior to or during the preparation and prosecution of the patent-in-suit or any related patents or patent applications in connection with such preparation and prosecution, including, without limitation notes, laboratory notebooks, sketches, memoranda, articles, technical reports, technical journals, and technical specifications.

71441011.3

9.      All documents and materials concerning the best mode of practicing the alleged invention(s) of the patent-in-suit or of any related patents or patent applications and any improvements to such alleged invention(s), including, but not limited to inventor records, notebooks, physical embodiments of all or part of such alleged invention(s), and all devices, apparatus or software purchased or built by the Inventors for the purpose of researching, developing, or reducing to practice such alleged invention(s).

10.     All documents concerning the conception, reduction to practice (actual or constructive) or any act of diligence leading to the reduction to practice of the alleged invention(s) of the patent-in-suit or of any related patents or patent applications, including but not limited to documents relating to research, development, manufacture, testing, marketing, or sale of the alleged invention(s) and any costs associated with the conception, reduction-to-practice, or research and development of the alleged invention(s), including, but not limited to receipts for supplies.

11.     All documents concerning when the Inventors, an Assignee, a Prosecuting Attorney, or anyone subject to the duty of candor before the USPTO learned of any potential or actual prior art to the patents-in-suit or to any related patents or patent applications.

12.     All documents and materials comprising, concerning or referring to any search for prior art to the patent-in-suit or any related patents or patent applications.

13.     All documents comprising, concerning or referring to potential or actual prior art to the patent-in-suit or to any related patents or patent applications, even if you dispute that the material constitutes or discloses prior art, including, but not limited to art considered or cited during prosecution of the patent-in-suit, art considered or cited during the prosecution of any

- 5 -

related patents or patent applications, and art disclosed by any third parties (including in any litigation involving the patent-in-suit or in licensing discussions).

14.    All documents that allegedly support any contention that the alleged invention(s) of the patent-in-suit are not obvious under 35 U.S.C. § 103, including, but not limited to documents that allegedly relate to or evidence secondary considerations of non-obviousness such as commercial success, long-felt need, copying by others, prior failure by others, licensing by others, or unexpected results.

15.    All '627-related documents referring to or concerning any litigation or other proceeding involving the patent-in-suit or any related patents or patent applications, including, but not limited to all pleadings, motions, exhibits, orders, depositions or other testimony, hearing transcripts, written discovery responses or initial disclosures, document productions, correspondence, settlement agreements, consent decrees, or any other materials from prior litigations.

16.    All documents and other materials provided to any Prosecuting Attorney by the Inventors, any Assignee, or their counsel relating to this litigation or to the patent-in-suit or any related patent or patent application.

17.    All documents and other materials provided by any Prosecuting Attorney to the Inventors, any Assignee, or their counsel relating to this litigation or to the patent-in-suit or any related patent or patent application.

18.    All documents concerning the level of ordinary skill in the art of the alleged invention(s) of the patent-in-suit.

19.    All documents concerning the interpretation or construction of any of the claim terms in the patent-in-suit.

- 6 -

71441011.3

20.    All documents concerning multidimensional trellis encoded and decoded (including Viterbi decoded) communications systems, Wei symbols, multidimensional signal constellations, interleaving or deinterleaving of symbols or interleaving or deinterleaving of signal points.

## COMMERCIALIZATION & PRIOR ART

21.    All documents concerning any disclosure by anyone to anyone of the alleged invention(s) of the patent-in-suit or of related patents or patent applications, including, but not limited to any disclosure of the alleged invention(s) by the Assignee(s) or the Inventors to each other or to any third party.

22.    All documents concerning any sale, offer for sale, importation, public use, or public disclosure of any activity, product, process, or method that may embody any of the claims or disclosures of the patent-in-suit or of related patents or patent applications.

23.    All documents concerning the first sale, offer for sale, importation, public use, or public disclosure of any activity, product, process, or method that may embody any of the claims or disclosures of the patent-in-suit or of related patents or patent applications.

24.    All documents referring or relating to any products marketed or sold by any Assignee that relates to any activity, product, process, or method that may embody any of the claims or disclosures of the patent-in-suit or of related patents or patent applications.

25.    All documents concerning conferences, symposia, panel discussions, seminars, exhibitions, conventions, or trade shows, manuals, articles, books, patents, publications, or any other reference materials relating to the Subject Matter of the patent-in-suit or any products relating to that patent or the application therefor.

71441011.3

26.    All documents referring or relating to any products that compete with any product marketed or sold by any Assignee that relates to any activity, product, process, or method that may embody any of the claims or disclosures of the patent-in-suit or of related patents or patent applications.

27.    All documents and materials concerning any strategies, plans, or expectations (whether of the Assignees, the Inventors, licensing counsel, or otherwise) with respect to the subject matter of the patent-in-suit, including without limitation any plans to commercialize, sell, license, or otherwise derive business or revenues from the patent-in-suit or from any related patents or applications.

28.    All documents concerning the work, research, design, development, manufacture, assembly, testing, installation, operation, marketing, sales or licensing of Paradyne's developed and tested prototype 24 kilobit per second modem that purportedly utilized the invention of the '627 patent.

## PATENT OWNERSHIP & LICENSING

29.    All documents concerning the ownership of the patent-in-suit or any related patents or patent applications, including, but not limited to all documents relating to assignments, acquisitions, liens, licenses, auctions, sales, or other transfers of rights by or to any entity or person.

30.    All documents concerning any license, proposed license, assignment, proposed assignment, sale, proposed sale, covenant not to sue, right of first refusal or any other actual or proposed transfer or extension of rights in or to the patent-in-suit or any related patents or patent applications.

71441011.3

31.    All documents concerning the potential value, if any, of the patent-in-suit, including documents referring to any actual or proposed purchase, assignment, sale, bid, auction, covenant not to sue, license or any other potential or actual transaction relating or referring to any possible or actual value of the patent-in-suit.

32.    All documents concerning the actual or proposed transfer, sale, securitization, monetization, acquisition or licensing of the patent-in-suit.

33.    All documents and things referring or relating to any review or inspection of the patent-in-suit, any agreements relating to the patent-in-suit or any communications relating to the patent-in-suit.

34.    All documents concerning a reasonable royalty for licensing the patent-in-suit or any related patents or patent applications.

35.    All documents concerning any settlement, covenant not to sue, consent decree, judgment or other resolution of any litigation (actual or potential) involving the patent-in-suit or any related patents or patent applications.

36.    All documents concerning any products that have been licensed or for which any covenant not to sue has been extended under the patent-in-suit or under any related patents or patent applications.

37.    All documents referring or relating to the actual or potential enforcement of the patent-in-suit or any related patents or patent applications.

38.    All documents comprising, concerning or referring to communications or agreements involving Paradyne, Lucent Technologies, Inc., Rembrandt, and/or Zhone relating to the patent-in-suit or related patents and patent applications.

39.    All documents referring or relating to the development of any standards that refer, relate to or concern the patent-in-suit or related patents or patent applications.

## *TV & OTHER ISSUES*

40.    All Rembrandt, Paradyne, Zhone, Inventor or Prosecuting Attorney documents referring or relating to transmission or reception of digital television signals, or communication systems or equipment for such transmission or reception.

41.    All documents referring or relating to the development of any standards relating to transmission or reception of digital television signals, or communication systems or equipment for such transmission or reception, including without limitation, documents relating to the Advanced Television Systems Committee, Grand Alliance or Advisory Committee on Advanced Television Service.

42.    All documents referring to or concerning the relationship, or absence thereof, between any version of the Advanced Television Systems Committee's digital television standards and the patent-in-suit, including without limitation, document referring to or concerning whether the patent-in-suit is essential to any such standard.

43.    All documents referring to or concerning any obligation or lack thereof to license the patent-in-suit on reasonable and non-discriminatory terms, including all documents referring to or concerning any offer to license the patent-in-suit on allegedly reasonable and non-discriminatory terms.

44.    All documents and things constituting or relating to any communications with any standard setting body, including, but not limited to the Advanced Television Systems Committee or Federal Communications Commission, relating to the Subject Matter of the patent-in-suit.

71441011.3

45.    All documents referring to or concerning any actual or proposed, formal or informal patent or intellectual property policies of the Advanced Television Systems Committee, Grand Alliance or the Advisory Committee on Advanced Television Service, including without limitation, any comunications with any person or entity relating to any such patent or intellectual property policy.

46.    All documents referring to or concerning any communications made by you or on your behalf to the Federal Communications Commission concerning any patent(s).

### LEGAL PROCEEDINGS

47.    All documents concerning any alleged infringement (whether direct, contributory or by inducement) of the patent-in-suit or any related patents.

48.    All documents concerning comparisons between the patent-in-suit or any related patents or patent applications to anything else including any activity, product, process, method, prior art, patent, or publication.

49.    All documents concerning any contention by any person or party, including without limitation any third party, Inventor, Prosecuting Attorney, prior art search firm, or any other person or party, that the patent-in-suit or any related patent or patent application is valid or invalid, enforceable or unenforceable, or infringed or not infringed.

50.    All documents comprising, concerning or referring to any opinions, evaluations, advice, or analyses concerning the validity or invalidity, enforceability or unenforceability, infringement or noninfringement, or scope of the claims of the patent-in-suit or of any related patents or patent applications, and all documents reviewed in the formation of such opinions, evaluations, advice, or analyses.

- 11 -

71441011.3

51.    All documents comprising, concerning or referring to any assertion that any claim of the patent-in-suit is valid or invalid, enforceable or unenforceable, or infringed or not infringed.

52.    All sworn testimony (including declarations, affidavits, printed deposition transcripts and videotapes) ever given in any proceeding by any Inventor or Prosecuting Attorney of the patent-in-suit at any time where any part of the sworn testimony relates to the patent-in-suit or the Subject Matter of any of the inventions claimed in the patent-in-suit.

### FURTHER AGREEMENTS & COMMUNICATIONS

53.    All documents comprising or referring or relating to any agreement involving the Inventors or the Prosecuting Attorneys relating to this litigation or to the patent-in-suit or any related patent or patent application.

54.    All documents comprising or referring or relating to any communications with the Inventors or the Prosecuting Attorneys relating to this litigation or to the patent-in-suit or any related patent or patent application.

55.    All documents concerning communications regarding the patent-in-suit, any related patents or patent applications or the subject matter of the patent-in-suit, including, but not limited to internal communications or communications with third parties (including without limitation communications with the USPTO, any foreign patent office, or any assignee).

56.    All documents and things relating to any business, professional or financial relationship with Rembrandt, any financial interest that you have in this litigation, or offer of financial interest in this litigation.

- 12 -

714410113

## *FURTHER BUSINESS DOCUMENTS*

57.    All documents and things referring or relating to the business of Rembrandt, including without limitation all documents and things referring or relating to any intellectual property licensing, acquisition or enforcement agreements, strategies or plans or to any agreements, strategies or plans to supply products or enter agreements with others to supply products implementing any intellectual property.

58.    Documents sufficient to identify policies and procedures of any Assignee for generating, maintaining, and disposing of documents, including, but not limited to policies and procedures relating to patent applications, patent prosecution files, and any scientific or technical references related to such patent prosecution files.

59.    All documents relating to any investigation, due diligence or analysis conducted by or on behalf of Rembrandt relating to the patent-in-suit, whether in connection with acquiring that patent, asserting it, or otherwise.

71441011.3

Exhibit H

AO88 (Rev. 12/07) Subpoena in a Civil Case

| In re: Rembrandt Technologies, LP Patent Litigation | **Issued by the**<br>**UNITED STATES DISTRICT COURT**<br>District of Columbia |
|---|---|

| MOTOROLA, INC. et al.<br><br>V.<br><br>REMBRANDT TECHNOLOGIES, LP | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number:[1]  MDL 1:07-md-1848 GMS (DEL) |
|---|---|

TO:  Robert A. Westerlund, Esq.
c/o Adduci, Mastriani & Schaumberg, LLP
1200 Seventeen Street NW, 5th FL
Washington, DC 20036

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE        Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 | DATE AND TIME<br>4/21/2008 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE<br>4/9/08 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Timothy DeMasi, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153  (212) 310-8735

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

## Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**ATTACHMENT A**

**DEFINITIONS AND INSTRUCTIONS**

1.    "Rembrandt" means Rembrandt Technologies, LP and all predecessors, successors, subsidiaries, parents, sisters, partnerships and affiliates thereof, and all directors, officers, agents, employees, attorneys and other persons acting on their behalf.

2.    "Paradyne" refers to any Paradyne entity including without limitation Paradyne Corporation, AT&T Paradyne, Paradyne Acquisition Corp., Paradyne Networks, Inc., Zhone Technologies, Inc. (hereafter "Zhone"), collectively and individually, including all predecessors, successors, subsidiaries, parents, sisters, partnerships and affiliates thereof, and all directors, officers, agents, employees, attorneys and other persons acting on their behalf.

3.    "Inventors" refers to either of the named inventors on the patent-in-suit or related patents or patent applications, including William L. Betts and Edward S. Zuranski.

4.    "Patent-in-suit" mean the following patent at issue in this litigation:  U.S. Patent No. 5,243,627 (also referred to as the "'627 patent").

5.    "Related patents or patent applications" means any U.S. or foreign patent or patent application that either (i) stems from or claims priority to the patent-in-suit, (ii) describes subject matter claimed or described in the patent-in-suit, or (iii) claims any subject matter in the patent-in-suit.

6.    "Assignee" or "the assignees" refers to any alleged assignee of the patent-in-suit or any related patents or patent applications, including, but not limited to Paradyne, Rembrandt, AT&T Paradyne, or Lucent Technologies, Inc.

7.    "Prosecuting Attorney" shall refer to any counsel involved in the application or prosecution of a patent-in-suit, related patent or patent application.

8.    "Document" shall have the meaning accorded by Rule 34(a) of the Federal Rules of Civil Procedure including, but not limited to all of the matters defined in Rule 1001 of the Federal Rules of Evidence, any written, printed, typed, recorded, magnetic, punched, copied, graphic, or other tangible thing in which information may be embodied, translated, conveyed, or stored. If a draft document has been prepared in several copies that are not identical, or if the original identical copies are no longer identical due to subsequent notation, each non-identical document is a separate document.

9.    "Concerning" means pertaining to, relating to, referring to, regarding, representing, embodying, illustrating, describing, evidencing, discussing, mentioning or constituting.

10.    "Communication" is used in a comprehensive sense, and means any instance in which any person has had contact with any other person by oral or written utterance, question, comment, inquiry, notation, or statement of any nature whatsoever, including but not limited to writings, documents, conversations, dialogues, discussions, interviews, consultations, agreements, and understandings.

11.    As used herein, "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12.    Where appropriate, the singular form of a word should be interpreted in the plural and vice versa, to acquire the broadest possible meaning.

13.    If any document relating to the subject matter of this subpoena has been destroyed, describe the content of said document, the last location of said document, the date of its destruction and the name of the person or entity that ordered or authorized its destruction.

71441011.3

14.   The "Subject Matter" of the patent-in-suit means any subject matter described, shown or claimed in the patent-in-suit or any related patents or patent applications, including trellis encoding, interleaving of symbols, signal points or other intervals for communication, Viterbi decoding, or error correction.

15.   The term "'627-related" shall mean all matters related to the '627 patent whether or not also related to one or more other patents, but shall exclude matters related solely to such other patents, including U.S. Patent Nos. 4,937,819; 5,719,858; 5,710,761; 5,852,631; 5,778,234; 6,131,159; 6,960,444 and 5,008,903.

## DOCUMENT REQUESTS

### *PATENT & PATENT PROSECUTION*

1.   All documents referring or relating to the patent-in-suit, any related patents or patent applications, or to the same or similar subject matter as the subject matter disclosed in the patent-in-suit.

2.   All documents referring or relating to the preparation, filing, or prosecution of the patent-in-suit or any related patents or patent applications, including, but not limited to invention disclosure information, technical descriptions, prior art, publications, non-identical drafts of patent applications, abandoned applications, prosecution file histories of the patent-in-suit, prosecution file histories of related patents or patent applications, communications with inventors or experts, and any communications with any agent, attorney, firm, foreign patent office or the U.S. Patent and Trademark Office ("USPTO").

3.   Documents sufficient to identify all persons who assisted in any aspect of the preparation, filing, or prosecution of the patent-in-suit or any related patents or patent applications.

- 3 -

4.    All documents referring to or concerning any patent applications filed by or patents issued to any of the Inventors concerning the Subject Matter of the patent-in-suit.

5.    All documents concerning the preparation, filing, or prosecution of any patents or patent applications naming one or more of the Inventors and concerning the Subject Matter of the patent-in-suit, including, but not limited to invention disclosure information, technical descriptions, prior art, publications, non-identical drafts of patent applications, abandoned applications, prosecution file histories, and any communications with any agent, attorney, firm, foreign patent office or the USPTO.

6.    All documents and materials concerning inventorship of any invention allegedly disclosed or claimed by the patent-in-suit or by any related patents or patent applications, including, but not limited to documents sufficient to identify the contribution of the named inventors to the claimed inventions of the patent-in-suit or any related patents or patent applications on a claim-by-claim basis.

7.    Documents sufficient to identify all persons who assisted in any aspect of the research, development, manufacture, testing, marketing, sale, licensing or supply of materials for the alleged invention(s) or for any embodiment of the alleged invention(s) and their role in any of the above.

8.    All documents provided to any Prosecuting Attorney or Inventor by anyone prior to or during the preparation and prosecution of the patent-in-suit or any related patents or patent applications in connection with such preparation and prosecution, including, without limitation notes, laboratory notebooks, sketches, memoranda, articles, technical reports, technical journals, and technical specifications.

71441011.3

9.      All documents and materials concerning the best mode of practicing the alleged invention(s) of the patent-in-suit or of any related patents or patent applications and any improvements to such alleged invention(s), including, but not limited to inventor records, notebooks, physical embodiments of all or part of such alleged invention(s), and all devices, apparatus or software purchased or built by the Inventors for the purpose of researching, developing, or reducing to practice such alleged invention(s).

10.      All documents concerning the conception, reduction to practice (actual or constructive) or any act of diligence leading to the reduction to practice of the alleged invention(s) of the patent-in-suit or of any related patents or patent applications, including but not limited to documents relating to research, development, manufacture, testing, marketing, or sale  of the alleged invention(s) and any costs associated with the conception, reduction-to-practice, or research and development of the alleged invention(s), including, but not limited to receipts for supplies.

11.      All documents concerning when the Inventors, an Assignee, a Prosecuting Attorney, or anyone subject to the duty of candor before the USPTO learned of any potential or actual prior art to the patents-in-suit or to any related patents or patent applications.

12.      All documents and materials comprising, concerning or referring to any search for prior art to the patent-in-suit or any related patents or patent applications.

13.      All documents comprising, concerning or referring to potential or actual prior art to the patent-in-suit or to any related patents or patent applications, even if you dispute that the material constitutes or discloses prior art, including, but not limited to art considered or cited during prosecution of the patent-in-suit, art considered or cited during the prosecution of any

71441011.3

related patents or patent applications, and art disclosed by any third parties (including in any

litigation involving the patent-in-suit or in licensing discussions).

14.    All documents that allegedly support any contention that the alleged invention(s)

of the patent-in-suit are not obvious under 35 U.S.C. § 103, including, but not limited to

documents that allegedly relate to or evidence secondary considerations of non-obviousness such

as commercial success, long-felt need, copying by others, prior failure by others, licensing by

others, or unexpected results.

15.    All '627-related documents referring to or concerning any litigation or other

proceeding involving the patent-in-suit or any related patents or patent applications, including,

but not limited to all pleadings, motions, exhibits, orders, depositions or other testimony, hearing

transcripts, written discovery responses or initial disclosures, document productions,

correspondence, settlement agreements, consent decrees, or any other materials from prior

litigations.

16.    All documents and other materials provided to any Prosecuting Attorney by the

Inventors, any Assignee, or their counsel relating to this litigation or to the patent-in-suit or any

related patent or patent application.

17.    All documents and other materials provided by any Prosecuting Attorney to the

Inventors, any Assignee, or their counsel relating to this litigation or to the patent-in-suit or any

related patent or patent application.

18.    All documents concerning the level of ordinary skill in the art of the alleged

invention(s) of the patent-in-suit.

19.    All documents concerning the interpretation or construction of any of the claim

terms in the patent-in-suit.

- 6 -

20.     All documents concerning multidimensional trellis encoded and decoded (including Viterbi decoded) communications systems, Wei symbols, multidimensional signal constellations, interleaving or deinterleaving of symbols or interleaving or deinterleaving of signal points.

## COMMERCIALIZATION & PRIOR ART

21.     All documents concerning any disclosure by anyone to anyone of the alleged invention(s) of the patent-in-suit or of related patents or patent applications, including, but not limited to any disclosure of the alleged invention(s) by the Assignee(s) or the Inventors to each other or to any third party.

22.     All documents concerning any sale, offer for sale, importation, public use, or public disclosure of any activity, product, process, or method that may embody any of the claims or disclosures of the patent-in-suit or of related patents or patent applications.

23.     All documents concerning the first sale, offer for sale, importation, public use, or public disclosure of any activity, product, process, or method that may embody any of the claims or disclosures of the patent-in-suit or of related patents or patent applications.

24.     All documents referring or relating to any products marketed or sold by any Assignee that relates to any activity, product, process, or method that may embody any of the claims or disclosures of the patent-in-suit or of related patents or patent applications.

25.     All documents concerning conferences, symposia, panel discussions, seminars, exhibitions, conventions, or trade shows, manuals, articles, books, patents, publications, or any other reference materials relating to the Subject Matter of the patent-in-suit or any products relating to that patent or the application therefor.

- 7 -

26. All documents referring or relating to any products that compete with any product marketed or sold by any Assignee that relates to any activity, product, process, or method that may embody any of the claims or disclosures of the patent-in-suit or of related patents or patent applications.

27. All documents and materials concerning any strategies, plans, or expectations (whether of the Assignees, the Inventors, licensing counsel, or otherwise) with respect to the subject matter of the patent-in-suit, including without limitation any plans to commercialize, sell, license, or otherwise derive business or revenues from the patent-in-suit or from any related patents or applications.

28. All documents concerning the work, research, design, development, manufacture, assembly, testing, installation, operation, marketing, sales or licensing of Paradyne's developed and tested prototype 24 kilobit per second modem that purportedly utilized the invention of the '627 patent.

## PATENT OWNERSHIP & LICENSING

29. All documents concerning the ownership of the patent-in-suit or any related patents or patent applications, including, but not limited to all documents relating to assignments, acquisitions, liens, licenses, auctions, sales, or other transfers of rights by or to any entity or person.

30. All documents concerning any license, proposed license, assignment, proposed assignment, sale, proposed sale, covenant not to sue, right of first refusal or any other actual or proposed transfer or extension of rights in or to the patent-in-suit or any related patents or patent applications.

- 8 -

31.    All documents concerning the potential value, if any, of the patent-in-suit, including documents referring to any actual or proposed purchase, assignment, sale, bid, auction, covenant not to sue, license or any other potential or actual transaction relating or referring to any possible or actual value of the patent-in-suit.

32.    All documents concerning the actual or proposed transfer, sale, securitization, monetization, acquisition or licensing of the patent-in-suit.

33.    All documents and things referring or relating to any review or inspection of the patent-in-suit, any agreements relating to the patent-in-suit or any communications relating to the patent-in-suit.

34.    All documents concerning a reasonable royalty for licensing the patent-in-suit or any related patents or patent applications.

35.    All documents concerning any settlement, covenant not to sue, consent decree, judgment or other resolution of any litigation (actual or potential) involving the patent-in-suit or any related patents or patent applications.

36.    All documents concerning any products that have been licensed or for which any covenant not to sue has been extended under the patent-in-suit or under any related patents or patent applications.

37.    All documents referring or relating to the actual or potential enforcement of the patent-in-suit or any related patents or patent applications.

38.    All documents comprising, concerning or referring to communications or agreements involving Paradyne, Lucent Technologies, Inc., Rembrandt, and/or Zhone relating to the patent-in-suit or related patents and patent applications.

39.     All documents referring or relating to the development of any standards that refer, relate to or concern the patent-in-suit or related patents or patent applications.

### TV & OTHER ISSUES

40.     All Rembrandt, Paradyne, Zhone, Inventor or Prosecuting Attorney documents referring or relating to transmission or reception of digital television signals, or communication systems or equipment for such transmission or reception.

41.     All documents referring or relating to the development of any standards relating to transmission or reception of digital television signals, or communication systems or equipment for such transmission or reception, including without limitation, documents relating to the Advanced Television Systems Committee, Grand Alliance or Advisory Committee on Advanced Television Service.

42.     All documents referring to or concerning the relationship, or absence thereof, between any version of the Advanced Television Systems Committee's digital television standards and the patent-in-suit, including without limitation, document referring to or concerning whether the patent-in-suit is essential to any such standard.

43.     All documents referring to or concerning any obligation or lack thereof to license the patent-in-suit on reasonable and non-discriminatory terms, including all documents referring to or concerning any offer to license the patent-in-suit on allegedly reasonable and non-discriminatory terms.

44.     All documents and things constituting or relating to any communications with any standard setting body, including, but not limited to the Advanced Television Systems Committee or Federal Communications Commission, relating to the Subject Matter of the patent-in-suit.

- 10 -

45.     All documents referring to or concerning any actual or proposed, formal or informal patent or intellectual property policies of the Advanced Television Systems Committee, Grand Alliance or the Advisory Committee on Advanced Television Service, including without limitation, any comunications with any person or entity relating to any such patent or intellectual property policy.

46.     All documents referring to or concerning any communications made by you or on your behalf to the Federal Communications Commission concerning any patent(s).

## *LEGAL PROCEEDINGS*

47.     All documents concerning any alleged infringement (whether direct, contributory or by inducement) of the patent-in-suit or any related patents.

48.     All documents concerning comparisons between the patent-in-suit or any related patents or patent applications to anything else including any activity, product, process, method, prior art, patent, or publication.

49.     All documents concerning any contention by any person or party, including without limitation any third party, Inventor, Prosecuting Attorney, prior art search firm, or any other person or party, that the patent-in-suit or any related patent or patent application is valid or invalid, enforceable or unenforceable, or infringed or not infringed.

50.     All documents comprising, concerning or referring to any opinions, evaluations, advice, or analyses concerning the validity or invalidity, enforceability or unenforceability, infringement or noninfringement, or scope of the claims of the patent-in-suit or of any related patents or patent applications, and all documents reviewed in the formation of such opinions, evaluations, advice, or analyses.

- 11 -

51.    All documents comprising, concerning or referring to any assertion that any claim of the patent-in-suit is valid or invalid, enforceable or unenforceable, or infringed or not infringed.

52.    All sworn testimony (including declarations, affidavits, printed deposition transcripts and videotapes) ever given in any proceeding by any Inventor or Prosecuting Attorney of the patent-in-suit at any time where any part of the sworn testimony relates to the patent-in-suit or the Subject Matter of any of the inventions claimed in the patent-in-suit.

### *FURTHER AGREEMENTS & COMMUNICATIONS*

53.    All documents comprising or referring or relating to any agreement involving the Inventors or the Prosecuting Attorneys relating to this litigation or to the patent-in-suit or any related patent or patent application.

54.    All documents comprising or referring or relating to any communications with the Inventors or the Prosecuting Attorneys relating to this litigation or to the patent-in-suit or any related patent or patent application.

55.    All documents concerning communications regarding the patent-in-suit, any related patents or patent applications or the subject matter of the patent-in-suit, including, but not limited to internal communications or communications with third parties (including without limitation communications with the USPTO, any foreign patent office, or any assignee).

56.    All documents and things relating to any business, professional or financial relationship with Rembrandt, any financial interest that you have in this litigation, or offer of financial interest in this litigation.

- 12 -

## *FURTHER BUSINESS DOCUMENTS*

57.     All documents and things referring or relating to the business of Rembrandt, including without limitation all documents and things referring or relating to any intellectual property licensing, acquisition or enforcement agreements, strategies or plans or to any agreements, strategies or plans to supply products or enter agreements with others to supply products implementing any intellectual property.

58.     Documents sufficient to identify policies and procedures of any Assignee for generating, maintaining, and disposing of documents, including, but not limited to policies and procedures relating to patent applications, patent prosecution files, and any scientific or technical references related to such patent prosecution files.

59.     All documents relating to any investigation, due diligence or analysis conducted by or on behalf of Rembrandt relating to the patent-in-suit, whether in connection with acquiring that patent, asserting it, or otherwise.

- 13 -

EXHIBIT I

AO88 (Rev. 12/07) Subpoena in a Civil Case

| In re: Rembrandt Technologies, LP Patent Litigation | **Issued by the**<br>**UNITED STATES DISTRICT COURT**<br>Southern District of Florida |
|---|---|

| MOTOROLA, INC. et al.<br>V.<br>REMBRANDT TECHNOLOGIES, LP | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number:[1]  MDL 1:07-md-1848 GMS (DEL) |
|---|---|

TO:   Dowling Consulting, Inc.
      Interlink 731
      7801 NW 37th Street
      Miami, FL 33166-6659

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

  See Attachment A

| PLACE    Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 | DATE AND TIME<br>4/21/2008 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE<br>4/4/08 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Timothy DeMasi, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153  (212) 310-8735

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

| DATE | SIGNATURE OF SERVER |
|---|---|
| | |
| | ADDRESS OF SERVER |
| | |

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

1.     "Rembrandt" means Rembrandt Technologies, LP and all predecessors, successors, subsidiaries, parents, sisters, partnerships and affiliates thereof, and all directors, officers, agents, employees, attorneys and other persons acting on their behalf.

2.     "Paradyne" refers to any Paradyne entity including without limitation Paradyne Corporation, AT&T Paradyne, Paradyne Acquisition Corp., Paradyne Networks, Inc., Zhone Technologies, Inc. (hereafter "Zhone"), collectively and individually, including all predecessors, successors, subsidiaries, parents, sisters, partnerships and affiliates thereof, and all directors, officers, agents, employees, attorneys and other persons acting on their behalf.

3.     "Inventors" refers to either of the named inventors on the patent-in-suit or related patents or patent applications, including William L. Betts and Edward S. Zuranski.

4.     "Patent-in-suit" mean the following patent at issue in this litigation:  U.S. Patent No. 5,243,627 (also referred to as the "'627 patent").

5.     "Related patents or patent applications" means any U.S. or foreign patent or patent application that either (i) stems from or claims priority to the patent-in-suit, (ii) describes subject matter claimed or described in the patent-in-suit, or (iii) claims any subject matter in the patent-in-suit.

6.     "Assignee" or "the assignees" refers to any alleged assignee of the patent-in-suit or any related patents or patent applications, including, but not limited to Paradyne, Rembrandt, AT&T Paradyne, or Lucent Technologies, Inc.

7.     "Prosecuting Attorney" shall refer to any counsel involved in the application or prosecution of a patent-in-suit, related patent or patent application.

8.    "Document" shall have the meaning accorded by Rule 34(a) of the Federal Rules of Civil Procedure including, but not limited to all of the matters defined in Rule 1001 of the Federal Rules of Evidence, any written, printed, typed, recorded, magnetic, punched, copied, graphic, or other tangible thing in which information may be embodied, translated, conveyed, or stored.  If a draft document has been prepared in several copies that are not identical, or if the original identical copies are no longer identical due to subsequent notation, each non-identical document is a separate document.

9.    "Concerning" means pertaining to, relating to, referring to, regarding, representing, embodying, illustrating, describing, evidencing, discussing, mentioning or constituting.

10.    "Communication" is used in a comprehensive sense, and means any instance in which any person has had contact with any other person by oral or written utterance, question, comment, inquiry, notation, or statement of any nature whatsoever, including but not limited to writings, documents, conversations, dialogues, discussions, interviews, consultations, agreements, and understandings.

11.    As used herein, "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12.    Where appropriate, the singular form of a word should be interpreted in the plural and vice versa, to acquire the broadest possible meaning.

13.    If any document relating to the subject matter of this subpoena has been destroyed, describe the content of said document, the last location of said document, the date of its destruction and the name of the person or entity that ordered or authorized its destruction.

71441011.3

14.  The "Subject Matter" of the patent-in-suit means any subject matter described, shown or claimed in the patent-in-suit or any related patents or patent applications, including trellis encoding, interleaving of symbols, signal points or other intervals for communication, Viterbi decoding, or error correction.

15.  The term "'627-related" shall mean all matters related to the '627 patent whether or not also related to one or more other patents, but shall exclude matters related solely to such other patents, including U.S. Patent Nos. 4,937,819; 5,719,858; 5,710,761; 5,852,631; 5,778,234; 6,131,159; 6,960,444 and 5,008,903.

## DOCUMENT REQUESTS

### *PATENT & PATENT PROSECUTION*

1.  All documents referring or relating to the patent-in-suit, any related patents or patent applications, or to the same or similar subject matter as the subject matter disclosed in the patent-in-suit.

2.  All documents referring or relating to the preparation, filing, or prosecution of the patent-in-suit or any related patents or patent applications, including, but not limited to invention disclosure information, technical descriptions, prior art, publications, non-identical drafts of patent applications, abandoned applications, prosecution file histories of the patent-in-suit, prosecution file histories of related patents or patent applications, communications with inventors or experts, and any communications with any agent, attorney, firm, foreign patent office or the U.S. Patent and Trademark Office ("USPTO").

3.  Documents sufficient to identify all persons who assisted in any aspect of the preparation, filing, or prosecution of the patent-in-suit or any related patents or patent applications.

- 3 -

4.    All documents referring to or concerning any patent applications filed by or patents issued to any of the Inventors concerning the Subject Matter of the patent-in-suit.

5.    All documents concerning the preparation, filing, or prosecution of any patents or patent applications naming one or more of the Inventors and concerning the Subject Matter of the patent-in-suit, including, but not limited to invention disclosure information, technical descriptions, prior art, publications, non-identical drafts of patent applications, abandoned applications, prosecution file histories, and any communications with any agent, attorney, firm, foreign patent office or the USPTO.

6.    All documents and materials concerning inventorship of any invention allegedly disclosed or claimed by the patent-in-suit or by any related patents or patent applications, including, but not limited to documents sufficient to identify the contribution of the named inventors to the claimed inventions of the patent-in-suit or any related patents or patent applications on a claim-by-claim basis.

7.    Documents sufficient to identify all persons who assisted in any aspect of the research, development, manufacture, testing, marketing, sale, licensing or supply of materials for the alleged invention(s) or for any embodiment of the alleged invention(s) and their role in any of the above.

8.    All documents provided to any Prosecuting Attorney or Inventor by anyone prior to or during the preparation and prosecution of the patent-in-suit or any related patents or patent applications in connection with such preparation and prosecution, including, without limitation notes, laboratory notebooks, sketches, memoranda, articles, technical reports, technical journals, and technical specifications.

71441011.3

9.    All documents and materials concerning the best mode of practicing the alleged invention(s) of the patent-in-suit or of any related patents or patent applications and any improvements to such alleged invention(s), including, but not limited to inventor records, notebooks, physical embodiments of all or part of such alleged invention(s), and all devices, apparatus or software purchased or built by the Inventors for the purpose of researching, developing, or reducing to practice such alleged invention(s).

10.    All documents concerning the conception, reduction to practice (actual or constructive) or any act of diligence leading to the reduction to practice of the alleged invention(s) of the patent-in-suit or of any related patents or patent applications, including but not limited to documents relating to research, development, manufacture, testing, marketing, or sale of the alleged invention(s) and any costs associated with the conception, reduction-to-practice, or research and development of the alleged invention(s), including, but not limited to receipts for supplies.

11.    All documents concerning when the Inventors, an Assignee, a Prosecuting Attorney, or anyone subject to the duty of candor before the USPTO learned of any potential or actual prior art to the patents-in-suit or to any related patents or patent applications.

12.    All documents and materials comprising, concerning or referring to any search for prior art to the patent-in-suit or any related patents or patent applications.

13.    All documents comprising, concerning or referring to potential or actual prior art to the patent-in-suit or to any related patents or patent applications, even if you dispute that the material constitutes or discloses prior art, including, but not limited to art considered or cited during prosecution of the patent-in-suit, art considered or cited during the prosecution of any

71441011.3

related patents or patent applications, and art disclosed by any third parties (including in any litigation involving the patent-in-suit or in licensing discussions).

14.    All documents that allegedly support any contention that the alleged invention(s) of the patent-in-suit are not obvious under 35 U.S.C. § 103, including, but not limited to documents that allegedly relate to or evidence secondary considerations of non-obviousness such as commercial success, long-felt need, copying by others, prior failure by others, licensing by others, or unexpected results.

15.    All '627-related documents referring to or concerning any litigation or other proceeding involving the patent-in-suit or any related patents or patent applications, including, but not limited to all pleadings, motions, exhibits, orders, depositions or other testimony, hearing transcripts, written discovery responses or initial disclosures, document productions, correspondence, settlement agreements, consent decrees, or any other materials from prior litigations.

16.    All documents and other materials provided to any Prosecuting Attorney by the Inventors, any Assignee, or their counsel relating to this litigation or to the patent-in-suit or any related patent or patent application.

17.    All documents and other materials provided by any Prosecuting Attorney to the Inventors, any Assignee, or their counsel relating to this litigation or to the patent-in-suit or any related patent or patent application.

18.    All documents concerning the level of ordinary skill in the art of the alleged invention(s) of the patent-in-suit.

19.    All documents concerning the interpretation or construction of any of the claim terms in the patent-in-suit.

- 6 -

714410113

20.     All documents concerning multidimensional trellis encoded and decoded (including Viterbi decoded) communications systems, Wei symbols, multidimensional signal constellations, interleaving or deinterleaving of symbols or interleaving or deinterleaving of signal points.

## COMMERCIALIZATION & PRIOR ART

21.     All documents concerning any disclosure by anyone to anyone of the alleged invention(s) of the patent-in-suit or of related patents or patent applications, including, but not limited to any disclosure of the alleged invention(s) by the Assignee(s) or the Inventors to each other or to any third party.

22.     All documents concerning any sale, offer for sale, importation, public use, or public disclosure of any activity, product, process, or method that may embody any of the claims or disclosures of the patent-in-suit or of related patents or patent applications.

23.     All documents concerning the first sale, offer for sale, importation, public use, or public disclosure of any activity, product, process, or method that may embody any of the claims or disclosures of the patent-in-suit or of related patents or patent applications.

24.     All documents referring or relating to any products marketed or sold by any Assignee that relates to any activity, product, process, or method that may embody any of the claims or disclosures of the patent-in-suit or of related patents or patent applications.

25.     All documents concerning conferences, symposia, panel discussions, seminars, exhibitions, conventions, or trade shows, manuals, articles, books, patents, publications, or any other reference materials relating to the Subject Matter of the patent-in-suit or any products relating to that patent or the application therefor.

71441011.3

26.    All documents referring or relating to any products that compete with any product marketed or sold by any Assignee that relates to any activity, product, process, or method that may embody any of the claims or disclosures of the patent-in-suit or of related patents or patent applications.

27.    All documents and materials concerning any strategies, plans, or expectations (whether of the Assignees, the Inventors, licensing counsel, or otherwise) with respect to the subject matter of the patent-in-suit, including without limitation any plans to commercialize, sell, license, or otherwise derive business or revenues from the patent-in-suit or from any related patents or applications.

28.    All documents concerning the work, research, design, development, manufacture, assembly, testing, installation, operation, marketing, sales or licensing of Paradyne's developed and tested prototype 24 kilobit per second modem that purportedly utilized the invention of the '627 patent.

## PATENT OWNERSHIP & LICENSING

29.    All documents concerning the ownership of the patent-in-suit or any related patents or patent applications, including, but not limited to all documents relating to assignments, acquisitions, liens, licenses, auctions, sales, or other transfers of rights by or to any entity or person.

30.    All documents concerning any license, proposed license, assignment, proposed assignment, sale, proposed sale, covenant not to sue, right of first refusal or any other actual or proposed transfer or extension of rights in or to the patent-in-suit or any related patents or patent applications.

71441011.3

31.     All documents concerning the potential value, if any, of the patent-in-suit, including documents referring to any actual or proposed purchase, assignment, sale, bid, auction, covenant not to sue, license or any other potential or actual transaction relating or referring to any possible or actual value of the patent-in-suit.

32.     All documents concerning the actual or proposed transfer, sale, securitization, monetization, acquisition or licensing of the patent-in-suit.

33.     All documents and things referring or relating to any review or inspection of the patent-in-suit, any agreements relating to the patent-in-suit or any communications relating to the patent-in-suit.

34.     All documents concerning a reasonable royalty for licensing the patent-in-suit or any related patents or patent applications.

35.     All documents concerning any settlement, covenant not to sue, consent decree, judgment or other resolution of any litigation (actual or potential) involving the patent-in-suit or any related patents or patent applications.

36.     All documents concerning any products that have been licensed or for which any covenant not to sue has been extended under the patent-in-suit or under any related patents or patent applications.

37.     All documents referring or relating to the actual or potential enforcement of the patent-in-suit or any related patents or patent applications.

38.     All documents comprising, concerning or referring to communications or agreements involving Paradyne, Lucent Technologies, Inc., Rembrandt, and/or Zhone relating to the patent-in-suit or related patents and patent applications.

- 9 -

71441011.3

39.     All documents referring or relating to the development of any standards that refer, relate to or concern the patent-in-suit or related patents or patent applications.

### TV & OTHER ISSUES

40.     All Rembrandt, Paradyne, Zhone, Inventor or Prosecuting Attorney documents referring or relating to transmission or reception of digital television signals, or communication systems or equipment for such transmission or reception.

41.     All documents referring or relating to the development of any standards relating to transmission or reception of digital television signals, or communication systems or equipment for such transmission or reception, including without limitation, documents relating to the Advanced Television Systems Committee, Grand Alliance or Advisory Committee on Advanced Television Service.

42.     All documents referring to or concerning the relationship, or absence thereof, between any version of the Advanced Television Systems Committee's digital television standards and the patent-in-suit, including without limitation, document referring to or concerning whether the patent-in-suit is essential to any such standard.

43.     All documents referring to or concerning any obligation or lack thereof to license the patent-in-suit on reasonable and non-discriminatory terms, including all documents referring to or concerning any offer to license the patent-in-suit on allegedly reasonable and non-discriminatory terms.

44.     All documents and things constituting or relating to any communications with any standard setting body, including, but not limited to the Advanced Television Systems Committee or Federal Communications Commission, relating to the Subject Matter of the patent-in-suit.

- 10 -

71441011.3

45.    All documents referring to or concerning any actual or proposed, formal or informal patent or intellectual property policies of the Advanced Television Systems Committee, Grand Alliance or the Advisory Committee on Advanced Television Service, including without limitation, any comunications with any person or entity relating to any such patent or intellectual property policy.

46.    All documents referring to or concerning any communications made by you or on your behalf to the Federal Communications Commission concerning any patent(s).

## LEGAL PROCEEDINGS

47.    All documents concerning any alleged infringement (whether direct, contributory or by inducement) of the patent-in-suit or any related patents.

48.    All documents concerning comparisons between the patent-in-suit or any related patents or patent applications to anything else including any activity, product, process, method, prior art, patent, or publication.

49.    All documents concerning any contention by any person or party, including without limitation any third party, Inventor, Prosecuting Attorney, prior art search firm, or any other person or party, that the patent-in-suit or any related patent or patent application is valid or invalid, enforceable or unenforceable, or infringed or not infringed.

50.    All documents comprising, concerning or referring to any opinions, evaluations, advice, or analyses concerning the validity or invalidity, enforceability or unenforceability, infringement or noninfringement, or scope of the claims of the patent-in-suit or of any related patents or patent applications, and all documents reviewed in the formation of such opinions, evaluations, advice, or analyses.

- 11 -

51.     All documents comprising, concerning or referring to any assertion that any claim of the patent-in-suit is valid or invalid, enforceable or unenforceable, or infringed or not infringed.

52.     All sworn testimony (including declarations, affidavits, printed deposition transcripts and videotapes) ever given in any proceeding by any Inventor or Prosecuting Attorney of the patent-in-suit at any time where any part of the sworn testimony relates to the patent-in-suit or the Subject Matter of any of the inventions claimed in the patent-in-suit.

## *FURTHER AGREEMENTS & COMMUNICATIONS*

53.     All documents comprising or referring or relating to any agreement involving the Inventors or the Prosecuting Attorneys relating to this litigation or to the patent-in-suit or any related patent or patent application.

54.     All documents comprising or referring or relating to any communications with the Inventors or the Prosecuting Attorneys relating to this litigation or to the patent-in-suit or any related patent or patent application.

55.     All documents concerning communications regarding the patent-in-suit, any related patents or patent applications or the subject matter of the patent-in-suit, including, but not limited to internal communications or communications with third parties (including without limitation communications with the USPTO, any foreign patent office, or any assignee).

56.     All documents and things relating to any business, professional or financial relationship with Rembrandt, any financial interest that you have in this litigation, or offer of financial interest in this litigation.

71441011.3

### *FURTHER BUSINESS DOCUMENTS*

57.    All documents and things referring or relating to the business of Rembrandt, including without limitation all documents and things referring or relating to any intellectual property licensing, acquisition or enforcement agreements, strategies or plans or to any agreements, strategies or plans to supply products or enter agreements with others to supply products implementing any intellectual property.

58.    Documents sufficient to identify policies and procedures of any Assignee for generating, maintaining, and disposing of documents, including, but not limited to policies and procedures relating to patent applications, patent prosecution files, and any scientific or technical references related to such patent prosecution files.

59.    All documents relating to any investigation, due diligence or analysis conducted by or on behalf of Rembrandt relating to the patent-in-suit, whether in connection with acquiring that patent, asserting it, or otherwise.

---

71441011.3