**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ ) | |
| IN RE: REMBRANDT TECHNOLOGIES, LP ) | |
| PATENT LITIGATION ) | MDL Docket No. 07-md-1848 (GMS) |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ ) | |
| ) | |
| MOTOROLA, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 07-752-GMS |
| v. ) | |
| ) | |
| REMBRANDT TECHNOLOGIES, LP, ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ ) | |

**STIPULATED MOTION AND ORDER FOR LEAVE**
**TO AMEND COUNTERCLAIMS PURSUANT TO FED. R. CIV. P. 13(f)**

WHEREAS, Rembrandt Technologies, LP ("Rembrandt") seeks to amend certain of its counterclaims, pursuant to Rule 13(f) of the Federal Rules of Civil Procedure, to add counterclaims of infringement under U.S. Patent No. 5,243,627 (the "'627 patent") against certain counterclaim defendants;

WHEREAS, Rembrandt's proposed amended counterclaims are set forth in the amended pleadings attached as Exhibits A-E hereto;

WHEREAS, Rembrandt and those certain counterclaim defendants hereby stipulate to the Court's entry of the amended pleadings attached as Exhibits A-E hereto;

WHEREAS, pending the disposition of this proposed stipulation, counterclaim defendants need not respond to Rembrandt's February 27, 2008, counterclaims which were the subject of the stipulation to extend time to respond to the counterclaims (D.I. 114);

IT IS HEREBY STIPULATED AND AGREED by the parties to this stipulation, subject to the Order of the Court, that (1) the amended pleadings attached as Exhibits A-E hereto shall be entered in this case and deemed filed and served upon entry of this stipulation as an Order of the Court and (2) in their replies to the amended pleadings attached hereto as Exhibits A-E, the counterclaim defendants may assert any inequitable conduct defenses and counterclaims on the patents already at issue in the case, in addition to any other defenses and counterclaims permitted in response to the amended pleadings.

/s/ Francis DiGiovanni          .
Collins J. Seitz, Jr. (#2237)
Francis DiGiovanni (#3189)
James D. Heisman (#2746)
Kristen Healey Cramer (#4512)
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
Wilmington, Delaware 19899
(302) 658-9141
cseitz@cblh.com
fdigiovanni@cblh.com
jheisman@cblh.com
kcramer@cblh.com

Counsel for Rembrandt Technologies, LP

/s/ Jack B. Blumenfeld          .
Jack B. Blumenfeld (#1014)
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com

Liasion Counsel for MSO Defendants

**IT IS SO ORDERED, this ____ of April, 2008.**

_____
**Chief, United States District Judge**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| _____ | ) | |
| | ) | |
| | ) | |
| IN RE: REMBRANDT TECHNOLOGIES, LP | ) | MDL Docket No. 07-md-1848 (GMS) |
| PATENT LITIGATION | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| MOTOROLA, INC., CISCO SYSTEMS, INC., | ) | |
| SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, | ) | |
| INC., THOMSON, INC., AMBIT | ) | |
| MICROSYSTEMS, INC., and NETGEAR, INC., | ) | Civil Action No. 07-752-GMS |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| REMBRANDT TECHNOLOGIES, LP, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| REMBRANDT TECHNOLOGIES, LP, and | ) | |
| REMBRANDT TECHNOLOGIES, LLC d/b/a | ) | |
| REMSTREAM, | ) | |
| | ) | |
| Counter-Plaintiffs, | ) | |
| | ) | Civil Action No. 07-752-GMS |
| v. | ) | |
| | ) | |
| MOTOROLA, INC., CISCO SYSTEMS, INC., | ) | **JURY TRIAL DEMANDED** |
| SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, | ) | |
| INC., THOMSON, INC., AMBIT | ) | |
| MICROSYSTEMS, INC., NETGEAR, INC., TIME | ) | |
| WARNER CABLE, INC., TIME WARNER CABLE | ) | |
| LLC, TIME WARNER NEW YORK CABLE LLC, | ) | |
| TIME WARNER ENTERTAINMENT COMPANY, | ) | |
| LP, COMCAST CORPORATION, COMCAST | ) | |
| CABLE COMMUNICATIONS, LLC, CHARTER | ) | |
| COMMUNICATIONS, INC., CHARTER | ) | |
| COMMUNICATIONS OPERATING, LLC, | ) | |

CABLEVISION, INC., CSC HOLDINGS, INC.,    )
CABLEVISION SYSTEMS CORPORATION,    )
ADELPHIACOMMINICATIONS    )
CORPORATION, CENTURY-TCI CALIFORNIA    )
COMMUNICATIONS, LP, CENTURY-TCI    )
HOLDINGS, LLC, COMCAST OF    )
FLORIDA/PENNSYLVANIA, L.P. (f/k/a    )
PARNASSOS, LP), COMCAST OF    )
PENNSYLVANIA II, L.P. (f/k/a CENTURY-TCI    )
CALIFORNIA, L.P.), PARNASSOS    )
COMMUNICATIONS, LP, ADELPHIA    )
CONSOLIDATION, LLC, PARNASSOS    )
HOLDINGS, LLC, and WESTERN NY    )
CABLEVISION, LP,    )
    )
          Counter-Defendants.    )
    )
_____    )

REMBRANDT TECHNOLOGIES, LP, and    )
REMBRANDT TECHNOLOGIES, LLC d/b/a    )
REMSTREAM,    )
    )
          Counter Counterclaim-Plaintiffs,    )
    )
          v.    )
    )
TIME WARNER ENTERTAINMENT-    )
ADVANCE/NEWHOUSE PARTNERSHIP, and    )
COMCAST CABLE COMMUNICATION    )
HOLDINGS, INC.    )
    )
          Counter Counterclaim-Defendants.    )
    )
_____    )

**FIRST AMENDED REPLY OF REMBRANDT TECHNOLOGIES, LP
AND REMBRANDT TECHNOLOGIES, LLC d/b/a REMSTREAM TO
COUNTERCLAIMS OF CABLEVISION SYSTEMS CORPORATION
AND CSC HOLDINGS, INC. AND COUNTER-COUNTERCLAIM**

     Defendant/Counter-Plaintiffs Rembrandt Technologies, LP and Rembrandt Technologies,

LLC d/b/a Remstream (collectively "Rembrandt"), by their undersigned attorneys, reply to the

counterclaims of Counter-Defendants Cablevision Systems Corporation and CSC Holdings, Inc.

(collectively "Cablevision") as follows:

## Parties

117.    Cablevision Systems Corporation is a Delaware corporation with its principal place of business at 1111 Stewart Avenue, Bethpage, New York 11714.

Answer:
Upon information and belief, Rembrandt admits that Cablevision Systems Corporation is a corporation organized under the laws of the state of Delaware with its principal place of business at 1111 Stewart Avenue, Bethpage, New York 11714.

118.    CSC Holdings, Inc. is a Delaware corporation with its principal place of business at 1111 Stewart Avenue, Bethpage, New York 11714.

Answer:
Upon information and belief, Rembrandt admits that CSC Holdings, Inc. is a corporation organized under the laws of the state of Delaware with its principal place of business at 1111 Stewart Avenue, Bethpage, New York 11714.

119.    Upon information and belief, Rembrandt Technologies, LP is a limited partnership organized under the laws of the state of New Jersey with its principal place of business at 401 City Avenue, Suite 815, Bala Cynwyd, Pennsylvania 19004.

Answer:
Rembrandt Technologies, LP admits that it is a limited partnership organized under the laws of the State of New Jersey.  Rembrandt Technologies, LP denies having its principal place of business at 401 City Avenue, Suite 815, Bala Cynwyd, PA 19004; Rembrandt's principal place of business is Suite 900 at the aforementioned address.

120.    Upon information and belief, Rembrandt Technologies, LLC, is a Delaware limited liability company with its principal place of business at 401 City Avenue, Suite 815, Bala Cynwyd, Pennsylvania 19004.

Answer:
Rembrandt Technologies, LLC admits that it is a limited liability company organized under the laws of the state of Delaware also doing business as Remstream.  Rembrandt Technologies, LLC denies having its principal place of business at 401 City Avenue, Suite 815, Bala Cynwyd, PA 19004; Rembrandt's principal place of business is Suite 900 at the aforementioned address.

## Jurisdiction and Venue

121.    These Counter-Counterclaims arise under federal law, and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

Answer:

Admitted that Cablevision purports to bring counterclaims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.* and that the Court has jurisdiction over said claims. Denied that Cablevision is entitled to its requested relief.

122.    This Court has personal jurisdiction over Rembrandt because it has submitted to the jurisdiction of this Court.

Answer:

Admitted that this Court has personal jurisdiction over Rembrandt only for purposes of this case. Except as expressly admitted, Rembrandt denies the remainder of the allegations in this paragraph 122.

123.    Venue is proper under 28 U.S.C. §§ 1391 and 1400(b).

Answer:

Rembrandt does not contest that venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400 but denies that Charter is entitled to its requested relief.

124.    Rembrandt has previously asserted in this litigation that Cablevision Systems Corporation and CSC Holdings, Inc. infringe U.S. Patent No. 4,937,819; 5,008,903; 5,243,627; 5,719,858 and 5,852,631. Rembrandt's counterclaims additionally assert that Cablevision infringes U.S. Patent Nos. 4,937,819, 5,008,903, 5,710,761, 5,719,858, 5,778,234, 5,852,631, 6,131,159, and 6,950,444 (together with the '627 patent, "the asserted patents"). An actual controversy exists between Rembrandt and Cablevision over the alleged infringement, invalidity, and unenforceability of the asserted patents.

Answer:
Admitted.

595863v1

## First Counter-Counterclaim

125.    Cablevision incorporates and realleges Paragraphs 1 through 124 as though fully set forth herein.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 124 as if fully set forth herein.

126.    Cablevision has not infringed and does not directly or indirectly infringe any valid, enforceable claim of any of the asserted patents, either literally or under the doctrine of equivalents.

Answer:
Denied.

## Second Counter-Counterclaim

127.    Cablevision incorporates and realleges Paragraphs 1 through 126 as thought fully set forth herein.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 126 as if fully set forth herein.

128.    The asserted patents are invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

Answer:
Denied.

## AFFIRMATIVE DEFENSES

## First Affirmative Defense

1.    The Counterclaims fail to state a claim upon which relief can be granted.

## Second Affirmative Defense

2.    The '819, '903, '761, '858, '234, '631, '159, '444, and '627 patents are enforceable in all respects and infringed by Counter-Defendants Cablevision Systems Corporation and CSC Holdings, Inc.

## Third Affirmative Defense

3.      Cablevision's counterclaims are barred, in whole or in part, by the doctrine of estoppel.

## Fourth Affirmative Defense

4.      Cablevision's counterclaims are barred, in whole or in part, by the doctrine of waiver.

## Fifth Affirmative Defense

5.      Cablevision is not entitled to the relief requested as a matter of law.

## Sixth Affirmative Defense

6.      Cablevision's counterclaims are barred by the doctrine of laches.

## Seventh Affirmative Defense

7.      Rembrandt reserves the right to assert additional and/or different affirmative defenses as discovery progresses, and hereby reserves the right to amend its reply to Cablevision's Counterclaim in support of any such defenses.

## PRAYER FOR RELIEF

Rembrandt denies that Counter-Counterclaimants Cablevision Systems Corporation and CSC Holdings, Inc. are entitled to any of the relief requested in their prayer for relief. Rembrandt respectfully requests that the Court enter judgment in its favor and against Counter-Counterclaimants Cablevision Systems Corporation and CSC Holdings, Inc. on all of their claims; that the Court find this case exceptional and award Rembrandt its costs and attorneys' fees pursuant to 35 U.S.C. § 285; and that the Court award Rembrandt such other further relief as the Court deems appropriate.

## REMBRANDT TECHNOLOGIES, LP'S, COUNTER-COUNTERCLAIM AGAINST CABLEVISION SYSTEMS CORPORATION AND CSC HOLDINGS, INC. FOR PATENT INFRINGEMENT

Defendant/counter-plaintiff, counter-defendant and counter-counterclaim plaintiff, Rembrandt Technologies, LP ("Rembrandt") by and through the undersigned attorneys, asserts the following counterclaims against Cablevision Systems Corporation and CSC Holdings, Inc.(collectively "Cablevision") under the United States Patent Act, 35 U.S.C. § 1 et seq., as follows:

### THE PARTIES

1.      Rembrandt is a limited partnership organized under the laws of the state of New Jersey with its principal place of business at 401 City Avenue, Suite 900, Bala Cynwyd, PA 19004.

2.      Cablevision Systems Corporation is a Delaware corporation with its principal place of business at 1111 Stewart Avenue, Bethpage, New York 11714.

3.      CSC Holdings, Inc. is a Delaware corporation with its principal place of business at 1111 Stewart Avenue, Bethpage, New York 11714.

### JURISDICTION AND VENUE

4.      This is an action for patent infringement, arising under the patent laws of the United States, 35 U.S.C. § 1, et seq.

5.      Subject matter jurisdiction is proper in this court under 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Cablevision because it has submitted to the jurisdiction of this Court by filing the instant counterclaim; in addition, the Court has

personal jurisdiction over Cablevision because it has committed acts of patent infringement in this judicial district, and/or has other sufficient contacts with Delaware.

7.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), and 1400(b).

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,243,627

8.    Rembrandt realleges and incorporates herein by reference the allegations stated in paragraphs 1-7 of this Counterclaim.

9.    Rembrandt is the owner of all right, title and interest of  U.S. Patent No. 5,243,627, entitled "Signal Point Interleaving Technique" ("the '627 patent.") (Exhibit A hereto).

10.    The '627 patent was duly and legally issued by the United States Patent and Trademark Office on September 7, 1993.

11.    Cablevision operates cable television systems throughout the United States.

12.    Cablevision has directly or indirectly infringed, and is continuing to directly or indirectly infringe, the '627 patent by practicing or causing others to practice (by inducement and/or contributorily) the inventions claimed in the '627 patent, in this district or otherwise within the United States.  For example, Cablevision has infringed and continues to infringe the '627 patent by its receipt and retransmission over their cable television systems of digital terrestrial broadcast signals that comply with the ATSC Digital Television Standard.

13.    Upon information and belief, Cablevision will continue to infringe the '627 patent unless enjoined by this Court.  Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Rembrandt and Remstream pray that they have judgment against Cablevision for the following:

1.      A judgment that Cablevision has infringed the patents-in-suit as alleged by Rembrandt and/or Remstream;

2.      A permanent injunction enjoining and restraining Cablevision and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with them, from making, using, testing, offering to sell, selling, leasing, and importing into the United States any product, or using, offering to sell, offering to lease, selling, or leasing any service, that falls within the scope of any claim of a patent-in-suit asserted against a party.

3.      An award of damages, and pre-judgment and post-judgment interest;

4.      An award of increased damages pursuant to 35 U.S.C. § 284;

5.      A judgment that this case is exceptional under 35 U.S.C. § 285 and requiring Cablevision to pay the costs of this action, including all disbursements and attorneys' fees; and

6.      Such other and further relief, at law or in equity, to which Rembrandt and/or Remstream are justly entitled.

## **JURY DEMAND**

Rembrandt and Remstream hereby demand a jury trial on all issues appropriately triable by a jury.


Dated: April 11, 2008                    */s/ Collins J. Seitz, Jr.*
                                         Collins J. Seitz, Jr. (#2237)
                                         Francis DiGiovanni (#3189)
                                         James D. Heisman (#2746)
                                         Kristen Healey Cramer (#4512)
                                         CONNOLLY BOVE LODGE & HUTZ LLP

The Nemours Building
1007 N. Orange Street
Wilmington, DE  19899
Phone (302) 658-9141
cseitz@cblh.com
fdigiovanni@cblh.com
jheisman@cblh.com
kcramer@cblh.com

*Attorneys for Rembrandt Technologies, LP, and
Rembrandt Technologies, LLC d/b/a Remstream*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| _____ | ) |
| | ) |
| | ) |
| IN RE: REMBRANDT TECHNOLOGIES, LP | ) MDL Docket No. 07-md-1848 (GMS) |
| PATENT LITIGATION | ) |
| | ) |
| _____ | ) |
| | ) |
| MOTOROLA, INC., CISCO SYSTEMS, INC., | ) |
| SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, | ) |
| INC., THOMSON, INC., AMBIT | ) |
| MICROSYSTEMS, INC., and NETGEAR, INC., | ) Civil Action No. 07-752-GMS |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| REMBRANDT TECHNOLOGIES, LP, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| _____ | ) |
| | ) |
| REMBRANDT TECHNOLOGIES, LP, and | ) |
| REMBRANDT TECHNOLOGIES, LLC d/b/a | ) |
| REMSTREAM, | ) |
| | ) |
| Counter-Plaintiffs, | ) |
| | ) Civil Action No. 07-752-GMS |
| v. | ) |
| | ) |
| MOTOROLA, INC., CISCO SYSTEMS, INC., | ) **JURY TRIAL DEMANDED** |
| SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, | ) |
| INC., THOMSON, INC., AMBIT | ) |
| MICROSYSTEMS, INC., NETGEAR, INC., TIME | ) |
| WARNER CABLE, INC., TIME WARNER CABLE | ) |
| LLC, TIME WARNER NEW YORK CABLE LLC, | ) |
| TIME WARNER ENTERTAINMENT COMPANY, | ) |
| LP, COMCAST CORPORATION, COMCAST | ) |
| CABLE COMMUNICATIONS, LLC, CHARTER | ) |
| COMMUNICATIONS, INC., CHARTER | ) |
| COMMUNICATIONS OPERATING, LLC, | ) |

COXCOM, INC., CSC HOLDINGS, INC.,    )
CABLEVISION SYSTEMS CORPORATION,    )
ADELPHIACOMMINICATIONS    )
CORPORATION, CENTURY-TCI CALIFORNIA    )
COMMUNICATIONS, LP, CENTURY-TCI    )
HOLDINGS, LLC, COMCAST OF    )
FLORIDA/PENNSYLVANIA, L.P. (f/k/a    )
PARNASSOS, LP), COMCAST OF    )
PENNSYLVANIA II, L.P. (f/k/a CENTURY-TCI    )
CALIFORNIA, L.P.), PARNASSOS    )
COMMUNICATIONS, LP, ADELPHIA    )
CONSOLIDATION, LLC, PARNASSOS    )
HOLDINGS, LLC, and WESTERN NY    )
CABLEVISION, LP,    )
    )
        Counter-Defendants.    )
    )
_____    )

REMBRANDT TECHNOLOGIES, LP, and    )
REMBRANDT TECHNOLOGIES, LLC d/b/a    )
REMSTREAM,    )
    )
        Counter Counterclaim-Plaintiffs,    )
    )
        v.    )
    )
TIME WARNER ENTERTAINMENT-    )
ADVANCE/NEWHOUSE PARTNERSHIP, and    )
COMCAST CABLE COMMUNICATION    )
HOLDINGS, INC.    )
    )
        Counter Counterclaim-Defendants.    )
    )
_____    )

### FIRST AMENDED REPLY OF REMBRANDT TECHNOLOGIES, LP AND REMBRANDT TECHNOLOGIES, LLC d/b/a REMSTREAM TO COUNTERCLAIMS OF CHARTER COMMUNICATIONS, INC. AND CHARTER COMMUNICATIONS OPERATING, LLC AND COUNTER-COUNTERCLAIM

        Defendant/Counter-Plaintiffs Rembrandt Technologies, LP and Rembrandt Technologies,

LLC d/b/a Remstream (collectively "Rembrandt"), by their undersigned attorneys, reply to the

counterclaims of Counter-Defendants Charter Communications, Inc. and Charter Communications Operating, LLC (collectively "Charter") as follows:

## Jurisdiction and Venue

1.      These Counterclaims arise under the United States patent laws and the declaratory judgment statute. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1338(a), 1367, 2201 and 2202.

Answer:
Rembrandt admits that Charter purports to bring a declaratory judgment counterclaim of non-infringement and invalidity under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 and the patent laws of the United States, 35 U.S.C. § 100 *et seq.,* but denies that Charter is entitled to its requested relief.  Rembrandt does not dispute that this Court has jurisdiction over the asserted claims.

2.      This Court has personal jurisdiction over Rembrandt and Remstream because they have submitted to the jurisdiction of this Court by filing their Counterclaim for Patent Infringement in the instant action.

Answer:
Admitted only that this Court has personal jurisdiction over Rembrandt and Remstream for purposes of this case.  Except as expressly admitted, Rembrandt denies the remaining allegations of this paragraph 2.

3.      Venue in this District is proper under 28 U.S.C. §§ 1391 and 1400.

Answer:
Rembrandt does not contest that venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400, but denies that Charter is entitled to its requested relief.

## Factual Background

4.      Rembrandt and Remstream have accused Charter of infringing the '761, '234, '159, and '444 patents, directly and/or indirectly.

Answer:
Admitted.

594579v2

5.      Rembrandt has accused Charter of infringing U.S. Patent No. 5,243,627 ("the '627 patent") entitled "Signal Point Interleaving Technique" (attached hereto as Exhibit A) and the '819, '903, '858, and '631 patents, directly and/or indirectly.

<u>Answer</u>:
Admitted.


6.      The '819, '903, '761, '858, '234, '631, '159, '444, and '627 patents are invalid, and have not been and are not infringed by Charter, either directly or indirectly.

<u>Answer</u>:
Denied.


7.      Consequently, there is an actual case or controversy between the parties over the infringement, validity, and/or enforceability of the '819, '903, '761, '858, '234, '631, '159, '444, and '627 patents.

<u>Answer</u>:
Admitted.

## <u>Count I</u>

8.      Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

<u>Answer</u>:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.


9.      Charter has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '819 patent.

<u>Answer</u>:
Denied.


10.     This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed suit against Charter alleging infringement of the '819 patent with knowledge of the facts stated in this Counterclaim.

<u>Answer</u>:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

594579v2

## **Count II**

11.    Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

12.    Charter has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '903 patent.

Answer:
Denied.

13.    This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed suit against Charter alleging infringement of the '903 patent with knowledge of the facts stated in this Counterclaim.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

## **Count III**

14.    Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

15.    Charter has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '761 patent.

Answer:
Denied.

594579v2

16.    This is an exceptional case under 35 U.S.C. § 285 because Rembrandt and Remstream filed suit against Charter alleging infringement of the '761 patent with knowledge of the facts stated in this Counterclaim.

<u>Answer</u>:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

## **<u>Count IV</u>**

17.    Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

<u>Answer</u>:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

18.    Charter has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '858 patent.

<u>Answer</u>:
Denied.

19.    This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed suit against Charter alleging infringement of the '858 patent with knowledge of the facts stated in this Counterclaim.

<u>Answer</u>:
 Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

## **<u>Count V</u>**

20.    Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims

<u>Answer</u>:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

21.    Charter has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '234 patent.

Answer:
Denied.


22.    This is an exceptional case under 35 U.S.C. § 285 because Rembrandt and Remstream filed suit against Charter alleging infringement of the '234 patent with knowledge of the facts stated in this Counterclaim.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

## Count VI

23.    Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.


24.    Charter has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '631 patent.

Answer:
Denied.

25.    This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed suit against Charter alleging infringement of the '631 patent with knowledge of the facts stated in this Counterclaim.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

## Count VII

26.     Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

<u>Answer</u>:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

27.     Charter has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '159 patent.

<u>Answer</u>:
Denied.

28.     This is an exceptional case under 35 U.S.C. § 285 because Rembrandt and Remstream filed suit against Charter alleging

<u>Answer</u>:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

## Count VIII

29.     Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

<u>Answer</u>:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

30.     Charter has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '444 patent.

<u>Answer</u>:
Denied.

594579v2

31.    This is an exceptional case under 35 U.S.C. § 285 because Rembrandt and Remstream filed suit against Charter alleging infringement of the '444 patent with knowledge of the facts stated in this Counterclaim.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

## Count IX

32.    Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

33.    Charter has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '627 patent.

Answer:
Denied.

34.    This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed suit against Charter alleging infringement of the '627 patent with knowledge of the facts stated in this Counterclaim.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

## Count X

35.    Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

36.    The claims of the '819 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

<u>Answer</u>:
Denied.

37.    This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed suit against Charter alleging infringement of the '819 patent with knowledge of the facts stated in this Counterclaim.

<u>Answer</u>:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

## **<u>Count XI</u>**

38.    Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

<u>Answer</u>:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

39.    The claims of the '903 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

<u>Answer</u>:
Denied.

40.    This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed suit against Charter alleging infringement of the '903 patent with knowledge of the facts stated in this Counterclaim.

<u>Answer</u>:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

## Count XII

41.     Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

42.     The claims of the '761 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

Answer:
Denied.

43.     This is an exceptional case under 35 U.S.C. § 285 because Rembrandt and Remstream filed suit against Charter alleging infringement of the '761 patent with knowledge of the facts stated in this Counterclaim.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

## Count XIII

44.     Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

45.     The claims of the '858 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

Answer:
Denied.

594579v2

46.    This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed suit against Charter alleging infringement of the '858 patent with knowledge of the facts stated in this Counterclaim.

<u>Answer</u>:

Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

## **Count XIV**

47.    Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

<u>Answer</u>:

Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

48.    The claims of the '234 patent are invalid under one or more of 35 U.S.C. §§ 101, 102,103 and 112.

<u>Answer</u>:
Denied.

49.    This is an exceptional case under 35 U.S.C. § 285 because Rembrandt and Remstream filed suit against Charter alleging infringement of the '234 patent with knowledge of the facts stated in this Counterclaim.

<u>Answer</u>:

Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

## **Count XV**

50.    Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

<u>Answer</u>:

Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

594579v2

51.     The claims of the '631 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

Answer:
Denied.


52.     This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed suit against Charter alleging infringement of the '631 patent with knowledge of the facts stated in this Counterclaim.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

## Count XVI

53.     Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.


54.     The claims of the '159 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

Answer:
Denied.

55.     This is an exceptional case under 35 U.S.C. § 285 because Rembrandt and Remstream filed suit against Charter alleging infringement of the '159 patent with knowledge of the facts stated in this Counterclaim.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

## Count XVII

56.     Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

Answer:

Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

57.    The claims of the '444 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

Answer:
Denied.

58.    This is an exceptional case under 35 U.S.C. § 285 because Rembrandt and Remstream filed suit against Charter alleging infringement of the '444 patent with knowledge of the facts stated in this Counterclaim.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

## Count XVIII

59.    Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

60.    The claims of the '627 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

Answer:
Denied.

61.    This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed suit against Charter alleging infringement of the '627 patent with knowledge of the facts stated in this Counterclaim.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

594579v2

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1.    The Counterclaims fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

2.    The '819, '903, '761, '858, '234, '631, '159, '444, and '627 patents are enforceable in all respects and infringed by Charter.

### Third Affirmative Defense

3.    Charter's counterclaims are barred, in whole or in part, by the doctrine of estoppel.

### Fourth Affirmative Defense

4.    Charter's counterclaims are barred, in whole or in part, by the doctrine of waiver.

### Fifth Affirmative Defense

5.    Charter is not entitled to the relief requested as a matter of law.

### Sixth Affirmative Defense

6.    Charter's counterclaims are barred by the doctrine of laches.

### Seventh Affirmative Defense

7.    Rembrandt reserves the right to assert additional and/or different affirmative defenses as discovery progresses, and hereby reserves the right to amend its reply to Charter's Counterclaim in support of any such defenses.

## PRAYER FOR RELIEF

Rembrandt denies that the Charter Counterclaimants are entitled to any of the relief requested in their prayer for relief. Rembrandt respectfully requests that the Court enter judgment in its favor and against the Charter Counterclaimants on all of their claims; that the

594579v2

Court find this case exceptional and award Rembrandt its costs and attorneys' fees pursuant to 35 U.S.C. § 285; and that the Court award Rembrandt such other further relief as the Court deems appropriate.

## REMBRANDT TECHNOLOGIES, LP'S COUNTER-COUNTERCLAIM AGAINST CHARTER COMMUNICATIONS, INC. AND CHARTER COMMUNICATIONS OPERATING, LLC FOR PATENT INFRINGEMENT

Defendant/counter-plaintiff, counter-defendant, and counter-counterclaim plaintiff, Rembrandt Technologies, LP ("Rembrandt"), by and through the undersigned attorneys, asserts the following counterclaim against Charter Communications, Inc. and Charter Communications Operating, LLC (collectively "Charter Counterclaimants") under the United States Patent Act, 35 U.S.C. § 1 et seq., as follows:

### THE PARTIES

1.     Rembrandt is a limited partnership organized under the laws of the state of New Jersey with its principal place of business at 401 City Avenue, Suite 900, Bala Cynwyd, PA 19004.

2.     Charter Communications, Inc. is a corporation organized under the laws of the state of Delaware with its principal place of business at 12405 Powerscout Drive, Ste. 100, St. Louis, Missouri 63131.

3.     Charter Communications Operating, LLC is a limited liability company corporation organized under the laws of the state of Delaware with its principal place of business at 12405 Powerscout Drive, Ste. 100, St. Louis, Missouri 63131.

## JURISDICTION AND VENUE

4.      This is an action for patent infringement, arising under the patent laws of the United States, 35 U.S.C. § 1, et seq.

5.      Subject matter jurisdiction is proper in this court under 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over the Charter Counterclaimants because they either have previously availed themselves of the Court's jurisdiction, have committed acts of patent infringement in this judicial district, regularly transact business in Delaware, and/or have other sufficient contacts with Delaware.

7.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), and 1400(b).

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,243,627

8.      Rembrandt realleges and incorporates herein by reference the allegations stated in paragraphs 1-7 of this Counterclaim.

9.      Rembrandt is the owner of all right, title and interest of  U.S. Patent No. 5,243,627, entitled "Signal Point Interleaving Technique" ("the '627 patent") (Exhibit A to the Charter Counterclaimant's Counterclaim).

10.      The '627 patent was duly and legally issued by the United States Patent and Trademark Office on September 7, 1993.

11.      The Charter Counterclaimants are operators of cable television systems throughout the United States.

12.      The Charter Counterclaimants have directly or indirectly infringed, and are continuing to directly or indirectly infringe, the '627 patent by practicing or causing others to

practice (by inducement and/or contributorily) the inventions claimed in the '627 patent, in this district or otherwise within the United States. For example, the Charter Counterclaimants have infringed and continue to infringe the '627 patent by their receipt and retransmission over their cable television systems of digital terrestrial broadcast signals that comply with the ATSC Digital Television Standard.

13.    Upon information and belief, the Charter Counterclaimants will continue to infringe the '627 patent unless enjoined by this Court. Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Rembrandt and Remstream pray that they have judgment against the Charter Counterclaimants for the following:

1.    A judgment that the Charter Counterclaimants have infringed the patents-in-suit as alleged by Rembrandt and/or Remstream;

2.    A permanent injunction enjoining and restraining the Charter Counterclaimants and their agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with them, from making, using, testing, offering to sell, selling, leasing, and importing into the United States any product, or using, offering to sell, offering to lease, selling, or leasing any service, that falls within the scope of any claim of a patent-in-suit asserted against a party.

3.    An award of damages, and pre-judgment and post-judgment interest;

4.    An award of increased damages pursuant to 35 U.S.C. § 284;

594579v2

5.      A judgment that this case is exceptional under 35 U.S.C. § 285 and requiring the Charter Counterclaimants to pay the costs of this action, including all disbursements and attorneys' fees; and

6.      Such other and further relief, at law or in equity, to which Rembrandt and/or Remstream are justly entitled.

## JURY DEMAND

Rembrandt and Remstream hereby demand a jury trial on all issues appropriately triable by a jury.

Dated:  April 11, 2008                          /s/ Collins J. Seitz, Jr.
                                                Collins J. Seitz, Jr. (#2237)
                                                Francis DiGiovanni (#3189)
                                                James D. Heisman (#2746)
                                                Kristen Healey Cramer (#4512)
                                                CONNOLLY BOVE LODGE & HUTZ LLP
                                                The Nemours Building
                                                1007 N. Orange Street
                                                Wilmington, DE  19899
                                                Phone (302) 658-9141
                                                cseitz@cblh.com
                                                fdigiovanni@cblh.com
                                                jheisman@cblh.com
                                                kcramer@cblh.com
                                                *Attorneys for Rembrandt Technologies, LP,
                                                and Rembrandt Technologies, LLC d/b/a
                                                Remstream*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| _____ | ) | |
| | ) | |
| | ) | |
| IN RE: REMBRANDT TECHNOLOGIES, LP | ) | MDL Docket No. 07-md-1848 (GMS) |
| PATENT LITIGATION | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| MOTOROLA, INC., CISCO SYSTEMS, INC., | ) | |
| SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, | ) | |
| INC., THOMSON, INC., AMBIT | ) | |
| MICROSYSTEMS, INC., and NETGEAR, INC., | ) | Civil Action No. 07-752-GMS |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| REMBRANDT TECHNOLOGIES, LP, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| REMBRANDT TECHNOLOGIES, LP, and | ) | |
| REMBRANDT TECHNOLOGIES, LLC d/b/a | ) | |
| REMSTREAM, | ) | |
| | ) | |
| Counter-Plaintiffs, | ) | |
| | ) | Civil Action No. 07-752-GMS |
| v. | ) | |
| | ) | |
| MOTOROLA, INC., CISCO SYSTEMS, INC., | ) | **JURY TRIAL DEMANDED** |
| SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, | ) | |
| INC., THOMSON, INC., AMBIT | ) | |
| MICROSYSTEMS, INC., NETGEAR, INC., TIME | ) | |
| WARNER CABLE, INC., TIME WARNER CABLE | ) | |
| LLC, TIME WARNER NEW YORK CABLE LLC, | ) | |
| TIME WARNER ENTERTAINMENT COMPANY, | ) | |
| LP, COMCAST CORPORATION, COMCAST | ) | |
| CABLE COMMUNICATIONS, LLC, CHARTER | ) | |
| COMMUNICATIONS, INC., CHARTER | ) | |
| COMMUNICATIONS OPERATING, LLC, | ) | |

COXCOM, INC., CSC HOLDINGS, INC., )
CABLEVISION SYSTEMS CORPORATION, )
ADELPHIACOMMINICATIONS )
CORPORATION, CENTURY-TCI CALIFORNIA )
COMMUNICATIONS, LP, CENTURY-TCI )
HOLDINGS, LLC, COMCAST OF )
FLORIDA/PENNSYLVANIA, L.P. (f/k/a )
PARNASSOS, LP), COMCAST OF )
PENNSYLVANIA II, L.P. (f/k/a CENTURY-TCI )
CALIFORNIA, L.P.), PARNASSOS )
COMMUNICATIONS, LP, ADELPHIA )
CONSOLIDATION, LLC, PARNASSOS )
HOLDINGS, LLC., and WESTERN NY )
CABLEVISION, LP, )
                                          )
            Counter-Defendants.           )
                                          )
_____   )
                                          )
REMBRANDT TECHNOLOGIES, LP, and           )
REMBRANDT TECHNOLOGIES, LLC d/b/a          )
REMSTREAM,                                )
                                          )
            Counter Counterclaim-Plaintiffs, )
                                          )
      v.                                  )
                                          )
TIME WARNER ENTERTAINMENT-                 )
ADVANCE/NEWHOUSE PARTNERSHIP, and          )
COMCAST CABLE COMMUNICATION                )
HOLDINGS, INC.                            )
                                          )
            Counter Counterclaim-Defendants. )
                                          )
_____   )

**FIRST AMENDED REPLY OF REMBRANDT TECHNOLOGIES, LP
AND REMBRANDT TECHNOLOGIES, LLC d/b/a REMSTREAM TO
COUNTERCLAIMS OF COMCAST CABLE COMMUNICATIONS HOLDINGS, INC.,
COMCAST CORPORATION, COMCAST CABLE COMMUNICATIONS, LLC,
CENTURY-TCI CALIFORNIA COMMUNICATION, LP, COMCAST OF
FLORIDA/PENNSYLVANIA, LP, COMCAST OF PENNSYLVANIA II, LP
AND PARNASSOS COMMUNICATIONS, LP AND COUNTER-COUNTERCLAIMS**

Defendant/Counter-Plaintiffs Rembrandt Technologies, LP and Rembrandt Technologies,

LLC d/b/a Remstream (collectively "Rembrandt"), by their undersigned attorneys, reply to the

counterclaims of Counter-Defendants Comcast Cable Communications Holdings, Inc., Comcast Corporation, Comcast Cable Communications, LLC, Century-TCI California Communications, LP, Comcast of Florida/Pennsylvania, LP, Comcast of Pennsylvania II, LP and Parnassos Communications, LP (collectively "Comcast Counterclaimants") as follows:

## Parties

1.      Comcast Corporation is a corporation organized under the laws of the Commonwealth of Pennsylvania, having its principal place of business at 1500 Market Street, Philadelphia, PA.

Answer:

Upon information and belief, Rembrandt admits that Comcast Corporation is a corporation organized under the laws of the state of Pennsylvania with its principal place of business at 1500 Market Street, Philadelphia, Pennsylvania 19103.

2.      Comcast Cable Communications, LLC is a limited liability company organized under the laws of the State of Delaware, having its principal place of business at One Comcast Center, Philadelphia, PA 19103.

Answer:

Upon information and belief, Rembrandt admits that Comcast Cable Communications, LLC is a limited liability company organized under the laws of Delaware having its principal place of business at One Comcast Center, Philadelphia, PA 19103.

3.      Century-TCI California Communications, LP is a limited partnership organized under the laws of the State of Delaware, having its principal place of business at One Comcast Center, Philadelphia, PA 19103.

Answer:

Upon information and belief, Rembrandt admits that Century-TCI California Communications, LP is a limited partnership organized under the laws of the state of Delaware having its principal place of business at One Comcast Center, Philadelphia, PA 19103.

594583v2

4.      Comcast of Florida/Pennsylvania, LP, f/k/a Parnassos, LP, is a limited partnership organized under the laws of the State of Delaware, having its principal place of business at One Comcast Center, Philadelphia, PA 19103.

Answer:

Upon information and belief, Rembrandt admits that Comcast of Florida/Pennsylvania, LP, f/k/a Parnassos, LP, is a limited partnership organized under the laws of the state of Delaware having its principal place of business at One Comcast Center, Philadelphia, PA 19103.

5.      Comcast of Pennsylvania II, LP, f/k/a Century-TCI California, LP, is a limited partnership organized under the laws of the State of Delaware, having its principal place of business at One Comcast Center, Philadelphia, PA 19103.

Answer:

Upon information and belief, Rembrandt admits that Comcast of Pennsylvania II, LP, f/k/a Century-TCI California, LP, is a limited partnership organized under the laws of the state of Delaware having its principal place of business at One Comcast Center, Philadelphia, PA 19103.

6.      Parnassos Communications, LP is a limited partnership organized under the laws of the State of Delaware, having its principal place of business at One Comcast Center, Philadelphia, PA 19103.

Answer:

Upon information and belief, Rembrandt admits that Parnassos Communications, LP is a limited partnership organized under the laws of the state of Delaware having its principal place of business at One Comcast Center, Philadelphia, PA 19103.

7.      Comcast Cable Communications Holdings, Inc. is a corporation organized under the laws of the State of Delaware, having its principal place of business at One Comcast Center, Philadelphia, PA 19103.  Joinder of Comcast Cable Communications Holdings, Inc., as a counter-counterclaimant is proper under Federal Rules of Civil Procedure 13(h) and 19.

Answer:

Upon information and belief, Rembrandt admits that Comcast Cable Communications Holdings, Inc. is a corporation organized under the laws of the state of Delaware having its principal place of business at One Comcast Center, Philadelphia, PA 19103.  Upon information and belief, Rembrandt admits that joinder of Comcast Cable Communications Holdings, Inc.'s is proper.

8.    On information and belief, Rembrandt Technologies, LP is a limited partnership organized under the laws of the State of New Jersey with its principal place of business at 401 City Avenue, Suite 900, Bala Cynwyd, PA.

Answer:
Admitted.

9.    On information and belief, Rembrandt Technologies, LLC d/b/a Remstream is a limited liability corporation organized under the laws of the State of Delaware with its headquarters at 401 City Avenue, Suite 900, Bala Cynwyd, PA.

Answer:
Admitted.

## Jurisdiction and Venue

10.    This Court has jurisdiction over the Counter-Counterclaims under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws in Title 35 of the United States Code.

Answer:
Admitted that this Court has subject matter jurisdiction and that the Comcast Counterclaimants purport to seek a declaratory judgment pursuant to 28 U.S.C. § 2201 and 2202, but denied that the Comcast Counterclaimants are entitled to their requested relief.

11.    This Court has personal jurisdiction over Rembrandt Technologies, LP and Rembrandt Technologies, LLC d/b/a Remstream, because they have submitted to the jurisdiction of this Court, regularly conduct business in Delaware, and have other sufficient contacts with Delaware.  In addition, Rembrandt Technologies, LLC d/b/a Remstream is a Delaware entity.

Answer:
Admitted only that this Court has personal jurisdiction over Rembrandt, which as defined above includes Remstream, for purposes of this case and that Rembrandt Technologies, LLC is a Delaware entity.  Except as expressly admitted, the remaining allegations of this paragraph 11 are denied.

12.      Venue in this District is proper under 28 U.S.C. §§ 1391 and 1400.

Answer:

Rembrandt does not contest that venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400, but denied that the Comcast Counterclaimants are entitled to their requested relief.

## Facts

13.      On information and belief, Rembrandt claims to own all rights, title, and interest in and to the '819, '903, '761, '858, '234, '631, '159 and '444 patents.  In addition, Rembrandt claims to own all rights, title and interest in and to United States Patent No. 5,243,627 ("the '627 patent"), entitled "Signal Point Interleaving Technique" ("the '627 patent"), issued on September 7, 1993.  (Ex. A hereto)

Answer:

Admitted that Rembrandt Technologies, LP owns all rights, title and interest in the '819, '903, '761, '858, '234, '631, '159, '444 and the '627 patents.

14.      Rembrandt has accused one or more of the Comcast Counter-Counterclaimants and one or more of the Comcast Counter-Defendants' parents, subsidiaries or affiliates, including the parent of and subsidiaries of Comcast Cable Communications Holdings, Inc., of infringing the '819, '903, '761, '858, '234, '631, '159, '444, and '627 patents ("Rembrandt's asserted patents").

Answer:
Admitted.

15.      An actual case or controversy exists between the Comcast Counter-Counterclaimants and Rembrandt as to the infringement, validity, and enforceability of Rembrandt's asserted patents.

Answer:
Admitted.

594583v2

**Count I**
**Declaratory Judgment of Noninfringement, Invalidity and**
**Non-infringement of the '819 Patent**

16.    The Comcast Counter-Counterclaimants reallege and incorporate by reference Paragraphs 1 through 15 above, and all responses set forth above by the Comcast Counter-Defendants in their Reply to Rembrandt's Counterclaims and Affirmative Defenses.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 15, and all allegations in their Counterclaims asserted against the Comcast Counter- Defendants as if fully set forth herein.

17.    The Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates, have not infringed and are not now infringing the '819 patent.

Answer:
Denied.

18.    The Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates have not caused others to infringe, and are not now causing others to infringe, the '819 patent.

Answer:
Denied.

19.    The '819 patent is invalid under, without limitations, 35 U.S.C. §§ 101-103, 112.

Answer:
Denied.

20.    Rembrandt has committed patent misuse by accusing the Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates, of infringing the '819 patent with knowledge that the '819 patent is invalid and/or not infringed.
Answer:
Denied.

594583v2

21.    The Comcast Counter-Counterclaimants are entitled to a declaratory judgment that neither they, nor their parents, subsidiaries or affiliates have infringed, nor are infringing, the '819 patent, and that the '819 patent is invalid and unenforceable.

<u>Answer</u>:
Denied.

22.    This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and the Comcast Counter-Claimants are entitled to an award of their reasonable attorneys' fees.

<u>Answer</u>:
Denied that this case is exceptional with respect to any claim for attorneys' fees by the Comcast Counter-Defendants.

**Count II**
**Declaratory Judgment of Non-infringement, Invalidity and**
**<u>Non-infringement of the '903 Patent</u>**

23.    The Comcast Counter-Counterclaimants reallege and incorporate by reference Paragraphs 1 through 22 above, and all responses set forth above by the Comcast Counter-Defendants in their Reply to Rembrandt's Counterclaims and Affirmative Defenses.

<u>Answer</u>:
Rembrandt incorporates by reference its responses to paragraphs 1 through 22, and all allegations in their Counterclaims asserted against the Comcast Counter- Defendants as if fully set forth herein.

24.    The Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates, have not infringed and are not now infringing the '903 patent.

<u>Answer</u>:
Denied.

25.    The Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates have not caused others to infringe, and are not now causing others to infringe, the '903 patent.

<u>Answer</u>:
Denied.

594583v2

26.       The '903 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 122.

Answer:
Denied.


27.       Rembrandt has committed patent misuse by accusing the Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates, of infringing the '903 patent with knowledge that the '903 patent is invalid and/or not infringed.

Answer:
Denied.


28        The Comcast Counter-Counterclaimants are entitled to a declaratory judgment that neither they, nor their parents, subsidiaries or affiliates have infringed, nor are infringing, the '903 patent, and that the '903 patent is invalid and unenforceable.

Answer:
Denied.


29.       This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and the Comcast Counter-Claimants are entitled to an award of their reasonable attorneys' fees.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by the Comcast Counter-Defendants.

**Count III**
**Declaratory Judgment of Non-infringement, Invalidity and**
**<u>Non-infringement of the '761 Patent</u>**

30.       The Comcast Counter-Counterclaimants reallege and incorporate by reference Paragraphs 1 through 29 above, and all responses set forth above by the Comcast Counter-Defendants in their Reply to Rembrandt's Counterclaims and Affirmative Defenses.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 29, and all allegations in their Counterclaims asserted against the Comcast Counter- Defendants as if fully set forth herein.

594583v2

31.    The Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates, have not infringed and are not now infringing the '761 patent.

Answer:
Denied.

32.    The Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates have not caused others to infringe, and are not now causing others to infringe, the '761 patent.

Answer:
Denied.

33.    The '761 patent is invalid under, without limitation, 35 U.S.C. §§ 101-13, 122.

Answer:
Denied.

34.    Rembrandt has committed patent misuse by accusing the Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates, of infringing the '761 patent with knowledge that the '761 patent is invalid and/or not infringed.

Answer:
Denied.

35.    The Comcast Counter-Counterclaimants are entitled to a declaratory judgment that neither they, nor their patents, subsidiaries or affiliates have infringed, nor are infringing, the '761 patent, and that the '761 patent is invalid and unenforceable.

Answer:
Denied.

36.    This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and the Comcast Counter-Claimants are entitled to an award of their reasonable attorneys' fees.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by the Comcast Counter-Defendants.

594583v2

**Count IV**
**Declaratory Judgment of Non-infringement, Invalidity and**
<u>Non-infringement of the '858 Patent</u>

37.    The Comcast Counter-Counterclaimants reallege and incorporate by reference Paragraphs 1 through 36 above, and all responses set forth above by the Comcast Counter-Defendants in their Reply to Rembrandt's Counterclaims and Affirmative Defenses.

<u>Answer</u>:
Rembrandt incorporates by reference its responses to paragraphs 1 through 36, and all allegations in their Counterclaims asserted against the Comcast Counter- Defendants as if fully set forth herein.

38.    The Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates, have not infringed and are not now infringing the '858 patent.

<u>Answer</u>:
Denied.

39.    The Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates have not caused others to infringe and are not now infringing the '858 patent.

<u>Answer</u>:
Denied.

40.    The '858 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 112.

<u>Answer</u>:
Denied.

41.    Rembrandt has committed patent misuse by accusing the Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates, of infringing the '858 patent with knowledge that the'858 patent is invalid and/or not infringed.

<u>Answer</u>:
Denied.

594583v2

42.     The Comcast Counter-Counterclaimants are entitled to a declaratory judgment that neither they, nor their parents, subsidiaries or affiliates have infringed, nor are infringing, the '858 patent, and that the '858 patent is invalid and unenforceable.

<u>Answer</u>:
Denied.

43.     This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and the Comcast Counter-Claimants are entitled to an award of their reasonable attorneys' fees.

<u>Answer</u>:
Denied that this case is exceptional with respect to any claim for attorneys' fees by the Comcast Counter-Defendants.

**Count V**
**Declaratory Judgment of Non-infringement, Invalidity and**
<u>**Non-infringement of the '234 Patent**</u>

44.     The Comcast Counter-Counterclaimants reallege and incorporate by reference Paragraphs 1 through 43 above, and all responses set forth above by the Comcast Counter-Defendants in their Reply to Rembrandt's Counterclaims and Affirmative Defenses.

<u>Answer</u>:
Rembrandt incorporates by reference its responses to paragraphs 1 through 43, and all allegations in their Counterclaims asserted against the Comcast Counter- Defendants as if fully set forth herein.

45.     The Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates, have not infringed and are not now infringing the '234 patent.

<u>Answer</u>:
Denied.

46.     The Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates have not caused others to infringe, and are not now causing others to infringe, the '234 patent.

<u>Answer</u>:
Denied.

                                   594583v2

47.     The '234 patent is invalid under, without limitation, 35 U.S.C. § 101-103, 112.

Answer:
Denied.


48.     Rembrandt has committed patent misuse by accusing the Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates, of infringing the '234 patent with knowledge that the '234 patent is invalid and/or not infringed.

Answer:
Denied.


49.     The Comcast Counter-Counterclaimants are entitled to a declaratory judgment that neither they, nor their parents, subsidiaries or affiliates have infringed, nor are infringing, the '234 patent, and that the '234 patent is invalid and unenforceable.

Answer:
Denied.


50.     This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and the Comcast Counter-Claimants are entitled to an award of their reasonable attorneys' fees.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by the Comcast Counter-Defendants.

### Count VI
### Declaratory Judgment of Non-infringement, Invalidity and
### Non-infringement of the '631 Patent

51.     The Comcast Counter-Counterclaimants reallege and incorporate by reference Paragraphs 1 through 50 above, and all responses set forth above by the Comcast Counter-Defendants in their Reply to Rembrandt's Counterclaims and Affirmative Defenses.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 50, and all allegations in their Counterclaims asserted against the Comcast Counter- Defendants as if fully set forth herein.
.

52.    The Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates, have not infringed and are not now infringing the '631 patent.

Answer:
Denied.


53.    The Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates have not caused others to infringe, and are not now causing others to infringe, the '631 patent.

Answer:
Denied.


54.    The '631 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 112.

Answer:
Denied.


55.    Rembrandt has committed patent misuse by accusing the Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates, of infringing the '631 patent with knowledge that the '631 patent is invalid and/or not infringed.

Answer:
Denied.


56.    The Comcast Counter-Counterclaimants are entitled to a declaratory judgment that neither they, nor their parents, subsidiaries or affiliates have infringed, nor are infringing, the '631 patent, and that the '631 patent is invalid and unenforceable.

Answer:
Denied.


57.    This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and the Comcast Counter-Claimants are entitled to an award of their reasonable attorneys' fees.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by the Comcast Counter-Defendants.

594583v2

**Count VII**
**Declaratory Judgment of Non-infringement, Invalidity and**
**Non-infringement of the '159 Patent**

58.     The Comcast Counter-Counterclaimants reallege and incorporate by reference Paragraphs 1 through 57 above, and all responses set forth above by the Comcast Counter-Defendants in their Reply to Rembrandt's Counterclaims and Affirmative Defenses.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 57, and all allegations in their Counterclaims asserted against the Comcast Counter- Defendants as if fully set forth herein.
.


59.     The Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates, have not infringed and are not now infringing the '159 patent.

Answer:
Denied.


60.     The Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates have not caused others to infringe, and are not now causing others to infringe, the '159 patent.

Answer:
Denied.


61.     The '159 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 112.

Answer:
Denied.


62.     Rembrandt has committed patent misuse by accusing the Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates, of infringing the '159 patent with knowledge that the '159 patent is invalid and/or not infringed.

Answer:
Denied.

63.     The Comcast Counter-Counterclaimants are entitled to a declaratory judgment that neither they, nor their parents, subsidiaries or affiliates have infringed, nor are infringing, the '159 patent, and that the '159 patent is invalid and unenforceable.

Answer:
Denied.

64.     This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and the Comcast Counter-Claimants are entitled to an award of their reasonable attorneys' fees.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by the Comcast Counter-Defendants.

## Count VIII
### Declaratory Judgment of Non-infringement, Invalidity and Non-infringement of the '444 Patent

65.     The Comcast Counter-Counterclaimants reallege and incorporate by reference Paragraphs 1 through 64 above, and all responses set forth above by the Comcast Counter-Defendants in their Reply to Rembrandt's Counterclaims and Affirmative Defenses.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 64, and all allegations in their Counterclaims asserted against the Comcast Counter- Defendants as if fully set forth herein.
.

66.     The Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates, have not infringed and are not now infringing the '444 patent.

Answer:
Denied.

67.     The Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates have not caused others to infringe, and are not now causing others to infringe, the '444 patent.

Answer:
Denied.

68.     The '444 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 112.

Answer:
Denied.


69.     Rembrandt has committed patent misuse by accusing the Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates, of infringing the '444 patent with knowledge that the '444 patent is invalid and/or not infringed.

Answer:
Denied.


70.     The Comcast Counter-Counterclaimants are entitled to a declaratory judgment that neither they, nor their parents, subsidiaries or affiliates have infringed, nor are infringing, the '444 patent, and that the '444 patent is invalid and unenforceable.

Answer:
Denied.


71.     This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and the Comcast Counter-Claimants are entitled to an award of their reasonable attorneys' fees.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by the Comcast Counter-Defendants.

**Count IX**
**Declaratory Judgment of Non-infringement, Invalidity and**
**Non-infringement of the '627 Patent**

72.     The Comcast Counter-Counterclaimants reallege and incorporate by reference Paragraphs 1 through 71 above, and all responses set forth above by the Comcast Counter-Defendants in their Reply to Rembrandt's Counterclaims and Affirmative Defenses.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 71, and all allegations in their Counterclaims asserted against the Comcast Counter- Defendants as if fully set forth herein.

594583v2

73.    The Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates, have not infringed and are not now infringing the '627 patent.

Answer:
Denied.


74.    The Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates have not caused others to infringe, and are not now causing others to infringe, the '627 patent.

Answer:
Denied.


75.    The '627 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 112.

Answer:
Denied.


76.    Any attempt by Rembrandt to assert the claims of the '627 patent against the Comcast Counter-Counterclaimants, their parents, subsidiaries or affiliates, is barred by the doctrine of laches. Rembrandt has accused devices that practice the Advanced Television Systems Committee ("ATSC") standard of infringing the '627 patent. However, the Comcast Counter-Counterclaimants, their parents, subsidiaries or affiliates and/or each of the foregoing's predecessors in interest, have used products or services that comply with the ATSC standard since no later than February 2001. Rembrandt and/or its predecessors in interest knew or reasonably should have known that the Comcast Counter-Counterclaimants, their parents, subsidiaries or affiliates, and/or each of the foregoing's predecessors in interest had used such products or services at that time and since. However, Rembrandt failed to assert the '627 patent against the Comcast Counter-Counterclaimants until September 2005. Rembrandt's delay is unreasonable and inexcusable, and has caused the Comcast Counter-Counterclaimants material evidentiary and/or economic prejudice. Rembrandt's claims under the '627 patent are accordingly barred by laches.

Answer:
Rembrandt admits that it has accused devices that practice the ATSC standard of infringing the '627 patent, and that Rembrandt asserted the '627 patent against various Comcast entities in September 2005.  Rembrandt lacks knowledge or information sufficient to know whether various Comcast entities have used products or services that comply with the ATSC standard since no later than February 2001 and on that basis denies those allegations.  By way of further answer, the time period relied upon by Comcast to support its laches argument, February 2001 to September 2005, is insufficient to raise a presumption of laches.  Rembrandt lacks knowledge of the information in the possession of its predecessors in interest, but upon obtaining sufficient information to assert infringement claims against Comcast, Rembrandt promptly

594583v2

asserted the '627 patent.  Except as expressly admitted, Rembrandt denies the remaining allegations of paragraph 76.

77.    Rembrandt has committed patent misuse by accusing the Comcast Counter-Counterclaimants, or their parents, subsidiaries or affiliates, of infringing the '627 patent with knowledge that the '627 patent is invalid and/or not infringed.

Answer:
Denied.

78.    More specifically, and without limiting the generality of the foregoing paragraph, when the '627 patent issued in 1993, it was assigned to AT&T Bell Laboratories, a subsidiary or affiliate of AT&T Corporation ("AT&T"). Also in 1993, AT&T and several other companies and institutions joined together to form the HDTV Grand Alliance, whose mission was to develop a standard for the transmission of digital television. The Grand Alliance coordinated with the ATSC, a standards-setting organization, to create a standard for high-definition television broadcasting. The FCC ultimately adopted the major components of the ATSC standard. In adopting the ATSC standard, the FCC expressly premised its order upon, among other things, the Grand Alliance members' agreement to make any of their relevant patents available either free of charge or on a reasonable, nondiscriminatory basis. AT&T, as a member of the Grand Alliance, was bound by this agreement, and expressly committed to make licenses to any patents that it deemed essential to practicing that standard available under reasonable terms and conditions on a non-discriminatory, non-exclusive basis.

Answer:
Rembrandt admits that the '627 patent issued in 1993, that it was assigned to AT&T Bell Labs, and that Bell Labs was affiliated with AT&T.  Rembrandt further admits that AT&T along with other companies was a member of the Grand Alliance, that the Grand Alliance worked with the ATSC, a standard setting organization, to develop a possible standard for high definition television broadcasting, and that the FTC adopted a standard for high definition television broadcasting.  Rembrandt further admits that AT&T IPM sent a letter offering to license its patents which relate to the ATSC standard, to the extent that the claims of its patents were directed toward and essential to the implementation of the standard.  Rembrandt is without sufficient information or knowledge to know whether the FCC premised its order adopting a high definition television broadcasting standard on the agreement of Grand Alliance members to make their relevant patents available for free or on a reasonable, non-discriminatory basis and on that basis denies those allegations.  Except as expressly admitted, Rembrandt denies the remaining allegations of Paragraph 78.

79.     When Paradyne Corporation was spun off from AT&T, it took any rights that it may have had to the '627 patent subject to AT&T's commitment to license that patent on reasonable and nondiscriminatory terms. When Rembrandt purchased the '627 patent from Paradyne, it similarly took any rights to that patent subject to the agreement that AT&T had made to license the patent on reasonable terms and on a non-discriminatory basis.

Answer:
Denied.

80.     Rembrandt has actual knowledge of AT&T's commitment with respect to the '627 patent. Yet in asserting that Comcast infringes the '627 patent by allegedly practicing the ATSC standard, Rembrandt has failed to honor AT&T' s commitment to license that patent at reasonable and nondiscriminatory rates; instead, Rembrandt seeks exorbitant and oppressive royalty rates, and an injunction. Rembrandt's conduct constitutes patent misuse.

Answer:
Denied.

81.     The '627 patent is also unenforceable because it was obtained through inequitable conduct. More specifically, William Betts (a named inventor on the '627 patent) committed fraud on the U.S. Patent and Trademark Office ("PTO") when prosecuting the '627 patent. Mr. Betts's fraud on the PTO renders the '627 patent unenforceable.

Answer:
Denied.

82.     As described in more detail below, while prosecuting the '627 patent, Mr. Betts knew of multiple prior art references material to the patentability of the claims in the '627 patent. But Mr. Betts failed to disclose those items of prior art and in so doing violated his duty of candor to the PTO. Moreover, Comcast is informed and believes that Mr. Betts failed to disclose these references with an intent to deceive the PTO.

Answer:
Denied.

83.     Mr. Betts is a named inventor on United States Patent No. 4,677,626 ("the '626 patent"), entitled "Self-Synchronizing Interleaver for Trellis Encoder Used in Wireline Modems." That patent issued on June 30, 1987, and is therefore prior art to the '627 patent. The '626 patent constitutes material prior art to the '627 patent, such that a reasonable patent examiner would have been substantially likely to consider it important in deciding whether to allow any claims in the application for the '627 patent to issue. Mr. Betts indisputably knew of the '626 patent and its materiality, as he was a named inventor on that prior-art patent. His failure to disclose the '626 patent violated his duty of candor to the PTO and constituted inequitable conduct, thus rendering the '627 patent unenforceable.

Answer:

Admitted that Mr. Betts is a named inventor on United States Patent No. 4,677,626 ("the '626 patent"), entitled "Self-Synchronizing Interleaver for Trellis Encoder Used in Wireline Modems." Admitted that the '626 patent issued on June 30, 1987, and issued prior to the '627 patent. Except as expressly admitted, the remaining allegations in this paragraph 83 are denied.

84.    United States Patent No. 5,052,000 ("the '000 patent"), entitled "Technique for Improving the Operation of Decision Feedback Equalizers in Communications Systems Using Error Correction," issued on September 24, 1991 to Wang et al. based on an application filed on June 9, 1989. It is therefore prior art to the '627 patent. The '000 patent constitutes material prior art to the '627 patent, such that a reasonable patent examiner would have been likely to consider it important in deciding whether to allow any claims in the application for the '627 patent to issue. On information and belief, Mr. Betts knew of the invention of the '000 patent and its materiality, as he was a colleague of Wang's in the AT&T family of companies, and received a paper co-authored by Wang that described the invention of the prior-art '000 patent. Mr. Betts's failure to disclose the '000 patent to the PTO violated his duty of candor to the PTO and constituted inequitable conduct, thus rendering the '627 patent unenforceable.

Answer:

Rembrandt admits the allegations in the first sentence of paragraph 84. Except as expressly admitted, the remaining allegations in this paragraph 84 are denied.

85.    The Comcast Counter-Counterclaimants are entitled to a declaratory judgment that neither they, nor their parents, subsidiaries or affiliates have infringed, nor are infringing the '627 patent, and that the '627 patent is invalid and unenforceable.

Answer:
Denied.

86.    This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and the Comcast Counter-Counterclaimants are entitled to an award of its reasonable attorneys' fees.

Answer:

Denied that this case is exceptional with respect to any claim for attorneys' fees by the Comcast Counter-Defendants.

## **AFFIRMATIVE DEFENSES**

## **First Affirmative Defense**

1.    The counterclaims fail to state a claim upon which relief can be granted.

## Second Affirmative Defense

2.    The '819, '903, '761, '858, '234, '631, '159, '444, and '627 patents are enforceable in all respects and infringed by Comcast.

## Third Affirmative Defense

3.    Comcast's counterclaims are barred, in whole or in part, by the doctrine of estoppel.

## Fourth Affirmative Defense

4.    Comcast's counterclaims are barred, in whole or in part, by the doctrine of waiver.

## Fifth Affirmative Defense

5.    Comcast's counterclaims are barred, in whole or in part, by applicable limitations doctrines, including the statute of limitations.

## Sixth Affirmative Defense

6.    Comcast's counterclaims are based on a purported agreement to agree, which is unenforceable under applicable law.

## Seventh Affirmative Defense

7.    Comcast's counterclaims are based upon a purported agreement with open essential terms, which cannot be supplied under applicable law.

## Eighth Affirmative Defense

8.    To the extent there was an enforceable promise, it was solely a promise to negotiate; there was no intention to permit any third party or a court to impose licensing terms.

## Ninth Affirmative Defense

9.    Comcast's counterclaims are barred by the doctrine of laches.

594583v2

## Tenth Affirmative Defense

10.     Comcast's counterclaims fail as a matter of law based on a lack of contractual privity between Rembrandt and Comcast involving any alleged contractually binding obligation entered into by AT&T and/or AT&T IPM.

## Eleventh Affirmative Defense

11.     Comcast's counterclaims fail as a matter of law because Comcast materially breached any express or implied contract, thereby excusing Rembrandt from any alleged obligation that it might otherwise have had.

## Twelfth Affirmative Defense

12.     Comcast is not entitled to the relief requested as a matter of law.

## Thirteenth Affirmative Defense

13.     Comcast's counterclaims fail, in whole or in part, because Comcast failed to fulfill conditions precedent to any obligation to offer a license to it.

## Fourteenth Affirmative Defense

14.     Rembrandt reserves the right to assert additional and/or different affirmative defenses as discovery progresses, and hereby reserves the right to amend its reply to Comcast's Counterclaim in support of any such defenses.

## PRAYER FOR RELIEF

Rembrandt denies that the Comcast Counterclaimants are entitled to any of the relief requested in its prayer for relief.  Rembrandt respectfully requests that the Court enter judgment in its favor and against the Comcast Counterclaimants on all of their claims; that the Court find this case exceptional and award Rembrandt its costs and attorneys' fees pursuant to 35 U.S.C. §

285; and that the Court award Rembrandt such other further relief as the Court deems appropriate.

## REMBRANDT TECHNOLOGIES, LP'S, AND REMBRANDT TECHNOLOGIES, LLC'S COUNTER-COUNTERCLAIMS AGAINST THE COMCAST COUNTERCLAIMANTS FOR PATENT INFRINGEMENT

Defendant/counter-plaintiff, counter-defendant and counter-counterclaim plaintiff, Rembrandt Technologies, LP ("Rembrandt") and counter-plaintiff, counter-defendant, and counter-counterclaim plaintiff, Rembrandt Technologies, LLC, d/b/a Remstream ("Remstream"), by and through the undersigned attorneys, asserts the following counterclaims against the Comcast Counterclaimants under the United States Patent Act, 35 U.S.C. § 1 et seq., as follows:

### THE PARTIES

1.      Rembrandt is a limited partnership organized under the laws of the state of New Jersey with its principal place of business at 401 City Avenue, Suite 900, Bala Cynwyd, PA 19004.

2.      Rembrandt Technologies, LLC, a Delaware LLC, is wholly owned by Rembrandt and does business as "Remstream." Remstream has its headquarters at 401 City Avenue, Suite 900, Bala Cynwyd, PA 19004. Joinder of Remstream, the exclusive licensee of the 761, '234, '159, and '444 patents, as a counter-counterclaim plaintiff in this counterclaim is proper under Federal Rules of Civil Procedure 13(h) and 20.

3.      Rembrandt has granted Remstream the exclusive right, under the '761, '234, '159, and '444 patents, to make, have made, import, sell, offer to sell, or otherwise distribute, DOCSIS 1.0/1.1, 2.0 and/or 3.0 compliant cable modems and/or EMTA cable modems.

4.    Comcast Corporation is a corporation organized under the laws of the Commonwealth of Pennsylvania, having its principal place of business at 1500 Market Street, Philadelphia, PA.

5.    Comcast Cable Communications, LLC is a limited liability company organized under the laws of the State of Delaware, having its principal place of business at One Comcast Center, Philadelphia, PA 19103.

6.    Century-TCI California Communications, LP is a limited partnership organized under the laws of the State of Delaware, having its principal place of business at One Comcast Center, Philadelphia, PA 19103.

7.    Comcast of Florida/Pennsylvania, LP, f/k/a Parnassos, LP, is a limited partnership organized under the laws of the State of Delaware, having its principal place of business at One Comcast Center, Philadelphia, PA 19103.

8.    Comcast of Pennsylvania II, LP, f/k/a Century-TCI California, LP, is a limited partnership organized under the laws of the State of Delaware, having its principal place of business at One Comcast Center, Philadelphia, PA 19103.

9.    Parnassos Communications, LP is a limited partnership organized under the laws of the State of Delaware, having its principal place of business at One Comcast Center, Philadelphia, PA 19103.

10.    Comcast Cable Communications Holdings, Inc. ("CCCHI") is a corporation organized under the laws of the state of Delaware, having it principal place of business at One Comcast Center, Philadelphia, Pennsylvania, 19103.

594583v2

## JURISDICTION AND VENUE

11.     This is an action for patent infringement, arising under the patent laws of the United States, 35 U.S.C. § 1, et seq.

12.     Subject matter jurisdiction is proper in this court under 28 U.S.C. §§ 1331 and 1338(a).

13.     This Court has personal jurisdiction over the Comcast Counterclaimants because they either have previously availed themselves of the Court's jurisdiction, are Delaware entities, have property, offices, or personnel in Delaware, have committed acts of patent infringement in this judicial district, regularly transact business in Delaware, and/or have other sufficient contacts with Delaware.

14.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), and 1400(b).

## COUNT I - INFRINGEMENT OF U.S. PATENT NO. 4,937,819

15.     Rembrandt realleges and incorporates herein by reference the allegations stated in paragraphs 1-14 of this Counterclaim.

16.     Rembrandt is the owner of all right, title, and interest, including the right to sue, enforce, and recover damages for all infringements, of U.S. Patent No. 4,937,819, entitled "Time Orthogonal Multiple Virtual DCE Device for Use in Analog and Digital Networks" (the "'819 patent") (Exhibit A to Plaintiff/Counter-Defendants' Complaint).

17.     The '819 patent was duly and legally issued by the United States Patent and Trademark Office on June 26, 1990.

18.     Upon information and belief, CCCHI has directly infringed, and is continuing to directly infringe, the '819 patent by practicing the inventions claimed in the '819 patent, in this district or otherwise within the United States.

19.     Upon information and belief, CCCHI will continue to infringe the '819 patent unless enjoined by this Court.  Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

### COUNT II - INFRINGEMENT OF U.S. PATENT NO. 5,008,903

20.     Rembrandt realleges and incorporates herein by reference the allegations stated in paragraphs 1-19 of this Counterclaim.

21.     Rembrandt is the owner of all right, title, and interest, including the right to sue, enforce, and recover damages for all infringements, of U.S. Patent No. 5,008,903, entitled "Adaptive Transmit Pre-Emphasis for Digital Modem Computed from Noise Spectrum" (the "'903 patent") (Exhibit B to Plaintiff/Counter-Defendants' Complaint).

22.     The '903 patent was duly and legally issued by the United States Patent and Trademark Office on April 16, 1991.

23.     Upon information and belief, CCCHI has directly infringed, and is continuing to directly infringe, the '903 patent by practicing the inventions claimed in the '903 patent, in this district or otherwise within the United States.

24.     Upon information and belief, CCCHI will continue to infringe the '903 patent unless enjoined by this Court.  Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT III - INFRINGEMENT OF U.S. PATENT NO. 5,710,761

25.     Rembrandt and Remstream reallege and incorporate herein by reference the allegations stated in paragraphs 1-24 of this Counterclaim.

26.     Rembrandt is the owner, and Remstream is the exclusive licensee, of U.S. Patent No. 5,701,761, entitled "Error Control Negotiation Based on Modulation" (the "'761 patent") (Exhibit C to Plaintiff/Counter-Defendants' Complaint).

27.     The '761 patent was duly and legally issued by the United States Patent and Trademark Office on January 20, 1998.

28.     Upon information and belief, CCCHI has directly infringed, and is continuing to directly infringe, the '761 patent by practicing the inventions claimed in the '761 patent, in this district or otherwise within the United States.

29.     Upon information and belief, CCCHI will continue to infringe the '761 patent unless enjoined by this Court.  Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT IV - INFRINGEMENT OF U.S. PATENT NO. 5,719,858

30.     Rembrandt realleges and incorporates herein by reference the allegations stated in paragraphs 1-29 of this Counterclaim.

31.     Rembrandt is the owner of all right, title, and interest, including the right to sue, enforce, and recover damages for all infringements, of U.S. Patent No. 5,719,858, entitled "Time-Division Multiple-Access Method for Packet Transmission on Shared Synchronous Serial Buses" (the "'858 patent") (Exhibit D to Plaintiff/Counter-Defendants' Complaint).

594583v2

32.    The '858 patent was duly and legally issued by the United States Patent and Trademark Office on February 17, 1998.

33.    Upon information and belief, CCCHI has directly infringed, and is continuing to directly infringe, the '858 patent by practicing the inventions claimed in the '858 patent, in this district or otherwise within the United States.

34.    Upon information and belief, CCCHI will continue to infringe the '858 patent unless enjoined by this Court.  Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

### COUNT V - INFRINGEMENT OF U.S. PATENT NO. 5,778,234

35.    Rembrandt and Remstream reallege and incorporate herein by reference the allegations stated in paragraphs 1-34 of this Counterclaim.

36.    Rembrandt is the owner, and Remstream is the exclusive licensee, of U.S. Patent No. 5,778,234, entitled "Method for Downloading Programs" (the "'234 patent") (Exhibit E to Plaintiff/Counter-Defendants' Complaint).

37.    The '234 patent was duly and legally issued by the United States Patent and Trademark Office on July 7, 1998.

38.    Upon information and belief, CCCHI has directly infringed, and is continuing to directly infringe, the '234 patent by practicing the inventions claimed in the '234 patent, in this district or otherwise within the United States.

39.    Upon information and belief, CCCHI will continue to infringe '234 patent unless enjoined by this Court.  Upon information and belief, such infringement has been, and will

594583v2

continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

**COUNT VI - INFRINGEMENT OF U.S. PATENT NO. 5,852,631**

40.    Rembrandt realleges and incorporates herein by reference the allegations stated in paragraphs 1-39 of this Counterclaim.

41.    Rembrandt is the owner of all right, title, and interest, including the right to sue, enforce, and recover damages for all infringements, of U.S. Patent No. 5,852,631, entitled "System and Method for Establishing Link Layer Parameters based on Physical Layer Modulation" (the "'631 patent") (Exhibit F to Plaintiff/Counter-Defendants' Complaint).

42.    The '631 patent was duly and legally issued by the United States Patent and Trademark Office on December 22, 1998.

43.    Upon information and belief, CCCHI has directly infringed, and is continuing to directly infringe, the '631 patent by practicing the inventions claimed in the '631 patent, in this district or otherwise within the United States.

44.    Upon information and belief, CCCHI will continue to infringe the '631 patent unless enjoined by this Court.  Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

**COUNT VII - INFRINGEMENT OF U.S. PATENT NO. 6,131,159**

45.    Rembrandt and Remstream reallege and incorporate herein by reference the allegations stated in paragraphs 1-44 of this Counterclaim.

594583v2

46.    Rembrandt is the owner, and Remstream is the exclusive licensee, of U.S. Patent No. 6,131,159, entitled "System for Downloading Programs" (the "'159 patent") (Exhibit G to Plaintiff/Counter-Defendants' Complaint).

47.    The '159 patent was duly and legally issued by the United States Patent and Trademark Office on October 10, 2000.

48.    Upon information and belief, CCCHI has directly infringed, and is continuing to directly infringe, the '159 patent by practicing the inventions claimed in the '159 patent, in this district or otherwise within the United States.

49.    Upon information and belief, CCCHI will continue to infringe the '159 patent unless enjoined by this Court.  Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT VIII - INFRINGEMENT OF U.S. PATENT NO. 6,950,444

50.    Rembrandt and Remstream reallege and incorporate herein by reference the allegations stated in paragraphs 1-49 of this Counterclaim.

51.    Rembrandt is the owner, and Remstream is the exclusive licensee, of U.S. Patent No. 6,950,444, entitled "System and Method for a Robust Preamble and Transmission Delimiting in a Switched-Carrier Transceiver (the "'444 patent") (Exhibit H to Plaintiff/Counter-Defendants' Complaint).

52.    The '444 patent was duly and legally issued by the United States Patent and Trademark Office on September 27, 2005.

594583v2

53.     Upon information and belief, CCCHI has directly infringed, and is continuing to directly infringe, the '444 patent by practicing the inventions claimed in the '444 patent, in this district or otherwise within the United States.

54.     Upon information and belief, CCCHI will continue to infringe the '444 patent unless enjoined by this Court.  Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT IX – INFRINGEMENT OF U.S. PATENT NO. 5,243,627

55.     Rembrandt realleges and incorporates herein by reference the allegations stated in paragraphs 1-54 of this Counterclaim.

56.     Rembrandt is the owner of all right, title and interest of  U.S. Patent No. 5,243,627, entitled "Signal Point Interleaving Technique" ("the '627 patent") (Exhibit A to the Counterclaim of the Comcast Counterclaimants).

57.     The '627 patent was duly and legally issued by the United States Patent and Trademark Office on September 7, 1993.

58.     The Comcast Counterclaimants are operators of cable television systems throughout the United States.

59.     The Comcast Counterclaimants have directly or indirectly infringed, and are continuing to directly or indirectly infringe, the '627 patent by practicing or causing others to practice (by inducement and/or contributorily) the inventions claimed in the '627 patent, in this district or otherwise within the United States.  For example, the Comcast Counterclaimants have infringed and continue to infringe the '627 patent by their receipt and retransmission over their

cable television systems of digital terrestrial broadcast signals that comply with the ATSC Digital Television Standard.

60.     Upon information and belief, the Comcast Counterclaimants will continue to infringe the '627 patent unless enjoined by this Court.  Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## PRAYER FOR RELIEF

WHEREFORE, Rembrandt and Remstream pray that they have judgment against the Comcast Counterclaimants for the following:

1.     A judgment that the Comcast Counterclaimants have infringed the patents-in-suit as alleged by Rembrandt and/or Remstream in the Counterclaims;

2.     A permanent injunction enjoining and restraining the Comcast Counterclaimants and their agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with them, from making, using, testing, offering to sell, selling, leasing, and importing into the United States any product, or using, offering to sell, offering to lease, selling, or leasing any service, that falls within the scope of any claim of a patent-in-suit asserted against a party.

3.     An award of damages, and pre-judgment and post-judgment interest;

4.     An award of increased damages pursuant to 35 U.S.C. § 284;

5.     A judgment that this case is exceptional under 35 U.S.C. § 285 and requiring the Comcast Counterclaimants to pay the costs of this action, including all disbursements and attorneys' fees; and

6.    Such other and further relief, at law or in equity, to which Rembrandt and/or Remstream are justly entitled.

## **<u>JURY DEMAND</u>**

Rembrandt and Remstream hereby demand a jury trial on all issues appropriately triable by a jury.

Dated: April 11, 2008

/s/ Collins J. Seitz, Jr.
Collins J. Seitz, Jr. (#2237)
Francis DiGiovanni (#3189)
James D. Heisman (#2746)
Kristen Healey Cramer (#4512)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE  19899
Phone (302) 658-9141
cseitz@cblh.com
fdigiovanni@cblh.com
jheisman@cblh.com
kcramer@cblh.com
*Attorneys for Rembrandt Technologies, LP, and Rembrandt Technologies, LLC d/b/a Remstream*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| _____ | ) | |
| | ) | |
| | ) | |
| IN RE: REMBRANDT TECHNOLOGIES, LP | ) | MDL Docket No. 07-md-1848 (GMS) |
| PATENT LITIGATION | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| MOTOROLA, INC., CISCO SYSTEMS, INC., | ) | |
| SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, | ) | |
| INC., THOMSON, INC., AMBIT | ) | |
| MICROSYSTEMS, INC., and NETGEAR, INC., | ) | Civil Action No. 07-752-GMS |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| REMBRANDT TECHNOLOGIES, LP, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| REMBRANDT TECHNOLOGIES, LP, and | ) | |
| REMBRANDT TECHNOLOGIES, LLC d/b/a | ) | |
| REMSTREAM, | ) | |
| | ) | |
| Counter-Plaintiffs, | ) | |
| | ) | Civil Action No. 07-752-GMS |
| v. | ) | |
| | ) | |
| MOTOROLA, INC., CISCO SYSTEMS, INC., | ) | **JURY TRIAL DEMANDED** |
| SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, | ) | |
| INC., THOMSON, INC., AMBIT | ) | |
| MICROSYSTEMS, INC., NETGEAR, INC., TIME | ) | |
| WARNER CABLE, INC., TIME WARNER CABLE | ) | |
| LLC, TIME WARNER NEW YORK CABLE LLC, | ) | |
| TIME WARNER ENTERTAINMENT COMPANY, | ) | |
| LP, COMCAST CORPORATION, COMCAST | ) | |
| CABLE COMMUNICATIONS, LLC, CHARTER | ) | |
| COMMUNICATIONS, INC., CHARTER | ) | |
| COMMUNICATIONS OPERATING, LLC, | ) | |

COXCOM, INC., CSC HOLDINGS, INC.,              )
CABLEVISION SYSTEMS CORPORATION,              )
ADELPHIACOMMINICATIONS                        )
CORPORATION, CENTURY-TCI CALIFORNIA           )
COMMUNICATIONS, LP, CENTURY-TCI               )
HOLDINGS, LLC, COMCAST OF                     )
FLORIDA/PENNSYLVANIA, L.P. (f/k/a             )
PARNASSOS, LP), COMCAST OF                    )
PENNSYLVANIA II, L.P. (f/k/a CENTURY-TCI      )
CALIFORNIA, L.P.), PARNASSOS                  )
COMMUNICATIONS, LP, ADELPHIA                  )
CONSOLIDATION, LLC, PARNASSOS                 )
HOLDINGS, LLC, and WESTERN NY                 )
CABLEVISION, LP,                             )
                                             )
          Counter-Defendants.                )
                                             )
_____      )

REMBRANDT TECHNOLOGIES, LP, and              )
REMBRANDT TECHNOLOGIES, LLC d/b/a            )
REMSTREAM,                                   )
                                             )
          Counter Counterclaim-Plaintiffs,   )
                                             )
          v.                                 )
                                             )
TIME WARNER ENTERTAINMENT-                   )
ADVANCE/NEWHOUSE PARTNERSHIP, and            )
COMCAST CABLE COMMUNICATION                  )
HOLDINGS, INC.                               )
                                             )
          Counter Counterclaim-Defendants.   )
                                             )
_____      )

**FIRST AMENDED REPLY OF REMBRANDT TECHNOLOGIES, LP
AND REMBRANDT TECHNOLOGIES, LLC d/b/a REMSTREAM TO
<u>COUNTERCLAIMS OF COXCOM, INC. AND COUNTER-COUNTERCLAIM</u>**

Defendant/Counter-Plaintiffs Rembrandt Technologies, LP and Rembrandt Technologies,

LLC d/b/a Remstream (collectively "Rembrandt"), by their undersigned attorneys, reply to the

counterclaims of Counter-Defendant CoxCom, Inc. (hereinafter "CoxCom" or "Cox") as

follows:

## The Parties

1.      CoxCom, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business at 1400 Lake Hearn Dr., Atlanta, GA 30319.

Answer:
Upon information and belief, Rembrandt admits that CoxCom, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business at 1400 Lake Hearn Dr., Atlanta, GA 30319.

2.      On information and belief, Rembrandt is a limited partnership organized under the laws of the state of New Jersey with its principal place of business at 401 City Avenue, Suite 900, Bala Cynwyd, Pennsylvania.

Answer:
Admitted that Rembrandt Technologies, LP is a limited partnership organized under the laws of the state of New Jersey with its principal place of business at 401 City Avenue, Suite 900, Bala Cynwyd, Pennsylvania.

3.      On information and belief, Remstream is wholly owned by Rembrandt and is headquartered at 401 City Avenue, Suite 900, Bala Cynwyd, PA 19004.

Answer:
Admitted that Rembrandt Technologies, LLC is wholly owned by Rembrandt Technologies, LP, and also does business as Remstream and is headquartered at 401 City Avenue, Suite 900, Bala Cynwyd, PA.

## Jurisdiction and Venue

4.      This Court has jurisdiction over Cox's Counter-Counterclaim under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 and as arising under the Patent Laws in Title 35 of the United States Code.

Answer:
Rembrandt admits that Cox purports to bring a declaratory judgment counterclaim of non-infringement and invalidity under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 and the patent laws of the United States, 35 U.S.C. § 100 *et seq.* but denies that Cox is entitled to its requested relief.  Rembrandt does not dispute that this Court has jurisdiction over the asserted claims.

5.    This Court has personal jurisdiction over Rembrandt and Remstream because they have submitted to the jurisdiction of this Court. In addition, on information and belief, the Court has personal jurisdiction over Rembrandt and Remstream because they regularly conduct business in Delaware, and have other sufficient contacts with Delaware.

Answer:

Admitted only that the Court has personal jurisdiction over Rembrandt, which as defined above includes Remstream, for purposes of this action.  Except as expressly admitted the allegations of this paragraph 5 are denied.

6.    Venue in this District is proper under 28 U.S.C. §§ 1391 and 1400.

Answer:

Rembrandt does not contest that venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400, but denies that Cox is entitled to its requested relief.

## Facts

7.    On information and belief, Rembrandt claims to own all rights, title, and interest in and to United States Patent Nos. 5,243,627 ('the '627 patent"); 4,937,819 ("the '819 patent"); 5,008,903 ("the '903 patent"); 5,719,858 ("the '858 patent"); and 5,852,631 ("the '631 patent").

Answer:
Admitted.

8.    Rembrandt has accused Cox of infringing the '627, '819, '903, '858, and '631 patents.

Answer:
Admitted.

9.    On information and belief, Rembrandt claims to own all rights, title, and interest in and to United States Patent Nos. 5,710,761 ("the '761 patent"); 5,778,234 ("the '234 patent"); 6,131,159 ("the '159 patent"); and 6,950,444 ("the '444 patent"), and has granted exclusive rights under the '761, '234, '159, and '444 patents to Remstream.

Answer:
Denied as stated. Admitted that Rembrandt Technologies, LP owns all right, title, and interest in and to United States Patent Nos. 5,710,761 ("the '761 patent"); 5,778,234 ("the '234 patent"); 6,131,159 ("the '159 patent"); and 6,950,444 ("the '444 patent"), and has granted exclusive rights under the '761, '234, '159, and '444 patents to Rembrandt Technologies, LLC which also does business as Remstream.

10.    Rembrandt and Remstream have accused Cox of infringing the '761, '234, '159, and '444 patents.

Answer:
Admitted.


11.    An actual case or controversy exists between the parties as to the infringement, validity, and enforceability of the '627, '819, '858, '631, '761, '159, '234, '903, and '444 patents.

Answer:
Admitted.

**Count I**
**Declaratory Judgment of Noninfringement, Invalidity and**
**Unenforceability of the '627 Patent**

12.    Cox realleges and incorporates by reference Paragraphs 1 through 11 above.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 11 as if fully set forth herein.


13.    Cox has not infringed and is not now infringing the '627 patent.

Answer:
Denied.

14.    Cox has not caused others to infringe, and is not now causing others to infringe, the '627 patent.

Answer:
Denied.


15.    The '627 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 112.

Answer:
Denied.

16.     Any attempt by Rembrandt to assert the claims of the '627 patent against Cox is barred by the doctrine of laches at least because Rembrandt's delay in filing suit against Cox is unreasonable and inexcusable, and has caused Cox material evidentiary and/or economic prejudice.

Answer:
Denied.


17.     Cox is entitled to a declaratory judgment that it has not infringed and is not infringing the '627 patent, and that the '627 patent is invalid and unenforceable.

Answer:
Denied.


18.     This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and Cox is entitled to an award of its reasonable attorneys' fees.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by CoxCom.

## Count II
### Declaratory Judgment of Noninfringement, Invalidity and Unenforceability of the '858 Patent

19.     Cox realleges and incorporates by reference Paragraphs 1 through 18 above.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 18 as if fully set forth herein.


20.     Cox has not infringed and is not now infringing the '858 patent.

Answer:
Denied.


21.     Cox has not caused others to infringe, and is not now causing others to infringe, the '858 patent.

Answer:
Denied.

22.     The '858 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 112.

Answer:
Denied.


23.     Any attempt by Rembrandt to assert the claims of the '858 patent against Cox is barred by the doctrine of laches at least because Rembrandt's delay in filing suit against Cox is unreasonable and inexcusable, and has caused Cox material evidentiary and/or economic prejudice.

Answer:
Denied.


24.     Cox is entitled to a declaratory judgment that it has not infringed and is not infringing the '858 patent, and that the '858 patent is invalid and unenforceable.

Answer:
Denied.


25.     This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and Cox is entitled to an award of its reasonable attorneys' fees.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by CoxCom.

### Count III
### Declaratory Judgment of Noninfringement, Invalidity and Unenforceability of the '819 Patent

26.     Cox realleges and incorporates by reference Paragraphs 1 through 25 above.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 25 as if fully set forth herein.


27.     Cox has not infringed and is not now infringing the '819 patent.

Answer:
Denied.

28.    Cox has not caused others to infringe, and is not now causing others to infringe, the '819 patent.

<u>Answer</u>:
Denied.

29.    The '819 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 112.

<u>Answer</u>:
Denied.

30.    Any attempt by Rembrandt to assert the claims of the '819 patent against Cox is barred by the doctrine of laches at least because Rembrandt's delay in filing suit against Cox is unreasonable and inexcusable, and has caused Cox material evidentiary and/or economic prejudice.

<u>Answer</u>:
Denied.

31.    Cox is entitled to a declaratory judgment that it has not infringed and is not infringing the '819 patent, and that the '819 patent is invalid and unenforceable.

<u>Answer</u>:
Denied.

32.    This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and Cox is entitled to an award of its reasonable attorneys' fees.

<u>Answer</u>:
Denied that this case is exceptional with respect to any claim for attorneys' fees by CoxCom.

**Count IV**
**Declaratory Judgment of Noninfringement, Invalidity and**
<u>**Unenforceability of the '631 Patent**</u>

33.    Cox realleges and incorporates by reference Paragraphs 1 through 32 above.

<u>Answer</u>:
Rembrandt incorporates by reference its responses to paragraphs 1 through 32 as if fully set forth herein.

34.     Cox has not infringed and is not now infringing the '631 patent.

Answer:
Denied.


35.     Cox has not caused others to infringe, and is not now causing others to infringe, the '631 patent.

Answer:
Denied.


36.     The '631 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 112.

Answer:
Denied.


37.     Any attempt by Rembrandt to assert the claims of the '631 patent against Cox is barred by the doctrine of laches at least because Rembrandt's delay in filing suit against Cox is unreasonable and inexcusable, and has caused Cox material evidentiary and/or economic prejudice.

Answer:
Denied.


38.     Cox is entitled to a declaratory judgment that it has not infringed and is not infringing the '631 patent, and that the '631 patent is invalid and unenforceable.

Answer:
Denied.


39.     This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and Cox is entitled to an award of its reasonable attorneys' fees.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by CoxCom.

**Count V**
**Declaratory Judgment of Noninfringement, Invalidity and**
**Unenforceability of the '761 Patent**

40.    Cox realleges and incorporates by reference Paragraphs 1 through 39 above.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 39 as if fully set forth herein.

41.    Cox has not infringed and is not now infringing the '761 patent.

Answer:
Denied.

42.    Cox has not caused others to infringe, and is not now causing others to infringe, the '761 patent.

Answer:
Denied.

43.    The '761 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 112.

Answer:
Denied.

44.    Any attempt by Rembrandt or Remstream to assert the claims of the '761 patent against Cox is barred by the doctrine of laches at least because Rembrandt's and Remstream's delay in filing suit against Cox is unreasonable and inexcusable, and has caused Cox material evidentiary and/or economic prejudice.

Answer:
Denied.

45.    Cox is entitled to a declaratory judgment that it has not infringed and is not infringing the '761 patent, and that the '761 patent is invalid and unenforceable.

Answer:
Denied.

46.     This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and Cox is entitled to an award of its reasonable attorneys' fees.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by CoxCom.

**Count VI**
**Declaratory Judgment of Noninfringement, Invalidity and**
**<u>Unenforceability of the '444 Patent</u>**

47.     Cox realleges and incorporates by reference Paragraphs 1 through 46 above.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 46 as if fully set forth herein.

48.     Cox has not infringed and is not now infringing the '444 patent.

Answer:
Denied.

49.     Cox has not caused others to infringe, and is not now causing others to• infringe, the '444 patent.

Answer:
Denied.

50.     The '444 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 112.

Answer:
Denied.

51.     Any attempt by Rembrandt or Remstream to assert the claims of the '444 patent against Cox is barred by the doctrine of laches at least because Rembrandt's and Remstream's delay in filing suit against Cox is unreasonable and inexcusable, and has caused Cox material evidentiary and/or economic prejudice.

Answer:
Denied.

52.     Cox is entitled to a declaratory judgment that it has not infringed and is not infringing the '444 patent, and that the '444 patent is invalid and unenforceable.

<u>Answer</u>:
Denied.


53.     This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and Cox is entitled to an award of its reasonable attorneys' fees.

<u>Answer</u>:
Denied that this case is exceptional with respect to any claim for attorneys' fees by CoxCom.

**Count VII**
**Declaratory Judgment of Noninfringement, Invalidity and**
<u>**Unenforceability of the '234 Patent**</u>

54.     Cox realleges and incorporates by reference Paragraphs 1 through 53 above.

<u>Answer</u>:
Rembrandt incorporates by reference its responses to paragraphs 1 through 53 as if fully set forth herein.


55.     Cox has not infringed and is not now infringing the '234 patent.

<u>Answer</u>:
Denied.


56.     Cox has not caused others to infringe, and is not now causing others to infringe, the '234 patent.

<u>Answer</u>:
Denied.


57.     The '234 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 112.

<u>Answer</u>:
Denied.

58.    Any attempt by Rembrandt or Remstream to assert the claims of the '234 patent against Cox is barred by the doctrine of laches at least because Rembrandt's and Remstream's delay in filing suit against Cox is unreasonable and inexcusable, and has caused Cox material evidentiary and/or economic prejudice.

Answer:
Denied.


59.    Cox is entitled to a declaratory judgment that it has not infringed and is not infringing the '234 patent, and that the '234 patent is invalid and unenforceable.

Answer:
Denied.


60.    This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and Cox is entitled to an award of its reasonable attorneys' fees.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by CoxCom.


## Count VIII
### Declaratory Judgment of Noninfringement, Invalidity and
### Unenforceability of the '159 Patent

61.    Cox realleges and incorporates by reference Paragraphs 1 through 60 above.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 60 as if fully set forth herein.


62.    Cox has not infringed and is not now infringing the '159 patent.

Answer:
Denied.


63.    Cox has not caused others to infringe, and is not now causing others to infringe, the '159 patent.

Answer:
Denied.

64.    The '159 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 112.

Answer:
Denied.


65.    Any attempt by Rembrandt or Remstream to assert the claims of the '159 patent against Cox is barred by the doctrine of laches at least because Rembrandt's and Remstream's delay in filing suit against Cox is unreasonable and inexcusable, and has caused Cox material evidentiary and/or economic prejudice.

Answer:
Denied.


66.    Cox is entitled to a declaratory judgment that it has not infringed and is not infringing the '159 patent, and that the '159 patent is invalid and unenforceable.

Answer:
Denied.


67.    This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and Cox is entitled to an award of its reasonable attorneys' fees.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by CoxCom.

## Count IX
## Declaratory Judgment of Noninfringement, Invalidity and
## Unenforceability of the '903 Patent

68.    Cox realleges and incorporates by reference Paragraphs 1 through 67 above.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 67 as if fully set forth herein.


69.    Cox has not infringed and is not now infringing the '903 patent.

Answer:
Denied.

70.    Cox has not caused others to infringe, and is not now causing others to infringe, the '903 patent.

Answer:
Denied.


71.    The '903 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 112.

Answer:
Denied.


72.    Any attempt by Rembrandt to assert the claims of the '903 patent against Cox is barred by the doctrine of laches at least because Rembrandt's delay in filing suit against Cox is unreasonable and inexcusable, and has caused Cox material evidentiary and/or economic prejudice.

Answer:
Denied.


73.    Cox is entitled to a declaratory judgment that it has not infringed and is not infringing the '903 patent, and that the '903 patent is invalid and unenforceable.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by CoxCom.

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**

1.    The Counterclaims fail to state a claim upon which relief can be granted.

### **Second Affirmative Defense**

2.    The '819, '903, '761, '858, '234, '631, '159, '444, and '627 patents are enforceable in all respects and infringed by CoxCom, Inc.

### **Third Affirmative Defense**

3.    CoxCom's counterclaims are barred, in whole or in part, by the doctrine of estoppel.

**Fourth Affirmative Defense**

4.     CoxCom's counterclaims are barred, in whole or in part, by the doctrine of waiver.

**Fifth Affirmative Defense**

5.     CoxCom's counterclaims are barred by the doctrine of laches.

**Sixth Affirmative Defense**

6.     CoxCom is not entitled to the relief requested as a matter of law.

**Seventh Affirmative Defense**

7.     Rembrandt reserves the right to assert additional and/or different affirmative defenses as discovery progresses, and hereby reserves the right to amend its reply to CoxCom's Counterclaim in support of any such defenses.

**PRAYER FOR RELIEF**

Rembrandt denies that CoxCom, Inc. is entitled to any of the relief requested in its prayer for relief. Rembrandt respectfully requests that the Court enter judgment in its favor and against CoxCom, Inc. on all of their claims; that the Court find this case exceptional and award Rembrandt its costs and attorneys' fees pursuant to 35 U.S.C. § 285; and that the Court award Rembrandt such other further relief as the Court deems appropriate.

**REMBRANDT TECHNOLOGIES, LP'S, AND REMBRANDT TECHNOLOGIES, LLC'S COUNTER-COUNTERCLAIM AGAINST COXCOM, INC. FOR PATENT INFRINGEMENT**

Defendant/counter-plaintiff, counter-defendant, and counter-counterclaim plaintiff, Rembrandt Technologies, LP ("Rembrandt"), by and through the undersigned attorneys, asserts

the following counterclaim against CoxCom, Inc. ("CoxCom") under the United States Patent Act, 35 U.S.C. § 1 et seq., as follows:

## THE PARTIES

1.      Rembrandt is a limited partnership organized under the laws of the state of New Jersey with its principal place of business at 401 City Avenue, Suite 900, Bala Cynwyd, PA 19004.

2.      CoxCom, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business at 1400 Lake Hearn Dr., Atlanta, GA 30319.

## JURISDICTION AND VENUE

3.      This is an action for patent infringement, arising under the patent laws of the United States, 35 U.S.C. § 1, et seq.

4.      Subject matter jurisdiction is proper in this court under 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over CoxCom because it has submitted to the jurisdiction of this Court by filing the instant counterclaim; in addition, the Court has personal jurisdiction over CoxCom because it has committed acts of patent infringement in this judicial district, and/or has other sufficient contacts with Delaware.

6.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), and 1400(b).

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,243,627

7.      Rembrandt realleges and incorporates herein by reference the allegations stated in paragraphs 1-6 of this Counterclaim.

8.    Rembrandt is the owner of all right, title and interest of  U.S. Patent No. 5,243,627, entitled "Signal Point Interleaving Technique" ("the '627 patent") (Exhibit A hereto).

9.    The '627 patent was duly and legally issued by the United States Patent and Trademark Office on September 7, 1993.

10.    CoxCom operates cable television systems throughout the United States.

12.    CoxCom has directly or indirectly infringed, and is continuing to directly or indirectly infringe, the '627 patent by practicing or causing others to practice (by inducement and/or contributorily) the inventions claimed in the '627 patent, in this district or otherwise within the United States.  For example, CoxCom has infringed and continues to infringe the '627 patent by its receipt and retransmission over their cable television systems of digital terrestrial broadcast signals that comply with the ATSC Digital Television Standard.

13.    Upon information and belief, CoxCom will continue to infringe the '627 patent unless enjoined by this Court.  Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## PRAYER FOR RELIEF

WHEREFORE, Rembrandt and Remstream pray that they have judgment against CoxCom for the following:

1.    A judgment that CoxCom has infringed the patents-in-suit as alleged by Rembrandt and/or Remstream;

2.    A permanent injunction enjoining and restraining CoxCom and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with them , from making, using, testing, offering to sell, selling, leasing, and importing into the United States

any product, or using, offering to sell, offering to lease, selling, or leasing any service, that falls within the scope of any claim of a patent-in-suit asserted against a party.

3.    An award of damages, and pre-judgment and post-judgment interest;

4.    An award of increased damages pursuant to 35 U.S.C. § 284;

5.    A judgment that this case is exceptional under 35 U.S.C. § 285 and requiring CoxCom to pay the costs of this action, including all disbursements and attorneys' fees; and

6.    Such other and further relief, at law or in equity, to which Rembrandt and/or Remstream are justly entitled.

## JURY DEMAND

Rembrandt and Remstream hereby demand a jury trial on all issues appropriately triable by a jury.

Dated: April 11, 2008

/s/ Collins J. Seitz, Jr
Collins J. Seitz, Jr. (#2237)
Francis DiGiovanni (#3189)
James D. Heisman (#2746)
Kristen Healey Cramer (#4512)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141
cseitz@cblh.com
fdigiovanni@cblh.com
jheisman@cblh.com
kcramer@cblh.com

*Attorneys for Rembrandt Technologies, LP, and Rembrandt Technologies, LLC d/b/a Remstream*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| _____ ) | |
| ) | |
| ) | |
| IN RE: REMBRANDT TECHNOLOGIES, LP ) | MDL Docket No. 07-md-1848 (GMS) |
| PATENT LITIGATION ) | |
| ) | |
| _____ ) | |
| ) | |
| MOTOROLA, INC., CISCO SYSTEMS, INC., ) | |
| SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, ) | |
| INC., THOMSON, INC., AMBIT ) | |
| MICROSYSTEMS, INC., and NETGEAR, INC., ) | Civil Action No. 07-752-GMS |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| REMBRANDT TECHNOLOGIES, LP, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |
| ) | |
| REMBRANDT TECHNOLOGIES, LP, and ) | |
| REMBRANDT TECHNOLOGIES, LLC d/b/a ) | |
| REMSTREAM, ) | |
| ) | Civil Action No. 07-752-GMS |
| Counter-Plaintiffs, ) | |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| MOTOROLA, INC., CISCO SYSTEMS, INC., ) | |
| SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, ) | |
| INC., THOMSON, INC., AMBIT ) | |
| MICROSYSTEMS, INC., NETGEAR, INC., TIME ) | |
| WARNER CABLE, INC., TIME WARNER CABLE ) | |
| LLC, TIME WARNER NEW YORK CABLE LLC, ) | |
| TIME WARNER ENTERTAINMENT COMPANY, ) | |
| LP, COMCAST CORPORATION, COMCAST ) | |
| CABLE COMMUNICATIONS, LLC, CHARTER ) | |
| COMMUNICATIONS, INC., CHARTER ) | |
| COMMUNICATIONS OPERATING, LLC, ) | |

COXCOM, INC., CSC HOLDINGS, INC.,           )
CABLEVISION SYSTEMS CORPORATION,            )
ADELPHIA COMMINICATIONS                     )
CORPORATION, CENTURY-TCI CALIFORNIA         )
COMMUNICATIONS, LP, CENTURY-TCI             )
HOLDINGS, LLC, COMCAST OF                   )
FLORIDA/PENNSYLVANIA, L.P. (f/k/a           )
PARNASSOS, LP), COMCAST OF                  )
PENNSYLVANIA II, L.P. (f/k/a CENTURY-TCI    )
CALIFORNIA, L.P.), PARNASSOS                )
COMMUNICATIONS, LP, ADELPHIA                )
CONSOLIDATION, LLC, PARNASSOS               )
HOLDINGS, LLC, and WESTERN NY               )
CABLEVISION, LP,                            )
                                            )
     Counter-Defendants.                    )
                                            )
_____     )

REMBRANDT TECHNOLOGIES, LP, and             )
REMBRANDT TECHNOLOGIES, LLC d/b/a           )
REMSTREAM,                                  )
                                            )
     Counter Counterclaim-Plaintiffs,       )
                                            )
     v.                                    )
                                            )
TIME WARNER ENTERTAINMENT-                  )
ADVANCE/NEWHOUSE PARTNERSHIP, and           )
COMCAST CABLE COMMUNICATION                 )
HOLDINGS, INC.                              )
                                            )
     Counter Counterclaim-Defendants.       )
_____     )

**FIRST AMENDED REPLY OF REMBRANDT TECHNOLOGIES, LP
AND REMBRANDT TECHNOLOGIES, LLC d/b/a REMSTREAM TO
COUNTERCLAIMS OF TIME WARNER CABLE INC.,
TIME WARNER CABLE LLC, TIME WARNER NEW YORK CABLE LLC AND
TIME WARNER ENTERTAINMENT COMPANY, L.P.
AND COUNTER-COUNTERCLAIMS**

Defendant/Counter-Plaintiffs Rembrandt Technologies, LP and Rembrandt Technologies,

LLC d/b/a Remstream (collectively "Rembrandt"), by their undersigned attorneys, reply to the

counterclaims of Counter-Defendants Time Warner Cable, Inc., Time Warner Cable LLC, Time

Warner NY Cable LLC, Time Warner Entertainment Company, L.P. and Time Warner Entertainment-Advance/Newhouse Partnership (collectively "Time Warner" or "TWC counterclaimants") as follows:

## FIRST COUNTERCLAIM

### The Parties

1.    Counterclaimant Time Warner Cable Inc. is a Delaware corporation having its corporate headquarters at One Time Warner Center, New York, New York 10019.

Answer:
Upon information and belief, Time Warner Cable, Inc. ("TWC") is a corporation organized under the laws of the state of Delaware having its corporate headquarters at One Time Warner Center, New York, New York 10019.


2.    Counterclaimant Time Warner Cable LLC is a Delaware limited liability company having its corporate headquarters at One Time Warner Center, New York, New York 10019.

Answer:
Upon information and belief, Rembrandt admits that Time Warner Cable LLC ("TWCL") is a limited liability company organized under the laws of the state of Delaware having its corporate headquarters at One Time Warner Center, New York, New York 10019.


3.    Counterclaimant Time Warner NY Cable LLC is a Delaware limited liability company having its corporate headquarters at One Time Warner Center, New York, New York 10019.

Answer:
Upon information and belief, Rembrandt admits that Time Warner NY Cable LLC ("TWNY") is a limited liability company organized under the laws of the state of Delaware having its corporate headquarters at One Time Warner Center, New York, New York 10019.


4.    Counterclaimant Time Warner Entertainment Company, L.P. is a Delaware limited partnership having its corporate headquarters at One Time Warner Center, New York, New York 10019.

Answer:
Upon information and belief, Rembrandt admits that Time Warner Entertainment Company, LP ("TWE") is a limited partnership organized under the laws of the state of

Delaware having its corporate headquarters at One Time Warner Center, New York, New York 10019.

5.    Counterclaimant Time Warner Entertainment-Advance/Newhouse Partnership is a New York partnership having its corporate headquarters at One Time Warner Center, New York, New York 10019. Joinder of Time Warner Entertainment-Advance/Newhouse Partnership as a Counterclaim-Plaintiff in this action is proper under Federal Rules of Civil Procedure 13(h) and 20(a).

Answer:
Upon information and belief, Rembrandt admits that Time Warner Entertainment-Advance/Newhouse Partnership ("TWEAN") is a New York partnership having its corporate headquarters at One Time Warner Center, New York, New York 10019.  Upon information and belief, Rembrandt admits that joinder or TWEAN is proper.

6.    Counterclaim Defendant Rembrandt Technologies, LP purports to be a limited partnership organized under the laws of the state of New Jersey with its principal place of business at 401 City Avenue, Suite 900, Bala Cynwyd, PA 19004.

Answer:
Admitted that Rembrandt Technologies, LP is a New Jersey limited partnership with its principal place of business at 401 City Avenue, Suite 900, Bala Cynwyd, PA.

7.    Counterclaim Defendant Rembrandt Technologies, LLC, d/b/a Remstream, purports to be a Delaware LLC with it headquarters at 401 City Avenue, Suite 900, Bala Cynwyd, PA 19004.

Answer:
Admitted that Rembrandt Technologies, LLC is a Delaware LLC also doing business as Remstream, and that its principal place of business is 401 City Avenue, Suite 900, Bala Cynwyd, PA.

**Jurisdiction and Venue**

8.    These counterclaims seek a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

Answer:
Admitted that the TWC Counterclaimants purport to seek a declaratory judgment pursuant to 28 U.S.C. § 2701 and 2202, but denied that they are entitled to the requested relief.

9.      This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§
1331, 1338 and 1367.

Answer:
Admitted.

10.     Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400.

Answer:
Rembrandt does not contest that venue is proper in this judicial district under 28 U.S.C.
§§ 1391 and 1400.  Denied that the TWC Counterclaimants are entitled to its requested relief.

11.     A justifiable controversy exists between Time Warner Cable Inc., Time Warner
Cable LLC, Time Warner NY Cable LLC, Time Warner Entertainment Company, L.P., and
Time Warner Entertainment-Advance/Newhouse Partnership ("Counterclaimants" or "TWC
Counterclaimants") and Counterclaim Defendants with respect to the invalidity and non-
infringement of the claims of U.S. Patent Nos. 4,937,819 (the "'819 patent"), 5,008,903 (the
"'903 patent"), 5,710,761 (the "761 patent"), 5,719,858 (the "'858 patent"), 5,778,234 (the "'234
patent"), 5,852,631 (the "'631 patent"), 6,131,159 (the "'159 patent"), 6,950,444 (the "'444
patent"), and 5,243,627 (the "'627 patent").

Answer:
Denied that a "justifiable" controversy exists between the TWC Counterclaimants and
Rembrandt but admitted that a justiciable controversy exists among the parties.

## Count I

12.     Counterclaimants hereby repeat and reiterate the allegations made in paragraphs
1-11 of these Counterclaims as if fully set forth herein.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 11 as if fully
set forth herein.

13.     Each of the claims of the '819, '903, '761, '858, '234, '631, '159, '444 and '627
patents is invalid for failure to satisfy the provisions of one or more of sections 101, 102, 103,
and/or 112 of Title 35 of the United States Code.

Answer:
Denied.

## Count II

14.     Counterclaimants hereby repeat and reiterate the allegations made in paragraphs 1-13 of these Counterclaims as if fully set forth herein.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 13 as if fully set forth herein.

15.     Counterclaimants do not manufacture, use, offer for sale, sell, or import into the United States any product or method that infringes any claim of the '819, '903, '761, '858, '234, '631, '159, '444, or '627 patents and Counterclaimants have not done so in the past. Counterclaimants also do not contribute to or induce infringement of the '819, '903, '761, '858, '234, '631, '159, '444, or '627 patents and Counterclaimants have not done so in the past. Counterclaimants do not infringe, and have not in the past infringed, either directly or indirectly, the '819, '903, '761, '858, '234, '631, '159, '444, or '627 patents.

Answer:
Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1.     The Counterclaims fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

2.     The '819, '903, '761, '858, '234, '631, '159, '444, and '627 patents are enforceable in all respects and infringed by the TWC Counterclaimants.

### Third Affirmative Defense

3.     TWC's counterclaims are barred, in whole or in part, by the doctrine of estoppel.

### Fourth Affirmative Defense

4.     TWC's counterclaims are barred, in whole or in part, by the doctrine of waiver.

### Fifth Affirmative Defense

5.     TWC's counterclaims are barred by the doctrine of laches.

595855v1

## Sixth Affirmative Defense

6.     TWC is not entitled to the relief requested as a matter of law.

## Seventh Affirmative Defense

7.     Rembrandt reserves the right to assert additional and/or different affirmative defenses as discovery progresses, and hereby reserves the right to amend its reply to TWC's Counterclaim in support of any such defenses.

## PRAYER FOR RELIEF

Rembrandt denies that TWC Counterclaimants are entitled to any of the relief requested in their prayer for relief.  Rembrandt respectfully requests that the Court enter judgment in its favor and against the TWC Counterclaimants on all of the claims; that the Court find this case exceptional and award Rembrandt its costs and attorneys' fees pursuant to 35 U.S.C. § 285; and that the Court award Rembrandt such other further relief as the Court deems appropriate.

## REMBRANDT TECHNOLOGIES, LP'S, AND REMBRANDT TECHNOLOGIES, LLC'S COUNTER-COUNTERCLAIMS AGAINST THE TWC COUNTERCLAIMANTS FOR PATENT INFRINGEMENT

Defendant/counter-plaintiff,    counter-defendant    and    counter-counterclaim    plaintiff, Rembrandt Technologies, LP ("Rembrandt") and counter-plaintiff, counter-defendant, and counter-counterclaim plaintiff, Rembrandt Technologies, LLC, d/b/a Remstream ("Remstream"), by and through the undersigned attorneys, asserts the following counterclaims against the TWC Counterclaimants under the United States Patent Act, 35 U.S.C. § 1 et seq., as follows:

595855v1

## THE PARTIES

1.      Rembrandt is a limited partnership organized under the laws of the state of New Jersey with its principal place of business at 401 City Avenue, Suite 900, Bala Cynwyd, PA 19004.

2.      Rembrandt Technologies, LLC, a Delaware LLC, is wholly owned by Rembrandt and also does business as "Remstream."  Remstream has its headquarters at 401 City Avenue, Suite 900, Bala Cynwyd, PA 19004.  Joinder of Remstream, the exclusive licensee of the 761, '234, '159, and '444 patents, as a counter-counterclaim plaintiff in this counterclaim is proper under Federal Rules of Civil Procedure 13(h) and 20.

3.      Rembrandt has granted Remstream the exclusive right, under the '761, '234, '159, and '444 patents, to make, have made, import, sell, offer to sell, or otherwise distribute, DOCSIS 1.0/1.1, 2.0 and/or 3.0 compliant cable modems and/or EMTA cable modems.

4.      Counterclaimant Time Warner Entertainment-Advance/Newhouse Partnership ("TWEAN"), is a New York partnership, having it corporate headquarters at One Time Warner Center, New York, New York.

5.      Counterclaimant Time Warner Cable Inc. is a Delaware corporation having its corporate headquarters at One Time Warner Center, New York, New York 10019.

6.      Counterclaimant Time Warner Cable LLC is a Delaware limited liability company having its corporate headquarters at One Time Warner Center, New York, New York 10019.

7.      Counterclaimant Time Warner NY Cable LLC is a Delaware limited liability company having its corporate headquarters at One Time Warner Center, New York, New York 10019.

8. Counterclaimant Time Warner Entertainment Company, L.P. is a Delaware limited partnership having its corporate headquarters at One Time Warner Center, New York, New York 10019.

## JURISDICTION AND VENUE

9. This is an action for patent infringement, arising under the patent laws of the United States, 35 U.S.C. § 1, et seq.

10. Subject matter jurisdiction is proper in this court under 28 U.S.C. §§ 1331 and 1338(a).

11. This Court has personal jurisdiction over the TWC Counterclaimants because they either have previously availed themselves of the Court's jurisdiction, are Delaware entities, have property, offices, or personnel in Delaware, have committed acts of patent infringement in this judicial district, regularly transact business in Delaware, and/or have other sufficient contacts with Delaware.

12. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), and 1400(b).

## COUNT I - INFRINGEMENT OF U.S. PATENT NO. 4,937,819

13. Rembrandt realleges and incorporates herein by reference the allegations stated in paragraphs 1-12 of this Counterclaim.

14. Rembrandt is the owner of all right, title, and interest, including the right to sue, enforce, and recover damages for all infringements, of U.S. Patent No. 4,937,819, entitled "Time Orthogonal Multiple Virtual DCE Device for Use in Analog and Digital Networks" (the "'819 patent") (Exhibit A to Plaintiff/Counter-Defendants' Complaint).

15.    The '819 patent was duly and legally issued by the United States Patent and Trademark Office on June 26, 1990.

16.    Upon information and belief, TWEAN has directly infringed, and is continuing to directly infringe, the '819 patent by practicing the inventions claimed in the '819 patent, in this district or otherwise within the United States.  For example, upon information and belief, TWEAN has directly infringed and continues to directly infringe the '819 patent by including cable equipment in its cable networks for the specific provision of high speed internet, cable broadband, and/or other services.

17.    Upon information and belief, TWEAN will continue to infringe the '819 patent unless enjoined by this Court.  Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT II - INFRINGEMENT OF U.S. PATENT NO. 5,008,903

18.    Rembrandt realleges and incorporates herein by reference the allegations stated in paragraphs 1-17 of this Counterclaim.

19.    Rembrandt is the owner of all right, title, and interest, including the right to sue, enforce, and recover damages for all infringements, of U.S. Patent No. 5,008,903, entitled "Adaptive Transmit Pre-Emphasis for Digital Modem Computed from Noise Spectrum" (the "'903 patent") (Exhibit B to Plaintiff/Counter-Defendants' Complaint).

20.    The '903 patent was duly and legally issued by the United States Patent and Trademark Office on April 16, 1991.

21.    Upon information and belief, TWEAN has directly infringed, and is continuing to directly infringe, the '903 patent by practicing the inventions claimed in the '903 patent, in this

district or otherwise within the United States.  For example, upon information and belief, TWEAN has directly infringed and continues to directly infringe the '903 patent by including cable equipment in its cable networks for the specific provision of high speed internet, cable broadband, and/or other services.

22.     Upon information and belief, TWEAN will continue to infringe the '903 patent unless enjoined by this Court.  Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT III - INFRINGEMENT OF U.S. PATENT NO. 5,710,761

23.     Rembrandt and Remstream reallege and incorporate herein by reference the allegations stated in paragraphs 1-22 of this Counterclaim.

24.     Rembrandt is the owner, and Remstream is the exclusive licensee, of U.S. Patent No. 5,701,761, entitled "Error Control Negotiation Based on Modulation" (the "'761 patent") (Exhibit C to Plaintiff/Counter-Defendants' Complaint).

25.     The '761 patent was duly and legally issued by the United States Patent and Trademark Office on January 20, 1998.

26.     Upon information and belief, TWEAN has directly infringed, and is continuing to directly infringe, the '761 patent by practicing the inventions claimed in the '761 patent, in this district or otherwise within the United States.  For example, upon information and belief, TWEAN has directly infringed and continues to directly infringe the '761 patent by including cable equipment in its cable networks for the specific provision of high speed internet, cable broadband, and/or other services.

595855v1

27.     Upon information and belief, TWEAN will continue to infringe the '761 patent unless enjoined by this Court.  Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

### COUNT IV - INFRINGEMENT OF U.S. PATENT NO. 5,719,858

28.     Rembrandt realleges and incorporates herein by reference the allegations stated in paragraphs 1-27 of this Counterclaim.

29.     Rembrandt is the owner of all right, title, and interest, including the right to sue, enforce, and recover damages for all infringements, of U.S. Patent No. 5,719,858, entitled "Time-Division Multiple-Access Method for Packet Transmission on Shared Synchronous Serial Buses" (the "'858 patent") (Exhibit D to Plaintiff/Counter-Defendants' Complaint).

30.     The '858 patent was duly and legally issued by the United States Patent and Trademark Office on February 17, 1998.

31.     Upon information and belief, TWEAN has directly infringed, and is continuing to directly infringe, the '858 patent by practicing the inventions claimed in the '858 patent, in this district or otherwise within the United States.  For example, upon information and belief, TWEAN has directly infringed and continues to directly infringe the '858 patent by including cable equipment in its cable networks for the specific provision of high speed internet, cable broadband, and/or other services.

32.     Upon information and belief, TWEAN will continue to infringe the '858 patent unless enjoined by this Court.  Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT V - INFRINGEMENT OF U.S. PATENT NO. 5,778,234

33.     Rembrandt and Remstream reallege and incorporate herein by reference the allegations stated in paragraphs 1-32 of this Counterclaim.

34.     Rembrandt is the owner, and Remstream is the exclusive licensee, of U.S. Patent No. 5,778,234, entitled "Method for Downloading Programs" (the "'234 patent") (Exhibit E to Plaintiff/Counter-Defendants' Complaint).

35.     The '234 patent was duly and legally issued by the United States Patent and Trademark Office on July 7, 1998.

36.     Upon information and belief, TWEAN has directly infringed, and is continuing to directly infringe, the '234 patent by practicing the inventions claimed in the '234 patent, in this district or otherwise within the United States.  For example, upon information and belief, TWEAN has directly infringed and continues to directly infringe the '234 patent by including cable equipment in its cable networks for the specific provision of high speed internet, cable broadband, and/or other services.

37.     Upon information and belief, TWEAN will continue to infringe '234 patent unless enjoined by this Court.  Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT VI - INFRINGEMENT OF U.S. PATENT NO. 5,852,631

38.     Rembrandt realleges and incorporates herein by reference the allegations stated in paragraphs 1-37 of this Counterclaim.

39.     Rembrandt is the owner of all right, title, and interest, including the right to sue, enforce, and recover damages for all infringements, of U.S. Patent No. 5,852,631, entitled

595855v1

"System and Method for Establishing Link Layer Parameters based on Physical Layer Modulation" (the "'631 patent") (Exhibit F to Plaintiff/Counter-Defendants' Complaint).

40.    The '631 patent was duly and legally issued by the United States Patent and Trademark Office on December 22, 1998.

41.    Upon information and belief, TWEAN has directly infringed, and is continuing to directly infringe, the '631 patent by practicing the inventions claimed in the '631 patent, in this district or otherwise within the United States.  For example, upon information and belief, TWEAN has directly infringed and continues to directly infringe the '631 patent by including cable equipment in its cable networks for the specific provision of high speed internet, cable broadband, and/or other services.

42.    Upon information and belief, TWEAN will continue to infringe the '631 patent unless enjoined by this Court.  Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT VII - INFRINGEMENT OF U.S. PATENT NO. 6,131,159

43.    Rembrandt and Remstream reallege and incorporate herein by reference the allegations stated in paragraphs 1-42 of this Counterclaim.

44.    Rembrandt is the owner, and Remstream is the exclusive licensee, of U.S. Patent No. 6,131,159, entitled "System for Downloading Programs" (the "'159 patent") (Exhibit G to Plaintiff/Counter-Defendants' Complaint).

45.    The '159 patent was duly and legally issued by the United States Patent and Trademark Office on October 10, 2000.

595855v1

46.      Upon information and belief, TWEAN has directly infringed, and is continuing to directly infringe, the '159 patent by practicing the inventions claimed in the '159 patent, in this district or otherwise within the United States.  For example, upon information and belief, TWEAN has directly infringed and continues to directly infringe the '159 patent by including cable equipment in its cable networks for the specific provision of high speed internet, cable broadband, and/or other services.

47.      Upon information and belief, TWEAN will continue to infringe the '159 patent unless enjoined by this Court.  Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT VIII - INFRINGEMENT OF U.S. PATENT NO. 6,950,444

48.      Rembrandt and Remstream reallege and incorporate herein by reference the allegations stated in paragraphs 1-47 of this Counterclaim.

49.      Rembrandt is the owner, and Remstream is the exclusive licensee, of U.S. Patent No. 6,950,444, entitled "System and Method for a Robust Preamble and Transmission Delimiting in a Switched-Carrier Transceiver (the "'444 patent") (Exhibit H to Plaintiff/Counter-Defendants' Complaint).

50.      The '444 patent was duly and legally issued by the United States Patent and Trademark Office on September 27, 2005.

51.      Upon information and belief, TWEAN has directly infringed, and is continuing to directly infringe, the '444 patent by practicing the inventions claimed in the '444 patent, in this district or otherwise within the United States.  For example, upon information and belief, TWEAN has directly infringed and continues to directly infringe the '444 patent by including

595855v1

cable equipment in its cable networks for the specific provision of high speed internet, cable broadband, and/or other services.

52.     Upon information and belief, TWEAN will continue to infringe the '444 patent unless enjoined by this Court.  Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

### COUNT IX – INFRINGEMENT OF U.S. PATENT NO. 5,243,627

53.     Rembrandt realleges and incorporates herein by reference the allegations stated in paragraphs 1-52 of this Counterclaim.

54.     Rembrandt is the owner of all right, title and interest of  U.S. Patent No. 5,243,627, entitled "Signal Point Interleaving Technique" ("the '627 patent.") (Exhibit A to Counterclaims of TWC Counterclaimants).

55.     The '627 patent was duly and legally issued by the United States Patent and Trademark Office on September 7, 1993.

56.     The TWC Counterclaimants are operators of cable television systems throughout the United States.

57.     The TWC Counterclaimants have directly or indirectly infringed, and are continuing to directly or indirectly infringe, the '627 patent by practicing or causing others to practice (by inducement and/or contributorily) the inventions claimed in the '627 patent, in this district or otherwise within the United States.  For example, the TWC Counterclaimants have infringed and continue to infringe the '627 patent by their receipt and retransmission over their cable television systems of digital terrestrial broadcast signals that comply with the ATSC Digital Television Standard.

58.     Upon information and belief, the TWC Counterclaimants will continue to infringe the '627 patent unless enjoined by this Court.  Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## PRAYER FOR RELIEF

WHEREFORE, Rembrandt and Remstream pray that they have judgment against the TWC Counterclaimants for the following:

1.     A judgment that the TWC Counterclaimants have infringed the patents-in-suit as alleged by Rembrandt and/or Remstream;

2.     A permanent injunction enjoining and restraining the TWC Counterclaimants and their agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with them, from making, using, testing, offering to sell, selling, leasing, and importing into the United States any product, or using, offering to sell, offering to lease, selling, or leasing any service, that falls within the scope of any claim of a patent-in-suit asserted against a party.

3.     An award of damages, and pre-judgment and post-judgment interest;

4.     An award of increased damages pursuant to 35 U.S.C. § 284;

5.     A judgment that this case is exceptional under 35 U.S.C. § 285 and requiring the TWC Counterclaimants to pay the costs of this action, including all disbursements and attorneys' fees; and

6.     Such other and further relief, at law or in equity, to which Rembrandt and/or Remstream are justly entitled.

595855v1

## JURY DEMAND

Rembrandt and Remstream hereby demand a jury trial on all issues appropriately triable

by a jury.

Dated: April 11, 2008                    /s/ Collins J. Seitz, Jr.
                                                   Collins J. Seitz, Jr. (#2237)
                                                   Francis DiGiovanni (#3189)
                                                   James D. Heisman (#2746)
                                                   Kristen Healey Cramer (#4512)
                                                   CONNOLLY BOVE LODGE & HUTZ LLP
                                                   The Nemours Building
                                                   1007 N. Orange Street
                                                   Wilmington, DE  19899
                                                   Phone (302) 658-9141
                                                   cseitz@cblh.com
                                                   fdigiovanni@cblh.com
                                                   jheisman@cblh.com
                                                   kcramer@cblh.com

                                                   *Attorneys for Rembrandt Technologies, LP, and Rembrandt Technologies, LLC d/b/a Remstream*