IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| IN RE: REMBRANDT TECHNOLOGIES, LP PATENT LITIGATION | MDL Docket No. 07-md-1848 (GMS) |

|  |  |
|---|---|
| MOTOROLA, INC., CISCO SYSTEMS, INC., SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, INC., THOMSON, INC., AMBIT MICROSYSTEMS, INC., and NETGEAR, INC. |  |
| Plaintiffs, |  |
| v. | Civil Action No. 07-752-GMS |
| REMBRANDT TECHNOLOGIES, LP, and REMBRANDT TECHNOLOGIES, LLC d/b/a REMSTREAM, | **REDACTED – <br>PUBLIC VERSION** |
| Defendants. |  |

|  |  |
|---|---|
| REMBRANDT TECHNOLOGIES, LP, and REMBRANDT TECHNOLOGIES, LLC d/b/a REMSTREAM, |  |
| Counter-Plaintiffs, |  |
| v. | Civil Action No. 07-752-GMS |
| MOTOROLA, INC., CISCO SYSTEMS, INC., SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, INC., THOMSON, INC., AMBIT MICROSYSTEMS, INC., and NETGEAR, INC., TIME WARNER CABLE, INC., TIME WARNER CABLE LLC, TIME WARNER NEW YORK CABLE LLC, TIME WARNER ENTERTAINMENT COMPANY, LP, COMCAST CORPORATION, COMCAST CABLE COMMUNICATIONS, LLC, CHARTER COMMUNICATIONS OPERATING, LLC, |  |

COXCOM, INC., COX COMMUNICATIONS, )
INC., COX ENTERPRISES, INC., CSC )
HOLDINGS, INC., CABLEVISION SYSTEMS )
CORPORATION, ADELPHIA )
COMMUNICATIONS CORPORATION, )
CENTURY-TCI CALIFORNIA )
COMMUNICATIONS, LP, CENTURY-TCI )
HOLDINGS, LLC, COMCAST OF )
FLORIDA/PENNSYLVANIA, L.P. (f/k/a )
PARNASSOS, LP), COMCAST OF )
PENNSYLVANIA II, L.P. (f/k/a CENTURY-TCI )
CALIFORNIA, L.P.), PARNASSOS )
COMMUNICATIONS, LP, ADELPHIA )
CONSOLIDATION, LLC, PARNASSOS )
HOLDINGS, LLC, and WESTERN NY )
CABLEVISION, LP, )
                                                                              )
                                                                              )
                        Counter-Defendants.                 )

---

## PLAINTIFFS' OPENING BRIEF IN SUPPORT OF MOTION FOR
## LEAVE TO AMEND COMPLAINT

OF COUNSEL:
John M. Desmarais, P.C.
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

Eric R. Lamison
Benjamin R. Ostapuk
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104

Russell E. Levine, P.C.
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601

YOUNG CONAWAY STARGATT &
TAYLOR, LLP
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Jeffrey T. Castellano (No. 4837)
1000 West Street
Wilmington, DE 19801

(302) 571-6600

*Co-Liaison Counsel and Attorneys for*
*Plaintiffs/Counter-Defendants Motorola, Inc.,*
*Cisco Systems, Inc., Scientific-Atlanta, Inc.,*
*ARRIS Group, Inc., Thomson, Inc., Ambit*
*Microsystems, Inc., and NETGEAR, Inc.*

Dated: April 11, 2008

**TABLE OF CONTENTS**

Page

NATURE AND STAGE OF THE PROCEEDINGS ................................................................. 1

SUMMARY OF ARGUMENT ............................................................................................ 4

STATEMENT OF FACTS .................................................................................................. 8

      A.    Rembrandt's Inequitable Conduct, Improper Inventorship, and Double-
             Patenting In Relation To The Patents-At-Issue ...................................................... 8

      B.    Rembrandt's Violation of Antitrust and Unfair Competition Laws  In
             Relation To The Patents-At-Issue. ........................................................................ 9

I.      LEGAL STANDARD .......................................................................................... 13

II.     PLAINTIFFS HAVE TIMELY PROPOSED THEIR AMENDMENTS ........................ 13

III.    THIS MOTION IS PROPER AND MADE IN GOOD FAITH ..................................... 15

IV.    REMBRANDT WILL SUFFER NO PREJUDICE IF PLAINTIFFS' MOTION
       FOR LEAVE IS GRANTED ................................................................................. 16

V.     PLAINTIFFS' PROPOSED AMENDMENTS ARE NOT FUTILE .............................. 17

VI.    THE PUBLIC INTEREST SUPPORTS ALLOWING THESE AMENDMENTS
       TO ADD THESE CLAIMS THAT ARE RELATED TO CONDUCT ALREADY
       AT-ISSUE IN THESE PROCEEDINGS ................................................................... 19

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alvin v. Suzuki,*
    227 F.3d 107, 121 (3d Cir. 2000) ......................................................................... 17

*Amgen, Inc. v. Ariad Pharms., Inc.,*
    Civ. No. 06-259-MPT, 2008 U.S. Dist. LEXIS 7317 (D. Del. Jan. 31, 2008) ......................... 18

*Banks v. Wolk,*
    918 F.2d 419 (3d Cir. 1990) ......................................................................... 18

*Barkauskie v. Indian River School Dist.*
    951 F.Supp. 528 (D. Del. 1996) ...................................................................... 17

*Bechtel v. Robinson,*
    886 F.2d 652-53 (3d Cir. 1989) ...................................................................... 13

*Enzo Life Sciences, Inc. v. Digene Corp.,*
    270 F. Supp. 2d 487 (D. Del. 2003) .............................................................. 13, 18

*Foman v. Davis,*
    371 U.S. 182 (1962) ................................................................................. 7

*Gen. Tire & Rubber Co. v. Watson-Bowman Assoc., Inc.,*
    193 USPQ 98 (D. Del. 1976) .......................................................................... 19

*Lynch v. Coinmaster USA, Inc.,*
    No. 06-365-JJF, 2007 U.S. Dist. LEXIS 292 (D. Del. Jan. 4, 2007) ............................... 17, 18

*Martek Biosciences Corp. v. Nutrinova Inc.,* 2005 U.S. Dist. LEXIS 14315 (D. Del. July 19,
    2005) ............................................................................................... 16

*Pharmastem Therapeutics, Inc. v. Viacell Inc.,*
    No. 02-148 (D. Del. Mar. 14, 2003) .................................................................. 16

*Precision Instru. Mfg. Co. v. Auto. Maint. Mach. Co.,*
    324 U.S. 806 (1945) ................................................................................. 19

*Symbol Technologies, Inc. v. Proxim Inc.,*
    No. 01-801-SLR, 2003 U.S. Dist. LEXIS 6686 (D. Del. Apr. 17, 2003) ............................... 13

*TruePosition, Inc. v. Allen Telecom, Inc.,*
    No. 01-823-GMS, 2002 U.S. Dist. LEXIS 12848 (D. Del. July 16, 2002) .............................. 16

**Rules**

Fed. R. Civ. P. 15(a) ..................................................................................................................... 1

## NATURE AND STAGE OF THE PROCEEDINGS

Pursuant to Fed. R. Civ. P. 15(a), Plaintiffs and Counter-Defendants Motorola, Inc.,

Cisco Systems, Inc., Scientific-Atlanta, Inc., ARRIS Group, Inc., Thomson, Inc., Ambit

Microsystems, Inc. and NETGEAR, Inc. (collectively "Plaintiffs") seek leave to file their First

Amended Complaint (Including Antitrust and Unfair Competition Allegations) against

Defendant and Counter-Plaintiff Rembrandt Technologies, LP and Counter-Plaintiff Rembrandt

Technologies, LLC d/b/a Remstream ("Remstream") (collectively "Rembrandt"). Rembrandt has

already stipulated to Plaintiffs' concurrent filing of a First Amended Complaint, not including

antitrust or unfair competition allegations, to add allegations with respect to patent invalidity and

unenforceability. (C.A. No. 07-1848 D.I. 146.) This motion concerns Plaintiffs' request to also

allege newly-discovered violations of federal and state antitrust and unfair competition laws with

respect to Rembrandt and all of the patents-at-issue in this case.[1]

Plaintiffs filed their original declaratory judgment complaint against Rembrandt

Technologies LP on November 21, 2007, alleging non-infringement and invalidity of the eight

patents-at-issue. (C.A. No. 07-752 D.I. 1.)[2] On December 12, 2007, the Court held the

Scheduling Conference on the MDL Proceedings and Plaintiffs' declaratory judgment case.

Rembrandt made no mention at that time or in the scheduling order filings of plans to add

---

[1]     Pursuant to D. Del. L. R. 15.1, attached to Plaintiffs' motion as Exhibit A is a copy of the
Proposed First Amended Complaint (Including Antitrust and Unfair Competition
Allegations) and attached to Plaintiffs' motion as Exhibit B is a copy indicating the
respects in which Plaintiffs' amended pleading submitted in connection with this motion
differs from Plaintiffs' currently pending First Amended Complaint submitted by
stipulation. Plaintiffs have redlined Exhibit A against their stipulated First Amended
Complaint adding inequitable conduct claims, although not yet approved by the Court, in
order to most clearly set forth the allegations at issue in this motion.

1

Remstream as a counterclaim plaintiff or party. On December 20, 2007, Plaintiffs were first granted access to Rembrandt's documents produced in the underlying MDL Proceedings. On January 16, 2008, Rembrandt answered Plaintiffs' complaint, asserted counterclaims for infringement of the eight patents-at-issue, and for the first time in this case or in any of the MDL Proceedings added a company called Remstream Technologies LLC d/b/a/ Remstream as a party to the case, claiming that Remstream had exclusive rights to certain of the patents and naming it as counter-plaintiff. Plaintiffs replied to Rembrandt's counterclaims a short while later, on February 5, 2008. (C.A. No. 07-1848 D.I. 47, 74.) Following the inclusion of Remstream into these proceedings,

This case is at its early stages before this Court. Rembrandt served Plaintiffs with its first set of document requests and interrogatories on March 13, 2008. (C.A. No. 07-1848 D.I. 108.) No documents have yet been produced by Plaintiffs or Rembrandt in this litigation. On December 20, 2007, Rembrandt gave Plaintiffs permission to access and review documents it previously produced to other parties in the underlying MDL Proceedings cases (the "Rembrandt Documents"). Based on the proceedings at the Scheduling Conference, the proposed date for the close of fact discovery proposed in the parties' joint Scheduling Order is January 9, 2009, and the trial is set for September 2009. (C.A. No. 07-1848 D.I. 103.)

At the December 12, 2007 Scheduling Conference, the Court set March 28, 2008 as the parties' deadline to file motions to amend pleadings. (C.A. No. 07-1848 D.I. 32, 103.) On March

---

[2]    For the purposes of this brief, citations to the docket of the Multi-District Litigation *In re: Rembrandt Technologies LP Patent Litigation*, 07-md-01848-GMS, will be made as

27, 2008, prior to that deadline, the parties submitted a joint stipulation proposing to extend the pleading amendment deadline to April 11, 2008. (C.A. No. 07-1848 D.I. 119.) On March 31, 2008, the parties incorporated this proposed extension of the pleading amendment deadline in their revised joint proposed scheduling Order, required by the Court's March 28, 2008 Order. (C.A. No. 07-1848 D.I. 123.) These amendments were proposed in connection with the first and only amendments Plaintiffs have sought. Rembrandt also has amended its pleadings in this matter.

---

(C.A. No. 07-1848 D.I. __) and citations to the docket of *Motorola Inc. v. Rembrandt Technologies LP*, 07-cv-00752-GMS-LPS will be made as (C.A. No. 07-752 D.I. __).

3

## SUMMARY OF ARGUMENT

This case concerns the unlawful and anticompetitive conduct of a nonpracticing patent holding company, Rembrandt Technologies, LP. Rembrandt acquired invalid and unenforceable patents, and is now asserting these invalid and unenforceable patents against non-infringing leading operators of cable television systems and manufacturers of cable modems and other products those operators use to deliver broadband data services that millions of Americans use to access the Internet.

To gain negotiating leverage against those companies it accuses of infringing its invalid, non-infringed and unenforceable patents, Rembrandt seeks to enjoin millions of cable subscribers from continuing to enjoy access to high-speed data delivered using a pervasive cable industry standard. Although Rembrandt now wishes to portray itself as a market participant entitled to lost profits damages and injunctive relief for alleged patent infringement, Rembrandt is, by its own admission, a nonpracticing entity ("NPE") that does not make or sell anything. Instead, Rembrandt solicits investors to give it money so it can buy patents and assert those patents against companies like the plaintiffs in this action, who provide products and services enjoyed by the public. To maximize its power to coerce cable system operators and equipment manufacturers to yield to its demands, Rembrandt has hatched an illegal, anticompetitive scheme that it is now seeking to implement with the Remstream entity that it inserted into these proceedings on January 16, 2008.

Accordingly, as set forth in their attached amended pleadings, Rembrandt's conduct gives rise to several antitrust and unfair competition allegations.

First, Rembrandt's conduct reveals antitrust and unfair competition claims that are highly related to all parties' pending inequitable conduct claims. Rembrandt stipulated to the addition of

4

inequitable conduct allegations in this case, which Plaintiffs recently discovered through diligent review of the Rembrandt Documents, as well as review and analysis of a multitude of patent applications relating to or co-pending with the patents-at-issue during their prosecution, and a vast array of pertinent prior art references that were known to Paradyne. Through this review, Plaintiffs uncovered a pattern and practice of withholding or affirmatively misstating material information from the United States Patent & Trademark Office ("USPTO") in connection with prosecution of each of the patents-at-issue, engaged in by the named inventors, patent prosecutors, and/or Paradyne employees with substantive involvement in the filing or prosecution of the patent applications-at-issue ("Applicants").

In addition to supporting patent unenforceability due to inequitable conduct -- allegations that Rembrandt already stipulated to being part of the case -- Rembrandt's assertion of such patents over the cable industry is anticompetitive and unlawful, and gives rise to antitrust and unfair competition claims set forth in the attached pleading.

In addition to the improper patent assertions, Plaintiffs' antitrust and unfair competition allegations also were recently uncovered and brought front-and-center as a direct result of *Rembrandt's* voluntary injection of its d/b/a affiliate Remstream into these proceedings on January 16, 2008. Specifically, Remstream's recent entry into these proceedings as an alleged "exclusive licensee" counterclaim-plaintiff and supposed "practicing entity" for DOCSIS-compliant cable modems prompted Plaintiffs' focused examination of the events and circumstances surrounding the Rembrandt-Remstream relationship.

5

'Rembrandt thereby seeks to coerce the cable industry unfairly and through anticompetitive conduct.

Accordingly, as a result of their investigation into the Remrandt/Remstream schemes, Plaintiffs have uncovered several alleged violations of the federal and state antitrust and unfair competition laws. These causes of action are integral to the proceedings because they directly relate to Rembrandt's scheme of attempting to enforce acquired patents in this case against the cable industry and its attempts to create unlawful market power through its Remstream affiliate.

Given that discovery has just started, that Plaintiffs do not seek additional time or any other change to the case schedule as a result of these amendments, and that more than a year and a half remains before trial, there is no just cause to deny Plaintiffs' motion. Indeed, Rembrandt plainly should have expected that such claims may arise from its improper conduct with respect to Remstream and its own decision to inject Remstream into this case as counter-plaintiff on January 16, 2008, to purportedly allow it to seek an injunction and other remedies not otherwise available to Rembrandt.

Indeed, Rembrandt did not at the scheduling conference make any mention of adding Remstream as counter-plaintiff to these proceedings. Had this been presented, it could have been addressed. In any case, Plaintiffs do not seek any change to the schedule because the inequitable conduct in patent prosecution as well as the conduct involving Remstream is already at-issue in this matter by virtue of Rembrandt's January 16, 2008 pleading. There is moreover ample time to investigate these claims under this Court's existing proposed Scheduling Order.

6

Under Federal Rules of Civil Procedure 15(a), leave to amend a pleading should be freely granted in the absence of undue delay, improper purpose, undue prejudice to the non-moving party, or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In this case, Plaintiffs have promptly and diligently sought leave to amend their pleadings upon learning of the facts that underlie them.

Further, the public interest favors granting leave to amend to allow these allegations to be brought to light -- the allegations, if proven, concern conduct that is plainly contrary to the public's interest. Therefore, because there is no prejudice to Rembrandt, no delay or bad faith on the part of Plaintiffs, no futility in Plaintiffs' proposed amendments, and no other reason to deny this motion, Plaintiffs respectfully request that the Court grant this motion for leave to amend to include their antitrust and unfair competition allegations, in addition to the stipulated addition of Plaintiffs' inequitable conduct allegations which has already occurred.

## STATEMENT OF FACTS

Plaintiffs' specific allegations with respect to the claims and defenses asserted in the proposed First Amended Complaint (Including Antitrust and Unfair Competition Allegations) (hereinafter, "Proposed First Amended Complaint") are set forth in Exhibit A. Plaintiffs incorporate these allegations into this Statement of Facts by reference.

**A.     Rembrandt's Inequitable Conduct, Improper
        Inventorship, and Double-Patenting In Relation
        To The Patents-At-Issue**

As a result of the Plaintiffs' diligent investigation, review, and analysis of the Rembrandt Documents, dozens of patent applications relating to the patents-at-issue, numerous co-pending Paradyne patent applications, and numerous material prior art references known to the patentees (such as the inventors' or Paradyne's own prior art) but not disclosed to the USPTO, Plaintiffs have uncovered a pattern and practice, facts of which appear to be known to Rembrandt, of withholding or affirmatively misstating material information from the USPTO in connection with the Applicants' prosecution of each of the patents-at-issue. Each instance of the Applicants' withholding or misstatement of material information from the USPTO is a breach of the Applicants' duty of candor that renders each of the patents-at-issue unenforceable.

For instance, in the prosecution of both the '761 and '631 patent applications, both of which are commonly asserted here against the same accused standard, Applicants failed to disclose material co-pending applications and material, non-cumulative prior art references, all within their knowledge, to the patent examiner. Proposed First Amended Complaint ¶¶ 74-75. As alleged, Plaintiffs are now able to establish that the Applicants were aware of these references. Further, Rembrandt appears to be aware of the patent prosecution facts underlying Plaintiffs' claims

8

In addition to a repeated failure to cite known material information, in the prosecution of the '159 patent application there is evidence the applicants affirmatively misrepresented information to the patent examiner in order to overcome prior art rejections of the pending claims. As the attached pleading provides, the pattern and practice of nondisclosure occurred in connection with multiple patents-in-suit.

The facts forming the bases of Plaintiffs' inequitable conduct, improper inventorship, and double-patenting claims and defenses are described with particularity in paragraphs 73 to 80 of the Proposed First Amended Complaint. Rembrandt has stipulated to the inclusion of these claims, but resists the further assertion of antitrust claims that arise from this misconduct.

**B.      Rembrandt's Violation of Antitrust and Unfair Competition Laws In Relation To The Patents-At-Issue.**

Rembrandt Technologies LP is a patent-holding company that bought the patents-at-issue. Proposed First Amended Complaint ¶¶ 83-85

and the evidence at trial will show that these patents in fact do not cover such technology. *Id.* ¶ 86. Nevertheless, Rembrandt acquired these patents previously issued to the defunct original assignee Paradyne with the intent of dominating the DOCSIS standard and attempting through unlawful conduct to limit the ability of market participants to practice that standard without interference. *Id.* ¶¶ 128-136.

Rembrandt Technologies LP holds itself out as a non-practicing entity ("NPE") that exists to sue and does not itself practice alleged inventions of the patents-at-issue.

Therefore, Rembrandt sought to conspire with others in an attempt to manufacture non-existent harms and to enhance its market power by purporting to have the ability to seek injunctive relief. *Id.*

For example, and as set forth in the allegations in paragraph 104 of the Proposed First Amended Complaint.

In addition, the Rembrandt Documents show that

---

Rembrandt and

*Id.* ¶ 100.  Plaintiffs claim these and

other acts are unlawful, deceptive, and amount to unfair competition, and positioned Rembrandt

to monopolize and attempt to monopolize the DOCSIS technology and equipment markets.

Remstream first became a party to these proceedings when ***Rembrandt*** introduced

Remstream in pleadings filed January 16, 2008.  Plaintiffs first learned of the transactions and

dealings between Rembrandt Technologies LP, Remstream                                    in their

review and analysis of the Rembrandt Documents for materials relating to the newly injected

Remstream counterclaim plaintiff.  Plaintiffs did not have access to the Rembrandt Documents

until a month after Plaintiffs filed their original complaint.  Accordingly, these allegations could

not have been presented in Plaintiffs' original complaint, and Plaintiffs have diligently moved to

add them.  Rembrandt certainly should have expected that these charges were likely when it

recently brought Remstream into this case.  These facts, in addition to many others, supporting

11

Plaintiffs' antitrust claims, are described with particularity in paragraphs 83 to 161 of the

Proposed First Amended Complaint.

**ARGUMENT**

**I.    LEGAL STANDARD.**

A motion for leave to amend a pleading should be freely granted in the absence of undue delay, improper purpose, undue prejudice to the non-moving party, or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Bechtel v. Robinson*, 886 F.2d 644, 652-53 (3d Cir. 1989) ("In the absence of undue or substantial prejudice, we must examine whether denial [can] be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment."); *Enzo Life Sciences, Inc. v. Digene Corp.*, 270 F. Supp. 2d 484, 487 (D. Del. 2003) (granting motion to amend to add inequitable conduct claims); *Symbol Technologies, Inc. v. Proxim Inc.*, No. 01-801-SLR, 2003 U.S. Dist. LEXIS 6686 (D. Del. Apr. 17, 2003) (granting motion to amend to add inequitable conduct claims).

None of the recited factors apply here to prevent free grant of Plaintiffs' proposed amendments.

**II.    PLAINTIFFS HAVE TIMELY PROPOSED THEIR AMENDMENTS.**

This motion for leave is timely, being filed just a few months after Plaintiffs filed their original complaint and the start of discovery in this case. Remstream, the misconduct of which is a significant aspect of these proposed charges, was not even injected into these proceedings until January 16, 2008. Initial disclosures were not served until mid-January 2008 (Rembrandt's being served on Plaintiffs even later, on February 14, 2008), and the parties served their first sets of interrogatories and document requests in mid-February (Rembrandt's being served on March 13). Plaintiffs' original reply to Rembrandt's counterclaims was not filed until February 5, 2008. The early stage of this litigation was recently confirmed by Rembrandt in its March 24, 2008 partial

13

responses to Plaintiffs' first set of interrogatories, wherein it objected to providing complete details about its contentions on grounds that its responses were "premature, as discovery in this matter has just begun." Rembrandt Response to Interrogatory Nos. 1 and 9, *see also* Nos. 2 and 3.

Given the nascent stage of this litigation, Plaintiffs' proposed amendments will not result in any delay of the proceedings. *See Bechtel*, 886 F.2d at 653 (reversing district court's denial of motion to amend and stating that "since the parties were still engaged in initial discovery at the time this amendment was proposed, the amendment will not delay the bringing of this case to trial."); *Symbol Technologies*, 2003 U.S. Dist. LEXIS 6686, at *7 (granting motion to amend where amendment would not "prolong discovery or delay trial").

To be clear, Plaintiffs do not seek any change in the discovery or trial schedule for these claims. As it is Plaintiffs who will need to seek the bulk of discovery, and Rembrandt who already possesses the facts of its conduct, Rembrandt has no legitimate basis to complain about the inclusion of these allegations.

Furthermore, Plaintiffs did not delay in seeking leave to amend once they had substantive bases for their claims. *See Bechtel*, 886 F.2d at 653 (no undue delay where plaintiffs "promptly moved for leave to amend their complaint" when they learned of the basis for the amendment); *Enzo Life Sciences*, 270 F. Supp. 2d at 489 ("[S]ince the Rule 9(b) 'pleading with particularity' requirement is implicated with regard to an inequitable conduct claim, Digene was prudent and possibly required to confirm the factual allegations [underlying such a claim] through discovery."). Plaintiffs have been working earnestly to discover the allegations behind the additional causes of action it seeks to add. Facts supporting the antitrust claims were not available to Plaintiffs when they filed their original complaint, but instead were learned after

14

Plaintiffs were given access to the Rembrandt Documents on December 20, 2007. Plaintiffs had only limited time to respond on February 5, 2008, to Rembrandt's January 16, 2008 counterclaims, which first inserted Remstream into these proceedings. Plaintiffs were not in a position at that time to present these allegations, but have promptly asserted these further claims and allegations since that time.

## III.    THIS MOTION IS PROPER AND MADE IN GOOD FAITH.

Plaintiffs' purpose in seeking to amend their pleading is entirely proper, and is not motivated by "bad faith or dilatory motive." *Foman*, 371 U.S. at 182. Rembrandt's inclusion of Remstream as a new counterclaim plaintiff on January 16, 2008 brought to the surface a variety of misconduct set forth in the counterclaims. Rembrandt's knowing decision as a non-practicing entity to add Remstream to the case, in an attempt to avail itself of practicing entity remedies such as permanent injunctive relief and lost profits, has placed Rembrandt's conduct in regards to this relationship squarely at issue.

This is the first amendment of the pleadings sought by Plaintiffs, and the requested amendments are not dilatory as they come just four months after the filing of the original complaint and just two months after Plaintiffs' original reply to Rembrandt's counterclaims. (C.A. No. 07-752 D.I. 1, D.I. 74.) Remstream was not even a party to Plaintiffs' original complaint. Further, in addition to reviewing and analyzing non-public documents not available to it until after December 20, 2007, Plaintiffs were required to assess the new allegations asserted in the attached Proposed First Amended Complaint to ensure the claims that rely on these allegations could be asserted. Plaintiffs' claims against Rembrandt for violation of various federal and state antitrust and unfair competition laws could not have been made prior to receiving and having an opportunity to review and analyze the previously unavailable Rembrandt

15

Documents, and to research and investigate the consequences surrounding those newly-discovered facts and the Remstream entity recently brought into this matter. *See Martek Biosciences Corp. v. Nutrinova Inc.*, 2005 U.S. Dist. LEXIS 14315, at *8-9 (D. Del. July 19, 2005) (granting motion to amend and finding no bad faith where counterclaim asserted within reasonable time after factual basis therefore was discovered).

Also indicative of Plaintiffs' good faith is the fact that the instant motion was filed by the date proposed by the parties for filing motions to amendment of pleadings. *TruePosition, Inc. v. Allen Telecom, Inc.*, No. 01-823-GMS, 2002 U.S. Dist. LEXIS 12848, at *5 (D. Del. July 16, 2002) ("[T]he record indicates that [plaintiff] filed its motion to amend in compliance with the . . . [amendment] deadline . . .. Therefore, the court will not deny the motion to amend on the basis of bad faith."); *Martek Biosciences Corp.*, 2005 U.S. Dist. LEXIS 14315, at *8-9 (finding no bad faith where motion for leave filed before deadline for amendment of pleadings); *Pharmastem Therapeutics, Inc. v. Viacell Inc.*, No. 02-148 (D. Del. Mar. 14, 2003) (finding no bad faith and granting leave to amend where motion filed within time for amendment and before close of fact discovery). Indeed, Rembrandt itself concurrently seeks to amend its pleadings.

IV.    **REMBRANDT WILL SUFFER NO PREJUDICE IF PLAINTIFFS' MOTION FOR LEAVE IS GRANTED.**

Rembrandt will not suffer any prejudice from the Court's acceptance of Plaintiffs' proposed amendments. As Rembrandt itself indicates in its response to Plaintiffs' first set of interrogatories, "discovery in this matter has just begun." Indeed, more than nine months remain in the fact discovery period, and trial is not set to begin until September 2009. The schemes that give rise to the antitrust claims were concocted by Rembrandt, so it is also well aware of the facts supporting the Plaintiffs' claims. Rembrandt itself is relying upon Remstream as its apparent basis for seeking various remedies, and the relationship is therefore already at-issue.

16

Moreover, expert reports are not due until the end of this year. As a result, there is ample time for Rembrandt to respond to the allegations made in Plaintiffs' proposed amended pleadings. *See Enzo Life Sciences*, 270 F. Supp. 2d at 489 (finding that plaintiff would not be prejudiced by the addition of inequitable conduct allegations because defendant had supplemented its written responses to previously-served discovery requests to address the new allegations); *TruePosition*, 2002 U.S. Dist. LEXIS 12848, at *6 (holding that "[s]ince discovery is in its earliest stages, amendment of the complaint will not deprive Allen of the opportunity to present facts or evidence or otherwise prepare and present its case," and granting motion to amend).

Indeed, it is Plaintiffs who bear the burden of proof on these claims, yet Plaintiffs have not sought to extend or modify the case schedule as a result of these amended allegations.

Case law further establishes that increasing the chance that Rembrandt may lose this litigation or suffer damages does not constitute prejudice. *See, e.g., Barkauskie v. Indian River School Dist.* 951 F.Supp. 519, 528 (D. Del. 1996) ("'Prejudice' for the purpose of Rule 15(a) does not concern potential prejudice resulting from the nature of the claims sought to be added; it concerns only the prejudice resulting from the fact of adding new claims at a late date. Plaintiff's motion to amend the amended complaint will be granted.").

## V.   PLAINTIFFS' PROPOSED AMENDMENTS ARE NOT FUTILE.

Plaintiffs' proposed amendments are not futile as judged under the standard of Federal Rule of Civil Procedure 12(b)(6). Plaintiffs need only establish that its allegations "state a claim upon which relief could be granted." *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000); *Lynch v. Coinmaster USA, Inc.*, No. 06-365-JJF, 2007 U.S. Dist. LEXIS 292, at *5 (D. Del. Jan. 4, 2007) ("To determine whether a proposed amendment is futile, the Court applies the standards for a Rule 12(b)(6) motion to dismiss").

Under this standard, the movant's allegations must be accepted as true. *Lynch*, 2007 U.S. Dist. LEXIS 292, at *5; *Banks v. Wolk*, 918 F.2d 418, 419 (3d Cir. 1990) ("[W]e must accept as true all factual allegations in the amended complaint and all reasonable inferences that can be drawn from them"). Thus, any fact-finding is inappropriate at this stage. *Amgen, Inc. v. Ariad Pharms., Inc.*, Civ. No. 06-259-MPT, 2008 U.S. Dist. LEXIS 7317, at *6 (D. Del. Jan. 31, 2008) (explaining that "whether there has been a misrepresentation with the requisite intent [is a] question[] of fact to be determined by the court during the presentation of evidence on inequitable conduct,"); *Enzo*, 270 F. Supp. 2d at 490 (granting motion to add defense and counterclaim of inequitable conduct where "the Court cannot conclude with certainty, at this juncture, that [defendant] can prove no set of facts in support of [its] claim which would entitle [it] to relief") (quotations and citation omitted).

Plaintiffs' proposed amendments, rather than merely reciting the legal elements, allege specific factual allegations supporting each of the new causes of action, counterclaims, or affirmative defenses, and therefore meet and exceed the standard for pleading under Rules 15(a) and 9(b). These specific factual allegations are briefly summarized above and set out with more particularity in paragraphs 73 to 178 of the Proposed First Amended Complaint and paragraphs 1 to 24 of the Affirmative and Other Defenses section of the Proposed First Amended Reply to Counterclaims. These factual allegations plainly state claims for violations of antitrust and unfair competition laws, in addition to the stipulated inequitable conduct amendments.

Accordingly, these amendments should be allowed, for Plaintiffs' motion meets the applicable Rule 15 standard.

18

VI.     **THE PUBLIC INTEREST SUPPORTS ALLOWING THESE AMENDMENTS TO ADD THESE CLAIMS THAT ARE RELATED TO CONDUCT ALREADY AT-ISSUE IN THESE PROCEEDINGS**

Rembrandt brought its schemes with its d/b/a affiliate Remstream into these proceedings of its own choice, on January 16, 2008, when Remstream counterclaimed  to the Plaintiffs' complaint.

Having made the choice to inject Remstream into these proceedings and to rely upon that entity as the basis for its claims to relief, Rembrandt should not now be permitted to complain when the Plaintiffs properly respond by exposing the unlawful, unfair, and anticompetitive conduct that is the crux of Rembrandt and Remstream's plans in this matter.  The public interest supports allowing these allegations to proceed on the merits, as the anticompetitive conduct alleged herein would, if unrestrained, be injurious to the public and its rights to enjoy a competitive supply of DOCSIS standardized products free from unlawful patent interference.  *See, e.g., Gen. Tire & Rubber Co. v. Watson-Bowman Assoc., Inc.,* 193 USPQ 97, 98 (D. Del. 1976) (*citing Precision Instru. Mfg. Co. v. Auto. Maint. Mach. Co.,* 324 U.S. 806 (1945)

19

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant leave for

Plaintiffs to file the Proposed First Amended Complaint and Proposed First Amended Reply to

Counterclaims of Counter-Plaintiffs submitted concurrently with this motion.

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

OF COUNSEL:

John M. Desmarais, P.C.
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Jeffrey T. Castellano (No. 4837)
1000 West Street
Wilmington, DE 19801

(302) 571-6600

Eric R. Lamison
Benjamin R. Ostapuk
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104

*Co-Liaison Counsel and Attorneys for Plaintiffs/Counter-Defendants Motorola, Inc., Cisco Systems, Inc., Scientific-Atlanta, Inc., ARRIS Group, Inc., Thomson, Inc., Ambit Microsystems, Inc., and NETGEAR, Inc.*

Russell E. Levine, P.C.
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601

Dated:  April 11, 2008

20

## CERTIFICATE OF SERVICE

I, Jeffrey T. Castellano, Esquire, hereby certify that on April 18, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Collins J. Seitz, Jr., Esquire
Francis DiGiovanni, Esquire
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building – 8th Floor
1007 N. Orange Street
Wilmington, DE 19801
cseitz@cblh.com
fdigiovanni@cblh.com

Jack B. Blumenfeld, Esquire
Morris Nichols Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
jblumenfeld@mnat.com

I further certify that on April 18, 2008, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following in the manner indicated:

### BY E-MAIL

David S. Benyacar, Esquire
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022
dbenyacar@kayescholer.com

### BY E-MAIL

Edward R. Reines, Esquire
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
edward.reines@weil.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Jeffrey T. Castellano (No. 4837)
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
*jcastellano@ycst.com*