## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| IN RE: REMBRANDT TECHNOLOGIES, LP PATENT LITIGATION | MDL Docket No. 07-md-1848 (GMS) |
| MOTOROLA, INC., CISCO SYSTEMS, INC., SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, INC., THOMSON, INC., AMBIT MICROSYSTEMS, INC., and NETGEAR, INC., | Civil Action No. 07-752-GMS |
| Plaintiffs, | |
| v. | **JURY TRIAL DEMANDED** |
| REMBRANDT TECHNOLOGIES, LP, | |
| Defendant. | |
| REMBRANDT TECHNOLOGIES, LP, and REMBRANDT TECHNOLOGIES, LLC d/b/a REMSTREAM, | |
| Counter-Plaintiffs, | Civil Action No. 07-752-GMS |
| v. | |
| MOTOROLA, INC., CISCO SYSTEMS, INC., SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, INC., THOMSON, INC., AMBIT MICROSYSTEMS, INC., NETGEAR, INC., TIME WARNER CABLE, INC., TIME WARNER CABLE LLC, TIME WARNER NEW YORK CABLE LLC, TIME WARNER ENTERTAINMENT COMPANY, LP, COMCAST CORPORATION, COMCAST CABLE COMMUNICATIONS, LLC, CHARTER COMMUNICATIONS, INC., CHARTER COMMUNICATIONS OPERATING, LLC, | **JURY TRIAL DEMANDED** |

COXCOM, INC., CSC HOLDINGS, INC.,                    )
CABLEVISION SYSTEMS CORPORATION,                     )
ADELPHIACOMMINICATIONS                               )
CORPORATION, CENTURY-TCI CALIFORNIA                  )
COMMUNICATIONS, LP, CENTURY-TCI                      )
HOLDINGS, LLC, COMCAST OF                            )
FLORIDA/PENNSYLVANIA, L.P. (f/k/a                    )
PARNASSOS, LP), COMCAST OF                           )
PENNSYLVANIA II, L.P. (f/k/a CENTURY-TCI             )
CALIFORNIA, L.P.), PARNASSOS                         )
COMMUNICATIONS, LP, ADELPHIA                         )
CONSOLIDATION, LLC, PARNASSOS                        )
HOLDINGS, LLC, and WESTERN NY                        )
CABLEVISION, LP,                                     )
                                                     )
          Counter-Defendants.                        )
                                                     )
_____            )

REMBRANDT TECHNOLOGIES, LP, and                      )
REMBRANDT TECHNOLOGIES, LLC d/b/a                     )
REMSTREAM,                                            )
                                                     )
          Counter Counterclaim-Plaintiffs,           )
                                                     )
          v.                                         )
                                                     )
TIME WARNER ENTERTAINMENT-                            )
ADVANCE/NEWHOUSE PARTNERSHIP, and                    )
COMCAST CABLE COMMUNICATION                          )
HOLDINGS, INC.                                        )
                                                     )
          Counter Counterclaim-Defendants.           )
                                                     )
_____            )

### FIRST AMENDED REPLY OF REMBRANDT TECHNOLOGIES, LP AND REMBRANDT TECHNOLOGIES, LLC d/b/a REMSTREAM TO COUNTERCLAIMS OF CHARTER COMMUNICATIONS, INC. AND CHARTER COMMUNICATIONS OPERATING, LLC AND COUNTER-COUNTERCLAIM

Defendant/Counter-Plaintiffs Rembrandt Technologies, LP and Rembrandt Technologies,

LLC d/b/a Remstream (collectively "Rembrandt"), by their undersigned attorneys, reply to the

counterclaims of Counter-Defendants Charter Communications, Inc. and Charter

Communications Operating, LLC (collectively "Charter") as follows:

### Jurisdiction and Venue

1.      These Counterclaims arise under the United States patent laws and the declaratory judgment statute. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1338(a), 1367, 2201 and 2202.

Answer:
Rembrandt admits that Charter purports to bring a declaratory judgment counterclaim of non-infringement and invalidity under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 and the patent laws of the United States, 35 U.S.C. § 100 *et seq.,* but denies that Charter is entitled to its requested relief.  Rembrandt does not dispute that this Court has jurisdiction over the asserted claims.

2.      This Court has personal jurisdiction over Rembrandt and Remstream because they have submitted to the jurisdiction of this Court by filing their Counterclaim for Patent Infringement in the instant action.

Answer:
Admitted only that this Court has personal jurisdiction over Rembrandt and Remstream for purposes of this case.  Except as expressly admitted, Rembrandt denies the remaining allegations of this paragraph 2.

3.      Venue in this District is proper under 28 U.S.C. §§ 1391 and 1400.

Answer:
Rembrandt does not contest that venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400, but denies that Charter is entitled to its requested relief.

### Factual Background

4.      Rembrandt and Remstream have accused Charter of infringing the '761, '234, '159, and '444 patents, directly and/or indirectly.

Answer:
Admitted.

594579v2

5.     Rembrandt has accused Charter of infringing U.S. Patent No. 5,243,627 ("the '627 patent") entitled "Signal Point Interleaving Technique" (attached hereto as Exhibit A) and the '819, '903, '858, and '631 patents, directly and/or indirectly.

Answer:
Admitted.

6.     The '819, '903, '761, '858, '234, '631, '159, '444, and '627 patents are invalid, and have not been and are not infringed by Charter, either directly or indirectly.

Answer:
Denied.

7.     Consequently, there is an actual case or controversy between the parties over the infringement, validity, and/or enforceability of the '819, '903, '761, '858, '234, '631, '159, '444, and '627 patents.

Answer:
Admitted.

## Count I

8.     Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

9.     Charter has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '819 patent.

Answer:
Denied.

10.     This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed suit against Charter alleging infringement of the '819 patent with knowledge of the facts stated in this Counterclaim.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

594579v2

**Count II**

11.    Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

12.    Charter has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '903 patent.

Answer:
Denied.

13.    This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed suit against Charter alleging infringement of the '903 patent with knowledge of the facts stated in this Counterclaim.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

**Count III**

14.    Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

15.    Charter has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '761 patent.

Answer:
Denied.

594579v2

16.    This is an exceptional case under 35 U.S.C. § 285 because Rembrandt and Remstream filed suit against Charter alleging infringement of the '761 patent with knowledge of the facts stated in this Counterclaim.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

## Count IV

17.    Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

18.    Charter has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '858 patent.

Answer:
Denied.

19.    This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed suit against Charter alleging infringement of the '858 patent with knowledge of the facts stated in this Counterclaim.
Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

## Count V

20.    Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

594579v2

21.    Charter has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '234 patent.

Answer:
Denied.

22.    This is an exceptional case under 35 U.S.C. § 285 because Rembrandt and Remstream filed suit against Charter alleging infringement of the '234 patent with knowledge of the facts stated in this Counterclaim.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

## Count VI

23.    Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

24.    Charter has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '631 patent.

Answer:
Denied.

25.    This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed suit against Charter alleging infringement of the '631 patent with knowledge of the facts stated in this Counterclaim.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

**Count VII**

26.    Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

27.    Charter has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '159 patent.

Answer:
Denied.

28.    This is an exceptional case under 35 U.S.C. § 285 because Rembrandt and Remstream filed suit against Charter alleging

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

**Count VIII**

29.    Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

30.    Charter has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '444 patent.

Answer:
Denied.

594579v2

31.    This is an exceptional case under 35 U.S.C. § 285 because Rembrandt and Remstream filed suit against Charter alleging infringement of the '444 patent with knowledge of the facts stated in this Counterclaim.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

## Count IX

32.    Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

33.    Charter has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '627 patent.

Answer:
Denied.

34.    This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed suit against Charter alleging infringement of the '627 patent with knowledge of the facts stated in this Counterclaim.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

## Count X

35.    Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

36.    The claims of the '819 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

Answer:
Denied.

37.    This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed suit against Charter alleging infringement of the '819 patent with knowledge of the facts stated in this Counterclaim.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

## Count XI

38.    Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

39.    The claims of the '903 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

Answer:
Denied.

40.    This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed suit against Charter alleging infringement of the '903 patent with knowledge of the facts stated in this Counterclaim.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

594579v2

**Count XII**

41.    Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

42.    The claims of the '761 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

Answer:
Denied.

43.    This is an exceptional case under 35 U.S.C. § 285 because Rembrandt and Remstream filed suit against Charter alleging infringement of the '761 patent with knowledge of the facts stated in this Counterclaim.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

**Count XIII**

44.    Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

45.    The claims of the '858 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

Answer:
Denied.

594579v2

46.     This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed suit against Charter alleging infringement of the '858 patent with knowledge of the facts stated in this Counterclaim.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

## Count XIV

47.     Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

48.     The claims of the '234 patent are invalid under one or more 35 U.S.C. §§ 101, 102,103 and 112.

Answer:
Denied.

49.     This is an exceptional case under 35 U.S.C. § 285 because Rembrandt and Remstream filed suit against Charter alleging infringement of the '234 patent with knowledge of the facts stated in this Counterclaim.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

## Count XV

50.     Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

594579v2

51.    The claims of the '631 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

Answer:
Denied.

52.    This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed suit against Charter alleging infringement of the '631 patent with knowledge of the facts stated in this Counterclaim.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

## Count XVI

53.    Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

54.    The claims of the '159 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

Answer:
Denied.

55.    This is an exceptional case under 35 U.S.C. § 285 because Rembrandt and Remstream filed suit against Charter alleging infringement of the '159 patent with knowledge of the facts stated in this Counterclaim.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

## Count XVII

56.    Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

Answer:

594579v2

Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

57.    The claims of the '444 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

Answer:
Denied.

58.    This is an exceptional case under 35 U.S.C. § 285 because Rembrandt and Remstream filed suit against Charter alleging infringement of the '444 patent with knowledge of the facts stated in this Counterclaim.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

## Count XVIII

59.    Charter restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 7 as if fully set forth herein.

60.    The claims of the '627 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

Answer:
Denied.

61.    This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed suit against Charter alleging infringement of the '627 patent with knowledge of the facts stated in this Counterclaim.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by Charter.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1.    The Counterclaims fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

2.    The '819, '903, '761, '858, '234, '631, '159, '444, and '627 patents are enforceable in all respects and infringed by Charter.

### Third Affirmative Defense

3.    Charter's counterclaims are barred, in whole or in part, by the doctrine of estoppel.

### Fourth Affirmative Defense

4.    Charter's counterclaims are barred, in whole or in part, by the doctrine of waiver.

### Fifth Affirmative Defense

5.    Charter is not entitled to the relief requested as a matter of law.

### Sixth Affirmative Defense

6.    Charter's counterclaims are barred by the doctrine of laches.

### Seventh Affirmative Defense

7.    Rembrandt reserves the right to assert additional and/or different affirmative defenses as discovery progresses, and hereby reserves the right to amend its reply to Charter's Counterclaim in support of any such defenses.


## PRAYER FOR RELIEF

Rembrandt denies that the Charter Counterclaimants are entitled to any of the relief requested in their prayer for relief.    Rembrandt respectfully requests that the Court enter judgment in its favor and against the Charter Counterclaimants on all of their claims; that the

594579v2

Court find this case exceptional and award Rembrandt its costs and attorneys' fees pursuant to 35 U.S.C. § 285; and that the Court award Rembrandt such other further relief as the Court deems appropriate.

## REMBRANDT TECHNOLOGIES, LP'S COUNTER-COUNTERCLAIM AGAINST CHARTER COMMUNICATIONS, INC. AND CHARTER COMMUNICATIONS OPERATING, LLC FOR PATENT INFRINGEMENT

Defendant/counter-plaintiff, counter-defendant, and counter-counterclaim plaintiff, Rembrandt Technologies, LP ("Rembrandt"), by and through the undersigned attorneys, asserts the following counterclaim against Charter Communications, Inc. and Charter Communications Operating, LLC (collectively "Charter Counterclaimants") under the United States Patent Act, 35 U.S.C. § 1 et seq., as follows:

### THE PARTIES

1.       Rembrandt is a limited partnership organized under the laws of the state of New Jersey with its principal place of business at 401 City Avenue, Suite 900, Bala Cynwyd, PA 19004.

2.       Charter Communications, Inc. is a corporation organized under the laws of the state of Delaware with its principal place of business at 12405 Powerscout Drive, Ste. 100, St. Louis, Missouri 63131.

3.       Charter Communications Operating, LLC is a limited liability company corporation organized under the laws of the state of Delaware with its principal place of business at 12405 Powerscout Drive, Ste. 100, St. Louis, Missouri 63131.

594579v2

## JURISDICTION AND VENUE

4.      This is an action for patent infringement, arising under the patent laws of the United States, 35 U.S.C. § 1, et seq.

5.      Subject matter jurisdiction is proper in this court under 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over the Charter Counterclaimants because they either have previously availed themselves of the Court's jurisdiction, have committed acts of patent infringement in this judicial district, regularly transact business in Delaware, and/or have other sufficient contacts with Delaware.

7.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), and 1400(b).

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,243,627

8.      Rembrandt realleges and incorporates herein by reference the allegations stated in paragraphs 1-7 of this Counterclaim.

9.      Rembrandt is the owner of all right, title and interest of U.S. Patent No. 5,243,627, entitled "Signal Point Interleaving Technique" ("the '627 patent") (Exhibit A to the Charter Counterclaimant's Counterclaim).

10.     The '627 patent was duly and legally issued by the United States Patent and Trademark Office on September 7, 1993.

11.     The Charter Counterclaimants are operators of cable television systems throughout the United States.

12.     The Charter Counterclaimants have directly or indirectly infringed, and are continuing to directly or indirectly infringe, the '627 patent by practicing or causing others to

594579v2

practice (by inducement and/or contributorily) the inventions claimed in the '627 patent, in this district or otherwise within the United States.  For example, the Charter Counterclaimants have infringed and continue to infringe the '627 patent by their receipt and retransmission over their cable television systems of digital terrestrial broadcast signals that comply with the ATSC Digital Television Standard.

13.    Upon information and belief, the Charter Counterclaimants will continue to infringe the '627 patent unless enjoined by this Court.  Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## PRAYER FOR RELIEF

WHEREFORE, Rembrandt and Remstream pray that they have judgment against the Charter Counterclaimants for the following:

1.    A judgment that the Charter Counterclaimants have infringed the patents-in-suit as alleged by Rembrandt and/or Remstream;

2.    A permanent injunction enjoining and restraining the Charter Counterclaimants and their agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with them, from making, using, testing, offering to sell, selling, leasing, and importing into the United States any product, or using, offering to sell, offering to lease, selling, or leasing any service, that falls within the scope of any claim of a patent-in-suit asserted against a party.

3.    An award of damages, and pre-judgment and post-judgment interest;

4.    An award of increased damages pursuant to 35 U.S.C. § 284;

594579v2

5.     A judgment that this case is exceptional under 35 U.S.C. § 285 and requiring the Charter Counterclaimants to pay the costs of this action, including all disbursements and attorneys' fees; and

6.     Such other and further relief, at law or in equity, to which Rembrandt and/or Remstream are justly entitled.

### JURY DEMAND

Rembrandt and Remstream hereby demand a jury trial on all issues appropriately triable by a jury.

Dated:  April 11, 2008

*/s/ Collins J. Seitz, Jr.*
Collins J. Seitz, Jr. (#2237)
Francis DiGiovanni (#3189)
James D. Heisman (#2746)
Kristen Healey Cramer (#4512)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE  19899
Phone (302) 658-9141
cseitz@cblh.com
fdigiovanni@cblh.com
jheisman@cblh.com
kcramer@cblh.com
*Attorneys for Rembrandt Technologies, LP, and Rembrandt Technologies, LLC d/b/a Remstream*

594579v2

## CERTIFICATE OF SERVICE

I, Collins J. Seitz, Jr., hereby certify that on the 5th day of May, 2008, a true copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following and the document is available for viewing and downloading from CM/ECF:

**BY E-MAIL**

| | |
|---|---|
| Jack B. Blumenfeld<br>Karen Jacobs Louden<br>Rodger D. Smith II<br>Morris, Nichols, Arsht & Tunnell LLP<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>jblumenfeld@mnat.com<br>klouden@mnat.com<br>rsmith@mnat.com | John W. Shaw<br>Young, Conaway, Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19899-0391<br>jshaw@ycst.com |
| Richard K. Herrmann<br>Mary B. Matterer<br>Amy Arnott Quinlan<br>Morris James LLP<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801-1494<br>rherrmann@morrisjames.com | Richard D. Kirk<br>Scott G. Wilcox<br>Stephen B. Brauerman<br>Bayard, PA<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899<br>rkirk@bayardlaw.com<br>swilcox@bayardlaw.com<br>sbrauerman@bayardlaw.com |

| | |
|---|---|
| Fredrick L. Cottrell, III<br>Kelly E. Farnan<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>cottrell@rlf.com<br>farnan@rlf.com | Peter J. Toren<br>Lawrence B. Goodwin<br>Monica V. Bhattacharyya<br>Stefan R. Stoyanov<br>Kasowitz, Benson, Torres & Friedman<br>LLP<br>1633 Broadway<br>New York, NY 10019<br>ptoren@kasowitz.com<br>lgoodwin@kasowitz.com<br>mbhattacharyya@kasowitz.com<br>sstoyanov@kasowitz.com |
| Josh A. Krevitt<br>Charles J. Bourdreau<br>Gibson, Dunn & Crutcher LLP<br>200 Park Avenue, 47th Floor<br>New York, New York 10166-0193<br>jkrevitt@gibsondunn.com<br>cboudreau@gibsondunn.com | David Segal<br>Gibson, Dunn & Crutcher LLP<br>3161 Michelson Drive<br>Irvina, California 92612-4412<br>dsegal@gibsondunn.com |
| Amanda J. Tessar<br>Gibson, Dunn & Crutcher LLP<br>1801 California Street, Suite 4200<br>Denver, CO 80202-2642<br>atessar@gibsondunn.com | David S. Benyacar<br>Daniel L. Reisner<br>Kaye Scholer LLP<br>425 Park Avenue<br>New York, New York 10022<br>dbenyacar@kayescholer.com<br>dreisner@kayescholer.com |
| Matthew D. Powers<br>Edward R. Reines<br>Weil Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065<br>matthew.powers@weil.com<br>edward.reines@weil.com | Robert A. Van Nest<br>Brian L. Ferrall<br>Daralyn J. Durie<br>Leo L. Lam<br>Matthew M. Werdegar<br>KEKER & VAN NEST LLP<br>710 Sansome Street<br>San Francisco, CA 94111<br>rvannest@kvn.com<br>bferrall@kvn.com<br>ddurie@kvn.com<br>llam@kvn.com<br>mwerdegar@kvn.com |

| | |
|---|---|
| John Desmarais<br>Kirkland & Ellis LLP<br>Citigroup Center<br>153 East 53rd Street<br>New York, New York 10022<br>jdesmarais@kirkland.com | Eric R. Lamison<br>Kirkland & Ellis LLP<br>555 California Street, Ste. 2700<br>San Francisco, CA 94104<br>elamison@kirkland.com |
| Mitchell Stockwell<br>Kilpatrick & Stockton LLP<br>110 Peachtree Street, N.E.<br>Suite 2800<br>Atlanta, GA 30309<br>MStockwell@KilpatrickStockton.com | Bradford P. Lyerla<br>Kevin D. Hogg<br>Charles E. Juister<br>Marshall, Gerstein & Borun LLP<br>6300 Sears Tower<br>233 South Wacker Drive<br>Chicago, IL 60606-6357<br>blyerla@marshallip.com<br>khogg@marshallip.com<br>cjuister@marshallip.com |
| Richard Brown<br>Day Pitney LLP<br>200 Campus Drive<br>Florham Park, NJ 07932<br>rbrown@daypitney.com | Gerald Levy<br>Day Pitney LLP<br>7 Times Square<br>New York, NY 10036<br>glevy@daypitney.com |
| Jonathan Tropp<br>Day Pitney LLP<br>One Canterbury Green<br>201 Broad Street<br>Stamford, CT 06901 | |

By:    */s/ Collins J. Seitz, Jr.*
       Collins J. Seitz, Jr. (#2237)
       cseitz@cblh.com