**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: REMBRANDT TECHNOLOGIES, LP PATENT LITIGATION | ) ) ) ) ) ) ) ) MDL Docket No. 07-md-1848 (GMS) |
| MOTOROLA, INC., CISCO SYSTEMS, INC., SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, INC., THOMSON, INC., AMBIT MICROSYSTEMS, INC., and NETGEAR, INC., | ) ) ) ) ) ) ) Civil Action No. 07-752-GMS |
| Plaintiffs, | ) ) |
| v. | ) **JURY TRIAL DEMANDED** ) |
| REMBRANDT TECHNOLOGIES, LP, | ) ) ) |
| Defendant. | ) ) ) |
| REMBRANDT TECHNOLOGIES, LP, and REMBRANDT TECHNOLOGIES, LLC d/b/a REMSTREAM, | ) ) ) ) ) ) |
| Counter-Plaintiffs, | ) ) Civil Action No. 07-752-GMS |
| v. | ) ) |
| MOTOROLA, INC., CISCO SYSTEMS, INC., SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, INC., THOMSON, INC., AMBIT MICROSYSTEMS, INC., NETGEAR, INC., TIME WARNER CABLE, INC., TIME WARNER CABLE LLC, TIME WARNER NEW YORK CABLE LLC, TIME WARNER ENTERTAINMENT COMPANY, LP, COMCAST CORPORATION, COMCAST CABLE COMMUNICATIONS, LLC, CHARTER COMMUNICATIONS, INC., CHARTER COMMUNICATIONS OPERATING, LLC, | ) **JURY TRIAL DEMANDED** ) ) ) ) ) ) ) ) ) ) ) ) ) |

COXCOM, INC., CSC HOLDINGS, INC.,                    )
CABLEVISION SYSTEMS CORPORATION,                    )
ADELPHIACOMMINICATIONS                              )
CORPORATION, CENTURY-TCI CALIFORNIA                 )
COMMUNICATIONS, LP, CENTURY-TCI                     )
HOLDINGS, LLC, COMCAST OF                           )
FLORIDA/PENNSYLVANIA, L.P. (f/k/a                   )
PARNASSOS, LP), COMCAST OF                          )
PENNSYLVANIA II, L.P. (f/k/a CENTURY-TCI            )
CALIFORNIA, L.P.), PARNASSOS                        )
COMMUNICATIONS, LP, ADELPHIA                        )
CONSOLIDATION, LLC, PARNASSOS                       )
HOLDINGS, LLC., and WESTERN NY                      )
CABLEVISION, LP,                                    )
                                                    )
            Counter-Defendants.                     )
                                                    )
_____                )
                                                    )
REMBRANDT TECHNOLOGIES, LP, and                     )
REMBRANDT TECHNOLOGIES, LLC d/b/a                   )
REMSTREAM,                                           )
                                                    )
            Counter Counterclaim-Plaintiffs,        )
                                                    )
            v.                                       )
                                                    )
TIME WARNER ENTERTAINMENT-                          )
ADVANCE/NEWHOUSE PARTNERSHIP, and                  )
COMCAST CABLE COMMUNICATION                         )
HOLDINGS, INC.                                       )
                                                    )
            Counter Counterclaim-Defendants.        )
                                                    )
_____                )

**FIRST AMENDED REPLY OF REMBRANDT TECHNOLOGIES, LP
AND REMBRANDT TECHNOLOGIES, LLC d/b/a REMSTREAM TO
COUNTERCLAIMS OF COMCAST CABLE COMMUNICATIONS HOLDINGS, INC.,
COMCAST CORPORATION, COMCAST CABLE COMMUNICATIONS, LLC,
CENTURY-TCI CALIFORNIA COMMUNICATION, LP, COMCAST OF
FLORIDA/PENNSYLVANIA, LP, COMCAST OF PENNSYLVANIA II, LP
AND PARNASSOS COMMUNICATIONS, LP AND COUNTER-COUNTERCLAIMS**

Defendant/Counter-Plaintiffs Rembrandt Technologies, LP and Rembrandt Technologies,

LLC d/b/a Remstream (collectively "Rembrandt"), by their undersigned attorneys, reply to the

594583v2

counterclaims of Counter-Defendants Comcast Cable Communications Holdings, Inc., Comcast Corporation, Comcast Cable Communications, LLC, Century-TCI California Communications, LP, Comcast of Florida/Pennsylvania, LP, Comcast of Pennsylvania II, LP and Parnassos Communications, LP (collectively "Comcast Counterclaimants") as follows:

### Parties

1.      Comcast Corporation is a corporation organized under the laws of the Commonwealth of Pennsylvania, having its principal place of business at 1500 Market Street, Philadelphia, PA.

Answer:
Upon information and belief, Rembrandt admits that Comcast Corporation is a corporation organized under the laws of the state of Pennsylvania with its principal place of business at 1500 Market Street, Philadelphia, Pennsylvania 19103.

2.      Comcast Cable Communications, LLC is a limited liability company organized under the laws of the State of Delaware, having its principal place of business at One Comcast Center, Philadelphia, PA 19103.

Answer:
Upon information and belief, Rembrandt admits that Comcast Cable Communications, LLC is a limited liability company organized under the laws of Delaware having its principal place of business at One Comcast Center, Philadelphia, PA 19103.

3.      Century-TCI California Communications, LP is a limited partnership organized under the laws of the State of Delaware, having its principal place of business at One Comcast Center, Philadelphia, PA 19103.

Answer:
Upon information and belief, Rembrandt admits that Century-TCI California Communications, LP is a limited partnership organized under the laws of the state of Delaware having its principal place of business at One Comcast Center, Philadelphia, PA 19103.

594583v2

4.    Comcast of Florida/Pennsylvania, LP, f/k/a Parnassos, LP, is a limited partnership organized under the laws of the State of Delaware, having its principal place of business at One Comcast Center, Philadelphia, PA 19103.

Answer:
Upon information and belief, Rembrandt admits that Comcast of Florida/Pennsylvania, LP, f/k/a Parnassos, LP, is a limited partnership organized under the laws of the state of Delaware having its principal place of business at One Comcast Center, Philadelphia, PA 19103.

5.    Comcast of Pennsylvania II, LP, f/k/a Century-TCI California, LP, is a limited partnership organized under the laws of the State of Delaware, having its principal place of business at One Comcast Center, Philadelphia, PA 19103.

Answer:
Upon information and belief, Rembrandt admits that Comcast of Pennsylvania II, LP, f/k/a Century-TCI California, LP, is a limited partnership organized under the laws of the state of Delaware having its principal place of business at One Comcast Center, Philadelphia, PA 19103.

6.    Parnassos Communications, LP is a limited partnership organized under the laws of the State of Delaware, having its principal place of business at One Comcast Center, Philadelphia, PA 19103.

Answer:
Upon information and belief, Rembrandt admits that Parnassos Communications, LP is a limited partnership organized under the laws of the state of Delaware having its principal place of business at One Comcast Center, Philadelphia, PA 19103.

7.    Comcast Cable Communications Holdings, Inc. is a corporation organized under the laws of the State of Delaware, having its principal place of business at One Comcast Center, Philadelphia, PA 19103.    Joinder of Comcast Cable Communications Holdings, Inc., as a counter-counterclaimant is proper under Federal Rules of Civil Procedure 13(h) and 19.

Answer:
Upon information and belief, Rembrandt admits that Comcast Cable Communications Holdings, Inc. is a corporation organized under the laws of the state of Delaware having its principal place of business at One Comcast Center, Philadelphia, PA 19103. Upon information and belief, Rembrandt admits that joinder of Comcast Cable Communications Holdings, Inc.'s is proper.

594583v2

8.    On information and belief, Rembrandt Technologies, LP is a limited partnership organized under the laws of the State of New Jersey with its principal place of business at 401 City Avenue, Suite 900, Bala Cynwyd, PA.

Answer:
Admitted.


9.    On information and belief, Rembrandt Technologies, LLC d/b/a Remstream is a limited liability corporation organized under the laws of the State of Delaware with its headquarters at 401 City Avenue, Suite 900, Bala Cynwyd, PA.

Answer:
Admitted.

## Jurisdiction and Venue

10.    This Court has jurisdiction over the Counter-Counterclaims under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws in Title 35 of the United States Code.

Answer:
    Admitted that this Court has subject matter jurisdiction and that the Comcast Counterclaimants purport to seek a declaratory judgment pursuant to 28 U.S.C. § 2201 and 2202, but denied that the Comcast Counterclaimants are entitled to their requested relief.


11.    This Court has personal jurisdiction over Rembrandt Technologies, LP and Rembrandt Technologies, LLC d/b/a Remstream, because they have submitted to the jurisdiction of this Court, regularly conduct business in Delaware, and have other sufficient contacts with Delaware.  In addition, Rembrandt Technologies, LLC d/b/a Remstream is a Delaware entity.

Answer:
Admitted only that this Court has personal jurisdiction over Rembrandt, which as defined above includes Remstream, for purposes of this case and that Rembrandt Technologies, LLC is a Delaware entity.  Except as expressly admitted, the remaining allegations of this paragraph 11 are denied.

594583v2

12.     Venue in this District is proper under 28 U.S.C. §§ 1391 and 1400.

Answer:
Rembrandt does not contest that venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400, but denied that the Comcast Counterclaimants are entitled to their requested relief.

## Facts

13.     On information and belief, Rembrandt claims to own all rights, title, and interest in and to the '819, '903, '761, '858, '234, '631, '159 and '444 patents.  In addition, Rembrandt claims to own all rights, title and interest in and to United States Patent No. 5,243,627 ("the '627 patent"), entitled "Signal Point Interleaving Technique" ("the '627 patent"), issued on September 7, 1993.  (Ex. A hereto)

Answer:
Admitted that Rembrandt Technologies, LP owns all rights, title and interest in the '819, '903, '761, '858, '234, '631, '159, '444 and the '627 patents.

14.     Rembrandt has accused one or more of the Comcast Counter-Counterclaimants and one or more of the Comcast Counter-Defendants' parents, subsidiaries or affiliates, including the parent of and subsidiaries of Comcast Cable Communications Holdings, Inc., of infringing the '819, '903, '761, '858, '234, '631, '159, '444, and '627 patents ("Rembrandt's asserted patents").

Answer:
Admitted.

15.     An actual case or controversy exists between the Comcast Counter-Counterclaimants and Rembrandt as to the infringement, validity, and enforceability of Rembrandt's asserted patents.

Answer:
Admitted.

**Count I**
**Declaratory Judgment of Noninfringement, Invalidity and**
**Non-infringement of the '819 Patent**

16.    The Comcast Counter-Counterclaimants reallege and incorporate by reference Paragraphs 1 through 15 above, and all responses set forth above by the Comcast Counter-Defendants in their Reply to Rembrandt's Counterclaims and Affirmative Defenses.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 15, and all allegations in their Counterclaims asserted against the Comcast Counter- Defendants as if fully set forth herein.

17.    The Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates, have not infringed and are not now infringing the '819 patent.

Answer:
Denied.

18.    The Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates have not caused others to infringe, and are not now causing others to infringe, the '819 patent.

Answer:
Denied.

19.    The '819 patent is invalid under, without limitations, 35 U.S.C. §§ 101-103, 112.

Answer:
Denied.

20.    Rembrandt has committed patent misuse by accusing the Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates, of infringing the '819 patent with knowledge that the '819 patent is invalid and/or not infringed.
Answer:
Denied.

594583v2

21.    The Comcast Counter-Counterclaimants are entitled to a declaratory judgment that neither they, nor their parents, subsidiaries or affiliates have infringed, nor are infringing, the '819 patent, and that the '819 patent is invalid and unenforceable.

Answer:
Denied.


22.    This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and the Comcast Counter-Claimants are entitled to an award of their reasonable attorneys' fees.

Answer:
        Denied that this case is exceptional with respect to any claim for attorneys' fees by the Comcast Counter-Defendants.

**Count II**
**Declaratory Judgment of Non-infringement, Invalidity and**
**Non-infringement of the '903 Patent**

23.    The Comcast Counter-Counterclaimants reallege and incorporate by reference Paragraphs 1 through 22 above, and all responses set forth above by the Comcast Counter-Defendants in their Reply to Rembrandt's Counterclaims and Affirmative Defenses.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 22, and all allegations in their Counterclaims asserted against the Comcast Counter- Defendants as if fully set forth herein.

24.    The Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates, have not infringed and are not now infringing the '903 patent.

Answer:
Denied.


25.    The Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates have not caused others to infringe, and are not now causing others to infringe, the '903 patent.

Answer:
Denied.

594583v2

26.     The '903 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 122.

Answer:
Denied.


27.     Rembrandt has committed patent misuse by accusing the Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates, of infringing the '903 patent with knowledge that the '903 patent is invalid and/or not infringed.

Answer:
Denied.


28     The Comcast Counter-Counterclaimants are entitled to a declaratory judgment that neither they, nor their parents, subsidiaries or affiliates have infringed, nor are infringing, the '903 patent, and that the '903 patent is invalid and unenforceable.

Answer:
Denied.


29.     This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and the Comcast Counter-Claimants are entitled to an award of their reasonable attorneys' fees.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by the Comcast Counter-Defendants.

**Count III**
**Declaratory Judgment of Non-infringement, Invalidity and**
**Non-infringement of the '761 Patent**

30.     The Comcast Counter-Counterclaimants reallege and incorporate by reference Paragraphs 1 through 29 above, and all responses set forth above by the Comcast Counter-Defendants in their Reply to Rembrandt's Counterclaims and Affirmative Defenses.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 29, and all allegations in their Counterclaims asserted against the Comcast Counter- Defendants as if fully set forth herein.

594583v2

31.    The Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates, have not infringed and are not now infringing the '761 patent.

Answer:
Denied.


32.    The Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates have not caused others to infringe, and are not now causing others to infringe, the '761 patent.

Answer:
Denied.


33.    The '761 patent is invalid under, without limitation, 35 U.S.C. §§ 101-13, 122.

Answer:
Denied.


34.    Rembrandt has committed patent misuse by accusing the Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates, of infringing the '761 patent with knowledge that the '761 patent is invalid and/or not infringed.

Answer:
Denied.


35.    The Comcast Counter-Counterclaimants are entitled to a declaratory judgment that neither they, nor their patents, subsidiaries or affiliates have infringed, nor are infringing, the '761 patent, and that the '761 patent is invalid and unenforceable.

Answer:
Denied.


36.    This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and the Comcast Counter-Claimants are entitled to an award of their reasonable attorneys' fees.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by the Comcast Counter-Defendants.

594583v2

**Count IV**
**Declaratory Judgment of Non-infringement, Invalidity and**
**Non-infringement of the '858 Patent**

37.    The Comcast Counter-Counterclaimants reallege and incorporate by reference Paragraphs 1 through 36 above, and all responses set forth above by the Comcast Counter-Defendants in their Reply to Rembrandt's Counterclaims and Affirmative Defenses.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 36, and all allegations in their Counterclaims asserted against the Comcast Counter- Defendants as if fully set forth herein.

38.    The Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates, have not infringed and are not now infringing the '858 patent.

Answer:
Denied.

39.    The Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates have not caused others to infringe and are not now infringing the '858 patent.

Answer:
Denied.

40.    The '858 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 112.

Answer:
Denied.

41.    Rembrandt has committed patent misuse by accusing the Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates, of infringing the '858 patent with knowledge that the'858 patent is invalid and/or not infringed.

Answer:
Denied.

594583v2

42.    The Comcast Counter-Counterclaimants are entitled to a declaratory judgment that neither they, nor their parents, subsidiaries or affiliates have infringed, nor are infringing, the '858 patent, and that the '858 patent is invalid and unenforceable.

Answer:
Denied.


43.    This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and the Comcast Counter-Claimants are entitled to an award of their reasonable attorneys' fees.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by the Comcast Counter-Defendants.

## Count V
### Declaratory Judgment of Non-infringement, Invalidity and Non-infringement of the '234 Patent

44.    The Comcast Counter-Counterclaimants reallege and incorporate by reference Paragraphs 1 through 43 above, and all responses set forth above by the Comcast Counter-Defendants in their Reply to Rembrandt's Counterclaims and Affirmative Defenses.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 43, and all allegations in their Counterclaims asserted against the Comcast Counter- Defendants as if fully set forth herein.


45.    The Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates, have not infringed and are not now infringing the '234 patent.

Answer:
Denied.


46.    The Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates have not caused others to infringe, and are not now causing others to infringe, the '234 patent.

Answer:
Denied.

594583v2

47.    The '234 patent is invalid under, without limitation, 35 U.S.C. § 101-103, 112.

Answer:
Denied.

48.    Rembrandt has committed patent misuse by accusing the Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates, of infringing the '234 patent with knowledge that the '234 patent is invalid and/or not infringed.

Answer:
Denied.

49.    The Comcast Counter-Counterclaimants are entitled to a declaratory judgment that neither they, nor their parents, subsidiaries or affiliates have infringed, nor are infringing, the '234 patent, and that the '234 patent is invalid and unenforceable.

Answer:
Denied.

50.    This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and the Comcast Counter-Claimants are entitled to an award of their reasonable attorneys' fees.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by the Comcast Counter-Defendants.

## Count VI
### Declaratory Judgment of Non-infringement, Invalidity and
### Non-infringement of the '631 Patent

51.    The Comcast Counter-Counterclaimants reallege and incorporate by reference Paragraphs 1 through 50 above, and all responses set forth above by the Comcast Counter-Defendants in their Reply to Rembrandt's Counterclaims and Affirmative Defenses.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 50, and all allegations in their Counterclaims asserted against the Comcast Counter- Defendants as if fully set forth herein.

.

594583v2

52.    The Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates, have not infringed and are not now infringing the '631 patent.

Answer:
Denied.


53.    The Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates have not caused others to infringe, and are not now causing others to infringe, the '631 patent.

Answer:
Denied.


54.    The '631 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 112.

Answer:
Denied.


55.    Rembrandt has committed patent misuse by accusing the Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates, of infringing the '631 patent with knowledge that the '631 patent is invalid and/or not infringed.

Answer:
Denied.


56.    The Comcast Counter-Counterclaimants are entitled to a declaratory judgment that neither they, nor their parents, subsidiaries or affiliates have infringed, nor are infringing, the '631 patent, and that the '631 patent is invalid and unenforceable.

Answer:
Denied.


57.    This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and the Comcast Counter-Claimants are entitled to an award of their reasonable attorneys' fees.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by the Comcast Counter-Defendants.

594583v2

**Count VII**
**Declaratory Judgment of Non-infringement, Invalidity and**
**Non-infringement of the '159 Patent**

58.    The Comcast Counter-Counterclaimants reallege and incorporate by reference Paragraphs 1 through 57 above, and all responses set forth above by the Comcast Counter-Defendants in their Reply to Rembrandt's Counterclaims and Affirmative Defenses.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 57, and all allegations in their Counterclaims asserted against the Comcast Counter- Defendants as if fully set forth herein.

.

59.    The Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates, have not infringed and are not now infringing the '159 patent.

Answer:
Denied.

60.    The Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates have not caused others to infringe, and are not now causing others to infringe, the '159 patent.

Answer:
Denied.

61.    The '159 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 112.

Answer:
Denied.

62.    Rembrandt has committed patent misuse by accusing the Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates, of infringing the '159 patent with knowledge that the '159 patent is invalid and/or not infringed.

Answer:
Denied.

594583v2

63.    The Comcast Counter-Counterclaimants are entitled to a declaratory judgment that neither they, nor their parents, subsidiaries or affiliates have infringed, nor are infringing, the '159 patent, and that the '159 patent is invalid and unenforceable.

Answer:
Denied.

64.    This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and the Comcast Counter-Claimants are entitled to an award of their reasonable attorneys' fees.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by the Comcast Counter-Defendants.

## Count VIII
## Declaratory Judgment of Non-infringement, Invalidity and
## Non-infringement of the '444 Patent

65.    The Comcast Counter-Counterclaimants reallege and incorporate by reference Paragraphs 1 through 64 above, and all responses set forth above by the Comcast Counter-Defendants in their Reply to Rembrandt's Counterclaims and Affirmative Defenses.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 64, and all allegations in their Counterclaims asserted against the Comcast Counter- Defendants as if fully set forth herein.

66.    The Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates, have not infringed and are not now infringing the '444 patent.

Answer:
Denied.

67.    The Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates have not caused others to infringe, and are not now causing others to infringe, the '444 patent.

Answer:
Denied.

594583v2

68.    The '444 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 112.

Answer:
Denied.


69.    Rembrandt has committed patent misuse by accusing the Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates, of infringing the '444 patent with knowledge that the '444 patent is invalid and/or not infringed.

Answer:
Denied.


70.    The Comcast Counter-Counterclaimants are entitled to a declaratory judgment that neither they, nor their parents, subsidiaries or affiliates have infringed, nor are infringing, the '444 patent, and that the '444 patent is invalid and unenforceable.

Answer:
Denied.


71.    This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and the Comcast Counter-Claimants are entitled to an award of their reasonable attorneys' fees.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by the Comcast Counter-Defendants.

## Count IX
### Declaratory Judgment of Non-infringement, Invalidity and
### Non-infringement of the '627 Patent

72.    The Comcast Counter-Counterclaimants reallege and incorporate by reference Paragraphs 1 through 71 above, and all responses set forth above by the Comcast Counter-Defendants in their Reply to Rembrandt's Counterclaims and Affirmative Defenses.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 71, and all allegations in their Counterclaims asserted against the Comcast Counter- Defendants as if fully set forth herein.

594583v2

73.    The Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates, have not infringed and are not now infringing the '627 patent.

Answer:
Denied.

74.    The Comcast Counter-Counterclaimants, and their parents, subsidiaries or affiliates have not caused others to infringe, and are not now causing others to infringe, the '627 patent.

Answer:
Denied.

75.    The '627 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 112.

Answer:
Denied.

76.    Any attempt by Rembrandt to assert the claims of the '627 patent against the Comcast Counter-Counterclaimants, their parents, subsidiaries or affiliates, is barred by the doctrine of laches. Rembrandt has accused devices that practice the Advanced Television Systems Committee ("ATSC") standard of infringing the '627 patent. However, the Comcast Counter-Counterclaimants, their parents, subsidiaries or affiliates and/or each of the foregoing's predecessors in interest, have used products or services that comply with the ATSC standard since no later than February 2001. Rembrandt and/or its predecessors in interest knew or reasonably should have known that the Comcast Counter-Counterclaimants, their parents, subsidiaries or affiliates, and/or each of the foregoing's predecessors in interest had used such products or services at that time and since. However, Rembrandt failed to assert the '627 patent against the Comcast Counter-Counterclaimants until September 2005. Rembrandt's delay is unreasonable and inexcusable, and has caused the Comcast Counter-Counterclaimants material evidentiary and/or economic prejudice. Rembrandt's claims under the '627 patent are accordingly barred by laches.

Answer:
Rembrandt admits that it has accused devices that practice the ATSC standard of infringing the '627 patent, and that Rembrandt asserted the '627 patent against various Comcast entities in September 2005. Rembrandt lacks knowledge or information sufficient to know whether various Comcast entities have used products or services that comply with the ATSC standard since no later than February 2001 and on that basis denies those allegations. By way of further answer, the time period relied upon by Comcast to support its laches argument, February 2001 to September 2005, is insufficient to raise a presumption of laches. Rembrandt lacks knowledge of the information in the possession of its predecessors in interest, but upon obtaining sufficient information to assert infringement claims against Comcast, Rembrandt promptly

594583v2

asserted the '627 patent.    Except as expressly admitted, Rembrandt denies the remaining allegations of paragraph 76.


77.    Rembrandt has committed patent misuse by accusing the Comcast Counter-Counterclaimants, or their parents, subsidiaries or affiliates, of infringing the '627 patent with knowledge that the '627 patent is invalid and/or not infringed.

Answer:
Denied.


78.    More specifically, and without limiting the generality of the foregoing paragraph, when the '627 patent issued in 1993, it was assigned to AT&T Bell Laboratories, a subsidiary or affiliate of AT&T Corporation ("AT&T"). Also in 1993, AT&T and several other companies and institutions joined together to form the HDTV Grand Alliance, whose mission was to develop a standard for the transmission of digital television. The Grand Alliance coordinated with the ATSC, a standards-setting organization, to create a standard for high-definition television broadcasting. The FCC ultimately adopted the major components of the ATSC standard. In adopting the ATSC standard, the FCC expressly premised its order upon, among other things, the Grand Alliance members' agreement to make any of their relevant patents available either free of charge or on a reasonable, nondiscriminatory basis. AT&T, as a member of the Grand Alliance, was bound by this agreement, and expressly committed to make licenses to any patents that it deemed essential to practicing that standard available under reasonable terms and conditions on a non-discriminatory, non-exclusive basis.

Answer:
Rembrandt admits that the '627 patent issued in 1993, that it was assigned to AT&T Bell Labs, and that Bell Labs was affiliated with AT&T. Rembrandt further admits that AT&T along with other companies was a member of the Grand Alliance, that the Grand Alliance worked with the ATSC, a standard setting organization, to develop a possible standard for high definition television broadcasting, and that the FTC adopted a standard for high definition television broadcasting.    Rembrandt further admits that AT&T IPM sent a letter offering to license its patents which relate to the ATSC standard, to the extent that the claims of its patents were directed toward and essential to the implementation of the standard.    Rembrandt is without sufficient information or knowledge to know whether the FCC premised its order adopting a high definition television broadcasting standard on the agreement of Grand Alliance members to make their relevant patents available for free or on a reasonable, non-discriminatory basis and on that basis denies those allegations.    Except as expressly admitted, Rembrandt denies the remaining allegations of Paragraph 78.

594583v2

79.     When Paradyne Corporation was spun off from AT&T, it took any rights that it may have had to the '627 patent subject to AT&T's commitment to license that patent on reasonable and nondiscriminatory terms. When Rembrandt purchased the '627 patent from Paradyne, it similarly took any rights to that patent subject to the agreement that AT&T had made to license the patent on reasonable terms and on a non-discriminatory basis.

Answer:
Denied.

80.     Rembrandt has actual knowledge of AT&T's commitment with respect to the '627 patent. Yet in asserting that Comcast infringes the '627 patent by allegedly practicing the ATSC standard, Rembrandt has failed to honor AT&T' s commitment to license that patent at reasonable and nondiscriminatory rates; instead, Rembrandt seeks exorbitant and oppressive royalty rates, and an injunction. Rembrandt's conduct constitutes patent misuse.

Answer:
Denied.

81.     The '627 patent is also unenforceable because it was obtained through inequitable conduct. More specifically, William Betts (a named inventor on the '627 patent) committed fraud on the U.S. Patent and Trademark Office ("PTO") when prosecuting the '627 patent. Mr. Betts's fraud on the PTO renders the '627 patent unenforceable.

Answer:
Denied.

82.     As described in more detail below, while prosecuting the '627 patent, Mr. Betts knew of multiple prior art references material to the patentability of the claims in the '627 patent. But Mr. Betts failed to disclose those items of prior art and in so doing violated his duty of candor to the PTO. Moreover, Comcast is informed and believes that Mr. Betts failed to disclose these references with an intent to deceive the PTO.

Answer:
Denied.

83.     Mr. Betts is a named inventor on United States Patent No. 4,677,626 ("the '626 patent"), entitled "Self-Synchronizing Interleaver for Trellis Encoder Used in Wireline Modems." That patent issued on June 30, 1987, and is therefore prior to the '627 patent. The '626 patent constitutes material prior art to the '627 patent, such that a reasonable patent examiner would have been substantially likely to consider it important in deciding whether to allow any claims in the application for the '627 patent to issue. Mr. Betts indisputably knew of the '626 patent and its materiality, as he was a named inventor on that prior-art patent. His failure to disclose the '626 patent violated his duty of candor to the PTO and constituted inequitable conduct, thus rendering the '627 patent unenforceable.

Answer:
Admitted that Mr. Betts is a named inventor on United States Patent No. 4,677,626 ("the '626 patent"), entitled "Self-Synchronizing Interleaver for Trellis Encoder Used in Wireline Modems." Admitted that the '626 patent issued on June 30, 1987, and issued prior to the '627 patent. Except as expressly admitted, the remaining allegations in this paragraph 83 are denied.

84.    United States Patent No. 5,052,000 ("the '000 patent"), entitled "Technique for Improving the Operation of Decision Feedback Equalizers in Communications Systems Using Error Correction," issued on September 24, 1991 to Wang et al. based on an application filed on June 9, 1989. It is therefore prior art to the '627 patent. The '000 patent constitutes material prior art to the '627 patent, such that a reasonable patent examiner would have been likely to consider it important in deciding whether to allow any claims in the application for the '627 patent to issue. On information and belief, Mr. Betts knew of the invention of the '000 patent and its materiality, as he was a colleague of Wang's in the AT&T family of companies, and received a paper co-authored by Wang that described the invention of the prior-art '000 patent. Mr. Betts's failure to disclose the '000 patent to the PTO violated his duty of candor to the PTO and constituted inequitable conduct, thus rendering the '627 patent unenforceable.

Answer:
Rembrandt admits the allegations in the first sentence of paragraph 84. Except as expressly admitted, the remaining allegations in this paragraph 84 are denied.

85.    The Comcast Counter-Counterclaimants are entitled to a declaratory judgment that neither they, nor their parents, subsidiaries or affiliates have infringed, nor are infringing the '627 patent, and that the '627 patent is invalid and unenforceable.

Answer:
Denied.

86.    This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and the Comcast Counter-Counterclaimants are entitled to an award of its reasonable attorneys' fees.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by the Comcast Counter-Defendants.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1.    The counterclaims fail to state a claim upon which relief can be granted.

594583v2

### Second Affirmative Defense

2.    The '819, '903, '761, '858, '234, '631, '159, '444, and '627 patents are enforceable in all respects and infringed by Comcast.

### Third Affirmative Defense

3.    Comcast's counterclaims are barred, in whole or in part, by the doctrine of estoppel.

### Fourth Affirmative Defense

4.    Comcast's counterclaims are barred, in whole or in part, by the doctrine of waiver.

### Fifth Affirmative Defense

5.    Comcast's counterclaims are barred, in whole or in part, by applicable limitations doctrines, including the statute of limitations.

### Sixth Affirmative Defense

6.    Comcast's counterclaims are based on a purported agreement to agree, which is unenforceable under applicable law.

### Seventh Affirmative Defense

7.    Comcast's counterclaims are based upon a purported agreement with open essential terms, which cannot be supplied under applicable law.

### Eighth Affirmative Defense

8.    To the extent there was an enforceable promise, it was solely a promise to negotiate; there was no intention to permit any third party or a court to impose licensing terms.

### Ninth Affirmative Defense

9.    Comcast's counterclaims are barred by the doctrine of laches.

594583v2

### Tenth Affirmative Defense

10.     Comcast's counterclaims fail as a matter of law based on a lack of contractual privity between Rembrandt and Comcast involving any alleged contractually binding obligation entered into by AT&T and/or AT&T IPM.

### Eleventh Affirmative Defense

11.     Comcast's counterclaims fail as a matter of law because Comcast materially breached any express or implied contract, thereby excusing Rembrandt from any alleged obligation that it might otherwise have had.

### Twelfth Affirmative Defense

12.     Comcast is not entitled to the relief requested as a matter of law.

### Thirteenth Affirmative Defense

13.     Comcast's counterclaims fail, in whole or in part, because Comcast failed to fulfill conditions precedent to any obligation to offer a license to it.

### Fourteenth Affirmative Defense

14.     Rembrandt reserves the right to assert additional and/or different affirmative defenses as discovery progresses, and hereby reserves the right to amend its reply to Comcast's Counterclaim in support of any such defenses.

### PRAYER FOR RELIEF

Rembrandt denies that the Comcast Counterclaimants are entitled to any of the relief requested in its prayer for relief.  Rembrandt respectfully requests that the Court enter judgment in its favor and against the Comcast Counterclaimants on all of their claims; that the Court find this case exceptional and award Rembrandt its costs and attorneys' fees pursuant to 35 U.S.C. §

594583v2

285; and that the Court award Rembrandt such other further relief as the Court deems appropriate.

## REMBRANDT TECHNOLOGIES, LP'S, AND REMBRANDT TECHNOLOGIES, LLC'S COUNTER-COUNTERCLAIMS AGAINST THE COMCAST COUNTERCLAIMANTS FOR PATENT INFRINGEMENT

Defendant/counter-plaintiff, counter-defendant and counter-counterclaim plaintiff, Rembrandt Technologies, LP ("Rembrandt") and counter-plaintiff, counter-defendant, and counter-counterclaim plaintiff, Rembrandt Technologies, LLC, d/b/a Remstream ("Remstream"), by and through the undersigned attorneys, asserts the following counterclaims against the Comcast Counterclaimants under the United States Patent Act, 35 U.S.C. § 1 et seq., as follows:

### THE PARTIES

1.    Rembrandt is a limited partnership organized under the laws of the state of New Jersey with its principal place of business at 401 City Avenue, Suite 900, Bala Cynwyd, PA 19004.

2.    Rembrandt Technologies, LLC, a Delaware LLC, is wholly owned by Rembrandt and does business as "Remstream." Remstream has its headquarters at 401 City Avenue, Suite 900, Bala Cynwyd, PA 19004. Joinder of Remstream, the exclusive licensee of the 761, '234, '159, and '444 patents, as a counter-counterclaim plaintiff in this counterclaim is proper under Federal Rules of Civil Procedure 13(h) and 20.

3.    Rembrandt has granted Remstream the exclusive right, under the '761, '234, '159, and '444 patents, to make, have made, import, sell, offer to sell, or otherwise distribute, DOCSIS 1.0/1.1, 2.0 and/or 3.0 compliant cable modems and/or EMTA cable modems.

594583v2

4.    Comcast Corporation is a corporation organized under the laws of the Commonwealth of Pennsylvania, having its principal place of business at 1500 Market Street, Philadelphia, PA.

5.    Comcast Cable Communications, LLC is a limited liability company organized under the laws of the State of Delaware, having its principal place of business at One Comcast Center, Philadelphia, PA 19103.

6.    Century-TCI California Communications, LP is a limited partnership organized under the laws of the State of Delaware, having its principal place of business at One Comcast Center, Philadelphia, PA 19103.

7.    Comcast of Florida/Pennsylvania, LP, f/k/a Parnassos, LP, is a limited partnership organized under the laws of the State of Delaware, having its principal place of business at One Comcast Center, Philadelphia, PA 19103.

8.    Comcast of Pennsylvania II, LP, f/k/a Century-TCI California, LP, is a limited partnership organized under the laws of the State of Delaware, having its principal place of business at One Comcast Center, Philadelphia, PA 19103.

9.    Parnassos Communications, LP is a limited partnership organized under the laws of the State of Delaware, having its principal place of business at One Comcast Center, Philadelphia, PA 19103.

10.    Comcast Cable Communications Holdings, Inc. ("CCCHI") is a corporation organized under the laws of the state of Delaware, having it principal place of business at One Comcast Center, Philadelphia, Pennsylvania, 19103.

594583v2

## JURISDICTION AND VENUE

11.     This is an action for patent infringement, arising under the patent laws of the United States, 35 U.S.C. § 1, et seq.

12.     Subject matter jurisdiction is proper in this court under 28 U.S.C. §§ 1331 and 1338(a).

13.     This Court has personal jurisdiction over the Comcast Counterclaimants because they either have previously availed themselves of the Court's jurisdiction, are Delaware entities, have property, offices, or personnel in Delaware, have committed acts of patent infringement in this judicial district, regularly transact business in Delaware, and/or have other sufficient contacts with Delaware.

14.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), and 1400(b).

## COUNT I - INFRINGEMENT OF U.S. PATENT NO. 4,937,819

15.     Rembrandt realleges and incorporates herein by reference the allegations stated in paragraphs 1-14 of this Counterclaim.

16.     Rembrandt is the owner of all right, title, and interest, including the right to sue, enforce, and recover damages for all infringements, of U.S. Patent No. 4,937,819, entitled "Time Orthogonal Multiple Virtual DCE Device for Use in Analog and Digital Networks" (the "'819 patent") (Exhibit A to Plaintiff/Counter-Defendants' Complaint).

17.     The '819 patent was duly and legally issued by the United States Patent and Trademark Office on June 26, 1990.

594583v2

18.    Upon information and belief, CCCHI has directly infringed, and is continuing to directly infringe, the '819 patent by practicing the inventions claimed in the '819 patent, in this district or otherwise within the United States.

19.    Upon information and belief, CCCHI will continue to infringe the '819 patent unless enjoined by this Court.  Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

### COUNT II - INFRINGEMENT OF U.S. PATENT NO. 5,008,903

20.    Rembrandt realleges and incorporates herein by reference the allegations stated in paragraphs 1-19 of this Counterclaim.

21.    Rembrandt is the owner of all right, title, and interest, including the right to sue, enforce, and recover damages for all infringements, of U.S. Patent No. 5,008,903, entitled "Adaptive Transmit Pre-Emphasis for Digital Modem Computed from Noise Spectrum" (the "'903 patent") (Exhibit B to Plaintiff/Counter-Defendants' Complaint).

22.    The '903 patent was duly and legally issued by the United States Patent and Trademark Office on April 16, 1991.

23.    Upon information and belief, CCCHI has directly infringed, and is continuing to directly infringe, the '903 patent by practicing the inventions claimed in the '903 patent, in this district or otherwise within the United States.

24.    Upon information and belief, CCCHI will continue to infringe the '903 patent unless enjoined by this Court.  Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

594583v2

### COUNT III - INFRINGEMENT OF U.S. PATENT NO. 5,710,761

25.    Rembrandt and Remstream reallege and incorporate herein by reference the allegations stated in paragraphs 1-24 of this Counterclaim.

26.    Rembrandt is the owner, and Remstream is the exclusive licensee, of U.S. Patent No. 5,701,761, entitled "Error Control Negotiation Based on Modulation" (the "'761 patent") (Exhibit C to Plaintiff/Counter-Defendants' Complaint).

27.    The '761 patent was duly and legally issued by the United States Patent and Trademark Office on January 20, 1998.

28.    Upon information and belief, CCCHI has directly infringed, and is continuing to directly infringe, the '761 patent by practicing the inventions claimed in the '761 patent, in this district or otherwise within the United States.

29.    Upon information and belief, CCCHI will continue to infringe the '761 patent unless enjoined by this Court.  Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

### COUNT IV - INFRINGEMENT OF U.S. PATENT NO. 5,719,858

30.    Rembrandt realleges and incorporates herein by reference the allegations stated in paragraphs 1-29 of this Counterclaim.

31.    Rembrandt is the owner of all right, title, and interest, including the right to sue, enforce, and recover damages for all infringements, of U.S. Patent No. 5,719,858, entitled "Time-Division Multiple-Access Method for Packet Transmission on Shared Synchronous Serial Buses" (the "'858 patent") (Exhibit D to Plaintiff/Counter-Defendants' Complaint).

594583v2

32.    The '858 patent was duly and legally issued by the United States Patent and Trademark Office on February 17, 1998.

33.    Upon information and belief, CCCHI has directly infringed, and is continuing to directly infringe, the '858 patent by practicing the inventions claimed in the '858 patent, in this district or otherwise within the United States.

34.    Upon information and belief, CCCHI will continue to infringe the '858 patent unless enjoined by this Court. Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

### COUNT V - INFRINGEMENT OF U.S. PATENT NO. 5,778,234

35.    Rembrandt and Remstream reallege and incorporate herein by reference the allegations stated in paragraphs 1-34 of this Counterclaim.

36.    Rembrandt is the owner, and Remstream is the exclusive licensee, of U.S. Patent No. 5,778,234, entitled "Method for Downloading Programs" (the "'234 patent") (Exhibit E to Plaintiff/Counter-Defendants' Complaint).

37.    The '234 patent was duly and legally issued by the United States Patent and Trademark Office on July 7, 1998.

38.    Upon information and belief, CCCHI has directly infringed, and is continuing to directly infringe, the '234 patent by practicing the inventions claimed in the '234 patent, in this district or otherwise within the United States.

39.    Upon information and belief, CCCHI will continue to infringe '234 patent unless enjoined by this Court. Upon information and belief, such infringement has been, and will

continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

### COUNT VI - INFRINGEMENT OF U.S. PATENT NO. 5,852,631

40.    Rembrandt realleges and incorporates herein by reference the allegations stated in paragraphs 1-39 of this Counterclaim.

41.    Rembrandt is the owner of all right, title, and interest, including the right to sue, enforce, and recover damages for all infringements, of U.S. Patent No. 5,852,631, entitled "System and Method for Establishing Link Layer Parameters based on Physical Layer Modulation" (the "'631 patent") (Exhibit F to Plaintiff/Counter-Defendants' Complaint).

42.    The '631 patent was duly and legally issued by the United States Patent and Trademark Office on December 22, 1998.

43.    Upon information and belief, CCCHI has directly infringed, and is continuing to directly infringe, the '631 patent by practicing the inventions claimed in the '631 patent, in this district or otherwise within the United States.

44.    Upon information and belief, CCCHI will continue to infringe the '631 patent unless enjoined by this Court.  Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

### COUNT VII - INFRINGEMENT OF U.S. PATENT NO. 6,131,159

45.    Rembrandt and Remstream reallege and incorporate herein by reference the allegations stated in paragraphs 1-44 of this Counterclaim.

594583v2

46.    Rembrandt is the owner, and Remstream is the exclusive licensee, of U.S. Patent No. 6,131,159, entitled "System for Downloading Programs" (the "'159 patent") (Exhibit G to Plaintiff/Counter-Defendants' Complaint).

47.    The '159 patent was duly and legally issued by the United States Patent and Trademark Office on October 10, 2000.

48.    Upon information and belief, CCCHI has directly infringed, and is continuing to directly infringe, the '159 patent by practicing the inventions claimed in the '159 patent, in this district or otherwise within the United States.

49.    Upon information and belief, CCCHI will continue to infringe the '159 patent unless enjoined by this Court.  Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT VIII - INFRINGEMENT OF U.S. PATENT NO. 6,950,444

50.    Rembrandt and Remstream reallege and incorporate herein by reference the allegations stated in paragraphs 1-49 of this Counterclaim.

51.    Rembrandt is the owner, and Remstream is the exclusive licensee, of U.S. Patent No. 6,950,444, entitled "System and Method for a Robust Preamble and Transmission Delimiting in a Switched-Carrier Transceiver (the "'444 patent") (Exhibit H to Plaintiff/Counter-Defendants' Complaint).

52.    The '444 patent was duly and legally issued by the United States Patent and Trademark Office on September 27, 2005.

594583v2

53.    Upon information and belief, CCCHI has directly infringed, and is continuing to directly infringe, the '444 patent by practicing the inventions claimed in the '444 patent, in this district or otherwise within the United States.

54.    Upon information and belief, CCCHI will continue to infringe the '444 patent unless enjoined by this Court.  Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

### COUNT IX – INFRINGEMENT OF U.S. PATENT NO. 5,243,627

55.    Rembrandt realleges and incorporates herein by reference the allegations stated in paragraphs 1-54 of this Counterclaim.

56.    Rembrandt is the owner of all right, title and interest of  U.S. Patent No. 5,243,627, entitled "Signal Point Interleaving Technique" ("the '627 patent") (Exhibit A to the Counterclaim of the Comcast Counterclaimants).

57.    The '627 patent was duly and legally issued by the United States Patent and Trademark Office on September 7, 1993.

58.    The Comcast Counterclaimants are operators of cable television systems throughout the United States.

59.    The Comcast Counterclaimants have directly or indirectly infringed, and are continuing to directly or indirectly infringe, the '627 patent by practicing or causing others to practice (by inducement and/or contributorily) the inventions claimed in the '627 patent, in this district or otherwise within the United States.  For example, the Comcast Counterclaimants have infringed and continue to infringe the '627 patent by their receipt and retransmission over their

cable television systems of digital terrestrial broadcast signals that comply with the ATSC Digital Television Standard.

60.    Upon information and belief, the Comcast Counterclaimants will continue to infringe the '627 patent unless enjoined by this Court. Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## PRAYER FOR RELIEF

WHEREFORE, Rembrandt and Remstream pray that they have judgment against the Comcast Counterclaimants for the following:

1.    A judgment that the Comcast Counterclaimants have infringed the patents-in-suit as alleged by Rembrandt and/or Remstream in the Counterclaims;

2.    A permanent injunction enjoining and restraining the Comcast Counterclaimants and their agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with them, from making, using, testing, offering to sell, selling, leasing, and importing into the United States any product, or using, offering to sell, offering to lease, selling, or leasing any service, that falls within the scope of any claim of a patent-in-suit asserted against a party.

3.    An award of damages, and pre-judgment and post-judgment interest;

4.    An award of increased damages pursuant to 35 U.S.C. § 284;

5.    A judgment that this case is exceptional under 35 U.S.C. § 285 and requiring the Comcast Counterclaimants to pay the costs of this action, including all disbursements and attorneys' fees; and

594583v2

6.    Such other and further relief, at law or in equity, to which Rembrandt and/or Remstream are justly entitled.

## JURY DEMAND

Rembrandt and Remstream hereby demand a jury trial on all issues appropriately triable by a jury.

Dated: April 11, 2008

/s/ Collins J. Seitz, Jr.
Collins J. Seitz, Jr. (#2237)
Francis DiGiovanni (#3189)
James D. Heisman (#2746)
Kristen Healey Cramer (#4512)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141
cseitz@cblh.com
fdigiovanni@cblh.com
jheisman@cblh.com
kcramer@cblh.com
*Attorneys for Rembrandt Technologies, LP, and Rembrandt Technologies, LLC d/b/a Remstream*

594583v2

## CERTIFICATE OF SERVICE

I, Collins J. Seitz, Jr., hereby certify that on the 5th day of May, 2008, a true copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following and the document is available for viewing and downloading from CM/ECF:

**BY E-MAIL**

| | |
|---|---|
| Jack B. Blumenfeld<br>Karen Jacobs Louden<br>Rodger D. Smith II<br>Morris, Nichols, Arsht & Tunnell LLP<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>jblumenfeld@mnat.com<br>klouden@mnat.com<br>rsmith@mnat.com | John W. Shaw<br>Young, Conaway, Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19899-0391<br>jshaw@ycst.com |
| Richard K. Herrmann<br>Mary B. Matterer<br>Amy Arnott Quinlan<br>Morris James LLP<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801-1494<br>rherrmann@morrisjames.com | Richard D. Kirk<br>Scott G. Wilcox<br>Stephen B. Brauerman<br>Bayard, PA<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899<br>rkirk@bayardlaw.com<br>swilcox@bayardlaw.com<br>sbrauerman@bayardlaw.com |

| | |
|---|---|
| Fredrick L. Cottrell, III<br>Kelly E. Farnan<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>cottrell@rlf.com<br>farnan@rlf.com | Peter J. Toren<br>Lawrence B. Goodwin<br>Monica V. Bhattacharyya<br>Stefan R. Stoyanov<br>Kasowitz, Benson, Torres & Friedman<br>LLP<br>1633 Broadway<br>New York, NY 10019<br>ptoren@kasowitz.com<br>lgoodwin@kasowitz.com<br>mbhattacharyya@kasowitz.com<br>sstoyanov@kasowitz.com |
| Josh A. Krevitt<br>Charles J. Bourdreau<br>Gibson, Dunn & Crutcher LLP<br>200 Park Avenue, 47th Floor<br>New York, New York 10166-0193<br>jkrevitt@gibsondunn.com<br>cboudreau@gibsondunn.com | David Segal<br>Gibson, Dunn & Crutcher LLP<br>3161 Michelson Drive<br>Irvina, California 92612-4412<br>dsegal@gibsondunn.com |
| Amanda J. Tessar<br>Gibson, Dunn & Crutcher LLP<br>1801 California Street, Suite 4200<br>Denver, CO 80202-2642<br>atessar@gibsondunn.com | David S. Benyacar<br>Daniel L. Reisner<br>Kaye Scholer LLP<br>425 Park Avenue<br>New York, New York 10022<br>dbenyacar@kayescholer.com<br>dreisner@kayescholer.com |
| Matthew D. Powers<br>Edward R. Reines<br>Weil Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065<br>matthew.powers@weil.com<br>edward.reines@weil.com | Robert A. Van Nest<br>Brian L. Ferrall<br>Daralyn J. Durie<br>Leo L. Lam<br>Matthew M. Werdegar<br>KEKER & VAN NEST LLP<br>710 Sansome Street<br>San Francisco, CA 94111<br>rvannest@kvn.com<br>bferrall@kvn.com<br>ddurie@kvn.com<br>llam@kvn.com<br>mwerdegar@kvn.com |

| | |
|---|---|
| John Desmarais<br>Kirkland & Ellis LLP<br>Citigroup Center<br>153 East 53rd Street<br>New York, New York 10022<br>jdesmarais@kirkland.com | Eric R. Lamison<br>Kirkland & Ellis LLP<br>555 California Street, Ste. 2700<br>San Francisco, CA 94104<br>elamison@kirkland.com |
| Mitchell Stockwell<br>Kilpatrick & Stockton LLP<br>110 Peachtree Street, N.E.<br>Suite 2800<br>Atlanta, GA 30309<br>MStockwell@KilpatrickStockton.com | Bradford P. Lyerla<br>Kevin D. Hogg<br>Charles E. Juister<br>Marshall, Gerstein & Borun LLP<br>6300 Sears Tower<br>233 South Wacker Drive<br>Chicago, IL 60606-6357<br>blyerla@marshallip.com<br>khogg@marshallip.com<br>cjuister@marshallip.com |
| Richard Brown<br>Day Pitney LLP<br>200 Campus Drive<br>Florham Park, NJ 07932<br>rbrown@daypitney.com | Gerald Levy<br>Day Pitney LLP<br>7 Times Square<br>New York, NY 10036<br>glevy@daypitney.com |
| Jonathan Tropp<br>Day Pitney LLP<br>One Canterbury Green<br>201 Broad Street<br>Stamford, CT 06901 | |

By:    */s/ Collins J. Seitz, Jr.*
        Collins J. Seitz, Jr. (#2237)
        cseitz@cblh.com