**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: REMBRANDT TECHNOLOGIES, LP PATENT LITIGATION | MDL Docket No. 07-md-1848 (GMS) |

| | |
|---|---|
| MOTOROLA, INC., CISCO SYSTEMS, INC., SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, INC., THOMSON, INC., AMBIT MICROSYSTEMS, INC., and NETGEAR, INC., | Civil Action No. 07-752-GMS |
| Plaintiffs, | |
| v. | **JURY TRIAL DEMANDED** |
| REMBRANDT TECHNOLOGIES, LP, | |
| Defendant. | |

| | |
|---|---|
| REMBRANDT TECHNOLOGIES, LP, and REMBRANDT TECHNOLOGIES, LLC d/b/a REMSTREAM, | |
| Counter-Plaintiffs, | Civil Action No. 07-752-GMS |
| v. | |
| MOTOROLA, INC., CISCO SYSTEMS, INC., SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, INC., THOMSON, INC., AMBIT MICROSYSTEMS, INC., NETGEAR, INC., TIME WARNER CABLE, INC., TIME WARNER CABLE LLC, TIME WARNER NEW YORK CABLE LLC, TIME WARNER ENTERTAINMENT COMPANY, LP, COMCAST CORPORATION, COMCAST CABLE COMMUNICATIONS, LLC, CHARTER COMMUNICATIONS, INC., CHARTER COMMUNICATIONS OPERATING, LLC, | **JURY TRIAL DEMANDED** |

COXCOM, INC., CSC HOLDINGS, INC.,                )
CABLEVISION SYSTEMS CORPORATION,                 )
ADELPHIACOMMINICATIONS                           )
CORPORATION, CENTURY-TCI CALIFORNIA              )
COMMUNICATIONS, LP, CENTURY-TCI                  )
HOLDINGS, LLC, COMCAST OF                        )
FLORIDA/PENNSYLVANIA, L.P. (f/k/a                )
PARNASSOS, LP), COMCAST OF                       )
PENNSYLVANIA II, L.P. (f/k/a CENTURY-TCI         )
CALIFORNIA, L.P.), PARNASSOS                     )
COMMUNICATIONS, LP, ADELPHIA                     )
CONSOLIDATION, LLC, PARNASSOS                    )
HOLDINGS, LLC, and WESTERN NY                    )
CABLEVISION, LP,                                 )
                                                 )
             Counter-Defendants.                 )
                                                 )
                                                 )
_____        )
                                                 )
REMBRANDT TECHNOLOGIES, LP, and                  )
REMBRANDT TECHNOLOGIES, LLC d/b/a                )
REMSTREAM,                                        )
                                                 )
             Counter Counterclaim-Plaintiffs,    )
                                                 )
             v.                                   )
                                                 )
TIME WARNER ENTERTAINMENT-                       )
ADVANCE/NEWHOUSE PARTNERSHIP, and                )
COMCAST CABLE COMMUNICATION                      )
HOLDINGS, INC.                                    )
                                                 )
             Counter Counterclaim-Defendants.    )
                                                 )
_____        )

### FIRST AMENDED REPLY OF REMBRANDT TECHNOLOGIES, LP AND REMBRANDT TECHNOLOGIES, LLC d/b/a REMSTREAM TO COUNTERCLAIMS OF COXCOM, INC. AND COUNTER-COUNTERCLAIM

Defendant/Counter-Plaintiffs Rembrandt Technologies, LP and Rembrandt Technologies, LLC d/b/a Remstream (collectively "Rembrandt"), by their undersigned attorneys, reply to the counterclaims of Counter-Defendant CoxCom, Inc. (hereinafter "CoxCom" or "Cox") as follows:

595861v1

## The Parties

1.      CoxCom, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business at 1400 Lake Hearn Dr., Atlanta, GA 30319.

Answer:
Upon information and belief, Rembrandt admits that CoxCom, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business at 1400 Lake Hearn Dr., Atlanta, GA 30319.


2.      On information and belief, Rembrandt is a limited partnership organized under the laws of the state of New Jersey with its principal place of business at 401 City Avenue, Suite 900, Bala Cynwyd, Pennsylvania.

Answer:
Admitted that Rembrandt Technologies, LP is a limited partnership organized under the laws of the state of New Jersey with its principal place of business at 401 City Avenue, Suite 900, Bala Cynwyd, Pennsylvania.


3.      On information and belief, Remstream is wholly owned by Rembrandt and is headquartered at 401 City Avenue, Suite 900, Bala Cynwyd, PA 19004.

Answer:
Admitted that Rembrandt Technologies, LLC is wholly owned by Rembrandt Technologies, LP, and also does business as Remstream and is headquartered at 401 City Avenue, Suite 900, Bala Cynwyd, PA.

## Jurisdiction and Venue

4.      This Court has jurisdiction over Cox's Counter-Counterclaim under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 and as arising under the Patent Laws in Title 35 of the United States Code.

Answer:
Rembrandt admits that Cox purports to bring a declaratory judgment counterclaim of non-infringement and invalidity under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 and the patent laws of the United States, 35 U.S.C. § 100 *et seq.* but denies that Cox is entitled to its requested relief.  Rembrandt does not dispute that this Court has jurisdiction over the asserted claims.

595861v1

5.     This Court has personal jurisdiction over Rembrandt and Remstream because they have submitted to the jurisdiction of this Court. In addition, on information and belief, the Court has personal jurisdiction over Rembrandt and Remstream because they regularly conduct business in Delaware, and have other sufficient contacts with Delaware.

Answer:
Admitted only that the Court has personal jurisdiction over Rembrandt, which as defined above includes Remstream, for purposes of this action.    Except as expressly admitted the allegations of this paragraph 5 are denied.

6.     Venue in this District is proper under 28 U.S.C. §§ 1391 and 1400.

Answer:
Rembrandt does not contest that venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400, but denies that Cox is entitled to its requested relief.

## Facts

7.     On information and belief, Rembrandt claims to own all rights, title, and interest in and to United States Patent Nos. 5,243,627 ('the '627 patent"); 4,937,819 ("the '819 patent"); 5,008,903 ("the '903 patent"); 5,719,858 ("the '858 patent"); and 5,852,631 ("the '631 patent").

Answer:
Admitted.

8.     Rembrandt has accused Cox of infringing the '627, '819, '903, '858, and '631 patents.

Answer:
Admitted.

9.     On information and belief, Rembrandt claims to own all rights, title, and interest in and to United States Patent Nos. 5,710,761 ("the '761 patent"); 5,778,234 ("the '234 patent"); 6,131,159 ("the '159 patent"); and 6,950,444 ("the '444 patent"), and has granted exclusive rights under the '761, '234, '159, and '444 patents to Remstream.

Answer:
Denied as stated. Admitted that Rembrandt Technologies, LP owns all right, title, and interest in and to United States Patent Nos. 5,710,761 ("the '761 patent"); 5,778,234 ("the '234 patent"); 6,131,159 ("the '159 patent"); and 6,950,444 ("the '444 patent"), and has granted exclusive rights under the '761, '234, '159, and '444 patents to Rembrandt Technologies, LLC which also does business as Remstream.

595861v1

10.     Rembrandt and Remstream have accused Cox of infringing the '761, '234, '159, and '444 patents.

Answer:
Admitted.


11.     An actual case or controversy exists between the parties as to the infringement, validity, and enforceability of the '627, '819, '858, '631, '761, '159, '234, '903, and '444 patents.

Answer:
Admitted.

## Count I
### Declaratory Judgment of Noninfringement, Invalidity and Unenforceability of the '627 Patent

12.     Cox realleges and incorporates by reference Paragraphs 1 through 11 above.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 11 as if fully set forth herein.


13.     Cox has not infringed and is not now infringing the '627 patent.

Answer:
Denied.


14.     Cox has not caused others to infringe, and is not now causing others to infringe, the '627 patent.

Answer:
Denied.


15.     The '627 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 112.

Answer:
Denied.

595861v1

16.     Any attempt by Rembrandt to assert the claims of the '627 patent against Cox is barred by the doctrine of laches at least because Rembrandt's delay in filing suit against Cox is unreasonable and inexcusable, and has caused Cox material evidentiary and/or economic prejudice.

Answer:
Denied.

17.     Cox is entitled to a declaratory judgment that it has not infringed and is not infringing the '627 patent, and that the '627 patent is invalid and unenforceable.

Answer:
Denied.

18.     This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and Cox is entitled to an award of its reasonable attorneys' fees.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by CoxCom.

**Count II**
**Declaratory Judgment of Noninfringement, Invalidity and**
**Unenforceability of the '858 Patent**

19.     Cox realleges and incorporates by reference Paragraphs 1 through 18 above.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 18 as if fully set forth herein.

20.     Cox has not infringed and is not now infringing the '858 patent.

Answer:
Denied.

21.     Cox has not caused others to infringe, and is not now causing others to infringe, the '858 patent.

Answer:
Denied.

595861v1

22.    The '858 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 112.

Answer:
Denied.


23.    Any attempt by Rembrandt to assert the claims of the '858 patent against Cox is barred by the doctrine of laches at least because Rembrandt's delay in filing suit against Cox is unreasonable and inexcusable, and has caused Cox material evidentiary and/or economic prejudice.

Answer:
Denied.


24.    Cox is entitled to a declaratory judgment that it has not infringed and is not infringing the '858 patent, and that the '858 patent is invalid and unenforceable.

Answer:
Denied.


25.    This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and Cox is entitled to an award of its reasonable attorneys' fees.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by CoxCom.

**Count III**
**Declaratory Judgment of Noninfringement, Invalidity and**
**Unenforceability of the '819 Patent**

26.    Cox realleges and incorporates by reference Paragraphs 1 through 25 above.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 25 as if fully set forth herein.


27.    Cox has not infringed and is not now infringing the '819 patent.

Answer:
Denied.

595861v1

28.    Cox has not caused others to infringe, and is not now causing others to infringe, the '819 patent.

Answer:
Denied.

29.    The '819 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 112.

Answer:
Denied.

30.    Any attempt by Rembrandt to assert the claims of the '819 patent against Cox is barred by the doctrine of laches at least because Rembrandt's delay in filing suit against Cox is unreasonable and inexcusable, and has caused Cox material evidentiary and/or economic prejudice.

Answer:
Denied.

31.    Cox is entitled to a declaratory judgment that it has not infringed and is not infringing the '819 patent, and that the '819 patent is invalid and unenforceable.

Answer:
Denied.

32.    This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and Cox is entitled to an award of its reasonable attorneys' fees.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by CoxCom.

**Count IV**
**Declaratory Judgment of Noninfringement, Invalidity and**
**Unenforceability of the '631 Patent**

33.    Cox realleges and incorporates by reference Paragraphs 1 through 32 above.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 32 as if fully set forth herein.

595861v1

34.    Cox has not infringed and is not now infringing the '631 patent.

Answer:
Denied.


35.    Cox has not caused others to infringe, and is not now causing others to infringe, the '631 patent.

Answer:
Denied.


36.    The '631 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 112.

Answer:
Denied.


37.    Any attempt by Rembrandt to assert the claims of the '631 patent against Cox is barred by the doctrine of laches at least because Rembrandt's delay in filing suit against Cox is unreasonable and inexcusable, and has caused Cox material evidentiary and/or economic prejudice.

Answer:
Denied.


38.    Cox is entitled to a declaratory judgment that it has not infringed and is not infringing the '631 patent, and that the '631 patent is invalid and unenforceable.

Answer:
Denied.


39.    This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and Cox is entitled to an award of its reasonable attorneys' fees.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by CoxCom.

**Count V**
**Declaratory Judgment of Noninfringement, Invalidity and**
**Unenforceability of the '761 Patent**

40.    Cox realleges and incorporates by reference Paragraphs 1 through 39 above.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 39 as if fully set forth herein.


41.    Cox has not infringed and is not now infringing the '761 patent.

Answer:
Denied.


42.    Cox has not caused others to infringe, and is not now causing others to infringe, the '761 patent.

Answer:
Denied.


43.    The '761 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 112.

Answer:
Denied.


44.    Any attempt by Rembrandt or Remstream to assert the claims of the '761 patent against Cox is barred by the doctrine of laches at least because Rembrandt's and Remstream's delay in filing suit against Cox is unreasonable and inexcusable, and has caused Cox material evidentiary and/or economic prejudice.

Answer:
Denied.


45.    Cox is entitled to a declaratory judgment that it has not infringed and is not infringing the '761 patent, and that the '761 patent is invalid and unenforceable.

Answer:
Denied.

46.     This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and Cox is entitled to an award of its reasonable attorneys' fees.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by CoxCom.

## Count VI
### Declaratory Judgment of Noninfringement, Invalidity and
### Unenforceability of the '444 Patent

47.     Cox realleges and incorporates by reference Paragraphs 1 through 46 above.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 46 as if fully set forth herein.

48.     Cox has not infringed and is not now infringing the '444 patent.

Answer:
Denied.

49.     Cox has not caused others to infringe, and is not now causing others to• infringe, the '444 patent.

Answer:
Denied.

50.     The '444 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 112.

Answer:
Denied.

51.     Any attempt by Rembrandt or Remstream to assert the claims of the '444 patent against Cox is barred by the doctrine of laches at least because Rembrandt's and Remstream's delay in filing suit against Cox is unreasonable and inexcusable, and has caused Cox material evidentiary and/or economic prejudice.

Answer:
Denied.

595861v1

52.     Cox is entitled to a declaratory judgment that it has not infringed and is not infringing the '444 patent, and that the '444 patent is invalid and unenforceable.

Answer:
Denied.


53.     This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and Cox is entitled to an award of its reasonable attorneys' fees.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by CoxCom.

## Count VII
### Declaratory Judgment of Noninfringement, Invalidity and <u>Unenforceability of the '234 Patent</u>

54.     Cox realleges and incorporates by reference Paragraphs 1 through 53 above.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 53 as if fully set forth herein.


55.     Cox has not infringed and is not now infringing the '234 patent.

Answer:
Denied.


56.     Cox has not caused others to infringe, and is not now causing others to infringe, the '234 patent.

Answer:
Denied.


57.     The '234 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 112.

Answer:
Denied.

595861v1

58.    Any attempt by Rembrandt or Remstream to assert the claims of the '234 patent against Cox is barred by the doctrine of laches at least because Rembrandt's and Remstream's delay in filing suit against Cox is unreasonable and inexcusable, and has caused Cox material evidentiary and/or economic prejudice.

Answer:
Denied.


59.    Cox is entitled to a declaratory judgment that it has not infringed and is not infringing the '234 patent, and that the '234 patent is invalid and unenforceable.

Answer:
Denied.


60.    This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and Cox is entitled to an award of its reasonable attorneys' fees.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by CoxCom.

### Count VIII
### Declaratory Judgment of Noninfringement, Invalidity and
### Unenforceability of the '159 Patent

61.    Cox realleges and incorporates by reference Paragraphs 1 through 60 above.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 60 as if fully set forth herein.


62.    Cox has not infringed and is not now infringing the '159 patent.

Answer:
Denied.


63.    Cox has not caused others to infringe, and is not now causing others to infringe, the '159 patent.

Answer:
Denied.

595861v1

64.    The '159 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 112.

Answer:
Denied.

65.    Any attempt by Rembrandt or Remstream to assert the claims of the '159 patent against Cox is barred by the doctrine of laches at least because Rembrandt's and Remstream's delay in filing suit against Cox is unreasonable and inexcusable, and has caused Cox material evidentiary and/or economic prejudice.

Answer:
Denied.

66.    Cox is entitled to a declaratory judgment that it has not infringed and is not infringing the '159 patent, and that the '159 patent is invalid and unenforceable.

Answer:
Denied.

67.    This Counter-Counterclaim is exceptional under 35 U.S.C. § 285, and Cox is entitled to an award of its reasonable attorneys' fees.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by CoxCom.

## Count IX
### Declaratory Judgment of Noninfringement, Invalidity and Unenforceability of the '903 Patent

68.    Cox realleges and incorporates by reference Paragraphs 1 through 67 above.

Answer:
Rembrandt incorporates by reference its responses to paragraphs 1 through 67 as if fully set forth herein.

69.    Cox has not infringed and is not now infringing the '903 patent.

Answer:
Denied.

595861v1

70.     Cox has not caused others to infringe, and is not now causing others to infringe, the '903 patent.

Answer:
Denied.


71.     The '903 patent is invalid under, without limitation, 35 U.S.C. §§ 101-103, 112.

Answer:
Denied.


72.     Any attempt by Rembrandt to assert the claims of the '903 patent against Cox is barred by the doctrine of laches at least because Rembrandt's delay in filing suit against Cox is unreasonable and inexcusable, and has caused Cox material evidentiary and/or economic prejudice.

Answer:
Denied.


73.     Cox is entitled to a declaratory judgment that it has not infringed and is not infringing the '903 patent, and that the '903 patent is invalid and unenforceable.

Answer:
Denied that this case is exceptional with respect to any claim for attorneys' fees by CoxCom.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1.     The Counterclaims fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

2.     The '819, '903, '761, '858, '234, '631, '159, '444, and '627 patents are enforceable in all respects and infringed by CoxCom, Inc.

### Third Affirmative Defense

3.     CoxCom's counterclaims are barred, in whole or in part, by the doctrine of estoppel.

     595861v1

### Fourth Affirmative Defense

4.    CoxCom's counterclaims are barred, in whole or in part, by the doctrine of waiver.

### Fifth Affirmative Defense

5.    CoxCom's counterclaims are barred by the doctrine of laches.

### Sixth Affirmative Defense

6.    CoxCom is not entitled to the relief requested as a matter of law.

### Seventh Affirmative Defense

7.    Rembrandt reserves the right to assert additional and/or different affirmative defenses as discovery progresses, and hereby reserves the right to amend its reply to CoxCom's Counterclaim in support of any such defenses.

### PRAYER FOR RELIEF

Rembrandt denies that CoxCom, Inc. is entitled to any of the relief requested in its prayer for relief.  Rembrandt respectfully requests that the Court enter judgment in its favor and against CoxCom, Inc. on all of their claims; that the Court find this case exceptional and award Rembrandt its costs and attorneys' fees pursuant to 35 U.S.C. § 285; and that the Court award Rembrandt such other further relief as the Court deems appropriate.

### REMBRANDT TECHNOLOGIES, LP'S, AND REMBRANDT TECHNOLOGIES, LLC'S COUNTER-COUNTERCLAIM AGAINST COXCOM, INC. FOR PATENT INFRINGEMENT

Defendant/counter-plaintiff,   counter-defendant,   and   counter-counterclaim   plaintiff, Rembrandt Technologies, LP ("Rembrandt"), by and through the undersigned attorneys, asserts

595861v1

the following counterclaim against CoxCom, Inc. ("CoxCom") under the United States Patent Act, 35 U.S.C. § 1 et seq., as follows:

## THE PARTIES

1.      Rembrandt is a limited partnership organized under the laws of the state of New Jersey with its principal place of business at 401 City Avenue, Suite 900, Bala Cynwyd, PA 19004.

2.      CoxCom, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business at 1400 Lake Hearn Dr., Atlanta, GA 30319.

## JURISDICTION AND VENUE

3.      This is an action for patent infringement, arising under the patent laws of the United States, 35 U.S.C. § 1, et seq.

4.      Subject matter jurisdiction is proper in this court under 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over CoxCom because it has submitted to the jurisdiction of this Court by filing the instant counterclaim; in addition, the Court has personal jurisdiction over CoxCom because it has committed acts of patent infringement in this judicial district, and/or has other sufficient contacts with Delaware.

6.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), and 1400(b).

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,243,627

7.      Rembrandt realleges and incorporates herein by reference the allegations stated in paragraphs 1-6 of this Counterclaim.

8.      Rembrandt is the owner of all right, title and interest of U.S. Patent No.

5,243,627, entitled "Signal Point Interleaving Technique" ("the '627 patent") (Exhibit A hereto).

9.      The '627 patent was duly and legally issued by the United States Patent and

Trademark Office on September 7, 1993.

10.      CoxCom operates cable television systems throughout the United States.

12.      CoxCom has directly or indirectly infringed, and is continuing to directly or

indirectly infringe, the '627 patent by practicing or causing others to practice (by inducement

and/or contributorily) the inventions claimed in the '627 patent, in this district or otherwise

within the United States.  For example, CoxCom has infringed and continues to infringe the '627

patent by its receipt and retransmission over their cable television systems of digital terrestrial

broadcast signals that comply with the ATSC Digital Television Standard.

13.      Upon information and belief, CoxCom will continue to infringe the '627 patent

unless enjoined by this Court.  Upon information and belief, such infringement has been, and

will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased

damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## PRAYER FOR RELIEF

WHEREFORE, Rembrandt and Remstream pray that they have judgment against

CoxCom for the following:

1.      A judgment that CoxCom has infringed the patents-in-suit as alleged by

Rembrandt and/or Remstream;

2.      A permanent injunction enjoining and restraining CoxCom and its agents,

servants, employees, affiliates, divisions, and subsidiaries, and those in association with them ,

from making, using, testing, offering to sell, selling, leasing, and importing into the United States

595861v1

any product, or using, offering to sell, offering to lease, selling, or leasing any service, that falls within the scope of any claim of a patent-in-suit asserted against a party.

3.    An award of damages, and pre-judgment and post-judgment interest;

4.    An award of increased damages pursuant to 35 U.S.C. § 284;

5.    A judgment that this case is exceptional under 35 U.S.C. § 285 and requiring CoxCom to pay the costs of this action, including all disbursements and attorneys' fees; and

6.    Such other and further relief, at law or in equity, to which Rembrandt and/or Remstream are justly entitled.

<u>**JURY DEMAND**</u>

Rembrandt and Remstream hereby demand a jury trial on all issues appropriately triable by a jury.

Dated: April 11, 2008

/s/ Collins J. Seitz, Jr
Collins J. Seitz, Jr. (#2237)
Francis DiGiovanni (#3189)
James D. Heisman (#2746)
Kristen Healey Cramer (#4512)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141
cseitz@cblh.com
fdigiovanni@cblh.com
jheisman@cblh.com
kcramer@cblh.com

*Attorneys for Rembrandt Technologies, LP, and Rembrandt Technologies, LLC d/b/a Remstream*

## CERTIFICATE OF SERVICE

I, Collins J. Seitz, Jr., hereby certify that on the 5th day of May, 2008, a true copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following and the document is available for viewing and downloading from CM/ECF:

**BY E-MAIL**

| | |
|---|---|
| Jack B. Blumenfeld<br>Karen Jacobs Louden<br>Rodger D. Smith II<br>Morris, Nichols, Arsht & Tunnell LLP<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>jblumenfeld@mnat.com<br>klouden@mnat.com<br>rsmith@mnat.com | John W. Shaw<br>Young, Conaway, Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19899-0391<br>jshaw@ycst.com |
| Richard K. Herrmann<br>Mary B. Matterer<br>Amy Arnott Quinlan<br>Morris James LLP<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801-1494<br>rherrmann@morrisjames.com | Richard D. Kirk<br>Scott G. Wilcox<br>Stephen B. Brauerman<br>Bayard, PA<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899<br>rkirk@bayardlaw.com<br>swilcox@bayardlaw.com<br>sbrauerman@bayardlaw.com |

| | |
|---|---|
| Fredrick L. Cottrell, III<br>Kelly E. Farnan<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>cottrell@rlf.com<br>farnan@rlf.com | Peter J. Toren<br>Lawrence B. Goodwin<br>Monica V. Bhattacharyya<br>Stefan R. Stoyanov<br>Kasowitz, Benson, Torres & Friedman LLP<br>1633 Broadway<br>New York, NY 10019<br>ptoren@kasowitz.com<br>lgoodwin@kasowitz.com<br>mbhattacharyya@kasowitz.com<br>sstoyanov@kasowitz.com |
| Josh A. Krevitt<br>Charles J. Bourdreau<br>Gibson, Dunn & Crutcher LLP<br>200 Park Avenue, 47th Floor<br>New York, New York 10166-0193<br>jkrevitt@gibsondunn.com<br>cboudreau@gibsondunn.com | David Segal<br>Gibson, Dunn & Crutcher LLP<br>3161 Michelson Drive<br>Irvina, California 92612-4412<br>dsegal@gibsondunn.com |
| Amanda J. Tessar<br>Gibson, Dunn & Crutcher LLP<br>1801 California Street, Suite 4200<br>Denver, CO 80202-2642<br>atessar@gibsondunn.com | David S. Benyacar<br>Daniel L. Reisner<br>Kaye Scholer LLP<br>425 Park Avenue<br>New York, New York 10022<br>dbenyacar@kayescholer.com<br>dreisner@kayescholer.com |
| Matthew D. Powers<br>Edward R. Reines<br>Weil Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065<br>matthew.powers@weil.com<br>edward.reines@weil.com | Robert A. Van Nest<br>Brian L. Ferrall<br>Daralyn J. Durie<br>Leo L. Lam<br>Matthew M. Werdegar<br>KEKER & VAN NEST LLP<br>710 Sansome Street<br>San Francisco, CA 94111<br>rvannest@kvn.com<br>bferrall@kvn.com<br>ddurie@kvn.com<br>llam@kvn.com<br>mwerdegar@kvn.com |

| | |
|---|---|
| John Desmarais<br>Kirkland & Ellis LLP<br>Citigroup Center<br>153 East 53rd Street<br>New York, New York 10022<br>jdesmarais@kirkland.com | Eric R. Lamison<br>Kirkland & Ellis LLP<br>555 California Street, Ste. 2700<br>San Francisco, CA 94104<br>elamison@kirkland.com |
| Mitchell Stockwell<br>Kilpatrick & Stockton LLP<br>110 Peachtree Street, N.E.<br>Suite 2800<br>Atlanta, GA 30309<br>MStockwell@KilpatrickStockton.com | Bradford P. Lyerla<br>Kevin D. Hogg<br>Charles E. Juister<br>Marshall, Gerstein & Borun LLP<br>6300 Sears Tower<br>233 South Wacker Drive<br>Chicago, IL 60606-6357<br>blyerla@marshallip.com<br>khogg@marshallip.com<br>cjuister@marshallip.com |
| Richard Brown<br>Day Pitney LLP<br>200 Campus Drive<br>Florham Park, NJ 07932<br>rbrown@daypitney.com | Gerald Levy<br>Day Pitney LLP<br>7 Times Square<br>New York, NY 10036<br>glevy@daypitney.com |
| Jonathan Tropp<br>Day Pitney LLP<br>One Canterbury Green<br>201 Broad Street<br>Stamford, CT 06901 | |

By:     */s/ Collins J. Seitz, Jr.*
         Collins J. Seitz, Jr. (#2237)
         cseitz@cblh.com