IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: REMBRANDT TECHNOLOGIES, LP PATENT LITIGATION | ) ) ) ) ) | MDL Docket No. 07-md-1848 (GMS) |
| REMBRANDT TECHNOLOGIES LP, Plaintiff, v. CBS CORPORATION, Defendant. | ) ) ) ) ) ) ) ) ) ) | C.A. No. 06-727 (GMS) |
| REMBRANDT TECHNOLOGIES LP, Plaintiff, v. NBC UNIVERSAL, INC. Defendant. | ) ) ) ) ) ) ) ) ) ) | C.A. No. 06-729 (GMS) |
| REMBRANDT TECHNOLOGIES LP, Plaintiff, v. ABC, INC., Defendant. | ) ) ) ) ) ) ) ) ) ) | C.A. No. 06-730 (GMS) |

**REMBRANDT'S REPLY TO AMENDED COUNTERCLAIM OF ABC, INC.**

Rembrandt Technologies, LP ("Rembrandt"), by its undersigned attorneys, respectfully submits this Reply to the Amended Counterclaim filed by ABC, Inc. ("ABC"), as follows:

## PARTIES

29. ABC is a corporation organized under the laws of the State of Delaware and having a principal place of business at 77 West 66th Street, New York, NY 10023.

Answer: Upon information and belief, Rembrandt admits that ABC is a corporation organized under the laws of the State of Delaware and having a principal place of business at 77 West 66th Street, New York, NY 10023.

30. Rembrandt alleges that it is a limited partnership organized under the laws of the State of New Jersey, having a principal place of business at 401 City Avenue, Suite 815, Bala Cynwyd, PA 19004.

Answer: Admitted that Rembrandt Technologies, LP is a limited partnership organized under the laws of the State of New Jersey. Rembrandt denies having its principal place of business at 401 City Avenue, Suite 815, Bala Cynwyd, PA 19004; Rembrandt's principal place of business is Suite 900 at the aforementioned address.

## JURISDICTION AND VENUE

31. This counterclaim arises under Title 35 of the United States Code. The Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

Answer: Rembrandt admits that ABC has alleged that the counterclaim arises under Title 35 of the United States Code, and that ABC has alleged that this Court has subject matter jurisdiction over the counterclaim pursuant to 28 U.S.C. §§1331, 1338(a), 22012 and 2202, but Rembrandt denies that ABC is entitled to the relief sought thereunder or to any relief whatsoever.

32.     Venue is proper in this judicial district under 28 U.S.C. § 1391.

<u>Answer</u>: Admitted.

## COUNTERCLAIM – DECLARATORY JUDGMENT
### '627 PATENT

33.     ABC incorporates herein by reference the allegations of paragraphs 1-32 of this Answer, Affirmative Defenses and Counterclaim.

<u>Answer</u>:  ABC's attempt to incorporate by reference its Answer, Affirmative Defenses and the Amended Counterclaim does not comply with Federal Rule of Civil Procedure 10(b) requiring a separate statement of a single set of circumstances, and is therefore too vague and general to permit or require a response.  Rembrandt denies the applicability of each and every Affirmative Defense set forth in paragraphs 14 through 28.  No response is required to ABC's answer as set forth in paragraphs 1 through 12 of Rembrandt's Complaint which is incorporated herein by reference.  Rembrandt also repeats and re-alleges its responses to paragraphs 29 through 32 of the amended counterclaim above as if set forth in full herein.

34.     ABC counterclaims against Rembrandt pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

<u>Answer</u>:  Rembrandt admits that ABC purports to seek a declaratory judgment under 28 U.S.C. §§2201 and 2202, and that ABC has alleged that the counterclaim arises under the patent laws of the United States, Title 35, United States Code, but Rembrandt denies that ABC is entitled to the relief sought thereunder or to any relief whatsoever.

35.     In its Complaint against ABC filed December 1, 2006, Rembrandt alleged that ABC has infringed and is currently infringing the '627 patent by practicing the inventions claimed therein, and/or by inducing or contributing to the practice by others of the inventions claimed therein.

Answer: Admitted.

36.    An actual controversy exists between Rembrandt and ABC by virtue of the allegations of Rembrandt's Complaint in this action and ABC's Answer as to the validity, enforceability and infringement of the '627 patent.

Answer: Admitted.

37.    The '627 patent is invalid, unenforceable, and not infringed, as set forth in paragraphs 14 through 25 above.

Answer: Denied.  ABC's attempt to incorporate by reference its Affirmative Defenses to the amended counterclaim does not comply with Federal Rule of Civil Procedure 10(b) requiring a separate statement of a single set of circumstances, and is therefore too vague and general to permit or require a response.  Rembrandt denies the applicability of each and every Affirmative Defense set forth in paragraphs 14 through 25.  By way of further answer, Rembrandt admits that at one time the '627 patent was assigned to AT&T Bell Laboratories, that AT&T was a participant in the Grand Alliance, and that AT&T IPM wrote a letter dated January 12, 1995 which speaks for itself.  By way of further answer, the prosecution history of the '627 patent speaks for itself.

38.    ABC is entitled to judgment that the '627 patent is invalid, unenforceable, and not infringed.

Answer: Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

ABC's counterclaim fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

ABC's counterclaims are barred, in whole or in part, by the doctrine of estoppel.

### Third Affirmative Defense

ABC's counterclaims are barred, in whole or in part, by the doctrine of waiver.

### Fourth Affirmative Defense

ABC's counterclaims are barred, in whole or in part, by applicable limitations doctrines, including the statute of limitations.

### Fifth Affirmative Defense

ABC's counterclaims are based on a purported agreement to agree, which is unenforceable under applicable law.

### Sixth Affirmative Defense

ABC's counterclaims are based upon a purported agreement with open essential terms, which cannot be supplied under applicable law.

### Seventh Affirmative Defense

To the extent there was an enforceable promise, it was solely a promise to negotiate; there was no intention to permit any third party or a court to impose licensing terms.

### Eighth Affirmative Defense

ABC's counterclaims are barred by the doctrine of laches.

### Ninth Affirmative Defense

ABC's counterclaims fail as a matter of law based on a lack of contractual privity between Rembrandt and ABC involving any alleged contractually binding obligation entered into by AT&T and/or AT&T IPM.

### Tenth Affirmative Defense

ABC's counterclaims fail as a matter of law because ABC materially breached and/or repudiated any express or implied contract, thereby excusing Rembrandt from any alleged obligation that it might otherwise have had.

### Eleventh Affirmative Defense

ABC is not entitled to the relief requested as a matter of law.

### Twelfth Affirmative Defense

ABC's counterclaims fail, in whole or in part, because ABC failed to fulfill conditions precedent to any obligation to offer a license to it.

### Thirteenth Affirmative Defense

Rembrandt reserves the right to assert additional and/or different affirmative defenses as discovery progresses, and hereby reserves the right to amend its reply to ABC's Amended Counterclaim in support of any such defenses.

### PRAYER FOR RELIEF

WHEREFORE, Rembrandt respectfully requests: (i) that judgment be entered in its favor, and against Defendant, on Defendant's amended counterclaim, and that Defendant not be awarded any relief in connection therewith; and (ii) that Rembrandt be awarded all the relief sought in the Prayer for Relief of its Complaint, which is incorporated herein by reference.

Dated: May 2, 2008                                /s/ *Collins J. Seitz, Jr.*
                                                  Collins J. Seitz, Jr. (#2237)
                                                  Francis DiGiovanni (#3189)
                                                  James D. Heisman (#2746)
                                                  Kristen Healey Cramer (#4512)
                                                  CONNOLLY BOVE LODGE & HUTZ LLP
                                                  The Nemours Building
                                                  1007 N. Orange Street
                                                  Wilmington, DE  19899
                                                  Phone (302) 658-9141
                                                  cseitz@cblh.com
                                                  fdigiovanni@cblh.com
                                                  jheisman@cblh.com
                                                  kcramer@cblh.com

                                                  Attorneys for Rembrandt Technologies, LP

607467

## CERTIFICATE OF SERVICE

I, Collins J. Seitz, Jr., hereby certify that on the 5th day of May, 2008, a true copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following and the document is available for viewing and downloading from CM/ECF:

**BY E-MAIL**

| | |
|---|---|
| Jack B. Blumenfeld<br>Karen Jacobs Louden<br>Rodger D. Smith II<br>Morris, Nichols, Arsht & Tunnell LLP<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>jblumenfeld@mnat.com<br>klouden@mnat.com<br>rsmith@mnat.com | John W. Shaw<br>Young, Conaway, Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19899-0391<br>jshaw@ycst.com |
| Richard K. Herrmann<br>Mary B. Matterer<br>Amy Arnott Quinlan<br>Morris James LLP<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801-1494<br>rherrmann@morrisjames.com | Richard D. Kirk<br>Scott G. Wilcox<br>Stephen B. Brauerman<br>Bayard, PA<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899<br>rkirk@bayardlaw.com<br>swilcox@bayardlaw.com<br>sbrauerman@bayardlaw.com |

| | |
|---|---|
| Fredrick L. Cottrell, III<br>Kelly E. Farnan<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>cottrell@rlf.com<br>farnan@rlf.com | Peter J. Toren<br>Lawrence B. Goodwin<br>Monica V. Bhattacharyya<br>Stefan R. Stoyanov<br>Kasowitz, Benson, Torres & Friedman LLP<br>1633 Broadway<br>New York, NY 10019<br>ptoren@kasowitz.com<br>lgoodwin@kasowitz.com<br>mbhattacharyya@kasowitz.com<br>sstoyanov@kasowitz.com |
| Josh A. Krevitt<br>Charles J. Bourdreau<br>Gibson, Dunn & Crutcher LLP<br>200 Park Avenue, 47th Floor<br>New York, New York 10166-0193<br>jkrevitt@gibsondunn.com<br>cboudreau@gibsondunn.com | David Segal<br>Gibson, Dunn & Crutcher LLP<br>3161 Michelson Drive<br>Irvina, California 92612-4412<br>dsegal@gibsondunn.com |
| Amanda J. Tessar<br>Gibson, Dunn & Crutcher LLP<br>1801 California Street, Suite 4200<br>Denver, CO 80202-2642<br>atessar@gibsondunn.com | David S. Benyacar<br>Daniel L. Reisner<br>Kaye Scholer LLP<br>425 Park Avenue<br>New York, New York 10022<br>dbenyacar@kayescholer.com<br>dreisner@kayescholer.com |
| Matthew D. Powers<br>Edward R. Reines<br>Weil Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065<br>matthew.powers@weil.com<br>edward.reines@weil.com | Robert A. Van Nest<br>Brian L. Ferrall<br>Daralyn J. Durie<br>Leo L. Lam<br>Matthew M. Werdegar<br>KEKER & VAN NEST LLP<br>710 Sansome Street<br>San Francisco, CA 94111<br>rvannest@kvn.com<br>bferrall@kvn.com<br>ddurie@kvn.com<br>llam@kvn.com<br>mwerdegar@kvn.com |

| | |
|---|---|
| John Desmarais<br>Kirkland & Ellis LLP<br>Citigroup Center<br>153 East 53rd Street<br>New York, New York 10022<br>jdesmarais@kirkland.com | Eric R. Lamison<br>Kirkland & Ellis LLP<br>555 California Street, Ste. 2700<br>San Francisco, CA 94104<br>elamison@kirkland.com |
| Mitchell Stockwell<br>Kilpatrick & Stockton LLP<br>110 Peachtree Street, N.E.<br>Suite 2800<br>Atlanta, GA 30309<br>MStockwell@KilpatrickStockton.com | Bradford P. Lyerla<br>Kevin D. Hogg<br>Charles E. Juister<br>Marshall, Gerstein & Borun LLP<br>6300 Sears Tower<br>233 South Wacker Drive<br>Chicago, IL 60606-6357<br>blyerla@marshallip.com<br>khogg@marshallip.com<br>cjuister@marshallip.com |
| Richard Brown<br>Day Pitney LLP<br>200 Campus Drive<br>Florham Park, NJ 07932<br>rbrown@daypitney.com | Gerald Levy<br>Day Pitney LLP<br>7 Times Square<br>New York, NY 10036<br>glevy@daypitney.com |
| Jonathan Tropp<br>Day Pitney LLP<br>One Canterbury Green<br>201 Broad Street<br>Stamford, CT 06901 | |

          By:    */s/ Collins J. Seitz, Jr.*
                Collins J. Seitz, Jr. (#2237)
                cseitz@cblh.com