## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: REMBRANDT TECHNOLOGIES, LP PATENT LITIGATION | ) ) ) ) ) | MDL Docket No. 07-md-1848 (GMS) |
| Rembrandt Technologies, LP, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 07-cv-396 (GMS) |
| v. | ) ) ) | |
| Adelphia Communications Corporation; Century-TCI California, LP; Century-TCI Distribution Co., LLC Century-TCI holdings, LLC; Parnassos, LP; Parnassos Communications, LP Parnassos Distribution Company I, LLC Parnassos Distribution Company II, LLC; Parnassos Holdings, LLC; and Western NY Cablevision, LP | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |
| Adelphia Communications Corp. and Adelphia Consolidation LLC, | ) ) ) | |
| Counter-Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| Rembrandt Technologies, LP, | ) ) ) | |
| Counter-Defendant. | ) ) ) | |

## AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendants Adelphia Communications Corporation ("Adelphia"); Century-TCI California, LP; Century-TCI California Communications, LP; Century-TCI Distribution Company, LLC; Century-TCI Holdings, LLC; Parnassos, LP; Parnassos Communications, LP; Parnassos Distribution Company I, LLC; Parnassos Distribution Company II, LLC; Parnassos Holdings, LLC; and Western NY Cablevision, LP (collectively, "Defendants"), by their attorneys, for their amended answer and counterclaims to the Complaint for Post-Petition Patent Infringement (the "Complaint"), originally filed in the United States Bankruptcy Court, Southern District of New York (Adversary Proceeding 06-01739) (REG), state as follows:

## THE PARTIES

1.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.    Admit that (i) Adelphia is a corporation incorporated under the laws of Delaware having its principal place of business in Greenwood Village, Colorado; (ii) on June 25, 2002, Adelphia had its principal place of business in Coudersport, Pennsylvania; (iii) Adelphia filed a voluntary petition under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York on June 25, 2002, with its Chapter 11 case captioned *In re Adelphia Communications Corporation*, Case No. 02-41729 (REG); (iv) prior to the sale of substantially all of their assets on July 31, 2006, Adelphia and its affiliates offered analog and digital video services, high-speed Internet access and other services. Any other or different allegations in this paragraph are denied or do not require a response.

3.    Deny that Century-TCI California is an affiliate of Adelphia, or that it is currently part of the bankruptcy process of *In re Adelphia Communications Corp.*, Case No. 02-41729.

Admit that on June 25, 2002, Century-TCI California, LP filed a petition in bankruptcy under chapter 11 in the United States Bankruptcy Court for the Southern District of New York.

4.    Deny that Century-TCI California Communications, LP is an affiliate of Adelphia, or that it is currently part of the bankruptcy process of *In re Adelphia Communications Corp.*, Case No. 02-41729.   Admit that on June 25, 2002, Century-TCI California Communications filed a petition in bankruptcy under chapter 11 in the United States Bankruptcy Court for the Southern District of New York.

5.    Admit that Adelphia Consolidation, LLC, into which Century-TCI Distribution Co., LLC has merged, is a limited liability company organized under the laws of the state of Delaware.  Admit the remaining allegations of paragraph 5.

6.    Deny that Century-TCI Holdings, LLC is an affiliate of Adelphia, or that it is currently part of the bankruptcy process of *In re Adelphia Communications Corp.*, Case No. 02-41729.   Admit that on June 25, 2002, Century-TCI Holdings, LLC filed a petition in bankruptcy under chapter 11 in the United States Bankruptcy Court for the Southern District of New York.

7.    Deny that Parnassos Communications, LP is an affiliate of Adelphia, or that it is currently part of the bankruptcy process of *In re Adelphia Communications Corp.*, Case No. 02-41729.   Admit that on June 25, 2002, Parnassos Communications, LP Parnassos, LP filed a petition in bankruptcy under chapter 11 in the United States Bankruptcy Court for the Southern District of New York.

8.    Admit that Adelphia Consolidation, LLC, into which Parnassos Distribution Co. I, LLC has merged, is a limited liability company organized under the laws of the state of Delaware.  Admit the remaining allegations of paragraph 8.

9.    Admit that Adelphia Consolidation, LLC, into which Parnassos Distribution Co. II, LLC has merged, is a limited liability company organized under the laws of the state of Delaware.  Admit the remaining allegations of paragraph 9.

10.    Deny that Parnassos Holdings, LLC is an affiliate of Adelphia, or that it is currently part of the bankruptcy process of *In re Adelphia Communications Corp.*, Case No. 02-41729.  Admit that on June 25, 2002, Parnassos Holdings, LLC filed a petition in bankruptcy under chapter 11 in the United States Bankruptcy Court for the Southern District of New York.

11.    Deny that Parnassos, LP is an affiliate of Adelphia, or that it is currently part of the bankruptcy process of *In re Adelphia Communications Corp.*, Case No. 02-41729.  Admit that on June 25, 2002, Parnassos, LP filed a petition in bankruptcy under chapter 11 in the United States Bankruptcy Court for the Southern District of New York.

12.    Deny that Western NY Cablevision, LP is an affiliate of Adelphia, or that it is currently part of the bankruptcy process of *In re Adelphia Communications Corp.*, Case No. 02-41729.  Admit that on June 25, 2002, Western NY Cablevision, LP filed a petition in bankruptcy under chapter 11 in the United States Bankruptcy Court for the Southern District of New York.

13.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, except deny that Defendants are liable for patent infringement as alleged.

## JURISDICTION AND VENUE

14.    Admit that Plaintiff purports that this is an action for patent infringement arising under the laws of the United States relating to patents, including, *inter alia*, 35 U.S.C. §§ 271, 281, 284, and 285.  Admit that this court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, except admit that prior to the sale of substantially all of their assets on July 31, 2006, Defendants and their affiliates offered analog and digital video services, high-speed Internet access and other advanced services over its broadband networks, and deny that Defendants engaged in post-petition acts of patent infringement that have damaged Plaintiff.

16.     Deny the allegations contained in paragraph 16 of the Complaint, except admit that Defendants have submitted to the jurisdiction of the United States Bankruptcy Court, Southern District of New York.

17.     Deny the allegations contained in paragraph 17 of the Complaint, except admit that venue in the United States Bankruptcy Court, Southern District of New York, is proper pursuant to 28 U.S.C. § 1409(a).

## AS TO COUNT I

18.     In response to paragraph 18 of the Complaint, Defendants repeat and reallege paragraphs 1 through 17 with the same force and effect as if fully set forth herein.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, except admit that U.S. Patent No. 5,710,761 (the "'761 patent") is entitled "Error Control Negotiation Based on Modulation" and that a copy of the '761 patent is attached to the Complaint as Exhibit A.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21.     Deny the allegations contained in paragraph 21 of the Complaint.

22.     Deny the allegations contained in paragraph 22 of the Complaint.

## AS TO COUNT II

23.     In response to paragraph 23 of the Complaint, Defendants repeat and reallege paragraphs 1 through 17 with the same force and effect as if fully set forth herein.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, except admit that U.S. Patent No. 5,778,234 (the "'234 patent") is entitled "Method for Downloading Programs" and that a copy of the '234 patent is attached to the Complaint as Exhibit B.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26.     Deny the allegations contained in paragraph 26 of the Complaint.

27.     Deny the allegations contained in paragraph 27 of the Complaint.

## AS TO COUNT III

28.     In response to paragraph 28 of the Complaint, Defendants repeat and reallege paragraphs 1 through 17 with the same force and effect as if fully set forth herein.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint, except admit that U.S. Patent No. 6,131,159 (the "'159 patent") is entitled "System for Downloading Programs" and that a copy of the '159 patent is attached to the Complaint as Exhibit C.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31.     Deny the allegations contained in paragraph 31 of the Complaint.

32.     Deny the allegations contained in paragraph 32 of the Complaint.

## AS TO COUNT IV

33.     In response to paragraph 33 of the Complaint, Defendants repeat and reallege paragraphs 1 through 17 with the same force and effect as if fully set forth herein.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint, except admit that U.S. Patent No. 6,950,444 (the "'444 patent") is entitled "System and Method for a Robust Preamble and Transmission Delimiting in a Switched-Carrier Transceiver" and that a copy of the '444 patent is attached to the Complaint as Exhibit D.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36.     Deny the allegations contained in paragraph 36 of the Complaint.

37.     Deny the allegations contained in paragraph 37 of the Complaint.

**WHEREFORE**, Defendants pray that Plaintiff take nothing by its causes of action or for its costs and pray for such other relief as the Court deems just and proper.


## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

The complaint and each purported cause of action set forth in the Complaint fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent they have been asserted beyond the time allowed by the applicable statute of limitations.

## THIRD DEFENSE

None of the acts or omissions alleged in Plaintiff's claims proximately caused, in whole or in part, any alleged injury that the Counterclaims seek to redress.

## FOURTH DEFENSE

Plaintiff is estopped from asserting each of the purported causes of action set forth in the claims.

## FIFTH DEFENSE

Plaintiff has waived any right to assert each of the purported causes of action set forth in the claims.

## SIXTH DEFENSE

With respect to each purported cause of action set forth in the claims, Plaintiff has failed to mitigate its damages.

## SEVENTH DEFENSE

Each of the purported causes of action set forth in the claims is barred by the doctrine of unclean hands.

## EIGHTH DEFENSE

Each of the purported causes of action set forth in the claims is barred by the doctrine of laches.

## NINTH DEFENSE

Each of the purported causes of action set forth in the claims are in violation of the automatic stay provisions of 11 U.S.C. § 362(a), and/or have been discharged in bankruptcy.

## TENTH DEFENSE

The '761, '234, '159, and '444 patents are invalid for failure to comply with the conditions set forth in 35 U.S.C. § § 101 *et seq*.

## ELEVENTH DEFENSE

Plaintiff has failed to plead which, if any, of Defendants' products are alleged to infringe the '761, '234, ' 159, and '444 patents.  Defendants have not infringed, contributorily infringed, or induced the infringement of any valid claim of the '761, '234, '159, and '444 patents, either literally or under the doctrine of equivalents.

## TWELFTH DEFENSE

Plaintiff's claims for relief are barred in whole or in part by the equitable doctrine of prosecution history estoppel, and any disclosed but unclaimed embodiments are dedicated to the public.

## THIRTEENTH DEFENSE

Plaintiff is not entitled to alleged damages due to its failure to plead and, on information and belief, its inability to prove compliance with 35 U.S.C. § 287 provisions of patent marking and pre-suit notice.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by express or implied license and/or the doctrine of patent exhaustion.

## FIFTEENTH DEFENSE

On information and belief, a reasonable opportunity for discovery will show that one or more of the claims of the patents-in-suit are invalid and/or unenforceable because of incorrect claims of inventorship.

## SIXTEENTH DEFENSE

One or more of the claims of the patents-in-suit are invalid for double patenting.

## SEVENTEENTH DEFENSE

The patents-in-suit are invalid for patent misuse.

## EIGHTEENTH DEFENSE

The claims of the '761, '444, '159 and '234 patents are unenforceable due to the inequitable conduct of one or more named inventors and/or others having substantive involvement in the prosecution of the foregoing patents. These individuals, subject to the duty of candor under 37 C.F.R. 1.56, committed inequitable conduct by engaging in a pattern and practice of withholding or misstating material information with intent to deceive the United States Patent & Trademark Office. The particulars of this inequitable conduct are pled in Count V of the Amended Counterclaims, incorporated herein by reference.

### AMENDED COUNTERCLAIMS OF COUNTER-DEFENDANTS
### ADELPHIA COMMUNICATONS CORP. AND ADELPHIA CONSOLIDATION LLC

Adelphia Communications Corp. and Adelphia Consolidation LLC (collectively Adelphia Counter-Defendants), in the alternative, plead the following amended counterclaims.

### PARTIES

1.      Adelphia Communications Corporation is a corporation organized under the laws of the state of Delaware.

2.      Adelphia Consolidation LLC is a limited liability company organized under the laws of the state of Delaware.

3.      Upon information and belief, Rembrandt Technologies, LP is a limited partnership organized under the laws of the state of New Jersey with its principal place of business at 401 City Avenue, Suite 900, Bala Cynwyd, PA  19004.

### JURISDICTION AND VENUE

4.      Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a).

5.      Pursuant to 28 U.S.C. § 1407, this action will be remanded at or before the conclusion of pretrial proceedings to the United States Bankruptcy Court for the Southern District of New York or the United States District Court for the Southern District of New York. Venue is proper for the Adelphia Counter-Defendants' counterclaims under 28 U.S.C. §1391(b) and/or §1409.

### COUNT I

### DECLARATORY JUDGMENT OF NONINFRINGEMENT AND
### INVALIDITY OF THE '761 PATENT

6.      The allegations made in its Affirmative Defenses and in Paragraphs 1-5 above are incorporated herein by reference.

7.      An actual controversy exists between the Adelphia Counter-Defendants and Rembrandt regarding the alleged infringement and invalidity of United States Patent No. 5,710,761.

8.      The Adelphia Counter-Defendants have not infringed, contributorily infringed, or induced the infringement of any valid claims of the '761 patent, either literally or under the doctrine of equivalents.

9.      The '761 patent is invalid in light of the failure to comply with one or more requirements of 35 U.S.C. §101 *et seq.*

10.     Rembrandt's claims that the Adelphia Counter-Defendants are infringing, contributorily infringing or actively inducing the infringement of the '761 patent render this case exceptional within the meaning of 35 U.S.C. § 285, entitling the Adelphia Counter-Defendant to recover their attorney fees, costs and expenses in defending against those claims.

## COUNT II

## DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY OF THE '234 PATENT

11.     The allegations made in its Affirmative Defenses and in Paragraphs 1-10 above are incorporated herein by reference.

12.     An actual controversy exists between the Adelphia Counter-Defendants and Rembrandt regarding the alleged infringement and invalidity of United States Patent No. 5,778,234.

13.     The Adelphia Counter-Defendants have not infringed, contributorily infringed, or induced the infringement of any valid claims of the '234 patent, either literally or under the doctrine of equivalents.

14.    The '234 patent is invalid in light of the failure to comply with one or more requirements of 35 U.S.C. §101 *et seq.*

15.    Rembrandt's claims that the Adelphia Counter-Defendants are infringing, contributorily infringing or actively inducing the infringement of the '234 patent render this case exceptional within the meaning of 35 U.S.C. § 285, entitling the Adelphia Counter-Defendants to recover their attorney fees, costs and expenses in defending against those claims.

## COUNT III

### DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY OF THE '159 PATENT

16.    The allegations made in its Affirmative Defenses and in Paragraphs 1-15 above are incorporated herein by reference.

17.    An actual controversy exists between the Adelphia Counter-Defendants and Rembrandt regarding the alleged infringement and invalidity of United States Patent No. 6,131,159.

18.    The Adelphia Counter-Defendants have not infringed, contributorily infringed, or induced the infringement of any valid claims of the '159 patent, either literally or under the doctrine of equivalents.

19.    The '159 patent is invalid in light of the failure to comply with one or more requirements of 35 U.S.C. §101 *et seq.*

20.    Rembrandt's claims that the Adelphia Counter-Defendants are infringing, contributorily infringing or actively inducing the infringement of the '159 patent render this case exceptional within the meaning of 35 U.S.C. § 285, entitling the Adelphia Counter-Defendants to recover their attorney fees, costs and expenses in defending against those claims.

## COUNT IV

## DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY OF THE '444 PATENT

21.    The allegations made in its Affirmative Defenses and in Paragraphs 1-20 above are incorporated herein by reference.

22.    An actual controversy exists between the Adelphia Counter-Defendants and Rembrandt regarding the alleged infringement and invalidity of United States Patent No. 6,950,444.

23.    The Adelphia Counter-Defendants have not infringed, contributorily infringed, or induced the infringement of any valid claims of the '444 patent, either literally or under the doctrine of equivalents.

24.    The '444 patent is invalid in light of the failure to comply with one or more requirements of 35 U.S.C. §101 *et seq.*

25.    Rembrandt's claims that the Adelphia Counter-Defendants are infringing, contributorily infringing or actively inducing the infringement of the '444 patent render this case exceptional within the meaning of 35 U.S.C. § 285, entitling the Adelphia Counter-Defendants to recover their attorney fees, costs and expenses in defending against those claims.

## COUNT V

### DECLARATORY JUDGMENT OF UNENFORCEABILITY DUE TO INEQUITABLE CONDUCT

26.    The allegations made in its Affirmative Defenses and in Paragraphs 1-25 above are incorporated herein by reference.

27.    An actual and justiciable controversy exists between the Adelphia Counter-Defendants and Rembrandt regarding the enforceability of the '761, '444, '159 and '234 patents.

28.    Individuals subject to the duty of candor under 37 C.F.R. 1.56 ("Applicants"), including named inventors in the applications referenced below and employees with substantive involvement in the filing and/or prosecution of patent applications for Paradyne entities, engaged in inequitable conduct by engaging in a pattern and practice of withholding or misstating material information with intent to deceive the United States Patent & Trademark Office ("USPTO") in connection with patent prosecution of the '761, '234, '159, and '444 patents.  On multiple occasions, Applicants failed to disclose their own previously issued patents that comprised material prior art, failed to disclose material information regarding their own co-pending applications for patents, failed to disclose prior art that was known to them through the prosecution of their own patents and applications, and failed to disclose their own systems that were on-sale prior to the relevant critical dates.  In addition to nondisclosure, Applicants in the prosecution chain of the '159 and '234 patents provided affirmative misstatements as set forth below.  Accordingly, Applicants engaged in an overall pattern and practice of repeatedly and continuously failing to disclose to the USPTO material information of which Applicants were indisputably aware.  The permeation and continuation of this misconduct throughout prosecution of multiple patent applications confirms that Applicants acted with deceptive intent rendering the

patents unenforceable. Further, the doctrine of infectious unenforceability renders related patents unenforceable.

29.    More specifically, during prosecution of the '761 patent, Applicants engaged in inequitable conduct before the USPTO, rendering the '761 patent unenforceable by withholding and failing to disclose material information with intent to deceive including the following acts:

(a)    By way of example, MPEP § 2001.06(b) states that "there is a duty to bring to the attention of the examiner, or other Office official involved with the examination of a particular application, information within their knowledge as to other co-pending United States applications which are "'material to patentability' of the application in question." The MPEP cites to caselaw providing that "[W]e think that it is unfair to the busy examiner, no matter how diligent and well informed he may be, to assume that he retains details of every pending file in his mind when he is reviewing a particular application . . . [T]he applicant has the burden of presenting the examiner with a complete and accurate record to support the allowance of letters patent." The MPEP provides express examples of material information as to other co-pending applications, stating "[f]or example, if a particular inventor has different applications pending in which similar subject matter but patentably indistinct claims are present that fact must be disclosed to the examiner of each of the involved applications. Similarly, the prior art references from one application must be made of record in another subsequent application if such prior art references are "'material to patentability' of the subsequent application."

(b)    Notwithstanding these clear obligations, during prosecution, Applicants repeatedly failed to disclose material information within their knowledge as to co-pending applications of which they were aware. One or more Applicants were aware of

and failed to disclose, without limitation, co-pending application 08/780,762 ("the '762 application," now the '631 patent, which is now commonly asserted here along with the '761 patent). The Applicants for the '761 patent failed to identify the '762 application or its claims to the examiner in the prosecution of the '761 patent. The '762 application was never disclosed on any IDS that was submitted in the '761 patent or otherwise made of record in the '761 patent. Information relating to the '762 application and its claims was material to patentability. One or more Applicants were aware of the '762 application. Robert Scott was aware of the co-pendency of his applications. In addition, on information and belief, a reasonable opportunity for discovery will show that Paradyne personnel were substantively involved in the filing or prosecution of the '761 patent and were aware of the '762 application. Material information relating to the '762 application was withheld with intent to deceive the USPTO as is particularly shown by the continuing pattern and practice of nondisclosure referenced in this Counterclaim.

(c)     Further, Applicants failed to disclose in prosecution of the '761 patent, the prior art of record from the '762 application, as well as the prior art of record from Application Nos. 08/781,787, now issued as U.S. Patent No. 5,751,796 ("Rapid Startup Protocol For Communication Between a Plurality of Modems"), to Scott and Zuranski, 08/781,067, now issued as U.S. Patent No. 5,796,808 ("System and Method for Automatically Selecting the Mode of Communication between a Plurality of Modems"), to Scott and Lastinger Jr., 08/457,881, now issued as U.S. Patent No. 5,793,809 ("Transparent Technique for Mu-Law Modems to Detect an All-Digital Circuit Connection"), to Holmquist, 08/912,126, now issued as U.S. Patent No. 6,081,556 ("Transparent Technique for Mu-Law Modems to Detect an All-Digital Circuit Connection"), to

Holmquist, and 08/978,536, now issued as U.S. Patent No. 5,349,635 ("Half-Duplex or Full-Duplex Automode Operation for use in Data Communications Equipment"), to Scott (the "'761 Co-Pending Applications"). One or more Applicants were aware of the '761 Co-Pending Applications. Several of the '761 Co-Pending Applications include Robert Scott as a named inventor, and in the case of the '761 and '631 patents, he is the sole named inventor on both. Robert Scott was aware of the co-pendency of his applications. In addition, on information and belief, a reasonable opportunity for discovery will show that Paradyne personnel were substantively involved in the filing or prosecution of the '761 patent and were aware of the '761 Co-Pending Applications.

(d)     The prior art of record from the '761 Co-Pending Applications that Applicants failed to disclose, includes without limitation U.S. Patent Nos. 4,905,282 ("Feature Negotiation Protocol and Dynamically Adjustable Retraining Sequence for a High Speed Half Duplex Modem"), to McGlynn and Nash ("McGlynn"), 5,528,679 ("Automatic Detection of Digital Call Paths in a Telephone System"), to Taarud ("Taarud"), 4,680,773 ("Data Telecommunications System"), to Amundson ("Amundson"), and 4,782,498 ("Modem with Improved Handshaking Capability"), to Copeland, III ("Copeland") (the "'761 Co-Pending Art"). The '761 Co-Pending Art was material to the patentability of the '761 patent. Applicants for the '761 patent failed to identify any of '761 Co-Pending Art to the examiner in the prosecution of the '761 patent. Applicants were aware of the '761 Co-Pending Art. Robert Scott is the same and only named inventor on both the '631 and the '761 patents. Further, McGlynn was cited by the Examiner of the '631 patent in a Detailed Office Action and accompanying Notice of References Cited mailed on 9/12/97. The Applicants attempted to distinguish McGlynn in a First Response with Amendments

on October 23, 1997. Notwithstanding the October 23, 1997 response, the PTO issued a

Detailed Action rejecting the claims in the '631 patent based upon McGlynn in an office

action dated November 18, 1997, while the application for the '761 patent remained co-

pending, and Applicants nevertheless failed to disclose McGlynn in prosecution of the

'761 patent. Further, Applicants for the '761 patent failed to disclose in prosecuting the

'761 patent the office actions and responses from the co-pending '631 patent. In addition,

on information and belief, a reasonable opportunity for discovery will show that

Paradyne personnel substantively involved in the filing or prosecution of the '761 patent

were aware of the '761 Co-Pending Art, as well as U.S. Patent Nos. 5,600,712 ("Enabling

Technique for Quickly Establishing High Speed PSTN Connections In Telecommuting

Applications"), to Hanson, 5,577,105 ("Telephone Call Routing and Switching

Techniques for Data Communications"), to Baum, and 5,127,041 ("System and Method

for Interfacing Computers to Diverse Telephone Networks"), to O'Sullivan. The

undisclosed information described herein was material to patentability of the '761 patent

and was withheld with intent to deceive the PTO, as is particularly shown by the

continuing pattern and practice of nondisclosure referenced in this Counterclaim.

30.    Additional instances of misconduct occurred in prosecution of the '444 patent,

where Applicants engaged in inequitable conduct before the USPTO rendering the patent

unenforceable by withholding and failing to disclose material information with intent to deceive

including the following acts:

(a)    By way of example, MPEP § 2001.06(b) states that "there is a duty to bring to the

attention of the examiner, or other Office official involved with the examination of a

particular application, information within their knowledge as to other co-pending United

States applications which are "'material to patentability' of the application in question."
The MPEP cites to caselaw providing that "[W]e think that it is unfair to the busy
examiner, no matter how diligent and well informed he may be, to assume that he retains
details of every pending file in his mind when he is reviewing a particular application . . .
[T]he applicant has the burden of presenting the examiner with a complete and accurate
record to support the allowance of letters patent." The MPEP provides express examples
of material information as to other co-pending applications, stating "[f]or example, if a
particular inventor has different applications pending in which similar subject matter but
patentably indistinct claims are present that fact must be disclosed to the examiner of
each of the involved applications. Similarly, the prior art references from one application
must be made of record in another subsequent application if such prior art references are
"'material to patentability' of the subsequent application."

(b)     By way of further example, during prosecution of the '444 patent application,
Applicants repeatedly failed to disclose information within their knowledge as to material
prior art of which they were aware, including without limitation U.S. Patent No.
5,369,703 ("Command and Control Signalling Method and Apparatus"), to Archibald,
Davis and Holmquist; and U.S. Patent No. 4,864,617 ("System and Method for Reducing
Deadlock Conditions Caused By Repeated Transmission of Data Sequences Equivalent to
Those Used for Inter-Device Signalling"), to Holmquist.

(c)     In addition, on information and belief, a reasonable opportunity for discovery will
show that one or more Applicants was aware of U.S. Patent Nos. 3,978,407 ("Fast Start-
Up Adaptive Equalizer Communication System Using Two Data Transmission Rates"),

to Forney and Hart.  Applicants failed to disclose this patent to the USPTO in prosecution of the '444 patent.  This reference was material to patentability of the '444 patent.  On information and belief, a reasonable opportunity for discovery will show that Applicants knew of and withheld this reference with intent to deceive the USPTO, as is particularly shown by the continuing pattern and practice of nondisclosure referenced in this Counterclaim.

(d)    In addition, on information and belief a reasonable opportunity for discovery will show that Paradyne offered for sale MVL technology more than one year before applying for the '444 patent, that was material to the '444 patent, but failed to disclose those sales as prior art to the USPTO.  The withheld information was material to patentability and, on information and belief a reasonable opportunity for discovery will show that this information was withheld with intent to deceive the USPTO, as is particularly shown by the continuing pattern and practice of nondisclosure referenced in this Counterclaim.

31.    Additional instances of misconduct occurred during the prosecution of the '159 patent, where Applicants engaged in inequitable conduct before the USPTO rendering the patent unenforceable by omitting and misstating material information with intent to deceive including the following acts:

(a)    In prosecution of the '159 patent, the USPTO repeatedly rejected pending claims due to prior art, including without limitation references to Lang and Mori.  In response to these and other rejections, Applicants represented that claims required and that they had invented a system that included a "displacement multibit memory address." However, Applicants lacked support for the invention as represented to the USPTO.  Applicants

misstated and omitted this material information with intent to deceive the USPTO into issuing the claims. These material misstatements and omissions were made with intent to deceive, as further confirmed by the pattern and practice of inequitable conduct alleged throughout this Affirmative Defense. Further, the '234 patent is a divisional of the '159 patent, refers back to acts occurring in prosecution of the '159 patent, and is infected by the unenforceabilty associated with the '159 patent.

(b)    In addition, on information and belief, a reasonable opportunity for discovery will show that the Applicants offered the invention on-sale or placed it in public use more than one year before the application date, and applicants withheld this information which was material to patentability with intent to deceive the USPTO, as is particularly shown by the continuing pattern and practice of nondisclosure referenced in this Counterclaim.

## PRAYER FOR RELIEF

For the reasons set forth above, the Adelphia Counter-Defendants pray for judgment that:

(i)    The '761, '234, '159, and '444 patents are invalid;

(ii)    The '761, '234, '159 and '444 patents are unenforceable;

(iii)    The Adelphia Counter-Defendants have not infringed, contributorily infringed, or induced the infringement of any claim of the '761, '234, '159 or '444 patents;

(iv)    Rembrandt's claims against the Adelphia Counter-Defendants be dismissed with prejudice;

(v)    Rembrandt takes nothing by reason of its claims against the Adelphia Counter-Defendants;

{00828396;v1}

(vi)    This case is exceptional and entitles the Adelphia Counter-Defendants to an award of their attorney fees, costs and expenses under 35 U.S.C. § 285; and

(vii)    Such other and further relief at law or equity as the Court may deem just and proper.

Dated: April 11 , 2008

OF COUNSEL:

Peter J. Toren
Lawrence B. Goodwin
Monica V. Bhattacharyya
Stefan R. Stoyanov
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, NY 10019

BAYARD, PA.

/s/ Stephen B. Brauerman (sb4952)
Richard D. Kirk (#0922)
Scott G. Wilcox (#3882)
Stephen B. Brauerman (#4952)
222 Delaware Avenue, Suite 900
P. O. Box 25130
Wilmington, DE 19899
rkirk@bayardlaw.com
swilcox@bayardlaw.com
sbrauerman@bayardlaw.com

Attorneys for Defendants Adelphia
Communications Corp. and Adelphia
Consolidation LLC