IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: REMBRANDT TECHNOLOGIES, LP PATENT LITIGATION | MDL Docket No. 07-md-1848 (GMS) |
| Rembrandt Technologies, LP, <br><br> Plaintiff, <br><br> v. <br><br> Adelphia Communications Corp; <br> Century-TCI California, LP; <br> Century-TCI Distribution Co., LLC; <br> Century-TCI Holdings, LLC; <br> Parnassos, LP; <br> Parnassos Communications, LP; <br> Parnassos Distribution Co. I, LLC; <br> Parnassos Distribution Co., II, LLC; <br> Parnassos Holdings, LLC; and, <br> Western NY Cablevision, LP, <br><br> Defendants. | Civil Action No. 07-cv-396 (GMS) <br><br> **JURY TRIAL DEMANDED** |
| Motorola, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Rembrandt Technologies, LP, <br><br> Defendant. | Civil Action No. 07-752 (GMS) <br><br> **JURY TRIAL DEMANDED** |

**REMBRANDT TECHNOLOGIES, LP'S REPLY TO
ADELPHIA COMMUNICATIONS CORP.'S AND ADELPHIA CONSOLIDATION
LLC'S AMENDED COUNTERCLAIMS**

Rembrandt Technologies, LP ("Rembrandt"), by their undersigned attorneys, respectfully submits this Reply to the Amended Counterclaims of Adelphia Communications Corp. and Adelphia Consolidation LLC (collectively "Adelphia") as follows:

## PARTIES

1.      Adelphia Communications Corporation is a corporation organized under the laws of the state of Delaware.

Answer:  Upon information and belief, Rembrandt admits that Adelphia Communications Corporation is a corporation organized under the laws of the state of Delaware.

2.      Adelphia Consolidation LLC is a limited liability company organized under the laws of the state of Delaware.

Answer:  Upon information and belief, Rembrandt admits that Adelphia Consolidation LLC is a limited liability company organized under the laws of the state of Delaware.

3.      Upon information and belief, Rembrandt Technologies, LP is a limited partnership organized under the laws of the state of New Jersey with its principal place of business at 401 City Avenue, Suite 900, Bala Cynwyd, PA 19004.

Answer:  Admitted that Rembrandt Technologies, LP is a limited partnership organized under the laws of the State of New Jersey, having a principal place of business at 401 City Avenue, Suite 900, Bala Cynwyd, PA 19004.

## JURISDICTION AND VENUE

4.      Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a).

Answer:  Admitted.

5. Pursuant to 28 U.S.C. § 1407, this action will be remanded at or before the conclusion of pretrial proceedings to the United States Bankruptcy Court for the Southern District of New York or the United States District Court for the Southern District of New York. Venue is proper for the Adelphia Counter-Defendants' counterclaims under 28 U.S.C. § 1391(b) and/or § 1409.

Answer: Admitted that 28 U.S.C. § 1407 specifies, *inter alia*, procedures for multidistrict litigation. Admitted that venue is proper for the Adelphia Counter-Defendants' counterclaims under 28 U.S.C. § 1391(b) and/or § 1409. Except as expressly admitted, the allegations of this paragraph 5 are denied.

## COUNT I
## DECLARATORY JUDGMENT OF NONINFRINGEMENT AND IN VALIDITY OF THE '761 PATENT

6. The allegations made in its Affirmative Defenses and in Paragraphs 1-5 above are incorporated herein by reference.

Answer: Rembrandt repeats and re-alleges its responses to paragraphs 1 through 5 of the Amended Counterclaims. Adelphia Counter-Defendants' attempt to incorporate by reference its Affirmative Defenses does not comply with Federal Rule of Civil Procedure 10(b) requiring a separate statement of a single set of circumstances, and is therefore too vague and general to permit or require a response. Rembrandt denies the applicability of each and every Affirmative Defense.

7. An actual controversy exists between the Adelphia Counter-Defendants and Rembrandt regarding the alleged infringement and invalidity of United States Patent No. 5,710,761.

Answer: Admitted.

8. The Adelphia Counter-Defendants have not infringed, contributorily infringed, or induced the infringement of any valid claims of the '761 patent, either literally or under the doctrine of equivalents.

Answer: Denied.

9. The '761 patent is invalid in light of the failure to comply with one or more requirements of 35 U.S.C. § 101 *et seq.*

Answer: Denied.

10. Rembrandt's claims that the Adelphia Counter-Defendants are infringing, contributorily infringing or actively inducing the infringement of the '761 patent render this case exceptional within the meaning of 35 U.S.C. § 285, entitling the Adelphia Counter-Defendant to recover their attorney fees, costs and expenses in defending against those claims.

Answer: Denied that this case is exceptional with respect to any claim for attorneys' fees by Adelphia Counter-Defendants.

## COUNT II
## DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY OF THE '234 PATENT

11. The allegations made in its Affirmative Defenses and in Paragraphs 1-10 above are incorporated herein by reference.

Answer: Rembrandt repeats and re-alleges its responses to paragraphs 1 through 10 of the Amended Counterclaims. Adelphia Counter-Defendants' attempt to incorporate by reference its Affirmative Defenses does not comply with Federal Rule of Civil Procedure 10(b) requiring a separate statement of a single set of circumstances, and is therefore too vague and general to permit or require a response. Rembrandt denies the applicability of each and every Affirmative Defense.

12. An actual controversy exists between the Adelphia Counter-Defendants and Rembrandt regarding the alleged infringement and invalidity of United States Patent No. 5,778,234.

Answer: Admitted.

13. The Adelphia Counter-Defendants have not infringed, contributorily infringed, or induced the infringement of any valid claims of the '234 patent, either literally or under the doctrine of equivalents.

Answer: Denied.

14. The '234 patent is invalid in light of the failure to comply with one or more requirements of 35 U.S.C. § 101 *et seq.*

Answer: Denied.

15. Rembrandt's claims that the Adelphia Counter-Defendants are infringing, contributorily infringing or actively inducing the infringement of the '234 patent render this case exceptional within the meaning of 35 U.S.C. § 285, entitling the Adelphia Counter-Defendants to recover their attorney fees, costs and expenses in defending against those claims.

Answer: Denied that this case is exceptional with respect to any claim for attorneys' fees by Adelphia Counter-Defendants.

## COUNT III
## DECLARATORY JUDGMLNT OF NONINFRINGEMENT AND INVALIDITY OF THE '159 PATENT

16. The allegations made in its Affirmative Defenses and in Paragraphs 1-15 above are incorporated herein by reference.

Answer: Rembrandt repeats and re-alleges its responses to paragraphs 1 through 15 of the Amended Counterclaims. Adelphia Counter-Defendants' attempt to incorporate by reference its Affirmative Defenses does not comply with Federal Rule of Civil Procedure 10(b) requiring a separate statement of a single set of circumstances, and is therefore too vague and general to permit or require a response. Rembrandt denies the applicability of each and every Affirmative Defense.

17.  An actual controversy exists between the Adelphia Counter-Defendants and Rembrandt regarding the alleged infringement and invalidity of United States Patent No. 6,131,159.

Answer:  Admitted.

18.  The Adelphia Counter-Defendants have not infringed, contributorily infringed, or induced the infringement of any valid claims of the '159 patent, either literally or under the doctrine of equivalents.

Answer:  Denied.

19.  The '159 patent is invalid in light of the failure to comply with one or more requirements of 35 U.S.C. § 101 *et seq.*

Answer:  Denied.

20.  Rembrandt's claims that the Adelphia Counter-Defendants are infringing, contributorily infringing or actively inducing the infringement of the '159 patent render this case exceptional within the meaning of 35 U.S.C. § 285, entitling the Adelphia Counter-Defendants to recover their attorney fees, costs and expenses in defending against those claims.

Answer:  Denied that this case is exceptional with respect to any claim for attorneys' fees by Adelphia Counter-Defendants.

## COUNT IV
## DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY OF THE '444 PATENT

21.  The allegations made in its Affirmative Defenses and in Paragraphs 1-20 above are incorporated herein by reference.

Answer:  Rembrandt repeats and re-alleges its responses to paragraphs 1 through 20 of the Amended Counterclaims.  Adelphia Counter-Defendants' attempt to incorporate by reference its Affirmative Defenses does not comply with Federal Rule of Civil Procedure 10(b) requiring a separate statement of a single set of circumstances, and is therefore too vague and general to

permit or require a response. Rembrandt denies the applicability of each and every Affirmative Defense.

22. An actual controversy exists between the Adelphia Counter-Defendants and Rembrandt regarding the alleged infringement and invalidity of United States Patent No. 6,950,444.

Answer: Admitted.

23. The Adelphia Counter-Defendants have not infringed, contributorily infringed, or induced the infringement of any valid claims of the '444 patent, either literally or under the doctrine of equivalents.

Answer: Denied.

24. The '444 patent is invalid in light of the failure to comply with one or more requirements of 35 U.S.C. § 101 *et seq*.

Answer: Denied.

25. Rembrandt's claims that the Adelphia Counter-Defendants are infringing, contributorily infringing or actively inducing the infringement of the '444 patent render this case exceptional within the meaning of 35 U.S.C. § 285, entitling the Adelphia Counter-Defendants to recover their attorney fees, costs and expenses in defending against those claims.

Answer: Denied that this case is exceptional with respect to any claim for attorneys' fees by Adelphia Counter-Defendants.

**COUNT V
DECLARATORY JUDGMENT OF UNENFORCEABILITY DUE TO
INEQUITABLE CONDUCT**

26. The allegations made in its Affirmative Defenses and in Paragraphs 1-25 above are incorporated herein by reference.

Answer: Rembrandt incorporates by reference its responses to paragraphs 1-25 as though fully set forth herein. Adelphia Counter-Defendants' attempt to incorporate by reference its

Affirmative Defenses does not comply with Federal Rule of Civil Procedure 10(b) requiring a separate statement of a single set of circumstances, and is therefore too vague and general to permit or require a response. Rembrandt denies the applicability of each and every Affirmative Defense.

27.     An actual and justiciable controversy exists between the Adelphia Counter-Defendants and Rembrandt regarding the enforceability of the '761, '444, '159 and '234 patents.

Answer: Admitted.

28.     Individuals subject to the duty of candor under 37 C.F.R. 1.56 ("Applicants"), including named inventors in the applications referenced below and employees with substantive involvement in the filing and/or prosecution of patent applications for Paradyne entities, engaged in inequitable conduct by engaging in a pattern and practice of withholding or misstating material information with intent to deceive the United States Patent & Trademark Office ("USPTO") in connection with patent prosecution of the '761, '234, '159, and '444 patents. On multiple occasions, Applicants failed to disclose their own previously issued patents that comprised material prior art, failed to disclose material information regarding their own co-pending applications for patents, failed to disclose prior art that was known to them through the prosecution of their own patents and applications, and failed to disclose their own systems that were on-sale prior to the relevant critical dates. In addition to nondisclosure, Applicants in the prosecution chain of the '159 and '234 patents provided affirmative misstatements as set forth below. Accordingly, Applicants engaged in an overall pattern and practice of repeatedly and continuously failing to disclose to the USPTO material information of which Applicants were indisputably aware. The permeation and continuation of this misconduct throughout prosecution of multiple patent applications confirms that Applicants acted with deceptive intent rendering the patents unenforceable. Further, the doctrine of infectious unenforceability renders related patents unenforceable.

Answer: Denied.

29.     More specifically, during prosecution of the '761 patent, Applicants engaged in inequitable conduct before the USPTO, rendering the '761 patent unenforceable by withholding and failing to disclose material information with intent to deceive including the following acts:

(a)     By way of example, MPEP § 2001.06(b) states that "there is a duty to bring to the attention of the examiner, or other Office official involved with the examination of a particular application, information within their knowledge as to other co-pending United States applications which are "'material to patentability' of the application in question." The MPEP cites to caselaw providing that "[W]e think

- 8 -

that it is unfair to the busy examiner, no matter how diligent and well informed he may be, to assume that he retains details of every pending file in his mind when he is reviewing a particular application . . . [T]he applicant has the burden of presenting the examiner with a complete and accurate record to support the allowance of letters patent." The MPEP provides express examples of material information as to other co-pending applications, stating "[f]or example, if a particular inventor has different applications pending in which similar subject matter but patentably indistinct claims are present that fact must be disclosed to the examiner of each of the involved applications. Similarly, the prior art references from one application must be made of record in another subsequent application if such prior art references are '"material to patentability' of the subsequent application."

(b) Notwithstanding these clear obligations, during prosecution, Applicants repeatedly failed to disclose material information within their knowledge as to co-pending applications of which they were aware. One or more Applicants were aware of and failed to disclose, without limitation, co-pending application 08/780,762 ("the '762 application," now the '631 patent, which is now commonly asserted here along with the '761 patent). The Applicants for the '761 patent failed to identify the '762.application or its claims to the examiner in the prosecution of the '761 patent. The '762 application was never disclosed on any IDS that was submitted in the '761 patent or otherwise made of record in the '761 patent. Information relating to the '762 application and its claims was material to patentability. One or more Applicants were aware of the '762 application. Robert Scott was aware of the co-pendency of his applications. In addition, on information and belief, a reasonable opportunity for discovery will show that Paradyne personnel were substantively involved in the filing or prosecution of the '761 patent and were aware of the '762 application. Material information relating to the '762 application was withheld with intent to deceive the USPTO as is particularly shown by the continuing pattern and practice of nondisclosure referenced in this Counterclaim.

(c) Further, Applicants failed to disclose in prosecution of the '761 patent, the prior art of record from the '762 application, as well as the prior art of record from Application Nos. 08/781,787, now issued as U.S. Patent No. 5,751,796 ("Rapid Startup Protocol For Communication Between a Plurality of Modems"), to Scott and Zuranski, 08/781,067, now issued as U.S. Patent No. 5,796,808 ("System and Method for Automatically Selecting the Mode of Communication between a Plurality of Modems"), to Scott and Lastinger Jr., 08/457,88 1, now issued as U.S. Patent No. 5,793,809 ("Transparent Technique for Mu-Law Modems to Detect an All-Digital Circuit Connection"), to Holmquist, 08/912,126, now issued as U.S. Patent No. *6,081,556* ("Transparent Technique for Mu-Law Modems to Detect an All-Digital Circuit Connection"), to Holmquist, and 08/978,536, now issued as U.S. Patent No. 5,349,635 ("Half-Duplex or Full-Duplex Automode Operation for use in Data Communications Equipment"), to Scott (the "'761 Co-Pending Applications"). One or more Applicants were aware of the '761 Co-Pending

>
> Applications. Several of the '761 Co-Pending Applications include Robert Scott as a named inventor, and in the case of the '761 and '631 patents, he is the sole named inventor on both. Robert Scoff was aware of the co-pendency of his applications. In addition, on information and belief, a reasonable opportunity for discovery will show that Paradyne personnel were substantively involved in the filing or prosecution of the '761 patent and were aware of the '761 Co-Pending Applications.
>
> (d) The prior art of record from the '761 Co-Pending Applications that Applicants failed to disclose, includes without limitation U.S. Patent Nos. 4,905,282 ("Feature Negotiation Protocol and Dynamically Adjustable Retraining Sequence for a High Speed Half Duplex Modem"), to McGlynn and Nash ("McGlynn"), 5,528,679 ("Automatic Detection of Digital Call Paths in a Telephone System"), to Taarud ("Taarud"), 4,680,773 ("Data Telecommunications System"), to Amundson ("Amundson"), and 4,782,498 ("Modem with Improved Handshaking Capability"), to Copeland, III ("Copeland") (the "'761 Co-Pending Art"). The '761 Co-Pending Art was material to the patentability of the '761 patent. Applicants for the '761 patent failed to identify any of '761 Co-Pending Art to the examiner in the prosecution of the '761 patent. Applicants were aware of the '761 Co-Pending Art. Robert Scott is the same and only named inventor on both the '631 and the '761 patents. Further, McGlynn was cited by the Examiner of the '631 patent in a Detailed Office Action and accompanying Notice of References Cited mailed on 9/12/97. The Applicants attempted to distinguish McGlynn in a First Response with Amendments on October 23, 1997. Notwithstanding the October 23, 1997 response, the PTO issued a Detailed Action rejecting the claims in the '631 patent based upon McGlynn in an office action dated November 18, 1997, while the application for the '761 patent remained co-pending, and Applicants nevertheless failed to disclose McGlynn in prosecution of the '761 patent. Further, Applicants for the '761 patent failed to disclose in prosecuting the '761 patent the office actions and responses from the co-pending '631 patent. In addition, on information and belief, a reasonable opportunity for discovery will show that Paradyne personnel substantively involved in the filing or prosecution of the '761 patent were aware of the '761 Co-Pending Art, as well as U.S. Patent Nos. 5,600,712 ("Enabling Technique for Quickly Establishing High Speed PSTN Connections In Telecommuting Applications"), to Hanson, 5,577,105 ("Telephone Call Routing and Switching Techniques for Data Communications"), to Baum, and 5,127,041 ("System and Method for Interfacing Computers to Diverse Telephone Networks"), to O'Sullivan. The undisclosed information described herein was material to patentability of the '761 patent and was withheld with intent to deceive the PTO, as is particularly shown by the continuing pattern and practice of nondisclosure referenced in this Counterclaim.

Answer: Denied. By way of further answer, the prosecution history of the '761 patent and the MPEP speak for themselves.

30. Additional instances of misconduct occurred in prosecution of the '444 patent, where Applicants engaged in inequitable conduct before the USPTO rendering the patent unenforceable by withholding and failing to disclose material information with intent to deceive including the following acts:

(a) By way of example, MPEP § 2001.06(b) states that "there is a duty to bring to the attention of the examiner, or other Office official involved with the examination of a particular application, information within their knowledge as to other co-pending United States applications which are "'material to patentability' of the application in question." The MPEP cites to caselaw providing that "[W]e think that it is unfair to the busy examiner, no matter how diligent and well informed he may be, to assume that he retains details of every pending file in his mind when he is reviewing a particular application. [T]he applicant has the burden of presenting the examiner with a complete and accurate record to support the allowance of letters patent." The MPEP provides express examples of material information as to other co-pending applications, stating "[f]or example, if a particular inventor has different applications pending in which similar subject matter but patentably indistinct claims are present that fact must be disclosed to the examiner of each of the involved applications. Similarly, the prior art references from one application must be made of record in another subsequent application if such prior art references are "'material to patentability' of the subsequent application."

(b) By way of further example, during prosecution of the '444 patent application, Applicants repeatedly failed to disclose information within their knowledge as to material prior art of which they were aware, including without limitation U.S. Patent No. 5,369,703 ("Command and Control Signalling Method and Apparatus"), to Archibald, Davis and Holmquist; and U.S. Patent No. 4,864,617 ("System and Method for Reducing Deadlock Conditions Caused By Repeated Transmission of Data Sequences Equivalent to Those Used for Inter-Device Signalling"), to Holmquist.

(c) In addition, on information and belief, a reasonable opportunity for discovery will show that one or more Applicants was aware of U.S. Patent Nos. 3,978,407 ("Fast Start-Up Adaptive Equalizer Communication System Using Two Data Transmission Rates"), to Forney and Hart. Applicants failed to disclose this patent to the USPTQ in prosecution of the '444 patent. This reference was material to patentability of the '444 patent. On information and belief a reasonable opportunity for discovery will show that Applicants knew of and withheld this reference with intent to deceive the USPTO, as is particularly shown by the continuing pattern and practice of nondisclosure referenced in this Counterclaim.

(d) In addition, on information and belief a reasonable opportunity for discovery will show that Paradyne offered for sale MVL technology more than one year before applying for the '444 patent, that was material to the '444 patent, but failed to disclose those sales as prior art to the USPTO. The withheld information was

material to patentability and, on information and belief a reasonable opportunity for discovery will show that this information was withheld with intent to deceive the USPTO, as is particularly shown by the continuing pattern and practice of nondisclosure referenced in this Counterclaim.

<u>Answer</u>: Denied. By way of further answer, the prosecution history of the '444 patent and the MPEP speak for themselves.

31. Additional instances of misconduct occurred during the prosecution of the '159 patent, where Applicants engaged in inequitable conduct before the USPTO rendering the patent unenforceable by omitting and misstating material information with intent to deceive including the following acts:

(a) In prosecution of the '159 patent, the USPTO repeatedly rejected pending claims due to prior art, including without limitation references to Lang and Mon. In response to these and other rejections, Applicants represented that claims required and that they had invented a system that included a "displacement multibit memory address." However, Applicants lacked support for the invention as represented to the USPTO. Applicants misstated and omitted this material information with intent to deceive the USPTO into issuing the claims. These material misstatements and omissions were made with intent to deceive, as further confirmed by the pattern and practice of inequitable conduct alleged throughout this Affirmative Defense. Further, the '234 patent is a divisional of the '159 patent, refers back to acts occurring in prosecution of the '159 patent, and is infected by the unenforceabilty associated with the '159 patent.

(b) In addition, on information and belief, a reasonable opportunity for discovery will show that the Applicants offered the invention on-sale or placed it in public use more than one year before the application date, and applicants withheld this information which was material to patentability with intent to deceive the USPTO, as is particularly shown by the continuing pattern and practice of nondisclosure referenced in this Counterclaim.

<u>Answer</u>: Denied. By way of further answer, the prosecution history of the '159 patent speaks for itself.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Adelphia Counter-Defendants' counterclaim fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Adelphia Counter-Defendants' counterclaims are barred, in whole or in part, by the doctrine of estoppel.

### Third Affirmative Defense

Adelphia Counter-Defendants' counterclaims are barred, in whole or in part, by the doctrine of waiver.

### Fourth Affirmative Defense

Adelphia Counter-Defendants' counterclaims are barred, in whole or in part, by applicable limitations doctrines, including the statute of limitations.

### Fifth Affirmative Defense

Adelphia Counter-Defendants' counterclaims are based on a purported agreement to agree, which is unenforceable under applicable law.

### Sixth Affirmative Defense

Adelphia Counter-Defendants' counterclaims are based upon a purported agreement with open essential terms, which cannot be supplied under applicable law.

### Seventh Affirmative Defense

To the extent there was an enforceable promise, it was solely a promise to negotiate; there was no intention to permit any third party or a court to impose licensing terms.

### Eighth Affirmative Defense

Adelphia Counter-Defendants' counterclaims are barred by the doctrine of laches.

### Ninth Affirmative Defense

Adelphia Counter-Defendants' counterclaims fail as a matter of law based on a lack of contractual privity between Rembrandt and Adelphia Counter-Defendants' involving any alleged contractually binding obligation entered into by AT&T and/or AT&T IPM.

### Tenth Affirmative Defense

Adelphia Counter-Defendants' counterclaims fail as a matter of law because Adelphia Counter-Defendants materially breached and/or repudiated any express or implied contract, thereby excusing Rembrandt from any alleged obligation that it might otherwise have had.

### Eleventh Affirmative Defense

Adelphia Counter-Defendants are not entitled to the relief requested as a matter of law.

### Twelfth Affirmative Defense

Adelphia Counter-Defendants' counterclaims fail, in whole or in part, because Adelphia Counter-Defendants failed to fulfill conditions precedent to any obligation to offer a license to it.

### Thirteenth Affirmative Defense

Rembrandt reserves the right to assert additional and/or different affirmative defenses as discovery progresses, and hereby reserves the right to amend its reply to Adelphia Counter-Defendants' Amended Counterclaim in support of any such defenses.

**PRAYER FOR RELIEF**

WHEREFORE, Rembrandt respectfully requests: (i) that judgment be entered in its favor, and against Counter-Defendants, on Counter-Defendants' amended counterclaims, and that Counter-Defendants not be awarded any relief in connection therewith; and (ii) that Rembrandt be awarded all the relief sought in the Prayer for Relief of its Complaint, which is incorporated herein by reference.

Dated: May 2, 2008

/s/ *Collins J. Seitz, Jr.*
Collins J. Seitz, Jr. (#2237)
Francis DiGiovanni (#3189)
James D. Heisman (#2746)
Kristen Healey Cramer (#4512)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141
cseitz@cblh.com
fdigiovanni@cblh.com
jheisman@cblh.com
kcramer@cblh.com

Attorneys for Rembrandt Technologies, LP

607075

## CERTIFICATE OF SERVICE

I, Collins J. Seitz, Jr., hereby certify that on the 7th day of May, 2008, a true copy of the foregoing **Rembrandt Technologies, LP's Reply to Adelphia Communications Corp.'s and Adelphia Consolidation LLC's Amended Counterclaims** was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following and the document is available for viewing and downloading from CM/ECF:

**BY E-MAIL**

| | |
|---|---|
| Jack B. Blumenfeld<br>Karen Jacobs Louden<br>Rodger D. Smith II<br>Morris, Nichols, Arsht & Tunnell LLP<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>jblumenfeld@mnat.com<br>klouden@mnat.com<br>rsmith@mnat.com | John W. Shaw<br>Young, Conaway, Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19899-0391<br>jshaw@ycst.com |
| Richard K. Herrmann<br>Mary B. Matterer<br>Amy Arnott Quinlan<br>Morris James LLP<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801-1494<br>rherrmann@morrisjames.com | Richard D. Kirk<br>Scott G. Wilcox<br>Stephen B. Brauerman<br>Bayard, PA<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899<br>rkirk@bayardlaw.com<br>swilcox@bayardlaw.com<br>sbrauerman@bayardlaw.com |

| | |
|---|---|
| Fredrick L. Cottrell, III<br>Kelly E. Farnan<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>cottrell@rlf.com<br>farnan@rlf.com | Peter J. Toren<br>Lawrence B. Goodwin<br>Monica V. Bhattacharyya<br>Stefan R. Stoyanov<br>Kasowitz, Benson, Torres & Friedman LLP<br>1633 Broadway<br>New York, NY 10019<br>ptoren@kasowitz.com<br>lgoodwin@kasowitz.com<br>mbhattacharyya@kasowitz.com<br>sstoyanov@kasowitz.com |
| Josh A. Krevitt<br>Charles J. Bourdreau<br>Gibson, Dunn & Crutcher LLP<br>200 Park Avenue, 47th Floor<br>New York, New York 10166-0193<br>jkrevitt@gibsondunn.com<br>cboudreau@gibsondunn.com | David Segal<br>Gibson, Dunn & Crutcher LLP<br>3161 Michelson Drive<br>Irvina, California 92612-4412<br>dsegal@gibsondunn.com |
| Amanda J. Tessar<br>Gibson, Dunn & Crutcher LLP<br>1801 California Street, Suite 4200<br>Denver, CO 80202-2642<br>atessar@gibsondunn.com | David S. Benyacar<br>Daniel L. Reisner<br>Kaye Scholer LLP<br>425 Park Avenue<br>New York, New York 10022<br>dbenyacar@kayescholer.com<br>dreisner@kayescholer.com |
| Matthew D. Powers<br>Edward R. Reines<br>Weil Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065<br>matthew.powers@weil.com<br>edward.reines@weil.com | Robert A. Van Nest<br>Brian L. Ferrall<br>Daralyn J. Durie<br>Leo L. Lam<br>Matthew M. Werdegar<br>KEKER & VAN NEST LLP<br>710 Sansome Street<br>San Francisco, CA 94111<br>rvannest@kvn.com<br>bferrall@kvn.com<br>ddurie@kvn.com<br>llam@kvn.com<br>mwerdegar@kvn.com |

| | |
|---|---|
| John Desmarais<br>Kirkland & Ellis LLP<br>Citigroup Center<br>153 East 53rd Street<br>New York, New York 10022<br>jdesmarais@kirkland.com | Eric R. Lamison<br>Kirkland & Ellis LLP<br>555 California Street, Ste. 2700<br>San Francisco, CA 94104<br>elamison@kirkland.com |
| Mitchell Stockwell<br>Kilpatrick & Stockton LLP<br>110 Peachtree Street, N.E.<br>Suite 2800<br>Atlanta, GA 30309<br>MStockwell@KilpatrickStockton.com | Bradford P. Lyerla<br>Kevin D. Hogg<br>Charles E. Juister<br>Marshall, Gerstein & Borun LLP<br>6300 Sears Tower<br>233 South Wacker Drive<br>Chicago, IL 60606-6357<br>blyerla@marshallip.com<br>khogg@marshallip.com<br>cjuister@marshallip.com |
| Richard Brown<br>Day Pitney LLP<br>200 Campus Drive<br>Florham Park, NJ 07932<br>rbrown@daypitney.com | Gerald Levy<br>Day Pitney LLP<br>7 Times Square<br>New York, NY 10036<br>glevy@daypitney.com |
| Jonathan Tropp<br>Day Pitney LLP<br>One Canterbury Green<br>201 Broad Street<br>Stamford, CT 06901 | |

By:  /s/ Collins J. Seitz, Jr.
      Collins J. Seitz, Jr. (#2237)
      cseitz@cblh.com