IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| IN RE: REMBRANDT TECHNOLOGIES, LP PATENT LITIGATION | ) ) ) ) ) ) ) ) MDL Docket No. 07-md-1848 (GMS) |
| MOTOROLA, INC., CISCO SYSTEMS, INC., SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, INC., THOMSON, INC., AMBIT MICROSYSTEMS, INC., and NETGEAR, INC.<br><br>Plaintiffs,<br><br>v.<br><br>REMBRANDT TECHNOLOGIES, LP,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 07-752-GMS |
| REMBRANDT TECHNOLOGIES, LP, and REMBRANDT TECHNOLOGIES, LLC d/b/a REMSTREAM,<br><br>Counter-Plaintiffs,<br><br>v.<br><br>MOTOROLA, INC., CISCO SYSTEMS, INC., SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, INC., THOMSON, INC., AMBIT MICROSYSTEMS, INC., and NETGEAR, INC., TIME WARNER CABLE, INC., TIME WARNER CABLE LLC, TIME WARNER NEW YORK CABLE LLC, TIME WARNER ENTERTAINMENT COMPANY, LP, COMCAST CORPORATION, COMCAST CABLE COMMUNICATIONS, LLC, CHARTER COMMUNICATIONS OPERATING, LLC, COXCOM, INC., COX COMMUNICATIONS, | ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 07-752-GMS ) ) ) ) ) ) ) ) ) ) |

INC., COX ENTERPRISES, INC., CSC  )
HOLDINGS, INC., CABLEVISION SYSTEMS  )
CORPORATION, ADELPHIA  )
COMMUNICATIONS CORPORATION,  )
CENTURY-TCI CALIFORNIA  )
COMMUNICATIONS, LP, CENTURY-TCI  )
HOLDINGS, LLC, COMCAST OF  )
FLORIDA/PENNSYLVANIA, L.P. (f/k/a  )
PARNASSOS, LP), COMCAST OF  )
PENNSYLVANIA II, L.P. (f/k/a CENTURY-TCI  )
CALIFORNIA, L.P.), PARNASSOS  )
COMMUNICATIONS, LP, ADELPHIA  )
CONSOLIDATION, LLC, PARNASSOS  )
HOLDINGS, LLC, and WESTERN NY  )
CABLEVISION, LP,  )
  )
      Counter-Defendants.  )
  )

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE of the attached subpoena.

                YOUNG CONAWAY STARGATT &
                TAYLOR, LLP

                */s/*

                Josy W. Ingersoll (No. 1088)
                John W. Shaw (No. 3362)
                Jeffrey T. Castellano (No. 4837)
                1000 West Street
                Wilmington, DE 19801
                (302) 571-6600
                jcastellano@ycst.com

                *Liaison Counsel and Attorneys for Plaintiffs/Counter-Defendants Motorola, Inc., Cisco Systems, Inc., Scientific-Atlanta, Inc., ARRIS Group, Inc., Thomson, Inc., Ambit Microsystems, Inc., and NETGEAR, Inc.*

Of Counsel:

John Desmarais
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

Eric Lamison
Benjamin Ostapuk
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104

Russell E. Levine, P.C.
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601

*Attorneys for Plaintiffs/Counter-Defendants
Motorola, Inc., Cisco Systems, Inc.,
Scientific-Atlanta, Inc., ARRIS Group, Inc.,
Thomson, Inc., Ambit Microsystems, Inc.,
and NETGEAR, Inc.*

Date:   June 26, 2008

## CERTIFICATE OF SERVICE

I, Jeffrey T. Castellano, Esquire, hereby certify that on June 26, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Collins J. Seitz, Jr., Esquire
Francis DiGiovanni, Esquire
Connolly Bove Lodge & Hutz LLP
The Nemours Building – 8th Floor
1007 N. Orange Street
Wilmington, DE 19801
cseitz@cblh.com
fdigiovanni@cblh.com

Jack B. Blumenfeld, Esquire
Morris Nichols Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
jblumenfeld@mnat.com

I further certify that on June 26, 2008, I caused a copy of the foregoing document to be served by e-mail and hand delivery on the above-listed counsel of record.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_/s/ Jeffrey T. Castellano_
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Jeffrey T. Castellano (No. 4837)
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
*jcastellano@ycst.com*

AO 88 (Rev. 01/07) Subpoena in a Civil Case

# Issued by the
## UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

In re: REMBRANDT TECHNOLOGIES, LP
PATENT LITIGATION
MOTOROLA, INC., et al.

**SUBPOENA IN A CIVIL CASE**

V.

CASE NUMBER:[1]

MDL Docket No. 1:07-md-1848-GMS
(pending in the District of Delaware)
This subpoena relates to:
1:07-cv-752-GMS
(pending in the District of Delaware)

REMBRANDT TECHNOLOGIES, LP

TO:  HarborNet
     4910 Point Fosdick Drive
     Gig Harbor, WA 98335

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **See Attachment A.**

| PLACE | DATE AND TIME |
|---|---|
| Washington Legal Servers, 2616 NE Kreskey Avenue, Suite 203, Chehalis, WA 98532, Attn: Dennis Norris (360-736-0808) | July 7, 2008-9:00a |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* <br> Attorney for Plaintiffs Motorola, Inc., Cisco Systems, Inc., Scientific-Atlanta, Inc., ARRIS Group, Inc., Thomson, Inc., Ambit Microsystems, Inc., and NETGEAR, Inc. | June 17, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Jeffrey T. Castellano, Esquire, Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 17th Floor, PO Box 391, Wilmington, DE 19899-0391 (302) 571-6600

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (DE Rev. 01/07) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

1. "Rembrandt" means Rembrandt Technologies, LP, Rembrandt Technologies, LLC d/b/a Remstream, and all predecessors, successors, subsidiaries, parents, sisters, partnerships and affiliates thereof, including, but not limited to, Rembrandt IP Management LLC, and all directors, officers, agents, employees, attorneys and other persons acting on their behalf.

2. "TurboComm" refers to TurboComm Tech Inc., including all predecessors, successors, subsidiaries, parents, sisters, partnerships and affiliates thereof, including but not limited to Cameo Communications, Inc., and all directors, officers, agents, employees, attorneys and other persons acting on their behalf.

3. "HarborNet" or "you" means HarborNet, HarborNet.Com, Inc., HarborNet Internet Connections LP, and/or Peninsula Computers, including all predecessors, successors, subsidiaries, parents, sisters, partnerships and affiliates thereof, and all directors, officers, agents, employees, attorneys and other persons acting on their behalf.

4. "Patents-in-suit" mean the following patents at issue in this litigation: U.S. Patent No. 4,937,819 ("the '819 patent"); U.S. Patent No. 5,008,903 ("the '903 patent"); U.S. Patent No. 5,710,761 ("the '761 patent"); U.S. Patent No. 5,719,858 ("the '858 patent"); U.S. Patent No. 5,778,234 ("the '234 patent"); U.S. Patent No. 5,852,631 ("the '631 patent"); U.S. Patent No. 6,131,159 ("the '159 patent"); U.S. Patent No. 6,960,444 ("the '444 patent").

5. "Related patents or patent applications" means any U.S. or foreign patent or patent application that either (i) stems from or claims priority to the patents-in-suit, (ii) describes subject matter claimed or described in the patents-in-suit, or (iii) claims any subject matter in the patents-in-suit. "Related patents or patent applications" specifically includes, but is not limited to Aband. App. 08/149,348, Aband. App. 09/031,226, CA 2 093 042, EP 0 569 178, Prov. App.

60/022,474, Prov. App. 60/026,970, U.S. Pat. No. 5,751,796 (App No. 08/781,787), U.S. Pat. No. 5,796,808 (App. No. 08/781,067), U.S. Pat. No. 5,787,363 (App No. 08/780,238), WO 97/49193, WO 97/49229, WO 97/49230, WO 97/49228, Prov. App. 60/039,265, U.S. Pat. No. 6,580,785 (App. No. 09/032,671), U.S. Pat. No. 7,020,266 (App. No. 10/269,209), Pend. App. 11/086,063 (U.S. Pub 2005/0163303), Pend. App. 11/690,807, Prov. App. 60/128,064, U.S. Pat. No. 6,922,415 (App. No. 09/537,609), Prov. App. 60/038,324, JP 2002 513532, EP 0 983 691 (WO98 38813), Prov. App. 60/150,436, Pend. App. 10/179,544 (U.S. Pub. 2002/0167949), Pend. App. 11/076,737 (U.S. Pub. 2005/0152404), and any foreign counterparts thereof.

6. "Document" shall have the meaning accorded by Rule 34(a) of the Federal Rules of Civil Procedure including, but not limited to all of the matters defined in Rule 1001 of the Federal Rules of Evidence, any written, printed, typed, recorded, magnetic, punched, copied, graphic, or other tangible thing in which information may be embodied, translated, conveyed, or stored. If a draft document has been prepared in several copies that are not identical, or if the original identical copies are no longer identical due to subsequent notation, each non-identical document is a separate document.

7. "Concerning" means pertaining to, relating to, referring to, regarding, representing, embodying, illustrating, describing, evidencing, discussing, mentioning or constituting.

8. "Communication" is used in a comprehensive sense, and means any instance in which any person has had contact with any other person by oral or written utterance, question, comment, inquiry, notation, or statement of any nature whatsoever, including but not limited to writings, documents, conversations, dialogues, discussions, interviews, consultations, agreements, and understandings.

9. As used herein, "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

10. Where appropriate, the singular form of a word should be interpreted in the plural and vice versa, to acquire the broadest possible meaning.

11. If any document relating to the subject matter of this subpoena has been destroyed, describe the content of said document, the last location of said document, the date of its destruction and the name of the person or entity that ordered or authorized its destruction.

## DOCUMENT REQUESTS

1. All documents concerning Rembrandt, including but not limited to internal memoranda, emails, notes, travel logs, appointment books, telephone logs, calendar entries, and/or any communications with third parties.

2. All documents concerning communications with Rembrandt.

3. All documents and things concerning the business of Rembrandt, including without limitations all documents and things concerning any intellectual property licensing; acquisition or enforcement agreements; strategies, plans or internal analyses relating to any agreements; strategies, plans, or internal analyses to supply products or services or enter agreements with others to supply products or services implementing any intellectual property.

4. All documents concerning Remstream, including but not limited to internal memoranda, emails, notes, travel logs, appointment books, telephone logs, calendar entries, and/or any communications with third parties.

5. All documents concerning TurboComm, including but not limited to internal memoranda, emails, notes, travel logs, appointment books, telephone logs, calendar entries, and/or any communications with third parties.

6. All documents concerning communications with TurboComm.

7. All documents concerning any agreement and/or negotiation of agreement with or concerning Rembrandt, Remstream, and/or TurboComm.

8. Documents sufficient to show the cable modems and/or cable modem terminating systems that you have purchased, sold, recommended and/or distributed, or have contemplated purchasing, selling, recommending and/or distributing, and your supplier(s) for the cable modems and/or cable modem terminating systems.

9. Any internal business plans or strategic documents concerning your cable modems or cable modem terminating systems business, including, but not limited to, documents discussing market shares; competition; competitors; and potential for sales growth or expansion into new product, service, or geographic markets.

10. Any internal business plans or strategic documents concerning your cable internet services business, including, but not limited to, documents discussing market shares; competition; competitors; and potential for sales growth or expansion into new product, service, or geographic markets.

11. All documents concerning any of the patents-in-suit or related patents and patent applications.

12. All documents concerning the actual or potential enforcement of any of the patents-in-suit or any related patents or patent applications.

13. All documents concerning any agreement and/or negotiation of agreement relating to the above-referenced litigation or to any of the patents-in-suit or any related patent or patent application.

- 5 -

14.     Documents sufficient to identify your policies and procedures for generating, maintaining, and disposing of documents.