# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>REMBRANDT TECHNOLOGIES, LP<br>PATENT LITIGATION | )<br>)<br>) MDL Docket No. 07-md-1848 (GMS)<br>)<br>)<br>)<br>) |

## NOTICE OF SUBPOENA TO SEDNA PATENT SERVICES, LLC

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE of the attached subpoena.

Dated: June 27, 2008

CONNOLLY BOVE LODGE & HUTZ LLP

/s/ Francis DiGiovanni
Collins J. Seitz, Jr., Esquire (#2237)
Francis DiGiovanni, Esquire (#3189)
James D. Heisman, Esquire (#2746)
1007 N. Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
(302) 658-9141
cseitz@cblh.com
fdigiovanni@cblh.com
jheisman@cblh.com

*Attorneys for Rembrandt Technology, LP
and Rembrandt Technologies, LLC*

## CERTIFICATE OF SERVICE

I, Francis DiGiovanni, hereby certify that on the 27th day of June, 2008, a true copy of the foregoing **Notice of Subpoena to Sedna Patent Services, LLC** was electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following and allow the document to be viewed and downloaded from CM/ECF, and has served on counsel as follows:

**BY E-MAIL**

Jack B. Blumenfeld
Karen Jacobs Louden
Rodger D. Smith II
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@mnat.com
klouden@mnat.com
rsmith@mnat.com

John W. Shaw
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

jshaw@ycst.com

Richard K. Herrmann
Mary B. Matterer
Amy Arnott Quinlan
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
rherrmann@morrisjames.com

Richard D. Kirk
Scott G. Wilcox
Stephen B. Brauerman
Bayard, PA
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
rkirk@bayardlaw.com
swilcox@bayardlaw.com
sbrauerman@bayardlaw.com

1130479 v1

Fredrick L. Cottrell, III
Kelly E. Farnan
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
cottrell@rlf.com
farnan@rlf.com

Josh A. Krevitt
Charles J. Bourdreau
Gibson, Dunn & Crutcher LLP
200 Park Avenue, 47th Floor
New York, New York 10166-0193
jkrevitt@gibsondunn.com
cboudreau@gibsondunn.com

Amanda J. Tessar
Gibson, Dunn & Crutcher LLP
1801 California Street, Suite 4200
Denver, CO 80202-2642
atessar@gibsondunn.com

Matthew D. Powers
Edward R. Reines
Weil Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
matthew.powers@weil.com
edward.reines@weil.com

Peter J. Toren
Lawrence B. Goodwin
Monica V. Bhattacharyya
Stefan R. Stoyanov
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, NY 10019
ptoren@kasowitz.com
lgoodwin@kasowitz.com
mbhattacharyya@kasowitz.com
sstoyanov@kasowitz.com

David Segal
Gibson, Dunn & Crutcher LLP
3161 Michelson Drive
Irvina, California 92612-4412
dsegal@gibsondunn.com

David S. Benyacar
Daniel L. Reisner
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
dbenyacar@kayescholer.com
dreisner@kayescholer.com

Robert A. Van Nest
Brian L. Ferrall
Daralyn J. Durie
Leo L. Lam
Matthew M. Werdegar
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA 94111
rvannest@kvn.com
bferrall@kvn.com
ddurie@kvn.com
llam@kvn.com
mwerdegar@kvn.com

1130479 v1

| | |
|---|---|
| John Desmarais<br>Kirkland & Ellis LLP<br>Citigroup Center<br>153 East 53rd Street<br>New York, New York 10022<br>jdesmarais@kirkland.com | Eric R. Lamison<br>Kirkland & Ellis LLP<br>555 California Street, Ste. 2700<br>San Francisco, CA 94104<br>elamison@kirkland.com |
| Mitchell Stockwell<br>Kilpatrick & Stockton LLP<br>110 Peachtree Street, N.E.<br>Suite 2800<br>Atlanta, GA 30309<br>MStockwell@KilpatrickStockton.com | Bradford P. Lyerla<br>Kevin D. Hogg<br>Charles E. Juister<br>Marshall, Gerstein & Borun LLP<br>6300 Sears Tower<br>233 South Wacker Drive<br>Chicago, IL 60606-6357<br>blyerla@marshallip.com<br>khogg@marshallip.com<br>cjuister@marshallip.com |
| Richard Brown<br>Day Pitney LLP<br>200 Campus Drive<br>Florham Park, NJ 07932<br>rbrown@daypitney.com | Gerald Levy<br>Day Pitney LLP<br>7 Times Square<br>New York, NY 10036<br>glevy@daypitney.com |
| Jonathan Tropp<br>Day Pitney LLP<br>One Canterbury Green<br>201 Broad Street<br>Stamford, CT 06901 | |

By:  /s/ Francis DiGiovanni
    Francis DiGiovanni (#3189)
    fdigiovanni@cblh.com

1130479 v1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

SUBPOENA IN A CIVIL CASE

In re: )
)
) MDL Docket No. 07-md-1848 (GMS)
REMBRANDT TECHNOLOGIES, LP ) (Pending in the District of Delaware)
PATENT LITIGATION )
)
)

To:  Sedna Patent Services, LLC
c/o Corporation Service Company
as registered agent
2711 Centerville Road
Suite 400
Wilmington, DE 19808

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF TESTIMONY | DATE AND TIME |
| --- | --- |
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects). SEE EXHIBIT A, attached hereto.

| PLACE OF DOCUMENT PRODUCTION | DATE AND TIME |
| --- | --- |
| Connolly Bove Lodge & Hutz LLP<br>c/o Francis DiGiovanni<br>1007 N. Orange Street, 9th Floor<br>Wilmington, DE 19899 | July 22, 2008 at 9:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| *[signature]*<br>Attorney For Plaintiff Rembrandt Technologies, LP | June 27, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Francis DiGiovanni (# 3189), CONNOLLY BOVE LODGE & HUTZ LLP, 1007 N. Orange Street, Wilmington, DE 19899  (302) 658-9141

(see Rule 45 Federal Rules of Civil Procedure Parts C&D on Reverse)

|  |  | PROOF OF SERVICE |
|---|---|---|
| **SERVED** | **DATE** | Place: |
| SERVED ON (PRINT NAME) |  | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) |  | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____, 2008
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

## RULE 45. FEDERAL RULES OF CIVIL PROCEDURE, PARTS C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises - or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena:

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

618104_2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:                                                    )
                                                          )
                                                          ) MDL Docket No. 07-md-1848 (GMS)
REMBRANDT TECHNOLOGIES, LP                                )
PATENT LITIGATION                                         )
                                                          )
                                                          )

## EXHIBIT A

### REMBRANDT TECHNOLOGIES, LP'S REQUESTS TO SEDNA PATENT SERVICES, LLC FOR DOCUMENTS AND THINGS

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Rembrandt Technologies, LP ("Rembrandt"), plaintiff in the above-captioned case, subpoenas Sedna Patent Services, LLC (as that term is defined below) to produce for inspection and copying the documents and things listed below on or before July 22, 2008, at 9:00 a.m., at Connolly Bove Lodge & Hutz LLP, 1007 N. Orange Street, 9th Floor, Wilmington, DE 19899, or at such other location as may be agreed upon by counsel.

### DEFINITIONS

1. The phrase "relating to" means discussing, describing, referring to, pertaining to, containing, analyzing, studying, reporting on, commenting on, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

2. The term "document" or "documents" is used in the broadest sense permitted by the Federal Rules of Civil Procedure and means the original (or any copy when originals are not available) and any drafts or non-identical copies thereof, whether different from the original because of interlineation, receipt stamp, notation of copy sent or received or otherwise, of any book, pamphlet, periodical, letter, report, note,

      memorandum, record, minutes, calendar or diary entry, transcript, study, compilation, analysis, tabulation, map, diagram, drawing, plan, picture, summary, working paper, chart, paper, graph index, data sheet, data processing card, computer printout, summary of a computer printout, tape, contract, agreement, lease, ledger, journal, balance sheet, account, invoice, purchase order, receipt, billing record, financial data, financial statement, file, diary, film, trip tickets, telex, teletype or other messages, telegram, expense vouchers, instructions, bulletins or any other writing or recording of information, however produced, recorded, maintained or reproduced, including any electronic or mechanical recording of any oral material, within the possession, custody or control of defendant or any of its officers, directors, employees, attorneys, or other agents and/or representatives.

3. The term "including" shall mean including but not limited to.

4. The term "person" means natural person, corporation, firm, company, sole proprietorship, partnership, joint venture, association, institute, or other business, legal or governmental entity or association, including any directors, officers, employees, agents or representatives thereof.

5. As used herein, "MSO Defendant(s)" means the following entities and their subsidiaries, affiliates, divisions, successors or assignees, and their respective officers, directors, employees, and agents: Time Warner Cable, Inc., Time Warner Cable LLC, Time Warner New York Cable LLC, Time Warner Entertainment Company, LP, Time Warner Entertainment–Advance/Newhouse Partnership, Comcast Corporation, Comcast Cable Communications, LLC, Charter Communications, Inc., Charter Communications Operating, LLC, Coxcom, Inc., Cox Communications, Inc., Cox Enterprises, Inc., CSC Holdings, Inc., Cablevision

Systems Corporation, Adelphia Communications Corporation, Century-TCI California, LP, Century-TCI California Communications, LP, Century-TCI Holdings, LLC, Parnassos, LP, Parnassos Communications, LP, Adelphia Consolidation, LLC, Parnassos Holdings, LLC, and Western NY Cablevision, LP. In the case of Comcast Corporation, this definition includes, without limitation, Sedna.

6. As used herein, "Sedna," "you," or "your" means Sedna Patent Services, LLC and its agents, subsidiaries, related entities, (including, but not limited to, Sedna Services, LLC) affiliated companies, predecessors (including, but not limited to, TV Gateway LLC), successors, assigns, officers, directors, partners, employees, representatives (in their individual or representative capacities), affiliates of any kind or nature, or any person or entity acting on their behalf.

7. As used herein, the term "CableLabs" shall mean Cable Television Laboratories, Inc. and its agents, subsidiaries, related entities, affiliated companies, predecessors, successors, assigns, officers, directors, partners, employees, representatives (in their individual or representative capacities), affiliates of any kind or nature, or any person or entity acting on their behalf.

8. The terms "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of these requests all documents which might otherwise be construed to be outside their scope.

9. The term "all" shall mean any and all, and the term "any" shall mean any and all, unless the context clearly requires otherwise.

10. References to the singular shall include the plural, and references to the plural shall include the singular as may be appropriate to construe the individual document requests in the broadest form.

11. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa as may be appropriate to make the individual document requests inclusive rather than exclusive.

12. The term "Patents-in-Suit" shall mean the following patent numbers: 6,131,159; 5,710,761; 5,778,234; 6,950,444; 5,008,903; 4,937,819; 5,719,858; 5,852,631; and 5,243,627. Except that, with regard to Adelphia Communications Corporation, Century-TCI California, LP, Century-TCI California Communications, LP, Century-TCI Holdings, LLC, Parnassos, LP, Parnassos Communications, LP, Adelphia Consolidation, LLC, Parnassos Holdings, LLC, and Western NY Cablevision, LP, the term "Patents-in-Suit" shall mean the following patent numbers: 6,131,159; 5,710,761; 5,778,234; and 6,950,444.

13. The term "cable industry" shall mean entities, including but not limited to the MSO Defendants, that provide "cable services" within the meaning of 47 U.S.C. § 522(6) or that provide to such entities information, products, or services related to the provision of cable services within the meaning of 47 U.S.C. § 522(6).

14. The term "DOCSIS" shall refer to the commonly known industry specifications referred to as DOCSIS 1.0, DOCSIS 1.1, DOCSIS 2.0, and DOCSIS 3.0.

15. The term "ATSC" means the Advanced Television System Committee.

16. The term "ATSC Digital Television Standard" means the Digital Television Standards adopted by the ATSC, including:

- ATSC Standard: Digital Television Standard (Doc. A/53) of September 16, 1995;
- ATSC Standard: Digital Television Standard, Revision A (Doc. A/53A) of April 6, 2001;
- ATSC Standard: Digital Television Standard, Revision B (Doc. A/53B) of August 7, 2001;

- All subsequent Revisions or Amendments to the ATSC Standard: Digital Television Standard (Doc. A/53)

17. Unless otherwise specified, the time period covered by each individual document request herein is January 1, 1999, to the present.

## INSTRUCTIONS

1. All documents that you produce shall be organized and produced pursuant to Rule 34(b) of the Federal Rules of Civil Procedure.

2. If you are unable to comply with a demand for any document in full, you are requested to specify, pursuant to Federal Rule of Civil Procedure 34, whether your inability to comply is because the document has never existed, has been destroyed, has been lost, misplaced or stolen, and/or has never been, or is no longer in your possession, custody, or control. The statement shall set forth the name and address of any person or organization known or believed by you to have possession, custody, or control of the document.

3. To the fullest extent permitted by Rule 26(e) of the Federal Rules of Civil Procedure, each request shall be deemed continuing so as to require further and supplemental production if you receive, discover, become aware of or create additional responsive documents subsequent to the date of your response to these document requests.

4. If you object to or otherwise refuse to comply with any portion of a document request, please (i) state the objection or reason for such refusal, and (ii) provide all information called for by that portion of the document request to which you do not object or which you do not decline to answer as follows:

   a. If you object to a document request on the ground that it is too broad (i.e. you believe it calls for information or documents some of which is not relevant to any claim or defense and will not provide leads to admissible evidence), you shall

      answer that document request by providing as many documents as you admit is relevant or likely to lead to the discovery of relevant information;

    b. If you object to a document request on the ground that to respond would constitute an undue burden, then you shall respond as fully as possible without undertaking such asserted undue burden; and

    c. If you object to any portion of a document request on the ground that it is vague or indefinite, you shall set forth your good faith understanding of the allegedly vague or indefinite term and shall then respond to the document request based upon that stated understanding.

5. If any document requested herein is claimed to be privileged or otherwise withheld, in whole or in part, you must identify each document and provide the following information:

    a. Identification of the person who created, wrote, or prepared the document and, if applicable, the person to whom the document (or copies of it) was sent;

    b. Date on which the document was created, written, prepared, and/or transmitted;

    c. Description of the nature of the document (e.g., letter, e-mail, memorandum);

    d. Description of the subject matter of the document;

    e. Number of pages the document contains; and

    f. Whether the document is privileged or otherwise withheld, and why the document is privileged or withheld.

6. Each request for documents seeks production of all documents described along with any attachments, drafts, and non-identical copies in any language whatsoever, in the possession, custody, or control of you or your respective agents or attorneys. You are specifically instructed to review any storage and archive facilities and the personal files,

records, notes, correspondence, daily calendars, telephone logs, and records of all persons who would likely have responsive documents.

## DOCUMENT REQUESTS

**Document Request No. 1:** Documents sufficient to show when, why, how, and by whom Sedna and/or TV Gateway LLC were formed.

**Document Request No. 2:** Documents sufficient to show when, why, and how TV Gateway LLC became Sedna, and what persons or entities were involved in that transition.

**Document Request No. 3:** Documents sufficient to show when, why, and how the assets or equity of Sedna was acquired by Comcast Corporation or Comcast Cable Communications (or any parent, subsidiary or affiliate of either such entity), and what persons or entities were involved in that acquisition.

**Document Request No. 4:** All documents and communications by, with, or involving Sedna related to: (i) the Patents-in-Suit, (ii) the ATSC Standard, (iii) Rembrandt or Remstream, and/or (iv) litigation between any of the Defendant MSOs and Rembrandt.

**Document Request No. 5:** All documents and communications by, with, or involving Sedna related to the identification, evaluation, licensing and/or acquisition by Sedna of patents that are necessary to make, sell, use, or import equipment that operates in compliance with DOCSIS and/or the ATSC Standard.

**Document Request No. 6:** Documents sufficient to show all services ever offered or performed by Sedna for the MSO Defendants.

**Document Request No. 7:** Documents sufficient to show, during the relevant time period, each MSO Defendant's financial relationship with Sedna, including all monies, capital, or intellectual property invested in or contributed to Sedna; each Defendant's equity interests in Sedna; and any loan from any Defendant to Sedna.

**Document Request No. 8:** Documents sufficient to show Sedna's business model, operations, and services relating to patent rights and acquisition of patents.

**Document Request No. 9:** All documents discussing or relating to whether Sedna's existence was or should be publicized or otherwise disclosed to the public.

**Document Request No. 10:** All documents relating to Sedna's identification, evaluation, licensing, acquisition or development of any patent or patent portfolio with one or more patent claims that are necessary to make, sell, use, or import equipment that operates in compliance with DOCSIS and/or the ATSC Standard, including documents sufficient to show all methods, processes, or strategies ever used by Sedna to identify, evaluate, license, acquire or develop any such patent or patent portfolio.

**Document Request No. 11:** Documents sufficient to show all patent brokers with which Sedna communicated regarding the Patents-in-Suit, patents relating to DOCSIS, or patents relating to the ATSC Standard.

**Document Request No. 12:** Documents sufficient to show all of the services that Sedna provides, or has provided in the past, to the cable industry or any entities that are part of the cable industry, including the ways in which Sedna assists the cable industry or any entities that are part of the cable industry in developing or acquiring intellectual property.

**Document Request No. 13:** All documents relating to the negotiation or execution of any agreement whereby Sedna grants or licenses any patent rights that are necessary to make, sell, use, or import equipment that operates in compliance with DOCSIS and/or the ATSC Standard, or provides a covenant not to sue under any such patent rights, to any of the MSO Defendants, CableLabs or any other party.

**Document Request No. 14:** All documents evidencing the MSO Defendants' strategic plans, development plans, and/or related business plans involving Sedna.

**Document Request No. 15:** All documents relating to Sedna's involvement in any patent litigation.

**Document Request No. 16:** Documents sufficient to identify all employees that have ever worked for Sedna or its predecessors or affiliates, and the current contact information of those current and former employees.

**Document Request No. 17:** Documents sufficient to show the structure, organization, personnel, and operation of Sedna from the date of its creation to the present.

**Document Request No. 18:** All documents and communications by, with, or involving Sedna evidencing or suggesting that Sedna or any of the MSO Defendants knew or had reason to know about the Patents-in-Suit.

**Document Request No. 19:** All documents and communications evidencing or suggesting that Sedna or any of the MSO Defendants knew or had reason to know that any of the MSO Defendants lacked patent rights that were necessary to make, sell, use, or import equipment that operates in compliance with DOCSIS and/or the ATSC Standard.

**Document Request No. 20:** All documents and communications evidencing or suggesting any decision or policy by Sedna or any of the MSO Defendants to refrain from identifying, searching for, or reviewing patents that are necessary to make, sell, use, or import equipment that operates in compliance with DOCSIS and/or the ATSC Standard.

**Document Request No. 21:** All documents and communications by Sedna or any of the MSO Defendants concerning the applicability of the Patents-in-Suit to DOCSIS 3.0.

**Document Request No. 22:** All documents related to any patent search conducted by Sedna or any of the MSO Defendants relating to the subject matter of the Patents-in-Suit, DOCSIS, and/or the ATSC Standard.

**Document Request No. 23:** Documents sufficient to show all persons and/or entities that have ever been equity owners of Sedna, or members of, or affiliated, with Sedna.

DATED: June 27, 2008.

CONNOLLY BOVE LODGE & HUTZ LLP

/s/ Francis DiGiovanni
Collins J. Seitz, Jr. (#2237)
Francis DiGiovanni (#3189)
James D. Heisman (#2746)
Kristen Healey Cramer (#4512)
1007 N. Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
(302) 658-9141
cseitz@cblh.com
fdigiovanni@cblh.com
jheisman@cblh.com
kcramer@cblh.com

*Attorneys for Rembrandt Technologies, LP
and Rembrandt Technologies, LLC*

*Of Counsel:*

Kellogg, Huber, Hanson, Todd, Evans & Figel,
   PLLC
1615 M Street, NW, Suite 400
Washington, DC 20036

619887_1