IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: REMBRANDT TECHNOLOGIES, LP PATENT LITIGATION, | MDL Docket No. 07-md-1848 (GMS) |
| MOTOROLA, INC., CISCO SYSTEMS, INC., SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, INC., THOMSON, INC., AMBIT MICROSYSTEMS, INC., and NETGEAR, INC., <br><br>Plaintiffs, <br><br>v. <br><br>REMBRANDT TECHNOLOGIES, LP, <br><br>Defendant. | Civ. NO. 07-752 (GMS) |

**REMBRANDT'S MOTION TO STRIKE, OR IN THE ALTERNATIVE, TO DISMISS, MODEM MANUFACTURERS' ANTITRUST AND UNFAIR COMPETITION <u>COUNTER-COUNTERCLAIMS</u>**

Pursuant to Fed. R. Civ. P 12(f) and Fed. R. Civ. P. 12(b)(6), Rembrandt Technologies, LP, and Rembrandt Technologies, LLC d/b/a Remstream ("Rembrandt"), move this Court to strike the self-styled "counter-counterclaims" brought by Motorola, Inc., Cisco Systems, Inc., Scientific-Atlanta, Inc., Arris Group, Inc., Thomson, Inc., Ambit Microsystems, Inc. and NETGEAR, Inc. (the "Modem Manufacturers") on May 30, 2008 (D.I. 235). The Modem Manufacturers' counter-counterclaims are improper because they constitute amendments to the pleadings, which were required to be made by motion under Fed. R. Civ. P. 15(a), and because they are untimely, having been filed after the April 11, 2008 deadline to amend the pleadings (*see* D.I. 126, Scheduling Order, at ¶ 2). In addition, the "counter-counterclaims" are largely duplicative of the claims addressed in the Modem Manufacturers' Motion for Leave to Amend

Complaint ("Motion to Amend"), which is *sub judice*, and fail to state a claim for the reasons already stated in Rembrandt's opposition to that Motion to Amend.

## BACKGROUND

The Scheduling Order in this case set April 11, 2008, as the last day that the parties could amend the pleadings (D.I. 126 at ¶ 2). On April 11, 2008, Modem Manufacturers moved to amend their Complaint to add antitrust claims under Section 2 of the Sherman Act and a claim for unfair business practices under the California Business & Professional Code (D.I. 147). Rembrandt opposed the Motion to Amend (D.I. 197), and briefing on that motion is complete.

On May 30, 2008, seven weeks after the pleading amendment cut-off date, and after briefing had been completed on the Motion to Amend, Modem Manufacturers filed "counter-counterclaims" purporting to assert those very claims subject to its Motion to Amend, as well as an additional claim (a claim under Section 1 of the Sherman Act) (D.I. 235).

## ARGUMENT

Modem Manufacturers' "counter-counterclaims" should be stricken because they are untimely. Even if they were not, the Court should dismiss them because they fail to state a claim.

1. Counter-counterclaims (also known as reply counterclaims) are the equivalent of a motion to amend a complaint. *See United Magazine Co. v. Murdoch Magazines Distribution, Inc.*, 2003 WL 223462 at *2 (S.D.N.Y. Feb. 3, 2003) ("a reply counterclaim and a motion to amend the complaint [are] functionally equivalent"); 5 Wright & Miller, Federal Practice and Procedure § 1188, at 38-41 (3d ed. 2004) (rather than filing a counter-counterclaim, it is more orderly to seek to amend the original complaint). Thus, a scheduling order deadline pertaining to amendment of the complaint (or other pleadings) is applicable to a party's attempt to add new

claims by means of counter-counterclaims. This is especially true when, as in this case, there are no new facts known to the party that compelled the filing of the counter-counterclaim.

Modem Manufacturers' counter-counterclaims are untimely. Had Modem Manufacturers wanted to add antitrust claims (and state-law business tort claims) then they were required to move to add them by the cut-off date set forth in the Scheduling Order. The Modem Manufacturers filed their Motion to Amend (to add antitrust claims and state court business tort claims) on the last day allowed for amending the pleadings. Rembrandt opposed the Motion to Amend, and it is fully briefed. Modem Manufacturers should not be allowed to circumvent the court-ordered deadline for amendments by filing "counter-counterclaims" well after that deadline.

Modem Manufacturers were fully aware of the facts underlying their purported antitrust and unfair competition claims when they filed their Motion to Amend. Thus, there is no reason why the counter-counterclaims could not have been proposed in the Motion to Amend. This is especially true for the claim brought by Modem Manufacturers under Sherman Act Section 1. Although Modem Manufacturers included this claim in a draft of their proposed Amended Complaint that they shared with Rembrandt during a meet and confer, Modem Manufacturers did not include this claim in the proposed Amended Complaint that they filed on April 11, 2008, the last day for amending the pleadings (D.I. 197 at Ex. A). Modem Manufacturers cannot bring a claim under Sherman Act Section 1 now as a counter-counterclaim, because it should have been included in their Motion to Amend.

2. In any event, even if the Modem Manufacturers' counter-counterclaims were properly before the Court, they would fail to state a claim for relief, for the reasons articulated in Rembrandt's Opposition to Motion for Leave to Amend Complaint to Add Antitrust and Unfair

Competition Claims (D.I. 197). Accordingly, in the alternative, Rembrandt moves that the Court dismiss the claims.

## CONCLUSION

For the foregoing reasons, Rembrandt respectfully requests that the Court strike the counter-counterclaims filed by Modem Manufacturers. Alternatively, Rembrandt requests that the Court dismiss Modem Manufacturers' counter-counterclaims for the reasons articulated in Rembrandt's Opposition to Motion for Leave to Amend Complaint to Add Antitrust and Unfair Competition Claims (D.I. 197).

        /s/ Collins J. Seitz, Jr.
Collins J. Seitz, Jr. (# 2237)
Francis DiGiovanni (# 3189)
James D. Heisman (# 2746)
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
(302) 658-9141
cseitz@cblh.com
fdigiovanni@cblh.com
jheisman@cblh.com

*Attorneys for Rembrandt Technologies, LP and Rembrandt Technologies, LLC d/b/a Remstream*

Dated: July 7, 2008

## CERTIFICATE OF SERVICE

I, Collins J. Seitz, Jr., hereby certify that on the 7th day of July, 2008, a true copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following and the document is available for viewing and downloading from CM/ECF:

**BY E-MAIL**

| | |
|---|---|
| Jack B. Blumenfeld<br>Karen Jacobs Louden<br>Rodger D. Smith II<br>Morris, Nichols, Arsht & Tunnell LLP<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>jblumenfeld@mnat.com<br>klouden@mnat.com<br>rsmith@mnat.com | John W. Shaw<br>Young, Conaway, Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19899-0391<br>jshaw@ycst.com |
| Richard K. Herrmann<br>Mary B. Matterer<br>Amy Arnott Quinlan<br>Morris James LLP<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801-1494<br>rherrmann@morrisjames.com | Richard D. Kirk<br>Scott G. Wilcox<br>Stephen B. Brauerman<br>Bayard, PA<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899<br>rkirk@bayardlaw.com<br>swilcox@bayardlaw.com<br>sbrauerman@bayardlaw.com |

| | |
|---|---|
| Fredrick L. Cottrell, III<br>Kelly E. Farnan<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>cottrell@rlf.com<br>farnan@rlf.com | Peter J. Toren<br>Lawrence B. Goodwin<br>Monica V. Bhattacharyya<br>Stefan R. Stoyanov<br>Kasowitz, Benson, Torres & Friedman LLP<br>1633 Broadway<br>New York, NY 10019<br>ptoren@kasowitz.com<br>lgoodwin@kasowitz.com<br>mbhattacharyya@kasowitz.com<br>sstoyanov@kasowitz.com |
| Josh A. Krevitt<br>Charles J. Bourdreau<br>Gibson, Dunn & Crutcher LLP<br>200 Park Avenue, 47th Floor<br>New York, New York 10166-0193<br>jkrevitt@gibsondunn.com<br>cboudreau@gibsondunn.com | David Segal<br>Gibson, Dunn & Crutcher LLP<br>3161 Michelson Drive<br>Irvina, California 92612-4412<br>dsegal@gibsondunn.com |
| Amanda J. Tessar<br>Gibson, Dunn & Crutcher LLP<br>1801 California Street, Suite 4200<br>Denver, CO 80202-2642<br>atessar@gibsondunn.com | David S. Benyacar<br>Daniel L. Reisner<br>Kaye Scholer LLP<br>425 Park Avenue<br>New York, New York 10022<br>dbenyacar@kayescholer.com<br>dreisner@kayescholer.com |
| Matthew D. Powers<br>Edward R. Reines<br>Weil Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065<br>matthew.powers@weil.com<br>edward.reines@weil.com | Robert A. Van Nest<br>Brian L. Ferrall<br>Daralyn J. Durie<br>Leo L. Lam<br>Matthew M. Werdegar<br>KEKER & VAN NEST LLP<br>710 Sansome Street<br>San Francisco, CA 94111<br>rvannest@kvn.com<br>bferrall@kvn.com<br>ddurie@kvn.com<br>llam@kvn.com<br>mwerdegar@kvn.com |

| | |
|---|---|
| John Desmarais<br>Kirkland & Ellis LLP<br>Citigroup Center<br>153 East 53rd Street<br>New York, New York 10022<br>jdesmarais@kirkland.com | Eric R. Lamison<br>Kirkland & Ellis LLP<br>555 California Street, Ste. 2700<br>San Francisco, CA 94104<br>elamison@kirkland.com |
| Mitchell Stockwell<br>Kilpatrick & Stockton LLP<br>110 Peachtree Street, N.E.<br>Suite 2800<br>Atlanta, GA 30309<br>MStockwell@KilpatrickStockton.com | Bradford P. Lyerla<br>Kevin D. Hogg<br>Charles E. Juister<br>Marshall, Gerstein & Borun LLP<br>6300 Sears Tower<br>233 South Wacker Drive<br>Chicago, IL 60606-6357<br>blyerla@marshallip.com<br>khogg@marshallip.com<br>cjuister@marshallip.com |
| Richard Brown<br>Day Pitney LLP<br>200 Campus Drive<br>Florham Park, NJ 07932<br>rbrown@daypitney.com | Gerald Levy<br>Day Pitney LLP<br>7 Times Square<br>New York, NY 10036<br>glevy@daypitney.com |
| Jonathan Tropp<br>Day Pitney LLP<br>One Canterbury Green<br>201 Broad Street<br>Stamford, CT 06901 | |

By:  /s/ Collins J. Seitz, Jr.
     Collins J. Seitz, Jr. (#2237)
     cseitz@cblh.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: REMBRANDT TECHNOLOGIES, LP PATENT LITIGATION, | ) ) ) MDL Docket No. 07-md-1848 (GMS) ) |
| MOTOROLA, INC., CISCO SYSTEMS, INC., SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, INC., THOMSON, INC., AMBIT MICROSYSTEMS, INC., and NETGEAR, INC., <br><br>Plaintiffs,<br><br>v.<br><br>REMBRANDT TECHNOLOGIES, LP,<br><br>Defendant. | ) ) ) ) ) ) ) Civ. NO. 07-752 (GMS) ) ) ) ) ) ) ) ) |

## ORDER

NOW, this ___ day of _____, 2008, the Court, having considered the submission of the parties;

IT IS HEREBY ORDERED, that the foregoing Motion to Strike, or in the Alternative, To Dismiss, Modem Manufacturers' Antitrust and Unfair Competition Counter-Counterclaims is GRANTED.

IT IS FURTHER ORDERED, that Modem Manufacturers' Counter-Counterclaims are hereby STRICKEN.

_____
Chief, United States District Judge

## STATEMENT PURSUANT TO LOCAL RULE 7.1.1

I, Francis DiGiovanni, Esq., an attorney for Rembrandt Technologies, LP, hereby state that the parties attempted to reach an agreement on the matters set forth in Rembrandt's Motion to Strike, or in the Alternative, To Dismiss, Modem Manufacturers' Antitrust and Unfair Competition Counter-Counterclaims but were unable to do so. Specifically, I had a number of communications with counsel for the Modem Manufacturers, John Shaw, Esq., regarding the Motion but the parties were unable to agree.

Date:  July 7, 2008          /s/ Francis DiGiovanni
                              Francis DiGiovanni (#3189)