IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE: REMBRANDT TECHNOLOGIES,
LP PATENT LITIGATION

)
)
)
)
)
)
)
)
)

MDL Docket No. 07-md-1848 (GMS)

## EQUIPMENT VENDORS' RESPONSE TO REMBRANDT'S MOTION TO STRIKE, OR IN THE ALTERNATIVE, TO DISMISS, MODEM MANUFACTURERS' ANTITRUST AND UNFAIR COMPETITION REPLY COUNTERCLAIMS

OF COUNSEL:
John M. Desmarais, P.C.
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

Eric R. Lamison
Benjamin R. Ostapuk
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104

Russell E. Levine, P.C.
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601

Dated:  July 24, 2008

YOUNG CONAWAY STARGATT &
TAYLOR, LLP
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Jeffrey T. Castellano (No. 4837)
1000 West Street
Wilmington, DE 19801
(302) 571-6600
jcastellano@ycst.com

*Co-Liaison Counsel and Attorneys for Plaintiffs/Counter-Defendants/Counterclaimants Motorola, Inc., Cisco Systems, Inc., Scientific-Atlanta, Inc., ARRIS Group, Inc., Thomson, Inc., Ambit Microsystems, Inc., and NETGEAR, Inc.*

Rembrandts'[1] motion to strike or, in the alternative, to dismiss the Equipment Vendors' reply counterclaims should be denied for several reasons. First, the Equipment Vendors' reply counterclaims are proper and timely, as they were timely filed in response to Rembrandt's May 5, 2008 pleading. These pleadings were still open and continuing after the April 11, 2008 due date for amended pleadings, which was set before subsequent events which led to further pleadings. In its May 5, 2008 pleading, Rembrandt made amendments to its own prior responses to the Equipment Vendors' original allegations, as well as to its counterclaim allegations against the Cable Operators. Second, because the Equipment Vendors' reply counterclaims may be compulsory pursuant to Fed. R. Civ. P. 13(a), the Equipment Vendors asserted these claims -- in an abundance of caution -- to eliminate any risk that they may be barred from raising these claims in another action. Third, Rembrandt cannot show prejudice arising from the addition of these reply counterclaims, as it was on notice of these allegations even before the April 11, 2008 due date for amended pleadings. Finally, the Equipment Vendors' reply counterclaims state legally cognizable claims under Sections 1 and 2 of the Sherman Act, and Section 17200 of the California Business and Professions Code.

## BACKGROUND

Certain procedural background leading to the instant motion is detailed in the Equipment Vendors' motion for leave to amend, filed on April 11, 2008. (C.A. No. 07-1848, D.I. 148 at 1-3.) On April 11, 2008, the Equipment Vendors submitted a timely Amended Complaint, that included inequitable conduct, unclean hands and additional claims for which Rembrandt stipulated that no motion was required. (C.A. No. 07-1848, D.I. 146.) The Court entered the

---

[1]    Defendants Rembrandt Technologies, LP and Rembrandt Technologies, LLC d/b/a Remstream are hereafter referred to as "Rembrandt." Plaintiffs are hereafter referred to as Equipment Vendors.

DB02:7013636.1                                                                                          066919.1001

parties' stipulation on April 18, 2008, and on May 2, 2008 directed the parties by Oral Order to separately file their previously-stipulated amended pleadings. Accordingly, on May 2, 2008, the Equipment Vendors separately filed their stipulated Amended Complaint. (C.A. No. 07-1848, D.I. 179.) On May 5, 2008, in response to the Equipment Vendors' Amended Complaint, Rembrandt answered and asserted various infringement counterclaims against the Equipment Vendors, Cable Operators and Sharp, and, in so doing, revised various allegations from its previous Answer as well as in its counterclaims against the MSOs. (C.A. No. 07-1848, D.I. 193.) On May 30, 2008, in the Equipment Vendors' timely response to Rembrandt's counterclaims, the Equipment Vendors asserted reply counterclaims relating to Rembrandt's violations of Sections 1 and 2 of the Sherman Act and Section 17200 of the California Business and Professions Code. (C.A. No. 07-1848, D.I. 235.)

Before Rembrandt's filing of the instant motion, the Equipment Vendors sought to agree with Rembrandt to defer its response deadline until after the Court had ruled on the pending motion for leave to amend. If the Court grants the Equipment Vendors' motion, that will moot the need for resolution of issues presented by the counterclaims at-issue in this motion. On the other hand, if the Court were for any reason to deny their motion for leave to amend, the Equipment Vendors would need the benefit of the decision to evaluate how it impacts their counterclaims, because their counterclaims arise in a different procedural posture than their original claims. For example, the liberal rules favoring amendment also forcefully favor the Equipment Vendors' counterclaims, because the reply counterclaims are pleaded in reply to counterclaim allegations that Rembrandt elected to make, and, out of fairness, Rembrandt should not be able to hamper the Equipment Vendors' reply thereto. There are also issues presented regarding the potential compulsory nature of the counterclaims at-issue: it would be manifestly

3

prejudicial to hold that the Equipment Vendors had to file such counterclaims, or be barred from asserting them, within the short window of time since Rembrandt first counter-claimed for infringement and included Remstream as a party to the case.  The Equipment Vendors sought to defer Rembrandt's response date to these claims, to avoid potentially unnecessary briefing or to allow for any motion and briefing to be tailored to issues unique to these counterclaims, but Rembrandt imposed restrictive conditions that the Equipment Vendors considered prejudicial to their substantive rights.  Rembrandt then filed the instant motion.

## I.    THE EQUIPMENT VENDORS' REPLY COUNTERCLAIMS WERE PROPER AND TIMELY

It is entirely proper, and perhaps required, that the Equipment Vendors assert these counterclaims in their reply to the revised counterclaims made by Rembrandt.  While Rembrandt contends that it is "more orderly" to seek to amend the original complaint, courts have generally held that counterclaims may be asserted in reply to counterclaims.  *Pogue v. Allied Products Corp.*, No. 89 C 3548, 1989 U.S. Dist. LEXIS 11092, at *9 (N. D. Ill. Sept. 19, 1989); s*ee also Weight Watchers Int'l, Inc. v. The Stouffer Corp.*, No. 88 Civ. 7062 (MBM), 1989 U.S. Dist. LEXIS 13518, at *2-*3 (S.D.N.Y. Nov. 14, 1989); *Joseph Bancroft & Sons Co. v. M. Lowenstein & Sons, Inc.*, 50 F.R.D. 415, 418 (D. Del. 1970).

Various courts have found that a plain and comprehensive reading of Fed. R. Civ. P. 7 and Fed. R. Civ. P. 13  together permits counterclaims in reply, or counter-counterclaims.  *See, e.g., Soilworks, LLC v. Midwest Industrial Supply, Inc.*, No. CV-06-2141-PHX-DGC, 2007 U.S. Dist. LEXIS 37595, at *5 (D. Ariz. May 22, 2007) (concluding that the plain language of the Federal Rules permits a counterclaim in reply); *Power Tools & Supply, Inc. v. Cooper Power Tools, Inc.*, No. 05-CV-73615-DT, 2007 U.S. Dist. LEXIS 29571, at *1-*3 (E. D. Mich. Apr. 20,

2007) (same); *S.E. Indus. Tire Co. v. Duraprene Corp.*, 70 F.R.D. 585, 586-88 (E. D. Pa. 1976) (same).

In *Joseph Bancroft & Sons*, the District of Delaware found it well-established that a plaintiff may counterclaim in its reply. *Joseph Bancroft & Sons, supra,* 50 F.R.D. at 418. After a defendant made minor amendments to two of its counterclaims, plaintiff replied to the amended counterclaims and asserted three new reply counterclaims of its own. *Id.* Defendant moved to dismiss or strike the newly asserted counter-counterclaims. *Id.* at 417. The Court found that contrary to defendant's assertions, the fact that "a plaintiff may counterclaim in his reply is established both in the case law and the texts." *Id.* at 418.

Rembrandt's argument that the Equipment Vendors' reply counterclaims should have been asserted by the April 11 Scheduling Order deadline lacks merit. First, that date and the basic contours of the schedule were established *before* the January 16, 2008 date on which Rembrandt first included Remstream as a party. Rembrandt did not at the December 2007 Scheduling Conference mention potentially adding Remstream as a party, and this circumstance was not addressed by the parties at that conference or the schedule that was adopted. The Equipment Vendors were not informed that Remstream would be involved in these proceedings until Rembrandt first introduced Remstream in its January 16, 2008 Answer. (C.A. No. 07-1848, D.I. 47.) The Equipment Vendors' original counterclaim response was due February 5, just 20 days after Rembrandt's filing, and by that time the Equipment Vendors had insufficient opportunity to investigate Remstream and any counterclaims that may have pertained to Rembrandt and that entity. Less than two months later, the Equipment Vendors sought to add antitrust claims against those entities, within the time for amending pleadings set by the Court, and promptly provided Rembrandt notice of potential Section 1 and 2 antitrust and California

5

unfair competition claims, even before filing their timely April 11, 2008 motion for leave to amend.  When Rembrandt asserted its infringement counterclaims on May 5, the Equipment Vendors timely replied with their counterclaims.  (C.A. No. 07-1848, D.I. 235.)

Second, Rembrandt itself made changes to various allegations in its Answer to the Equipment Vendors' previous allegations (which were reasserted in their Amended Complaint, along with new allegations) and made changes (additions and deletions) to certain allegations in its own counterclaims, thus treating the May 5, 2008 pleading as an opportunity to update its pleadings. [2]   This is similar to the posture of *Joseph Bancroft & Sons,* where after the defendant made amendments to its responsive pleading, the plaintiff included further counterclaims in its reply.  *See* 50 F.R.D. at 418.

## II.  THE EQUIPMENT VENDORS' ASSERTED THEIR REPLY COUNTERCLAIMS IN GOOD FAITH TO PRESERVE THEIR RIGHTS

Contrary to Rembrandt's contentions, the Equipment Vendors do not seek to circumvent any Court-ordered deadlines; rather the Equipment Vendors' counter-counterclaims were made in good faith to assure that they preserved their claims.  It is unclear whether the Equipment Vendors' reply counterclaims are compulsory.  *Compare Mercoid Corp. v. Mid-Continent Investment Co.,* 320 U.S. 661, 669-71 (1944) (finding that party in current litigation was not precluded from bringing patent misuse and antitrust counterclaims despite not bringing such claims in prior litigation); *with American Packaging Corp. v. Golden Valley Microwave Foods, Inc.,* 1995 WL 262522, at *4 (E.D. Pa. May 1, 1995) (reading "the holding of *Mercoid* as going to the actual facts of that case, and [thinking] it inappropriate to read it in a way that extrapolates

---

[2]    Rembrandt's May 5 counterclaim allegations to which the Equipment Vendors were responding on May 30 were different not only from the counterclaims it asserted in its January 16, 2008 Answer to the Equipment Vendors' Complaint, but also were different from the counterclaims it previously asserted against the various Cable Operator parties submitted to the Court by stipulation on April 11.  (C.A. No. 07-1848, D.I. 144.)

beyond those bounds" and finding that antitrust claims to be compulsory counterclaims in patent litigation); *and Rohm and Haas Co. v. Brotech Corp.*, 770 F. Supp. 928, 931-32 (D. Del. 1991) (recognizing that "*Mercoid* had been widely and severely criticized, and most courts have narrowed it to its facts" and finding that antitrust counterclaims in patent litigation were compulsory). Most courts agree that if the plaintiff's counterclaims are compulsory under Fed. R. Civ. P. 13(a), it must assert them as a counterclaim in reply or risk being prohibited from raising it in another action. Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1188 (3d ed. 2004); *see also Joseph Bancroft & Sons, supra*, 50 F.R.D. at 419 (finding that, because Rule 13(a) requires a pleader to assert any compulsory counterclaims at the time of serving its "pleading," the plaintiff was entitled to serve its counterclaims as part of its reply to a revised answer and counterclaims).

Given the unsettled nature of the law in this area, the Equipment Vendors' counterclaims to preserve their rights are completely appropriate. The Equipment Vendors were not aware of these counterclaims when their original reply was due in early February, but were aware of their counterclaims when the May 30, 2008 due date arrived for responding to Rembrandt's May 5, 2008 pleading. The Equipment Vendors made it clear to Rembrandt that they filed these reply counterclaims "out of an abundance of caution and pursuant to Federal Rule of Civil Procedure 13." *See* Letter from John W. Shaw to Collins J. Seitz, Jr. (May 30, 2008) (attached as Exhibit 1). When the Equipment Vendors raised this issue with Rembrandt, in proposals to defer Rembrandt's need to respond pending the a ruling on the motion for leave to amend, Rembrandt responded that it would agree that certain of the claims were not compulsory, but its response was incomplete, included various restrictions, and failed to resolve the Equipment Vendors'

concerns. Accordingly, the Equipment Vendors' decision to maintain their counterclaims was appropriate and done in good faith.

**III.    REMBRANDT WOULD NOT BE PREJUDICED BY THE ADDITION OF THE EQUIPMENT VENDORS' REPLY COUNTERCLAIMS TO THE CASE**

Rembrandt would not be prejudiced by the Equipment Vendors prosecution of the reply counterclaims at-issue. Rembrandt has been on notice of these allegations since before the April 11 date for pleading amendments. Rembrandt plainly should have expected that such claims may arise from its improper conduct with respect to Remstream: Rembrandt's own decision to inject Remstream into this case as counter-plaintiff on January 16, 2008, to purportedly allow it to seek an injunction and other remedies not otherwise available to Rembrandt. The Equipment Vendors do not seek any change in the discovery or trial schedule as a result of adding these claims (however, there are issues with respect to the patent discovery schedule in light of Rembrandt's counsels' representation of third parties who hold key discovery that still has not been provided).[3] Given that the Equipment Vendors bear the burden of proof on these claims, and will need to seek the bulk of discovery, and that Rembrandt already possesses the facts of its and Remstream's conduct, Rembrandt has no legitimate basis to complain about the inclusion of these counterclaims.

---

[3]    Rembrandt bought the patents-in-suit. Therefore, the key discovery is possessed by the previous assignees, such as Zhone Networks and Paradyne Corporation, not Rembrandt. Rembrandt is party to multiple agreements with Zhone and Paradyne regarding the patents-in-suit. These entities were timely served with third party discovery requests both here and in the underlying MDL Proceedings before consolidation in this Court, but they have not produced the responsive documents. Instead, Rembrandt's counsel, which represents these and other third party persons and entities with responsive information, has objected and has not yet produced materials, and now it appears many Paradyne documents were destroyed by Zhone/Paradyne, including during the pendency of the Rembrandt patent litigation and the discovery requests in question.

Rembrandt has further failed to identify prejudice arising from its need to respond to the Equipment Vendors' reply counterclaims, including the Section 1 antitrust claim. In fact, the Equipment Vendors promptly notified Rembrandt of their allegations under Sections 1 and 2 of the Sherman Act and Section 17200 of the California Business and Professions Code prior to filing their pending motion for leave to amend (C.A. No. 07-1848, D.I. 147) and Rembrandt fully briefed *all* of these claims (C.A. No. 07- 1848, D.I. 197), including the claim under Section 1 of the Sherman Act. Further, after the Equipment Vendors filed the motion for leave to amend, Rembrandt ***admitted*** in response to the Cable Operators' pleadings that it has in fact entered into agreements with at least one of the alleged third parties that is the subject of the Equipment Vendors' proposed Section 1 claims. (C.A. No. 07-1848 D.I., 220 at ¶¶ 203-04; C.A. No. 07-1848 D.I., 221 at ¶¶ 86-87; C.A. No. 07-1848, D.I. 222 at ¶¶ 44, 46.) Rembrandt's admission, made subsequent to the Equipment Vendors' filing of their motion for leave to amend, further supports inclusion of the Section 1 claims.

## IV.    THE EQUIPMENT VENDORS' REPLY COUNTERCLAIMS STATE LEGALLY COGNIZABLE ANTITRUST AND UNFAIR COMPETITION CLAIMS

The Equipment Vendors' reply counterclaims are sufficient to state antitrust and unfair competition claims under Federal Rule of Civil Procedure 12(b)(6). As fully set forth in the Equipment Vendors' pending motion for leave to amend (C.A. No. 07-1848, D.I. 147) and their Reply to Rembrandt's Opposition to Plaintiffs' Motion for Leave to Amend (C.A. No. 07-1848, D.I. 228) (which the Equipment Vendors incorporate by reference for purposes of this pleading), the factual allegations in the Equipment Vendors' proposed First Amended Complaint (Including Antitrust and Unfair Competition Claims) are sufficient to state claims under Sections 1 and 2 of the Sherman Act and Section 17200 of the California Business and Professions Code. These matters need not be separately addressed here by the parties or Court.

## CONCLUSION

For the foregoing reasons, the Equipment Vendors respectfully request that the Court deny Rembrandt's Motion to Strike, or in the Alternative, to Dismiss, Modem Manufacturers' Antitrust and Unfair Competition Counter-Counterclaims.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Jeffrey T. Castellano (No. 4837)
1000 West Street
Wilmington, DE 19801
(302) 571-6600
jcastellano@ycst.com

*Co-Liaison Counsel and Attorneys for Plaintiffs/Counter-Defendants/Counterclaimants Motorola, Inc., Cisco Systems, Inc., Scientific-Atlanta, Inc., ARRIS Group, Inc., Thomson, Inc., Ambit Microsystems, Inc., and NETGEAR, Inc.*

OF COUNSEL:
John M. Desmarais, P.C.
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

Eric R. Lamison
Benjamin R. Ostapuk
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104

Russell E. Levine, P.C.
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601

Dated:  July 24, 2008

10

## CERTIFICATE OF SERVICE

I, Jeffrey T. Castellano, Esquire, hereby certify that on July 24, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Collins J. Seitz, Jr., Esquire
Francis DiGiovanni, Esquire
Connolly Bove Lodge & Hutz LLP
The Nemours Building – 8th Floor
1007 N. Orange Street
Wilmington, DE 19801
cseitz@cblh.com
fdigiovanni@cblh.com

Jack B. Blumenfeld, Esquire
Morris Nichols Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
jblumenfeld@mnat.com

I further certify that on July 24, 2008, I caused a copy of the foregoing document to be served by e-mail and hand delivery on the above-listed counsel of record.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Jeffrey T. Castellano (No. 4837)
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
jcastellano@ycst.com

# EXHIBIT 1

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH
JANET Z. CHARLTON

ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL
ELENA C. NORMAN
EDMON L. MORTON
JOHN E. TRACEY

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE  19801

P.O. BOX 391
WILMINGTON, DELAWARE  19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: (302) 571-6689
DIRECT FAX: (302) 576-3334
jshaw@ycst.com

JOSEPH M. BARRY
RYAN M. BARTLEY
SEAN M. BEACH
SANJAY BHATNAGAR
DONALD J. BOWMAN, JR.
MICHELE SHERRETTA BUDICAK
JEFFREY T. CASTELLANO
DOUGLAS T. COATS (MD ONLY)
KARA HAMMOND COYLE
KRISTEN SALVATORE DEPALMA
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
KERRIANNE MARIE FAY
IAN S. FREDERICKS
JAMES J. GALLAGHER
WILLIAM E. GAMGORT
SEAN T. GREECHER
NATHAN D. GROW
STEPHANIE L. HANSEN
JAMES L. HIGGINS
PATRICK A. JACKSON
DAWN M. JONES
KAREN E. KELLER

JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
EVANGELOS KOSTOULAS
JOHN C. KUFFEL
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
ADRIA B. MARTINELLI
KATHALEEN MCCORMICK
MICHAEL W. MCDERMOTT
TAMMY L. MERCER
MARIBETH L. MINELLA
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
ROBERT F. POPPITI, JR.
SARA BETH A. REYBURN
CHERYL A. SANTANIELLO
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
RICHARD J. THOMAS
TRAVIS N. TURNER
MARGARET B. WHITEMAN
SHARON M. ZIEG

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
KAREN L. PASCALE
SETH J. REIDENBERG
PATRICIA A. WIDDOSS

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

May 30, 2008

## BY E-MAIL AND HAND DELIVERY

Collins J. Seitz, Jr., Esquire
Connolly, Bove, Lodge & Hutz LLP
1001 N. Orange Street
P.O. Box 2207
Wilmington, DE  19899

Re:  *In re Rembrandt Technologies, LP Patent Litigation*, No. 07-1848 (GMS)

Dear C.J.:

In light of Rembrandt's assertion of counterclaims against Plaintiffs in Rembrandt's answer (C.A. 07-md-1848 D.I. 47), out of an abundance of caution and pursuant to Federal Rule of Civil Procedure 13, we have included in our responsive pleading Plaintiffs' counterclaims for violations of Sections 1 and 2 of the Sherman Act and Section 17200 of the California Business and Professions Code.  We propose, and are willing to enter, a stipulation by which Rembrandt's due date to answer Plaintiffs' counterclaims is extended until after the Court has decided Plaintiffs' fully-briefed and pending Motion for Leave to Amend (C.A. 07-md-1848 D.I. 147), so that the parties may have the benefit of the Court's decision on that motion.

Sincerely,

*/s/ John W. Shaw*

John W. Shaw

cc:  Eric R. Lamison, Esq. (by email)
     Jack Blumenfeld, Esq. (by email)
     Francis DiGiovanni, Esq. (by email)

066919.1001