**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | )<br>)<br>) MDL Docket No. 07-md-1848 (GMS)<br>)<br>)<br>)<br>) |
| REMBRANDT TECHNOLOGIES, LP<br>PATENT LITIGATION | |

## <u>NOTICE OF SERVICE</u>

PLEASE TAKE NOTICE that true and correct copies of following Notices of

Depositions were served upon the attorneys of record on August 1, 2008 by e-mail:

- Adelphia Communications Corporation, Century-TCI
  California Communications, LP, Century-TCI Holdings, LLC, Comcast of
  Florida/Pennsylvania, L.P. (f/k/a Parnassos, LP), Comcast of Pennsylvania II,
  L.P. (f/k/a Century-TCI California, L.P.),Parnassos Communications, LP,
  Adelphia Consolidation, LLC, Parnassos Holdings, LLC, and Western NY
  Cablevision
- Ambit Microsystems, Inc.
- ARRIS Group, Inc.
- CSC Holdings, Inc. and Cablevision Systems Corporation
- Charter Communications, Inc. and Charter Communications Operating, LLC
- Cisco Systems, Inc.
- Comcast Corporation and Comcast Cable Communications, LLC
- Coxcom, Inc., Cox Communications, Inc., and Cox Enterprises, Inc.
- Motorola, Inc.
- NETGEAR, Inc.
- Scientific-Atlanta, Inc.
- Thomson, Inc.
- Time Warner Cable, Inc., Time Warner Cable LLC, Time Warner New York
  Cable LLC, Time Warner Entertainment Company, LP, and Time Warner
  Entertainment-Advance/Newhouse Partnership

Dated: August 1, 2008

/s/ *Francis DiGiovanni.*
Collins J. Seitz, Jr. (#2237)
Francis DiGiovanni (#3189)
James D. Heisman (#2746)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141
fdigiovanni@cblh.com

Attorneys for Rembrandt Technologies, LP, and
Rembrandt Technologies, LLC d/b/a Remstream

## CERTIFICATE OF SERVICE

I, Francis DiGiovanni, hereby certify that on the 1st day of August, 2008, a true copy of

the foregoing was hand delivered to the following persons and was electronically filed with the

Clerk of the Court using CM/ECF which will send notification of such filing to the following and

the document is available for viewing and downloading from CM/ECF:

**BY E-MAIL**

| | |
|---|---|
| Jack B. Blumenfeld<br>Karen Jacobs Louden<br>Morris, Nichols, Arsht & Tunnell LLP<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>jblumenfeld@mnat.com<br>klouden@mnat.com | John W. Shaw<br>Young, Conaway, Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19899-0391<br>jshaw@ycst.com |
| Rodger D. Smith II (#3778)<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br>rsmith@mnat.com | Richard D. Kirk<br>Scott G. Wilcox<br>Stephen B. Brauerman<br>Bayard, PA<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899<br>rkirk@bayardlaw.com<br>swilcox@bayardlaw.com<br>sbrauerman@bayardlaw.com |

| | |
|---|---|
| Fredrick L. Cottrell, III<br>Kelly E. Farnan<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>cottrell@rlf.com<br>farnan@rlf.com | Peter J. Toren<br>Lawrence B. Goodwin<br>Monica V. Bhattacharyya<br>Stefan R. Stoyanov<br>Kasowitz, Benson, Torres & Friedman LLP<br>1633 Broadway<br>New York, NY 10019<br>ptoren@kasowitz.com<br>lgoodwin@kasowitz.com<br>mbhattacharyya@kasowitz.com<br>sstoyanov@kasowitz.com |
| Josh A. Krevitt<br>Charles J. Bourdreau<br>Gibson, Dunn & Crutcher LLP<br>200 Park Avenue, 47th Floor<br>New York, New York 10166-0193<br>jkrevitt@gibsondunn.com<br>cboudreau@gibsondunn.com | David Segal<br>Gibson, Dunn & Crutcher LLP<br>3161 Michelson Drive<br>Irvina, California 92612-4412<br>dsegal@gibsondunn.com |
| Amanda J. Tessar<br>Gibson, Dunn & Crutcher LLP<br>1801 California Street, Suite 4200<br>Denver, CO 80202-2642<br>atessar@gibsondunn.com | David S. Benyacar<br>Daniel L. Reisner<br>Kaye Scholer LLP<br>425 Park Avenue<br>New York, New York 10022<br>dbenyacar@kayescholer.com<br>dreisner@kayescholer.com |

4

| | |
|---|---|
| Matthew D. Powers<br>Edward R. Reines<br>Weil Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065<br>matthew.powers@weil.com<br>edward.reines@weil.com | Robert A. Van Nest<br>Brian L. Ferrall<br>Daralyn J. Durie<br>Leo L. Lam<br>Matthew M. Werdegar<br>KEKER & VAN NEST LLP<br>710 Sansome Street<br>San Francisco, CA 94111<br>rvannest@kvn.com<br>bferrall@kvn.com<br>ddurie@kvn.com<br>llam@kvn.com<br>mwerdegar@kvn.com |
| John Desmarais<br>Kirkland & Ellis LLP<br>Citigroup Center<br>153 East 53rd Street<br>New York, New York 10022<br>jdesmarais@kirkland.com | Eric R. Lamison<br>Kirkland & Ellis LLP<br>555 California Street, Ste. 2700<br>San Francisco, CA 94104<br>elamison@kirkland.com |
| Mitchell Stockwell<br>Kilpatrick & Stockton LLP<br>110 Peachtree Street, N.E.<br>Suite 2800<br>Atlanta, GA 30309<br>MStockwell@KilpatrickStockton.com | Bradford P. Lyerla<br>Kevin D. Hogg<br>Charles E. Juister<br>Marshall, Gerstein & Borun LLP<br>6300 Sears Tower<br>233 South Wacker Drive<br>Chicago, IL 60606-6357<br>blyerla@marshallip.com<br>khogg@marshallip.com<br>cjuister@marshallip.com |

By:  _/s/ Francis DiGiovanni. (#3189)_
     Francis DiGiovannie (#3189)
     fdigiovanni@cblh.com

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| _____ | ) | |
| | ) | |
| In re: REMBRANDT TECHNOLOGIES, LP | ) | **MDL Docket No. 07-md-1848 (GMS)** |
| PATENT LITIGATION | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| _____ | ) | |

**PLAINTIFF'S PARTIAL NOTICE OF VIDEOTAPED**
**ORAL DEPOSITION TO DEFENDANTS PURSUANT TO RULE 30(B)(6)**

PLEASE TAKE NOTICE that Plaintiff Rembrandt Technologies, LP ("Plaintiff" or "Rembrandt") will take the deposition of Adelphia Communications Corporation, Century-TCI California Communications, LP, Century-TCI Holdings, LLC, Comcast of Florida/Pennsylvania, L.P. (f/k/a Parnassos, LP), Comcast of Pennsylvania II, L.P. (f/k/a Century-TCI California, L.P.), Parnassos Communications, LP, Adelphia Consolidation, LLC, Parnassos Holdings, LLC, and Western NY Cablevision (collectively, "you" or "Adelphia") beginning at 9:00 a.m., in the offices of KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C., 1615 M Street, N.W., Suite 400, Washington, D.C. 20036 on August 18, 2008, or at such time and place agreed to by counsel for the parties. The deposition will be taken pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and Rule 30 of the Court's Local Rules before an officer and reporter authorized to administer oaths. The deposition will be videotaped and recorded by stenographic means.

As required by Rule 30(b)(6) of the Federal Rules of Civil Procedure, you shall designate one or more officers, directors, managing agents, employees, or other sufficiently knowledgeable persons who consents to testify on your behalf with respect to each of the matters set forth in Exhibit A attached hereto, and the person(s) so designated shall be required to testify as to each

of those matters known or reasonably available to you.  Please provide notice of the identity of

the witness(es) designated by you to counsel for Rembrandt no later than ten (10) business days

prior to the date on which the deposition shall commence.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 30(b)(2) and Rule 34 of the

Federal Rules of Civil Procedure, you are required to produce the documents listed in Exhibit B

at or before the noticed deposition herein.  You are further required to produce prior to the

deposition any and all information or material previously requested in discovery, but not yet

produced.

Rembrandt reserves the right to amend or supplement this notice and these exhibits as

more information becomes available to Rembrandt during the course of discovery.


Dated:  August 1, 2008                              Respectfully Submitted,

                              KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.


                              By:  /s/  Rebecca A. Beynon
                                   Mark C. Hansen
Collins J. Seitz, Jr. (#2237)        J.C. Rozendaal
Francis DiGiovanni (#3189)           Aaron M. Panner
James D. Heisman (#2746)             Rebecca A. Beynon
Kristen Healey Cramer (#4512)        KELLOGG, HUBER, HANSEN, TODD, EVANS &
CONNOLLY BOVE LODGE & HUTZ LLP            FIGEL, P.L.L.C.
1007 N. Orange Street                1615 M. Street, NW
P.O. Box 2207                        Suite 400
Wilmington, Delaware 19899           Washington, D.C. 20036
(302) 658-9141                       (202) 326-7900
                                     mhansen@khhte.com
Max L. Tribble, Jr.                  jrozendaal@khhte.com
SUSMAN GODFREY L.L.P.                apanner@khhte.com
1000 Louisiana Street, Suite 5100    rbeynon@khhte.com
Houston, Texas 77002-5096
(713) 651-9366


2

Brooke A.M. Taylor
Edgar Sargent
Matthew R. Berry
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
(206) 516-3880

*Attorneys for Rembrandt*

# **EXHIBIT A**

# **DEFINITIONS**

The following definitions apply to this Notice of Deposition and are deemed to be incorporated into each subject listed below:

1.      The phrase "relating to" means discussing, describing, referring to, pertaining to, containing, analyzing, studying, reporting on, commenting on, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

2.      The term "document" or "documents" is used in the broadest sense permitted by the Federal Rules of Civil Procedure and means the original (or any copy when originals are not available) and any drafts or non-identical copies thereof, whether different from the original because of interlineation, receipt stamp, notation of copy sent or received or otherwise, of any book, pamphlet, periodical, letter, report, note, memorandum, record, minutes, calendar or diary entry, transcript, study, compilation, patent, patent application, analysis, tabulation, map, diagram, drawing, plan, picture, summary, working paper, chart, paper, graph index, data sheet, data processing card, computer printout, summary of a computer printout, tape, contract, agreement, lease, ledger, journal, balance sheet, account, invoice, purchase order, receipt, billing record, financial data, financial statement, file, diary, film, trip tickets, telex, teletype or other messages, telegram, expense vouchers, instructions, bulletins or any other writing or recording of information, however produced, recorded, maintained or reproduced, including any electronic or mechanical recording of any oral material, within the possession, custody or control of defendant or any of its officers, directors, employees, attorneys, or other agents and/or representatives.

3.      The term "including" shall mean including but not limited to.

4.      The term "person" means natural person, corporation, firm, company, sole proprietorship, partnership, joint venture, association, institute, or other business, legal or governmental entity or association, including any directors, officers, employees, agents or representatives thereof.

5.      The term "communication" (or any variant thereof) means any contact between or among two or more Persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, e-mail, or any other document; the transmittal of information by any means; any oral contact such as face-to-face meetings or telephone conversations; and any writings memorializing such oral contact.

6.      "Thing" means any tangible object other than a Document including, without limitation, objects of every kind and nature, as well as prototypes, models, drafts, or specimens thereof.

7.      As used herein, "the Defendant(s)" means the following entities and their subsidiaries, affiliates, divisions, successors or assignees, and their respective officers, directors, employees, and agents:  Time Warner Cable, Inc., Time Warner Cable LLC, Time Warner New York Cable LLC, Time Warner Entertainment Company, LP, Time Warner Entertainment–Advance/Newhouse Partnership, Comcast Corporation, Comcast Cable Communications, LLC, Charter Communications, Inc., Charter Communications Operating, LLC, Coxcom, Inc., Cox Communications, Inc., Cox Enterprises, Inc., CSC Holdings, Inc., Cablevision Systems Corporation, Adelphia Communications Corporation, Century-TCI California, LP, Century-TCI California Communications, LP, Century-TCI Holdings, LLC, Parnassos, LP, Parnassos Communications, LP, Adelphia Consolidation, LLC, Parnassos Holdings, LLC, Western NY Cablevision, LP, Motorola, Inc., Cisco Systems, Inc., Scientific-Atlanta, Inc., ARRIS Group,

Inc., Thomson, Inc., Ambit Microsystems, Inc., and NETGEAR, Inc.  In the case of Comcast

Corporation, this definition includes, without limitation, Sedna.

8.      As used herein, "Adelphia," "you," or "your" means Adelphia Communications

Corporation, Century-TCI California Communications, LP, Century-TCI Holdings, LLC,

Comcast of Florida/Pennsylvania, L.P. (f/k/a Parnassos, LP), Comcast of Pennsylvania II, L.P.

(f/k/a Century-TCI California, L.P.), Parnassos Communications, LP, Adelphia Consolidation,

LLC, Parnassos Holdings, LLC, Western NY Cablevision and their agents, subsidiaries, related

entities, affiliated companies, predecessors, successors, assigns, officers, directors, partners,

employees, representatives (in their individual or representative capacities), affiliates of any kind

or nature, or any person or entity acting on their behalf.

9.      As used herein, "Rembrandt" shall mean Rembrandt Technologies, LP including

without limitation all of its corporate locations, and all predecessors, and affiliates, and all past or

present directors, officers, agents, representatives, employees, consultants, and attorneys.

10.     The terms "and" and "or" shall be construed disjunctively or conjunctively as

necessary to bring within the scope of these requests all documents which might otherwise be

construed to be outside their scope.

11.     The term "all" shall mean any and all, and the term "any" shall mean any and all,

unless the context clearly requires otherwise.

12.     References to the singular shall include the plural, and references to the plural

shall include the singular as may be appropriate or construe the individual topics for examination

in the broadest form.

13.    The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa as may be appropriate to make the individual topics for examination inclusive rather than exclusive.

14.    Any reference to any individual person, either singularly or as a part of a defined group, includes that individual person's employees, agents, successors, assignees, heirs, and representatives.

15.    The term "Patents-in-Suit" shall mean United States patents numbers:  6,131,159; 5,710,761; 5,778,234; 6,950,444; 5,008,903; 4,937,819; 5,719,858; and 5,852,631.

16.    As used herein, the term "CableLabs" shall mean Cable Television Laboratories, Inc. and its agents, subsidiaries, related entities, affiliated companies, predecessors, successors, assigns, officers, directors, partners, employees, representatives (in their individual or representative capacities), affiliates of any kind or nature, or any person or entity acting on their behalf.

17.    The term "cable industry" shall mean entities, including but not limited to the MSO Defendants, that provide "cable services" within the meaning of 47 U.S.C. § 522(6) or that provide to such entities information, products, or services related to the provision of cable services within the meaning of 47 U.S.C. § 522(6).

18.    The term "Accused Products and Services" shall include all of Defendants' services or products that involve in any way a cable modem or the use of a cable modem, including but not limited to providing high speed cable internet services and VoIP services.

19.    The term "DOCSIS" shall refer to the commonly known industry specifications referred to as DOCSIS 1.0, DOCSIS 1.1, DOCSIS 2.0, and DOCSIS 3.0.

20.     "DOCSIS-Compliant Devices" include cable modems or cable modem termination systems that comply with any of the DOCSIS 1.0, 1.1, 2.0, or 3.0 specifications, manufactured, sold, leased, offered for sale or used by the Defendants.

21.     As used herein, "Rembrandt multi-district litigation" means the litigation styled *In re Rembrandt Technologies, LP Patent Litig.*, MDL Docket No. 07-md-1848 (D. Del.), and the cases of which the multi-district litigation is comprised, including: *Rembrandt Technologies, LP v. Cablevision Systems Corp. et al.*, Civil Action No. 1:06-635 (D. Del.); *Coxcom, Inc. v. Rembrandt Technologies, LP*, C.A. No. 1:06-721 (D. Del.); *Rembrandt Technologies, LP v. CBS Corp.*, C.A. No. 1:06-727 (D. Del.); *Rembrandt Technologies, LP v. NBC Universal, Inc.*, C.A. No. 1:06-730 (D. Del.); *Rembrandt Technologies, LP v. ABC, Inc.*, C.A. No. 1:06-730 (D. Del.); *Rembrandt Technologies, LP v. Fox Entertainment Group, Inc., et al.*, C.A. No. 1:06-731 (D. Del.); *Rembrandt Technologies, LP v. Adelphia Communications Corp., et al.*, Bky. Advy. No. 1:06-1739 (Bankr. SDNY); *Rembrandt Technologies, LP v. Adelphia Communications Corp.*, C.A. No. 1:07-214 (SDNY); *Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:05-443 (E.D. Tex.); *Rembrandt Technologies, LP v. Sharp Corp., et al.*, C.A. No. 2:06-47 (E.D. Tex.); *Rembrandt Technologies, LP v. Charter Communications, Inc. et al.*, C.A. No. 2:06-223 (E.D. Tex.); *Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-224 (E.D. Tex.); *Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-369 (E.D. Tex.); *Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:06-506 (E.D. Tex.); *Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, C.A. No. 2:06-507 (E.D. Tex.).

22.     "Related Action" means each case of which the multi-district litigation is comprised (see ¶ 15 above), as well as *Rembrandt Technologies, LP v. Harris Corp.*, C.A. No.

07C-09-059-JRS (Del. Super. Ct.) and *Motorola, Inc., et al. v. Rembrandt Technologies, LP*, C.A. No. 07-752 (D. Del.).

## TOPICS FOR EXAMINATION

1.      When and how Adelphia first became aware of each of the Patents-in-Suit.

2.      Who within Adelphia first became aware of each of the Patents-in-Suit.

3.      What investigation, if any, Adelphia conducted after becoming aware of any of the Patents-in-Suit to determine whether said patent(s) was valid, infringed, enforceable, or licensed.

4.      Any analysis, opinion, or inquiry regarding potential infringement of the claims in each of the Patents-in-Suit, including, but not limited to any pre-litigation and post-commencement-of-litigation investigations performed by or on behalf of you, your partners, your licensors, your customers, your resellers, and/or your affiliates, related to the potential infringement by any products or systems made, used, offered for sale, and/or sold by you, your partners, your licensors, your customers, you resellers, and/or your affiliates.

5.      Efforts by Adelphia to design any products around the Patents-in-Suit.

6.      Adelphia's policies and/or customs, whether in writing or oral, on investigating or refraining from investigating whether Adelphia's products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

7.      Adelphia's communications, whether internal or external, regarding whether to investigate if the Accused Products and Services infringed any patents owned by a third party.

8.      Adelphia's communications, whether internal or external, regarding each of the Patents-in-Suit after Adelphia became aware of them.

9.      Adelphia's investigations into whether Adelphia's products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

10.     The role of Sedna Services LLC in investigating whether Adelphia's products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

11.     Adelphia's understanding of the custom or practice in its industry to investigate whether products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

## **EXHIBIT B**

1.      All documents and things considered, reviewed, or prepared by Adelphia in the

course of preparing for the 30(b)(6) deposition on the subjects listed above in Exhibit A.

## CERTIFICATE OF SERVICE

I, Rebecca A. Beynon, hereby certify that on the first day of August, 2008, a true copy of

the foregoing **Notice of Videotaped Oral Deposition to Adelphia Pursuant to Rule 30(b)(6)**

to be served upon the following in the manner indicated:

## BY E-MAIL

Jack B. Blumenfield
Karen Jacobs Louden
Rodger D. Smith II
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
jblumenfeld@mnat.com
klouden@mnat.com
rsmith@mnat.com

Richard K. Hermann
Mary B. Matterer
Amy Arnott Quinlan
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
rherrman@morrisjames.com

Fredrick L. Cottrell, III
Kelly E. Farnan
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
cottrell@rlf.com
farnan@rlf.com

John W. Shaw
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
jshaw@ycst.com

Richard D. Kirk
Scott G. Wilcox
Stephen B. Brauerman
Bayard, PA
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899
rkirk@bayardlaw.com
swilcox@bayardlaw.com
sbrauerman@bayardlaw.com

Peter J. Toren
Lawrence B. Goodwin
Monica V. Bhattacharyya
Stefan R. Stoyanov
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, NY 10019
ptoren@kasowitz.com
lgoodwin@kasowitz.com
mbhattacharyya@kasowitz.com
sstoyanov@kasowitz.com

Josh A. Drevitt
Charles J. Bourdreau
Gibson, Dunn & Crutcher LLP
200 Park Avenue, 47th Floor
New York, New York 10166-0193
jkrevitt@gibsondunn.com
cboudreau@gibsondunn.com

Amanda J. Tessar
Gibson, Dunn & Crutcher LLP
1801 California Street, Suite 4200
Denver, CO 80202-2642
atessar@gibsondunn.com

Matthew D. Powers
Edward R. Reines
Weil Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
matthew.powers@weil.com
edward.reines@weil.com

John Desmarais
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022
jdesmarais@kirkland.com

Mitchell Stockwell
Kilpatrick & Stockton LLP
110 Peachtree Street, N.E.
Suite 2800
Atlanta, GA 30309
MStockwell@KilpatrickStockton.com

Richard Brown
Day Pitney LLP
200 Campus Drive
Florham Park, NJ 07932
rbrown@daypitney.com

David Segal
Gibson, Dunn & Crutcher LLP
3161 Michelson Drive
Irvina, California 92612-4412
dsegal@gibsondunn.com

David S. Benyacar
Daniel L. Reisner
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
dbenyacar@kayescholer.com
dreisner@kayescholer.com

Robert A. Van Nest
Brian L. Ferrall
Daralyn J. Durie
Leo L. Lam
Matthew M. Werdegar
Keker & Van Nest LLP
710 Sansome Street
San Franscisco, CA 94111
rvannest@kvn.com
bferrall@kvn.com
ddurie@kvn.com
llam@kvn.com
mwerdegar@kvn.com

Eric R. Lamison
Kirkland & Ellis LLP
555 California Street, Ste. 2700
San Francisco, CA 94104
elamison@kirkland.com

Bradford P. Lyerla
Kevin D. Hogg
Charles E. Juister
Marshall, Gerstein & Borun LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
blyerla@marshallip.com
khogg@marshallip.com
cjuister@marshallip.com


Jonathan Tropp
Day Pitney LLP
One Canterbury Green
201 Broad Street
Stamford, CT 06901
jbtropp@daypitney.com

Gerald Levy
Day Pitney LLP
7 Times Square
New York, NY 10036
glevy@daypitney.com

By:  _/s/ Rebecca A. Beynon_____
      Rebecca A. Beynon
      rbeynon@khhte.com

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------

)
)
In re: REMBRANDT TECHNOLOGIES, LP      )      **MDL Docket No. 07-md-1848 (GMS)**
PATENT LITIGATION                                        )
)      **JURY TRIAL DEMANDED**
)
------------------------------------------------------  )

**PLAINTIFF'S PARTIAL NOTICE OF VIDEOTAPED**
**ORAL DEPOSITION TO DEFENDANTS PURSUANT TO RULE 30(B)(6)**

PLEASE TAKE NOTICE that Plaintiff Rembrandt Technologies, LP ("Plaintiff" or
"Rembrandt") will take the deposition of Ambit Microsystems, Inc. ("you" or "Ambit")
beginning at 9:00 a.m., in the offices of KELLOGG, HUBER, HANSEN, TODD, EVANS &
FIGEL, P.L.L.C., 1615 M Street, N.W., Suite 400, Washington, D.C. 20036 on August 18, 2008,
or at such time and place agreed to by counsel for the parties.  The deposition will be taken
pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and Rule 30 of the Court's
Local Rules before an officer and reporter authorized to administer oaths.  The deposition will be
videotaped and recorded by stenographic means.

As required by Rule 30(b)(6) of the Federal Rules of Civil Procedure, you shall designate
one or more officers, directors, managing agents, employees, or other sufficiently knowledgeable
persons who consents to testify on your behalf with respect to each of the matters set forth in
Exhibit A attached hereto, and the person(s) so designated shall be required to testify as to each
of those matters known or reasonably available to you.  Please provide notice of the identity of
the witness(es) designated by you to counsel for Rembrandt no later than ten (10) business days
prior to the date on which the deposition shall commence.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 30(b)(2) and Rule 34 of the Federal Rules of Civil Procedure, you are required to produce the documents listed in Exhibit B at or before the noticed deposition herein.  You are further required to produce prior to the deposition any and all information or material previously requested in discovery, but not yet produced.

Rembrandt reserves the right to amend or supplement this notice and these exhibits as more information becomes available to Rembrandt during the course of discovery.

Dated:  August 1, 2008                         Respectfully Submitted,

                    KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.


                                    By:  _/s/  Rebecca A. Beynon_____
                                         Mark C. Hansen
Collins J. Seitz, Jr. (#2237)            J.C. Rozendaal
Francis DiGiovanni (#3189)               Aaron M. Panner
James D. Heisman (#2746)                 Rebecca A. Beynon
Kristen Healey Cramer (#4512)            KELLOGG, HUBER, HANSEN, TODD, EVANS &
CONNOLLY BOVE LODGE & HUTZ LLP               FIGEL, P.L.L.C.
1007 N. Orange Street                    1615 M. Street, NW
P.O. Box 2207                            Suite 400
Wilmington, Delaware 19899               Washington, D.C. 20036
(302) 658-9141                           (202) 326-7900
                                         mhansen@khhte.com
Max L. Tribble, Jr.                      jrozendaal@khhte.com
SUSMAN GODFREY L.L.P.                     apanner@khhte.com
1000 Louisiana Street, Suite 5100        rbeynon@khhte.com
Houston, Texas 77002-5096
(713) 651-9366

Brooke A.M. Taylor
Edgar Sargent
Matthew R. Berry
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
(206) 516-3880

                                    *Attorneys for Rembrandt*

# EXHIBIT A

# DEFINITIONS

The following definitions apply to this Notice of Deposition and are deemed to be incorporated into each subject listed below:

1.      The phrase "relating to" means discussing, describing, referring to, pertaining to, containing, analyzing, studying, reporting on, commenting on, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

2.      The term "document" or "documents" is used in the broadest sense permitted by the Federal Rules of Civil Procedure and means the original (or any copy when originals are not available) and any drafts or non-identical copies thereof, whether different from the original because of interlineation, receipt stamp, notation of copy sent or received or otherwise, of any book, pamphlet, periodical, letter, report, note, memorandum, record, minutes, calendar or diary entry, transcript, study, compilation, patent, patent application, analysis, tabulation, map, diagram, drawing, plan, picture, summary, working paper, chart, paper, graph index, data sheet, data processing card, computer printout, summary of a computer printout, tape, contract, agreement, lease, ledger, journal, balance sheet, account, invoice, purchase order, receipt, billing record, financial data, financial statement, file, diary, film, trip tickets, telex, teletype or other messages, telegram, expense vouchers, instructions, bulletins or any other writing or recording of information, however produced, recorded, maintained or reproduced, including any electronic or mechanical recording of any oral material, within the possession, custody or control of defendant or any of its officers, directors, employees, attorneys, or other agents and/or representatives.

3.      The term "including" shall mean including but not limited to.

4.      The term "person" means natural person, corporation, firm, company, sole proprietorship, partnership, joint venture, association, institute, or other business, legal or governmental entity or association, including any directors, officers, employees, agents or representatives thereof.

5.      The term "communication" (or any variant thereof) means any contact between or among two or more Persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, e-mail, or any other document; the transmittal of information by any means; any oral contact such as face-to-face meetings or telephone conversations; and any writings memorializing such oral contact.

6.      "Thing" means any tangible object other than a Document including, without limitation, objects of every kind and nature, as well as prototypes, models, drafts, or specimens thereof.

7.      As used herein, "the Defendant(s)" means the following entities and their subsidiaries, affiliates, divisions, successors or assignees, and their respective officers, directors, employees, and agents: Time Warner Cable, Inc., Time Warner Cable LLC, Time Warner New York Cable LLC, Time Warner Entertainment Company, LP, Time Warner Entertainment–Advance/Newhouse Partnership, Comcast Corporation, Comcast Cable Communications, LLC, Charter Communications, Inc., Charter Communications Operating, LLC, Coxcom, Inc., Cox Communications, Inc., Cox Enterprises, Inc., CSC Holdings, Inc., Cablevision Systems Corporation, Adelphia Communications Corporation, Century-TCI California, LP, Century-TCI California Communications, LP, Century-TCI Holdings, LLC, Parnassos, LP, Parnassos Communications, LP, Adelphia Consolidation, LLC, Parnassos Holdings, LLC, Western NY Cablevision, LP, Motorola, Inc., Cisco Systems, Inc., Scientific-Atlanta, Inc., ARRIS Group,

Inc., Thomson, Inc., Ambit Microsystems, Inc., and NETGEAR, Inc.  In the case of Comcast Corporation, this definition includes, without limitation, Sedna.

8.      As used herein, "Ambit," "you," or "your" means Ambit Microsystems, Inc. and its agents, subsidiaries, related entities, affiliated companies, predecessors, successors, assigns, officers, directors, partners, employees, representatives (in their individual or representative capacities), affiliates of any kind or nature, or any person or entity acting on their behalf.

9.      As used herein, "Rembrandt" shall mean Rembrandt Technologies, LP including without limitation all of its corporate locations, and all predecessors, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, and attorneys.

10.      The terms "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of these requests all documents which might otherwise be construed to be outside their scope.

11.      The term "all" shall mean any and all, and the term "any" shall mean any and all, unless the context clearly requires otherwise.

12.      References to the singular shall include the plural, and references to the plural shall include the singular as may be appropriate or construe the individual topics for examination in the broadest form.

13.      The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa as may be appropriate to make the individual topics for examination inclusive rather than exclusive.

14.      Any reference to any individual person, either singularly or as a part of a defined group, includes that individual person's employees, agents, successors, assignees, heirs, and representatives.

15.     The term "Patents-in-Suit" shall mean United States patents numbers: 6,131,159; 5,710,761; 5,778,234; 6,950,444; 5,008,903; 4,937,819; 5,719,858; and 5,852,631.

16.     As used herein, the term "CableLabs" shall mean Cable Television Laboratories, Inc. and its agents, subsidiaries, related entities, affiliated companies, predecessors, successors, assigns, officers, directors, partners, employees, representatives (in their individual or representative capacities), affiliates of any kind or nature, or any person or entity acting on their behalf.

17.     The term "cable industry" shall mean entities, including but not limited to the MSO Defendants, that provide "cable services" within the meaning of 47 U.S.C. § 522(6) or that provide to such entities information, products, or services related to the provision of cable services within the meaning of 47 U.S.C. § 522(6).

18.     The term "Accused Products and Services" shall include all of Defendants' services or products that involve in any way a cable modem or the use of a cable modem, including but not limited to providing high speed cable internet services and VoIP services.

19.     The term "DOCSIS" shall refer to the commonly known industry specifications referred to as DOCSIS 1.0, DOCSIS 1.1, DOCSIS 2.0, and DOCSIS 3.0.

20.     "DOCSIS-Compliant Devices" include cable modems or cable modem termination systems that comply with any of the DOCSIS 1.0, 1.1, 2.0, or 3.0 specifications, manufactured, sold, leased, offered for sale or used by the Defendants.

21.     As used herein, "Rembrandt multi-district litigation" means the litigation styled *In re Rembrandt Technologies, LP Patent Litig.*, MDL Docket No. 07-md-1848 (D. Del.), and the cases of which the multi-district litigation is comprised, including: *Rembrandt Technologies, LP v. Cablevision Systems Corp. et al.*, Civil Action No. 1:06-635 (D. Del.); *Coxcom, Inc. v.*

*Rembrandt Technologies, LP*, C.A. No. 1:06-721 (D. Del.); *Rembrandt Technologies, LP v. CBS Corp.*, C.A. No. 1:06-727 (D. Del.); *Rembrandt Technologies, LP v. NBC Universal, Inc.*, C.A. No. 1:06-730 (D. Del.); *Rembrandt Technologies, LP v. ABC, Inc.*, C.A. No. 1:06-730 (D. Del.); *Rembrandt Technologies, LP v. Fox Entertainment Group, Inc., et al.*, C.A. No. 1:06-731 (D. Del.); *Rembrandt Technologies, LP v. Adelphia Communications Corp., et al.*, Bky. Advy. No. 1:06-1739 (Bankr. SDNY); *Rembrandt Technologies, LP v. Adelphia Communications Corp.*, C.A. No. 1:07-214 (SDNY); *Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:05-443 (E.D. Tex.); *Rembrandt Technologies, LP v. Sharp Corp., et al.*, C.A. No. 2:06-47 (E.D. Tex.); *Rembrandt Technologies, LP v. Charter Communications, Inc. et al.*, C.A. No. 2:06-223 (E.D. Tex.); *Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-224 (E.D. Tex.); *Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-369 (E.D. Tex.); *Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:06-506 (E.D. Tex.); *Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, C.A. No. 2:06-507 (E.D. Tex.).

22.    "Related Action" means each case of which the multi-district litigation is comprised (see ¶ 15 above), as well as *Rembrandt Technologies, LP v. Harris Corp.*, C.A. No. 07C-09-059-JRS (Del. Super. Ct.) and *Motorola, Inc., et al. v. Rembrandt Technologies, LP*, C.A. No. 07-752 (D. Del.).

**TOPICS FOR EXAMINATION**

1.    When and how Ambit first became aware of each of the Patents-in-Suit.

2.    Who within Ambit first became aware of each of the Patents-in-Suit.

3.      What investigation, if any, Ambit conducted after becoming aware of any of the Patents-in-Suit to determine whether said patent(s) was valid, infringed, enforceable, or licensed.

4.      Any analysis, opinion, or inquiry regarding potential infringement of the claims in each of the Patents-in-Suit, including, but not limited to any pre-litigation and post-commencement-of-litigation investigations performed by or on behalf of you, your partners, your licensors, your customers, your resellers, and/or your affiliates, related to the potential infringement by any products or systems made, used, offered for sale, and/or sold by you, your partners, your licensors, your customers, you resellers, and/or your affiliates.

5.      Efforts by Ambit to design any products around the Patents-in-Suit.

6.      Ambit's policies and/or customs, whether in writing or oral, on investigating or refraining from investigating whether Ambit's products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

7.      Ambit's communications, whether internal or external, regarding whether to investigate if the Accused Products and Services infringed any patents owned by a third party.

8.      Ambit's communications, whether internal or external, regarding each of the Patents-in-Suit after Ambit became aware of them.

9.      Ambit's investigations into whether Ambit's products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

10.     The role of Sedna Services LLC in investigating whether Ambit's products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

11.     Ambit's understanding of the custom or practice in its industry to investigate whether products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

## **EXHIBIT B**

1.      All documents and things considered, reviewed, or prepared by Ambit in the course of preparing for the 30(b)(6) deposition on the subjects listed above in Exhibit A.

## CERTIFICATE OF SERVICE

I, Rebecca A. Beynon, hereby certify that on the first day of August, 2008, a true copy of

the foregoing **Notice of Videotaped Oral Deposition to Ambit Pursuant to Rule 30(b)(6)** to

be served upon the following in the manner indicated:

## BY E-MAIL

Jack B. Blumenfield
Karen Jacobs Louden
Rodger D. Smith II
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
jblumenfeld@mnat.com
klouden@mnat.com
rsmith@mnat.com


Richard K. Hermann
Mary B. Matterer
Amy Arnott Quinlan
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
rherrman@morrisjames.com


Fredrick L. Cottrell, III
Kelly E. Farnan
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
cottrell@rlf.com
farnan@rlf.com

John W. Shaw
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
jshaw@ycst.com


Richard D. Kirk
Scott G. Wilcox
Stephen B. Brauerman
Bayard, PA
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899
rkirk@bayardlaw.com
swilcox@bayardlaw.com
sbrauerman@bayardlaw.com


Peter J. Toren
Lawrence B. Goodwin
Monica V. Bhattacharyya
Stefan R. Stoyanov
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, NY 10019
ptoren@kasowitz.com
lgoodwin@kasowitz.com
mbhattacharyya@kasowitz.com
sstoyanov@kasowitz.com

Josh A. Drevitt
Charles J. Bourdreau
Gibson, Dunn & Crutcher LLP
200 Park Avenue, 47th Floor
New York, New York 10166-0193
jkrevitt@gibsondunn.com
cboudreau@gibsondunn.com


Amanda J. Tessar
Gibson, Dunn & Crutcher LLP
1801 California Street, Suite 4200
Denver, CO 80202-2642
atessar@gibsondunn.com


Matthew D. Powers
Edward R. Reines
Weil Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
matthew.powers@weil.com
edward.reines@weil.com


John Desmarais
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022
jdesmarais@kirkland.com


Mitchell Stockwell
Kilpatrick & Stockton LLP
110 Peachtree Street, N.E.
Suite 2800
Atlanta, GA 30309
MStockwell@KilpatrickStockton.com


Richard Brown
Day Pitney LLP
200 Campus Drive
Florham Park, NJ 07932
rbrown@daypitney.com

David Segal
Gibson, Dunn & Crutcher LLP
3161 Michelson Drive
Irvina, California 92612-4412
dsegal@gibsondunn.com


David S. Benyacar
Daniel L. Reisner
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
dbenyacar@kayescholer.com
dreisner@kayescholer.com


Robert A. Van Nest
Brian L. Ferrall
Daralyn J. Durie
Leo L. Lam
Matthew M. Werdegar
Keker & Van Nest LLP
710 Sansome Street
San Franscisco, CA 94111
rvannest@kvn.com
bferrall@kvn.com
ddurie@kvn.com
llam@kvn.com
mwerdegar@kvn.com


Eric R. Lamison
Kirkland & Ellis LLP
555 California Street, Ste. 2700
San Francisco, CA 94104
elamison@kirkland.com

Bradford P. Lyerla
Kevin D. Hogg
Charles E. Juister
Marshall, Gerstein & Borun LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
blyerla@marshallip.com
khogg@marshallip.com
cjuister@marshallip.com


Jonathan Tropp
Day Pitney LLP
One Canterbury Green
201 Broad Street
Stamford, CT 06901
jbtropp@daypitney.com

Gerald Levy
Day Pitney LLP
7 Times Square
New York, NY 10036
glevy@daypitney.com

By:  _/s/ Rebecca A. Beynon_____
      Rebecca A. Beynon
      rbeynon@khhte.com

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| In re: REMBRANDT TECHNOLOGIES, LP | ) | **MDL Docket No. 07-md-1848 (GMS)** |
| PATENT LITIGATION | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |

---------------------------------------------------------  )

**PLAINTIFF'S PARTIAL NOTICE OF VIDEOTAPED
ORAL DEPOSITION TO DEFENDANTS PURSUANT TO RULE 30(B)(6)**

PLEASE TAKE NOTICE that Plaintiff Rembrandt Technologies, LP ("Plaintiff" or "Rembrandt") will take the deposition of ARRIS Group, Inc. ("you" or "ARRIS Group") beginning at 9:00 a.m., in the offices of KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C., 1615 M Street, N.W., Suite 400, Washington, D.C. 20036 on August 18, 2008, or at such time and place agreed to by counsel for the parties. The deposition will be taken pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and Rule 30 of the Court's Local Rules before an officer and reporter authorized to administer oaths. The deposition will be videotaped and recorded by stenographic means.

As required by Rule 30(b)(6) of the Federal Rules of Civil Procedure, you shall designate one or more officers, directors, managing agents, employees, or other sufficiently knowledgeable persons who consents to testify on your behalf with respect to each of the matters set forth in Exhibit A attached hereto, and the person(s) so designated shall be required to testify as to each of those matters known or reasonably available to you. Please provide notice of the identity of the witness(es) designated by you to counsel for Rembrandt no later than ten (10) business days prior to the date on which the deposition shall commence.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 30(b)(2) and Rule 34 of the Federal Rules of Civil Procedure, you are required to produce the documents listed in Exhibit B at or before the noticed deposition herein.  You are further required to produce prior to the deposition any and all information or material previously requested in discovery, but not yet produced.

Rembrandt reserves the right to amend or supplement this notice and these exhibits as more information becomes available to Rembrandt during the course of discovery.

Dated:  August 1, 2008                      Respectfully Submitted,

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

By:  _/s/  Rebecca A. Beynon_____

|  |  |
|---|---|
|  | Mark C. Hansen |
| Collins J. Seitz, Jr. (#2237) | J.C. Rozendaal |
| Francis DiGiovanni (#3189) | Aaron M. Panner |
| James D. Heisman (#2746) | Rebecca A. Beynon |
| Kristen Healey Cramer (#4512) | KELLOGG, HUBER, HANSEN, TODD, EVANS & |
| CONNOLLY BOVE LODGE & HUTZ LLP | FIGEL, P.L.L.C. |
| 1007 N. Orange Street | 1615 M. Street, NW |
| P.O. Box 2207 | Suite 400 |
| Wilmington, Delaware 19899 | Washington, D.C. 20036 |
| (302) 658-9141 | (202) 326-7900 |
|  | mhansen@khhte.com |
| Max L. Tribble, Jr. | jrozendaal@khhte.com |
| SUSMAN GODFREY L.L.P. | apanner@khhte.com |
| 1000 Louisiana Street, Suite 5100 | rbeynon@khhte.com |
| Houston, Texas 77002-5096 |  |
| (713) 651-9366 |  |

Brooke A.M. Taylor
Edgar Sargent
Matthew R. Berry
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
(206) 516-3880

*Attorneys for Rembrandt*

## EXHIBIT A

## DEFINITIONS

The following definitions apply to this Notice of Deposition and are deemed to be incorporated into each subject listed below:

1.    The phrase "relating to" means discussing, describing, referring to, pertaining to, containing, analyzing, studying, reporting on, commenting on, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

2.    The term "document" or "documents" is used in the broadest sense permitted by the Federal Rules of Civil Procedure and means the original (or any copy when originals are not available) and any drafts or non-identical copies thereof, whether different from the original because of interlineation, receipt stamp, notation of copy sent or received or otherwise, of any book, pamphlet, periodical, letter, report, note, memorandum, record, minutes, calendar or diary entry, transcript, study, compilation, patent, patent application, analysis, tabulation, map, diagram, drawing, plan, picture, summary, working paper, chart, paper, graph index, data sheet, data processing card, computer printout, summary of a computer printout, tape, contract, agreement, lease, ledger, journal, balance sheet, account, invoice, purchase order, receipt, billing record, financial data, financial statement, file, diary, film, trip tickets, telex, teletype or other messages, telegram, expense vouchers, instructions, bulletins or any other writing or recording of information, however produced, recorded, maintained or reproduced, including any electronic or mechanical recording of any oral material, within the possession, custody or control of defendant or any of its officers, directors, employees, attorneys, or other agents and/or representatives.

3.    The term "including" shall mean including but not limited to.

4.      The term "person" means natural person, corporation, firm, company, sole proprietorship, partnership, joint venture, association, institute, or other business, legal or governmental entity or association, including any directors, officers, employees, agents or representatives thereof.

5.      The term "communication" (or any variant thereof) means any contact between or among two or more Persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, e-mail, or any other document; the transmittal of information by any means; any oral contact such as face-to-face meetings or telephone conversations; and any writings memorializing such oral contact.

6.      "Thing" means any tangible object other than a Document including, without limitation, objects of every kind and nature, as well as prototypes, models, drafts, or specimens thereof.

7.      As used herein, "the Defendant(s)" means the following entities and their subsidiaries, affiliates, divisions, successors or assignees, and their respective officers, directors, employees, and agents:  Time Warner Cable, Inc., Time Warner Cable LLC, Time Warner New York Cable LLC, Time Warner Entertainment Company, LP, Time Warner Entertainment–Advance/Newhouse Partnership, Comcast Corporation, Comcast Cable Communications, LLC, Charter Communications, Inc., Charter Communications Operating, LLC, Coxcom, Inc., Cox Communications, Inc., Cox Enterprises, Inc., CSC Holdings, Inc., Cablevision Systems Corporation, Adelphia Communications Corporation, Century-TCI California, LP, Century-TCI California Communications, LP, Century-TCI Holdings, LLC, Parnassos, LP, Parnassos Communications, LP, Adelphia Consolidation, LLC, Parnassos Holdings, LLC, Western NY Cablevision, LP, Motorola, Inc., Cisco Systems, Inc., Scientific-Atlanta, Inc., ARRIS Group,

Inc., Thomson, Inc., Ambit Microsystems, Inc., and NETGEAR, Inc.  In the case of Comcast Corporation, this definition includes, without limitation, Sedna.

8.      As used herein, "ARRIS Group," "you," or "your" means ARRIS Group, Inc. and its agents, subsidiaries, related entities, affiliated companies, predecessors, successors, assigns, officers, directors, partners, employees, representatives (in their individual or representative capacities), affiliates of any kind or nature, or any person or entity acting on their behalf.

9.      As used herein, "Rembrandt" shall mean Rembrandt Technologies, LP including without limitation all of its corporate locations, and all predecessors, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, and attorneys.

10.     The terms "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of these requests all documents which might otherwise be construed to be outside their scope.

11.     The term "all" shall mean any and all, and the term "any" shall mean any and all, unless the context clearly requires otherwise.

12.     References to the singular shall include the plural, and references to the plural shall include the singular as may be appropriate or construe the individual topics for examination in the broadest form.

13.     The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa as may be appropriate to make the individual topics for examination inclusive rather than exclusive.

14.     Any reference to any individual person, either singularly or as a part of a defined group, includes that individual person's employees, agents, successors, assignees, heirs, and representatives.

15. The term "Patents-in-Suit" shall mean United States patents numbers: 6,131,159;
5,710,761; 5,778,234; 6,950,444; 5,008,903; 4,937,819; 5,719,858; and 5,852,631.

16. As used herein, the term "CableLabs" shall mean Cable Television Laboratories,
Inc. and its agents, subsidiaries, related entities, affiliated companies, predecessors, successors,
assigns, officers, directors, partners, employees, representatives (in their individual or
representative capacities), affiliates of any kind or nature, or any person or entity acting on their
behalf.

17. The term "cable industry" shall mean entities, including but not limited to the
MSO Defendants, that provide "cable services" within the meaning of 47 U.S.C. § 522(6) or that
provide to such entities information, products, or services related to the provision of cable
services within the meaning of 47 U.S.C. § 522(6).

18. The term "Accused Products and Services" shall include all of Defendants'
services or products that involve in any way a cable modem or the use of a cable modem,
including but not limited to providing high speed cable internet services and VoIP services.

19. The term "DOCSIS" shall refer to the commonly known industry specifications
referred to as DOCSIS 1.0, DOCSIS 1.1, DOCSIS 2.0, and DOCSIS 3.0.

20. "DOCSIS-Compliant Devices" include cable modems or cable modem
termination systems that comply with any of the DOCSIS 1.0, 1.1, 2.0, or 3.0 specifications,
manufactured, sold, leased, offered for sale or used by the Defendants.

21. As used herein, "Rembrandt multi-district litigation" means the litigation styled *In
re Rembrandt Technologies, LP Patent Litig.*, MDL Docket No. 07-md-1848 (D. Del.), and the
cases of which the multi-district litigation is comprised, including: *Rembrandt Technologies, LP
v. Cablevision Systems Corp. et al.*, Civil Action No. 1:06-635 (D. Del.); *Coxcom, Inc. v.*

*Rembrandt Technologies, LP*, C.A. No. 1:06-721 (D. Del.); *Rembrandt Technologies, LP v. CBS Corp.*, C.A. No. 1:06-727 (D. Del.); *Rembrandt Technologies, LP v. NBC Universal, Inc.*, C.A. No. 1:06-730 (D. Del.); *Rembrandt Technologies, LP v. ABC, Inc.*, C.A. No. 1:06-730 (D. Del.); *Rembrandt Technologies, LP v. Fox Entertainment Group, Inc., et al.*, C.A. No. 1:06-731 (D. Del.); *Rembrandt Technologies, LP v. Adelphia Communications Corp., et al.*, Bky. Advy. No. 1:06-1739 (Bankr. SDNY); *Rembrandt Technologies, LP v. Adelphia Communications Corp.*, C.A. No. 1:07-214 (SDNY); *Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:05-443 (E.D. Tex.); *Rembrandt Technologies, LP v. Sharp Corp., et al.*, C.A. No. 2:06-47 (E.D. Tex.); *Rembrandt Technologies, LP v. Charter Communications, Inc. et al.*, C.A. No. 2:06-223 (E.D. Tex.); *Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-224 (E.D. Tex.); *Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-369 (E.D. Tex.); *Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:06-506 (E.D. Tex.); *Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, C.A. No. 2:06-507 (E.D. Tex.).

22.    "Related Action" means each case of which the multi-district litigation is comprised (see ¶ 15 above), as well as *Rembrandt Technologies, LP v. Harris Corp.*, C.A. No. 07C-09-059-JRS (Del. Super. Ct.) and *Motorola, Inc., et al. v. Rembrandt Technologies, LP*, C.A. No. 07-752 (D. Del.).

## TOPICS FOR EXAMINATION

1.    When and how ARRIS Group first became aware of each of the Patents-in-Suit.

2.    Who within ARRIS Group first became aware of each of the Patents-in-Suit.

3.     What investigation, if any, ARRIS Group conducted after becoming aware of any of the Patents-in-Suit to determine whether said patent(s) was valid, infringed, enforceable, or licensed.

4.     Any analysis, opinion, or inquiry regarding potential infringement of the claims in each of the Patents-in-Suit, including, but not limited to any pre-litigation and post-commencement-of-litigation investigations performed by or on behalf of you, your partners, your licensors, your customers, your resellers, and/or your affiliates, related to the potential infringement by any products or systems made, used, offered for sale, and/or sold by you, your partners, your licensors, your customers, you resellers, and/or your affiliates.

5.     Efforts by ARRIS Group to design any products around the Patents-in-Suit.

6.     ARRIS Group's policies and/or customs, whether in writing or oral, on investigating or refraining from investigating whether ARRIS Group's products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

7.     ARRIS Group's communications, whether internal or external, regarding whether to investigate if the Accused Products and Services infringed any patents owned by a third party.

8.     ARRIS Group's communications, whether internal or external, regarding each of the Patents-in-Suit after ARRIS Group became aware of them.

9.     ARRIS Group's investigations into whether ARRIS Group's products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

10.     The role of Sedna Services LLC in investigating whether ARRIS Group's products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

11.    ARRIS Group's understanding of the custom or practice in its industry to investigate whether products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

**<u>EXHIBIT B</u>**

1.      All documents and things considered, reviewed, or prepared by ARRIS Group in the course of preparing for the 30(b)(6) deposition on the subjects listed above in Exhibit A.

## <u>CERTIFICATE OF SERVICE</u>

I, Rebecca A. Beynon, hereby certify that on the first day of August, 2008, a true copy of

the foregoing **Notice of Videotaped Oral Deposition to ARRIS Group Pursuant to Rule**

**30(b)(6)** to be served upon the following in the manner indicated:

## <u>BY E-MAIL</u>

Jack B. Blumenfield
Karen Jacobs Louden
Rodger D. Smith II
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
jblumenfeld@mnat.com
klouden@mnat.com
rsmith@mnat.com


Richard K. Hermann
Mary B. Matterer
Amy Arnott Quinlan
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
rherrman@morrisjames.com


Fredrick L. Cottrell, III
Kelly E. Farnan
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
cottrell@rlf.com
farnan@rlf.com

John W. Shaw
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
jshaw@ycst.com


Richard D. Kirk
Scott G. Wilcox
Stephen B. Brauerman
Bayard, PA
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899
rkirk@bayardlaw.com
swilcox@bayardlaw.com
sbrauerman@bayardlaw.com


Peter J. Toren
Lawrence B. Goodwin
Monica V. Bhattacharyya
Stefan R. Stoyanov
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, NY 10019
ptoren@kasowitz.com
lgoodwin@kasowitz.com
mbhattacharyya@kasowitz.com
sstoyanov@kasowitz.com

Josh A. Drevitt
Charles J. Bourdreau
Gibson, Dunn & Crutcher LLP
200 Park Avenue, 47th Floor
New York, New York 10166-0193
jkrevitt@gibsondunn.com
cboudreau@gibsondunn.com


Amanda J. Tessar
Gibson, Dunn & Crutcher LLP
1801 California Street, Suite 4200
Denver, CO 80202-2642
atessar@gibsondunn.com


Matthew D. Powers
Edward R. Reines
Weil Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
matthew.powers@weil.com
edward.reines@weil.com


John Desmarais
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022
jdesmarais@kirkland.com


Mitchell Stockwell
Kilpatrick & Stockton LLP
110 Peachtree Street, N.E.
Suite 2800
Atlanta, GA 30309
MStockwell@KilpatrickStockton.com


Richard Brown
Day Pitney LLP
200 Campus Drive
Florham Park, NJ 07932
rbrown@daypitney.com

David Segal
Gibson, Dunn & Crutcher LLP
3161 Michelson Drive
Irvina, California 92612-4412
dsegal@gibsondunn.com


David S. Benyacar
Daniel L. Reisner
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
dbenyacar@kayescholer.com
dreisner@kayescholer.com


Robert A. Van Nest
Brian L. Ferrall
Daralyn J. Durie
Leo L. Lam
Matthew M. Werdegar
Keker & Van Nest LLP
710 Sansome Street
San Franscisco, CA 94111
rvannest@kvn.com
bferrall@kvn.com
ddurie@kvn.com
llam@kvn.com
mwerdegar@kvn.com


Eric R. Lamison
Kirkland & Ellis LLP
555 California Street, Ste. 2700
San Francisco, CA 94104
elamison@kirkland.com

Bradford P. Lyerla
Kevin D. Hogg
Charles E. Juister
Marshall, Gerstein & Borun LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
blyerla@marshallip.com
khogg@marshallip.com
cjuister@marshallip.com


Jonathan Tropp
Day Pitney LLP
One Canterbury Green
201 Broad Street
Stamford, CT 06901
jbtropp@daypitney.com

Gerald Levy
Day Pitney LLP
7 Times Square
New York, NY 10036
glevy@daypitney.com

By:  _/s/ Rebecca A. Beynon_____
      Rebecca A. Beynon
      rbeynon@khhte.com

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ——————————————————— ) | |
| ) | |
| In re: REMBRANDT TECHNOLOGIES, LP ) | **MDL Docket No. 07-md-1848 (GMS)** |
| PATENT LITIGATION ) | |
| ) | **JURY TRIAL DEMANDED** |
| ) | |
| ——————————————————— ) | |

**PLAINTIFF'S PARTIAL NOTICE OF VIDEOTAPED**
**ORAL DEPOSITION TO DEFENDANTS PURSUANT TO RULE 30(B)(6)**

PLEASE TAKE NOTICE that Plaintiff Rembrandt Technologies, LP ("Plaintiff" or

"Rembrandt") will take the deposition of CSC Holdings, Inc. and Cablevision Systems

Corporation (collectively, "you" or "Cablevision") beginning at 9:00 a.m., in the offices of

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C., 1615 M Street, N.W.,

Suite 400, Washington, D.C. 20036 on August 18, 2008, or at such time and place agreed to by

counsel for the parties.  The deposition will be taken pursuant to Rule 30(b)(6) of the Federal

Rules of Civil Procedure and Rule 30 of the Court's Local Rules before an officer and reporter

authorized to administer oaths.  The deposition will be videotaped and recorded by stenographic

means.

As required by Rule 30(b)(6) of the Federal Rules of Civil Procedure, you shall designate

one or more officers, directors, managing agents, employees, or other sufficiently knowledgeable

persons who consents to testify on your behalf with respect to each of the matters set forth in

Exhibit A attached hereto, and the person(s) so designated shall be required to testify as to each

of those matters known or reasonably available to you.  Please provide notice of the identity of

the witness(es) designated by you to counsel for Rembrandt no later than ten (10) business days

prior to the date on which the deposition shall commence.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 30(b)(2) and Rule 34 of the Federal Rules of Civil Procedure, you are required to produce the documents listed in Exhibit B at or before the noticed deposition herein.  You are further required to produce prior to the deposition any and all information or material previously requested in discovery, but not yet produced.

Rembrandt reserves the right to amend or supplement this notice and these exhibits as more information becomes available to Rembrandt during the course of discovery.

Dated:  August 1, 2008                       Respectfully Submitted,

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

By:  _/s/  Rebecca A. Beynon_____

| | |
|---|---|
| | Mark C. Hansen |
| Collins J. Seitz, Jr. (#2237) | J.C. Rozendaal |
| Francis DiGiovanni (#3189) | Aaron M. Panner |
| James D. Heisman (#2746) | Rebecca A. Beynon |
| Kristen Healey Cramer (#4512) | KELLOGG, HUBER, HANSEN, TODD, EVANS & |
| CONNOLLY BOVE LODGE & HUTZ LLP | FIGEL, P.L.L.C. |
| 1007 N. Orange Street | 1615 M. Street, NW |
| P.O. Box 2207 | Suite 400 |
| Wilmington, Delaware 19899 | Washington, D.C. 20036 |
| (302) 658-9141 | (202) 326-7900 |
| | mhansen@khhte.com |
| Max L. Tribble, Jr. | jrozendaal@khhte.com |
| SUSMAN GODFREY L.L.P. | apanner@khhte.com |
| 1000 Louisiana Street, Suite 5100 | rbeynon@khhte.com |
| Houston, Texas 77002-5096 | |
| (713) 651-9366 | |

Brooke A.M. Taylor
Edgar Sargent
Matthew R. Berry
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
(206) 516-3880

*Attorneys for Rembrandt*

## <u>EXHIBIT A</u>

## <u>DEFINITIONS</u>

The following definitions apply to this Notice of Deposition and are deemed to be incorporated into each subject listed below:

1.      The phrase "relating to" means discussing, describing, referring to, pertaining to, containing, analyzing, studying, reporting on, commenting on, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

2.      The term "document" or "documents" is used in the broadest sense permitted by the Federal Rules of Civil Procedure and means the original (or any copy when originals are not available) and any drafts or non-identical copies thereof, whether different from the original because of interlineation, receipt stamp, notation of copy sent or received or otherwise, of any book, pamphlet, periodical, letter, report, note, memorandum, record, minutes, calendar or diary entry, transcript, study, compilation, patent, patent application, analysis, tabulation, map, diagram, drawing, plan, picture, summary, working paper, chart, paper, graph index, data sheet, data processing card, computer printout, summary of a computer printout, tape, contract, agreement, lease, ledger, journal, balance sheet, account, invoice, purchase order, receipt, billing record, financial data, financial statement, file, diary, film, trip tickets, telex, teletype or other messages, telegram, expense vouchers, instructions, bulletins or any other writing or recording of information, however produced, recorded, maintained or reproduced, including any electronic or mechanical recording of any oral material, within the possession, custody or control of defendant or any of its officers, directors, employees, attorneys, or other agents and/or representatives.

3.      The term "including" shall mean including but not limited to.

4.      The term "person" means natural person, corporation, firm, company, sole proprietorship, partnership, joint venture, association, institute, or other business, legal or governmental entity or association, including any directors, officers, employees, agents or representatives thereof.

5.      The term "communication" (or any variant thereof) means any contact between or among two or more Persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, e-mail, or any other document; the transmittal of information by any means; any oral contact such as face-to-face meetings or telephone conversations; and any writings memorializing such oral contact.

6.      "Thing" means any tangible object other than a Document including, without limitation, objects of every kind and nature, as well as prototypes, models, drafts, or specimens thereof.

7.      As used herein, "the Defendant(s)" means the following entities and their subsidiaries, affiliates, divisions, successors or assignees, and their respective officers, directors, employees, and agents:  Time Warner Cable, Inc., Time Warner Cable LLC, Time Warner New York Cable LLC, Time Warner Entertainment Company, LP, Time Warner Entertainment–Advance/Newhouse Partnership, Comcast Corporation, Comcast Cable Communications, LLC, Charter Communications, Inc., Charter Communications Operating, LLC, Coxcom, Inc., Cox Communications, Inc., Cox Enterprises, Inc., CSC Holdings, Inc., Cablevision Systems Corporation, Adelphia Communications Corporation, Century-TCI California, LP, Century-TCI California Communications, LP, Century-TCI Holdings, LLC, Parnassos, LP, Parnassos Communications, LP, Adelphia Consolidation, LLC, Parnassos Holdings, LLC, Western NY Cablevision, LP, Motorola, Inc., Cisco Systems, Inc., Scientific-Atlanta, Inc., ARRIS Group,

Inc., Thomson, Inc., Ambit Microsystems, Inc., and NETGEAR, Inc.  In the case of Comcast

Corporation, this definition includes, without limitation, Sedna.

8.    As used herein, "Cablevision," "you," or "your" means CSC Holdings, Inc.,

Cablevision Systems Corporation, and their agents, subsidiaries, related entities, affiliated

companies, predecessors, successors, assigns, officers, directors, partners, employees,

representatives (in their individual or representative capacities), affiliates of any kind or nature,

or any person or entity acting on their behalf.

9.    As used herein, "Rembrandt" shall mean Rembrandt Technologies, LP including

without limitation all of its corporate locations, and all predecessors, and affiliates, and all past or

present directors, officers, agents, representatives, employees, consultants, and attorneys.

10.    The terms "and" and "or" shall be construed disjunctively or conjunctively as

necessary to bring within the scope of these requests all documents which might otherwise be

construed to be outside their scope.

11.    The term "all" shall mean any and all, and the term "any" shall mean any and all,

unless the context clearly requires otherwise.

12.    References to the singular shall include the plural, and references to the plural

shall include the singular as may be appropriate or construe the individual topics for examination

in the broadest form.

13.    The masculine form of a noun or pronoun shall be considered to include within its

meaning the feminine form of the noun or pronoun, and vice versa as may be appropriate to

make the individual topics for examination inclusive rather than exclusive.

14.     Any reference to any individual person, either singularly or as a part of a defined group, includes that individual person's employees, agents, successors, assignees, heirs, and representatives.

15.     The term "Patents-in-Suit" shall mean United States patents numbers:  6,131,159; 5,710,761; 5,778,234; 6,950,444; 5,008,903; 4,937,819; 5,719,858; and 5,852,631.

16.     As used herein, the term "CableLabs" shall mean Cable Television Laboratories, Inc. and its agents, subsidiaries, related entities, affiliated companies, predecessors, successors, assigns, officers, directors, partners, employees, representatives (in their individual or representative capacities), affiliates of any kind or nature, or any person or entity acting on their behalf.

17.     The term "cable industry" shall mean entities, including but not limited to the MSO Defendants, that provide "cable services" within the meaning of 47 U.S.C. § 522(6) or that provide to such entities information, products, or services related to the provision of cable services within the meaning of 47 U.S.C. § 522(6).

18.     The term "Accused Products and Services" shall include all of Defendants' services or products that involve in any way a cable modem or the use of a cable modem, including but not limited to providing high speed cable internet services and VoIP services.

19.     The term "DOCSIS" shall refer to the commonly known industry specifications referred to as DOCSIS 1.0, DOCSIS 1.1, DOCSIS 2.0, and DOCSIS 3.0.

20.     "DOCSIS-Compliant Devices" include cable modems or cable modem termination systems that comply with any of the DOCSIS 1.0, 1.1,  2.0, or 3.0 specifications, manufactured, sold, leased, offered for sale or used by the Defendants.

21.    As used herein, "Rembrandt multi-district litigation" means the litigation styled *In re Rembrandt Technologies, LP Patent Litig.*, MDL Docket No. 07-md-1848 (D. Del.), and the cases of which the multi-district litigation is comprised, including: *Rembrandt Technologies, LP v. Cablevision Systems Corp. et al.*, Civil Action No. 1:06-635 (D. Del.); *Coxcom, Inc. v. Rembrandt Technologies, LP*, C.A. No. 1:06-721 (D. Del.); *Rembrandt Technologies, LP v. CBS Corp.*, C.A. No. 1:06-727 (D. Del.); *Rembrandt Technologies, LP v. NBC Universal, Inc.*, C.A. No. 1:06-730 (D. Del.); *Rembrandt Technologies, LP v. ABC, Inc.*, C.A. No. 1:06-730 (D. Del.); *Rembrandt Technologies, LP v. Fox Entertainment Group, Inc., et al.*, C.A. No. 1:06-731 (D. Del.); *Rembrandt Technologies, LP v. Adelphia Communications Corp., et al.*, Bky. Advy. No. 1:06-1739 (Bankr. SDNY); *Rembrandt Technologies, LP v. Adelphia Communications Corp.*, C.A. No. 1:07-214 (SDNY); *Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:05-443 (E.D. Tex.); *Rembrandt Technologies, LP v. Sharp Corp., et al.*, C.A. No. 2:06-47 (E.D. Tex.); *Rembrandt Technologies, LP v. Charter Communications, Inc. et al.*, C.A. No. 2:06-223 (E.D. Tex.); *Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-224 (E.D. Tex.); *Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-369 (E.D. Tex.); *Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:06-506 (E.D. Tex.); *Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, C.A. No. 2:06-507 (E.D. Tex.).

22.    "Related Action" means each case of which the multi-district litigation is comprised (see ¶ 15 above), as well as *Rembrandt Technologies, LP v. Harris Corp.*, C.A. No. 07C-09-059-JRS (Del. Super. Ct.) and *Motorola, Inc., et al. v. Rembrandt Technologies, LP*, C.A. No. 07-752 (D. Del.).

## TOPICS FOR EXAMINATION

1.      When and how Cablevision first became aware of each of the Patents-in-Suit.

2.      Who within Cablevision first became aware of each of the Patents-in-Suit.

3.      What investigation, if any, Cablevision conducted after becoming aware of any of the Patents-in-Suit to determine whether said patent(s) was valid, infringed, enforceable, or licensed.

4.      Any analysis, opinion, or inquiry regarding potential infringement of the claims in each of the Patents-in-Suit, including, but not limited to any pre-litigation and post-commencement-of-litigation investigations performed by or on behalf of you, your partners, your licensors, your customers, your resellers, and/or your affiliates, related to the potential infringement by any products or systems made, used, offered for sale, and/or sold by you, your partners, your licensors, your customers, you resellers, and/or your affiliates.

5.      Efforts by Cablevision to design any products around the Patents-in-Suit.

6.      Cablevision's policies and/or customs, whether in writing or oral, on investigating or refraining from investigating whether Cablevision's products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

7.      Cablevision's communications, whether internal or external, regarding whether to investigate if the Accused Products and Services infringed any patents owned by a third party.

8.      Cablevision's communications, whether internal or external, regarding each of the Patents-in-Suit after Cablevision became aware of them.

9.      Cablevision's investigations into whether Cablevision's products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

10.    The role of Sedna Services LLC in investigating whether Cablevision's products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

11.    Cablevision's understanding of the custom or practice in its industry to investigate whether products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

## **EXHIBIT B**

1.      All documents and things considered, reviewed, or prepared by Cablevision in the course of preparing for the 30(b)(6) deposition on the subjects listed above in Exhibit A.

## CERTIFICATE OF SERVICE

I, Rebecca A. Beynon, hereby certify that on the first day of August, 2008, a true copy of

the foregoing **Notice of Videotaped Oral Deposition to Cablevision Pursuant to Rule**

**30(b)(6)** to be served upon the following in the manner indicated:

## BY E-MAIL

Jack B. Blumenfield
Karen Jacobs Louden
Rodger D. Smith II
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
jblumenfeld@mnat.com
klouden@mnat.com
rsmith@mnat.com

John W. Shaw
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
jshaw@ycst.com

Richard D. Kirk
Scott G. Wilcox
Stephen B. Brauerman
Bayard, PA
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899
rkirk@bayardlaw.com
swilcox@bayardlaw.com
sbrauerman@bayardlaw.com

Richard K. Hermann
Mary B. Matterer
Amy Arnott Quinlan
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
rherrman@morrisjames.com

Fredrick L. Cottrell, III
Kelly E. Farnan
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
cottrell@rlf.com
farnan@rlf.com

Peter J. Toren
Lawrence B. Goodwin
Monica V. Bhattacharyya
Stefan R. Stoyanov
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, NY 10019
ptoren@kasowitz.com
lgoodwin@kasowitz.com
mbhattacharyya@kasowitz.com
sstoyanov@kasowitz.com

Josh A. Drevitt
Charles J. Bourdreau
Gibson, Dunn & Crutcher LLP
200 Park Avenue, 47th Floor
New York, New York 10166-0193
jkrevitt@gibsondunn.com
cboudreau@gibsondunn.com

Amanda J. Tessar
Gibson, Dunn & Crutcher LLP
1801 California Street, Suite 4200
Denver, CO 80202-2642
atessar@gibsondunn.com

Matthew D. Powers
Edward R. Reines
Weil Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
matthew.powers@weil.com
edward.reines@weil.com

John Desmarais
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022
jdesmarais@kirkland.com

Mitchell Stockwell
Kilpatrick & Stockton LLP
110 Peachtree Street, N.E.
Suite 2800
Atlanta, GA 30309
MStockwell@KilpatrickStockton.com

Richard Brown
Day Pitney LLP
200 Campus Drive
Florham Park, NJ 07932
rbrown@daypitney.com

David Segal
Gibson, Dunn & Crutcher LLP
3161 Michelson Drive
Irvina, California 92612-4412
dsegal@gibsondunn.com

David S. Benyacar
Daniel L. Reisner
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
dbenyacar@kayescholer.com
dreisner@kayescholer.com

Robert A. Van Nest
Brian L. Ferrall
Daralyn J. Durie
Leo L. Lam
Matthew M. Werdegar
Keker & Van Nest LLP
710 Sansome Street
San Franscisco, CA 94111
rvannest@kvn.com
bferrall@kvn.com
ddurie@kvn.com
llam@kvn.com
mwerdegar@kvn.com

Eric R. Lamison
Kirkland & Ellis LLP
555 California Street, Ste. 2700
San Francisco, CA 94104
elamison@kirkland.com

Bradford P. Lyerla
Kevin D. Hogg
Charles E. Juister
Marshall, Gerstein & Borun LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
blyerla@marshallip.com
khogg@marshallip.com
cjuister@marshallip.com


Jonathan Tropp
Day Pitney LLP
One Canterbury Green
201 Broad Street
Stamford, CT 06901
jbtropp@daypitney.com

Gerald Levy
Day Pitney LLP
7 Times Square
New York, NY 10036
glevy@daypitney.com

By:   _/s/ Rebecca A. Beynon_____
        Rebecca A. Beynon
        rbeynon@khhte.com

14

# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| _____ | ) | |
| | ) | |
| In re: REMBRANDT TECHNOLOGIES, LP | ) | **MDL Docket No. 07-md-1848 (GMS)** |
| PATENT LITIGATION | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| _____ | ) | |

**PLAINTIFF'S PARTIAL NOTICE OF VIDEOTAPED
<u>ORAL DEPOSITION TO DEFENDANTS PURSUANT TO RULE 30(B)(6)</u>**

PLEASE TAKE NOTICE that Plaintiff Rembrandt Technologies, LP ("Plaintiff" or

"Rembrandt") will take the deposition of Charter Communications, Inc. and Charter

Communications Operating, LLC (collectively, "you" or "Charter Communications") beginning

at 9:00 a.m., in the offices of KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL,

P.L.L.C., 1615 M Street, N.W., Suite 400, Washington, D.C. 20036 on August 18, 2008, or at

such time and place agreed to by counsel for the parties.  The deposition will be taken pursuant

to Rule 30(b)(6) of the Federal Rules of Civil Procedure and Rule 30 of the Court's Local Rules

before an officer and reporter authorized to administer oaths.  The deposition will be videotaped

and recorded by stenographic means.

As required by Rule 30(b)(6) of the Federal Rules of Civil Procedure, you shall designate

one or more officers, directors, managing agents, employees, or other sufficiently knowledgeable

persons who consents to testify on your behalf with respect to each of the matters set forth in

Exhibit A attached hereto, and the person(s) so designated shall be required to testify as to each

of those matters known or reasonably available to you.  Please provide notice of the identity of

the witness(es) designated by you to counsel for Rembrandt no later than ten (10) business days

prior to the date on which the deposition shall commence.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 30(b)(2) and Rule 34 of the Federal Rules of Civil Procedure, you are required to produce the documents listed in Exhibit B at or before the noticed deposition herein.  You are further required to produce prior to the deposition any and all information or material previously requested in discovery, but not yet produced.

Rembrandt reserves the right to amend or supplement this notice and these exhibits as more information becomes available to Rembrandt during the course of discovery.

Dated:  August 1, 2008                    Respectfully Submitted,

                         Kɛʟʟᴏɢɢ, Hᴜʙᴇʀ, Hᴀɴsᴇɴ, Tᴏᴅᴅ, Eᴠᴀɴs & Fɪɢᴇʟ, P.L.L.C.


                        By:  _/s/  Rebecca A. Beynon_____
                             Mark C. Hansen

Collins J. Seitz, Jr. (#2237)                    J.C. Rozendaal
Francis DiGiovanni (#3189)                    Aaron M. Panner
James D. Heisman (#2746)                    Rebecca A. Beynon
Kristen Healey Cramer (#4512)                    Kɛʟʟᴏɢɢ, Hᴜʙᴇʀ, Hᴀɴsᴇɴ, Tᴏᴅᴅ, Eᴠᴀɴs &
Cᴏɴɴᴏʟʟʏ ʙᴏᴠᴇ ʟᴏᴅɢᴇ & Hᴜᴛᴢ LLP                    Fɪɢᴇʟ, P.L.L.C.
1007 N. Orange Street                    1615 M. Street, NW
P.O. Box 2207                    Suite 400
Wilmington, Delaware 19899                    Washington, D.C. 20036
(302) 658-9141                    (202) 326-7900
                             mhansen@khhte.com
Max L. Tribble, Jr.                    jrozendaal@khhte.com
Sᴜsᴍᴀɴ Gᴏᴅғʀᴇʏ L.L.P.                    apanner@khhte.com
1000 Louisiana Street, Suite 5100                    rbeynon@khhte.com
Houston, Texas 77002-5096
(713) 651-9366

Brooke A.M. Taylor
Edgar Sargent
Matthew R. Berry
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
(206) 516-3880

*Attorneys for Rembrandt*

# EXHIBIT A

# DEFINITIONS

The following definitions apply to this Notice of Deposition and are deemed to be incorporated into each subject listed below:

1.    The phrase "relating to" means discussing, describing, referring to, pertaining to, containing, analyzing, studying, reporting on, commenting on, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

2.    The term "document" or "documents" is used in the broadest sense permitted by the Federal Rules of Civil Procedure and means the original (or any copy when originals are not available) and any drafts or non-identical copies thereof, whether different from the original because of interlineation, receipt stamp, notation of copy sent or received or otherwise, of any book, pamphlet, periodical, letter, report, note, memorandum, record, minutes, calendar or diary entry, transcript, study, compilation, patent, patent application, analysis, tabulation, map, diagram, drawing, plan, picture, summary, working paper, chart, paper, graph index, data sheet, data processing card, computer printout, summary of a computer printout, tape, contract, agreement, lease, ledger, journal, balance sheet, account, invoice, purchase order, receipt, billing record, financial data, financial statement, file, diary, film, trip tickets, telex, teletype or other messages, telegram, expense vouchers, instructions, bulletins or any other writing or recording of information, however produced, recorded, maintained or reproduced, including any electronic or mechanical recording of any oral material, within the possession, custody or control of defendant or any of its officers, directors, employees, attorneys, or other agents and/or representatives.

3.    The term "including" shall mean including but not limited to.

4

4.      The term "person" means natural person, corporation, firm, company, sole proprietorship, partnership, joint venture, association, institute, or other business, legal or governmental entity or association, including any directors, officers, employees, agents or representatives thereof.

5.      The term "communication" (or any variant thereof) means any contact between or among two or more Persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, e-mail, or any other document; the transmittal of information by any means; any oral contact such as face-to-face meetings or telephone conversations; and any writings memorializing such oral contact.

6.      "Thing" means any tangible object other than a Document including, without limitation, objects of every kind and nature, as well as prototypes, models, drafts, or specimens thereof.

7.      As used herein, "the Defendant(s)" means the following entities and their subsidiaries, affiliates, divisions, successors or assignees, and their respective officers, directors, employees, and agents: Time Warner Cable, Inc., Time Warner Cable LLC, Time Warner New York Cable LLC, Time Warner Entertainment Company, LP, Time Warner Entertainment– Advance/Newhouse Partnership, Comcast Corporation, Comcast Cable Communications, LLC, Charter Communications, Inc., Charter Communications Operating, LLC, Coxcom, Inc., Cox Communications, Inc., Cox Enterprises, Inc., CSC Holdings, Inc., Cablevision Systems Corporation, Adelphia Communications Corporation, Century-TCI California, LP, Century-TCI California Communications, LP, Century-TCI Holdings, LLC, Parnassos, LP, Parnassos Communications, LP, Adelphia Consolidation, LLC, Parnassos Holdings, LLC, Western NY Cablevision, LP, Motorola, Inc., Cisco Systems, Inc., Scientific-Atlanta, Inc., ARRIS Group,

Inc., Thomson, Inc., Ambit Microsystems, Inc., and NETGEAR, Inc.  In the case of Comcast

Corporation, this definition includes, without limitation, Sedna.

8.      As used herein, "Charter Communications," "you," or "your" means Charter

Communications, Inc. and Charter Communications Operating, LLC and their agents,

subsidiaries, related entities, affiliated companies, predecessors, successors, assigns, officers,

directors, partners, employees, representatives (in their individual or representative capacities),

affiliates of any kind or nature, or any person or entity acting on their behalf.

9.      As used herein, "Rembrandt" shall mean Rembrandt Technologies, LP including

without limitation all of its corporate locations, and all predecessors, and affiliates, and all past or

present directors, officers, agents, representatives, employees, consultants, and attorneys.

10.     The terms "and" and "or" shall be construed disjunctively or conjunctively as

necessary to bring within the scope of these requests all documents which might otherwise be

construed to be outside their scope.

11.     The term "all" shall mean any and all, and the term "any" shall mean any and all,

unless the context clearly requires otherwise.

12.     References to the singular shall include the plural, and references to the plural

shall include the singular as may be appropriate or construe the individual topics for examination

in the broadest form.

13.     The masculine form of a noun or pronoun shall be considered to include within its

meaning the feminine form of the noun or pronoun, and vice versa as may be appropriate to

make the individual topics for examination inclusive rather than exclusive.

14.     Any reference to any individual person, either singularly or as a part of a defined group, includes that individual person's employees, agents, successors, assignees, heirs, and representatives.

15.     The term "Patents-in-Suit" shall mean United States patents numbers:  6,131,159; 5,710,761; 5,778,234; 6,950,444; 5,008,903; 4,937,819; 5,719,858; and 5,852,631.

16.     As used herein, the term "CableLabs" shall mean Cable Television Laboratories, Inc. and its agents, subsidiaries, related entities, affiliated companies, predecessors, successors, assigns, officers, directors, partners, employees, representatives (in their individual or representative capacities), affiliates of any kind or nature, or any person or entity acting on their behalf.

17.     The term "cable industry" shall mean entities, including but not limited to the MSO Defendants, that provide "cable services" within the meaning of 47 U.S.C. § 522(6) or that provide to such entities information, products, or services related to the provision of cable services within the meaning of 47 U.S.C. § 522(6).

18.     The term "Accused Products and Services" shall include all of Defendants' services or products that involve in any way a cable modem or the use of a cable modem, including but not limited to providing high speed cable internet services and VoIP services.

19.     The term "DOCSIS" shall refer to the commonly known industry specifications referred to as DOCSIS 1.0, DOCSIS 1.1, DOCSIS 2.0, and DOCSIS 3.0.

20.     "DOCSIS-Compliant Devices" include cable modems or cable modem termination systems that comply with any of the DOCSIS 1.0, 1.1,  2.0, or 3.0 specifications, manufactured, sold, leased, offered for sale or used by the Defendants.

21.    As used herein, "Rembrandt multi-district litigation" means the litigation styled *In re Rembrandt Technologies, LP Patent Litig.*, MDL Docket No. 07-md-1848 (D. Del.), and the cases of which the multi-district litigation is comprised, including: *Rembrandt Technologies, LP v. Cablevision Systems Corp. et al.*, Civil Action No. 1:06-635 (D. Del.); *Coxcom, Inc. v. Rembrandt Technologies, LP*, C.A. No. 1:06-721 (D. Del.); *Rembrandt Technologies, LP v. CBS Corp.*, C.A. No. 1:06-727 (D. Del.); *Rembrandt Technologies, LP v. NBC Universal, Inc.*, C.A. No. 1:06-730 (D. Del.); *Rembrandt Technologies, LP v. ABC, Inc.*, C.A. No. 1:06-730 (D. Del.); *Rembrandt Technologies, LP v. Fox Entertainment Group, Inc., et al.*, C.A. No. 1:06-731 (D. Del.); *Rembrandt Technologies, LP v. Adelphia Communications Corp., et al.*, Bky. Advy. No. 1:06-1739 (Bankr. SDNY); *Rembrandt Technologies, LP v. Adelphia Communications Corp.*, C.A. No. 1:07-214 (SDNY); *Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:05-443 (E.D. Tex.); *Rembrandt Technologies, LP v. Sharp Corp., et al.*, C.A. No. 2:06-47 (E.D. Tex.); *Rembrandt Technologies, LP v. Charter Communications, Inc. et al.*, C.A. No. 2:06-223 (E.D. Tex.); *Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-224 (E.D. Tex.); *Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-369 (E.D. Tex.); *Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:06-506 (E.D. Tex.); *Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, C.A. No. 2:06-507 (E.D. Tex.).

22.    "Related Action" means each case of which the multi-district litigation is comprised (see ¶ 15 above), as well as *Rembrandt Technologies, LP v. Harris Corp.*, C.A. No. 07C-09-059-JRS (Del. Super. Ct.) and *Motorola, Inc., et al. v. Rembrandt Technologies, LP*, C.A. No. 07-752 (D. Del.).

## **TOPICS FOR EXAMINATION**

1.     When and how Charter Communications first became aware of each of the Patents-in-Suit.

2.     Who within Charter Communications first became aware of each of the Patents-in-Suit.

3.     What investigation, if any, Charter Communications conducted after becoming aware of any of the Patents-in-Suit to determine whether said patent(s) was valid, infringed, enforceable, or licensed.

4.     Any analysis, opinion, or inquiry regarding potential infringement of the claims in each of the Patents-in-Suit, including, but not limited to any pre-litigation and post-commencement-of-litigation investigations performed by or on behalf of you, your partners, your licensors, your customers, your resellers, and/or your affiliates, related to the potential infringement by any products or systems made, used, offered for sale, and/or sold by you, your partners, your licensors, your customers, you resellers, and/or your affiliates.

5.     Efforts by Charter Communications to design any products around the Patents-in-Suit.

6.     Charter Communications' policies and/or customs, whether in writing or oral, on investigating or refraining from investigating whether Charter Communications' products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

7.     Charter Communications' communications, whether internal or external, regarding whether to investigate if the Accused Products and Services infringed any patents owned by a third party.

8.     Charter Communications' communications, whether internal or external, regarding each of the Patents-in-Suit after Charter Communications became aware of them.

9.     Charter Communications' investigations into whether Charter Communications' products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

10.     The role of Sedna Services LLC in investigating whether Charter Communications' products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

11.     Charter Communications' understanding of the custom or practice in its industry to investigate whether products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

**<u>EXHIBIT B</u>**

1.      All documents and things considered, reviewed, or prepared by Charter

Communications in the course of preparing for the 30(b)(6) deposition on the subjects listed

above in Exhibit A.

## CERTIFICATE OF SERVICE

I, Rebecca A. Beynon, hereby certify that on the first day of August, 2008, a true copy of

the foregoing **Notice of Videotaped Oral Deposition to Charter Communications Pursuant**

**to Rule 30(b)(6)** to be served upon the following in the manner indicated:

## BY E-MAIL

Jack B. Blumenfield
Karen Jacobs Louden
Rodger D. Smith II
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
jblumenfeld@mnat.com
klouden@mnat.com
rsmith@mnat.com


Richard K. Hermann
Mary B. Matterer
Amy Arnott Quinlan
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
rherrman@morrisjames.com


Fredrick L. Cottrell, III
Kelly E. Farnan
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
cottrell@rlf.com
farnan@rlf.com

John W. Shaw
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
jshaw@ycst.com


Richard D. Kirk
Scott G. Wilcox
Stephen B. Brauerman
Bayard, PA
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899
rkirk@bayardlaw.com
swilcox@bayardlaw.com
sbrauerman@bayardlaw.com


Peter J. Toren
Lawrence B. Goodwin
Monica V. Bhattacharyya
Stefan R. Stoyanov
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, NY 10019
ptoren@kasowitz.com
lgoodwin@kasowitz.com
mbhattacharyya@kasowitz.com
sstoyanov@kasowitz.com

Josh A. Drevitt
Charles J. Bourdreau
Gibson, Dunn & Crutcher LLP
200 Park Avenue, 47th Floor
New York, New York 10166-0193
jkrevitt@gibsondunn.com
cboudreau@gibsondunn.com

Amanda J. Tessar
Gibson, Dunn & Crutcher LLP
1801 California Street, Suite 4200
Denver, CO 80202-2642
atessar@gibsondunn.com

Matthew D. Powers
Edward R. Reines
Weil Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
matthew.powers@weil.com
edward.reines@weil.com

John Desmarais
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022
jdesmarais@kirkland.com

Mitchell Stockwell
Kilpatrick & Stockton LLP
110 Peachtree Street, N.E.
Suite 2800
Atlanta, GA 30309
MStockwell@KilpatrickStockton.com

Richard Brown
Day Pitney LLP
200 Campus Drive
Florham Park, NJ 07932
rbrown@daypitney.com

David Segal
Gibson, Dunn & Crutcher LLP
3161 Michelson Drive
Irvina, California 92612-4412
dsegal@gibsondunn.com

David S. Benyacar
Daniel L. Reisner
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
dbenyacar@kayescholer.com
dreisner@kayescholer.com

Robert A. Van Nest
Brian L. Ferrall
Daralyn J. Durie
Leo L. Lam
Matthew M. Werdegar
Keker & Van Nest LLP
710 Sansome Street
San Franscisco, CA 94111
rvannest@kvn.com
bferrall@kvn.com
ddurie@kvn.com
llam@kvn.com
mwerdegar@kvn.com

Eric R. Lamison
Kirkland & Ellis LLP
555 California Street, Ste. 2700
San Francisco, CA 94104
elamison@kirkland.com

Bradford P. Lyerla
Kevin D. Hogg
Charles E. Juister
Marshall, Gerstein & Borun LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
blyerla@marshallip.com
khogg@marshallip.com
cjuister@marshallip.com

Gerald Levy
Day Pitney LLP
7 Times Square
New York, NY 10036
glevy@daypitney.com

Jonathan Tropp
Day Pitney LLP
One Canterbury Green
201 Broad Street
Stamford, CT 06901
jbtropp@daypitney.com

By:  _/s/ Rebecca A. Beynon_____
      Rebecca A. Beynon
      rbeynon@khhte.com

# EXHIBIT F

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

———————————————————————— )
                                                                      )
                                                                      )
In re: REMBRANDT TECHNOLOGIES, LP      )    **MDL Docket No. 07-md-1848 (GMS)**
PATENT LITIGATION                                      )
                                                                      )    **JURY TRIAL DEMANDED**
                                                                      )
———————————————————————— )

**PLAINTIFF'S PARTIAL NOTICE OF VIDEOTAPED
<u>ORAL DEPOSITION TO DEFENDANTS PURSUANT TO RULE 30(B)(6)</u>**

PLEASE TAKE NOTICE that Plaintiff Rembrandt Technologies, LP ("Plaintiff" or

"Rembrandt") will take the deposition of Cisco Systems, Inc. ("you" or "Cisco**"**) beginning at

9:00 a.m., in the offices of KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL,

P.L.L.C., 1615 M Street, N.W., Suite 400, Washington, D.C. 20036 on August 18, 2008, or at

such time and place agreed to by counsel for the parties.  The deposition will be taken pursuant

to Rule 30(b)(6) of the Federal Rules of Civil Procedure and Rule 30 of the Court's Local Rules

before an officer and reporter authorized to administer oaths.  The deposition will be videotaped

and recorded by stenographic means.

As required by Rule 30(b)(6) of the Federal Rules of Civil Procedure, you shall designate

one or more officers, directors, managing agents, employees, or other sufficiently knowledgeable

persons who consents to testify on your behalf with respect to each of the matters set forth in

Exhibit A attached hereto, and the person(s) so designated shall be required to testify as to each

of those matters known or reasonably available to you.  Please provide notice of the identity of

the witness(es) designated by you to counsel for Rembrandt no later than ten (10) business days

prior to the date on which the deposition shall commence.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 30(b)(2) and Rule 34 of the Federal Rules of Civil Procedure, you are required to produce the documents listed in Exhibit B at or before the noticed deposition herein.  You are further required to produce prior to the deposition any and all information or material previously requested in discovery, but not yet produced.

Rembrandt reserves the right to amend or supplement this notice and these exhibits as more information becomes available to Rembrandt during the course of discovery.

Dated:  August 1, 2008                                    Respectfully Submitted,

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

By:  _/s/  Rebecca A. Beynon_____

Collins J. Seitz, Jr. (#2237)                          Mark C. Hansen
Francis DiGiovanni (#3189)                      J.C. Rozendaal
James D. Heisman (#2746)                       Aaron M. Panner
Kristen Healey Cramer (#4512)                Rebecca A. Beynon
CONNOLLY BOVE LODGE & HUTZ LLP          KELLOGG, HUBER, HANSEN, TODD, EVANS &
1007 N. Orange Street                                FIGEL, P.L.L.C.
P.O. Box 2207                                             1615 M. Street, NW
Wilmington, Delaware 19899                   Suite 400
(302) 658-9141                                           Washington, D.C. 20036
                                                                  (202) 326-7900
                                                                  mhansen@khhte.com
Max L. Tribble, Jr.                                       jrozendaal@khhte.com
SUSMAN GODFREY L.L.P.                             apanner@khhte.com
1000 Louisiana Street, Suite 5100             rbeynon@khhte.com
Houston, Texas 77002-5096
(713) 651-9366

Brooke A.M. Taylor
Edgar Sargent
Matthew R. Berry
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
(206) 516-3880

                                                                  *Attorneys for Rembrandt*

# EXHIBIT A

## DEFINITIONS

The following definitions apply to this Notice of Deposition and are deemed to be incorporated into each subject listed below:

1.      The phrase "relating to" means discussing, describing, referring to, pertaining to, containing, analyzing, studying, reporting on, commenting on, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

2.      The term "document" or "documents" is used in the broadest sense permitted by the Federal Rules of Civil Procedure and means the original (or any copy when originals are not available) and any drafts or non-identical copies thereof, whether different from the original because of interlineation, receipt stamp, notation of copy sent or received or otherwise, of any book, pamphlet, periodical, letter, report, note, memorandum, record, minutes, calendar or diary entry, transcript, study, compilation, patent, patent application, analysis, tabulation, map, diagram, drawing, plan, picture, summary, working paper, chart, paper, graph index, data sheet, data processing card, computer printout, summary of a computer printout, tape, contract, agreement, lease, ledger, journal, balance sheet, account, invoice, purchase order, receipt, billing record, financial data, financial statement, file, diary, film, trip tickets, telex, teletype or other messages, telegram, expense vouchers, instructions, bulletins or any other writing or recording of information, however produced, recorded, maintained or reproduced, including any electronic or mechanical recording of any oral material, within the possession, custody or control of defendant or any of its officers, directors, employees, attorneys, or other agents and/or representatives.

3.      The term "including" shall mean including but not limited to.

4.      The term "person" means natural person, corporation, firm, company, sole proprietorship, partnership, joint venture, association, institute, or other business, legal or governmental entity or association, including any directors, officers, employees, agents or representatives thereof.

5.      The term "communication" (or any variant thereof) means any contact between or among two or more Persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, e-mail, or any other document; the transmittal of information by any means; any oral contact such as face-to-face meetings or telephone conversations; and any writings memorializing such oral contact.

6.      "Thing" means any tangible object other than a Document including, without limitation, objects of every kind and nature, as well as prototypes, models, drafts, or specimens thereof.

7.      As used herein, "the Defendant(s)" means the following entities and their subsidiaries, affiliates, divisions, successors or assignees, and their respective officers, directors, employees, and agents:  Time Warner Cable, Inc., Time Warner Cable LLC, Time Warner New York Cable LLC, Time Warner Entertainment Company, LP, Time Warner Entertainment– Advance/Newhouse Partnership, Comcast Corporation, Comcast Cable Communications, LLC, Charter Communications, Inc., Charter Communications Operating, LLC, Coxcom, Inc., Cox Communications, Inc., Cox Enterprises, Inc., CSC Holdings, Inc., Cablevision Systems Corporation, Adelphia Communications Corporation, Century-TCI California, LP, Century-TCI California Communications, LP, Century-TCI Holdings, LLC, Parnassos, LP, Parnassos Communications, LP, Adelphia Consolidation, LLC, Parnassos Holdings, LLC, Western NY Cablevision, LP, Motorola, Inc., Cisco Systems, Inc., Scientific-Atlanta, Inc., ARRIS Group,

Inc., Thomson, Inc., Ambit Microsystems, Inc., and NETGEAR, Inc. In the case of Comcast Corporation, this definition includes, without limitation, Sedna.

8.      As used herein, "Cisco," "you," or "your" means Cisco Systems, Inc. and its agents, subsidiaries, related entities, affiliated companies, predecessors, successors, assigns, officers, directors, partners, employees, representatives (in their individual or representative capacities), affiliates of any kind or nature, or any person or entity acting on their behalf.

9.      As used herein, "Rembrandt" shall mean Rembrandt Technologies, LP including without limitation all of its corporate locations, and all predecessors, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, and attorneys.

10.     The terms "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of these requests all documents which might otherwise be construed to be outside their scope.

11.     The term "all" shall mean any and all, and the term "any" shall mean any and all, unless the context clearly requires otherwise.

12.     References to the singular shall include the plural, and references to the plural shall include the singular as may be appropriate or construe the individual topics for examination in the broadest form.

13.     The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa as may be appropriate to make the individual topics for examination inclusive rather than exclusive.

14.     Any reference to any individual person, either singularly or as a part of a defined group, includes that individual person's employees, agents, successors, assignees, heirs, and representatives.

15.    The term "Patents-in-Suit" shall mean United States patents numbers:  6,131,159; 5,710,761; 5,778,234; 6,950,444; 5,008,903; 4,937,819; 5,719,858; and 5,852,631.

16.    As used herein, the term "CableLabs" shall mean Cable Television Laboratories, Inc. and its agents, subsidiaries, related entities, affiliated companies, predecessors, successors, assigns, officers, directors, partners, employees, representatives (in their individual or representative capacities), affiliates of any kind or nature, or any person or entity acting on their behalf.

17.    The term "cable industry" shall mean entities, including but not limited to the MSO Defendants, that provide "cable services" within the meaning of 47 U.S.C. § 522(6) or that provide to such entities information, products, or services related to the provision of cable services within the meaning of 47 U.S.C. § 522(6).

18.    The term "Accused Products and Services" shall include all of Defendants' services or products that involve in any way a cable modem or the use of a cable modem, including but not limited to providing high speed cable internet services and VoIP services.

19.    The term "DOCSIS" shall refer to the commonly known industry specifications referred to as DOCSIS 1.0, DOCSIS 1.1, DOCSIS 2.0, and DOCSIS 3.0.

20.    "DOCSIS-Compliant Devices" include cable modems or cable modem termination systems that comply with any of the DOCSIS 1.0, 1.1,  2.0, or 3.0 specifications, manufactured, sold, leased, offered for sale or used by the Defendants.

21.    As used herein, "Rembrandt multi-district litigation" means the litigation styled *In re Rembrandt Technologies, LP Patent Litig.*, MDL Docket No. 07-md-1848 (D. Del.), and the cases of which the multi-district litigation is comprised, including: *Rembrandt Technologies, LP v. Cablevision Systems Corp. et al.*, Civil Action No. 1:06-635 (D. Del.); *Coxcom, Inc. v.*

*Rembrandt Technologies, LP*, C.A. No. 1:06-721 (D. Del.); *Rembrandt Technologies, LP v. CBS Corp.*, C.A. No. 1:06-727 (D. Del.); *Rembrandt Technologies, LP v. NBC Universal, Inc.*, C.A. No. 1:06-730 (D. Del.); *Rembrandt Technologies, LP v. ABC, Inc.*, C.A. No. 1:06-730 (D. Del.); *Rembrandt Technologies, LP v. Fox Entertainment Group, Inc., et al.*, C.A. No. 1:06-731 (D. Del.); *Rembrandt Technologies, LP v. Adelphia Communications Corp., et al.*, Bky. Advy. No. 1:06-1739 (Bankr. SDNY); *Rembrandt Technologies, LP v. Adelphia Communications Corp.*, C.A. No. 1:07-214 (SDNY); *Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:05-443 (E.D. Tex.); *Rembrandt Technologies, LP v. Sharp Corp., et al.*, C.A. No. 2:06-47 (E.D. Tex.); *Rembrandt Technologies, LP v. Charter Communications, Inc. et al.*, C.A. No. 2:06-223 (E.D. Tex.); *Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-224 (E.D. Tex.); *Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-369 (E.D. Tex.); *Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:06-506 (E.D. Tex.); *Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, C.A. No. 2:06-507 (E.D. Tex.).

22.    "Related Action" means each case of which the multi-district litigation is comprised (see ¶ 15 above), as well as *Rembrandt Technologies, LP v. Harris Corp.*, C.A. No. 07C-09-059-JRS (Del. Super. Ct.) and *Motorola, Inc., et al. v. Rembrandt Technologies, LP*, C.A. No. 07-752 (D. Del.).

## TOPICS FOR EXAMINATION

1.    When and how Cisco first became aware of each of the Patents-in-Suit.

2.    Who within Cisco first became aware of each of the Patents-in-Suit.

3.      What investigation, if any, Cisco conducted after becoming aware of any of the Patents-in-Suit to determine whether said patent(s) was valid, infringed, enforceable, or licensed.

4.      Any analysis, opinion, or inquiry regarding potential infringement of the claims in each of the Patents-in-Suit, including, but not limited to any pre-litigation and post-commencement-of-litigation investigations performed by or on behalf of you, your partners, your licensors, your customers, your resellers, and/or your affiliates, related to the potential infringement by any products or systems made, used, offered for sale, and/or sold by you, your partners, your licensors, your customers, you resellers, and/or your affiliates.

5.      Efforts by Cisco to design any products around the Patents-in-Suit.

6.      Cisco's policies and/or customs, whether in writing or oral, on investigating or refraining from investigating whether Cisco's products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

7.      Cisco's communications, whether internal or external, regarding whether to investigate if the Accused Products and Services infringed any patents owned by a third party.

8.      Cisco's communications, whether internal or external, regarding each of the Patents-in-Suit after Cisco became aware of them.

9.      Cisco's investigations into whether Cisco's products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

10.     The role of Sedna Services LLC in investigating whether Cisco's products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

11.     Cisco's understanding of the custom or practice in its industry to investigate whether products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

## **EXHIBIT B**

1.      All documents and things considered, reviewed, or prepared by Cisco in the

course of preparing for the 30(b)(6) deposition on the subjects listed above in Exhibit A.

<u>**CERTIFICATE OF SERVICE**</u>

I, Rebecca A. Beynon, hereby certify that on the first day of August, 2008, a true copy of

the foregoing **Notice of Videotaped Oral Deposition to Cisco Pursuant to Rule 30(b)(6)** to be

served upon the following in the manner indicated:

<u>**BY E-MAIL**</u>

Jack B. Blumenfield
Karen Jacobs Louden
Rodger D. Smith II
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@mnat.com
klouden@mnat.com
rsmith@mnat.com


Richard K. Hermann
Mary B. Matterer
Amy Arnott Quinlan
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
rherrman@morrisjames.com


Fredrick L. Cottrell, III
Kelly E. Farnan
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
cottrell@rlf.com
farnan@rlf.com

John W. Shaw
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
jshaw@ycst.com


Richard D. Kirk
Scott G. Wilcox
Stephen B. Brauerman
Bayard, PA
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
rkirk@bayardlaw.com
swilcox@bayardlaw.com
sbrauerman@bayardlaw.com


Peter J. Toren
Lawrence B. Goodwin
Monica V. Bhattacharyya
Stefan R. Stoyanov
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, NY 10019
ptoren@kasowitz.com
lgoodwin@kasowitz.com
mbhattacharyya@kasowitz.com
sstoyanov@kasowitz.com

Josh A. Drevitt
Charles J. Bourdreau
Gibson, Dunn & Crutcher LLP
200 Park Avenue, 47th Floor
New York, New York 10166-0193
jkrevitt@gibsondunn.com
cboudreau@gibsondunn.com


Amanda J. Tessar
Gibson, Dunn & Crutcher LLP
1801 California Street, Suite 4200
Denver, CO 80202-2642
atessar@gibsondunn.com


Matthew D. Powers
Edward R. Reines
Weil Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
matthew.powers@weil.com
edward.reines@weil.com


John Desmarais
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022
jdesmarais@kirkland.com


Mitchell Stockwell
Kilpatrick & Stockton LLP
110 Peachtree Street, N.E.
Suite 2800
Atlanta, GA 30309
MStockwell@KilpatrickStockton.com


Richard Brown
Day Pitney LLP
200 Campus Drive
Florham Park, NJ 07932
rbrown@daypitney.com

David Segal
Gibson, Dunn & Crutcher LLP
3161 Michelson Drive
Irvina, California 92612-4412
dsegal@gibsondunn.com


David S. Benyacar
Daniel L. Reisner
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
dbenyacar@kayescholer.com
dreisner@kayescholer.com


Robert A. Van Nest
Brian L. Ferrall
Daralyn J. Durie
Leo L. Lam
Matthew M. Werdegar
Keker & Van Nest LLP
710 Sansome Street
San Franscisco, CA 94111
rvannest@kvn.com
bferrall@kvn.com
ddurie@kvn.com
llam@kvn.com
mwerdegar@kvn.com


Eric R. Lamison
Kirkland & Ellis LLP
555 California Street, Ste. 2700
San Francisco, CA 94104
elamison@kirkland.com

Bradford P. Lyerla
Kevin D. Hogg
Charles E. Juister
Marshall, Gerstein & Borun LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
blyerla@marshallip.com
khogg@marshallip.com
cjuister@marshallip.com


Jonathan Tropp
Day Pitney LLP
One Canterbury Green
201 Broad Street
Stamford, CT 06901
jbtropp@daypitney.com

Gerald Levy
Day Pitney LLP
7 Times Square
New York, NY 10036
glevy@daypitney.com

By:  _/s/ Rebecca A. Beynon_____
      Rebecca A. Beynon
      rbeynon@khhte.com

# EXHIBIT G

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

_____
                               )
                               )
In re: REMBRANDT TECHNOLOGIES, LP   )   **MDL Docket No. 07-md-1848 (GMS)**
PATENT LITIGATION                 )
                               )   **JURY TRIAL DEMANDED**
                               )
_____ )

**PLAINTIFF'S PARTIAL NOTICE OF VIDEOTAPED
<u>ORAL DEPOSITION TO DEFENDANTS PURSUANT TO RULE 30(B)(6)</u>**

PLEASE TAKE NOTICE that Plaintiff Rembrandt Technologies, LP ("Plaintiff" or "Rembrandt") will take the deposition of Comcast Corporation and Comcast Cable Communications, LLC (collectively, "you" or "Comcast**"**) beginning at 9:00 a.m., in the offices of KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C., 1615 M Street, N.W., Suite 400, Washington, D.C. 20036 on August 18, 2008, or at such time and place agreed to by counsel for the parties.  The deposition will be taken pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and Rule 30 of the Court's Local Rules before an officer and reporter authorized to administer oaths.  The deposition will be videotaped and recorded by stenographic means.

As required by Rule 30(b)(6) of the Federal Rules of Civil Procedure, you shall designate one or more officers, directors, managing agents, employees, or other sufficiently knowledgeable persons who consents to testify on your behalf with respect to each of the matters set forth in Exhibit A attached hereto, and the person(s) so designated shall be required to testify as to each of those matters known or reasonably available to you.  Please provide notice of the identity of the witness(es) designated by you to counsel for Rembrandt no later than ten (10) business days prior to the date on which the deposition shall commence.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 30(b)(2) and Rule 34 of the Federal Rules of Civil Procedure, you are required to produce the documents listed in Exhibit B at or before the noticed deposition herein.  You are further required to produce prior to the deposition any and all information or material previously requested in discovery, but not yet produced.

Rembrandt reserves the right to amend or supplement this notice and these exhibits as more information becomes available to Rembrandt during the course of discovery.

Dated:  August 1, 2008                    Respectfully Submitted,

                    KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.


                              By:  _/s/  Rebecca A. Beynon_____
                                   Mark C. Hansen
Collins J. Seitz, Jr. (#2237)        J.C. Rozendaal
Francis DiGiovanni (#3189)           Aaron M. Panner
James D. Heisman (#2746)             Rebecca A. Beynon
Kristen Healey Cramer (#4512)        KELLOGG, HUBER, HANSEN, TODD, EVANS &
CONNOLLY BOVE LODGE & HUTZ LLP           FIGEL, P.L.L.C.
1007 N. Orange Street                1615 M. Street, NW
P.O. Box 2207                        Suite 400
Wilmington, Delaware 19899           Washington, D.C. 20036
(302) 658-9141                       (202) 326-7900
                                     mhansen@khhte.com
Max L. Tribble, Jr.                  jrozendaal@khhte.com
SUSMAN GODFREY L.L.P.                apanner@khhte.com
1000 Louisiana Street, Suite 5100    rbeynon@khhte.com
Houston, Texas 77002-5096
(713) 651-9366

Brooke A.M. Taylor
Edgar Sargent
Matthew R. Berry
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
(206) 516-3880

*Attorneys for Rembrandt*

# EXHIBIT A

# DEFINITIONS

The following definitions apply to this Notice of Deposition and are deemed to be incorporated into each subject listed below:

1.     The phrase "relating to" means discussing, describing, referring to, pertaining to, containing, analyzing, studying, reporting on, commenting on, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

2.     The term "document" or "documents" is used in the broadest sense permitted by the Federal Rules of Civil Procedure and means the original (or any copy when originals are not available) and any drafts or non-identical copies thereof, whether different from the original because of interlineation, receipt stamp, notation of copy sent or received or otherwise, of any book, pamphlet, periodical, letter, report, note, memorandum, record, minutes, calendar or diary entry, transcript, study, compilation, patent, patent application, analysis, tabulation, map, diagram, drawing, plan, picture, summary, working paper, chart, paper, graph index, data sheet, data processing card, computer printout, summary of a computer printout, tape, contract, agreement, lease, ledger, journal, balance sheet, account, invoice, purchase order, receipt, billing record, financial data, financial statement, file, diary, film, trip tickets, telex, teletype or other messages, telegram, expense vouchers, instructions, bulletins or any other writing or recording of information, however produced, recorded, maintained or reproduced, including any electronic or mechanical recording of any oral material, within the possession, custody or control of defendant or any of its officers, directors, employees, attorneys, or other agents and/or representatives.

3.     The term "including" shall mean including but not limited to.

4.      The term "person" means natural person, corporation, firm, company, sole proprietorship, partnership, joint venture, association, institute, or other business, legal or governmental entity or association, including any directors, officers, employees, agents or representatives thereof.

5.      The term "communication" (or any variant thereof) means any contact between or among two or more Persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, e-mail, or any other document; the transmittal of information by any means; any oral contact such as face-to-face meetings or telephone conversations; and any writings memorializing such oral contact.

6.      "Thing" means any tangible object other than a Document including, without limitation, objects of every kind and nature, as well as prototypes, models, drafts, or specimens thereof.

7.      As used herein, "the Defendant(s)" means the following entities and their subsidiaries, affiliates, divisions, successors or assignees, and their respective officers, directors, employees, and agents:  Time Warner Cable, Inc., Time Warner Cable LLC, Time Warner New York Cable LLC, Time Warner Entertainment Company, LP, Time Warner Entertainment–Advance/Newhouse Partnership, Comcast Corporation, Comcast Cable Communications, LLC, Charter Communications, Inc., Charter Communications Operating, LLC, Coxcom, Inc., Cox Communications, Inc., Cox Enterprises, Inc., CSC Holdings, Inc., Cablevision Systems Corporation, Adelphia Communications Corporation, Century-TCI California, LP, Century-TCI California Communications, LP, Century-TCI Holdings, LLC, Parnassos, LP, Parnassos Communications, LP, Adelphia Consolidation, LLC, Parnassos Holdings, LLC, Western NY Cablevision, LP, Motorola, Inc., Cisco Systems, Inc., Scientific-Atlanta, Inc., ARRIS Group,

Inc., Thomson, Inc., Ambit Microsystems, Inc., and NETGEAR, Inc.  In the case of Comcast

Corporation, this definition includes, without limitation, Sedna.

8.    As used herein, "Comcast," "you," or "your" means  Comcast Corporation and

Comcast Cable Communications, LLC and their agents, subsidiaries, related entities, affiliated

companies, predecessors, successors, assigns, officers, directors, partners, employees,

representatives (in their individual or representative capacities), affiliates of any kind or nature,

or any person or entity acting on their behalf.

9.    As used herein, "Rembrandt" shall mean Rembrandt Technologies, LP including

without limitation all of its corporate locations, and all predecessors, and affiliates, and all past or

present directors, officers, agents, representatives, employees, consultants, and attorneys.

10.    The terms "and" and "or" shall be construed disjunctively or conjunctively as

necessary to bring within the scope of these requests all documents which might otherwise be

construed to be outside their scope.

11.    The term "all" shall mean any and all, and the term "any" shall mean any and all,

unless the context clearly requires otherwise.

12.    References to the singular shall include the plural, and references to the plural

shall include the singular as may be appropriate or construe the individual topics for examination

in the broadest form.

13.    The masculine form of a noun or pronoun shall be considered to include within its

meaning the feminine form of the noun or pronoun, and vice versa as may be appropriate to

make the individual topics for examination inclusive rather than exclusive.

14.     Any reference to any individual person, either singularly or as a part of a defined group, includes that individual person's employees, agents, successors, assignees, heirs, and representatives.

15.     The term "Patents-in-Suit" shall mean United States patents numbers:  6,131,159; 5,710,761; 5,778,234; 6,950,444; 5,008,903; 4,937,819; 5,719,858; and 5,852,631.

16.     As used herein, the term "CableLabs" shall mean Cable Television Laboratories, Inc. and its agents, subsidiaries, related entities, affiliated companies, predecessors, successors, assigns, officers, directors, partners, employees, representatives (in their individual or representative capacities), affiliates of any kind or nature, or any person or entity acting on their behalf.

17.     The term "cable industry" shall mean entities, including but not limited to the MSO Defendants, that provide "cable services" within the meaning of 47 U.S.C. § 522(6) or that provide to such entities information, products, or services related to the provision of cable services within the meaning of 47 U.S.C. § 522(6).

18.     The term "Accused Products and Services" shall include all of Defendants' services or products that involve in any way a cable modem or the use of a cable modem, including but not limited to providing high speed cable internet services and VoIP services.

19.     The term "DOCSIS" shall refer to the commonly known industry specifications referred to as DOCSIS 1.0, DOCSIS 1.1, DOCSIS 2.0, and DOCSIS 3.0.

20.     "DOCSIS-Compliant Devices" include cable modems or cable modem termination systems that comply with any of the DOCSIS 1.0, 1.1,  2.0, or 3.0 specifications, manufactured, sold, leased, offered for sale or used by the Defendants.

21.     As used herein, "Rembrandt multi-district litigation" means the litigation styled *In re Rembrandt Technologies, LP Patent Litig.*, MDL Docket No. 07-md-1848 (D. Del.), and the cases of which the multi-district litigation is comprised, including: *Rembrandt Technologies, LP v. Cablevision Systems Corp. et al.*, Civil Action No. 1:06-635 (D. Del.); *Coxcom, Inc. v. Rembrandt Technologies, LP*, C.A. No. 1:06-721 (D. Del.); *Rembrandt Technologies, LP v. CBS Corp.*, C.A. No. 1:06-727 (D. Del.); *Rembrandt Technologies, LP v. NBC Universal, Inc.*, C.A. No. 1:06-730 (D. Del.); *Rembrandt Technologies, LP v. ABC, Inc.*, C.A. No. 1:06-730 (D. Del.); *Rembrandt Technologies, LP v. Fox Entertainment Group, Inc., et al.*, C.A. No. 1:06-731 (D. Del.); *Rembrandt Technologies, LP v. Adelphia Communications Corp., et al.*, Bky. Advy. No. 1:06-1739 (Bankr. SDNY); *Rembrandt Technologies, LP v. Adelphia Communications Corp.*, C.A. No. 1:07-214 (SDNY); *Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:05-443 (E.D. Tex.); *Rembrandt Technologies, LP v. Sharp Corp., et al.*, C.A. No. 2:06-47 (E.D. Tex.); *Rembrandt Technologies, LP v. Charter Communications, Inc. et al.*, C.A. No. 2:06-223 (E.D. Tex.); *Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-224 (E.D. Tex.); *Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-369 (E.D. Tex.); *Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:06-506 (E.D. Tex.); *Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, C.A. No. 2:06-507 (E.D. Tex.).

22.     "Related Action" means each case of which the multi-district litigation is comprised (see ¶ 15 above), as well as *Rembrandt Technologies, LP v. Harris Corp.*, C.A. No. 07C-09-059-JRS (Del. Super. Ct.) and *Motorola, Inc., et al. v. Rembrandt Technologies, LP*, C.A. No. 07-752 (D. Del.).

## TOPICS FOR EXAMINATION

1.     When and how Comcast first became aware of each of the Patents-in-Suit.

2.     Who within Comcast first became aware of each of the Patents-in-Suit.

3.     What investigation, if any, Comcast conducted after becoming aware of any of the Patents-in-Suit to determine whether said patent(s) was valid, infringed, enforceable, or licensed.

4.     Any analysis, opinion, or inquiry regarding potential infringement of the claims in each of the Patents-in-Suit, including, but not limited to any pre-litigation and post-commencement-of-litigation investigations performed by or on behalf of you, your partners, your licensors, your customers, your resellers, and/or your affiliates, related to the potential infringement by any products or systems made, used, offered for sale, and/or sold by you, your partners, your licensors, your customers, you resellers, and/or your affiliates.

5.     Efforts by Comcast to design any products around the Patents-in-Suit.

6.     Comcast's policies and/or customs, whether in writing or oral, on investigating or refraining from investigating whether Comcast's products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

7.     Comcast's communications, whether internal or external, regarding whether to investigate if the Accused Products and Services infringed any patents owned by a third party.

8.     Comcast's communications, whether internal or external, regarding each of the Patents-in-Suit after Comcast became aware of them.

9.     Comcast's investigations into whether Comcast's products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

10.     The role of Sedna Services LLC in investigating whether Comcast's products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

11.    Comcast's understanding of the custom or practice in its industry to investigate whether products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

## **EXHIBIT B**

1.     All documents and things considered, reviewed, or prepared by Comcast in the

course of preparing for the 30(b)(6) deposition on the subjects listed above in Exhibit A.

## <u>CERTIFICATE OF SERVICE</u>

I, Rebecca A. Beynon, hereby certify that on the first day of August, 2008, a true copy of

the foregoing **Notice of Videotaped Oral Deposition to Comcast Pursuant to Rule 30(b)(6)** to

be served upon the following in the manner indicated:

### <u>BY E-MAIL</u>

Jack B. Blumenfield
Karen Jacobs Louden
Rodger D. Smith II
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
jblumenfeld@mnat.com
klouden@mnat.com
rsmith@mnat.com

Richard K. Hermann
Mary B. Matterer
Amy Arnott Quinlan
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
rherrman@morrisjames.com

Fredrick L. Cottrell, III
Kelly E. Farnan
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
cottrell@rlf.com
farnan@rlf.com

John W. Shaw
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
jshaw@ycst.com

Richard D. Kirk
Scott G. Wilcox
Stephen B. Brauerman
Bayard, PA
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899
rkirk@bayardlaw.com
swilcox@bayardlaw.com
sbrauerman@bayardlaw.com

Peter J. Toren
Lawrence B. Goodwin
Monica V. Bhattacharyya
Stefan R. Stoyanov
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, NY 10019
ptoren@kasowitz.com
lgoodwin@kasowitz.com
mbhattacharyya@kasowitz.com
sstoyanov@kasowitz.com

Josh A. Drevitt
Charles J. Bourdreau
Gibson, Dunn & Crutcher LLP
200 Park Avenue, 47th Floor
New York, New York 10166-0193
jkrevitt@gibsondunn.com
cboudreau@gibsondunn.com


Amanda J. Tessar
Gibson, Dunn & Crutcher LLP
1801 California Street, Suite 4200
Denver, CO 80202-2642
atessar@gibsondunn.com


Matthew D. Powers
Edward R. Reines
Weil Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
matthew.powers@weil.com
edward.reines@weil.com


John Desmarais
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022
jdesmarais@kirkland.com


Mitchell Stockwell
Kilpatrick & Stockton LLP
110 Peachtree Street, N.E.
Suite 2800
Atlanta, GA 30309
MStockwell@KilpatrickStockton.com


Richard Brown
Day Pitney LLP
200 Campus Drive
Florham Park, NJ 07932
rbrown@daypitney.com

David Segal
Gibson, Dunn & Crutcher LLP
3161 Michelson Drive
Irvina, California 92612-4412
dsegal@gibsondunn.com


David S. Benyacar
Daniel L. Reisner
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
dbenyacar@kayescholer.com
dreisner@kayescholer.com


Robert A. Van Nest
Brian L. Ferrall
Daralyn J. Durie
Leo L. Lam
Matthew M. Werdegar
Keker & Van Nest LLP
710 Sansome Street
San Franscisco, CA 94111
rvannest@kvn.com
bferrall@kvn.com
ddurie@kvn.com
llam@kvn.com
mwerdegar@kvn.com


Eric R. Lamison
Kirkland & Ellis LLP
555 California Street, Ste. 2700
San Francisco, CA 94104
elamison@kirkland.com

Bradford P. Lyerla
Kevin D. Hogg
Charles E. Juister
Marshall, Gerstein & Borun LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
blyerla@marshallip.com
khogg@marshallip.com
cjuister@marshallip.com

Gerald Levy
Day Pitney LLP
7 Times Square
New York, NY 10036
glevy@daypitney.com

Jonathan Tropp
Day Pitney LLP
One Canterbury Green
201 Broad Street
Stamford, CT 06901
jbtropp@daypitney.com

By:   _/s/ Rebecca A. Beynon_____
        Rebecca A. Beynon
        rbeynon@khhte.com

# EXHIBIT H

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| _____ | ) | |
| | ) | |
| In re: REMBRANDT TECHNOLOGIES, LP | ) | **MDL Docket No. 07-md-1848 (GMS)** |
| PATENT LITIGATION | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| _____ | ) | |

**PLAINTIFF'S PARTIAL NOTICE OF VIDEOTAPED**
**ORAL DEPOSITION TO DEFENDANTS PURSUANT TO RULE 30(B)(6)**

PLEASE TAKE NOTICE that Plaintiff Rembrandt Technologies, LP ("Plaintiff" or "Rembrandt") will take the deposition of Coxcom, Inc., Cox Communications, Inc., and Cox Enterprises, Inc. (collectively, "you" or "Cox") beginning at 9:00 a.m., in the offices of KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C., 1615 M Street, N.W., Suite 400, Washington, D.C. 20036 on August 18, 2008, or at such time and place agreed to by counsel for the parties. The deposition will be taken pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and Rule 30 of the Court's Local Rules before an officer and reporter authorized to administer oaths. The deposition will be videotaped and recorded by stenographic means.

As required by Rule 30(b)(6) of the Federal Rules of Civil Procedure, you shall designate one or more officers, directors, managing agents, employees, or other sufficiently knowledgeable persons who consents to testify on your behalf with respect to each of the matters set forth in Exhibit A attached hereto, and the person(s) so designated shall be required to testify as to each of those matters known or reasonably available to you. Please provide notice of the identity of the witness(es) designated by you to counsel for Rembrandt no later than ten (10) business days prior to the date on which the deposition shall commence.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 30(b)(2) and Rule 34 of the Federal Rules of Civil Procedure, you are required to produce the documents listed in Exhibit B at or before the noticed deposition herein.  You are further required to produce prior to the deposition any and all information or material previously requested in discovery, but not yet produced.

Rembrandt reserves the right to amend or supplement this notice and these exhibits as more information becomes available to Rembrandt during the course of discovery.

Dated:  August 1, 2008                            Respectfully Submitted,

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

By:  _/s/  Rebecca A. Beynon_____
     Mark C. Hansen

| | |
|---|---|
| Collins J. Seitz, Jr. (#2237) | J.C. Rozendaal |
| Francis DiGiovanni (#3189) | Aaron M. Panner |
| James D. Heisman (#2746) | Rebecca A. Beynon |
| Kristen Healey Cramer (#4512) | KELLOGG, HUBER, HANSEN, TODD, EVANS & |
| CONNOLLY BOVE LODGE & HUTZ LLP | FIGEL, P.L.L.C. |
| 1007 N. Orange Street | 1615 M. Street, NW |
| P.O. Box 2207 | Suite 400 |
| Wilmington, Delaware 19899 | Washington, D.C. 20036 |
| (302) 658-9141 | (202) 326-7900 |
| | mhansen@khhte.com |
| Max L. Tribble, Jr. | jrozendaal@khhte.com |
| SUSMAN GODFREY L.L.P. | apanner@khhte.com |
| 1000 Louisiana Street, Suite 5100 | rbeynon@khhte.com |
| Houston, Texas 77002-5096 | |
| (713) 651-9366 | |

Brooke A.M. Taylor
Edgar Sargent
Matthew R. Berry
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
(206) 516-3880

*Attorneys for Rembrandt*

**EXHIBIT A**

**DEFINITIONS**

The following definitions apply to this Notice of Deposition and are deemed to be incorporated into each subject listed below:

1.      The phrase "relating to" means discussing, describing, referring to, pertaining to, containing, analyzing, studying, reporting on, commenting on, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

2.      The term "document" or "documents" is used in the broadest sense permitted by the Federal Rules of Civil Procedure and means the original (or any copy when originals are not available) and any drafts or non-identical copies thereof, whether different from the original because of interlineation, receipt stamp, notation of copy sent or received or otherwise, of any book, pamphlet, periodical, letter, report, note, memorandum, record, minutes, calendar or diary entry, transcript, study, compilation, patent, patent application, analysis, tabulation, map, diagram, drawing, plan, picture, summary, working paper, chart, paper, graph index, data sheet, data processing card, computer printout, summary of a computer printout, tape, contract, agreement, lease, ledger, journal, balance sheet, account, invoice, purchase order, receipt, billing record, financial data, financial statement, file, diary, film, trip tickets, telex, teletype or other messages, telegram, expense vouchers, instructions, bulletins or any other writing or recording of information, however produced, recorded, maintained or reproduced, including any electronic or mechanical recording of any oral material, within the possession, custody or control of defendant or any of its officers, directors, employees, attorneys, or other agents and/or representatives.

3.      The term "including" shall mean including but not limited to.

4.      The term "person" means natural person, corporation, firm, company, sole proprietorship, partnership, joint venture, association, institute, or other business, legal or governmental entity or association, including any directors, officers, employees, agents or representatives thereof.

5.      The term "communication" (or any variant thereof) means any contact between or among two or more Persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, e-mail, or any other document; the transmittal of information by any means; any oral contact such as face-to-face meetings or telephone conversations; and any writings memorializing such oral contact.

6.      "Thing" means any tangible object other than a Document including, without limitation, objects of every kind and nature, as well as prototypes, models, drafts, or specimens thereof.

7.      As used herein, "the Defendant(s)" means the following entities and their subsidiaries, affiliates, divisions, successors or assignees, and their respective officers, directors, employees, and agents:  Time Warner Cable, Inc., Time Warner Cable LLC, Time Warner New York Cable LLC, Time Warner Entertainment Company, LP, Time Warner Entertainment– Advance/Newhouse Partnership, Comcast Corporation, Comcast Cable Communications, LLC, Charter Communications, Inc., Charter Communications Operating, LLC, Coxcom, Inc., Cox Communications, Inc., Cox Enterprises, Inc., CSC Holdings, Inc., Cablevision Systems Corporation, Adelphia Communications Corporation, Century-TCI California, LP, Century-TCI California Communications, LP, Century-TCI Holdings, LLC, Parnassos, LP, Parnassos Communications, LP, Adelphia Consolidation, LLC, Parnassos Holdings, LLC, Western NY Cablevision, LP, Motorola, Inc., Cisco Systems, Inc., Scientific-Atlanta, Inc., ARRIS Group,

Inc., Thomson, Inc., Ambit Microsystems, Inc., and NETGEAR, Inc.  In the case of Comcast Corporation, this definition includes, without limitation, Sedna.

8.    As used herein, "Cox," "you," or "your" means Coxcom, Inc., Cox Communications, Inc., Cox Enterprises, Inc. and their agents, subsidiaries, related entities, affiliated companies, predecessors, successors, assigns, officers, directors, partners, employees, representatives (in their individual or representative capacities), affiliates of any kind or nature, or any person or entity acting on their behalf.

9.    As used herein, "Rembrandt" shall mean Rembrandt Technologies, LP including without limitation all of its corporate locations, and all predecessors, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, and attorneys.

10.    The terms "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of these requests all documents which might otherwise be construed to be outside their scope.

11.    The term "all" shall mean any and all, and the term "any" shall mean any and all, unless the context clearly requires otherwise.

12.    References to the singular shall include the plural, and references to the plural shall include the singular as may be appropriate or construe the individual topics for examination in the broadest form.

13.    The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa as may be appropriate to make the individual topics for examination inclusive rather than exclusive.

14.     Any reference to any individual person, either singularly or as a part of a defined group, includes that individual person's employees, agents, successors, assignees, heirs, and representatives.

15.     The term "Patents-in-Suit" shall mean United States patents numbers:  6,131,159; 5,710,761; 5,778,234; 6,950,444; 5,008,903; 4,937,819; 5,719,858; and 5,852,631.

16.     As used herein, the term "CableLabs" shall mean Cable Television Laboratories, Inc. and its agents, subsidiaries, related entities, affiliated companies, predecessors, successors, assigns, officers, directors, partners, employees, representatives (in their individual or representative capacities), affiliates of any kind or nature, or any person or entity acting on their behalf.

17.     The term "cable industry" shall mean entities, including but not limited to the MSO Defendants, that provide "cable services" within the meaning of 47 U.S.C. § 522(6) or that provide to such entities information, products, or services related to the provision of cable services within the meaning of 47 U.S.C. § 522(6).

18.     The term "Accused Products and Services" shall include all of Defendants' services or products that involve in any way a cable modem or the use of a cable modem, including but not limited to providing high speed cable internet services and VoIP services.

19.     The term "DOCSIS" shall refer to the commonly known industry specifications referred to as DOCSIS 1.0, DOCSIS 1.1, DOCSIS 2.0, and DOCSIS 3.0.

20.     "DOCSIS-Compliant Devices" include cable modems or cable modem termination systems that comply with any of the DOCSIS 1.0, 1.1,  2.0, or 3.0 specifications, manufactured, sold, leased, offered for sale or used by the Defendants.

21.    As used herein, "Rembrandt multi-district litigation" means the litigation styled *In re Rembrandt Technologies, LP Patent Litig.*, MDL Docket No. 07-md-1848 (D. Del.), and the cases of which the multi-district litigation is comprised, including: *Rembrandt Technologies, LP v. Cablevision Systems Corp. et al.*, Civil Action No. 1:06-635 (D. Del.); *Coxcom, Inc. v. Rembrandt Technologies, LP*, C.A. No. 1:06-721 (D. Del.); *Rembrandt Technologies, LP v. CBS Corp.*, C.A. No. 1:06-727 (D. Del.); *Rembrandt Technologies, LP v. NBC Universal, Inc.*, C.A. No. 1:06-730 (D. Del.); *Rembrandt Technologies, LP v. ABC, Inc.*, C.A. No. 1:06-730 (D. Del.); *Rembrandt Technologies, LP v. Fox Entertainment Group, Inc., et al.*, C.A. No. 1:06-731 (D. Del.); *Rembrandt Technologies, LP v. Adelphia Communications Corp., et al.*, Bky. Advy. No. 1:06-1739 (Bankr. SDNY); *Rembrandt Technologies, LP v. Adelphia Communications Corp.*, C.A. No. 1:07-214 (SDNY); *Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:05-443 (E.D. Tex.); *Rembrandt Technologies, LP v. Sharp Corp., et al.*, C.A. No. 2:06-47 (E.D. Tex.); *Rembrandt Technologies, LP v. Charter Communications, Inc. et al.*, C.A. No. 2:06-223 (E.D. Tex.); *Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-224 (E.D. Tex.); *Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-369 (E.D. Tex.); *Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:06-506 (E.D. Tex.); *Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, C.A. No. 2:06-507 (E.D. Tex.).

22.    "Related Action" means each case of which the multi-district litigation is comprised (see ¶ 15 above), as well as *Rembrandt Technologies, LP v. Harris Corp.*, C.A. No. 07C-09-059-JRS (Del. Super. Ct.) and *Motorola, Inc., et al. v. Rembrandt Technologies, LP*, C.A. No. 07-752 (D. Del.).

## <u>TOPICS FOR EXAMINATION</u>

1.      When and how Cox first became aware of each of the Patents-in-Suit.

2.      Who within Cox first became aware of each of the Patents-in-Suit.

3.      What investigation, if any, Cox conducted after becoming aware of any of the Patents-in-Suit to determine whether said patent(s) was valid, infringed, enforceable, or licensed.

4.      Any analysis, opinion, or inquiry regarding potential infringement of the claims in each of the Patents-in-Suit, including, but not limited to any pre-litigation and post-commencement-of-litigation investigations performed by or on behalf of you, your partners, your licensors, your customers, your resellers, and/or your affiliates, related to the potential infringement by any products or systems made, used, offered for sale, and/or sold by you, your partners, your licensors, your customers, you resellers, and/or your affiliates.

5.      Efforts by Cox to design any products around the Patents-in-Suit.

6.      Cox's policies and/or customs, whether in writing or oral, on investigating or refraining from investigating whether Cox's products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

7.      Cox's communications, whether internal or external, regarding whether to investigate if the Accused Products and Services infringed any patents owned by a third party.

8.      Cox's communications, whether internal or external, regarding each of the Patents-in-Suit after Cox became aware of them.

9.      Cox's investigations into whether Cox's products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

10.     The role of Sedna Services LLC in investigating whether Cox's products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

11.    Cox's understanding of the custom or practice in its industry to investigate whether products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

## **EXHIBIT B**

1.      All documents and things considered, reviewed, or prepared by Cox in the course

of preparing for the 30(b)(6) deposition on the subjects listed above in Exhibit A.

## <u>CERTIFICATE OF SERVICE</u>

I, Rebecca A. Beynon, hereby certify that on the first day of August, 2008, a true copy of

the foregoing **Notice of Videotaped Oral Deposition to Cox Pursuant to Rule 30(b)(6)** to be

served upon the following in the manner indicated:

## <u>BY E-MAIL</u>

Jack B. Blumenfield
Karen Jacobs Louden
Rodger D. Smith II
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
jblumenfeld@mnat.com
klouden@mnat.com
rsmith@mnat.com


Richard K. Hermann
Mary B. Matterer
Amy Arnott Quinlan
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
rherrman@morrisjames.com


Fredrick L. Cottrell, III
Kelly E. Farnan
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
cottrell@rlf.com
farnan@rlf.com

John W. Shaw
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
jshaw@ycst.com


Richard D. Kirk
Scott G. Wilcox
Stephen B. Brauerman
Bayard, PA
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899
rkirk@bayardlaw.com
swilcox@bayardlaw.com
sbrauerman@bayardlaw.com


Peter J. Toren
Lawrence B. Goodwin
Monica V. Bhattacharyya
Stefan R. Stoyanov
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, NY 10019
ptoren@kasowitz.com
lgoodwin@kasowitz.com
mbhattacharyya@kasowitz.com
sstoyanov@kasowitz.com

Josh A. Drevitt
Charles J. Bourdreau
Gibson, Dunn & Crutcher LLP
200 Park Avenue, 47th Floor
New York, New York 10166-0193
jkrevitt@gibsondunn.com
cboudreau@gibsondunn.com

Amanda J. Tessar
Gibson, Dunn & Crutcher LLP
1801 California Street, Suite 4200
Denver, CO 80202-2642
atessar@gibsondunn.com

Matthew D. Powers
Edward R. Reines
Weil Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
matthew.powers@weil.com
edward.reines@weil.com

John Desmarais
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022
jdesmarais@kirkland.com

Mitchell Stockwell
Kilpatrick & Stockton LLP
110 Peachtree Street, N.E.
Suite 2800
Atlanta, GA 30309
MStockwell@KilpatrickStockton.com

Richard Brown
Day Pitney LLP
200 Campus Drive
Florham Park, NJ 07932
rbrown@daypitney.com

David Segal
Gibson, Dunn & Crutcher LLP
3161 Michelson Drive
Irvina, California 92612-4412
dsegal@gibsondunn.com

David S. Benyacar
Daniel L. Reisner
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
dbenyacar@kayescholer.com
dreisner@kayescholer.com

Robert A. Van Nest
Brian L. Ferrall
Daralyn J. Durie
Leo L. Lam
Matthew M. Werdegar
Keker & Van Nest LLP
710 Sansome Street
San Franscisco, CA 94111
rvannest@kvn.com
bferrall@kvn.com
ddurie@kvn.com
llam@kvn.com
mwerdegar@kvn.com

Eric R. Lamison
Kirkland & Ellis LLP
555 California Street, Ste. 2700
San Francisco, CA 94104
elamison@kirkland.com

Bradford P. Lyerla
Kevin D. Hogg
Charles E. Juister
Marshall, Gerstein & Borun LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
blyerla@marshallip.com
khogg@marshallip.com
cjuister@marshallip.com


Jonathan Tropp
Day Pitney LLP
One Canterbury Green
201 Broad Street
Stamford, CT 06901
jbtropp@daypitney.com

Gerald Levy
Day Pitney LLP
7 Times Square
New York, NY 10036
glevy@daypitney.com

By:  _/s/ Rebecca A. Beynon_____
     Rebecca A. Beynon
     rbeynon@khhte.com

# EXHIBIT I

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

_____

)
)
In re: REMBRANDT TECHNOLOGIES, LP      )      **MDL Docket No. 07-md-1848 (GMS)**
PATENT LITIGATION                      )
                                       )      **JURY TRIAL DEMANDED**
                                       )
_____ )

**PLAINTIFF'S PARTIAL NOTICE OF VIDEOTAPED
<u>ORAL DEPOSITION TO DEFENDANTS PURSUANT TO RULE 30(B)(6)</u>**

PLEASE TAKE NOTICE that Plaintiff Rembrandt Technologies, LP ("Plaintiff" or

"Rembrandt") will take the deposition of Motorola, Inc. ("you" or "Motorola") beginning at 9:00

a.m., in the offices of KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.,

1615 M Street, N.W., Suite 400, Washington, D.C. 20036 on August 18, 2008, or at such time

and place agreed to by counsel for the parties.  The deposition will be taken pursuant to Rule

30(b)(6) of the Federal Rules of Civil Procedure and Rule 30 of the Court's Local Rules before

an officer and reporter authorized to administer oaths.  The deposition will be videotaped and

recorded by stenographic means.

As required by Rule 30(b)(6) of the Federal Rules of Civil Procedure, you shall designate

one or more officers, directors, managing agents, employees, or other sufficiently knowledgeable

persons who consents to testify on your behalf with respect to each of the matters set forth in

Exhibit A attached hereto, and the person(s) so designated shall be required to testify as to each

of those matters known or reasonably available to you.  Please provide notice of the identity of

the witness(es) designated by you to counsel for Rembrandt no later than ten (10) business days

prior to the date on which the deposition shall commence.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 30(b)(2) and Rule 34 of the

Federal Rules of Civil Procedure, you are required to produce the documents listed in Exhibit B

at or before the noticed deposition herein.  You are further required to produce prior to the

deposition any and all information or material previously requested in discovery, but not yet

produced.

Rembrandt reserves the right to amend or supplement this notice and these exhibits as

more information becomes available to Rembrandt during the course of discovery.

Dated:  August 1, 2008                                  Respectfully Submitted,

Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C.


By:  _/s/  Rebecca A. Beynon_____
                                                        Mark C. Hansen
Collins J. Seitz, Jr. (#2237)                           J.C. Rozendaal
Francis DiGiovanni (#3189)                              Aaron M. Panner
James D. Heisman (#2746)                                Rebecca A. Beynon
Kristen Healey Cramer (#4512)                           Kellogg, Huber, Hansen, Todd, Evans &
Connolly bove lodge & Hutz LLP                               Figel, P.L.L.C.
1007 N. Orange Street                                   1615 M. Street, NW
P.O. Box 2207                                           Suite 400
Wilmington, Delaware 19899                              Washington, D.C. 20036
(302) 658-9141                                          (202) 326-7900
                                                        mhansen@khhte.com
Max L. Tribble, Jr.                                     jrozendaal@khhte.com
Susman Godfrey L.L.P.                                   apanner@khhte.com
1000 Louisiana Street, Suite 5100                       rbeynon@khhte.com
Houston, Texas 77002-5096
(713) 651-9366

Brooke A.M. Taylor
Edgar Sargent
Matthew R. Berry
Susman Godfrey L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
(206) 516-3880

*Attorneys for Rembrandt*

# EXHIBIT A

# DEFINITIONS

The following definitions apply to this Notice of Deposition and are deemed to be incorporated into each subject listed below:

1.      The phrase "relating to" means discussing, describing, referring to, pertaining to, containing, analyzing, studying, reporting on, commenting on, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

2.      The term "document" or "documents" is used in the broadest sense permitted by the Federal Rules of Civil Procedure and means the original (or any copy when originals are not available) and any drafts or non-identical copies thereof, whether different from the original because of interlineation, receipt stamp, notation of copy sent or received or otherwise, of any book, pamphlet, periodical, letter, report, note, memorandum, record, minutes, calendar or diary entry, transcript, study, compilation, patent, patent application, analysis, tabulation, map, diagram, drawing, plan, picture, summary, working paper, chart, paper, graph index, data sheet, data processing card, computer printout, summary of a computer printout, tape, contract, agreement, lease, ledger, journal, balance sheet, account, invoice, purchase order, receipt, billing record, financial data, financial statement, file, diary, film, trip tickets, telex, teletype or other messages, telegram, expense vouchers, instructions, bulletins or any other writing or recording of information, however produced, recorded, maintained or reproduced, including any electronic or mechanical recording of any oral material, within the possession, custody or control of defendant or any of its officers, directors, employees, attorneys, or other agents and/or representatives.

3.      The term "including" shall mean including but not limited to.

4.      The term "person" means natural person, corporation, firm, company, sole proprietorship, partnership, joint venture, association, institute, or other business, legal or governmental entity or association, including any directors, officers, employees, agents or representatives thereof.

5.      The term "communication" (or any variant thereof) means any contact between or among two or more Persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, e-mail, or any other document; the transmittal of information by any means; any oral contact such as face-to-face meetings or telephone conversations; and any writings memorializing such oral contact.

6.      "Thing" means any tangible object other than a Document including, without limitation, objects of every kind and nature, as well as prototypes, models, drafts, or specimens thereof.

7.      As used herein, "the Defendant(s)" means the following entities and their subsidiaries, affiliates, divisions, successors or assignees, and their respective officers, directors, employees, and agents:  Time Warner Cable, Inc., Time Warner Cable LLC, Time Warner New York Cable LLC, Time Warner Entertainment Company, LP, Time Warner Entertainment–Advance/Newhouse Partnership, Comcast Corporation, Comcast Cable Communications, LLC, Charter Communications, Inc., Charter Communications Operating, LLC, Coxcom, Inc., Cox Communications, Inc., Cox Enterprises, Inc., CSC Holdings, Inc., Cablevision Systems Corporation, Adelphia Communications Corporation, Century-TCI California, LP, Century-TCI California Communications, LP, Century-TCI Holdings, LLC, Parnassos, LP, Parnassos Communications, LP, Adelphia Consolidation, LLC, Parnassos Holdings, LLC, Western NY Cablevision, LP, Motorola, Inc., Cisco Systems, Inc., Scientific-Atlanta, Inc., ARRIS Group,

Inc., Thomson, Inc., Ambit Microsystems, Inc., and NETGEAR, Inc.  In the case of Comcast

Corporation, this definition includes, without limitation, Sedna.

8.      As used herein, "Motorola," "you," or "your" means Motorola, Inc. and its agents,

subsidiaries, related entities, affiliated companies, predecessors, successors, assigns, officers,

directors, partners, employees, representatives (in their individual or representative capacities),

affiliates of any kind or nature, or any person or entity acting on their behalf.

9.      As used herein, "Rembrandt" shall mean Rembrandt Technologies, LP including

without limitation all of its corporate locations, and all predecessors, and affiliates, and all past or

present directors, officers, agents, representatives, employees, consultants, and attorneys.

10.     The terms "and" and "or" shall be construed disjunctively or conjunctively as

necessary to bring within the scope of these requests all documents which might otherwise be

construed to be outside their scope.

11.     The term "all" shall mean any and all, and the term "any" shall mean any and all,

unless the context clearly requires otherwise.

12.     References to the singular shall include the plural, and references to the plural

shall include the singular as may be appropriate or construe the individual topics for examination

in the broadest form.

13.     The masculine form of a noun or pronoun shall be considered to include within its

meaning the feminine form of the noun or pronoun, and vice versa as may be appropriate to

make the individual topics for examination inclusive rather than exclusive.

14.     Any reference to any individual person, either singularly or as a part of a defined

group, includes that individual person's employees, agents, successors, assignees, heirs, and

representatives.

15.    The term "Patents-in-Suit" shall mean United States patents numbers:  6,131,159; 5,710,761; 5,778,234; 6,950,444; 5,008,903; 4,937,819; 5,719,858; and 5,852,631.

16.    As used herein, the term "CableLabs" shall mean Cable Television Laboratories, Inc. and its agents, subsidiaries, related entities, affiliated companies, predecessors, successors, assigns, officers, directors, partners, employees, representatives (in their individual or representative capacities), affiliates of any kind or nature, or any person or entity acting on their behalf.

17.    The term "cable industry" shall mean entities, including but not limited to the MSO Defendants, that provide "cable services" within the meaning of 47 U.S.C. § 522(6) or that provide to such entities information, products, or services related to the provision of cable services within the meaning of 47 U.S.C. § 522(6).

18.    The term "Accused Products and Services" shall include all of Defendants' services or products that involve in any way a cable modem or the use of a cable modem, including but not limited to providing high speed cable internet services and VoIP services.

19.    The term "DOCSIS" shall refer to the commonly known industry specifications referred to as DOCSIS 1.0, DOCSIS 1.1, DOCSIS 2.0, and DOCSIS 3.0.

20.    "DOCSIS-Compliant Devices" include cable modems or cable modem termination systems that comply with any of the DOCSIS 1.0, 1.1,  2.0, or 3.0 specifications, manufactured, sold, leased, offered for sale or used by the Defendants.

21.    As used herein, "Rembrandt multi-district litigation" means the litigation styled *In re Rembrandt Technologies, LP Patent Litig.*, MDL Docket No. 07-md-1848 (D. Del.), and the cases of which the multi-district litigation is comprised, including: *Rembrandt Technologies, LP v. Cablevision Systems Corp. et al.*, Civil Action No. 1:06-635 (D. Del.); *Coxcom, Inc. v.*

*Rembrandt Technologies, LP*, C.A. No. 1:06-721 (D. Del.); *Rembrandt Technologies, LP v. CBS Corp.*, C.A. No. 1:06-727 (D. Del.); *Rembrandt Technologies, LP v. NBC Universal, Inc.*, C.A. No. 1:06-730 (D. Del.); *Rembrandt Technologies, LP v. ABC, Inc.*, C.A. No. 1:06-730 (D. Del.); *Rembrandt Technologies, LP v. Fox Entertainment Group, Inc., et al.*, C.A. No. 1:06-731 (D. Del.); *Rembrandt Technologies, LP v. Adelphia Communications Corp., et al.*, Bky. Advy. No. 1:06-1739 (Bankr. SDNY); *Rembrandt Technologies, LP v. Adelphia Communications Corp.*, C.A. No. 1:07-214 (SDNY); *Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:05-443 (E.D. Tex.); *Rembrandt Technologies, LP v. Sharp Corp., et al.*, C.A. No. 2:06-47 (E.D. Tex.); *Rembrandt Technologies, LP v. Charter Communications, Inc. et al.*, C.A. No. 2:06-223 (E.D. Tex.); *Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-224 (E.D. Tex.); *Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-369 (E.D. Tex.); *Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:06-506 (E.D. Tex.); *Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, C.A. No. 2:06-507 (E.D. Tex.).

22.    "Related Action" means each case of which the multi-district litigation is comprised (see ¶ 15 above), as well as *Rembrandt Technologies, LP v. Harris Corp.*, C.A. No. 07C-09-059-JRS (Del. Super. Ct.) and *Motorola, Inc., et al. v. Rembrandt Technologies, LP*, C.A. No. 07-752 (D. Del.).

## **TOPICS FOR EXAMINATION**

1.    When and how Motorola first became aware of each of the Patents-in-Suit.

2.    Who within Motorola first became aware of each of the Patents-in-Suit.

3.      What investigation, if any, Motorola conducted after becoming aware of any of the Patents-in-Suit to determine whether said patent(s) was valid, infringed, enforceable, or licensed.

4.      Any analysis, opinion, or inquiry regarding potential infringement of the claims in each of the Patents-in-Suit, including, but not limited to any pre-litigation and post-commencement-of-litigation investigations performed by or on behalf of you, your partners, your licensors, your customers, your resellers, and/or your affiliates, related to the potential infringement by any products or systems made, used, offered for sale, and/or sold by you, your partners, your licensors, your customers, you resellers, and/or your affiliates.

5.      Efforts by Motorola to design any products around the Patents-in-Suit.

6.      Motorola's policies and/or customs, whether in writing or oral, on investigating or refraining from investigating whether Motorola's products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

7.      Motorola's communications, whether internal or external, regarding whether to investigate if the Accused Products and Services infringed any patents owned by a third party.

8.      Motorola's communications, whether internal or external, regarding each of the Patents-in-Suit after Motorola became aware of them.

9.      Motorola's investigations into whether Motorola's products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

10.     The role of Sedna Services LLC in investigating whether Motorola's products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

11.    Motorola's understanding of the custom or practice in its industry to investigate whether products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

## **EXHIBIT B**

1.     All documents and things considered, reviewed, or prepared by Motorola in the course of preparing for the 30(b)(6) deposition on the subjects listed above in Exhibit A.

## <u>CERTIFICATE OF SERVICE</u>

I, Rebecca A. Beynon, hereby certify that on the first day of August, 2008, a true copy of

the foregoing **Notice of Videotaped Oral Deposition to Motorola Pursuant to Rule 30(b)(6)**

to be served upon the following in the manner indicated:

## <u>BY E-MAIL</u>

Jack B. Blumenfield
Karen Jacobs Louden
Rodger D. Smith II
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
jblumenfeld@mnat.com
klouden@mnat.com
rsmith@mnat.com

John W. Shaw
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
jshaw@ycst.com

Richard D. Kirk
Scott G. Wilcox
Stephen B. Brauerman
Bayard, PA
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899
rkirk@bayardlaw.com
swilcox@bayardlaw.com
sbrauerman@bayardlaw.com

Richard K. Hermann
Mary B. Matterer
Amy Arnott Quinlan
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
rherrman@morrisjames.com

Fredrick L. Cottrell, III
Kelly E. Farnan
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
cottrell@rlf.com
farnan@rlf.com

Peter J. Toren
Lawrence B. Goodwin
Monica V. Bhattacharyya
Stefan R. Stoyanov
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, NY 10019
ptoren@kasowitz.com
lgoodwin@kasowitz.com
mbhattacharyya@kasowitz.com
sstoyanov@kasowitz.com

11

Josh A. Drevitt
Charles J. Bourdreau
Gibson, Dunn & Crutcher LLP
200 Park Avenue, 47th Floor
New York, New York 10166-0193
jkrevitt@gibsondunn.com
cboudreau@gibsondunn.com

Amanda J. Tessar
Gibson, Dunn & Crutcher LLP
1801 California Street, Suite 4200
Denver, CO 80202-2642
atessar@gibsondunn.com

Matthew D. Powers
Edward R. Reines
Weil Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
matthew.powers@weil.com
edward.reines@weil.com

John Desmarais
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022
jdesmarais@kirkland.com

Mitchell Stockwell
Kilpatrick & Stockton LLP
110 Peachtree Street, N.E.
Suite 2800
Atlanta, GA 30309
MStockwell@KilpatrickStockton.com

Richard Brown
Day Pitney LLP
200 Campus Drive
Florham Park, NJ 07932
rbrown@daypitney.com

David Segal
Gibson, Dunn & Crutcher LLP
3161 Michelson Drive
Irvina, California 92612-4412
dsegal@gibsondunn.com

David S. Benyacar
Daniel L. Reisner
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
dbenyacar@kayescholer.com
dreisner@kayescholer.com

Robert A. Van Nest
Brian L. Ferrall
Daralyn J. Durie
Leo L. Lam
Matthew M. Werdegar
Keker & Van Nest LLP
710 Sansome Street
San Franscisco, CA 94111
rvannest@kvn.com
bferrall@kvn.com
ddurie@kvn.com
llam@kvn.com
mwerdegar@kvn.com

Eric R. Lamison
Kirkland & Ellis LLP
555 California Street, Ste. 2700
San Francisco, CA 94104
elamison@kirkland.com

Bradford P. Lyerla
Kevin D. Hogg
Charles E. Juister
Marshall, Gerstein & Borun LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
blyerla@marshallip.com
khogg@marshallip.com
cjuister@marshallip.com


Jonathan Tropp
Day Pitney LLP
One Canterbury Green
201 Broad Street
Stamford, CT 06901
jbtropp@daypitney.com

Gerald Levy
Day Pitney LLP
7 Times Square
New York, NY 10036
glevy@daypitney.com

By:  _/s/ Rebecca A. Beynon_____
     Rebecca A. Beynon
     rbeynon@khhte.com

# EXHIBIT J

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| _____ | ) | |
| | ) | |
| In re: REMBRANDT TECHNOLOGIES, LP | ) | **MDL Docket No. 07-md-1848 (GMS)** |
| PATENT LITIGATION | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| _____ | ) | |

**PLAINTIFF'S PARTIAL NOTICE OF VIDEOTAPED**
**ORAL DEPOSITION TO DEFENDANTS PURSUANT TO RULE 30(B)(6)**

PLEASE TAKE NOTICE that Plaintiff Rembrandt Technologies, LP ("Plaintiff" or

"Rembrandt") will take the deposition of NETGEAR, Inc. ("you" or "NETGEAR") beginning at

9:00 a.m., in the offices of KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL,

P.L.L.C., 1615 M Street, N.W., Suite 400, Washington, D.C. 20036 on August 18, 2008, or at

such time and place agreed to by counsel for the parties.  The deposition will be taken pursuant

to Rule 30(b)(6) of the Federal Rules of Civil Procedure and Rule 30 of the Court's Local Rules

before an officer and reporter authorized to administer oaths.  The deposition will be videotaped

and recorded by stenographic means.

As required by Rule 30(b)(6) of the Federal Rules of Civil Procedure, you shall designate

one or more officers, directors, managing agents, employees, or other sufficiently knowledgeable

persons who consents to testify on your behalf with respect to each of the matters set forth in

Exhibit A attached hereto, and the person(s) so designated shall be required to testify as to each

of those matters known or reasonably available to you.  Please provide notice of the identity of

the witness(es) designated by you to counsel for Rembrandt no later than ten (10) business days

prior to the date on which the deposition shall commence.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 30(b)(2) and Rule 34 of the Federal Rules of Civil Procedure, you are required to produce the documents listed in Exhibit B at or before the noticed deposition herein.  You are further required to produce prior to the deposition any and all information or material previously requested in discovery, but not yet produced.

Rembrandt reserves the right to amend or supplement this notice and these exhibits as more information becomes available to Rembrandt during the course of discovery.

Dated:  August 1, 2008                    Respectfully Submitted,

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

By:  _/s/  Rebecca A. Beynon_____

|  |  |
|---|---|
| Collins J. Seitz, Jr. (#2237) | Mark C. Hansen |
| Francis DiGiovanni (#3189) | J.C. Rozendaal |
| James D. Heisman (#2746) | Aaron M. Panner |
| Kristen Healey Cramer (#4512) | Rebecca A. Beynon |
| CONNOLLY BOVE LODGE & HUTZ LLP | KELLOGG, HUBER, HANSEN, TODD, EVANS & |
| 1007 N. Orange Street | FIGEL, P.L.L.C. |
| P.O. Box 2207 | 1615 M. Street, NW |
| Wilmington, Delaware 19899 | Suite 400 |
| (302) 658-9141 | Washington, D.C. 20036 |
|  | (202) 326-7900 |
| Max L. Tribble, Jr. | mhansen@khhte.com |
| SUSMAN GODFREY L.L.P. | jrozendaal@khhte.com |
| 1000 Louisiana Street, Suite 5100 | apanner@khhte.com |
| Houston, Texas 77002-5096 | rbeynon@khhte.com |
| (713) 651-9366 |  |
|  |  |
| Brooke A.M. Taylor |  |
| Edgar Sargent |  |
| Matthew R. Berry |  |
| SUSMAN GODFREY L.L.P. |  |
| 1201 Third Avenue, Suite 3800 |  |
| Seattle, Washington 98101-3000 |  |
| (206) 516-3880 |  |

*Attorneys for Rembrandt*

2

# EXHIBIT A

# DEFINITIONS

The following definitions apply to this Notice of Deposition and are deemed to be incorporated into each subject listed below:

1.    The phrase "relating to" means discussing, describing, referring to, pertaining to, containing, analyzing, studying, reporting on, commenting on, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

2.    The term "document" or "documents" is used in the broadest sense permitted by the Federal Rules of Civil Procedure and means the original (or any copy when originals are not available) and any drafts or non-identical copies thereof, whether different from the original because of interlineation, receipt stamp, notation of copy sent or received or otherwise, of any book, pamphlet, periodical, letter, report, note, memorandum, record, minutes, calendar or diary entry, transcript, study, compilation, patent, patent application, analysis, tabulation, map, diagram, drawing, plan, picture, summary, working paper, chart, paper, graph index, data sheet, data processing card, computer printout, summary of a computer printout, tape, contract, agreement, lease, ledger, journal, balance sheet, account, invoice, purchase order, receipt, billing record, financial data, financial statement, file, diary, film, trip tickets, telex, teletype or other messages, telegram, expense vouchers, instructions, bulletins or any other writing or recording of information, however produced, recorded, maintained or reproduced, including any electronic or mechanical recording of any oral material, within the possession, custody or control of defendant or any of its officers, directors, employees, attorneys, or other agents and/or representatives.

3.    The term "including" shall mean including but not limited to.

4.      The term "person" means natural person, corporation, firm, company, sole proprietorship, partnership, joint venture, association, institute, or other business, legal or governmental entity or association, including any directors, officers, employees, agents or representatives thereof.

5.      The term "communication" (or any variant thereof) means any contact between or among two or more Persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, e-mail, or any other document; the transmittal of information by any means; any oral contact such as face-to-face meetings or telephone conversations; and any writings memorializing such oral contact.

6.      "Thing" means any tangible object other than a Document including, without limitation, objects of every kind and nature, as well as prototypes, models, drafts, or specimens thereof.

7.      As used herein, "the Defendant(s)" means the following entities and their subsidiaries, affiliates, divisions, successors or assignees, and their respective officers, directors, employees, and agents:  Time Warner Cable, Inc., Time Warner Cable LLC, Time Warner New York Cable LLC, Time Warner Entertainment Company, LP, Time Warner Entertainment–Advance/Newhouse Partnership, Comcast Corporation, Comcast Cable Communications, LLC, Charter Communications, Inc., Charter Communications Operating, LLC, Coxcom, Inc., Cox Communications, Inc., Cox Enterprises, Inc., CSC Holdings, Inc., Cablevision Systems Corporation, Adelphia Communications Corporation, Century-TCI California, LP, Century-TCI California Communications, LP, Century-TCI Holdings, LLC, Parnassos, LP, Parnassos Communications, LP, Adelphia Consolidation, LLC, Parnassos Holdings, LLC, Western NY Cablevision, LP, Motorola, Inc., Cisco Systems, Inc., Scientific-Atlanta, Inc., ARRIS Group,

Inc., Thomson, Inc., Ambit Microsystems, Inc., and NETGEAR, Inc.  In the case of Comcast

Corporation, this definition includes, without limitation, Sedna.

8.      As used herein, "NETGEAR," "you," or "your" means NETGEAR, Inc. and its

agents, subsidiaries, related entities, affiliated companies, predecessors, successors, assigns,

officers, directors, partners, employees, representatives (in their individual or representative

capacities), affiliates of any kind or nature, or any person or entity acting on their behalf.

9.      As used herein, "Rembrandt" shall mean Rembrandt Technologies, LP including

without limitation all of its corporate locations, and all predecessors, and affiliates, and all past or

present directors, officers, agents, representatives, employees, consultants, and attorneys.

10.     The terms "and" and "or" shall be construed disjunctively or conjunctively as

necessary to bring within the scope of these requests all documents which might otherwise be

construed to be outside their scope.

11.     The term "all" shall mean any and all, and the term "any" shall mean any and all,

unless the context clearly requires otherwise.

12.     References to the singular shall include the plural, and references to the plural

shall include the singular as may be appropriate or construe the individual topics for examination

in the broadest form.

13.     The masculine form of a noun or pronoun shall be considered to include within its

meaning the feminine form of the noun or pronoun, and vice versa as may be appropriate to

make the individual topics for examination inclusive rather than exclusive.

14.     Any reference to any individual person, either singularly or as a part of a defined

group, includes that individual person's employees, agents, successors, assignees, heirs, and

representatives.

15.     The term "Patents-in-Suit" shall mean United States patents numbers:  6,131,159; 5,710,761; 5,778,234; 6,950,444; 5,008,903; 4,937,819; 5,719,858; and 5,852,631.

16.     As used herein, the term "CableLabs" shall mean Cable Television Laboratories, Inc. and its agents, subsidiaries, related entities, affiliated companies, predecessors, successors, assigns, officers, directors, partners, employees, representatives (in their individual or representative capacities), affiliates of any kind or nature, or any person or entity acting on their behalf.

17.     The term "cable industry" shall mean entities, including but not limited to the MSO Defendants, that provide "cable services" within the meaning of 47 U.S.C. § 522(6) or that provide to such entities information, products, or services related to the provision of cable services within the meaning of 47 U.S.C. § 522(6).

18.     The term "Accused Products and Services" shall include all of Defendants' services or products that involve in any way a cable modem or the use of a cable modem, including but not limited to providing high speed cable internet services and VoIP services.

19.     The term "DOCSIS" shall refer to the commonly known industry specifications referred to as DOCSIS 1.0, DOCSIS 1.1, DOCSIS 2.0, and DOCSIS 3.0.

20.     "DOCSIS-Compliant Devices" include cable modems or cable modem termination systems that comply with any of the DOCSIS 1.0, 1.1,  2.0, or 3.0 specifications, manufactured, sold, leased, offered for sale or used by the Defendants.

21.     As used herein, "Rembrandt multi-district litigation" means the litigation styled *In re Rembrandt Technologies, LP Patent Litig.*, MDL Docket No. 07-md-1848 (D. Del.), and the cases of which the multi-district litigation is comprised, including: *Rembrandt Technologies, LP v. Cablevision Systems Corp. et al.*, Civil Action No. 1:06-635 (D. Del.); *Coxcom, Inc. v.*

*Rembrandt Technologies, LP*, C.A. No. 1:06-721 (D. Del.); *Rembrandt Technologies, LP v. CBS Corp.*, C.A. No. 1:06-727 (D. Del.); *Rembrandt Technologies, LP v. NBC Universal, Inc.*, C.A. No. 1:06-730 (D. Del.); *Rembrandt Technologies, LP v. ABC, Inc.*, C.A. No. 1:06-730 (D. Del.); *Rembrandt Technologies, LP v. Fox Entertainment Group, Inc., et al.*, C.A. No. 1:06-731 (D. Del.); *Rembrandt Technologies, LP v. Adelphia Communications Corp., et al.*, Bky. Advy. No. 1:06-1739 (Bankr. SDNY); *Rembrandt Technologies, LP v. Adelphia Communications Corp.*, C.A. No. 1:07-214 (SDNY); *Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:05-443 (E.D. Tex.); *Rembrandt Technologies, LP v. Sharp Corp., et al.*, C.A. No. 2:06-47 (E.D. Tex.); *Rembrandt Technologies, LP v. Charter Communications, Inc. et al.*, C.A. No. 2:06-223 (E.D. Tex.); *Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-224 (E.D. Tex.); *Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-369 (E.D. Tex.); *Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:06-506 (E.D. Tex.); *Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, C.A. No. 2:06-507 (E.D. Tex.).

22.    "Related Action" means each case of which the multi-district litigation is comprised (see ¶ 15 above), as well as *Rembrandt Technologies, LP v. Harris Corp.*, C.A. No. 07C-09-059-JRS (Del. Super. Ct.) and *Motorola, Inc., et al. v. Rembrandt Technologies, LP*, C.A. No. 07-752 (D. Del.).

## TOPICS FOR EXAMINATION

1.    When and how NETGEAR first became aware of each of the Patents-in-Suit.

2.    Who within NETGEAR first became aware of each of the Patents-in-Suit.

3.      What investigation, if any, NETGEAR conducted after becoming aware of any of the Patents-in-Suit to determine whether said patent(s) was valid, infringed, enforceable, or licensed.

4.      Any analysis, opinion, or inquiry regarding potential infringement of the claims in each of the Patents-in-Suit, including, but not limited to any pre-litigation and post-commencement-of-litigation investigations performed by or on behalf of you, your partners, your licensors, your customers, your resellers, and/or your affiliates, related to the potential infringement by any products or systems made, used, offered for sale, and/or sold by you, your partners, your licensors, your customers, you resellers, and/or your affiliates.

5.      Efforts by NETGEAR to design any products around the Patents-in-Suit.

6.      NETGEAR's policies and/or customs, whether in writing or oral, on investigating or refraining from investigating whether NETGEAR's products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

7.      NETGEAR's communications, whether internal or external, regarding whether to investigate if the Accused Products and Services infringed any patents owned by a third party.

8.      NETGEAR's communications, whether internal or external, regarding each of the Patents-in-Suit after NETGEAR became aware of them.

9.      NETGEAR's investigations into whether NETGEAR's products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

10.     The role of Sedna Services LLC in investigating whether NETGEAR's products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

11.     NETGEAR's understanding of the custom or practice in its industry to investigate whether products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

**<u>EXHIBIT B</u>**

1.      All documents and things considered, reviewed, or prepared by NETGEAR in the

course of preparing for the 30(b)(6) deposition on the subjects listed above in Exhibit A.

## <u>CERTIFICATE OF SERVICE</u>

I, Rebecca A. Beynon, hereby certify that on the first day of August, 2008, a true copy of

the foregoing **Notice of Videotaped Oral Deposition to NETGEAR Pursuant to Rule**

**30(b)(6)** to be served upon the following in the manner indicated:

### <u>BY E-MAIL</u>

Jack B. Blumenfield
Karen Jacobs Louden
Rodger D. Smith II
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@mnat.com
klouden@mnat.com
rsmith@mnat.com

John W. Shaw
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
jshaw@ycst.com

Richard D. Kirk
Scott G. Wilcox
Stephen B. Brauerman
Bayard, PA
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
rkirk@bayardlaw.com
swilcox@bayardlaw.com
sbrauerman@bayardlaw.com

Richard K. Hermann
Mary B. Matterer
Amy Arnott Quinlan
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
rherrman@morrisjames.com

Fredrick L. Cottrell, III
Kelly E. Farnan
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
cottrell@rlf.com
farnan@rlf.com

Peter J. Toren
Lawrence B. Goodwin
Monica V. Bhattacharyya
Stefan R. Stoyanov
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, NY 10019
ptoren@kasowitz.com
lgoodwin@kasowitz.com
mbhattacharyya@kasowitz.com
sstoyanov@kasowitz.com

Josh A. Drevitt
Charles J. Bourdreau
Gibson, Dunn & Crutcher LLP
200 Park Avenue, 47th Floor
New York, New York 10166-0193
jkrevitt@gibsondunn.com
cboudreau@gibsondunn.com


Amanda J. Tessar
Gibson, Dunn & Crutcher LLP
1801 California Street, Suite 4200
Denver, CO 80202-2642
atessar@gibsondunn.com


Matthew D. Powers
Edward R. Reines
Weil Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
matthew.powers@weil.com
edward.reines@weil.com


John Desmarais
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022
jdesmarais@kirkland.com


Mitchell Stockwell
Kilpatrick & Stockton LLP
110 Peachtree Street, N.E.
Suite 2800
Atlanta, GA 30309
MStockwell@KilpatrickStockton.com


Richard Brown
Day Pitney LLP
200 Campus Drive
Florham Park, NJ 07932
rbrown@daypitney.com

David Segal
Gibson, Dunn & Crutcher LLP
3161 Michelson Drive
Irvina, California 92612-4412
dsegal@gibsondunn.com


David S. Benyacar
Daniel L. Reisner
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
dbenyacar@kayescholer.com
dreisner@kayescholer.com


Robert A. Van Nest
Brian L. Ferrall
Daralyn J. Durie
Leo L. Lam
Matthew M. Werdegar
Keker & Van Nest LLP
710 Sansome Street
San Franscisco, CA 94111
rvannest@kvn.com
bferrall@kvn.com
ddurie@kvn.com
llam@kvn.com
mwerdegar@kvn.com


Eric R. Lamison
Kirkland & Ellis LLP
555 California Street, Ste. 2700
San Francisco, CA 94104
elamison@kirkland.com

Bradford P. Lyerla
Kevin D. Hogg
Charles E. Juister
Marshall, Gerstein & Borun LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
blyerla@marshallip.com
khogg@marshallip.com
cjuister@marshallip.com


Jonathan Tropp
Day Pitney LLP
One Canterbury Green
201 Broad Street
Stamford, CT 06901
jbtropp@daypitney.com

Gerald Levy
Day Pitney LLP
7 Times Square
New York, NY 10036
glevy@daypitney.com

By:  _/s/ Rebecca A. Beynon_____
     Rebecca A. Beynon
     rbeynon@khhte.com

# EXHIBIT K

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

_____

)
)
In re: REMBRANDT TECHNOLOGIES, LP          )          **MDL Docket No. 07-md-1848 (GMS)**
PATENT LITIGATION          )
)          **JURY TRIAL DEMANDED**
)
_____   )

## PLAINTIFF'S PARTIAL NOTICE OF VIDEOTAPED
## <u>ORAL DEPOSITION TO DEFENDANTS PURSUANT TO RULE 30(B)(6)</u>

PLEASE TAKE NOTICE that Plaintiff Rembrandt Technologies, LP ("Plaintiff" or

"Rembrandt") will take the deposition of Scientific-Atlanta, Inc. ("you" or "Scientific-Atlanta")

beginning at 9:00 a.m., in the offices of KELLOGG, HUBER, HANSEN, TODD, EVANS &

FIGEL, P.L.L.C., 1615 M Street, N.W., Suite 400, Washington, D.C. 20036 on August 18, 2008,

or at such time and place agreed to by counsel for the parties.  The deposition will be taken

pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and Rule 30 of the Court's

Local Rules before an officer and reporter authorized to administer oaths.  The deposition will be

videotaped and recorded by stenographic means.

As required by Rule 30(b)(6) of the Federal Rules of Civil Procedure, you shall designate

one or more officers, directors, managing agents, employees, or other sufficiently knowledgeable

persons who consents to testify on your behalf with respect to each of the matters set forth in

Exhibit A attached hereto, and the person(s) so designated shall be required to testify as to each

of those matters known or reasonably available to you.  Please provide notice of the identity of

the witness(es) designated by you to counsel for Rembrandt no later than ten (10) business days

prior to the date on which the deposition shall commence.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 30(b)(2) and Rule 34 of the Federal Rules of Civil Procedure, you are required to produce the documents listed in Exhibit B at or before the noticed deposition herein.  You are further required to produce prior to the deposition any and all information or material previously requested in discovery, but not yet produced.

Rembrandt reserves the right to amend or supplement this notice and these exhibits as more information becomes available to Rembrandt during the course of discovery.

Dated:  August 1, 2008                      Respectfully Submitted,

                        KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

|  |  |
|---|---|
|  | By:  _/s/  Rebecca A. Beynon_____ |
|  | Mark C. Hansen |
| Collins J. Seitz, Jr. (#2237) | J.C. Rozendaal |
| Francis DiGiovanni (#3189) | Aaron M. Panner |
| James D. Heisman (#2746) | Rebecca A. Beynon |
| Kristen Healey Cramer (#4512) | KELLOGG, HUBER, HANSEN, TODD, EVANS & |
| CONNOLLY BOVE LODGE & HUTZ LLP | FIGEL, P.L.L.C. |
| 1007 N. Orange Street | 1615 M. Street, NW |
| P.O. Box 2207 | Suite 400 |
| Wilmington, Delaware 19899 | Washington, D.C. 20036 |
| (302) 658-9141 | (202) 326-7900 |
|  | mhansen@khhte.com |
| Max L. Tribble, Jr. | jrozendaal@khhte.com |
| SUSMAN GODFREY L.L.P. | apanner@khhte.com |
| 1000 Louisiana Street, Suite 5100 | rbeynon@khhte.com |
| Houston, Texas 77002-5096 |  |
| (713) 651-9366 |  |
|  |  |
| Brooke A.M. Taylor |  |
| Edgar Sargent |  |
| Matthew R. Berry |  |
| SUSMAN GODFREY L.L.P. |  |
| 1201 Third Avenue, Suite 3800 |  |
| Seattle, Washington 98101-3000 |  |
| (206) 516-3880 |  |

*Attorneys for Rembrandt*

2

# EXHIBIT A

# DEFINITIONS

The following definitions apply to this Notice of Deposition and are deemed to be incorporated into each subject listed below:

1.     The phrase "relating to" means discussing, describing, referring to, pertaining to, containing, analyzing, studying, reporting on, commenting on, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

2.     The term "document" or "documents" is used in the broadest sense permitted by the Federal Rules of Civil Procedure and means the original (or any copy when originals are not available) and any drafts or non-identical copies thereof, whether different from the original because of interlineation, receipt stamp, notation of copy sent or received or otherwise, of any book, pamphlet, periodical, letter, report, note, memorandum, record, minutes, calendar or diary entry, transcript, study, compilation, patent, patent application, analysis, tabulation, map, diagram, drawing, plan, picture, summary, working paper, chart, paper, graph index, data sheet, data processing card, computer printout, summary of a computer printout, tape, contract, agreement, lease, ledger, journal, balance sheet, account, invoice, purchase order, receipt, billing record, financial data, financial statement, file, diary, film, trip tickets, telex, teletype or other messages, telegram, expense vouchers, instructions, bulletins or any other writing or recording of information, however produced, recorded, maintained or reproduced, including any electronic or mechanical recording of any oral material, within the possession, custody or control of defendant or any of its officers, directors, employees, attorneys, or other agents and/or representatives.

3.     The term "including" shall mean including but not limited to.

4.      The term "person" means natural person, corporation, firm, company, sole proprietorship, partnership, joint venture, association, institute, or other business, legal or governmental entity or association, including any directors, officers, employees, agents or representatives thereof.

5.      The term "communication" (or any variant thereof) means any contact between or among two or more Persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, e-mail, or any other document; the transmittal of information by any means; any oral contact such as face-to-face meetings or telephone conversations; and any writings memorializing such oral contact.

6.      "Thing" means any tangible object other than a Document including, without limitation, objects of every kind and nature, as well as prototypes, models, drafts, or specimens thereof.

7.      As used herein, "the Defendant(s)" means the following entities and their subsidiaries, affiliates, divisions, successors or assignees, and their respective officers, directors, employees, and agents:  Time Warner Cable, Inc., Time Warner Cable LLC, Time Warner New York Cable LLC, Time Warner Entertainment Company, LP, Time Warner Entertainment–Advance/Newhouse Partnership, Comcast Corporation, Comcast Cable Communications, LLC, Charter Communications, Inc., Charter Communications Operating, LLC, Coxcom, Inc., Cox Communications, Inc., Cox Enterprises, Inc., CSC Holdings, Inc., Cablevision Systems Corporation, Adelphia Communications Corporation, Century-TCI California, LP, Century-TCI California Communications, LP, Century-TCI Holdings, LLC, Parnassos, LP, Parnassos Communications, LP, Adelphia Consolidation, LLC, Parnassos Holdings, LLC, Western NY Cablevision, LP, Motorola, Inc., Cisco Systems, Inc., Scientific-Atlanta, Inc., ARRIS Group,

Inc., Thomson, Inc., Ambit Microsystems, Inc., and NETGEAR, Inc.  In the case of Comcast Corporation, this definition includes, without limitation, Sedna.

8.      As used herein, "Scientific-Atlanta," "you," or "your" means Scientific-Atlanta, Inc. and its agents, subsidiaries, related entities, affiliated companies, predecessors, successors, assigns, officers, directors, partners, employees, representatives (in their individual or representative capacities), affiliates of any kind or nature, or any person or entity acting on their behalf.

9.      As used herein, "Rembrandt" shall mean Rembrandt Technologies, LP including without limitation all of its corporate locations, and all predecessors, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, and attorneys.

10.     The terms "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of these requests all documents which might otherwise be construed to be outside their scope.

11.     The term "all" shall mean any and all, and the term "any" shall mean any and all, unless the context clearly requires otherwise.

12.     References to the singular shall include the plural, and references to the plural shall include the singular as may be appropriate or construe the individual topics for examination in the broadest form.

13.     The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa as may be appropriate to make the individual topics for examination inclusive rather than exclusive.

14.     Any reference to any individual person, either singularly or as a part of a defined group, includes that individual person's employees, agents, successors, assignees, heirs, and representatives.

15.     The term "Patents-in-Suit" shall mean United States patents numbers:  6,131,159; 5,710,761; 5,778,234; 6,950,444; 5,008,903; 4,937,819; 5,719,858; and 5,852,631.

16.     As used herein, the term "CableLabs" shall mean Cable Television Laboratories, Inc. and its agents, subsidiaries, related entities, affiliated companies, predecessors, successors, assigns, officers, directors, partners, employees, representatives (in their individual or representative capacities), affiliates of any kind or nature, or any person or entity acting on their behalf.

17.     The term "cable industry" shall mean entities, including but not limited to the MSO Defendants, that provide "cable services" within the meaning of 47 U.S.C. § 522(6) or that provide to such entities information, products, or services related to the provision of cable services within the meaning of 47 U.S.C. § 522(6).

18.     The term "Accused Products and Services" shall include all of Defendants' services or products that involve in any way a cable modem or the use of a cable modem, including but not limited to providing high speed cable internet services and VoIP services.

19.     The term "DOCSIS" shall refer to the commonly known industry specifications referred to as DOCSIS 1.0, DOCSIS 1.1, DOCSIS 2.0, and DOCSIS 3.0.

20.     "DOCSIS-Compliant Devices" include cable modems or cable modem termination systems that comply with any of the DOCSIS 1.0, 1.1,  2.0, or 3.0 specifications, manufactured, sold, leased, offered for sale or used by the Defendants.

21.    As used herein, "Rembrandt multi-district litigation" means the litigation styled *In re Rembrandt Technologies, LP Patent Litig.*, MDL Docket No. 07-md-1848 (D. Del.), and the cases of which the multi-district litigation is comprised, including: *Rembrandt Technologies, LP v. Cablevision Systems Corp. et al.*, Civil Action No. 1:06-635 (D. Del.); *Coxcom, Inc. v. Rembrandt Technologies, LP*, C.A. No. 1:06-721 (D. Del.); *Rembrandt Technologies, LP v. CBS Corp.*, C.A. No. 1:06-727 (D. Del.); *Rembrandt Technologies, LP v. NBC Universal, Inc.*, C.A. No. 1:06-730 (D. Del.); *Rembrandt Technologies, LP v. ABC, Inc.*, C.A. No. 1:06-730 (D. Del.); *Rembrandt Technologies, LP v. Fox Entertainment Group, Inc., et al.*, C.A. No. 1:06-731 (D. Del.); *Rembrandt Technologies, LP v. Adelphia Communications Corp., et al.*, Bky. Advy. No. 1:06-1739 (Bankr. SDNY); *Rembrandt Technologies, LP v. Adelphia Communications Corp.*, C.A. No. 1:07-214 (SDNY); *Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:05-443 (E.D. Tex.); *Rembrandt Technologies, LP v. Sharp Corp., et al.*, C.A. No. 2:06-47 (E.D. Tex.); *Rembrandt Technologies, LP v. Charter Communications, Inc. et al.*, C.A. No. 2:06-223 (E.D. Tex.); *Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-224 (E.D. Tex.); *Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-369 (E.D. Tex.); *Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:06-506 (E.D. Tex.); *Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, C.A. No. 2:06-507 (E.D. Tex.).

22.    "Related Action" means each case of which the multi-district litigation is comprised (see ¶ 15 above), as well as *Rembrandt Technologies, LP v. Harris Corp.*, C.A. No. 07C-09-059-JRS (Del. Super. Ct.) and *Motorola, Inc., et al. v. Rembrandt Technologies, LP*, C.A. No. 07-752 (D. Del.).

## **TOPICS FOR EXAMINATION**

1.      When and how Scientific-Atlanta first became aware of each of the Patents-in-Suit.

2.      Who within Scientific-Atlanta first became aware of each of the Patents-in-Suit.

3.      What investigation, if any, Scientific-Atlanta conducted after becoming aware of any of the Patents-in-Suit to determine whether said patent(s) was valid, infringed, enforceable, or licensed.

4.      Any analysis, opinion, or inquiry regarding potential infringement of the claims in each of the Patents-in-Suit, including, but not limited to any pre-litigation and post-commencement-of-litigation investigations performed by or on behalf of you, your partners, your licensors, your customers, your resellers, and/or your affiliates, related to the potential infringement by any products or systems made, used, offered for sale, and/or sold by you, your partners, your licensors, your customers, you resellers, and/or your affiliates.

5.      Efforts by Scientific-Atlanta to design any products around the Patents-in-Suit.

6.      Scientific-Atlanta's policies and/or customs, whether in writing or oral, on investigating or refraining from investigating whether Scientific-Atlanta's products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

7.      Scientific-Atlanta's communications, whether internal or external, regarding whether to investigate if the Accused Products and Services infringed any patents owned by a third party.

8.      Scientific-Atlanta's communications, whether internal or external, regarding each of the Patents-in-Suit after Scientific-Atlanta became aware of them.

9.    Scientific-Atlanta's investigations into whether Scientific-Atlanta's products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

10.    The role of Sedna Services LLC in investigating whether Scientific-Atlanta's products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

11.    Scientific-Atlanta's understanding of the custom or practice in its industry to investigate whether products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

## EXHIBIT B

1.      All documents and things considered, reviewed, or prepared by Scientific-Atlanta

in the course of preparing for the 30(b)(6) deposition on the subjects listed above in Exhibit A.

## CERTIFICATE OF SERVICE

I, Rebecca A. Beynon, hereby certify that on the first day of August, 2008, a true copy of the foregoing **Notice of Videotaped Oral Deposition to Scientific-Atlanta Pursuant to Rule 30(b)(6)** to be served upon the following in the manner indicated:

### BY E-MAIL

Jack B. Blumenfield
Karen Jacobs Louden
Rodger D. Smith II
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
jblumenfeld@mnat.com
klouden@mnat.com
rsmith@mnat.com


Richard K. Hermann
Mary B. Matterer
Amy Arnott Quinlan
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
rherrman@morrisjames.com


Fredrick L. Cottrell, III
Kelly E. Farnan
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
cottrell@rlf.com
farnan@rlf.com

John W. Shaw
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
jshaw@ycst.com


Richard D. Kirk
Scott G. Wilcox
Stephen B. Brauerman
Bayard, PA
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899
rkirk@bayardlaw.com
swilcox@bayardlaw.com
sbrauerman@bayardlaw.com


Peter J. Toren
Lawrence B. Goodwin
Monica V. Bhattacharyya
Stefan R. Stoyanov
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, NY 10019
ptoren@kasowitz.com
lgoodwin@kasowitz.com
mbhattacharyya@kasowitz.com
sstoyanov@kasowitz.com

Josh A. Drevitt
Charles J. Bourdreau
Gibson, Dunn & Crutcher LLP
200 Park Avenue, 47th Floor
New York, New York 10166-0193
jkrevitt@gibsondunn.com
cboudreau@gibsondunn.com


Amanda J. Tessar
Gibson, Dunn & Crutcher LLP
1801 California Street, Suite 4200
Denver, CO 80202-2642
atessar@gibsondunn.com


Matthew D. Powers
Edward R. Reines
Weil Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
matthew.powers@weil.com
edward.reines@weil.com


John Desmarais
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022
jdesmarais@kirkland.com


Mitchell Stockwell
Kilpatrick & Stockton LLP
110 Peachtree Street, N.E.
Suite 2800
Atlanta, GA 30309
MStockwell@KilpatrickStockton.com


Richard Brown
Day Pitney LLP
200 Campus Drive
Florham Park, NJ 07932
rbrown@daypitney.com

David Segal
Gibson, Dunn & Crutcher LLP
3161 Michelson Drive
Irvina, California 92612-4412
dsegal@gibsondunn.com


David S. Benyacar
Daniel L. Reisner
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
dbenyacar@kayescholer.com
dreisner@kayescholer.com


Robert A. Van Nest
Brian L. Ferrall
Daralyn J. Durie
Leo L. Lam
Matthew M. Werdegar
Keker & Van Nest LLP
710 Sansome Street
San Franscisco, CA 94111
rvannest@kvn.com
bferrall@kvn.com
ddurie@kvn.com
llam@kvn.com
mwerdegar@kvn.com


Eric R. Lamison
Kirkland & Ellis LLP
555 California Street, Ste. 2700
San Francisco, CA 94104
elamison@kirkland.com

Bradford P. Lyerla
Kevin D. Hogg
Charles E. Juister
Marshall, Gerstein & Borun LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
blyerla@marshallip.com
khogg@marshallip.com
cjuister@marshallip.com


Jonathan Tropp
Day Pitney LLP
One Canterbury Green
201 Broad Street
Stamford, CT 06901
jbtropp@daypitney.com

Gerald Levy
Day Pitney LLP
7 Times Square
New York, NY 10036
glevy@daypitney.com

By:  _/s/ Rebecca A. Beynon_____
      Rebecca A. Beynon
      rbeynon@khhte.com

# EXHIBIT L

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

———————————————————————— )
                                                              )
In re: REMBRANDT TECHNOLOGIES, LP        )    **MDL Docket No. 07-md-1848 (GMS)**
PATENT LITIGATION                                      )
                                                              )    **JURY TRIAL DEMANDED**
                                                              )
———————————————————————— )

**PLAINTIFF'S PARTIAL NOTICE OF VIDEOTAPED**
**ORAL DEPOSITION TO DEFENDANTS PURSUANT TO RULE 30(B)(6)**

PLEASE TAKE NOTICE that Plaintiff Rembrandt Technologies, LP ("Plaintiff" or "Rembrandt") will take the deposition of Thomson, Inc. ("you" or "Thomson") beginning at 9:00 a.m., in the offices of KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C., 1615 M Street, N.W., Suite 400, Washington, D.C. 20036 on August 18, 2008, or at such time and place agreed to by counsel for the parties. The deposition will be taken pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and Rule 30 of the Court's Local Rules before an officer and reporter authorized to administer oaths. The deposition will be videotaped and recorded by stenographic means.

As required by Rule 30(b)(6) of the Federal Rules of Civil Procedure, you shall designate one or more officers, directors, managing agents, employees, or other sufficiently knowledgeable persons who consents to testify on your behalf with respect to each of the matters set forth in Exhibit A attached hereto, and the person(s) so designated shall be required to testify as to each of those matters known or reasonably available to you. Please provide notice of the identity of the witness(es) designated by you to counsel for Rembrandt no later than ten (10) business days prior to the date on which the deposition shall commence.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 30(b)(2) and Rule 34 of the Federal Rules of Civil Procedure, you are required to produce the documents listed in Exhibit B at or before the noticed deposition herein.  You are further required to produce prior to the deposition any and all information or material previously requested in discovery, but not yet produced.

Rembrandt reserves the right to amend or supplement this notice and these exhibits as more information becomes available to Rembrandt during the course of discovery.


Dated:  August 1, 2008                             Respectfully Submitted,

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.


By: _/s/ Rebecca A. Beynon_____

|  |  |
|---|---|
|  | Mark C. Hansen |
| Collins J. Seitz, Jr. (#2237) | J.C. Rozendaal |
| Francis DiGiovanni (#3189) | Aaron M. Panner |
| James D. Heisman (#2746) | Rebecca A. Beynon |
| Kristen Healey Cramer (#4512) | KELLOGG, HUBER, HANSEN, TODD, EVANS & |
| CONNOLLY BOVE LODGE & HUTZ LLP | FIGEL, P.L.L.C. |
| 1007 N. Orange Street | 1615 M. Street, NW |
| P.O. Box 2207 | Suite 400 |
| Wilmington, Delaware 19899 | Washington, D.C. 20036 |
| (302) 658-9141 | (202) 326-7900 |
|  | mhansen@khhte.com |
| Max L. Tribble, Jr. | jrozendaal@khhte.com |
| SUSMAN GODFREY L.L.P. | apanner@khhte.com |
| 1000 Louisiana Street, Suite 5100 | rbeynon@khhte.com |
| Houston, Texas 77002-5096 |  |
| (713) 651-9366 |  |
|  |  |
| Brooke A.M. Taylor |  |
| Edgar Sargent |  |
| Matthew R. Berry |  |
| SUSMAN GODFREY L.L.P. |  |
| 1201 Third Avenue, Suite 3800 |  |
| Seattle, Washington 98101-3000 |  |
| (206) 516-3880 |  |

*Attorneys for Rembrandt*

# EXHIBIT A

# DEFINITIONS

The following definitions apply to this Notice of Deposition and are deemed to be incorporated into each subject listed below:

1.      The phrase "relating to" means discussing, describing, referring to, pertaining to, containing, analyzing, studying, reporting on, commenting on, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

2.      The term "document" or "documents" is used in the broadest sense permitted by the Federal Rules of Civil Procedure and means the original (or any copy when originals are not available) and any drafts or non-identical copies thereof, whether different from the original because of interlineation, receipt stamp, notation of copy sent or received or otherwise, of any book, pamphlet, periodical, letter, report, note, memorandum, record, minutes, calendar or diary entry, transcript, study, compilation, patent, patent application, analysis, tabulation, map, diagram, drawing, plan, picture, summary, working paper, chart, paper, graph index, data sheet, data processing card, computer printout, summary of a computer printout, tape, contract, agreement, lease, ledger, journal, balance sheet, account, invoice, purchase order, receipt, billing record, financial data, financial statement, file, diary, film, trip tickets, telex, teletype or other messages, telegram, expense vouchers, instructions, bulletins or any other writing or recording of information, however produced, recorded, maintained or reproduced, including any electronic or mechanical recording of any oral material, within the possession, custody or control of defendant or any of its officers, directors, employees, attorneys, or other agents and/or representatives.

3.      The term "including" shall mean including but not limited to.

4.      The term "person" means natural person, corporation, firm, company, sole proprietorship, partnership, joint venture, association, institute, or other business, legal or governmental entity or association, including any directors, officers, employees, agents or representatives thereof.

5.      The term "communication" (or any variant thereof) means any contact between or among two or more Persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, e-mail, or any other document; the transmittal of information by any means; any oral contact such as face-to-face meetings or telephone conversations; and any writings memorializing such oral contact.

6.      "Thing" means any tangible object other than a Document including, without limitation, objects of every kind and nature, as well as prototypes, models, drafts, or specimens thereof.

7.      As used herein, "the Defendant(s)" means the following entities and their subsidiaries, affiliates, divisions, successors or assignees, and their respective officers, directors, employees, and agents:  Time Warner Cable, Inc., Time Warner Cable LLC, Time Warner New York Cable LLC, Time Warner Entertainment Company, LP, Time Warner Entertainment–Advance/Newhouse Partnership, Comcast Corporation, Comcast Cable Communications, LLC, Charter Communications, Inc., Charter Communications Operating, LLC, Coxcom, Inc., Cox Communications, Inc., Cox Enterprises, Inc., CSC Holdings, Inc., Cablevision Systems Corporation, Adelphia Communications Corporation, Century-TCI California, LP, Century-TCI California Communications, LP, Century-TCI Holdings, LLC, Parnassos, LP, Parnassos Communications, LP, Adelphia Consolidation, LLC, Parnassos Holdings, LLC, Western NY Cablevision, LP, Motorola, Inc., Cisco Systems, Inc., Scientific-Atlanta, Inc., ARRIS Group,

Inc., Thomson, Inc., Ambit Microsystems, Inc., and NETGEAR, Inc. In the case of Comcast Corporation, this definition includes, without limitation, Sedna.

8.      As used herein, "Thomson," "you," or "your" means Thomson, Inc. and its agents, subsidiaries, related entities, affiliated companies, predecessors, successors, assigns, officers, directors, partners, employees, representatives (in their individual or representative capacities), affiliates of any kind or nature, or any person or entity acting on their behalf.

9.      As used herein, "Rembrandt" shall mean Rembrandt Technologies, LP including without limitation all of its corporate locations, and all predecessors, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, and attorneys.

10.      The terms "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of these requests all documents which might otherwise be construed to be outside their scope.

11.      The term "all" shall mean any and all, and the term "any" shall mean any and all, unless the context clearly requires otherwise.

12.      References to the singular shall include the plural, and references to the plural shall include the singular as may be appropriate or construe the individual topics for examination in the broadest form.

13.      The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa as may be appropriate to make the individual topics for examination inclusive rather than exclusive.

14.      Any reference to any individual person, either singularly or as a part of a defined group, includes that individual person's employees, agents, successors, assignees, heirs, and representatives.

15.    The term "Patents-in-Suit" shall mean United States patents numbers:  6,131,159;

5,710,761; 5,778,234; 6,950,444; 5,008,903; 4,937,819; 5,719,858; and 5,852,631.

16.    As used herein, the term "CableLabs" shall mean Cable Television Laboratories,

Inc. and its agents, subsidiaries, related entities, affiliated companies, predecessors, successors,

assigns, officers, directors, partners, employees, representatives (in their individual or

representative capacities), affiliates of any kind or nature, or any person or entity acting on their

behalf.

17.    The term "cable industry" shall mean entities, including but not limited to the

MSO Defendants, that provide "cable services" within the meaning of 47 U.S.C. § 522(6) or that

provide to such entities information, products, or services related to the provision of cable

services within the meaning of 47 U.S.C. § 522(6).

18.    The term "Accused Products and Services" shall include all of Defendants'

services or products that involve in any way a cable modem or the use of a cable modem,

including but not limited to providing high speed cable internet services and VoIP services.

19.    The term "DOCSIS" shall refer to the commonly known industry specifications

referred to as DOCSIS 1.0, DOCSIS 1.1, DOCSIS 2.0, and DOCSIS 3.0.

20.    "DOCSIS-Compliant Devices" include cable modems or cable modem

termination systems that comply with any of the DOCSIS 1.0, 1.1,  2.0, or 3.0 specifications,

manufactured, sold, leased, offered for sale or used by the Defendants.

21.    As used herein, "Rembrandt multi-district litigation" means the litigation styled *In

re Rembrandt Technologies, LP Patent Litig.*, MDL Docket No. 07-md-1848 (D. Del.), and the

cases of which the multi-district litigation is comprised, including: *Rembrandt Technologies, LP

v. Cablevision Systems Corp. et al.*, Civil Action No. 1:06-635 (D. Del.); *Coxcom, Inc. v.*

*Rembrandt Technologies, LP*, C.A. No. 1:06-721 (D. Del.); *Rembrandt Technologies, LP v. CBS Corp.*, C.A. No. 1:06-727 (D. Del.); *Rembrandt Technologies, LP v. NBC Universal, Inc.*, C.A. No. 1:06-730 (D. Del.); *Rembrandt Technologies, LP v. ABC, Inc.*, C.A. No. 1:06-730 (D. Del.); *Rembrandt Technologies, LP v. Fox Entertainment Group, Inc., et al.*, C.A. No. 1:06-731 (D. Del.); *Rembrandt Technologies, LP v. Adelphia Communications Corp., et al.*, Bky. Advy. No. 1:06-1739 (Bankr. SDNY); *Rembrandt Technologies, LP v. Adelphia Communications Corp.*, C.A. No. 1:07-214 (SDNY); *Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:05-443 (E.D. Tex.); *Rembrandt Technologies, LP v. Sharp Corp., et al.*, C.A. No. 2:06-47 (E.D. Tex.); *Rembrandt Technologies, LP v. Charter Communications, Inc. et al.*, C.A. No. 2:06-223 (E.D. Tex.); *Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-224 (E.D. Tex.); *Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-369 (E.D. Tex.); *Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:06-506 (E.D. Tex.); *Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, C.A. No. 2:06-507 (E.D. Tex.).

22.    "Related Action" means each case of which the multi-district litigation is comprised (see ¶ 15 above), as well as *Rembrandt Technologies, LP v. Harris Corp.*, C.A. No. 07C-09-059-JRS (Del. Super. Ct.) and *Motorola, Inc., et al. v. Rembrandt Technologies, LP*, C.A. No. 07-752 (D. Del.).

## TOPICS FOR EXAMINATION

1.    When and how Thomson first became aware of each of the Patents-in-Suit.

2.    Who within Thomson first became aware of each of the Patents-in-Suit.

3.      What investigation, if any, Thomson conducted after becoming aware of any of the Patents-in-Suit to determine whether said patent(s) was valid, infringed, enforceable, or licensed.

4.      Any analysis, opinion, or inquiry regarding potential infringement of the claims in each of the Patents-in-Suit, including, but not limited to any pre-litigation and post-commencement-of-litigation investigations performed by or on behalf of you, your partners, your licensors, your customers, your resellers, and/or your affiliates, related to the potential infringement by any products or systems made, used, offered for sale, and/or sold by you, your partners, your licensors, your customers, you resellers, and/or your affiliates.

5.      Efforts by Thomson to design any products around the Patents-in-Suit.

6.      Thomson's policies and/or customs, whether in writing or oral, on investigating or refraining from investigating whether Thomson's products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

7.      Thomson's communications, whether internal or external, regarding whether to investigate if the Accused Products and Services infringed any patents owned by a third party.

8.      Thomson's communications, whether internal or external, regarding each of the Patents-in-Suit after Thomson became aware of them.

9.      Thomson's investigations into whether Thomson's products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

10.     The role of Sedna Services LLC in investigating whether Thomson's products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

11.    Thomson's understanding of the custom or practice in its industry to investigate whether products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

## **EXHIBIT B**

1.      All documents and things considered, reviewed, or prepared by Thomson in the course of preparing for the 30(b)(6) deposition on the subjects listed above in Exhibit A.

## CERTIFICATE OF SERVICE

I, Rebecca A. Beynon, hereby certify that on the first day of August, 2008, a true copy of

the foregoing **Notice of Videotaped Oral Deposition to Thomson Pursuant to Rule 30(b)(6)**

to be served upon the following in the manner indicated:

## BY E-MAIL

Jack B. Blumenfield
Karen Jacobs Louden
Rodger D. Smith II
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
jblumenfeld@mnat.com
klouden@mnat.com
rsmith@mnat.com

Richard K. Hermann
Mary B. Matterer
Amy Arnott Quinlan
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
rherrman@morrisjames.com

Fredrick L. Cottrell, III
Kelly E. Farnan
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
cottrell@rlf.com
farnan@rlf.com

John W. Shaw
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
jshaw@ycst.com

Richard D. Kirk
Scott G. Wilcox
Stephen B. Brauerman
Bayard, PA
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899
rkirk@bayardlaw.com
swilcox@bayardlaw.com
sbrauerman@bayardlaw.com

Peter J. Toren
Lawrence B. Goodwin
Monica V. Bhattacharyya
Stefan R. Stoyanov
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, NY 10019
ptoren@kasowitz.com
lgoodwin@kasowitz.com
mbhattacharyya@kasowitz.com
sstoyanov@kasowitz.com

Josh A. Drevitt
Charles J. Bourdreau
Gibson, Dunn & Crutcher LLP
200 Park Avenue, 47th Floor
New York, New York 10166-0193
jkrevitt@gibsondunn.com
cboudreau@gibsondunn.com


Amanda J. Tessar
Gibson, Dunn & Crutcher LLP
1801 California Street, Suite 4200
Denver, CO 80202-2642
atessar@gibsondunn.com


Matthew D. Powers
Edward R. Reines
Weil Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
matthew.powers@weil.com
edward.reines@weil.com


John Desmarais
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022
jdesmarais@kirkland.com


Mitchell Stockwell
Kilpatrick & Stockton LLP
110 Peachtree Street, N.E.
Suite 2800
Atlanta, GA 30309
MStockwell@KilpatrickStockton.com


Richard Brown
Day Pitney LLP
200 Campus Drive
Florham Park, NJ 07932
rbrown@daypitney.com

David Segal
Gibson, Dunn & Crutcher LLP
3161 Michelson Drive
Irvina, California 92612-4412
dsegal@gibsondunn.com


David S. Benyacar
Daniel L. Reisner
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
dbenyacar@kayescholer.com
dreisner@kayescholer.com


Robert A. Van Nest
Brian L. Ferrall
Daralyn J. Durie
Leo L. Lam
Matthew M. Werdegar
Keker & Van Nest LLP
710 Sansome Street
San Franscisco, CA 94111
rvannest@kvn.com
bferrall@kvn.com
ddurie@kvn.com
llam@kvn.com
mwerdegar@kvn.com


Eric R. Lamison
Kirkland & Ellis LLP
555 California Street, Ste. 2700
San Francisco, CA 94104
elamison@kirkland.com

Bradford P. Lyerla
Kevin D. Hogg
Charles E. Juister
Marshall, Gerstein & Borun LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
blyerla@marshallip.com
khogg@marshallip.com
cjuister@marshallip.com


Jonathan Tropp
Day Pitney LLP
One Canterbury Green
201 Broad Street
Stamford, CT 06901
jbtropp@daypitney.com

Gerald Levy
Day Pitney LLP
7 Times Square
New York, NY 10036
glevy@daypitney.com


By:  _/s/ Rebecca A. Beynon_____
    Rebecca A. Beynon
    rbeynon@khhte.com

# EXHIBIT M

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| _____ | ) | |
| | ) | |
| In re: REMBRANDT TECHNOLOGIES, LP | ) | **MDL Docket No. 07-md-1848 (GMS)** |
| PATENT LITIGATION | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| _____ | ) | |

**PLAINTIFF'S PARTIAL NOTICE OF VIDEOTAPED
OReaL DEPOSITION TO DEFENDANTS PURSUANT TO RULE 30(B)(6)**

PLEASE TAKE NOTICE that Plaintiff Rembrandt Technologies, LP ("Plaintiff" or

"Rembrandt") will take the deposition of Time Warner Cable, Inc., Time Warner Cable LLC,

Time Warner New York Cable LLC, Time Warner Entertainment Company, LP, and Time

Warner Entertainment-Advance/Newhouse Partnership (collectively, "you" or "Time Warner

Cable**"**) beginning at 9:00 a.m., in the offices of KELLOGG, HUBER, HANSEN, TODD,

EVANS & FIGEL, P.L.L.C., 1615 M Street, N.W., Suite 400, Washington, D.C. 20036 on

August 18, 2008, or at such time and place agreed to by counsel for the parties.  The deposition

will be taken pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and Rule 30 of

the Court's Local Rules before an officer and reporter authorized to administer oaths.  The

deposition will be videotaped and recorded by stenographic means.

As required by Rule 30(b)(6) of the Federal Rules of Civil Procedure, you shall designate

one or more officers, directors, managing agents, employees, or other sufficiently knowledgeable

persons who consents to testify on your behalf with respect to each of the matters set forth in

Exhibit A attached hereto, and the person(s) so designated shall be required to testify as to each

of those matters known or reasonably available to you.  Please provide notice of the identity of

the witness(es) designated by you to counsel for Rembrandt no later than ten (10) business days prior to the date on which the deposition shall commence.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 30(b)(2) and Rule 34 of the Federal Rules of Civil Procedure, you are required to produce the documents listed in Exhibit B at or before the noticed deposition herein.  You are further required to produce prior to the deposition any and all information or material previously requested in discovery, but not yet produced.

Rembrandt reserves the right to amend or supplement this notice and these exhibits as more information becomes available to Rembrandt during the course of discovery.

Dated:  August 1, 2008                         Respectfully Submitted,

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

By:  /s/  Rebecca A. Beynon
Mark C. Hansen

Collins J. Seitz, Jr. (#2237)            J.C. Rozendaal
Francis DiGiovanni (#3189)            Aaron M. Panner
James D. Heisman (#2746)            Rebecca A. Beynon
Kristen Healey Cramer (#4512)        KELLOGG, HUBER, HANSEN, TODD, EVANS &
CONNOLLY BOVE LODGE & HUTZ LLP            FIGEL, P.L.L.C.
1007 N. Orange Street                1615 M. Street, NW
P.O. Box 2207                        Suite 400
Wilmington, Delaware 19899            Washington, D.C. 20036
(302) 658-9141                       (202) 326-7900
                                     mhansen@khhte.com
Max L. Tribble, Jr.                  jrozendaal@khhte.com
SUSMAN GODFREY L.L.P.                apanner@khhte.com
1000 Louisiana Street, Suite 5100    rbeynon@khhte.com
Houston, Texas 77002-5096
(713) 651-9366

Brooke A.M. Taylor
Edgar Sargent
Matthew R. Berry
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
(206) 516-3880

*Attorneys for Rembrandt*

# EXHIBIT A

# DEFINITIONS

The following definitions apply to this Notice of Deposition and are deemed to be incorporated into each subject listed below:

1.     The phrase "relating to" means discussing, describing, referring to, pertaining to, containing, analyzing, studying, reporting on, commenting on, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

2.     The term "document" or "documents" is used in the broadest sense permitted by the Federal Rules of Civil Procedure and means the original (or any copy when originals are not available) and any drafts or non-identical copies thereof, whether different from the original because of interlineation, receipt stamp, notation of copy sent or received or otherwise, of any book, pamphlet, periodical, letter, report, note, memorandum, record, minutes, calendar or diary entry, transcript, study, compilation, patent, patent application, analysis, tabulation, map, diagram, drawing, plan, picture, summary, working paper, chart, paper, graph index, data sheet, data processing card, computer printout, summary of a computer printout, tape, contract, agreement, lease, ledger, journal, balance sheet, account, invoice, purchase order, receipt, billing record, financial data, financial statement, file, diary, film, trip tickets, telex, teletype or other messages, telegram, expense vouchers, instructions, bulletins or any other writing or recording of information, however produced, recorded, maintained or reproduced, including any electronic or mechanical recording of any oral material, within the possession, custody or control of defendant or any of its officers, directors, employees, attorneys, or other agents and/or representatives.

3.     The term "including" shall mean including but not limited to.

4.     The term "person" means natural person, corporation, firm, company, sole proprietorship, partnership, joint venture, association, institute, or other business, legal or governmental entity or association, including any directors, officers, employees, agents or representatives thereof.

5.     The term "communication" (or any variant thereof) means any contact between or among two or more Persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, e-mail, or any other document; the transmittal of information by any means; any oral contact such as face-to-face meetings or telephone conversations; and any writings memorializing such oral contact.

6.     "Thing" means any tangible object other than a Document including, without limitation, objects of every kind and nature, as well as prototypes, models, drafts, or specimens thereof.

7.     As used herein, "the Defendant(s)" means the following entities and their subsidiaries, affiliates, divisions, successors or assignees, and their respective officers, directors, employees, and agents:  Time Warner Cable, Inc., Time Warner Cable LLC, Time Warner New York Cable LLC, Time Warner Entertainment Company, LP, Time Warner Entertainment–Advance/Newhouse Partnership, Comcast Corporation, Comcast Cable Communications, LLC, Charter Communications, Inc., Charter Communications Operating, LLC, Coxcom, Inc., Cox Communications, Inc., Cox Enterprises, Inc., CSC Holdings, Inc., Cablevision Systems Corporation, Adelphia Communications Corporation, Century-TCI California, LP, Century-TCI California Communications, LP, Century-TCI Holdings, LLC, Parnassos, LP, Parnassos Communications, LP, Adelphia Consolidation, LLC, Parnassos Holdings, LLC, Western NY Cablevision, LP, Motorola, Inc., Cisco Systems, Inc., Scientific-Atlanta, Inc., ARRIS Group,

Inc., Thomson, Inc., Ambit Microsystems, Inc., and NETGEAR, Inc. In the case of Comcast Corporation, this definition includes, without limitation, Sedna.

8.      As used herein, "Time Warner Cable," "you," or "your" means Time Warner Cable, Inc., Time Warner Cable LLC, Time Warner New York Cable LLC, Time Warner Entertainment Company, LP, and Time Warner Entertainment-Advance/Newhouse Partnership and their agents, subsidiaries, related entities, affiliated companies, predecessors, successors, assigns, officers, directors, partners, employees, representatives (in their individual or representative capacities), affiliates of any kind or nature, or any person or entity acting on their behalf.

9.      As used herein, "Rembrandt" shall mean Rembrandt Technologies, LP including without limitation all of its corporate locations, and all predecessors, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, and attorneys.

10.     The terms "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of these requests all documents which might otherwise be construed to be outside their scope.

11.     The term "all" shall mean any and all, and the term "any" shall mean any and all, unless the context clearly requires otherwise.

12.     References to the singular shall include the plural, and references to the plural shall include the singular as may be appropriate or construe the individual topics for examination in the broadest form.

13.     The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa as may be appropriate to make the individual topics for examination inclusive rather than exclusive.

14.     Any reference to any individual person, either singularly or as a part of a defined group, includes that individual person's employees, agents, successors, assignees, heirs, and representatives.

15.     The term "Patents-in-Suit" shall mean United States patents numbers:  6,131,159; 5,710,761; 5,778,234; 6,950,444; 5,008,903; 4,937,819; 5,719,858; and 5,852,631.

16.     As used herein, the term "CableLabs" shall mean Cable Television Laboratories, Inc. and its agents, subsidiaries, related entities, affiliated companies, predecessors, successors, assigns, officers, directors, partners, employees, representatives (in their individual or representative capacities), affiliates of any kind or nature, or any person or entity acting on their behalf.

17.     The term "cable industry" shall mean entities, including but not limited to the MSO Defendants, that provide "cable services" within the meaning of 47 U.S.C. § 522(6) or that provide to such entities information, products, or services related to the provision of cable services within the meaning of 47 U.S.C. § 522(6).

18.     The term "Accused Products and Services" shall include all of Defendants' services or products that involve in any way a cable modem or the use of a cable modem, including but not limited to providing high speed cable internet services and VoIP services.

19.     The term "DOCSIS" shall refer to the commonly known industry specifications referred to as DOCSIS 1.0, DOCSIS 1.1, DOCSIS 2.0, and DOCSIS 3.0.

20.     "DOCSIS-Compliant Devices" include cable modems or cable modem termination systems that comply with any of the DOCSIS 1.0, 1.1,  2.0, or 3.0 specifications, manufactured, sold, leased, offered for sale or used by the Defendants.

21.    As used herein, "Rembrandt multi-district litigation" means the litigation styled *In re Rembrandt Technologies, LP Patent Litig.*, MDL Docket No. 07-md-1848 (D. Del.), and the cases of which the multi-district litigation is comprised, including: *Rembrandt Technologies, LP v. Cablevision Systems Corp. et al.*, Civil Action No. 1:06-635 (D. Del.); *Coxcom, Inc. v. Rembrandt Technologies, LP*, C.A. No. 1:06-721 (D. Del.); *Rembrandt Technologies, LP v. CBS Corp.*, C.A. No. 1:06-727 (D. Del.); *Rembrandt Technologies, LP v. NBC Universal, Inc.*, C.A. No. 1:06-730 (D. Del.); *Rembrandt Technologies, LP v. ABC, Inc.*, C.A. No. 1:06-730 (D. Del.); *Rembrandt Technologies, LP v. Fox Entertainment Group, Inc., et al.*, C.A. No. 1:06-731 (D. Del.); *Rembrandt Technologies, LP v. Adelphia Communications Corp., et al.*, Bky. Advy. No. 1:06-1739 (Bankr. SDNY); *Rembrandt Technologies, LP v. Adelphia Communications Corp.*, C.A. No. 1:07-214 (SDNY); *Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:05-443 (E.D. Tex.); *Rembrandt Technologies, LP v. Sharp Corp., et al.*, C.A. No. 2:06-47 (E.D. Tex.); *Rembrandt Technologies, LP v. Charter Communications, Inc. et al.*, C.A. No. 2:06-223 (E.D. Tex.); *Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-224 (E.D. Tex.); *Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-369 (E.D. Tex.); *Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:06-506 (E.D. Tex.); *Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, C.A. No. 2:06-507 (E.D. Tex.).

22.    "Related Action" means each case of which the multi-district litigation is comprised (see ¶ 15 above), as well as *Rembrandt Technologies, LP v. Harris Corp.*, C.A. No. 07C-09-059-JRS (Del. Super. Ct.) and *Motorola, Inc., et al. v. Rembrandt Technologies, LP*, C.A. No. 07-752 (D. Del.).

## TOPICS FOR EXAMINATION

1.      When and how Time Warner Cable first became aware of each of the Patents-in-Suit.

2.      Who within Time Warner Cable first became aware of each of the Patents-in-Suit.

3.      What investigation, if any, Time Warner Cable conducted after becoming aware of any of the Patents-in-Suit to determine whether said patent(s) was valid, infringed, enforceable, or licensed.

4.      Any analysis, opinion, or inquiry regarding potential infringement of the claims in each of the Patents-in-Suit, including, but not limited to any pre-litigation and post-commencement-of-litigation investigations performed by or on behalf of you, your partners, your licensors, your customers, your resellers, and/or your affiliates, related to the potential infringement by any products or systems made, used, offered for sale, and/or sold by you, your partners, your licensors, your customers, you resellers, and/or your affiliates.

5.      Efforts by Time Warner Cable to design any products around the Patents-in-Suit.

6.      Time Warner Cable's policies and/or customs, whether in writing or oral, on investigating or refraining from investigating whether Time Warner Cable's products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

7.      Time Warner Cable's communications, whether internal or external, regarding whether to investigate if the Accused Products and Services infringed any patents owned by a third party.

8.      Time Warner Cable's communications, whether internal or external, regarding each of the Patents-in-Suit after Time Warner Cable became aware of them.

9.      Time Warner Cable's investigations into whether Time Warner Cable's products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

10.     The role of Sedna Services LLC in investigating whether Time Warner Cable's products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

11.     Time Warner Cable's understanding of the custom or practice in its industry to investigate whether products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

## **EXHIBIT B**

1.      All documents and things considered, reviewed, or prepared by Time Warner Cable in the course of preparing for the 30(b)(6) deposition on the subjects listed above in Exhibit A.

## <u>CERTIFICATE OF SERVICE</u>

I, Rebecca A. Beynon, hereby certify that on the first day of August, 2008, a true copy of

the foregoing **Notice of Videotaped Oral Deposition to Time Warner Cable Pursuant to**

**Rule 30(b)(6)** to be served upon the following in the manner indicated:

### <u>BY E-MAIL</u>

Jack B. Blumenfield
Karen Jacobs Louden
Rodger D. Smith II
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
jblumenfeld@mnat.com
klouden@mnat.com
rsmith@mnat.com

Richard K. Hermann
Mary B. Matterer
Amy Arnott Quinlan
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
rherrman@morrisjames.com

Fredrick L. Cottrell, III
Kelly E. Farnan
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
cottrell@rlf.com
farnan@rlf.com

John W. Shaw
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
jshaw@ycst.com

Richard D. Kirk
Scott G. Wilcox
Stephen B. Brauerman
Bayard, PA
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899
rkirk@bayardlaw.com
swilcox@bayardlaw.com
sbrauerman@bayardlaw.com

Peter J. Toren
Lawrence B. Goodwin
Monica V. Bhattacharyya
Stefan R. Stoyanov
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, NY 10019
ptoren@kasowitz.com
lgoodwin@kasowitz.com
mbhattacharyya@kasowitz.com
sstoyanov@kasowitz.com

Josh A. Drevitt
Charles J. Bourdreau
Gibson, Dunn & Crutcher LLP
200 Park Avenue, 47th Floor
New York, New York 10166-0193
jkrevitt@gibsondunn.com
cboudreau@gibsondunn.com

Amanda J. Tessar
Gibson, Dunn & Crutcher LLP
1801 California Street, Suite 4200
Denver, CO 80202-2642
atessar@gibsondunn.com

Matthew D. Powers
Edward R. Reines
Weil Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
matthew.powers@weil.com
edward.reines@weil.com

John Desmarais
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022
jdesmarais@kirkland.com

Mitchell Stockwell
Kilpatrick & Stockton LLP
110 Peachtree Street, N.E.
Suite 2800
Atlanta, GA 30309
MStockwell@KilpatrickStockton.com

Richard Brown
Day Pitney LLP
200 Campus Drive
Florham Park, NJ 07932
rbrown@daypitney.com

David Segal
Gibson, Dunn & Crutcher LLP
3161 Michelson Drive
Irvina, California 92612-4412
dsegal@gibsondunn.com

David S. Benyacar
Daniel L. Reisner
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
dbenyacar@kayescholer.com
dreisner@kayescholer.com

Robert A. Van Nest
Brian L. Ferrall
Daralyn J. Durie
Leo L. Lam
Matthew M. Werdegar
Keker & Van Nest LLP
710 Sansome Street
San Franscisco, CA 94111
rvannest@kvn.com
bferrall@kvn.com
ddurie@kvn.com
llam@kvn.com
mwerdegar@kvn.com

Eric R. Lamison
Kirkland & Ellis LLP
555 California Street, Ste. 2700
San Francisco, CA 94104
elamison@kirkland.com

Bradford P. Lyerla
Kevin D. Hogg
Charles E. Juister
Marshall, Gerstein & Borun LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
blyerla@marshallip.com
khogg@marshallip.com
cjuister@marshallip.com


Jonathan Tropp
Day Pitney LLP
One Canterbury Green
201 Broad Street
Stamford, CT 06901
jbtropp@daypitney.com

Gerald Levy
Day Pitney LLP
7 Times Square
New York, NY 10036
glevy@daypitney.com

By:  _/s/ Rebecca A. Beynon_____
        Rebecca A. Beynon
        rbeynon@khhte.com