**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: REMBRANDT TECHNOLOGIES, LP PATENT LITIGATION, ) ) ) | MDL Docket No. 07-md-1848 (GMS) |
| ) | |
| MOTOROLA, INC., CISCO SYSTEMS, INC., SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, INC., THOMSON, INC., AMBIT MICROSYSTEMS, INC., and NETGEAR, INC., ) ) ) ) ) ) | C.A. NO. 07-752 (GMS) |
| Plaintiffs, ) ) | |
| v. ) ) | |
| REMBRANDT TECHNOLOGIES, LP, ) ) | |
| Defendant. ) ) | |

**REMBRANDT'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE, OR IN THE
ALTERNATIVE, TO DISMISS, MODEM MANUFACTURERS' ANTITRUST AND
UNFAIR COMPETITION COUNTER-COUNTERCLAIMS**

**I.    SUMMARY**

Rembrandt Technologies, LP, and Rembrandt Technologies, LLC d/b/a Remstream ("Rembrandt"), moved to strike the self-styled "counter-counterclaims" brought by Motorola, Inc., Cisco Systems, Inc., Scientific-Atlanta, Inc., Arris Group, Inc., Thomson, Inc., Ambit Microsystems, Inc. and NETGEAR, Inc. (the "Modem Manufacturers") (D.I. 263). In response, Modem Manufacturers opposed (D.I. 274). This is Rembrandt's reply.

Modem Manufacturers' counter-counterclaims are improper because they attempt to circumvent this Court's scheduling order, which required the Modem Manufacturers to file their final amended complaint by April 11, 2008. There is no justification for the Modem Manufacturers' failure to bring their claims by that deadline, because the Modem Manufacturers

were aware of all the facts upon which their claims supposedly rely in advance of that date. Nothing in Rembrandt's counterclaims justifies the Modem Manufacturers' tactics – to the contrary, Rembrandt's counterclaims do not even implicate them. Rembrandt will be prejudiced if Modem Manufacturers are allowed to add these counter-counterclaims at this late date.

## II.    MODEM MANUFACTURERS' COUNTER-COUNTERCLAIMS ARE NEITHER PROPER NOR TIMELY

The Modem Manufacturers' counter-counterclaims are improper and untimely because the Modem Manufacturers knew all of the facts they purport support their antitrust and unfair competition claims and had actually drafted their claims long ago – at least as of April 11, 2008, when they drafted their proposed Amended Complaint prior to moving to amend their complaint. They were fully aware of the facts underlying the claims they now seek to bring, and they chose not to bring all of them. They should not be permitted to do so now.

Modem Manufacturers cite *Pogue*, *Weight Watchers*, and *Southeastern* as supporting their assertion that a plaintiff may counterclaim in its reply (MM Br. at 4-5). But in each of those cases, the court addressed the matter as a motion to amend the complaint. *Pogue v. Allied Products Corp.*, No. 89-3548, 1989 U.S. Dist. LEXIS 11092, at *10 (N.D. Ill. Sept. 19, 1989); *Weight Watchers Int'l, Inc. v. The Stouffer Corp.*, No. 88-7062, 1989 U.S. Dist. LEXIS 13518, at *4 (S.D.N.Y. Nov. 14, 1989); *Southeastern Indus. Tire Co. v. Duraprene Corp.*, 70 F.R.D. 585, 588 (E.D. Pa. 1976). They thus say nothing about whether Modem Manufacturers - having been afforded already a final opportunity to amend their complaint – should be allowed to circumvent this Court's scheduling order.

Modem Manufacturers further rely on *Joseph Bancroft & Sons Co. v. M. Lowenstein & Sons, Inc.*, 50 F.R.D. 415 (D. Del. 1970), but in that case, a counter-counterclaim was permitted because the non-moving party's counterclaim added substantial new claims – the modifications

were anything but "minor" – introducing new subject matter into the litigation. Defendant's new counterclaims in *Bancroft* were "directed not only to the agreement upon which plaintiff had brought suit, but also to numerous other agreements," thus *new*, previously unasserted causes of action were added by the counterclaims in *Bancroft*. *Id.* at 417. That is not the case here. The only "new" averment in the counterclaim brought by Rembrandt in its answer and counterclaims was infringement of U.S. Patent No. 5,243,627, which *was not even directed to Modem Manufacturers*. *See* D.I. 193. Modem Manufacturers did not reply to that amended counterclaim for that reason. *See* D.I. 235. Thus, Rembrandt's counterclaim (against different parties) does not give good cause to Modem Manufacturers to bring counter-counterclaims of which they were aware well before filing their amended complaint.

Modem Manufacturers also mistakenly rely on *Soilworks, LLC v. Midwest Industrial Supply, Inc.*, No. 06-2141, 2007 U.S. Dist. LEXIS 37595 (D. Ariz. May 22, 2007). *Soilworks* is distinguishable because in that case, the defendant averred that it owned another patent not mentioned in plaintiff's complaint and counterclaimed that plaintiff infringed its trademark. Plaintiff counter-counterclaimed for a declaratory judgment of non infringement of the newly mentioned patent. *See Soilworks* at *2-3; *see also* Ex. A, collecting the complaint, answer and reply from the *Soilworks* pleadings. In this case, Modem Manufacturers had all of the information they needed to bring their claims in their amended complaint as evidenced by their virtually identical draft amended complaint they shared with Rembrandt. *See* D.I. 197 at Ex. A.

Similarly, *Power Tools & Supply, Inc. v. Cooper Power Tools, Inc.*, No. 05-73615, 2007 U.S. Dist. LEXIS 29571 (E.D. Mich. Apr. 20, 2007), is distinguishable because the court had previously *ordered* the plaintiff in that case to bring certain limited claims in its Fourth Amended Complaint. Plaintiff's eventual counter-counterclaims were not included in the list of claims set

forth in the court's order (Ex. B). There is no indication in *Power Tools* that the plaintiff had previously known of all the facts upon which it based its amended complaint. This is a far cry from the instant case, where Modem Manufacturers knew long before April 11, 2008 (the scheduling order's cut-off date for pleading amendments), of the facts averred in their "counter-counterclaims."

Modem Manufacturers offer no reason for failing to bring both Sherman Act Section 1 and 2 claims in their motion to amend their complaint (D.I. 147). They do not because they cannot. Modem Manufacturers had all the information underlying both claims, as evidenced by the draft amended complaint they shared with Rembrandt before filing their motion to amend.

### III.    WHETHER MODEM MANUFACTURERS' COUNTER-COUNTERCLAIMS ARE PERMISSIVE OR COMPULSORY DOES NOT ALTER THE FACT THAT THE CLAIMS SHOULD BE DISPOSED OF VIA THEIR MOTION TO AMEND

Modem Manufacturers suggest that their counter-counterclaims may be compulsory, MM Br. at 6, but this has no bearing on the propriety of their motion and whether it was brought in "good faith," *id.* Whether or not Modem Manufacturers were aware of these potential claims when they filed their original reply, they were aware of them when they filed their motion to amend their complaint. Indeed, Modem Manufacturers asked Rembrandt to stipulate that they could bring their unfair competition and Section 1 and Section 2 Sherman Act antitrust claims in their amended complaint. When Rembrandt declined to so stipulate, Modem Manufacturers moved to add only two of these claims. Modem Manufacturers did not add these claims as counter-counterclaims "out of an abundance of caution" (MM Br. at 7), but instead to get a second bite at the apple with respect to their unfair competition and Sherman Act Section 2 claims and to circumvent the result of their failure to move the court to allow them to bring their Sherman Act Section 1 claim in their proposed amended complaint.

IV.    **REMBRANDT WILL BE PREJUDICED IF MODEM MANUFACTURERS ARE ALLOWED TO ADD THESE CLAIMS**

Rembrandt has been prejudiced by Modem Manufacturers' attempt to add its self-styled counter-counterclaims. Modem Manufacturers were aware of the facts they aver in support of their antitrust and unfair competition claims before they moved to amend their complaint to add them. The parties stipulated to an agreed schedule; that schedule does not leave room for parties to ignore the deadlines to which they agreed and which this Court has ordered. As a substantive matter, the principal difference between the amended complaint is Modem Manufacturers' effort to add a Section 1 claim that they deliberately abandoned when they filed their motion for leave to amend. If Modem Manufacturers are allowed to slip this claim in the backdoor at this late date via their counter-counterclaims, Rembrandt will be harmed in terms of timing of this case and discovery burden. Similarly, if Modem Manufacturers are allowed to forgo the briefing regarding their unfair competition and Section 2 claims and simply add them in their reply, the judicial process will be skirted and Rembrandt will be harmed. Bringing counter-counterclaims is not orderly and can cause confusion to a jury. *Pogue*, 1989 U.S. Dist. LEXIS 11092 at *9, *Weight Watchers*, 1989 U.S. Dist. LEXIS 13518, at *4, *Southeastern*, 70 F.R.D. at 588. Courts prefer to allow a plaintiff to move to amend its complaint. *Pogue*, 1989 U.S. Dist. LEXIS 11092 at *10, *Weight Watchers*, 1989 U.S. Dist. LEXIS 13518, at *4, *Southeastern*, 70 F.R.D. at 588. Modem Manufacturers were given that opportunity and should be required to abide by the Court's anticipated decision regarding their motion to amend.

## V.  THE REASONS SUPPORTING REMBRANDT'S REQUEST THAT THE COUNTER-COUNTERCLAIMS BE DISMISSED FOR FAILURE TO STATE A CLAIM HAVE BEEN FULLY BRIEFED

As noted in Rembrandt's Motion to Strike Modem Manufacturers' Antitrust and Unfair Competition Counter-Counterclaims, Rembrandt requested in the alternative that the Counter-Counterclaims be dismissed for failure to state a claim for relief. Modem Manufacturers agree that that issue has been fully briefed. (MM Br. at 9). *See* D.I. 147, D.I. 197, and D.I. 228. Modem Manufacturers' counter-counterclaims should alternatively be dismissed for the reasons articulated in Rembrandt's Opposition to Motion for Leave to Amend Complaint to Add Antitrust and Unfair Competition Claims (D.I. 197).

## VI.  CONCLUSION

For the reasons set forth in Rembrandt's motion and in this reply, Rembrandt requests that the Court strike, or in the alternative, dismiss, the counter-counterclaims filed by Modem Manufacturers.

                                                    */s/ Francis DiGiovanni*
                                                    Collins J. Seitz, Jr. (# 2237)
                                                    Francis DiGiovanni (# 3189)
                                                    James D. Heisman (# 2746)
                                                    Connolly Bove Lodge & Hutz LLP
                                                    1007 N. Orange Street
                                                    P.O. Box 2207
                                                    Wilmington, Delaware 19899
                                                    (302) 658-9141
                                                    cseitz@cblh.com
                                                    fdigiovanni@cblh.com
                                                    jheisman@cblh.com

                                                    *Attorneys for Rembrandt Technologies, LP and Rembrandt Technologies, LLC d/b/a Remstream*

Dated: August 4, 2008

                                                                            626191

- 6 -

# Exhibit A

1    E. SCOTT DOSEK (AZSBN #012114)
    JOHN P. PASSARELLI
2    KUTAK ROCK LLP
    Suite 300
3    8601 North Scottsdale Road
    Scottsdale, AZ 85253-2742
4    (480) 429-5000
    Facsimile: (480) 429-5001
5
    *Attorneys for Plaintiff*
6

7            **UNITED STATES DISTRICT COURT**

8          **IN AND FOR THE DISTRICT OF ARIZONA**

9

10    SOILWORKS, LLC, an Arizona         NO.:
    corporation,
11                        **COMPLAINT FOR DAMAGES AND**
        Plaintiff,           **EQUITABLE RELIEF AND DEMAND**
12                        **FOR JURY TRIAL**
    v.
13
    MIDWEST INDUSTRIAL SUPPLY, INC.,
14    an Ohio corporation authorized to do
    business in Arizona,
15
        Defendant.
16

17

18        Plaintiff, Soilworks, LLC ("Soilworks"), brings this action against Defendant,

    Midwest Industrial Supply, Inc. ("Midwest"), and alleges as follows:
19
                  **JURISDICTION AND VENUE**
20
      1.     This is a Complaint for an injunction, damages and other appropriate relief to
21
    stop Midwest from misrepresenting material facts concerning Soilworks and its products and
22
    Midwest and its products. In this action, Soilworks asserts violations of the Lanham Act,
23
    15 U.S.C. § 1041 et. seq., of the Arizona Deceptive Trade Practices Act, and of Arizona
24
    common law. In addition, Soilworks seeks declaratory relief under 28 U.S.C. §§ 2201 and
25
    1338 with regard to U.S. Patent No. 7,081,270 which Midwest purports to own.
26
      2.     This Court has subject matter over Soilworks' claims pursuant to 15 U.S.C.
27
    § 1121 and 28 U.S.C. §§ 1331, 1338 and supplemental jurisdiction under 28 U.S.C. § 1367.
28

1    3.    This Court has personal jurisdiction over Midwest by virtue of the fact that

2    Midwest does business in this judicial district, has a substantial nexus with the State of

3    Arizona and has committed tortious conduct in this judicial district.

4    4.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because

5    (i) Midwest conducts business in this judicial district; and (ii) a substantial part of the events

6    or omissions giving rise to the claims occurred, or a substantial part of the property that is the

7    subject of the action is situated, in this judicial district.

8    **THE PARTIES**

9    5.    Soilworks is a limited liability company that maintains its principal place of

10    business at 681 North Monterey Street, Suite 101, Gilbert, Arizona  85233.  All of the

11    members of Soilworks are residents and citizens of the state of Arizona.

12    6.    Upon information and belief, Midwest is a corporation incorporated under the

13    laws of a state other than Arizona and maintains its principal place of business in Canton,

14    Ohio.

15    **FACTUAL BACKGROUND**

16    7.    Soilworks distributes environmentally-safe soil stabilizers, dust control agents

17    and erosion control agents throughout the United States.  Soilworks has spent substantial

18    resources in the form of effort and capital in the sourcing, distribution and marketing of the

19    foregoing products and has built a reputation for providing excellent products in a timely

20    manner at a reasonable price.  Soilworks' business is national in scope and Soilworks has

21    earned the respect of distributors, customers and end users throughout the United States.

22    8.    Midwest competes with Soilworks and has recently embarked on a scheme to

23    injure the reputation that Soilworks has established with its distributors, customers and end

24    users. Pursuant to this scheme, Midwest has disparaged Soilworks and its products, falsely

25    represented that Soilworks is infringing alleged patent rights of Midwest, and falsely

26    represented that Soilworks' products fall within the scope of alleged patent claims owned by

27    Midwest.  Midwest also falsely represents characteristics and attributes of its company and

28    products.  Pursuant to this scheme, Midwest has attempted to divert sales from Soilworks

1    and injure Soilworks' reputation by, among other things, representing that Soilworks'
2    products infringe Midwest's alleged patent rights.

3         9.      Midwest has disseminated information and documentation to Soilworks'
4    distributors, customers and end users which is inaccurate, misleading and which is causing
5    irreparable harm and damage to Soilworks, Soilworks' reputation and the reputation of
6    Soilworks' products.

7         10.     Midwest's conduct is intended to cause mistake, deception and consumer
8    confusion and was done by Midwest with the intention of damaging Soilworks and the
9    reputation Soilworks has earned in the industry.  The conduct of Midwest wrongfully diverts
10   the potential market and customer loyalty to which Soilworks is entitled.

11        11.     Defendant has engaged in the foregoing wrongful conduct intentionally and in
12   order to profit from such conduct.  Midwest's conduct is causing, and will continue to cause,
13   irreparable harm to Soilworks and to tarnish and diminish the substantial goodwill Soilworks
14   has cultivated with respect to its company, products and the proprietary rights associated
15   therewith.

16        12.     Midwest has allegedly obtained a United States Patent with respect to a method
17   of chemical soil stabilization and dust control, U.S. Patent No. 7,081,270.   Midwest
18   intentionally has misrepresented the scope of said patent rights and has misrepresented to
19   Soilworks' distributors, customers and end users that Soilworks' products fall within the
20   scope of said patent rights, which is false.   Midwest has also represented to Soilworks'
21   distributors, customers and end users that Midwest owns a proprietary position with regard to
22   Midwest's products and services which is false and/or misleading.

23        13.     Midwest has disseminated marketing communications with regard to U.S.
24   Patent No. 7,081,270 that are false, misleading and intended to tarnish and diminish the
25   substantial goodwill Soilworks has cultivated with respect to its company, products and
26   Soilworks' proprietary rights associated therewith.

27

28

1    14.    Midwest has disseminated marketing communications with regard to U.S.

2   Patent No. 7,081,270 that are false, misleading and intended to misrepresent characteristics

3   of Midwest's products and its proprietary position with regard to those products.

**COUNT I**

**FALSE REPRESENTATION UNDER LANHAM ACT, § 43(A)**

6    15.    Soilworks incorporates by reference paragraphs 1 through 14 above.

7    16.    Midwest is disseminating information and documentary materials in a manner

8   that is likely to cause confusion, mistake and deception among consumers of Soilworks'

9   products regarding Soilworks' conduct and products.  Such activities will mislead and divert

10   customers of Soilworks and damage and tarnish the excellent reputation Soilworks has

11   established in the marketplace.

12    17.    Midwest has used, and continues to use, false and misleading statements and

13   representations of fact in commercial advertising and promotion, thereby misrepresenting the

14   nature, characteristics and qualities of their products, services and commercial activities of

15   those of competitors.

16    18.    Midwest's conduct constitutes false designation of origin and association in

17   violation of the Lanham Act, 15 U.S.C. § 1125(a).

18    19.    Midwest's unlawful conduct is causing Soilworks severe and irreparable harm

19   that cannot be adequately remedied solely by monetary damages.  Unless restrained and

20   enjoined by this Court, Midwest's unlawful actions are likely to continue, to Soilworks'

21   harm and detriment.

**COUNT II**

**DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201**

24    20.    Soilworks incorporates by reference paragraphs 1 through 19 above.

25    21.    Midwest has averred that the U.S. Patent No. 7,081,270 was duly and legally

26   issued, that Midwest is the lawful owner, including the right to sue and to recover for any

27   and all infringement of U.S. Patent No. 7,081,270 and that Soilworks infringes said patent.

28

1    22.    Soilworks denies that, either directly, contributorily and by inducement, it has

2    infringed, and that it is infringing, any valid and/or enforceable claim of U.S. Patent No.

3    7,081,270 and Soilworks further asserts that U.S. Patent No. 7,081,270 is invalid for failing

4    to satisfy the conditions for patentability set forth in Part II of Title 35 of the United States

5    Code, including, but not limited to, Sections 101, 102, 103 and 112.

6    23.    Soilworks alleges that there has been and is now an actual controversy between

7    Soilworks and Midwest as to the validity and scope of U.S. Patent No. 7,081,270.

8                                   **COUNT III**

9                      **MISAPPROPRIATION OF GOODWILL**

10    24.    Soilworks incorporates by reference paragraphs 1 through 23 above.

11    25.    Midwest's conduct, as set forth above, constitutes misappropriation of

12    Soilworks' valuable goodwill, reputation and business property.

13    26.    As a direct result of Midwest's actions, as set forth above, Soilworks has been

14    damaged.  Midwest's unlawful conduct has caused Soilworks severe and irreparable harm

15    that cannot be adequately remedied solely by monetary damages.  Unless restrained and

16    enjoined by this Court, Midwest's unlawful actions are likely to continue, to Soilworks'

17    harm and detriment.

18                                   **COUNT IV**

19              **TORTIOUS INTERFERENCE WITH BUSINESS**

20                **RELATIONSHIP AND EXPECTANCY**

21    27.    Soilworks incorporates by reference paragraphs 1 through 26 above.

22    28.    Soilworks makes a substantial number of sales and has established customer

23    relationships and has the expectancy to establish additional customer relationships as a result

24    of the excellent reputation of its products.

25    29.    Midwest knows of Soilworks' business relationships and expectancies and

26    without justification, intentionally interfered with existing business relationships and has

27    sought to frustrate Soilworks expected customer relationships.

28

1    30.    As a direct result of Midwest's actions, as set forth above, Soilworks has been

2    damaged.  Midwest's unlawful conduct is causing Soilworks severe and irreparable harm

3    that cannot be adequately remedied solely by monetary damages.  Unless restrained and

4    enjoined by this Court, Midwest's unlawful actions are likely to continue, to Soilworks'

5    harm and detriment.

6                                    **COUNT VI**

7                **ARIZONA COMMON LAW AND UNFAIR COMPETITION**

8    31.    Soilworks incorporates by reference paragraphs 1 through 30 above.

9    32.    Midwest's conduct constitutes unfair competition prohibited by Arizona

10   common law.  Midwest's conduct has caused, and will continue to cause, damage to

11   Soilworks.

12   33.    As a result of Midwest's actions, Soilworks has been damaged.  Midwest's

13   unlawful conduct is causing Soilworks severe and irreparable harm that cannot be adequately

14   remedied solely by monetary damages.  Unless restrained and enjoined by this Court,

15   Midwest's unlawful actions are likely to continue, to Soilworks' harm and detriment.

16                                **PRAYER FOR RELIEF**

17   WHEREFORE, Soilworks respectfully requests that the Court enter judgment against

18   Midwest as follows:

19   1.    For judgment against Midwest that it has committed the wrongful acts as

20   described herein.

21   2.    That the Court issue temporary and permanent injunctive relief against

22   Midwest, and Midwest's officers, agents, representatives, servants, employees, attorneys,

23   successors and assigns, and all others in active concert or participation with Midwest from:

24          (a)    Disparaging Soilworks and Soilworks' products;

25          (b)    Falsely representing that Soilworks is infringing alleged patent rights of

26   Midwest;

27          (c)    Falsely representing that Midwest owns a proprietary position with

28   regard to its products which it does not, in fact, own;

1           (d)     Using and misusing any and all alleged patent rights under U.S. Patent

2  No. 7,081,270 in competition with Soilworks; and

3           (e)     Disseminating marketing communications which are in any respect

4  false, misleading and are intended to tarnish and diminish the substantial goodwill

5  Soilworks has cultivated with respect to its company, products and Soilworks'

6  proprietary rights associated therewith.

7       3.     That the Court declare that Soilworks has not and does not infringe any valid

8  and/or enforceable claim of U.S. Patent No. 7,081,270, directly or indirectly, literally or by

9  equivalence.

10      4.     That the Court declare that each claim of U.S. Patent No. 7,081,270 is invalid.

11      5.     That the Court enjoin Midwest, its officers, agents, representatives,

12  distributors, employees, affiliates, parent and subsidiary corporations, attorneys and other

13  persons in active concert or participation with them from charging infringement or instituting

14  any action for infringement of U.S. Patent No. 7,081,270 against Soilworks or anyone in

15  privity with Soilworks, including its successors, assigns, agents, suppliers, distributors,

16  customers, licensees and sublicensees.

17      6.     That the Court award Soilworks actual damages, in an amount to be proven at

18  trial.

19      7.     That the Court award Soilworks treble damages, in an amount to be proven at

20  trial.

21      8.     That the Court award Soilworks punitive damages, in an amount to be proven

22  at trial.

23      9.     That the Court award Soilworks its attorneys' fees and costs incurred herein.

24     10.    That the Court grant Soilworks all other relief to which it is entitled and such

25  other or additional relief as is just and proper.

26

27

28

1    Dated this _____ day of September, 2006.

2                                    KUTAK ROCK LLP

3

4                                    By

5                                       E. Scott Dosek
                                        John P. Passarelli
6                                       Suite 300
                                        8601 North Scottsdale Road
7                                       Scottsdale, AZ  85253-2742

8                                    *Attorneys for Plaintiff*

9

10                          **DEMAND FOR JURY**

11

12    Soilworks hereby demands a trial by jury of all issues triable of right by a jury.

13

14                                    KUTAK ROCK LLP

15

16                                    By

17                                       E. Scott Dosek
                                        John P. Passarelli
18                                       Suite 300
                                        8601 North Scottsdale Road
19                                       Scottsdale, AZ  85253-2742

20                                    *Attorneys for Plaintiff*

21

22

23

24

25

26

27

28

4811-3471-4881.1                           8

⊗JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Soilworks, LLC | Midwest Industrial Supply, Inc. |

**(b)** County of Residence of First Listed Plaintiff    Maricopa
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Kutak Rock LLP
8601 N. Scottsdale Rd., #300, Scottsdale, AZ 85253

Attorneys (If Known)

## II. BASIS OF JURISDICTION     (Place an "X" in One Box Only)

| | |
|---|---|
| ❒ 1   U.S. Government  Plaintiff | ☒ 3   Federal Question  (U.S. Government Not a Party) |
| ❒ 2   U.S. Government  Defendant | ❒ 4   Diversity  (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❒ 1 | ❒ 1 | Incorporated or Principal Place of Business In This State | ❒ 4 | ❒ 4 |
| Citizen of Another State | ❒ 2 | ❒ 2 | Incorporated and Principal Place of Business In Another State | ❒ 5 | ❒ 5 |
| Citizen or Subject of a Foreign Country | ❒ 3 | ❒ 3 | Foreign Nation | ❒ 6 | ❒ 6 |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❒ 610 Agriculture | ❒ 422 Appeal 28 USC 158 | ❒ 400 State Reapportionment |
| ❒ 120 Marine | ❒ 310 Airplane | ❒ 362 Personal Injury - | ❒ 620 Other Food & Drug | ❒ 423 Withdrawal | ❒ 410 Antitrust |
| ❒ 130 Miller Act | ❒ 315 Airplane Product | Med. Malpractice | ❒ 625 Drug Related Seizure | 28 USC 157 | ❒ 430 Banks and Banking |
| ❒ 140 Negotiable Instrument | Liability | ❒ 365 Personal Injury - | of Property 21 USC 881 | | ❒ 450 Commerce |
| ❒ 150 Recovery of Overpayment | ❒ 320 Assault, Libel & | Product Liability | ❒ 630 Liquor Laws | **PROPERTY RIGHTS** | ❒ 460 Deportation |
| & Enforcement of Judgment | Slander | ❒ 368 Asbestos Personal | ❒ 640 R.R. & Truck | ❒ 820 Copyrights | ❒ 470 Racketeer Influenced and |
| ❒ 151 Medicare Act | ❒ 330 Federal Employers' | Injury Product | ❒ 650 Airline Regs. | ☒ 830 Patent | Corrupt Organizations |
| ❒ 152 Recovery of Defaulted | Liability | Liability | ❒ 660 Occupational | ❒ 840 Trademark | ❒ 480 Consumer Credit |
| Student Loans | ❒ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ❒ 490 Cable/Sat TV |
| (Excl. Veterans) | ❒ 345 Marine Product | ❒ 370 Other Fraud | ❒ 690 Other | | ❒ 810 Selective Service |
| ❒ 153 Recovery of Overpayment | Liability | ❒ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ❒ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❒ 350 Motor Vehicle | ❒ 380 Other Personal | ❒ 710 Fair Labor Standards | ❒ 861 HIA (1395ff) | Exchange |
| ❒ 160 Stockholders' Suits | ❒ 355 Motor Vehicle | Property Damage | Act | ❒ 862 Black Lung (923) | ❒ 875 Customer Challenge |
| ❒ 190 Other Contract | Product Liability | ❒ 385 Property Damage | ❒ 720 Labor/Mgmt. Relations | ❒ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ❒ 195 Contract Product Liability | ❒ 360 Other Personal | Product Liability | ❒ 730 Labor/Mgmt.Reporting | ❒ 864 SSID Title XVI | ❒ 890 Other Statutory Actions |
| ❒ 196 Franchise | Injury | | & Disclosure Act | ❒ 865 RSI (405(g)) | ❒ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❒ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ❒ 892 Economic Stabilization Act |
| ❒ 210 Land Condemnation | ❒ 441 Voting | ❒ 510 Motions to Vacate | ❒ 790 Other Labor Litigation | ❒ 870 Taxes (U.S. Plaintiff | ❒ 893 Environmental Matters |
| ❒ 220 Foreclosure | ❒ 442 Employment | Sentence | ❒ 791 Empl. Ret. Inc. | or Defendant) | ❒ 894 Energy Allocation Act |
| ❒ 230 Rent Lease & Ejectment | ❒ 443 Housing/ | **Habeas Corpus:** | Security Act | ❒ 871 IRS—Third Party | ❒ 895 Freedom of Information |
| ❒ 240 Torts to Land | Accommodations | ❒ 530 General | | 26 USC 7609 | Act |
| ❒ 245 Tort Product Liability | ❒ 444 Welfare | ❒ 535 Death Penalty | | | ❒ 900Appeal of Fee Determination |
| ❒ 290 All Other Real Property | ❒ 445 Amer. w/Disabilities - | ❒ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ❒ 550 Civil Rights | | | to Justice |
| | ❒ 446 Amer. w/Disabilities - | ❒ 555 Prison Condition | | | ❒ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ❒ 440 Other Civil Rights | | | | |

## V. ORIGIN     (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1  Original Proceeding | ❒ 2  Removed from State Court | ❒ 3  Remanded from Appellate Court | ❒ 4  Reinstated or Reopened | ❒ 5  Transferred from another district (specify) | ❒ 6  Multidistrict Litigation | ❒ 7  Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1041 et.seq.

Brief description of cause:

## VII. REQUESTED IN     COMPLAINT:

❒ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ❒ No

## VIII. RELATED CASE(S)     IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
9/7/06

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 11/04)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**     Example:     U.S. Civil Statute: 47 USC 553
                                                Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

BRYAN CAVE LLP, 00145700
Lawrence G. Scarborough, 006965
George C. Chen, 019704
Two N. Central Avenue, Suite 2200
Phoenix, AZ 85004-4406
Telephone: (602) 364-7000
Facsimile: (602) 364-7070
Email: lgscarborough@bryancave.com
Email: george.chen@bryancave.com

Attorneys for Defendant/Counterclaimant
Midwest Industrial Supply, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Soilworks, LLC, an Arizona corporation, | |
| Plaintiff, | No. 2:06-CV-02141-DGC |
| v. | |
| Midwest Industrial Supply, Inc., an Ohio corporation authorized to do business in Arizona, | |
| Defendant. | |
| Midwest Industrial Supply, Inc., an Ohio corporation authorized to do business in Arizona, | |
| Counterclaimant, | |
| v. | |
| Soilworks, LLC, an Arizona corporation, | |
| Counterdefendant. | |

## MIDWEST INDUSTRIAL SUPPLY, INC.'S
## ANSWER AND COUNTERCLAIMS

## MIDWEST INDUSTRIAL SUPPLY, INC.'S ANSWER

Defendant, Midwest Industrial Supply, Inc. ("Defendant"), through the undersigned counsel of record, hereby Answers the Complaint of Plaintiff, Soilworks, LLC, ("Plaintiff") as follows:

### JURISDICTION AND VENUE

1.    Defendant admits that Plaintiff purports to allege a Complaint for an injunction, damages and other relief.  Defendant admits that Plaintiff purports to allege a violation of the Lanham Act, the Arizona Deceptive Trade Practices Act, and of Arizona common law.  Defendant admits that Plaintiff purports to seek a declaratory judgment but otherwise denies each and every remaining allegation of Paragraph 1 of the Complaint.

2.    Defendant denies the allegations of Paragraph 2 of the Complaint.

3.    Defendant admits that it does business within this judicial district but otherwise denies each and every remaining allegation of Paragraph 3 of the Complaint.

4.    Defendant denies the allegations of Paragraph 4 of the Complaint.

### THE PARTIES

5.    Upon information and belief, Defendant admits that Soilworks is a limited liability company with its principal place of business located at 681 North Monterey Street, Suite 101, Gilbert Arizona 85233.  Defendant is without sufficient information to form a belief as to the remaining allegations of Paragraph 5 of the Complaint and, on that basis, denies the same.

6.    Defendant admits the allegations of Paragraph 6 of the Complaint.

### FACTUAL BACKGROUND

7.    Defendant is without sufficient information to form a belief as to the allegations of Paragraph 7 of the Complaint and, on that basis, denies the same.

8.    Defendant admits that Defendant competes with Plaintiff but otherwise denies each and every remaining allegation of Paragraph 8 of the Complaint.

9.    Defendant denies the allegations of Paragraph 9 of the Complaint.

10.    Defendant denies the allegations of Paragraph 10 of the Complaint.

) CAVE LLP
TWO NORTH C... RAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

CAVE LLP
TWO NORTH CE... AAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

11.    Defendant denies the allegations of Paragraph 11 of the Complaint.

12.    Defendant admits that is has obtained U.S. Patent No. 7,081,270. Defendant denies that it has made any false statement and/or misrepresentation to any of Plaintiff's distributors, customers and end users. Defendant is without sufficient information to form a belief as to what meaning Plaintiff gives regarding "Midwest owns a proprietary position" and, on that basis, denies the allegation of Paragraph 12 of the Complaint. Defendant denies any remaining allegation of Paragraph 12 of the Complaint.

13.    Defendant denies the allegations of Paragraph 13 of the Complaint.

14.    Defendant denies the allegations of Paragraph 14 of the Complaint.

## COUNT I
## FALSE REPRESENTATION UNDER LANHAM ACT, § 43(A)

15.    Defendant repeats and realleges its answers to paragraphs 1-14 as if fully set forth herein.

16.    Defendant denies the allegations of Paragraph 16 of the Complaint.

17.    Defendant denies the allegations of Paragraph 17 of the Complaint.

18.    Defendant denies the allegations of Paragraph 18 of the Complaint.

19.    Defendant denies the allegations of Paragraph 19 of the Complaint.

## COUNT II
## DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

20.    Defendant repeats and realleges its answers to paragraphs 1-19 as if fully set forth herein.

21.    Defendant admits that it has averred "U.S. Patent No. 7,081,270 was duly and legally issued [to Defendant], that [it] is the lawful owner, including the right to sue and to recover for any and all infringement (sic) of U.S. Patent No. 7,081,270" but otherwise denies that Defendant has averred Plaintiff "infringes said patent."

22.    Paragraph 22 of the Complaint sets forth legal and factual conclusions to which no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 22 of the Complaint.

23.    Defendant denies the allegations of Paragraph 23 of the Complaint.

## COUNT III
## MISAPPROPRIATION OF GOODWILL

24.    Defendant repeats and realleges its answers to paragraphs 1-23 as if fully set forth herein.

25.    Defendant denies the allegations of Paragraph 25 of the Complaint.

26.    Defendant denies the allegations of Paragraph 26 of the Complaint.

## COUNT IV
## TORTIOUS INTERFERENCE WITH BUSINESS
## RELATIONSHIP AND EXPECTANCY

27.    Defendant repeats and realleges its answers to paragraphs 1-26 as if fully set forth herein.

28.    Defendant is without sufficient information to form a belief as to the allegations of Paragraph 28 of the Complaint and, on that basis, denies the same.

29.    Defendant denies the allegations of Paragraph 29 of the Complaint.

30.    Defendant denies the allegations of Paragraph 30 of the Complaint.

## COUNT VI
## ARIZONA COMMON LAW AND UNFAIR COMPETITION

31.    Defendant denies there is a Count VI since there is no Count V.  Defendant repeats and realleges its answers to paragraphs 1-30 as if fully set forth herein.

32.    Defendant denies the allegations of Paragraph 32 of the Complaint.

33.    Defendant denies the allegations of Paragraph 33 of the Complaint.

## AFFIRMATIVE DEFENSES

34.    The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

35.    Plaintiff is not entitled to the damages sought in the Complaint.

3

36.    Plaintiff's claims for unfair competition are barred, in whole or in part, on the ground that Defendant's business practices are not unfair.

37.    The Complaint is barred, in whole or in part, by the doctrine of unclean hands.

38.    The Complaint is barred, in whole or in part, because Plaintiff has not suffered any damages or injury to its business or property as a result of the acts alleged to have been committed by Defendants.

39.    Plaintiff's state law claims are preempted by federal statutes.

WHEREFORE, Defendant Midwest Industrial Supply, Inc. prays for judgment as to Plaintiff's Complaint as follows:

A.    Plaintiff be required to pay Defendant its attorneys' fees and costs pursuant to the defense of this Complaint;

B.    That Plaintiff be afforded such other and further relief as the Court may deem just and equitable;

C.    That Plaintiff take nothing by way of its Complaint;

D.    That judgment be entered in favor of Defendant and that Plaintiff's Complaint be dismissed with prejudice;

E.    The Court enter judgment in favor of Defendant in the amount of its actual damages sustained as a consequence of Plaintiff's unlawful conduct, trebled as provided by law;

F.    That judgment be entered declaring that Defendant's patent is not invalid;

G.    That judgment be entered declaring that Plaintiff is not entitled to injunctive relief;

H.    That this be declared an exceptional case pursuant to 35 U.S.C. § 285; and,

I.    Such other and further relief as the Court may deem appropriate.

4

## MIDWEST INDUSTRIAL SUPPLY, INC.'S COUNTERCLAIMS

For its counterclaims against Soilworks, LLC ("Soilworks"), Midwest Industrial Supply, Inc. ("Midwest") restates and incorporates by reference the allegations set forth in its Answer as if fully set forth herein and further states as follows:

### THE PARTIES

1.     Midwest is an Ohio corporation that maintains its principal place of business in Canton, Ohio.

2.     Based on information and belief, Soilworks is a limited liability company that maintains its principal place of business at 681 North Monterey Street, Suite 101, Gilbert, Arizona 85233.   Based on information and belief, each of the members of Soilworks is a resident and citizen of the State of Arizona.

### JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as there is complete diversity between Midwest and Soilworks and the amount in controversy exceeds $75,000.   This Court also has subject matter jurisdiction over Midwest's federal claims under the Lanham Act, 15 U.S.C. §§ 1041 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, pursuant to 15 U.S.C. §§ 1121 and 28 U.S.C. §§ 1331, 1338, and has supplemental jurisdiction over Midwest's state law claims against Soilworks pursuant to 28 U.S.C. § 1367.

4.     This Court has personal jurisdiction over Soilworks by virtue of the facts that Soilworks has its principal place of business in the State of Arizona in this judicial district, does business in the State of Arizona in this judicial district, and has committed tortious conduct in this judicial district.

5.     Venue is proper in this Court and this judicial district pursuant to 28 U.S.C. § 1391(b) by virtue of the facts that Soilworks resides in this judicial district and a substantial part of the events or omissions giving rise to Midwest's claims against Soilworks occurred in this judicial district.

5

CAVE LLP
TWO NORTH C......AL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

## FACTUAL BACKGROUND

6.    Midwest manufacturers, distributes, promotes, markets, and sells dust control, erosion control, soil stabilization and anti-icing/de-icing products and related services for use to a number of customers in various industries located throughout the United States and the world.

7.    During the course of its thirty years in business, Midwest has developed a substantial reputation and good will as a manufacturer of chemical soil stabilization and dust control products, including its products promoted and marketed under the federally registered trademarks of Soil-Sement®, Envirokleen®, EK35®, Road Oyl®, Road Pro NT®, Haul Road Dust Control®, Dustfyghter®, and Diamond Dr®, Arena Rx®, Base-Bldr®, and ROAD-BLDR® (collectively, Midwest's Marks).

8.    Midwest has received U.S. Patent No. 7,074,266 and U.S. Patent No. 7,081,270 for its innovative soil stabilization and dust control technology, trademarked as "synthetic organic dust control™". Midwest's patented technology is made available under the registered trademarks EnviroKleen®, EK35®, Arena Rx®, and Diamond Dr® (collectively, "Midwest's Products")

9.    Midwest has expended substantial money, good will, and other resources in advertising and promoting each of its products using Midwest's Marks and Midwest's Products for commercial purposes.

10.    As a result of Midwest's extensive and continuous use of Midwest's Marks in connection with Midwest's Products, Midwest's customers and the relevant market recognize and understand Midwest's Marks as indicating Midwest's proprietary products and services as emanating from a single source, Midwest.

11.    Soilworks is a competitor of Midwest. On information and belief, Soilworks distributes and markets soil stabilization and dust control agents in interstate commerce.

12.    Midwest has not licensed or otherwise authorized Soilworks to use any of Midwest's Marks or its patented technology.

6

13. In connection with the advertising and promotion of its soil stabilization and dust control agents, Soilworks has embarked on a scheme to trade upon and injure the substantial goodwill and reputation that Midwest has developed in the soil stabilization and dust control industry. Soilworks has used Midwest's Marks in commerce in an attempt to divert sales and goodwill from Midwest, thereby causing confusion, mistake and/or deception as to the affiliation, connection, or association of Soilworks with Midwest, and/or the origin, sponsorship, or approval of Soilworks' products, services, or commercial activities from Midwest.

14. Soilworks has also made false or misleading statements of fact in its commercial advertisements and promotions that misrepresent the nature, characteristics, qualities, or origin of its own services, products, or commercial activities.

15. Soilworks' conduct was intended to cause mistake, deception, and consumer confusion, and was undertaken with the intention of damaging Midwest's goodwill, reputation, and business in the soil stabilization and dust control industries.

16. As a result of Soilworks' conduct, Midwest's goodwill, reputation, and business has been and continues to be severely and irreparable damaged.

## COUNT I
### Federal Trademark Infringement; False Designation; Unfair Competition
### (15 U.S.C. §1125(a); §43(a) of the Lanham Act)

17. Midwest restates and incorporates by reference the allegations set forth in Paragraph 1 through 16 of its Counterclaims as if fully set forth herein.

18. Soilworks has used, and continues to use, one or more of Midwest's Marks in commerce without Midwest's authorization.

19. Soilworks' use of Midwest's Marks has caused and is likely to cause confusion, mistake, and deception as to the affiliation, connection, or association of Soilworks with Midwest.

20. Soilworks' use of Midwest's Marks has likely caused the consuming public to mistakenly believe that the Soilworks' products originate from, are sponsored by, or are associated with Midwest.

CAVE LLP
TWO NORTH CE... AL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

21.    Soilworks' use of Midwest's Marks was committed with the purpose of exploiting and trading on the substantial goodwill and reputation of Midwest as symbolized by and associated with Midwest's Marks.

22.    Soilworks had actual knowledge of Midwest's rights exclusive rights in Midwest's Marks and willfully and deliberately infringed Midwest's rights in Midwest's Marks.

23.    Soilworks also holds itself out as a manufacturer of one or more products, when, in fact, Soilworks manufactures no product whatsoever.

24.    Soilworks uses words and/or phrases, marketing, advertising, etc., taken directly from Midwest, with the intent to pass off itself as equal to Midwest.

25.    Soilworks' conduct described herein constitutes unfair competition, false designation of origin, and federal trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

26.    Soilworks' conduct has caused and continues to cause Midwest severe and irreparable harm that cannot be adequately remedied solely by monetary damages.  Unless restrained and enjoined by this Court, Soilworks' unlawful actions are likely to continue, to Midwest's harm and detriment.

**COUNT II**
**False Advertising**
**(15 U.S.C. § 1125(a); §43(a) of the Lanham Act)**

27.    Midwest restates and incorporates by reference the allegations set forth in Paragraph 1 through 26 of its Counterclaims as if fully set forth herein.

28.    Upon information and belief, Soilworks has made false or misleading statements of fact in its commercial advertisements and promotions that misrepresent the nature, characteristics, qualities or origin of its products, services, or commercial activities, including misrepresenting on its website that Soilworks is the "manufacturer" of the "Soiltac® soil stabilizer and dust control agent", when, in fact, Soilworks is not a manufacturer of any product whatsoever.

8

29.    Soilworks' false or misleading statements have actually deceived, or have a tendency to deceive, a substantial portion of Soilworks' intended audience.

30.    Soilworks' false or misleading statements are material in that the statements are likely to influence potential customers' purchasing decisions.

31.    As a result of Soilworks' false or misleading statements, Midwest has suffered and will continue to suffer injury and damages, including losses and irreparable injury to its sales, business reputation, and goodwill.

32.    Soilworks' unlawful conduct has caused and continues to cause Midwest severe and irreparable harm that cannot be adequately remedies solely by monetary damages.   Unless restrained and enjoined by this Court, Soilworks' unlawful actions are likely to continue, to Midwest's harm and detriment.

## COUNT III
### Declaratory Judgment for Validity and Infringement of U.S. Patent No. 7,081,270
### (22 U.S.C. § 2201)

33.    Midwest restates and incorporates by reference the allegations set forth in Paragraph 1 through 32 of its Counterclaims as if fully set forth herein.

34.    In its Complaint, Soilworks has asserted that Midwest's U.S. Patent No. 7,081,270 is invalid and that Soilworks has not infringed any valid and/or enforceable claim of U.S. Patent No. 7,081,270.  Soilworks further alleges that an actual controversy exists between Soilworks and Midwest as to the validity and scope of U.S. Patent No. 7,081,270.

35.    Given Soilworks' assertions, an actual and substantial controversy presently exists between Soilworks and Midwest with respect to the validity and infringement of U.S. Patent No. 7,081,270 by Soilworks, and warrants the issuance of a declaratory judgment by the Court.

## COUNT IV
### Arizona Common Law and Unfair Competition

36.    Midwest restates and incorporates by reference the allegations set forth in Paragraphs 1 through 35 of its Counterclaims as if fully set forth herein.

9

37.    Soilworks' conduct has been and continues to be likely to deceive the public, and constitutes unfair competition in violation of Arizona common law.

38.    Soilworks' conduct has caused and continues to cause Midwest severe and irreparable harm that cannot be adequately remedies solely by monetary damages.  Unless restrained and enjoined by this Court, Soilworks' unlawful actions are likely to continue, to Midwest's harm and detriment.

## COUNT V
## Unjust Enrichment

39.    Midwest restates and incorporates by reference the allegations set forth in Paragraphs 1 through 38 of its Counterclaims as if fully set forth herein.

40.    Soilworks has been unjustly and inequitably enriched, to the detriment of Soilworks, by the conduct alleged above.

41.    Soilworks is obligated to compensate Midwest for the substantial benefit conferred upon it and unjustly retained by it.

## PRAYER FOR RELIEF

WHEREFORE, Midwest prays that this Court enter an Order comprising:

A.    Judgment against Soilworks that it has commited the wrongful acts as described herein.

B.    Declaratory relief that U.S. Patent No. 7,081,270 is a fully valid and enforceable patent, and Soilworks has infringed U.S. Patent No. 7,081,270.

C.    A preliminary and permanent injunction issued enjoining Soilworks from making, importing, using, offering for sale or selling products that infringe U.S. Patent No. 7,081,270;

D.    An accounting for damages resulting from Soilworks' infringement and contributory infringement and the trebling of such damages because of the knowing, willful, and wanton nature of Soilworks' conduct;

E.    Temporary, preliminary, and permanent injunctive relief against Soilworks, and Soilworks' officers, agents, representatives, servants, employees, attorneys,

I CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

1  successors, and assigns, and all other in active concert or participation with Midwest

2  enjoining them from:

3      1.    using Midwest's Marks or any other mark confusingly similar to

4            Midwest's Marks and from otherwise infringing Midwest's Marks;

5      2.    falsely designating the origin of the Soilworks' products and services;

6      3.    falsely advertising or promoting its products, services, or commerical

7            activities; and

8      4.    competing unfairly with Midwest; and

9  F.    Judgment for an award of actual damages in favor of Midwest and the

10 trebling of such damages because of the knowing, willful, and wanton nature of

11 Soilworks' conduct.

12 G.    Judgment for an award of punitive damages against Soilworks and in favor

13 of Midwest.

14 H.    Judgment that the costs of this action, attorney's fees, and prejudgment

15 interest be awarded to Midwest.

16 I.    Such other and further relief as this Court may deem just and proper.

17              **DEMAND FOR JURY TRIAL**

18 Midwest hereby demands a trial by jury in the above-entitled action.

19 DATED this 26th day of March, 2007.

20              Bryan Cave LLP

21

22              By s/ George C. Chen
                Lawrence G. Scarborough
23              George C. Chen
                Two N. Central Avenue, Suite 2200
24              Phoenix, AZ 85004-4406

25              Attorneys for Defendant/Counterclaimant
                Midwest Industrial Supply, Inc.
26

27

28

CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 26, 2007, the foregoing Answer and Counterclaims of Midwest Industrial Supply, Inc. was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Denise M. Aleman
Denise M. Aleman

CAVE LLP
TWO NORTH CE...RAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

E. SCOTT DOSEK #012114
JOHN P. PASSARELLI #16018
KUTAK ROCK LLP
Suite 300
8601 North Scottsdale Road
Scottsdale, AZ 85253-2742
(480) 429-5000
Facsimile: (480) 429-5001

*Attorneys for Plaintiff*
*SOILWORKS, LLC, an Arizona corporation*

# UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| SOILWORKS, LLC, an Arizona corporation,<br><br>　　　Plaintiff / Counterdefendant / Counterclaimant,<br><br>v.<br><br>MIDWEST INDUSTRIAL SUPPLY, INC., an Ohio corporation authorized to do business in Arizona,<br><br>　　　Defendant / Counterclaimant / Counterdefendant. | NO.: 2:06-CV-2141-DGC<br><br>**REPLY TO MIDWEST INDUSTRIAL SUPPLY, INC.'S COUNTERCLAIMS** |

Plaintiff, Soilworks, LLC ("Soilworks"), through the undersigned counsel of record, hereby replies to the Counterclaims of Midwest Industrial Supply, Inc. ("Defendant") as follows:

1.　　Soilworks admits the allegations contained in Paragraph 1 of the Counterclaims.

2.　　Soilworks admits the allegations contained in Paragraph 2 of the Counterclaims.

3.　　Soilworks admits that this Court has subject matter jurisdiction over the claims and counterclaims asserted herein, that there is complete diversity between Midwest and

4839-1005-9009.1

1    Soilworks and that Defendant's Counterclaims purport to assert an amount in controversy

2    that exceeds $75,000 and, except as so admitted, denies the allegations contained in

3    Paragraph 3 of the Counterclaims.

4        4.    Soilworks admits that this Court has personal jurisdiction over Soilworks and

5    that its principal place of business is in the State of Arizona and that it does business in the

6    State of Arizona, but otherwise denies all of the remaining allegations contained in

7    Paragraph 4 of the Counterclaims.

8        5.    Soilworks admits that venue is proper in this Court and, except as so admitted,

9    denies the allegations contained in Paragraph 5 of the Counterclaims.

10        6.    Soilworks is without sufficient information to form a belief as to the

11    allegations of Paragraph 6 of the Counterclaims and, on that basis, denies the allegations

12    contained in Paragraph 6 of the Counterclaims.

13        7.    Soilworks is without sufficient information to form a belief as to the

14    allegations of Paragraph 7 of the Counterclaims and, on that basis, denies the allegations

15    contained in Paragraph 7 of the Counterclaims.

16        8.    Soilworks is without sufficient information to form a belief as to the

17    allegations of Paragraph 8 of the Counterclaims and, on that basis, denies the allegations

18    contained in Paragraph 8 of the Counterclaims.

19        9.    Soilworks is without sufficient information to form a belief as to the

20    allegations of Paragraph 9 of the Counterclaims and, on that basis, denies the allegations

21    contained in Paragraph 9 of the Counterclaims.

22        10.    Soilworks denies the allegations contained in Paragraph 10 of the

23    Counterclaims.

24        11.    Soilworks admits the allegations contained in Paragraph 11 of the

25    Counterclaims.

26        12.    Soilworks admits the allegations contained in Paragraph 12 of the

27    Counterclaims.

28

1    13.    Soilworks denies the allegations contained in Paragraph 13 of the
2    Counterclaims.
3    14.    Soilworks denies the allegations contained in Paragraph 14 of the
4    Counterclaims.
5    15.    Soilworks denies the allegations contained in Paragraph 15 of the
6    Counterclaims.
7    16.    Soilworks denies the allegations contained in Paragraph 16 of the
8    Counterclaims.
9    17.    Soilworks repeats and realleges its reply to Paragraphs 1 through 16 as if fully
10   set forth herein.
11   18.    Soilworks denies the allegations contained in Paragraph 18 of the
12   Counterclaims.
13   19.    Soilworks denies the allegations contained in Paragraph 19 of the
14   Counterclaims.
15   20.    Soilworks denies the allegations contained in Paragraph 20 of the
16   Counterclaims.
17   21.    Soilworks denies the allegations contained in Paragraph 21 of the
18   Counterclaims.
19   22.    Soilworks denies the allegations contained in Paragraph 22 of the
20   Counterclaims.
21   23.    Soilworks denies the allegations contained in Paragraph 23 of the
22   Counterclaims.
23   24.    Soilworks denies the allegations contained in Paragraph 24 of the
24   Counterclaims.
25   25.    Soilworks denies the allegations contained in Paragraph 25 of the
26   Counterclaims.
27   26.    Soilworks denies the allegations contained in Paragraph 26 of the
28   Counterclaims.

27.     Soilworks repeats and realleges its reply to Paragraphs 1 through 26 as if fully set forth herein.

28.     Soilworks denies the allegations contained in Paragraph 28 of the Counterclaims.

29.     Soilworks denies the allegations contained in Paragraph 29 of the Counterclaims.

30.     Soilworks denies the allegations contained in Paragraph 30 of the Counterclaims.

31.     Soilworks denies the allegations contained in Paragraph 31 of the Counterclaims.

32.     Soilworks denies the allegations contained in Paragraph 32 of the Counterclaims.

33.     Soilworks repeats and realleges its reply to Paragraphs 1 through 32 as if fully set forth herein.

34.     Soilworks admits the allegations contained in Paragraph 34 of the Counterclaims.

35.     Soilworks admits the allegations contained in Paragraph 35 of the Counterclaims.

36.     Soilworks repeats and realleges its reply to Paragraphs 1 through 35 as if fully set forth herein.

37.     Soilworks denies the allegations contained in Paragraph 37 of the Counterclaims.

38.     Soilworks denies the allegations contained in Paragraph 38 of the Counterclaims.

39.     Soilworks repeats and realleges its reply to Paragraphs 1 through 38 as if fully set forth herein.

40.     Soilworks denies the allegations contained in Paragraph 40 of the Counterclaims.

41.    Soilworks denies the allegations contained in Paragraph 41 of the Counterclaims.

## GENERAL DENIAL

All allegations contained in the Counterclaims not expressly admitted are herein denied.

## AFFIRMATIVE DEFENSES

1.    Soilworks is not infringing and has not infringed, is not inducing and has induced others to infringe, and is not contributorily infringing and has not contributorily infringed, any valid and/or enforceable claim of the '266 Patent.

2.    Soilworks is not infringing and has not infringed, is not inducing and has induced others to infringe, and is not contributorily infringing and has not contributorily infringed, any valid and/or enforceable claim of the '270 Patent.

3.    Upon information and belief, the claims of the '266 Patent are invalid for failure to satisfy one or more of the conditions of patentability of 35 U.S.C. § 1 et. seq. including, without limitation, §§ 101, 102, 103 and/or 112.

4.    Upon information and belief, the claims of the '270 Patent are invalid for failure to satisfy one or more of the conditions of patentability of 35 U.S.C. § 1 et. seq. including, without limitation, §§ 101, 102, 103 and/or 112.

5.    Upon information and belief, Defendant's remedies are limited by 35 U.S.C. § 287.

6.    Upon information and belief, Soilworks is barred by 35 U.S.C. § 288 from recovering any costs associated with this suit.

7.    Upon information and belief, Soilworks contests infringement and validity of the '266 and '270 Patents.   Soilworks reserves the right to assert additional bases for contesting these issues, and all claims in Defendant's Counterclaims, as may be developed further in discovery in this action and any other action between the parties.

8.    Soilworks is not infringing, and has not infringed, any trademark, service mark and/or trade name of Defendant.

9. The Counterclaims, in whole or in part, fail to state a claim upon which relief may be granted.

10. Defendant is not entitled to any damages sought in the Counterclaims.

11. Defendant's claims for unfair competition are barred, in whole or in part, on the ground that Soilworks' business practices are not unfair.

12. The Counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

13. The Counterclaims are barred, in whole or in part, because Midwest has not suffered any damages or injury to its business or property as a result of the acts alleged to have been committed by Soilworks.

14. Midwest's state law claims asserted in its Counterclaims are preempted by federal statutes.

15. The Counterclaims are barred, in whole or in part, by the doctrine of fair use.

## COUNTERCLAIM

Soilworks' Counterclaim against Defendant Midwest as follows:

1. Soilworks is a limited liability company that maintains its principal place of business at 681 North Monterrey Street, Suite 101, Gilbert, Arizona 85233. All of the members of Soilworks are residents and citizens of the State of Arizona.

2. Midwest is a corporation incorporated under the laws of the State of Ohio and maintains its principal place of business in Canton, Ohio.

3. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338 and 2201 as it arises under an act of Congress relating to patents.

4. Venue is proper in this District under 28 U.S.C. § 1391.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT
## FOR INVALIDITY AND NONINFRINGEMENT
### OF THE '266 AND '270 PATENTS

5.    Soilworks repeats and realleges the allegations of Paragraphs 1 through 4 of its Counterclaim.

6.    This Declaratory Judgment Counterclaim is asserted against Defendant under the patent laws, Title 35, United States Code and under Title 28, United States Code §§ 2201 and 1338(a).

7.    Defendant has averred that the '266 and '270 Patents were duly and legally issued, it is the lawful owner of those two patents, including the right to sue and recover for any and all infringement of the '266 and '270 Patents and that Midwest infringes the "266 and/or '270 Patents.

8.    Soilworks denies that, either directly, contributorily and by inducement, it has infringed, and that it is infringing, any valid and/or enforceable claim of the '266 and '270 Patents and Soilworks further asserts that the '266 and '270 Patents are invalid for failing to satisfy the conditions for patentability set forth in Part II of Title 35 of the United States Code including, but not limited to, §§ 101, 102, 103 and 112.

9.    Therefore, there has been and is now an actual controversy between Soilworks and Defendant as to the invalidity and noninfringement of the '266 and '270 Patents.

### PRAYER FOR RELIEF

WHEREFORE, Soilworks prays that this Court:

(a)    Dismiss the Counterclaims of Defendant against Soilworks with prejudice.

(b)    Declare that Soilworks has not, and does not, infringe any valid and/or enforceable claim of the '266 Patent directly or indirectly, literally or by equivalence.

(c)    Declare that Soilworks has not, and does not, infringe any valid and/or enforceable claim of the '270 Patent directly or indirectly, literally or by equivalence.

(d)    Declare that each claim of the '266 Patent is invalid.

1    (e)    Declare that each claim of the '270 Patent is invalid.

2    (f)    Enjoin Defendant, their officers, agents, representatives, distributors,

3    employees, affiliates, parent and subsidiary corporations, attorneys and other persons

4    in active concert or participation with them from charging infringement or instituting

5    any action for infringement of the '266 and '270 Patents against Soilworks or anyone

6    in privity with Soilworks, including its successors, assigns, agents, suppliers,

7    customers, licensees and sublicensees.

8    (g)    Award Soilworks costs, together with reasonable attorneys' fees and all

9    other expenses for the suit under governing law.

10    (h)    Award Soilworks such other relief as this Court may deem just and

11    proper.

12

13    Dated this 16th day of April, 2007.

14

15    KUTAK ROCK LLP

16

17    By ____/s/_____
       E. Scott Dosek
18     John P. Passarelli
       Suite 300
19     8601 North Scottsdale road
       Scottsdale, AZ  85253-2742

20     *Attorneys for Plaintiff*

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2007, the foregoing Reply to Midwest Industrial Supply, Inc.'s Counterclaims was filed electronically. Notice of this filing will be sent to all parties by operations of the Court's electronic filing system. Parties may access this filing through the Court's system.

_____/s/_____
Amy S. Fletcher

# Exhibit B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

POWER TOOLS AND SUPPLY, INC.,

     Plaintiff,

vs                              Case No:05-73615
                                   Honorable Victoria A. Roberts

COOPER POWER TOOLS, INC., ET AL

     Defendant.

_____/

## ORDER

On April 25, 2006, the Court held a telephone conference on a number of outstanding matters pertaining to this case. Attending were: Joseph Falcone for the Plaintiff and Edward Cutlip for the Defendants.

Based on the discussion held and the record made, the Court makes the following rulings:

1.     Motion to File Amended Complaint And to Add Parties (filed 11/1/05; Doc 15) is **MOOT** and Proposed Amended Complaint (filed 11/15/06; Doc. #21) is **STRICKEN** from the record.

2.     Second Motion to File Amended Complaint (filed 11/14/06; Doc. #20) is **GRANTED IN PART AND DENIED IN PART** and the Corrected Proposed Second Amended Complaint (Doc. #. 22) is **STRICKEN** from the record.

3.     Motion to Amend Scheduling Order And For Leave to File Second Amended Complaint (filed 2/17/06; Doc. #29) is **GRANTED** .

4.     Plaintiff's Motion for A Protective Order Against Cooper's Continuation of

Its Obstruction of Justice by Interfering with Witnesses (filed 4/20/06; Doc. #45) is

**DENIED WITHOUT PREJUDICE**.  However, Mr. Cutlip is to instruct his client

concerning the requirements of 18 U.S.C. §1512.

     5.     Defendant Cooper Power Tool's Motion to Quash Subpoenas and for

Protective Order Staying Depositions (filed 4/21/06; Doc. #47) is **MOOT**.

     6.     Plaintiff's Amended Motion for Order Compelling Discovery From

Defendants and For Sanctions (filed 4/21/06; Doc. #48) is **DENIED WITHOUT**

**PREJUDICE**.  However, Defendant is to immediately make available for copying--at

Plaintiff's expense –the 5000 pages of documents which Defendant has identified as

pertinent, together with an index and a privilege log.  After review, Plaintiff is to contact

the Court before refiling this motion, if Plaintiff believes that Defendant has not

adequately responded to Plaintiff's discovery requests.

     7.     The Court **MOOTS** Plaintiff  Motion for Order Compelling Discovery from

Defendants and for Sanctions (filed 4/20/06; Doc. #46).

By April  28, 2006, Plaintiff is to file a "Fourth Amended Complaint," which will

supercede all complaints and proposed complaints filed to date.  This Complaint will set

forth the following causes of action:

     A.     Breach of contract (including breach of unilateral contract, either

express or implied).

     B.     Fraud.

     C.     Negligent representation.

     D.     Silent fraud.

     E.     Wrongful interference with economic expectancy.

F.    Unjust enrichment.

G.    Breach of fiduciary duty.

H.    Promissory estoppel.

Further, the following defendants may be added as parties:

Cooper Industries, LLC.

Cooper Industries LTD.

A separate Amended Scheduling Order will enter.

**IT IS SO ORDERED**.


s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  May 1, 2006

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on May 1, 2006.

s/Linda Vertriest
Deputy Clerk

## CERTIFICATE OF SERVICE

I, Francis DiGiovanni, hereby certify that on the 4th day of August, 2008, a true copy of

the foregoing **REMBRANDT'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE, OR**

**IN THE ALTERNATIVE, TO DISMISS, MODEM MANUFACTURERS' ANTITRUST**

**AND UNFAIR COMPETITION COUNTER-COUNTERCLAIMS** was hand delivered to the

following persons and was electronically filed with the Clerk of the Court using CM/ECF which

will send notification of such filing to the following and the document is available for viewing

and downloading from CM/ECF:

Steven J. Balick
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899

George Pazuniak
Womble Carlyle Sandridge & Rice, PLLC
222 Delaware Avenue
Suite 1501
Wilmington, DE 19801

Karen Jacobs Louden
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19801

Richard L. Horwitz
Potter Anderson & Corroon, LLP
1313 N. Market St., Hercules Plaza, 6th
Flr.
P.O. Box 951
Wilmington, DE 19899-0951

Frederick L. Cottrell, III
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

Rodger Dallery Smith, II
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

Jack B. Blumenfeld
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

By: */s/ Francis DiGiovanni*
Francis DiGiovanni (#3189)
fdigiovanni@cblh.com