IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IN RE: REMBRANDT TECHNOLOGIES, LP   )
PATENT LITIGATION                   )    MDL Docket No. 07-md-1848 (GMS)
                                   )

## CSC HOLDINGS, INC. AND CABLEVISION SYSTEMS CORPORATION'S OBJECTIONS TO PLAINTIFF'S PARTIAL NOTICE OF VIDEOTAPED ORAL DEPOSITION TO DEFENDANTS PURSUANT TO RULE 30(B)(6)

In response to Plaintiff Rembrandt Technologies, LP's Partial Notice of Videotaped Oral Deposition to Defendants Pursuant to Rule 30(B)(6) (the "Partial Notice"), CSC Holdings, Inc. and Cablevision Systems Corporation (collectively, "Defendants" or "Cablevision") submit the following objections.

## GENERAL OBJECTIONS

1.      Cablevision objects to Rembrandt's Partial Notice to the extent that Rembrandt, by designating the notice "Partial," improperly seeks the opportunity to serve additional notices of deposition pursuant to Rule 30(b)(6) on Cablevision.   Under Rule 30(a)(2), Rembrandt is limited to a single deposition of Cablevision, absent leave of Court.   Rembrandt cannot circumvent this rule by styling its notice as "Partial."

2.      Cablevision objects to the proposed location of the deposition set forth in Rembrandt's Partial Notice.   Washington, D.C. is not the proper location for a deposition of Cablevision's corporate designees.   Rather, absent the mutual agreement of the parties, any such deposition should proceed, if at all, in Bethpage, New York, Cablevision's principal place of business.

3.      Cablevision objects to the date of the deposition set forth in Rembrandt's Partial Notice as unreasonable.   Rembrandt made no effort to meet and confer with Cablevision regarding the date of the deposition prior to serving its Partial Notice.   Furthermore, the date

noticed by Rembrandt is inconsistent with Rembrandt's purported demand that Cablevision respond to any and all pending discovery requests prior to the deposition, as responses to certain of those discovery requests are not due, pursuant to the Federal Rules of Civil Procedure, until after August 18, 2008. Cablevision will produce a designee or designees to testify on its behalf, if at all, on a mutually-convenient date to be agreed to between the parties.

4.     Cablevision objects to Rembrandt's Partial Notice to the extent that it purports to require Cablevision to provide notice of the identity of the witness(es) designated by Cablevision to counsel for Rembrandt no later than ten (10) business days prior to the date on which the deposition will commence.

5.     Cablevision objects to Rembrandt's Partial Notice to the extent that it purports to require Cablevision to complete its response to any and all pending discovery requests from Rembrandt prior to the deposition. Cablevision will respond to Rembrandt's discovery requests in accordance with the Federal Rules of Civil Procedure and the Court's scheduling orders in this litigation.

6.     Cablevision objects to Rembrandt's Partial Notice to the extent that it purports to require Cablevision to produce any documents or things at or before the deposition. Rembrandt may not demand the production of documents from Cablevision through a notice of deposition under Rule 30. Rather, Rembrandt must serve an accompanying request for production pursuant to Rule 34. *See* Fed. R. Civ. P. 30(b)(2). To the extent that Rembrandt's reference to Rule 34 in its Partial Notice could be construed to constitute an "accompanied" request for production pursuant to Rule 34, Rembrandt's request is improper because it seeks production of documents in less than the 30 days required by Rule 34.

7.     Cablevision objects to each deposition topic and instruction to the extent it is vague, ambiguous, unintelligible, overbroad, and/or fails to describe the matters for examination

2

with reasonable particularity.

8.     Cablevision objects to any deposition topic or instruction to the extent it seeks to impose upon Cablevision an obligation that is inconsistent with or greater than that imposed by the Federal Rules of Civil Procedure and/or any other applicable rule or order of the Court.

9.     Cablevision objects to each of the definitions as vague, ambiguous, and overly broad, including without limitation, "relating to," "Defendants," "cable industry," "Accused Products and Services," and "DOCSIS."   Cablevision further objects to these definitions as calling for a legal conclusion.

10.    Cablevision objects to the definitions of "Cablevision," "you," and "your" as vague, overbroad, and unintelligible to the extent that these definitions purport to include "Sedna" or any other non-party.   Cablevision further objects to these definitions as calling for a legal conclusion.

11.    Cablevision objects to the deposition topics to the extent that they seek information that is not within Cablevision's possession, custody, or control.   Cablevision further objects to the deposition topics to the extent that they request information concerning third-party activities on the ground that such topics are overly broad and unduly burdensome.

12.    Cablevision objects to the deposition topics to the extent they seek information that is not relevant to the subject matter involved in this litigation or is not reasonably calculated to lead to the discovery of admissible evidence.

13.    Cablevision objects to the deposition topics as unreasonable and unduly burdensome to the extent that they request information that is already in Rembrandt's possession, is readily accessible to Rembrandt, or that is available from public sources.

14.    Cablevision objects to the deposition topics as unnecessarily and improperly cumulative or duplicative to the extent that they seek information that already has been sought by

3

Rembrandt in other discovery requests. To the extent that such information has been or will be supplied in response to other discovery requests by Rembrandt, Cablevision objects to producing a witness on that same subject matter as unreasonably duplicative, unduly burdensome and harassing.

15. Cablevision objects to the deposition topics as premature pursuant to the Court's scheduling to the extent that they seek information regarding any potential advice of counsel defense prior to Rembrandt's making an adequate *prima facie* showing of willfulness.

16. Cablevision objects to the deposition topics to the extent they seek information protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the community of interest privilege, or any other applicable privilege or immunity from discovery.

17. Cablevision objects to the deposition topics to the extent that they are ambiguous as to the time frame intended to be covered and, as such, are overbroad. Cablevision further objects to the deposition topics to the extent that they contain no limitation on the time frame on the grounds that they are overly broad, unduly burdensome and oppressive.

18. Cablevision objects to producing a witness to testify about topics that are best answered through other, less expensive and burdensome discovery methods.

19. Cablevision objects to the deposition topics to the extent that they purport to give meaning or legal significance to a document, fact, or purported fact, whose meaning or significance is the subject of dispute between the parties.

20. Cablevision reserves the right to use or introduce, for any hearing or trial, information not known to exist at this time, including information obtained through discovery in this litigation.

21. Cablevision incorporates these General Objections into each specific objection

4

below.  A specific objection may restate an objection for emphasis or some other reason.  The failure to restate any General Objection in a specific objection shall not constitute a waiver of the objection.

## SPECIFIC OBJECTIONS

## TOPIC NO. 1

When and how Cablevision first became aware of each of the Patents-in-Suit.

## OBJECTIONS TO TOPIC NO. 1

Without limiting the foregoing General Objections, Cablevision objects that this topic is unnecessarily and improperly cumulative and duplicative of Rembrandt's Second Set of Interrogatories No. 8.  Cablevision also objects to producing a witness to testify about topics or contentions that are best answered through other, less expensive and burdensome discovery methods.  Cablevision also objects to this topic to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the community of interest privilege, and/or any other applicable privilege or immunity from discovery.  Subject to these objections, and without waiver thereof, Cablevision is willing to meet and confer with Rembrandt regarding whether there is any relevant, non-privileged information responsive to this topic that appropriately could be the subject of a Rule 30(b)(6) deposition and is not better provided through other, less expensive and less burdensome discovery methods.

## TOPIC NO. 2

Who within Cablevision first became aware of each of the Patents-in-Suit.

## OBJECTIONS TO TOPIC NO. 2

Without limiting the foregoing General Objections, Cablevision objects that this topic is unnecessarily and improperly cumulative and duplicative of Rembrandt's Second Set of

Interrogatories, No. 8. Cablevision also objects to producing a witness to testify about topics or contentions that are best answered through other, less expensive and burdensome discovery methods. Cablevision also objects to this topic to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the community of interest privilege, and/or any other applicable privilege or immunity from discovery. Subject to these objections, and without waiver thereof, Cablevision is willing to meet and confer with Rembrandt regarding whether there is any relevant, non-privileged information responsive to this topic that appropriately could be the subject of a Rule 30(b)(6) deposition and is not better provided through other, less expensive and less burdensome discovery methods.

**TOPIC NO. 3**

What investigation, if any, Cablevision conducted after becoming aware of any of the Patents-in-Suit to determine whether said patent(s) was valid, infringed, enforceable, or licensed.

**OBJECTIONS TO TOPIC NO. 3**

Without limiting the foregoing General Objections, Cablevision objects on the ground that the topic is vague, ambiguous, overly broad, and fails to describe with reasonable particularity the matters on which examination is requested, as plaintiff has phrased this topic in the broadest of terms. In particular, Cablevision objects to the term "investigation" as vague, ambiguous, and overly broad. Cablevision also objects to the phrase "to determine whether said patent(s) was valid, infringed, enforceable, or licensed" as calling for a legal conclusion. Cablevision objects to this request to the extent it seeks information relating to activities subsequent to the commencement of the litigation between Rembrandt and Cablevision on June 1, 2006. Cablevision also objects to this topic as premature pursuant to the Court's scheduling to the extent that it seeks information regarding any potential advice of counsel defense prior to Rembrandt's making an adequate *prima facie* showing of willfulness. Cablevision also objects to

6

this topic as improperly seeking information protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and/or the community of interest privilege. Subject to these objections, and without waiver thereof, Cablevision is willing to meet and confer with Rembrandt regarding whether there is any relevant, non-privileged information responsive to this topic that appropriately could be the subject of a Rule 30(b)(6) deposition and is not better provided through other, less expensive and less burdensome discovery methods.

## TOPIC NO. 4

Any analysis, opinion, or inquiry regarding potential infringement of the claims in each of the Patents-in-Suit, including, but not limited to any pre-litigation and postcommencement-of-litigation investigations performed by or on behalf of you, your partners, your licensors, your customers, your resellers, and/or your affiliates, related to the potential infringement by any products or systems made, used, offered for sale, and/or sold by you, your partners, your licensors, your customers, you resellers, and/or your affiliates.

## OBJECTIONS TO TOPIC NO. 4

Without limiting the foregoing General Objections, Cablevision objects on the ground that the topic is vague, ambiguous, overly broad, and fails to describe with reasonable particularity the matters on which examination is requested, as plaintiff has phrased this topic in the broadest of terms. In particular, Cablevision objects to the phrases "Any analysis, opinion, or inquiry regarding potential infringement," "the claims in each of the Patents-in-Suit," "including, but not limited to," "any pre-litigation and post-commencement-of-litigation investigations," "on behalf of," "related to the potential infringement," "any products or systems," and "your partners, your licensors, your customers, your resellers, and/or your affiliates" as vague, ambiguous, and overly broad. Cablevision also objects to the phrase "regarding potential infringement of the claims in each of the Patents-in-Suit" as calling for a legal conclusion. Cablevision also objects to this topic to the extent that it suggests that any of Cablevision's existing products and/or services infringe any of the Patents-in-Suit. Cablevision objects to this request to the extent it seeks information relating to activities subsequent to the commencement of the litigation

7

between Rembrandt and Cablevision on June 1, 2006.  Cablevision also objects to this topic to the extent that it purports to require Cablevision to provide testimony regarding the knowledge or conduct of entities other than Cablevision.  Cablevision also objects to this topic as overly broad and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks information regarding products or services not at issue in this litigation.  Cablevision also objects to this topic as premature pursuant to the Court's scheduling to the extent that it seeks information regarding any potential advice of counsel defense prior to Rembrandt's making an adequate *prima facie* showing of willfulness.  Cablevision also objects to this topic as improperly seeking information protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and/or the community of interest privilege.  Cablevision also objects to this topic to the extent that information about which Cablevision is under an obligation imposed by a third party, a court, tribunal, legislature, or any other body with authority to impose or enforce such an agreement, statute, regulation or order to maintain it in confidence and not disclose it.  Such information will be provided only after such time as the Court has approved and entered a protective order and each third-party has had the opportunity to seek further protections, if necessary.  Subject to these objections, and without waiver thereof, Cablevision is willing to meet and confer with Rembrandt regarding whether there is any relevant, non-privileged information responsive to this topic that appropriately could be the subject of a Rule 30(b)(6) deposition and is not better provided through other, less expensive and less burdensome discovery methods.

**TOPIC NO. 5**

Efforts by Cablevision to design any products around the Patents-in-Suit.

**OBJECTIONS TO TOPIC NO. 5**

Without limiting the foregoing General Objections, Cablevision objects on the ground that the topic is vague, ambiguous, overly broad, and fails to describe with reasonable particularity the matters on which examination is requested, as plaintiff has phrased this topic in the broadest of terms. In particular, Cablevision objects to the term "efforts" and the phrase "design any products around" as vague, ambiguous, and overly broad. Cablevision also objects to the phrase "design any products around" as calling for a legal conclusion. Cablevision also objects to this topic as overly broad and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks information regarding products or services not at issue in this litigation. Cablevision also objects to this topic to the extent that it suggests that any of Cablevision's existing products and/or services infringe any of the Patents-in-Suit. Cablevision also objects that discovery relating to this topic is premature in that the Court has not yet construed the Patents-in-Suit and Rembrandt's Preliminary Infringement Contentions are too vague and conclusory for Cablevision reasonably to prepare a witness regarding what might constitute an "effort" to "design around." Cablevision also objects to this topic to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the community of interest privilege, and/or any other applicable privilege or immunity from discovery. Subject to these objections, and without waiver thereof, Cablevision is willing to meet and confer with Rembrandt regarding whether there is any relevant, non-privileged information responsive to this topic that appropriately could be the subject of a Rule 30(b)(6) deposition and is not better provided through other, less expensive and less burdensome discovery methods.

**TOPIC NO. 6**

Cablevision's policies and/or customs, whether in writing or oral, on investigating or refraining from investigating whether Cablevision's products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

**OBJECTIONS TO TOPIC NO. 6**

Without limiting the foregoing General Objections, Cablevision objects on the ground that the topic is vague, ambiguous, overly broad, and fails to describe with reasonable particularity the matters on which examination is requested, as plaintiff has phrased this topic in the broadest of terms. In particular, Cablevision objects to the phrases "Cablevision's policies and/or customs," "Cablevision's products and/or services" and "patents owned by third parties" and the term "investigating" as vague, ambiguous, and overly broad. Cablevision further objects to this topic as vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent this request is unlimited as to time and to the extent it seeks information relating to patents other than the Patents-in-Suit. Cablevision objects to this request to the extent it seeks information relating to activities subsequent to the commencement of the litigation between Rembrandt and Cablevision on June 1, 2006. Cablevision also objects to this topic as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In particular, Cablevision objects to this topic as overly broad and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks information regarding patents and products or services not at issue in this litigation. Cablevision also objects to this topic as premature pursuant to the Court's scheduling to the extent that it seeks information regarding any potential advice of counsel defense prior to Rembrandt's making an adequate *prima facie* showing of willfulness. Cablevision also objects to this topic to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege,

the community of interest privilege, and/or any other applicable privilege or immunity from discovery. Subject to these objections, and without waiver thereof, Cablevision is willing to meet and confer with Rembrandt regarding whether there is any relevant, non-privileged information responsive to this topic that appropriately could be the subject of a Rule 30(b)(6) deposition and is not better provided through other, less expensive and less burdensome discovery methods.

## TOPIC NO. 7

Cablevision's communications, whether internal or external, regarding whether to investigate if the Accused Products and Services infringed any patents owned by a third party.

## OBJECTIONS TO TOPIC NO. 7

Without limiting the foregoing General Objections, Cablevision objects on the ground that the topic is vague, ambiguous, overly broad, and fails to describe with reasonable particularity the matters on which examination is requested, as plaintiff has phrased this topic in the broadest of terms. In particular, Cablevision objects to the phrases "Cablevision's communications," "regarding whether to investigate," "the Accused Products and Services," and "any patents owned by a third party" as vague, ambiguous, and overly broad. Cablevision also objects to the phrase "infringed any patents" as calling for a legal conclusion. Cablevision further objects to this topic as vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent this request is unlimited as to time and to the extent it seeks information relating to patents other than the Patents-in-Suit. Cablevision objects to this request to the extent it seeks information relating to activities subsequent to the commencement of the litigation between Rembrandt and Cablevision on June 1, 2006. Cablevision also objects to this topic as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Cablevision also objects to this topic as premature pursuant to the Court's scheduling to the extent that it seeks

11

information regarding any potential advice of counsel defense prior to Rembrandt's making an adequate *prima facie* showing of willfulness. Cablevision also objects to this topic to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the community of interest privilege, and/or any other applicable privilege or immunity from discovery. Subject to these objections, and without waiver thereof, Cablevision is willing to meet and confer with Rembrandt regarding whether there is any relevant, non-privileged information responsive to this topic that appropriately could be the subject of a Rule 30(b)(6) deposition and is not better provided through other, less expensive and less burdensome discovery methods.

## TOPIC NO. 8

Cablevision's communications, whether internal or external, regarding each of the Patents-in-Suit after Cablevision became aware of them.

## OBJECTIONS TO TOPIC NO. 8

Without limiting the foregoing General Objections, Cablevision further objects on the ground that the topic is vague, ambiguous, overly broad, and fails to describe with reasonable particularity the matters on which examination is requested, as plaintiff has phrased this topic in the broadest of terms. In particular, Cablevision objects to the phrases "Cablevision's communications" and "regarding each of the Patents-in-Suit" as vague, ambiguous, and overly broad. Cablevision also objects to this topic as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Cablevision objects to this request to the extent it seeks information relating to activities subsequent to the commencement of the litigation between Rembrandt and Cablevision on June 1, 2006. Cablevision also objects to this topic as premature pursuant to the Court's scheduling to the extent that it seeks information regarding any potential advice of counsel defense prior to Rembrandt's making an adequate *prima facie* showing of willfulness. Cablevision also objects to this topic as improperly

12

seeking information protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and/or the community of interest privilege. Subject to these objections, and without waiver thereof, Cablevision is willing to meet and confer with Rembrandt regarding whether there is any relevant, non-privileged information responsive to this topic that appropriately could be the subject of a Rule 30(b)(6) deposition and is not better provided through other, less expensive and less burdensome discovery methods.

## TOPIC NO. 9

Cablevision's investigations into whether Cablevision's products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

## OBJECTIONS TO TOPIC NO. 9

Without limiting the foregoing General Objections, Cablevision objects on the ground that the topic is vague, ambiguous, overly broad, and fails to describe with reasonable particularity the matters on which examination is requested, as plaintiff has phrased this topic in the broadest of terms.   In particular, Cablevision objects to the phrases "Cablevision's investigations," "Cablevision's products and/or services," and "infringe patents owned by third parties" and the term "investigations" as vague, ambiguous, and overly broad. Cablevision also objects to the phrase "infringe patents owned by third parties" as calling for a legal conclusion. Cablevision further objects to this topic as vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent this request is unlimited as to time and to the extent it seeks information relating to patents other than the Patents-in-Suit. Cablevision objects to this request to the extent it seeks information relating to activities subsequent to the commencement of the litigation between Rembrandt and Cablevision on June 1, 2006. Cablevision also objects to this topic as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In particular, Cablevision objects to this topic as overly broad and not reasonably calculated to lead to the

13

discovery of admissible evidence to the extent that it seeks information regarding patents and products or services not at issue in this litigation. Cablevision also objects to this topic as premature pursuant to the Court's scheduling to the extent that it seeks information regarding any potential advice of counsel defense prior to Rembrandt's making an adequate *prima facie* showing of willfulness. Cablevision also objects to this topic to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the community of interest privilege, and/or any other applicable privilege or immunity from discovery. Subject to these objections, and without waiver thereof, Cablevision is willing to meet and confer with Rembrandt regarding whether there is any relevant, non-privileged information responsive to this topic that appropriately could be the subject of a Rule 30(b)(6) deposition and is not better provided through other, less expensive and less burdensome discovery methods.

**TOPIC NO. 10**

The role of Sedna Services LLC in investigating whether Cablevision's products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

**OBJECTIONS TO TOPIC NO. 10**

Without limiting the foregoing General Objections, Cablevision objects on the ground that the topic is vague, ambiguous, overly broad, and fails to describe with reasonable particularity the matters on which examination is requested, as plaintiff has phrased this topic in the broadest of terms. In particular, Cablevision objects to the phrases "[t]he role of Sedna Services LLC," "Cablevision's products and/or services," and "infringe patents owned by third parties" and the term "investigating" as vague, ambiguous, and overly broad. Cablevision also objects to the phrase "infringe patents owned by third parties" as calling for a legal conclusion. Cablevision further objects to this topic because Sedna is not a party to this litigation, has not brought any claims related to the Patents-in-Suit, nor is it implicated in any way in any

14

allegations of infringement. Moreover, Cablevision did not create Sedna or TV Gateway LLC, does not control those entities and does not have an ownership interest in those entities. Accordingly, Cablevision objects to this topic as unduly burdensome. Cablevision further objects to this topic as vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent this request is unlimited as to time and to the extent it seeks information relating to patents other than the Patents-in-Suit. Cablevision objects to this request to the extent it seeks information relating to activities subsequent to the commencement of the litigation between Rembrandt and Cablevision on June 1, 2006. Cablevision also objects to this topic as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In particular, Cablevision objects to this topic as overly broad and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks information regarding patents and products or services not at issue in this litigation. Cablevision also objects to this topic to the extent that it seeks information that is in the possession of, and is best obtained through discovery from, parties other than Cablevision and/or is not in Cablevision's possession, custody or control. Cablevision also objects to this topic as premature pursuant to the Court's scheduling to the extent that it seeks information regarding any potential advice of counsel defense prior to Rembrandt's making an adequate *prima facie* showing of willfulness. Cablevision also objects to this topic to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the community of interest privilege, and/or any other applicable privilege or immunity from discovery. Subject to these objections, and without waiver thereof, Cablevision is willing to meet and confer with Rembrandt regarding whether there is any relevant, non-privileged information responsive to this topic that appropriately could be the subject of a Rule 30(b)(6) deposition and is not better provided

15

through other, less expensive and less burdensome discovery methods.

## TOPIC NO. 11

Cablevision's understanding of the custom or practice in its industry to investigate whether products and/or services, whether existing or newly introduced, infringe patents owned by third parties.

## OBJECTIONS TO TOPIC NO. 11

Without limiting the foregoing General Objections, Cablevision objects on the ground that the topic is vague, ambiguous, overly broad, and fails to describe with reasonable particularity the matters on which examination is requested, as plaintiff has phrased this topic in the broadest of terms. In particular, Cablevision objects to the phrases "Cablevision's understanding," "the custom or practice in its industry," "products and/or services," "infringe patents owned by third parties," and the term "investigate" as vague, ambiguous, and overly broad. Cablevision also objects to the phrase "infringe patents owned by third parties" as calling for a legal conclusion. Cablevision further objects to this topic as vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent this request is unlimited as to time and to the extent it seeks information relating to patents other than the Patents-in-Suit. Cablevision objects to this request to the extent it seeks information relating to activities subsequent to the commencement of the litigation between Rembrandt and Cablevision on June 1, 2006. Cablevision also objects to this topic as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Cablevision also objects to this topic as premature pursuant to the Court's scheduling to the extent that it seeks information regarding any potential advice of counsel defense prior to Rembrandt's making an adequate *prima facie* showing of willfulness. Cablevision also objects to this topic to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the

16

community of interest privilege, and/or any other applicable privilege or immunity from discovery. Subject to these objections, and without waiver thereof, Cablevision is willing to meet and confer with Rembrandt regarding whether there is any relevant, non-privileged information responsive to this topic that appropriately could be the subject of a Rule 30(b)(6) deposition and is not better provided through other, less expensive and less burdensome discovery methods.

**SPECIFIC OBJECTIONS TO EXHIBIT B DOCUMENT DEMAND REQUEST NO. 1:**

All documents and things considered, reviewed, or prepared by Cablevision in the course of preparing for the 30(b)(6) deposition on the subjects listed above in Exhibit A.

**OBJECTIONS TO REQUEST NO. 1:**

Without limiting the foregoing General Objections, Cablevision objects to Rembrandt's document demand as improper and invalid under the Federal Rules of Civil Procedure. Rembrandt may not demand the production of documents from Cablevision through a notice of deposition under Rule 30. *See* Rather, Rembrandt must serve an accompanying request for production pursuant to Rule 34. *See* Fed. R. Civ. P. 30(b)(2). Cablevision also objects to the document demand as improper, even it if were to be construed as an "accompanied" demand pursuant to Rule 34, because it seeks production of documents in less than the 30 days provided for under Rule 34. Cablevision also objects to the document demand on grounds that it is vague, ambiguous, overly broad, and seeks documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Cablevision also objects to the document demand to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the community of interest privilege, and/or any other applicable privilege or immunity from discovery. Based upon the foregoing objections, Cablevision will not produce any documents in response to

17

Rembrandt's document demand, but agrees to bring documents used to refresh the recollection of the witness that have not otherwise been produced.

*Kelly E. Farnan*
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Kelly E. Farnan (#4395)
farnan@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
*Attorneys for Counter-Defendants Cablevision Systems Corporation and CSC Holdings, Inc.*

OF COUNSEL:

Josh A. Krevitt
Charles J. Boudreau
Gibson, Dunn & Crutcher LLP
200 Park Avenue, 47th Floor
New York, New York 10166-0193
(212) 351-4000

David Segal
Gibson, Dunn & Crutcher LLP
3161 Michelson Drive
Irvine, California 92612-4412
(949) 451-3800

Amanda J. Tessar
Gibson, Dunn & Crutcher LLP
1801 California Street, Suite 4200
Denver, CO 80202-2642
(303) 298-5700

Dated: August 15, 2008

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Kelly E. Farnan, hereby certify that on August 15, 2008, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served as noted:

**BY HAND DELIVERY and E-MAIL:**

Collins J. Seitz, Jr., Esquire
Francis DiGiovanni, Esquire
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801

John W. Shaw, Esquire
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

Jack B. Blumenfeld, Esquire
Karen Jacobs Louden, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
Wilmington, DE 19803

I further certify that on August 15, 2008, the foregoing document was served on the following persons in the manner indicated:

**BY E-MAIL:**

Matthew D. Powers, Esquire
Edward R. Reines, Esquire
Weil, Gotshal & Manges LLP
201 Redwood Shore Parkway
Redwood Shores, CA 94065

David S. Benyacar, Esquire
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022

John M. Desmarais, Esquire
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022-4611

Eric R. Lamison, Esquire
Kirkland & Ellis LLP
555 California Street
San Francisco, CA 94104

*Kelly E. Farnan*

Kelly E. Farnan (#4395)

RLF1-3252041-1