IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: REMBRANDT TECHNOLOGIES, LP PATENT LITIGATION | MDL Docket No. 07-md-1848 (GMS) |
| MOTOROLA, INC., CISCO SYSTEMS, INC., SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, INC., THOMSON, INC., AMBIT MICROSYSTEMS, INC., and NETGEAR, INC.<br><br>Plaintiffs,<br><br>v.<br><br>REMBRANDT TECHNOLOGIES, LP,<br><br>Defendant. | Civil Action No. 07-752-GMS |
| REMBRANDT TECHNOLOGIES, LP, and REMBRANDT TECHNOLOGIES, LLC d/b/a REMSTREAM,<br><br>Counter-Plaintiffs,<br><br>v.<br><br>MOTOROLA, INC., CISCO SYSTEMS, INC., SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, INC., THOMSON, INC., AMBIT MICROSYSTEMS, INC., and NETGEAR, INC., TIME WARNER CABLE, INC., TIME WARNER CABLE LLC, TIME WARNER NEW YORK CABLE LLC, TIME WARNER ENTERTAINMENT COMPANY, LP, COMCAST CORPORATION, COMCAST CABLE COMMUNICATIONS, LLC, CHARTER COMMUNICATIONS OPERATING, LLC, COXCOM, INC., COX COMMUNICATIONS, | Civil Action No. 07-752-GMS |

| | |
|---|---|
| INC., COX ENTERPRISES, INC., CSC HOLDINGS, INC., CABLEVISION SYSTEMS CORPORATION, ADELPHIA COMMUNICATIONS CORPORATION, CENTURY-TCI CALIFORNIA COMMUNICATIONS, LP, CENTURY-TCI HOLDINGS, LLC, COMCAST OF FLORIDA/PENNSYLVANIA, L.P. (f/k/a PARNASSOS, LP), COMCAST OF PENNSYLVANIA II, L.P. (f/k/a CENTURY-TCI CALIFORNIA, L.P.), PARNASSOS COMMUNICATIONS, LP, ADELPHIA CONSOLIDATION, LLC, PARNASSOS HOLDINGS, LLC, and WESTERN NY CABLEVISION, LP, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Counter-Defendants. | )<br>) |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE of the attached subpoena.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ signature

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Jeffrey T. Castellano (No. 4837)
1000 West Street
Wilmington, DE 19801
(302) 571-6600
jcastellano@ycst.com

*Liaison Counsel and Attorneys for Plaintiffs/Counter-Defendants Motorola, Inc., Cisco Systems, Inc., Scientific-Atlanta, Inc., ARRIS Group, Inc., Thomson, Inc., Ambit Microsystems, Inc., and NETGEAR, Inc.*

2

<u>Of Counsel:</u>

John Desmarais
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

Eric Lamison
Benjamin Ostapuk
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104

Russell E. Levine, P.C.
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601

*Attorneys for Plaintiffs/Counter-Defendants
Motorola, Inc., Cisco Systems, Inc.,
Scientific-Atlanta, Inc., ARRIS Group, Inc.,
Thomson, Inc., Ambit Microsystems, Inc.,
and NETGEAR, Inc.*

Date:   August 20, 2008

## CERTIFICATE OF SERVICE

I, Jeffrey T. Castellano, Esquire, hereby certify that on August 20, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Collins J. Seitz, Jr., Esquire
Francis DiGiovanni, Esquire
Connolly Bove Lodge & Hutz LLP
The Nemours Building – 8th Floor
1007 N. Orange Street
Wilmington, DE 19801
cseitz@cblh.com
fdigiovanni@cblh.com

Jack B. Blumenfeld, Esquire
Morris Nichols Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
jblumenfeld@mnat.com

I further certify that on August 20, 2008, I caused a copy of the foregoing document to be served by e-mail and hand delivery on the above-listed counsel of record.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_/s/_____
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Jeffrey T. Castellano (No. 4837)
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
jcastellano@ycst.com

AO 88 (Rev. 01/07) Subpoena in a Civil Case

# Issued by the
## UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

In re: REMBRANDT TECHNOLOGIES, LP
PATENT LITIGATION
MOTOROLA, INC., et al.

V.

REMBRANDT TECHNOLOGIES, LP

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1]  MDL Docket No.1:07-md-1848-GMS
This subpoena relates to:
1:07-cv-00752-GMS

TO:
ZHONE TECHNOLOGIES, INC.
c/o Corporation Trust Company, Registered Agent
Corporation Trust Center, 1209 Orange Street
Wilmington, DE 19801

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **See Attachment A.**

| PLACE | DATE AND TIME |
| --- | --- |
| Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 17th Floor, 1000 West Street, P. O. Box 391, Wilmington, DE 19899-0391 | September 4, 2008-9:00a |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure. 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| *[signature]*   Attorney for Plaintiffs | August 20, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Jeffrey T. Castellano, Esquire, Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 17th Floor, PO Box 391, Wilmington, DE 19899-0391 (302) 571-6600

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (DE Rev. 01/07) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　　　　DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
　(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
　(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
　　(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
　(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
　　(i) fails to allow reasonable time for compliance;
　　(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
　　(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
　　(iv) subjects a person to undue burden.
　(B) If a subpoena
　　(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
　　(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
　　(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
　(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
　　(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
　　(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
　　(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
　(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
　　(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**ATTACHMENT A**

**DEFINITIONS AND INSTRUCTIONS**

1. "Zhone", "You" and "Your" refer to Zhone Technologies, Inc., collectively and individually, including all predecessors, successors, subsidiaries (such as Paradyne), parents, sisters, partnerships and affiliates thereof, and all directors, officers, agents, employees, attorneys and other persons acting on their behalf.

2. "Paradyne" refers to any Paradyne entity including without limitation Paradyne Corporation, AT&T Paradyne, Paradyne Acquisition Corp., Paradyne Networks, Inc. and Zhone, collectively and individually, including all predecessors, successors, subsidiaries, parents, sisters, partnerships and affiliates thereof, and all directors, officers, agents, employees, attorneys and other persons acting on their behalf.

3. "Inventors" refers to any of the named inventors on any of the Patents-in-Suit or related patents or patent applications, including Joseph B. King, Wayne T. Moore, Robert Earl Scott, Gideon Hecht, Kurt Ervin Holmquist, Donald C. Snoll, Joseph Chapman, William L. Betts, or James J. DesRosiers.

4. "Patents-in-Suit" mean the following patents at issue in this litigation: U.S. Patent No. 4,937,819 ("the '819 patent"); U.S. Patent No. 5,008,903 ("the '903 patent"); U.S. Patent No. 5,710,761 ("the '761 patent"); U.S. Patent No. 5,719,858 ("the '858 patent"); U.S. Patent No. 5,778,234 ("the '234 patent"); U.S. Patent No. 5,852,631 ("the '631 patent"); U.S. Patent No. 6,131,159 ("the '159 patent"); U.S. Patent No. 6,960,444 ("the '444 patent").

5. "Related patents or patent applications" means any U.S. or foreign patent or patent application that either (i) stems from or claims priority to the Patents-in-Suit, (ii) describes subject matter claimed or described in the Patents-in-Suit, or (iii) claims any subject matter in the Patents-in-Suit. "Related patents or patent applications" specifically includes, but is not limited

to Aband. App. 08/149,348, Aband. App. 09/031,226, CA 2 093 042, EP 0 569 178, Prov. App. 60/022,474, Prov. App. 60/026,970, U.S. Pat. No. 5,751,796 (App No. 08/781,787), U.S. Pat. No. 5,796,808 (App. No. 08/781,067), U.S. Pat. No. 5,787,363 (App No. 08/780,238), WO 97/49193, WO 97/49229, WO 97/49230, WO 97/49228, Prov. App. 60/039,265, U.S. Pat. No. 6,580,785 (App. No. 09/032,671), U.S. Pat. No. 7,020,266 (App. No. 10/269,209), Pend. App. 11/086,063 (U.S. Pub 2005/0163303), Pend. App. 11/690,807, Prov. App. 60/128,064, U.S. Pat. No. 6,922,415 (App. No. 09/537,609), Prov. App. 60/038,324, JP 2002 513532, EP 0 983 691 (WO98 38813), Prov. App. 60/150,436, Pend. App. 10/179,544 (U.S. Pub. 2002/0167949), Pend. App. 11/076,737 (U.S. Pub. 2005/0152404), and any foreign counterparts thereof.

      6.      The "MDL Litigation" means and includes the Multi-District Litigation *In re: Rembrandt Technologies LP Patent Litigation*, C.A. No. 07-1848-GMS (D. Del.), and the lawsuits consolidated therein, including the following: *Rembrandt Technologies LP v. Cablevision Systems Corporation et al.,* 06-cv-00635-GMS; *Coxcom Inc. v. Rembrandt Technologies LP,* 06-cv-00721-GMS; *Rembrandt Technologies LP v. CBS Corporation,* 06-cv-00727-GMS; *Rembrandt Technologies LP v. NBC Universal Inc.,* 06-cv-00729-GMS; *Rembrandt Technologies LP v. ABC Inc.,* 06-cv- 00730-GMS; *Rembrandt Technologies LP v. Fox Entertainment Group Inc. et al.,* 06-cv-00731-GMS; *Rembrandt Technologies LP v. Adelphia Communications Corporation et al.,* 07-cv-00396-GMS; *Rembrandt Technologies LP v. Adelphia Communications Corp.,* 07-cv-00397-GMS; *Rembrandt Technologies LP v. Comcast Corporation et al.,* 07-cv-00398-GMS; *Rembrandt Technologies LP v. Sharp Corporation et al.,* 07-cv-00399-GMS; *Rembrandt Technologies LP v. Charter Communications Inc. et al.,* 07-cv-00400-GMS; *Rembrandt Technologies LP v. Time Warner Cable Inc. et al.,* 07-cv-00401-GMS; *Rembrandt Technologies LP v. Time Warner Cable Inc.,* 07-cv-00402-GMS; *Rembrandt*

*Technologies LP v. Comcast Corporation et al.,* 07-cv-00403-GMS; *Rembrandt Technologies LP v. Charter Communications Inc. et al.,* 07-cv- 00404-GMS; *Rembrandt Technologies LP v. Adelphia Communications Corp. et al.,* Bky. Advy. No. 06-01739; *Rembrandt Technologies LP v. Adelphia Communications Corp.,* C.A. No. 07-cv-00214-WHP; *Rembrandt Technologies LP v. Comcast Corp. et al.,* 05-cv- 00443-TJW-CE; *Rembrandt Technologies LP v. Sharp Corp. et al.,* 06-cv-00047-TJW-CE; *Rembrandt Technologies LP v. Charter Communications Inc. et al.,* 06-cv-00223-TJW-CE; *Rembrandt Technologies LP v. Time Warner Cable Inc.,* 06-cv-00224-TJW-CE; *Rembrandt Technologies LP v. Time Warner Cable Inc.,* 06-cv-00369-TJW-CE; *Rembrandt Technologies LP v. Comcast Corp. et al.,* 06-cv-00506-TJW-CE; and *Rembrandt Technologies LP v. Charter Communications Inc. et al.,* 06-cv-00507-TJW-CE, as well as *Motorola, Inc. et al. v. Rembrandt Technologies LP, et al.*, 07-cv-752-GMS.

7. "Paradyne Patents" refers to any patent that was issued to or applied for by or on behalf of any Paradyne entity including without limitation Paradyne Corporation, AT&T Paradyne, or Paradyne Networks, Inc., or issued to or applied for by or on behalf of any inventor named on any of the Patents-in-Suit.

8. "Assignee" or "the assignees" refers to any alleged assignee of the Patents-in-Suit or any Related patents or patent applications, including, but not limited to Paradyne, Rembrandt, AT&T Paradyne, or Lucent Technologies, Inc.

9. "Prosecuting Attorney" shall refer to any counsel involved in the application or prosecution of a Patent-in-Suit, related patent or patent application, or Paradyne Patent.

10. "Document" shall have the meaning accorded by Rule 34(a) of the Federal Rules of Civil Procedure including, but not limited to all of the matters defined in Rule 1001 of the Federal Rules of Evidence, any written, printed, typed, recorded, magnetic, punched, copied,

graphic, or other tangible thing in which information may be embodied, translated, conveyed, or stored. If a draft document has been prepared in several copies that are not identical, or if the original identical copies are no longer identical due to subsequent notation, each non-identical document is a separate document.

11. "Concerning" means pertaining to, relating to, referring to, regarding, representing, embodying, illustrating, describing, evidencing, discussing, mentioning or constituting.

12. "Communication" is used in a comprehensive sense, and means any instance in which any person has had contact with any other person by oral or written utterance, question, comment, inquiry, notation, or statement of any nature whatsoever, including but not limited to writings, documents, conversations, dialogues, discussions, interviews, consultations, agreements, and understandings.

13. As used herein, "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

14. Where appropriate, the singular form of a word should be interpreted in the plural and vice versa, to acquire the broadest possible meaning.

15. If any document relating to the subject matter of this subpoena has been destroyed, describe the content of said document, the last location of said document, the date of its destruction and the name of the person or entity that ordered or authorized its destruction.

16. If you have knowledge of any document, tangible object, or other thing that is responsive to any document category, but has been destroyed or is no longer in existence, identify and describe with particularity the document, tangible object, or thing destroyed, where

it was destroyed, who possessed it prior to its destruction, who destroyed it, what the contents of the document, tangible object or thing were prior to its destruction, and why, how and when it was destroyed.

17.     In the event that responsive documents have been stored in archives or other storage locations, provide a list or index that identifies the original custodian of the documents, the storage location, the date upon which the documents were moved to a storage location, who authorized the storage of the documents, and why the documents were removed to storage.

18.     If you withhold any document on the basis of privilege, describe the redacted or withheld document in a privilege log in sufficient detail so as to permit the Equipment Vendors to evaluate, and the Court to adjudicate, the merits of the privilege claim.

## DOCUMENT REQUESTS

### *DOCUMENT RETENTION & DESTRUCTION*

1.     Document storage sheets, such as those produced at Zhone-MDL-1-1629, for any Paradyne documents that were discarded, shredded, destroyed or otherwise disposed of (*see*, *e.g.*, 7/17/08 letter of C.J. Seitz to John Shaw,  "As Zhone indicated in its objections to the subpoena, it originally inherited thousands of boxes from Paradyne.  I have been advised, however, that since the acquisition, Zhone has destroyed various boxes as part of its normal and regular business.").

2.     All documents describing or referring to any Paradyne documents that were discarded, shredded, destroyed or otherwise disposed of (*see*, *e.g.*, 7/17/08 letter of C.J. Seitz to John Shaw, "As Zhone indicated in its objections to the subpoena, it originally inherited thousands of boxes from Paradyne.  I have been advised, however, that since the acquisition, Zhone has destroyed various boxes as part of its normal and regular business.").

3. All documents referring or relating to the discarding, shredding, destruction or other disposition of Paradyne documents (*see*, *e.g.*, 7/17/08 letter of C.J. Seitz to John Shaw, "As Zhone indicated in its objections to the subpoena, it originally inherited thousands of boxes from Paradyne. I have been advised, however, that since the acquisition, Zhone has destroyed various boxes as part of its normal and regular business."), including without limitation invoices for any company to perform such disposition of the documents, and any communications relating to such disposition of the documents.

4. All communications referring or relating to the discarding, shredding, destruction or other disposition of Paradyne documents (*see*, *e.g.*, 7/17/08 letter of C.J. Seitz to John Shaw, "As Zhone indicated in its objections to the subpoena, it originally inherited thousands of boxes from Paradyne. I have been advised, however, that since the acquisition, Zhone has destroyed various boxes as part of its normal and regular business.")

5. All documents referring or relating to any access to or inspection of the Paradyne documents "inherited" by Zhone (*see*, *e.g.*, 7/17/08 letter of C.J. Seitz to John Shaw, "As Zhone indicated in its objections to the subpoena, it originally inherited thousands of boxes from Paradyne. I have been advised, however, that since the acquisition, Zhone has destroyed various boxes as part of its normal and regular business.")

6. Any instructions provided regarding the retention (or non-retention) of Paradyne's documents, including without limitation instructions provided for retention of documents relating to the Patents-in-Suit or Related patents or patent applications, including without limitation documents relating to the offer for sale, sale, use, manufacture, or importation of any products that may practice any of the claims of the Patents-in-Suit (*e.g.*, agreements, contracts, invoices, purchasing records, A/R records, order records, accounting/tax records, etc.), inventor

notebooks, invention disclosures, or other files relating to any conception or reduction to practice of the Patents-in-Suit or any testing for the same, agreements, contracts or invoices relating to the offer for sale, sale, use, manufacture, or importation of any products that may practice any of the claims of the Patents-in-Suit or Related patents or patent applications, documents relating to the affixation of any number of any Patent-in-Suit to any product, documents relating to knowledge of any materials that may comprise prior art, documents relating to the success or lack thereof of any products relevant to the Patents-in-Suit, technical documents sufficient to understand the operation of any product that may practice the claims of the Patents-in-Suit, documents relating to any acquisition or licensing or offers to license or acquire the Patents-in-Suit or Related patents or patent applications, documents relating to the application and prosecution of the Patents-in-Suit or Related patents or patent applications, and any other documents that may lead to the discovery of admissible evidence.

7. All documents discussing, describing, referring, or relating to the destruction of Paradyne business, company or employee information (*see*, *e.g.*, 7/17/08 letter of C.J. Seitz to John Shaw, "As Zhone indicated in its objections to the subpoena, it originally inherited thousands of boxes from Paradyne. I have been advised, however, that since the acquisition, Zhone has destroyed various boxes as part of its normal and regular business."), including without limitation any documents describing who possessed the information prior to destruction, where the information was stored prior to destruction, where the information was destroyed, when the information was destroyed, who authorized the destruction of the information, who knew about the destruction of the information, how the information was destroyed, why the information was destroyed, and the identification of any company or individual(s) hired to destroy or move Paradyne information.

8. All documents discussing, describing, referring, or relating to the storage of Paradyne business, company or employee information (*see*, *e.g.*, 7/17/08 letter of C.J. Seitz to John Shaw, "As Zhone indicated in its objections to the subpoena, it originally inherited thousands of boxes from Paradyne. I have been advised, however, that since the acquisition, Zhone has destroyed various boxes as part of its normal and regular business."), including without limitation documents describing who authorized the storage of the information, where the information is and has been stored, how the information is and has been stored, when the information was stored, why the information was stored, how information was selected for storage, any preservation instructions, and any inventory control sheets or other documents describing or identifying the contents of the stored information.