IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: REMBRANDT TECHNOLOGIES, LP PATENT LITIGATION | MDL Docket No. 07-md-1848 (GMS) (All Cases) |

**TWC'S OBJECTIONS TO PLAINTIFF'S PARTIAL NOTICE OF VIDEOTAPED ORAL DEPOSITION TO DEFENDANTS PURSUANT TO RULE 30(b)(6)**

Pursuant to Rules 30 and 34, Federal Rules of Civil Procedure, defendants Time Warner Cable, Inc., Time Warner Cable LLC, Time Warner New York Cable LLC (properly known as Time Warner NY Cable LLC ), Time Warner Entertainment Company, LP, and Time Warner Entertainment-Advance/Newhouse Partnership (collectively "Time Warner Cable" or "TWC") object and respond to plaintiff Rembrandt Technologies, LP's ("Rembrandt") Partial Notice of Videotaped Oral Deposition to Defendants Pursuant to Rule 30(b)(6) dated August 18, 2008 ("Rembrandt's Partial Notice").

**GENERAL OBJECTIONS**

1. TWC objects to Rembrandt's Partial Notice to the extent that Rembrandt, by designating the notice "Partial," improperly seeks the opportunity to serve additional notices of deposition pursuant to Rule 30(b)(6) on TWC. Under Rule 30(a)(2), Rembrandt is limited to a single deposition of TWC, absent leave of Court. Rembrandt cannot circumvent this rule by styling its notice as "Partial."

2. TWC objects to the date of the deposition set forth in Rembrandt's Partial Notice. Rembrandt made no effort to meet and confer with TWC regarding the date of the deposition prior serving its Partial Notice. Furthermore, the date noticed by Rembrandt is inconsistent with Rembrandt's purported demand that TWC respond to any and all pending discovery requests prior to the deposition. TWC will produce a designee or designees to testify on its behalf, if at all, on a mutually-convenient date to be agreed to between the parties.

3. TWC objects to Rembrandt's Partial Notice to the extent that it purports to require

TWC to complete its response to any and all pending discovery requests from Rembrandt prior to the deposition. TWC will respond to Rembrandt's discovery requests in accordance with the Federal Rules of Civil Procedure and the Court's scheduling orders in this litigation.

4. TWC objects to the Partial Notice to the extent that it purports to require TWC to provide notice of the identity of the witness(es) designated by TWC to counsel for Rembrandt no later than ten (10) business days prior to the date on which the deposition will commence.

5. TWC objects to the Partial Notice to the extent that it purports to require TWC to complete its response to any and all pending discovery requests from Rembrandt prior to the deposition. TWC will respond to Rembrandt's discovery requests in accordance with the Federal Rules of Civil Procedure and the Court's scheduling orders in this litigation.

6. TWC objects to Rembrandt's Partial Notice to the extent that it purports to require TWC to produce any documents or things at or before the deposition. Rembrandt may not demand the production of documents from TWC through a notice of deposition under Rule 30. Rather, Rembrandt must serve an accompanying request for production pursuant to Rule 34. *See* Fed. R. Civ. P. 30(b)(2). To the extent that Rembrandt's reference to Rule 34 in its Partial Notice could be construed to constitute an "accompanied" request for production pursuant to Rule 34, Rembrandt's request is improper because it seeks production of documents in less than the 30 days required by Rule 34.

7. TWC objects to each deposition topic and instruction to the extent it is vague, ambiguous, unintelligible, overbroad, and/or fails to describe the matters for examination with reasonable particularity.

8. TWC objects to any deposition topic or instruction to the extent it seeks to impose upon TWC an obligation that is inconsistent with or greater than that imposed by the Federal Rules of Civil Procedure and/or any other applicable rule or order of the Court.

9. TWC objects to each of the definitions as vague, ambiguous, and overly broad, including without limitation, "relating to", "persons", "Defendants", "Advanced Television

Systems Committee", "ATSC", "ATSC Digital Television Standard", "ATSC-Compliant Devices", "ATSC-Compliant Digital TV Signals", "ATSC patents", and "Accused Activity".

10. TWC objects to the definitions of "Time Warner," "You," and "Your" as vague, overbroad, and unintelligible to the extent that these definitions purport to include third persons, "affiliates of any kind or nature," "any person or entity acting on their behalf," or other non-parties. TWC further objects to these definitions as calling for a legal conclusion.

11. TWC objects to the deposition topics to the extent that they seek information which is not within TWC' possession, custody, or control. TWC further objects to the deposition topics to the extent that they request information concerning third-party activities on the ground that such topics are overly broad and unduly burdensome.

12. TWC objects to the deposition topics to the extent they seek information that is not relevant to the subject matter involved in this litigation or is not reasonably calculated to lead to the discovery of admissible evidence. In particular, TWC objects the deposition topics as overly broad and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks information regarding products, services or patents not at issue in this litigation.

13. TWC objects to the deposition topics as unreasonable and unduly burdensome to the extent that they request information that is already in the Rembrandt's possession, is readily accessible to Rembrandt, or that is available from public sources.

14. TWC objects to the deposition topics as cumulative or duplicative to the extent that they seek information that already has been sought by Rembrandt in other discovery requests. To the extent that such information has been or will be supplied in response to other discovery requests by Rembrandt, TWC objects to producing a witness on that same subject matter which is best obtained through, other less expensive and burdensome discovery methods.

15. TWC objects to the deposition topics as premature pursuant to the Court's scheduling to the extent that they seek information regarding any potential advice of counsel defense prior to Rembrandt's making an adequate *prima facie* showing of willfulness.

16.     TWC objects to the deposition topics to the extent that they seek the premature disclosure of expert opinions or analysis.  TWC will disclose such information at the time and in the manner set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court, and this Court's scheduling orders in this case.

17.     TWC objects to the deposition topics to the extent they seek information protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the community of interest privilege, or any other applicable privilege or immunity from discovery.

18.     TWC objects to the deposition topics to the extent that they are ambiguous as to the time frame intended to be covered and, as such, are overbroad.  TWC further objects to the deposition topics to the extent that they contain no limitation on the time frame on the grounds that they are overly broad, unduly burdensome and oppressive.

19.     TWC objects to the deposition topics to the extent that they purport to give meaning or legal significance to a document, fact or purported fact, whose meaning or significance is the subject of dispute between the parties.

20.     TWC reserves the right to use or introduce, for any hearing or trial, information not known to exist at this time, including information obtained through discovery in this litigation.

21.     TWC incorporates these General Objections into each specific objection below.  A specific objection may restate an objection for emphasis or some other reason.  The failure to restate any General Objection in a specific objection shall not constitute a waiver of the objection.

**SPECIFIC OBJECTIONS TO EXHIBIT A TOPICS FOR EXAMINATION**

**TOPIC NO. 1:**

When and how You first became aware of the '627 Patent.

**OBJECTIONS TO TOPIC NO. 1:**

TWC objects that this topic is unnecessarily and improperly cumulative and duplicative

of Rembrandt's First Set of Interrogatories Directed to the '627 Patent, No. 1 which is a more appropriate and less expensive and burdensome discovery method for obtaining the requested information. Subject to foregoing objections, TWC is willing to meet and confer with Rembrandt regarding whether there is any aspect of this topic that is not duplicative of other less burdensome discovery propounded by Rembrandt.

**TOPIC NO. 2:**

Who within Time Warner first became aware of the '627 Patent.

**OBJECTIONS TO TOPIC NO. 2:**

TWC objects that this topic is unnecessarily and improperly cumulative and duplicative of Rembrandt's First Set of Interrogatories Directed to the '627 Patent, No. 1 which is a more appropriate and less expensive and burdensome discovery method for obtaining the requested information. Subject to foregoing objections, TWC is willing to meet and confer with Rembrandt regarding whether there is any aspect of this topic that is not duplicative of other less burdensome discovery propounded by Rembrandt.

**TOPIC NO. 3:**

What investigation, if any, You conducted after becoming aware of any of the '627 Patent to determine whether said patent was valid, infringed, enforceable, or licensed.

**OBJECTIONS TO TOPIC NO. 3:**

TWC objects to this request to the extent is seeks information relating to activities subsequent to the commencement of the litigation between Rembrandt and TWC on June 1, 2006. TWC objects to "investigation" as vague, ambiguous, and overly broad. TWC further objects to "to determine whether said patent was valid, infringed, enforceable, or licensed" as calling for a legal conclusion. TWC further objects to this topic because it seeks information which will invariably be protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and/or the community of interest privilege. Subject to foregoing general and specific objections, TWC is willing to meet and confer with Rembrandt regarding the scope of this topic, whether there is any relevant, non-privileged information

422769.02

5

responsive to this topic and whether that information is not more appropriately provided through other, less expensive and less burdensome discovery methods.

**TOPIC NO. 4:**

Any analysis, opinion, or inquiry regarding potential infringement of the claims of the '627 Patent, including, but not limited to any pre-litigation and post-commencement-of-litigation investigations performed by or on behalf of You, Your partners, licensors, customers, resellers, and/or affiliates, related to the potential infringement by any products or systems made, used, offered for sale, and/or sold by You, Your partners, licensors, customers, resellers, and/or affiliates.

**OBJECTIONS TO TOPIC NO. 4:**

TWC objects to this request to the extent is seeks information relating to activities subsequent to the commencement of the litigation between Rembrandt and TWC on June 1, 2006. TWC further objects to "Any analysis, opinion, or inquiry regarding potential infringement", "the claims in each of the '627 Patent", "any pre-litigation and post-commencement-of-litigation investigations", "on behalf of", "related to the potential infringement", "any products or systems", "including but not limited to" and "your partners, your licensors, your customers, your resellers, and/or your affiliates" as vague, ambiguous, and overly broad. TWC further objects to the phrase "regarding potential infringement of the claims in each of the '627 Patents" as calling for a legal conclusion. TWC further objects to this topic to the extent that it suggests that any of TWC's existing products and/or services infringe the '627 Patent. TWC further objects to this topic to the extent that it purports to require TWC to provide testimony regarding the knowledge or conduct of entities other than TWC. TWC further objects to this topic because it seeks information which will invariably be protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and/or the community of interest privilege. Subject to foregoing general and specific objections, TWC is willing to meet and confer with Rembrandt regarding the scope of this topic, whether there is any relevant, non-privileged information responsive to this topic and whether that information is not

more appropriately provided through other, less expensive and less burdensome discovery methods.

**TOPIC NO. 5:**

Efforts by You to design any products around the '627 Patent.

**OBJECTIONS TO TOPIC NO. 5:**

TWC objects to "efforts" and "design any products around" as vague, ambiguous, and overly broad. TWC further objects "design any products around" as calling for a legal conclusion. TWC further objects to this topic to the extent that it suggests that any of TWC's existing products and/or services infringe the '627 Patent. TWC further objects that discovery relating to this topic is premature in that the Court has not yet construed the claims of the '627 Patent and Rembrandt's Preliminary Infringement Contentions are too vague and conclusory for TWC reasonably to prepare a witness regarding what might constitute an "effort" to "design around." TWC further objects to this topic because it seeks information which will invariably be protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and/or the community of interest privilege. Subject to foregoing general and specific objections, TWC is willing to meet and confer with Rembrandt regarding the scope of this topic, whether there is any relevant, non-privileged information responsive to this topic and whether that information is not more appropriately provided through other, less expensive and less burdensome discovery methods.

**TOPIC NO. 6:**

Your policies and/or customs, whether in writing or oral, on investigating or refraining from investigating whether Your existing or proposed to be introduced products and/or services infringe patents owned by third parties.

**OBJECTIONS TO TOPIC NO. 6:**

TWC objects to this request to the extent is seeks information relating to activities subsequent to the commencement of the litigation between Rembrandt and TWC on June 1, 2006. TWC further objects "Your policies and/or customs", "Your existing or proposed to be

introduced products and/or services", "patents owned by third parties" and "investigating" as vague, ambiguous, and overly broad. TWC further objects to this topic as vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent this request is unlimited as to time and to the extent it seeks information relating to patents other than the '627 Patent. TWC further objects to this topic because it seeks information which will invariably be protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and/or the community of interest privilege. Subject to foregoing general and specific objections, TWC is willing to meet and confer with Rembrandt regarding the scope of this topic, whether there is any relevant, non-privileged information responsive to this topic and whether that information is not more appropriately provided through other, less expensive and less burdensome discovery methods.

**TOPIC NO. 7:**

Your communications, whether internal or external, regarding whether to investigate if the Accused Products and Services infringed any patents owned by a third party.

**OBJECTIONS TO TOPIC NO. 7:**

TWC objects to this request to the extent is seeks information relating to activities subsequent to the commencement of the litigation between Rembrandt and TWC on June 1, 2006. TWC further objects to "TWC's communications", "regarding whether to investigate", "the Accused Products and Services", and "any patents owned by a third party" as vague, ambiguous, and overly broad. TWC further objects to the phrase "infringed any patents" as calling for a legal conclusion. TWC further objects to this topic as vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent this request is unlimited as to time and to the extent it seeks information relating to patents other than the '627 Patent. TWC further objects to this topic because it seeks information which will invariably be protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and/or the community of interest privilege. Subject to foregoing general and specific objections, TWC is willing to meet and confer with Rembrandt regarding

the scope of this topic, whether there is any relevant, non-privileged information responsive to this topic and whether that information is not more appropriately provided through other, less expensive and less burdensome discovery methods.

**TOPIC NO. 8:**

Your communications, whether internal or external, regarding the '627 Patent after You became aware of it.

**OBJECTIONS TO TOPIC NO. 8:**

TWC objects to this request to the extent is seeks information relating to activities subsequent to the commencement of the litigation between Rembrandt and TWC on June 1, 2006. TWC further objects to "TWC's communications" and "regarding the '627 Patent" as vague, ambiguous, and overly broad. TWC further objects to this topic because it seeks information which will invariably be protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and/or the community of interest privilege. Subject to foregoing general and specific objections, TWC is willing to meet and confer with Rembrandt regarding the scope of this topic, whether there is any relevant, non-privileged information responsive to this topic and whether that information is not more appropriately provided through other, less expensive and less burdensome discovery methods.

**TOPIC NO. 9:**

The January 12, 1995 letter from James E. Lamar, then President, AT&T IPM Corp. to Robert Hopkins, then Executive Director, Advanced Television Systems Committee ("the "1995 Letter") a copy of which is attached as Exhibit C, including, without limitation Your response to the 1995 Letter.

**OBJECTIONS TO TOPIC NO. 9:**

TWC objects to the term "Your response" as vague, ambiguous, and overly broad. TWC also objects to this topic to the extent that it seeks information that is in the possession of, and is best obtained through discovery from, parties other than TWC and/or is not in TWC's possession, custody or control. TWC further objects to this topic because it seeks information

422769.02

9

which will invariably be protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and/or the community of interest privilege. Subject to foregoing general and specific objections, TWC is willing to meet and confer with Rembrandt regarding the scope of this topic, whether there is any relevant, non-privileged information responsive to this topic and whether that information is not more appropriately provided through other, less expensive and less burdensome discovery methods.

**TOPIC NO. 10:**

The ATSC's response to the 1995 Letter.

**OBJECTIONS TO TOPIC NO. 10:**

TWC objects to "The ATSC's response" and "the 1995 Letter" as vague and ambiguous. TWC also objects to this topic to the extent that it seeks information that is in the possession of, and is best obtained through discovery from, parties other than TWC and/or is not in TWC's possession, custody or control. TWC further objects to this topic because it seeks information which will invariably be protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and/or the community of interest privilege. Subject to foregoing general and specific objections, TWC is willing to meet and confer with Rembrandt regarding the scope of this topic, whether there is any relevant, non-privileged information responsive to this topic and whether that information is not more appropriately provided through other, less expensive and less burdensome discovery methods.

**TOPIC NO. 11:**

Efforts by you prior to the filing of the actions *Rembrandt Technologies, LP v. Timer Warner Cable, Inc.*, C.A. No. 2:06-224 (E.D. Tex.) and *Rembrandt Technologies, LP v. v. Time Warner Cable, Inc.*, C.A. No. 2:06-369 (E.D. Tex) to investigate patents essential to the ATSC Digital Television Standard.

**OBJECTIONS TO TOPIC NO. 11:**

TWC objects to "efforts by you", "investigate", and "essential to the ATSC Digital Television Standard" as vague, ambiguous, overly broad, and as calling for a legal conclusion.

TWC objects to this topic as overly broad and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks information regarding patents and products or services not at issue in this litigation.  TWC further objects to this topic because it seeks information which will invariably be protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and/or the community of interest privilege.  Subject to foregoing general and specific objections, TWC is willing to meet and confer with Rembrandt regarding the scope of this topic, whether there is any relevant, non-privileged information responsive to this topic and whether that information is not more appropriately provided through other, less expensive and less burdensome discovery methods.

**TOPIC NO. 12:**

Disclosures by William Betts to the ITU, including without limitation, in July 1991 (memorialized in CCITT WP XVII/1, July 1991, REM0016695-REM0016700) and April 2000 (memorialized in ITU Study Group 15; Contribution D.726(Wp1/15); Geneva, April 13-14, 2000, REM0014618-REM0014621).

**OBJECTIONS TO TOPIC NO. 12:**

TWC objects to "disclosures by William Betts to the ITU" as vague, ambiguous, overly broad, and as calling for a legal conclusion.  TWC further objects to this topic as seeking information that is in the possession of plaintiff.  TWC further objects to this topic because it seeks information which will invariably be protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and/or the community of interest privilege.  Subject to foregoing general and specific objections, TWC is willing to meet and confer with Rembrandt regarding the scope of this topic, whether there is any relevant, non-privileged information responsive to this topic and whether that information is not more appropriately provided through other, less expensive and less burdensome discovery methods.

**TOPIC NO. 13:**

When and how You first became aware of, and to the extent to which You monitored, the action: *Rembrandt Technologies, LP v. Comcast Corp. et al.,* C.A. No. 2:05-443 (E.D. Tex.).

**OBJECTIONS TO TOPIC NO. 13:**

TWC objects that this topic is unnecessarily and improperly cumulative and duplicative of Rembrandt's First Set of Interrogatories Directed to the '627 Patent, No. 1 which is a more appropriate and less expensive and burdensome discovery method for obtaining the requested information. TWC further objects to "aware of" and "You monitored" as vague and ambiguous. TWC further objects to this topic because it seeks information which will invariably be protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and/or the community of interest privilege. Subject to foregoing general and specific objections, TWC is willing to meet and confer with Rembrandt regarding the scope of this topic, whether there is any relevant, non-privileged information responsive to this topic and whether that information is not more appropriately provided through other, less expensive and less burdensome discovery propounded by Rembrandt.

**TOPIC NO. 14:**

Your knowledge or awareness of other litigations involving the '627 Patent.

**OBJECTIONS TO TOPIC NO. 14:**

TWC objects to "Your knowledge or awareness" and "other litigations involving the '627 Patent" as vague, ambiguous, overly broad, and as calling for a legal conclusion. TWC also objects to this topic as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. TWC further objects to this topic because it seeks information which will invariably be protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and/or the community of interest privilege. Subject to foregoing general and specific objections, TWC is willing to meet and confer with Rembrandt regarding the scope of this topic, whether there is any relevant, non-privileged information responsive to this topic and whether that information is not more appropriately provided through other, less expensive and less burdensome discovery propounded by Rembrandt.

**TOPIC NO. 15:**

Your attendance at meetings held by, or communications with, the Grand Alliance, the

ATSC, the National Cable & Telecommunications Association, CableLabs, the Advanced Television Test Center, the Advisory Committee on Advanced Television Service, the International Telegraph and Telephone Consultative Committee, or other fora where the '627 Patent, the Related Action, or the Rembrandt multi-district litigation, or any of the cases comprising it, were discussed.

**OBJECTIONS TO TOPIC NO. 15:**

TWC objects to the terms "Your attendance", "Grand Alliance," "other fora", and "discussed" as vague, ambiguous, overly broad, and as calling for a legal conclusion. TWC further objects to this topic as overly broad and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks information regarding patents and products or services not at issue in this litigation. TWC further objects to this topic because it seeks information which will invariably be protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and/or the community of interest privilege. Subject to foregoing general and specific objections, TWC is willing to meet and confer with Rembrandt regarding the scope of this topic, whether there is any relevant, non-privileged information responsive to this topic and whether that information is not more appropriately provided through other, less expensive and less burdensome discovery propounded by Rembrandt.

**SPECIFIC OBJECTIONS TO EXHIBIT B DOCUMENT DEMAND**

**REQUEST NO. 1:**

All documents and things considered, reviewed, or prepared by Defendants in the course of preparing for the 30(b)(6) deposition on the subjects listed above in Exhibit A.

**OBJECTIONS TO REQUEST NO. 1:**

TWC objects to Rembrandt's document demand as improper and invalid under the Federal Rules of Civil Procedure. Rembrandt may not demand the production of documents from TWC through a notice of deposition under Rule 30. Rather, Rembrandt must serve an accompanying request for production pursuant to Rule 34. *See* Fed. R. Civ. P. 30(b)(2). TWC further objects to the document demand as improper, even it if were to be construed as an

"accompanied" demand pursuant to Rule 34, because it seeks production of documents in less than the 30 days provided for under Rule 34. TWC further objects to the document demand on grounds that it is vague, ambiguous, overly broad, and seeks documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. TWC further objects to the document demand to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the community of interest privilege, and/or any other applicable privilege or immunity from discovery. Subject to the foregoing general and specific objections, TWC will not produce any documents in response to Rembrandt's document demand.

Dated: August 29, 2008

Respectfully submitted,

By: ___/s/ Daniel L. Reisner_____
David S. Benyacar
Daniel L. Reisner
**Kaye Scholer LLP**
425 Park Avenue
New York, NY 10022-3598
(212) 836-8000

*Attorneys for Time Warner Cable Inc., Time Warner Cable LLC, Time Warner New NY Cable LLC, Time Warner Entertainment Company, L.P., and Time Warner Entertainment-Advance/Newhouse Partnership*

2469152

422769.02

14

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on August 29, 2008, I caused the foregoing document to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following in the manner indicated:

Collins J. Seitz, Jr., Esquire
Francis DiGiovanni, Esquire
CONNOLLY BOVE LODGE & HUTZ LLP

John W. Shaw, Esquire
YOUNG CONAWAY STARGATT & TAYLOR LLP

I also certify that copies were caused to be served on August 29, 2008, upon the following in the manner indicated:

**VIA HAND DELIVERY and EMAIL**

Collins J. Seitz, Jr., Esquire
Francis DiGiovanni, Esquire
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE  19801
cseitz@cblh.com
fdigiovanni@cblh.com

John W. Shaw, Esquire
YOUNG CONAWAY STARGATT & TAYLOR LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
jshaw@ycst.com

**VIA EMAIL**

David S. Benyacar, Esquire
KAYE SCHOLER LLP
425 Park Avenue
New York, NY  10022
dbenyacar@kayescholer.com

John M. DesMarais, Esquire
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, NY  10022-4611
Jdesmarais@kirkland.com

Eric R. Lamison, Esquire
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA  94104
elamison@kirkland.com

Edward R. Reines, Esquire
WEIL GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
edward.reines@weil.com

*/s/ Karen Jacobs Louden (#2881)*
_____
Karen Jacobs Louden (#2881)