**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

WILMINGTON, DE

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

Collins J. Seitz, Jr.
TEL       (302) 888-6278
FAX       (302) 255-4278
EMAIL     cseitz@cblh.com
REPLY TO  Wilmington Office

August 29, 2008

**BY E-FILING**

The Honorable Gregory M. Sleet
Chief Judge, United States District Court
District of Delaware
844 King Street
Wilmington, Delaware 19801

> Re:   *In re: Rembrandt Technologies, LP Patent Litigation*
>       C.A. No. 1:07-md-1848 (GMS)

Dear Chief Judge Sleet:

I write to follow-up with the Court on two issues raised at the end of the Markman hearing – the status of discovery, and the need for some adjustments to the pretrial schedule as a result of that status. Rembrandt respectfully requests that the Court adjust the pretrial dates to permit additional time for fact discovery and expert reports. Although counsel for the Equipment Vendors initially approached Rembrandt with similar proposed changes to the pretrial schedule, and the parties have conferred on the issue, counsel have not been able to reach agreement on adjustments to the schedule to present to the Court for its consideration. Because of delays in the completion of discovery related to the sheer number of parties involved in the litigation and the difficulties of coordination, Rembrandt respectfully submits that discovery cannot be completed under the current schedule. Rembrandt is therefore submitting in conjunction with this letter a proposed revision to the pretrial schedule that should permit the completion of discovery while maintaining the trial date and permitting the litigation to proceed in an orderly and efficient manner.

### Status of Discovery – Eight Patent Case

On March 13, 2008, in the "Eight Patent Case" Rembrandt propounded its first set of document requests to All Other Parties. As of the date of this letter, none of these parties has completed its document production responsive to these requests. Since July 25, 2008, Charter, Adelphia and Time Warner have collectively produced over 400,000 pages of new documents to Rembrandt; Cisco, Scientific-Atlanta and Terayon have collectively produced approximately 100,000 pages of documents. The productions of other parties have been small: Ambit has produced only 237 pages of documents;

Thomson only 416 pages; Netgear only 501 pages; and Arris only 2,065 pages. Cablevision has, as yet, produced no documents. All Other Parties have stated during recent meet-and-confer sessions that substantial productions of additional documents are forthcoming, but have not specified dates for productions. In addition, All Other Parties have thus far declined to produce any emails responsive to Rembrandt's document requests. We have conducted meet-and-confer sessions on this issue and will continue to do so. Rembrandt will propose a list of search terms to be used to search for responsive emails.

As part of the development of its infringement case, Rembrandt also has requested the production by the Equipment Vendor Defendants ("EVs") of source code for the modems and cable modem termination systems that they manufacture. Rembrandt anticipates that the source code that helps to control these devices will contain information that supports its infringement case, and Rembrandt's experts plan to review (and, where available, have begun to review) the source code for the modems and cable modem termination systems. As of the date of this letter, Defendants Ambit, Cisco, Netgear, and Scientific-Atlanta have failed to produce any source code, and the source code productions of the other EVs appear incomplete. Rembrandt has raised this issue in meet-and-confer sessions, and served written correspondence requesting that the EVs complete (or start) their production of source code. The EVs have, to date, not responded to Rembrandt's request that they identify a date certain by which they will produce all source code.

On June 26, 2008, Rembrandt served a second set of document requests to the Multiple System Operators ("MSOs") seeking discovery relating to Sedna Patent Services, LLC, a company founded and controlled by some of the MSOs. The MSOs largely have refused to produce documents responsive to these requests, and Rembrandt is conducting meet-and-confer sessions with the MSOs on this issue. Rembrandt also has served similar document requests on Sedna, as a third party. Sedna has yet to produce documents responsive to these requests, and Rembrandt is conducting meet-and-confer sessions with Sedna on this issue.

On March 13, 2008, Rembrandt served its initial set of interrogatories on the defendants, including an interrogatory asking the MSOs to "[i]dentify by model name and number each different cable modem and cable modem termination system that you have made, used, sold, imported or caused to [sic] made, used, sold or imported." The interrogatory also asked the MSOs to provide basic information about these devices, such as the per-unit cost to them, the volume of each modem used, and other information relevant to Rembrandt's infringement contentions and damages.

Although the identification of cable modems and cable modem termination systems that the MSOs have used in their systems is critical to the development of Rembrandt's infringement case, the MSOs' responses to this interrogatory have been deficient. Rembrandt has conducted meet-and-confer sessions on this issue with the MSO defendants, and has sent letters to them describing in detail the deficiencies in their

individual responses and requesting prompt supplementation. These requests remain outstanding.

Rembrandt additionally has served interrogatories on the EVs that seek, among other things, information regarding their cable modem and cable modem termination systems. Because the EVs' responses have likewise been deficient in significant respects, Rembrandt has held meet-and-confer sessions with and drafted letters to the EVs outlining the deficiencies in their responses.

On the issue of making a *prima facie* showing of willfulness, Rembrandt served an interrogatory on July 18, 2008, and Rule 30(b)(6) deposition notices on August 1, 2008. The MSOs and the EVs have objected to Rembrandt's deposition notices, and the MSOs have taken the position that Rembrandt is not entitled to depose them on topics related to willfulness. Rembrandt has conducted meet-and-confer sessions with the MSOs and the EVs, and has sent letters explaining its position as to why depositions on these matters are appropriate. No agreement has been reached. All Other Parties also recently responded to the interrogatory directed at willfulness. Rembrandt is in the process of following up with All Other Parties because it believes their answers to be non-responsive and inaccurate.

Rembrandt has also served approximately 35 subpoenas to third parties and is in the process of negotiating with those parties for production of documents.

### Status of Discovery – '627 Case

On February 2, 2008, Rembrandt propounded its first set of document requests to ABC, CBS, NBC, and Fox ("Broadcasters"). Rembrandt served a second set of document requests to the Broadcasters on March 11, 2008, and a third set of document requests on July 28, 2008. As of the date of this letter, the Broadcasters have not completed their production responsive to the first and second requests. Rembrandt is still awaiting substantial productions from most of the Broadcaster defendants. CBS and NBC have each produced under 2,000 pages. ABC has produced 35,609 pages, FOX has produced 46,126 pages of documents, CBS has produced 1,942 pages, and NBC has produced 458 pages. After Rembrandt sent letters and follow-up reminders on May 6 and June 3, 2008, ABC, CBS and NBC responded by email on June 6, 2008 and Fox responded by letter on June 10, 2008, reaffirming the Broadcasters' objections, yet stating their intent to begin production "on a rolling basis."

On June 18, 2008, the parties held a meet and confer. Some agreements were reached, other issues were deferred, but document production was to proceed and some disputes would be re-visited after document production was well underway. Over two months have come and gone, but despite Rembrandt's renewed request for more substantial productions, the Broadcasters have not supplemented their production. The Broadcasters' most recent emails of August 18, 2008 (ABC, CBS and NBC) and August 19, 2008 (FOX) stated that the size of supplemental productions would be small, leading

The Honorable Gregory M. Sleet
August 29, 2008
Page 4

Rembrandt to believe that there will be further disputes about compliance with the document requests.

One of the central areas of dispute has been the production of financial information, which Rembrandt believes to be crucial to proving its damages. Rembrandt has requested documents showing revenue, profits, advertising prices and fees as well as other financial data underlying Broadcasters' ATSC-compliant digital television transmission. Despite several communications on this issue, including a meet and confer, the Broadcasters have not produced any financial documents related to their content or advertising revenues. The broadcasters have taken the position that they will only provide financial documents relating to their equipment costs.

On July 28, 2008, Rembrandt served a first set of document requests on the MSOs. Rembrandt served a first set of document requests to Sharp on March 14, 2008, and a second set on July 28, 2008. On August 8, 2008, Rembrandt gained access to the MSOs' documents that were produced before MDL-consolidation, including, about 1,570,945 pages of Comcast documents, 196,204 pages of Charter documents, 71,944 pages of Coxcom documents, and 954,365 pages of Time Warner documents. On July 23, 2008, Rembrandt gained access to the remaining Sharp documents that were produced before MDL-consolidation, including about 27,782 pages. Rembrandt served a first set of document requests on the MSOs on July 28, 2008, and expects to receive responses on August 27, 2008.

On the issue of making a prima facie showing of willfulness, Rembrandt served a first set of interrogatories to the MSOs and Sharp on July 28, 2008, and Rule 30(b)(6) deposition notices on August 18, 2008 to the '627 defendants. Rembrandt expects to receive responses to the interrogatories on August 27, 2008. Furthermore, NBC's and CBS's absent productions are impacting Rembrandt's ability to comply with the October 15, 2008 deadline regarding a prima facie case of willfulness.

Rembrandt has served approximately 44 subpoenas to third parties and is in the process of individual negotiations with each of those parties for production of documents.

### The Protective Order

Since late last year, the parties have been negotiating a stipulated protective order that would be applied to all of the cases in the MDL. Although significant progress has been made, several issues remain, and the parties appear to be at an impasse for these specific issues. The issues are: (a) the ability of Rembrandt's in-house counsel to access confidential and highly confidential documents produced by All Other Parties; (b) the scope of a "prosecution bar"— that is, a provision that would restrict a reviewing attorney's ability to participate in the prosecution of patents in related technology fields; and (c) the number of Rembrandt experts and consultants (and their staff) that can review the source code produced by All Other Parties.

The Honorable Gregory M. Sleet
August 29, 2008
Page 5

### Proposed Adjustments To Pretrial Dates

The purpose of the foregoing discussion is not to argue discovery disputes or to circumvent the Court's procedural requirements for raising discovery issues. Nor is it intended to be an exhaustive list of the discovery issues that remain outstanding in the 8-Patent and '627 Cases, as there are numerous other issues that the parties are attempting to work through. Our purpose is to provide the Court with the status of discovery in this complex MDL proceeding as context for reviewing Rembrandt's request to adjust the pretrial deadlines to permit additional time for fact discovery and expert reports.[1]

During the Markman hearing, the EVs approached Rembrandt to discuss a stipulation to adjust the pre-trial dates to extend the pretrial schedule to permit additional time for expert reports as well as fact discovery. On August 5, 2008, they proposed a revised schedule for the Eight Patent case, attached as Exhibit A. The revised schedule would have extended the pretrial dates to allow approximately three months of additional time for expert reports and the close of fact discovery (trial is scheduled for two weeks beginning September 9, 2009). Before Rembrandt could discuss the proposal, the MSOs informed Rembrandt that the offer was made without their consent. The MSOs stated that they would consent to a change in the pretrial dates only if the trial date was moved by an equal amount. The EVs thereafter withdrew the proposal.

Rembrandt believes, as the EVs believed at one time, that discovery has not kept pace with the current pretrial dates, and an adjustment should be made to allow additional time for expert reports and fact discovery. The complexity of the discovery disputes that remain, and the sheer number of parties and third parties involved in the case, support the need for a schedule adjustment.

This is especially important given the schedule for the Markman ruling. The Court stated that the Markman decision would be issued within 90 days following September 12 (the date for the parties to report to the Court on their efforts to reduce the number of claim terms to be construed). That date falls outside the current scheduling order date for expert reports (November 21, 2008). The experts for all parties will benefit from the Markman ruling when preparing infringement reports.

Rembrandt's proposed revised schedule is attached as Exhibit B. Our proposal encompasses both the Eight Patent case and the '627 case. It does not seek a change in the trial date, and follows closely, with some exceptions, the proposal made by the EVs that was later withdrawn. If the EVs and MSOs respond that the schedule should not be changed unless the trial date is changed, and the Court agrees with this position,

---

[1] As the preceding discussion should illustrate, the parties have gone to great lengths to try to resolve their discovery disputes without the intervention of the Court, and have conducted multiple meet-and-confer sessions on particular issues in an effort to narrow the areas of dispute. Nevertheless, the parties either have reached or are nearing an impasse on numerous issues that will likely be presented to the Court for resolution in the coming weeks.

The Honorable Gregory M. Sleet
August 29, 2008
Page 6

Rembrandt respectfully requests that a trial date change should be as limited as possible given the Court's busy schedule.

Respectfully,

*Collins J. Seitz, Jr.*
*by Kevin F. Brady (#2248)*
Collins J. Seitz, Jr. (#2237)
cseitz@cblh.com

CJS,Jr./saj
Enclosures

cc:   Clerk of the Court (by ECF)
      Jack B. Blumenfeld (by ECF and hand delivery)
      John W. Shaw (by ECF and hand delivery)

631717_2

**EXHIBIT A**

Case 1:07-md-01848-GMS    Document 320-2    Filed 08/29/2008    Page 1 of 4

## IN RE: REMBRANDT TECHNOLOGIES, LP PATENT LITIGATION
### Eight Patents Proposed Revised Scheduling Order Dates

| Event | Current Schedule | Proposed Revised Schedule |
|---|---|---|
| Opening expert reports | 11/21/09 | 2/19/09 |
| Fact discovery cut-off | 1/9/09 | 4/10/09 |
| Answering expert reports | 1/12/09 | 4/13/09 |
| SJ opening letters | 1/15/09 | 4/16/09 |
| SJ answering letters | 1/22/09 | 4/23/09 |
| SJ reply letters | 1/29/09 | 4/30/09 |
| Fact/Expert discovery cut-off | 2/25/09 | 5/15/09 |
| SJ teleconference & Case Status Conference | 2/27/09 | Court's convenience |
| SJ motions (if allowed) | 3/20/09 or three weeks from ruling letters, whichever date is later | 10 days from ruling on letters, if permitted |
| SJ answering briefs | Per rules | Per rules |
| SJ reply briefs | Per rules | Per rules |
| Motions *in limine* | 5/15/09 | 5/28/09 |
| Motions *in limine* answering briefs | 6/1/09 | 6/11/09 |
| Motions *in limine* reply briefs | 6/8/09 | 6/18/09 |
| Pre-Trial Order | 6/8/09 | 6/18/09 |

# EXHIBIT B

Case 1:07-md-01848-GMS   Document 320-2   Filed 08/29/2008   Page 3 of 4

# IN RE: REMBRANDT TECHNOLOGIES, LP PATENT LITIGATION

## REMBRANDT'S EIGHT PATENT CASE AND '627 CASE PROPOSED SCHEDULE

| Event | Current Schedule | Proposed Revised Schedule |
|---|---|---|
| Rembrandt notification re: willfulness | 10/15/08 | 1/16/09 |
| All Other Parties' written response to willfulness | 10/29/08 | 1/30/09 |
| Production of willfulness-related documents | 11/5/08 | 2/11/09 |
| Fact discovery cut-off | 1/9/09 | 3/6/09 |
| Opening expert reports | 11/21/09 | 3/13/09 |
| Answering expert reports | 1/12/09 | 4/24/09 |
| SJ opening letters | 1/15/09 | 4/16/09 |
| SJ answering letters | 1/22/09 | 4/23/09 |
| SJ reply letters | 1/29/09 | 4/30/09 |
| Expert discovery cut-off | 2/25/09 | 5/15/09 |
| SJ teleconference & Case Status Conference | 2/27/09 | Court's convenience |
| SJ motions (if allowed) | 3/20/09 or three weeks from ruling letters, whichever date is later | 10 days from ruling on letters, if permitted |
| SJ answering briefs | Per rules | Per rules |
| SJ reply briefs | Per rules | Per rules |
| Motions *in limine* | 5/15/09 | 5/28/09 |
| Motions *in limine* answering briefs | 6/1/09 | 6/11/09 |
| Motions *in limine* reply briefs | 6/8/09 | 6/18/09 |
| Pre-Trial Order | 6/8/09 | 6/18/09 |