IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: REMBRANDT | ) | |
| TECHNOLOGIES, LP PATENT | ) | MDL Docket No. 07-md-1848 (GMS) |
| LITIGATION | ) | |

## **NOTICE OF SUBPOENA**

PLEASE TAKE NOTICE that the subpoena attached as Exhibit 1 is being served upon Turbocomm Tech. Inc. (USA).

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs Louden*

Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com
*Attorneys for Comcast Corp.; Comcast Cable Communications, LLC; Century-TCI California Communications, LP; Century-TCI Holdings, LLC Comcast of Florida / Pennsylvania, LP; Comcast of Pennsylvania II, LP; Parnassos Communications, LP; Parnassos Holdings, LLC; Western NY Cablevision LP; and Comcast Cable Communications Holdings, Inc.*

OF COUNSEL:

Robert A. Van Nest
Brian L. Ferrall
Daralyn J. Durie
Leo L. Lam
Matthew M. Werdegar
Eric MacMichael
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA 94111
(415) 391-5400

September 4, 2008

2474522

## CERTIFICATE OF SERVICE

I, hereby certify that copies of the foregoing were caused to be served on September 4, 2008 upon the following in the manner indicated:

### VIA HAND DELIVERY and EMAIL

Collins J. Seitz, Jr., Esquire
Francis DiGiovanni, Esquire
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801
cseitz@cblh.com
fdigiovanni@cblh.com

John W. Shaw, Esquire
YOUNG CONAWAY STARGATT & TAYLOR LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
jshaw@ycst.com

### VIA EMAIL

David S. Benyacar, Esquire
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
dbenyacar@kayescholer.com

John M. DesMarais, Esquire
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022-4611
Jdesmarais@kirkland.com

Eric R. Lamison, Esquire
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
elamison@kirkland.com

Edward R. Reines, Esquire
WEIL GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
edward.reines@weil.com

*/s/ Karen Jacobs Louden*
Karen Jacobs Louden (#2881)

# EXHIBIT 1

Case 1:07-md-01848-GMS    Document 326    Filed 09/04/2008    Page 3 of 12

AO88 (Rev. 12/07) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

<u>CENTRAL DISTRICT OF</u>          <u>CALIFORNIA</u>

SUBPOENA IN A CIVIL CASE

In re: REMBRANDT TECHNOLOGIES, LP PATENT LITIGATION

Case Number:[1] MDL Docket No. 1:07-md-1848-gms (pending in the District of Delaware) This subpoena relates to 1:07-cv-752-GMS (pending in the District of Delaware)

TO: Turbocomm Tech. Inc. (USA)
1142 S. Diamond Bar. Blvd., #380
Diamond Bar, CA 91765

[ ] YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

[x] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| 1000 Wilshire Blvd., Suite 600<br>Los Angeles, CA 90017 | September 26, 2008<br>10:00 a.m. |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| ERIC MacMICHAEL, Attorneys for Comcast Entities | September 4, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Eric MacMichael
Keker & Van Nest, LLP, 710 Sansome St., San Francisco, CA 94111 (415) 391-5400

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
               DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
 (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
 (2) Command to Produce Materials or Permit Inspection.
  (A) Appearance Not Required. A person commanded to produce documents, not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
 (3) Quashing or Modifying a Subpoena.
  (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information;
   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
   (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
  (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
 (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
  (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) Claiming Privilege or Protection.
  (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
 The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

1. "Rembrandt" means Rembrandt Technologies, LP, Rembrandt Technologies, LLC d/b/a Remstream, and all predecessors, successors, subsidiaries, parents, sisters, partnerships and affiliates thereof, including, but not limited to, Rembrandt IP Management LLC, and all directors, officers, agents, employees, attorneys and other persons acting on their behalf.

2. "TurboComm" or "you" refers to TurboComm Tech Inc., including all predecessors, successors, subsidiaries, parents, sisters, partnerships and affiliates thereof, including but not limited to Cameo Communications, Inc., and all directors, officers, agents, employees, attorneys and other persons acting on their behalf.

3. "Hotwire" means Hotwire Communications, LLC and Hotwire Communications Ltd., collectively and individually, including all predecessors, successors, subsidiaries, parents, sisters, partnerships and affiliates thereof, and all directors, officers, agents, employees, attorneys and other persons acting on their behalf.

4. "Presser" means Presser International, LLC, including all predecessors, successors, subsidiaries, parents, sisters, partnerships and affiliates thereof, and all directors, officers, agents, employees, attorneys and other persons acting on their behalf, including but not limited to Mark Presser.

5. "CableLabs" means Cable Television Laboratories, Inc., including all predecessors, successors, subsidiaries, parents, sisters, partnerships and affiliates thereof, and all directors, officers, agents, employees, attorneys and other persons acting on their behalf.

423640.01

6. "Patents-in-suit" mean the following patents at issue in this litigation: U.S. Patent No. 4,937,819 ("the '819 patent"); U.S. Patent No. 5,008,903 ("the '03 patent"); U.S. Patent No. 5,710,761 ("the '761 patent"); U.S. Patent No. 5,719,858 ("the '858 patent"); U.S. Patent No. 5,778,234 ("the '234 patent"); U.S. Patent No. 5,852,63 1 ("the '631 patent)U; .S. Patent No. 6,131,159 ("the '159 patent"); U.S. Patent No. 6,960,444 ("the '444 patent").

7. "Related patents or patent applications" means any U.S. or foreign patent or patent application that either (i) stems from or claims priority to the patents-in-suit, (ii) describes subject matter claimed or described in the patents-in-suit, or (iii) claims any subject matter in the patents-in-suit. "Related patents or patent applications" specifically includes, but is not limited to Aband. App. 08/149,348, Aband. App. 09/031,226, CA 2 093 042, EP 0 569 178, Prov. App.60/022,474, Prov. App. 60/026,970, U.S. Pat. No. 5,751,796 (App No. 08/781,787), U.S. Pat. No. 5,796,808 (App. No. 08/781,067), U.S. Pat. No. 5,787,363 (App No. 08/780,238), WO 97/49193, WO 97/49229, WO 97/49230, WO 97/49228, Prov. App. 60/039,265, U.S. Pat. No. 6,580,785 (App. No. 09/032,671), U.S. Pat. No. 7,020,266 (App. No. 10/269,209), Pend. App. 111086,063 (U.S. Pub 2005/0163303), Pend. App. 11/690,807, Prov. App. 60/128,064, U.S. Pat. No. 6,922,415 (App. No. 09/537,609), Prov. App. 60/038,324, JP 2002 513532, EP 0 983 691 (WO98 38813), Prov. App. 60/150,436, Pend. App. 10/179,544 (U.S. Pub. 200210167949), Pend. App. 11/076,737 (U.S. Pub. 2005/0152404), and any foreign counterparts thereof.

8. "Document" shall have the meaning accorded by Rule 34(a) of the Federal Rules of Civil Procedure including, but not limited to all of the matters defied in Rule 1001 of the Federal Rules of Evidence, any written, printed, typed, recorded, magnetic, punched, copied, graphic, or other tangible thing in which information may be embodied, translated, conveyed, or stored. If a draft document has been prepared in several copies that are not identical, or if the original identical

copies are no longer identical due to subsequent notation, each non-identical document is a separate document.

9. "Concerning" means pertaining to, relating to, referring to, regarding, representing, embodying, illustrating, describing, evidencing, discussing, mentioning or constituting.

10. "Communication" is used in a comprehensive sense, and means any instance in which any person has had contact with any other person by oral or written utterance, question, comment, inquiry, notation, or statement of any nature whatsoever, including but not limited to writings, documents, conversations, dialogues, discussions, interviews, consultations, agreements, and understandings.

11. As used herein, "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12. Where appropriate, the singular form of a word should be interpreted in the plural and vice versa, to acquire the broadest possible meaning.

13. If any document relating to the subject matter of this subpoena has been destroyed, describe the content of said document, the last location of said document, the date of its destruction and the name of the person or entity that ordered or authorized its destruction.

## DOCUMENT REQUESTS

1. All documents concerning communications with Rembrandt, including but not limited to internal memoranda, emails, notes, travel logs, appointment books, telephone logs, calendar entries, and/or any communications with third parties.

423640.01

2. All documents and things concerning the business of Rembrandt, including without limitation all documents and things concerning any and all revenues, sales, or other financial information; intellectual property licensing; acquisition or enforcement agreements; strategies, plans or internal analyses relating to any agreements; strategies, plans, or internal analyses to supply products or services or enter agreements with others to supply products or services implementing any intellectual property.

3. All documents concerning communications with Remstream, including but not limited to internal memoranda, emails, notes, travel logs, appointment books, telephone logs, calendar entries, and/or any communications with third parties.

4. All documents and things concerning the business of Remstream, including without limitation all documents and things concerning any revenues, sales, or other financial information; intellectual property licensing; acquisition or enforcement agreements; strategies, plans or internal analyses relating to any agreements; strategies, plans, or internal analyses to supply products or services or enter agreements with others to supply products or services implementing any intellectual property.

5. All documents concerning communications with Presser, including but not limited to internal memoranda, emails, notes, travel logs, appointment books, telephone logs, calendar entries, and/or any communications with third parties.

6. All documents and things concerning the business of Presser, including without limitation all documents and things concerning any revenues or other financial information; intellectual property licensing; acquisition or enforcement agreements; strategies, plans or internal analyses relating to any agreements; strategies, plans, or internal analyses to supply products or services or enter agreements with others to supply products or services implementing any intellectual

423640.01

property.

7.     All documents concerning communications with Hotwire, including but not limited to internal memoranda, emails, notes, travel logs, appointment books, telephone logs, calendar entries, and/or any communications with third parties.

8.     All documents concerning any agreement and/or negotiation of agreement with or concerning Rembrandt, Remstream, Hotwire, and/or Presser.

9.     All documents showing any payments made by you to Rembrandt, Remstream, Hotwire, and/or Presser, or payments made from Rembrandt, Remstream, Hotwire, and/or Presser to you.

10.    Documents sufficient to show the cable modems and/or cable modem termination systems that you have developed, manufactured, purchased, sold, recommended and/or distributed.

11.    Documents sufficient to show all sales and revenue information from the cable modems and/or cable modem termination systems that you have developed, manufactured, purchased, sold, recommended and/or distributed.

12.    All documents, including, but not limited to, source code, design documents, interface or product specifications, flowcharts, models, drawings, promotional literature, advertising, engineering design, engineering analysis and testing, user manuals, instruction manuals, catalogs, and operation documents, concerning any cable modems or cable modem terminating systems that you have designed, manufactured or sold, including, but not limited to, cable modem models REM-8100, REM-8200, EC420, and WM-100.

13.    All documents and things concerning any license, royalty, technology transfer, authorization-to-use agreements, or other transfer of rights entered into or proposed, and the negotiations for those licenses, authorizations or transfers relating to the cable modems and/or

423640.01

cable modem termination systems that you have developed, manufactured, purchased, sold, recommended and/or distributed.

14. Any internal business plans or strategic documents concerning your cable modems or cable modem terminating systems business, including, but not limited to, documents discussing market shares; competition; competitors; and potential for sales growth or expansion into new product, service, or geographic markets.

15. Any internal business plans or strategic documents concerning your cable internet services business, including, but not limited to, documents discussing market shares; competition; competitors; and potential for sales growth or expansion into new product, service, or geographic markets.

16. All documents concerning any of the patents-in-suit or related patents and patent applications.

17. All documents concerning the actual or potential enforcement of any of the patents-in-suit or any related patents or patent applications.

18. All documents concerning any agreement and/or negotiation of agreement relating to the above-referenced litigation or to any of the patents-in-suit or any related patent or patent application.

19. Documents sufficient to identify your policies and procedures for generating, maintaining, and disposing of documents.

20. All documents concerning any agreement and/or negotiation of agreement with, between, among you and any manufacturer of cable modems, manufacturer of cable modem termination systems, or cable services provider.

21. All documents concerning communications with CableLabs.

423640.01

22.     All documents concerning your efforts to obtain CableLabs certification for any cable modem products including but not limited to internal memoranda or analysis, emails, notes, travel logs, appointment books, telephone logs, calendar entries, and/or any communications with third parties.

23.     All documents concerning any agreement and/or negotiation of agreement with, between, among you and CableLabs.

423640.01