

# CONNOLLY BOVE LODGE & HUTZ LLP
## ATTORNEYS AT LAW

WILMINGTON, DE

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

Collins J. Seitz, Jr.
TEL      (302) 888-6278
FAX     (302) 255-4278
EMAIL   cseitz@cblh.com
REPLY TO  Wilmington Office

February 20, 2009

**By Electronic Filing**

The Honorable Gregory M. Sleet
United States District Court
  for the District of Delaware
844 North King Street
Wilmington, DE 19801

      Re:   *In re Rembrandt Technologies, LP*, MDL Docket No. 07-md-1848-GMS

Dear Chief Judge Sleet:

      We write on behalf of Rembrandt Technologies, LP to request leave to file a motion that, if granted, would terminate the '627 patent case in this Court, pending appeal. Specifically, Rembrandt's motion will request entry of summary judgment of noninfringement of the '627 patent under the Court's November 2008 claim construction Order (D.I. 445), certification of that judgment for appeal under FED. R. CIV. P. 54(b), and a stay of all further '627 Patent proceedings pending the appeal. Rembrandt is willing to stipulate subject to its appeal rights that there is no infringement under the '627 patent in light of the Court's claim construction Order. The motion therefore seeks to terminate the '627 case at the district court level, avoiding the further expenditure of considerable time, money, and expense by the Court and the litigants.

      After the Court entered its *Markman* Order in November, Rembrandt informed the defendants that it was willing to stipulate to noninfringement and postponed its discovery efforts to avoid unnecessarily burdening the defendants. The parties began negotiating a stipulated judgment of noninfringement, informing the Court of these developments two months ago, *via* letter dated December 15, 2008. D.I. 501. Unfortunately, in the two months since, the parties have been unable to reach agreement on the terms of a stipulated judgment, despite continued efforts. Two weeks ago, in a February 3 teleconference on the status of the '627 case, the parties informed the Court of their difficulties, and counsel for Rembrandt indicated that, if the impasse were to continue, Rembrandt would seek leave to file "a motion under Rule 54(b) for judgment of noninfringement given the Court's claim construction." D.I. 560, 2/3/09 Tr. at 47-50. By this letter, Rembrandt respectfully requests leave to file that motion.

      The parties are at an impasse concerning the most efficient way to move this case to the appellate level. The Court can enter judgment of non-infringement now, based upon three claim limitations that **all parties agree** are missing from the accused products under the Court's construction: **signal point, means for interleaving**, and **means for deinterleaving**. Defendants, however, insist that any judgment of noninfringment must also include a determination by the

LAW OFFICES
Connolly Bove Lodge & Hutz LLP

The Honorable Gregory M. Sleet
February 20, 2009
Page 2 of 3

Court that four **additional** claim limitations are missing, both literally and under the doctrine of equivalents. After consulting with its technical experts, Rembrandt simply cannot agree that those four additional limitations are missing.

Rembrandt believes that the interests of effective case management and judicial economy are best served by entering Rembrandt's proposed judgment of noninfringement now, based on the three claim limitations that the parties agree are not infringed under the claim construction Order. These constructions have the potential to be case-dispositive. If affirmed on appeal, the Court's **signal point** construction would end the '627 infringement case, since the **signal point** limitation appears in all of the asserted claims of the patent. If affirmed (and **signal point** reversed), the **means for interleaving** and **means for deinterleaving** constructions would eliminate five of nine asserted claims from the '627 case.

Further, if a Rule 54(b) judgment of noninfringement is entered now, that judgment would greatly conserve the time and energy of the Court. Except in the event of remand, the Court would not need to supervise further discovery concerning whether the defendants' four additional limitations are met in the accused products; the parties will not need to expend resources in developing expert testimony on those points; and the Court will not be burdened with deciding summary judgment motions on those highly technical signal processing issues that will be the subject of expert testimony. Indeed, this Court has held that there is no need to undertake such effort and expense when noninfringement is agreed upon, simply so that a defendant can attempt to create additional bases for a finding of noninfringement. *See Schering Corp. v. Amgen, Inc.*, 35 F. Supp. 2d 375, 378 (D. Del. 1999) (Schwartz, J.) (rejecting as "unnecessary and wasteful" an accused infringer's insistence on finding 35 additional infringement facts when patentee was willing to concede noninfringement).

As Rembrandt understands it, the Defendants will oppose Rembrandt's motion because they would prefer to include multiple alternative reasons why the claims are allegedly not infringed in the appealable judgment and specifically additional claim limitations that are allegedly not satisfied by the accused products. D.I. 560, 2/3/09 Tr. at 47:22-23 and *see generally id.* at 47-50. But the parties dispute whether the accused products have these additional claim limitations. As the Court is aware, infringement is a question of fact. Since the parties disagree on the factual infringement issues, Rembrandt does not understand, at this point, how disputed factual issues can be resolved now in for example a summary judgment proceeding. Thus, Rembrandt presently does not understand why a summary judgment proceeding on disputed factual issues, as suggested by the defendants at the last conference with the Court (D.I. 560, 2/3/09 Tr. at 48:1-3), would be beneficial over entering a judgment that is based on agreements, as proposed by Rembrandt.

Accordingly, to facilitate the efficient resolution of the '627 case, Rembrandt's motion will seek (1) a grant of summary judgment of noninfringement on the three claim limitations that

LAW OFFICES
Connolly Bove Lodge & Hutz LLP

The Honorable Gregory M. Sleet
February 20, 2009
Page 3 of 3

the parties agree cannot be infringed under the Court's claim construction Order, (2) a certification of that judgment for appeal under Fed. R. Civ. P. 54(b), and (3) a stay of all further proceedings in the '627 case pending the outcome of that appeal. Rembrandt believes that this course of action presents the optimal, most economical manner of managing the '627 case in light of the Court's claim construction and the parties' agreement that infringement cannot be proven under that Order.

Respectfully,

*Collins J. Seitz, Jr. /FD*

Collins J. Seitz, Jr.
(Bar I.D. No. 2237)

CJS,Jr./njw