IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: ) | |
| ) | MDL Docket No. 07-1848-GMS-LPS |
| REMBRANDT TECHNOLOGIES, LP ) | |
| PATENT LITIGATION ) | |
| ) | |

**MEMORANDUM ORDER REGARDING MOTION TO AMEND AND**
**REPORT AND RECOMMENDATION REGARDING DISPOSITIVE MOTIONS**

Pending before the Court in this multi-district litigation ("MDL") are three motions: (i) a Motion for Leave to Amend Complaint (Docket Item ("D.I.") 147 and, hereinafter, "Motion to Amend")[1] filed by Plaintiffs/Counter-Defendants Motorola, Inc., Cisco Systems, Inc., Scientific-Atlanta, Inc., ARRIS Group, Inc., Thomson, Inc., Ambit Microsystems, Inc. and NETGEAR, Inc. (collectively, "Plaintiffs");[2] (ii) a Motion to Strike, or in the Alternative, to Dismiss, Modem Manufacturers' Antitrust and Unfair Competition Counter-Counterclaims (D.I. 263 and, hereinafter, "Motion to Strike or Dismiss") filed by Defendants/Counter-Plaintiffs Rembrandt Technologies, LP ("Rembrandt LP") and Rembrandt Technologies, LLC d/b/a Remstream ("Remstream," and, together with Rembrandt LP, collectively, "Rembrandt" or "Defendants"); and (iii) a Motion for Judgment on the Pleadings on Counts 6, 7, and 8 of Cablevision's Counter-Counterclaims; Counts 5, 6, and 8 of Charter's[3] Counterclaims; Counts

---

[1] Unless otherwise noted herein, all docket entries to which I refer may be found in the MDL case, C.A. No. 07-1848-GMS-LPS.

[2] These Plaintiffs are sometimes herein referred to as the "Modem Manufacturers" or "Equipment Vendors."

[3] On March 27, 2009, a Suggestion of Bankruptcy upon the record as to Charter Communications, Inc. and Charter Communications Operating, LLC (collectively, the "Debtors")

12, 13, and 15 of Comcast's Counter-Counterclaims; Count 5, 6, and 8 of Coxcom's Counterclaims; and Counts 7, 8, and 10 of TWC's Counterclaims (D.I. 309 and, hereinafter, "Motion for Judgment") filed by Rembrandt against various counter-defendants.[4]

For the reasons that follow, I grant Plaintiffs' Motion to Amend and recommend dismissal of Rembrandt's Motion to Strike or Dismiss as moot. Further, I recommend that Rembrandt's Motion for Judgment be denied.[5]

## I. THE PARTIES' CONTENTIONS

### A. Motion to Amend

By their Motion to Amend, filed on April 11, 2008, Plaintiffs request leave to amend their complaint to add federal and state antitrust and unfair competition claims with respect to Rembrandt and all of the patents-in-suit. Plaintiffs filed their original, declaratory judgment

---

was filed. (D.1. 649) By Order dated March 31, 2009, Chief Judge Sleet administratively closed this case as to the Debtors. (D.I. 652)

[4]Rembrandt's Motion for Judgment relates to claims filed by the following counter-defendants (hereinafter, collectively referred to as the "Cable Defendants"): Cablevision Systems Corp. and CSC Holdings, Inc. (collectively, "Cablevision"); Charter Communications, Inc. and Charter Communications Operating, LLC (collectively, "Charter"); Comcast Corp., Comcast Cable Communications, LLC, Century-TCI California Communications, LP, Century-TCI Holdings, LLC, Comcast of Florida/Pennsylvania, LP, Comcast of Pennsylvania II, LP, Parnassos Communications, LP, Parnassos Holdings, LLC, Western NY Cablevision, LP, and Comcast Cable Communications Holdings, Inc. (collectively, "Comcast"); Coxcom, Inc. ("Coxcom"); and Time Warner Cable Inc., Time Warner Cable LLC, Time Warner New York Cable LLC (properly known as Time Warner NY Cable LLC), and Time Warner Entertainment Company, L.P. (collectively, "TWC").

[5]This matter was referred to the undersigned magistrate judge by order dated February 26, 2009. (D.I. 591) Pursuant to the referral order, as well as 28 U.S.C. § 636, my authority with respect to the case-dispositive Motions for Judgment and to Strike or Dismiss is limited to issuing a Report and Recommendation. With respect to the Motion to Amend, my ruling is an order of the Court.

complaint against Rembrandt LP on November 21, 2007, alleging non-infringement and invalidity of the eight patents-in-suit. (C.A. No. 07-752, D.I. 1) On December 12, 2007, the Court held a Scheduling Conference in the MDL Proceedings and Plaintiffs' declaratory judgment case, at which time Rembrandt LP made no reference to any plans to add Remstream as a counterclaim plaintiff or party. On December 20, 2007, Plaintiffs were first granted access to Rembrandt LP's documents produced in the underlying MDL Proceedings. On January 16, 2008, Rembrandt LP answered Plaintiffs' complaint, asserted counterclaims for infringement of the eight patents-in-suit, and, for the first time in this case or in any of the MDL proceedings, added Remstream as a party to the case, claiming that Remstream had exclusive rights to certain of the patents and naming it as a counter-plaintiff. (D.I. 47) Plaintiffs thereafter replied to Rembrandt LP's counterclaims on February 5, 2008. (D.I. 74)

According to Plaintiffs, following the addition of Remstream as a party in these proceedings, they learned that Rembrandt is using Remstream as part of an illicit anticompetitive scheme to unfairly coerce cable operators and their suppliers in connection with these proceedings. That is, Rembrandt LP is attempting to falsely concoct through Remstream a "practicing entity" in order to coerce the cable industry with the threat of injunctive relief and other remedies which Rembrandt LP would not itself be able to attain. Through its relationship with Remstream and others, Rembrandt LP has attempted to monopolize certain Data Over Cable Service Interface Specifications ("DOCSIS") technology and equipment markets.

When Plaintiffs filed a proposed Amended Complaint on April 11, 2008 (the deadline for filing amended pleadings), Defendants stipulated to the amendment to the extent it added inequitable conduct claims. (D.I. 146 & Ex. B) Defendants oppose, however, the portion of the

amendment that includes antitrust and unfair competition allegations.

Plaintiffs contend that their proposed amendment is not a product of delay and does not sound in bad faith, nor are the proposed amendments futile. Plaintiffs also submit that Defendants will suffer no prejudice if leave is granted. Plaintiffs do not seek additional time or any change to the discovery or trial schedule; they note that the alleged inequitable conduct in patent prosecution and the conduct involving Remstream were already at-issue as a result of Rembrandt's January 16, 2008 pleading. Plaintiffs further contend that the public interest favors granting leave to amend because it would permit Plaintiffs the opportunity to prove that Rembrandt is unlawfully attempting to exert market power over virtually the entire cable industry, threatening the DOCSIS cable modems and associated technology enjoyed by the public. If unrestrained, Rembrandt's anticompetitive conduct will interfere with the public's right to enjoy a competitive supply of DOCSIS standardized products free from unlawful patent interference.

Rembrandt, of course, disputes all of these contentions. Rembrandt begins by noting that Plaintiffs' original complaint sought only a declaratory judgment of non-infringement concerning the equipment manufactured by Plaintiffs and of invalidity of eight patents owned by Rembrandt LP. Plaintiffs' proposed amendment would inject antitrust and unfair business practice issues that have not been part of any of the actions that comprise this MDL. Hence, according to Rembrandt, adding these competition-related issues would be counter to the purposes of the MDL consolidation:

> The MDL panel consolidated these cases because they all have in common Rembrandt's allegations of infringement and the defendants' defenses of invalidity and non-infringement: as the MDL panel stated, the cases "share factual

> questions concerning such matters as the technology underlying patents, prior art, claim construction and/or issues of infringement involving the patents." . . . If allowed to proceed, Manufacturers' antitrust and unfair competition claim would inject extraneous issues not implicated by any of the pre-existing lawsuits, including questions of market definition, market power, anticompetitive impact, and antitrust injury and damages, adding a new level of complexity and expert-driven expense to this litigation.

(D.I. 197 at 10 n.4)

Moreover, Rembrandt continues, the proposed amendments are futile, as they fail to state claims on which Plaintiffs may be granted relief. Rembrandt characterizes the proposed antitrust and unfair competition claims as consisting of two sets of allegations: (1) that Rembrandt LP, through its affiliate Remstream, has conspired with one or more of Plaintiffs' competitors to market cable modems and (perhaps) cable systems in competition with Plaintiffs, in an effort to establish a basis for obtaining injunctive relief against Plaintiffs; and (2) that Rembrandt LP has enforced its patents in bad faith, knowing the patents to be invalid, unenforceable, and/or not infringed. Rembrandt asserts that these allegations are conclusory and insufficient under the applicable pleading standards. Finally, Rembrandt adds that Plaintiffs inexcusably delayed in proposing their amendments, since "the basic facts underlying their claims – including the fact that Rembrandt sought DOCSIS certification for a cable modem – have been available to Plaintiffs [since] before they filed their original complaint." (*Id.*)

In reply, Plaintiffs insist their motion is not futile and that they properly state claims under Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2, as well as Section 17200 of the California Business and Professions Code. With respect to the timing of the amendments, Plaintiffs emphasize that they filed less than three months after receiving Rembrandt's Answer and that they only learned of Remstream after they had had an opportunity to review

Rembrandt's documents. Plaintiffs further reiterate that no delay would result from allowance of the amendment, as they have not proposed any alteration of the schedule to accommodate their new claims, and many of Plaintiffs' new allegations overlap with issues already in the case. (*See* D.I. 228 at 2 n.1.)[6]

    B.    <u>Motion to Strike or Dismiss</u>

On May 30, 2008 – shortly after briefing on the Motion to Amend was completed, and seven weeks after the April 11, 2008 cutoff date for filing amended pleadings – the Modem Manufacturers filed "counter-counterclaims" of antitrust and unfair competition which are largely duplicative of the antitrust and unfair competition claims at issue in the Motion to Amend. (*See* D.I. 235.) Rembrandt has moved to strike these "counter-counterclaims" as untimely and improper attempts to amend the pleadings. Furthermore, according to Rembrandt, even if the counter-counterclaims are properly before the Court and are not stricken, they should be dismissed because they fail to state a claim, for the same reasons Rembrandt is asserting in connection with its opposition to Plaintiffs' Motion to Amend. (D.I. 197; D.I. 263)

While Plaintiffs insist that the filing of their counter-counterclaims was timely and proper (and may even have been compulsory pursuant to Fed. R. Civ. P. 13(a)), they also note that if the

---

[6] Plaintiffs also clarify in their reply that they seek to add a Section 1 Sherman Act claim, as well as a Section 2 Sherman Act claim and the California state-law claim. The proposed amendment Plaintiffs had shown Rembrandt in connection with the meet-and-confer process included the Sherman Act Section 1 claim, although the proposed amendment Plaintiffs eventually filed in connection with their Motion to Amend did not. (D.I. 147, Exs. A & B) Rembrandt briefed its opposition to the Motion to Amend as if the Section 1 claim had been included, and Plaintiffs do wish to include this claim. (D.I. 197) Therefore, the amendment addressed in this Memorandum Order is the one that includes the Section 1 claim, i.e., Plaintiffs' Revised First Amended Complaint (Including Antitrust and Unfair Competition Claims). (*See* D.I. 228 at 1, 3-6 & Ex. A.)

Court grants the Motion to Amend that this decision will moot the need to resolve the issues presented by the counter-counterclaims.

In Reply, Rembrandt expresses concern that it will be prejudiced by the late addition of Plaintiff's counter-counterclaims, especially if done outside the context of the disputed Motion to Amend. Rembrandt contends that if Plaintiffs "are allowed to forgo the briefing regarding their unfair competition and Section 2 claims and simply add them in their reply, the judicial process will be skirted and Rembrandt will be harmed." (D.I. 284 at 5)

C.  Motion for Judgment

Rembrandt has moved for judgment on the pleadings on the Cable Defendants' counterclaims relating to contract claims and claims under Section 17200. According to Rembrandt, the Cable Defendants have failed to allege any facts that would support these claims. As alleged in the pleadings, Remstream has purchased modems from a manufacturer that is licensed under the patents in the DOCSIS patent pool, assisted the manufacturer in obtaining certification for modems, and sold those modems in its own name. But, Rembrandt continues, these alleged efforts to compete in the modem marketplace benefit consumers.

More specifically, Rembrandt argues that the Cable Defendants have failed to allege that Rembrandt is bound by the DOCSIS License Agreement. The Cable Defendants claim (1) Rembrandt is a party to the DOCSIS License Agreement; (2) Rembrandt breached that agreement by refusing to grant the Cable Defendants a royalty-free license to its patents; and (3) this conduct constitutes an unfair business practice under Section 17200. But Rembrandt never signed the DOCSIS License Agreement and no facts are pled to support the conclusory allegation that Rembrandt is nevertheless bound by this Agreement as a partner, joint venturer, alter ego, or

principal of a party to the Agreement, nor under any other theory that would obligate Rembrandt to comply with the Agreement. Also, because the Cable Defendants are not parties to the DOCSIS License Agreement and have pleaded no facts to support the claim that they are third party beneficiaries, they lack standing to enforce that Agreement. Further, the Cable Defendants have not identified any law that Rembrandt has violated, any unscrupulous or consumer-harming activity that could support an unfair competition claim, nor any fraudulent conduct.

In response, the Cable Defendants claim that Rembrandt seeks summary adjudication of their counterclaims for breach of contract and unfair competition before there has been meaningful discovery on those claims. The Cable Defendants contend that under the guise of "challenging the pleadings," Rembrandt is asking the Court to ignore and dismiss the detailed factual allegations supporting each of the Cable Defendants' claims. If, as the Court must do in assessing a motion for judgment on the pleadings, all factual allegations in the counterclaims are taken as true and all reasonable inferences are drawn in the Cable Defendants' favor, Rembrandt's purported pattern of misconduct and anti-competitive behavior is clear. Rembrandt ought not be able to escape liability by avoiding further discovery that will establish what has been properly alleged in good faith by the Cable Defendants.

In their reply, Rembrandt responds that the Cable Defendants' claims rest on an untenable legal theory: that it is illegal for a patent owner to purchase from a patent pool's existing licensee instead of joining the patent pool as a member itself. According to Rembrandt, no matter what label the Cable Defendants attempt to attach to this conduct, it violates no law, and the claims relating to it are futile.

## II. **LEGAL STANDARDS**

### A. Motion to Amend

In pertinent part, Rule 15(a) of the Federal Rules of Civil Procedure provides that, after a responsive pleading has been filed, a party may amend its pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." The decision to grant or deny leave to amend lies within the discretion of the Court. *See Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008). Factors the Court should consider in exercising its discretion include "undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Delay alone, however, is an insufficient reason to deny leave to amend. Rather, any delay in seeking leave to amend must be coupled with either a burden on the Court or undue prejudice to the non-moving party if the amendment is allowed. *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). A party suffers undue prejudice if the proposed amendment causes surprise, results in additional discovery, or adds costs to the litigation in defending against the new facts or theories alleged. *See id.* Further, if prejudice to the non-movant exists, the Court must balance the prejudice to the non-moving party against the harm to the movant if leave to amend is not granted, keeping in mind that the goal is to have cases decided on the merits. *See, e.g., Amquip Corp. v. Admiral Ins. Co.*, 231 F.R.D. 197, 199 (E.D. Pa. 2005). "Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. If the proposed amendment is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Koken v. GPC Int'l, Inc.*, 443 F. Supp. 2d 631, 633-34 (D. Del. 2006) (internal quotation marks

omitted).

B.  Motion to Strike

Federal Rule of Civil Procedure 12(f) states, in relevant part, that "[a] court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *McInerney v. Mover Lumber and Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E. D. Pa. 2002). Motions to strike are generally disfavored and "usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Id.*

C.  Motion for Judgment on the Pleadings

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), alleging a failure to state a claim upon which relief can be granted, is analyzed under the same standard as a Rule 12(b)(6) motion to dismiss. *See Turbe v. Government of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." A motion to dismiss requires a court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, a court may grant a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir.

2000) (internal quotation marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007) (internal citations omitted)). While heightened fact pleading is not required, "enough facts to state a claim to relief that is plausible on its face" must be alleged. *Bell Atlantic*, 127 S. Ct. at 1974. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321-22 (3d Cir. 2008) (internal quotation marks omitted). Nor is the Court obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

### III. ANALYSIS

#### A. Motion to Amend

Applying the relevant legal standard to the facts and circumstances of this case, the Court concludes that Plaintiffs should be granted leave to amend. It is evident to the Court that Plaintiffs acted in good faith, and in a timely manner, in requesting their amendment. The amendments will not unduly prejudice Rembrandt. Plaintiffs sought leave to amend prior to the close of discovery and did not request any change to the discovery or trial schedule as a result of

their proposed amendment. The Court concludes that "justice so requires" granting leave to amend.

More particularly, with respect to timing, the Court notes that Plaintiffs filed their Motion to Amend on April 11, 2008, the deadline for amendment of the pleadings. This date was only less than five months after Plaintiffs had filed their initial complaint. It was also less than four months after Plaintiffs obtained access to Rembrandt's documents. Moreover, it was less than three months after Rembrandt added a counter-plaintiff, Remstream -- an entity which was not a party to Plaintiffs' original complaint but whose alleged misconduct comprises an integral portion of the proposed amended claims. (By bringing Remstream into the case, and putting its relationship with Remstream at-issue, Rembrandt cannot contend that discovery on these matters will unduly prejudice it.) It is apparent that Plaintiffs could not have included the amended claims in their original complaint and that they diligently moved to add them once they had substantive bases for them.

Furthermore, taking the allegations of the proposed amendments as true, and viewing them in the light most favorable to Plaintiffs, Rembrandt has failed to show that the proposed amendments are futile. Accordingly, Plaintiffs' Motion to Amend will be granted, and the Revised First Amended Complaint (Including Antitrust and Unfair Competition Claims), as attached to Plaintiffs' reply (D.I. 228, Ex. A), shall be deemed filed instanter.

B.  <u>Motion to Strike or Dismiss</u>

As already noted, in response to Rembrandt's Motion to Strike or Dismiss, Plaintiffs note that their counter-counterclaims were asserted in an abundance of caution and that if Plaintiffs' Motion to Amend is granted, the need to address the issues surrounding the counter-

counterclaims would be moot. (*See* D.I. 274 at 3.) The Court has granted the Motion to Amend. Therefore, I recommend that Rembrandt's Motion to Strike or Dismiss be denied as moot.

    C.    <u>Motion for Judgment</u>

Finally, I recommend that Rembrandt's Motion for Judgment be denied. I agree with the Cable Defendants that their counterclaims contain detailed factual allegations which are sufficient under the notice pleading requirements to support such claims, and that granting judgment to Rembrandt without any consideration of what has been revealed in discovery would be improper. *See generally Southmark Prime Plus, L.P. v. Falzone*, 776 F. Supp. 888, 891 (D. Del. 1991) ("Since Rule 12(c) provides for the summary disposition of a party's claims on the merits before discovery, such motions are disfavored."). I agree with the Cable Defendants that Rembrandt's arguments attack the merits of their claims rather than their sufficiency.

## IV.    <u>CONCLUSION</u>

For the reasons set forth above:

    1.    It is hereby ORDERED that Plaintiffs' Motion to Amend (D.I. 147) is GRANTED.

    2.    I recommend that Rembrandt's Motion to Strike or Dismiss (D.I. 263) be DENIED as moot.

    3.    I recommend that Rembrandt's Motion for Judgment (D.I. 309) be DENIED.

Dated: June 29, 2009

                                              Honorable Leonard P. Stark
                                              UNITED STATES MAGISTRATE JUDGE