IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: REMBRANDT TECHNOLOGIES, LP PATENT LITIGATION | ) ) ) ) ) ) ) ) ) MDL Docket No. 07-md-1848 (GMS) |

**REMBRANDT'S MOTION TO DISMISS (A) ITS CLAIMS AGAINST ALL PARTIES FOR INFRINGEMENT OF CERTAIN PATENTS IN SUIT, AND (B) ALL OTHER PARTIES' DEFENSES, CLAIMS, AND COUNTERCLAIMS FOR LACK OF JURISDICTION AND AS MOOT**

Due to the execution by Rembrandt Technologies, LP, and Rembrandt Technologies, LLC d/b/a Remstream (collectively, "Rembrandt") of a covenant not to sue on United States Patent Nos. 5,852,631; 5,719,858; 4,937,819; 5,008,903; 5,778,234; 6,131,159; 6,950,444; and 5,710,761 ("the Eight Patents"), and pursuant to Article III of the United States Constitution and Federal Rules of Civil Procedure 41(a)(2) and 12(b)(1), Rembrandt hereby moves to dismiss (A) its own claims of infringement of the Eight Patents and (B) All Other Parties'[1] defenses, claims, and counterclaims concerning the Eight Patents and All Other Parties' antitrust, unfair competition, and contract claims.[2]

---

[1] "All Other Parties" as used herein means: Motorola, Inc.; Cisco Systems, Inc.; Scientific-Atlanta, Inc.; Thomson, Inc.; Ambit Microsystems, Inc.; NETGEAR, Inc.; Time Warner Cable, Inc.; Time Warner Cable LLC; Time Warner NY Cable LLC; Time Warner Entertainment Company, LP; Time Warner Entertainment-Advance/Newhouse Partnership; Comcast Corporation; Comcast Cable Communications, LLC; Comcast of Plano, LP; Coxcom, Inc.; CSC Holdings, Inc.; Cablevision Systems Corporation; Adelphia Communications Corporation; Century-TCI California Communications, LP; Century-TCI Distribution Company, LLC; Century-TCI Holdings, LLC; Comcast of Florida/Pennsylvania; L.P.; Comcast of Pennsylvania II, L.P.; Century-TCI California, L.P.; Parnassos Communications LP; Parnassos Distribution Co. I, LLC; Parnassos Distribution II, LLC; Adelphia Consolidation, LLC; Parnassos Holdings LLC; Parnassos, LP; Western NY Cablevision, LP; but does not include Charter Communications Inc. and Charter Communications Operating LLC, which are subject to the Order regarding Suggestion of Bankruptcy (D.I. 652).

[2] Rembrandt has also alleged that certain defendants infringe U.S. Patent No. 5,243,627 ("'627

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | /s/ Collins J. Seitz, Jr. |
| Mark C. Hansen | Collins J. Seitz, Jr. (#2237) |
| J.C. Rozendaal | Francis DiGiovanni (#3189) |
| Rebecca A. Beynon | James D. Heisman (#2746) |
| KELLOGG, HUBER, HANSEN, TODD, | CONNOLLY BOVE LODGE & HUTZ LLP |
| EVANS & FIGEL, P.L.L.C. | 1007 N. Orange Street |
| 1615 M. Street, N.W., Suite 400 | P.O. Box 2207 |
| Washington, D.C. 20036 | Wilmington, Delaware 19899 |
| (202) 326-7900 | (302) 658-9141 |
| mhansen@khhte.com | cseitz@cblh.com |
| jrozendaal@khhte.com | fdigiovanni@cblh.com |
| rbeynon@khhte.com | jheisman@cblh.com |
| *Attorneys for Plaintiff* | *Attorneys for Plaintiff* |

Dated: July 31, 2009

702237_2

---

patent"). Based on the Court's claim construction ruling, the parties have previously agreed that summary judgment of noninfringement should be entered on the '627 patent. *See* D.I. 445. The parties submitted letter briefing pertaining to the specific grounds for which summary judgment should be entered on the '627 patent, and the Court ruled that defendants may file for summary judgment in accordance with the Scheduling Order. *See* D.I. 776, D.I. 789, D.I. 807.