**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| IN RE: REMBRANDT TECHNOLOGIES, LP PATENT LITIGATION | )<br>)<br>)<br>) | MDL Docket No. 07-md-1848 (GMS) |

## JOINT STATUS REPORT

Pursuant to the Order Setting Scheduling Conference (D.I. 920) ("Order"), the parties submit this Joint Status Report, addressing the outstanding issues and a schedule for their resolution.

### OVERVIEW OF THE CASES AND PARTIES BEFORE THIS COURT

These MDL Consolidated Proceedings involve two sets of patent infringement allegations brought by Rembrandt Technologies, LP in a number of cases that were either transferred here by a June 21, 2007 Order of the Judicial Panel on Multidistrict Litigation or filed directly with this Court after the MDL Panel issued its June 21, 2007 Transfer Order.  Claims and/or counterclaims were also filed in these cases.

First, in some of these cases, Rembrandt alleged that certain television broadcasters ("Broadcasters"), television sellers ("Sharp") and cable multiple systems operators ("MSOs") infringed U.S. Patent No. No. 5,243,627 ("the " '627 Patent").  Rembrandt's allegations under the '627 Patent concern terrestrial over-the-air HDTV signals that comply with the Advanced Television Systems Committee ("ATSC") Digital Television Standard.  The various cases before this Court and the specific parties thereto that relate to the '627 Patent are identified in Exhibit A.

Second, in some of  these cases, Rembrandt alleged that certain cable modem equipment vendors ("Equipment Vendors") and certain customers for that equipment (certain MSOs)

infringed one or more of the following eight U.S. Patents: 4,937,819 (the " '819 patent"),

5,719,858(the " '858 patent"),  5,710,761, (the " '761 patent"), 5,852,631 (the " '631 patent"),

5,008,903 (the " '903 patent") 5,778,234 (the " '234 patent"), 6,131,159 (the " '159 patent"),

6,950,444 (the " '444 patent"), collectively (the "Eight Patents").   Rembrandt's allegations

under the Eight Patents concern products compliant with the Data Over Cable Services Interface

Specification ("DOCSIS").   The various cases before this Court and the specific parties thereto

that relate to the Eight Patents are also identified in Exhibit A.

## CURRENT STATUS OF CLAIMS RELATED TO THE '627 PATENT

In this section, the parties to the '627 Patent cases jointly describe the history relevant to

the current status of the '627 Patent claims and then propose next steps to the Court.

### 1.      Relevant Background

In view of this Court's construction of three claim terms in its Claim Construction Order

[D.I. 582], plaintiff Rembrandt Technologies, LP ("Rembrandt") conceded that it could not

prove infringement of U.S. Patent No. 5,243,627 (the '627 Patent) [D.I. 445].  Rembrandt sought

to have this Court enter judgment based on this concession.  *Id.*  The parties accused of

infringement ("Accused Parties") opposed on the ground that a full record should be created, and

that they should be entitled to file a summary judgment motion of non-infringement based not

only on those three claim terms, but on this Court's construction of other terms as well.  [D.I.

585].  The Court agreed with this approach.  [D.I. 586].  The parties jointly submitted a

stipulation setting forth how they planned to proceed, in which Rembrandt agreed it would "not

oppose summary judgment on some grounds," but would on others.  [D.I. 634] at Section 1.

Pursuant to Court Order [D.I. 586], the Accused Parties sought leave to file a summary

judgment motion for non-infringement of the '627 Patent based on uncontested and contested

grounds.  [D.I. 776].  Rembrandt did not oppose the filing of the summary judgment motion and confirmed again that it would not oppose the entry of summary judgment based on the "signal point" and "means for de/interleaving" grounds, but would oppose on the other proposed grounds.  [D.I. 789].  The Court approved the filing of the summary judgment motion on the identified grounds, which included both those that were contested and uncontested.  [D.I. 807].

Based on the Court's Order allowing the filing of the summary judgment motion [D.I. 807], the Accused Parties filed such a motion documenting both the contested and uncontested grounds to conclude the '627 Patent is not infringed.  [D.I. 838].  In response, Rembrandt acknowledged that summary judgment was proper based on undisputed grounds (which resolves all asserted claims), but not on all the grounds in the summary judgment motion.  [D.I. 858] at 2. Specifically, Rembrandt identified the undisputed grounds:

> As stated above, Rembrandt long ago conceded that three Undisputed Limitations are missing from the ATSC Standard under the Court's claim construction: "Signal Point" (in all independent claims), "Means for Interleaving (claims 1, 21) and "Means for DeInterleaving" (claims 9, 21). Consequently the Court can enter summary judgment of non-infringement on the basis of these claim terms alone (Defs. Br. at 2-3).

*Id.* at 3.

## 2.    The Court's July 8, 2011 Order And Proposed Next Steps

On July 8, 2011, this Court issued an Order which, among other things, denied summary judgment on the '627 Patent and sought this report.  The parties understand the Court to have denied summary judgment on the *contested* grounds.  That leaves entry of judgment of non-infringement of the '627 Patent on the uncontested grounds as the next step proposed by the parties.  The uncontested grounds for all asserted claims are the absence of the required "signal point."  In addition, summary judgment was not opposed due to the absence of the required "means for interleaving" for claims 1 and 21 and "means for deinterleaving" for claims 9 and 21.

Accordingly, the parties jointly propose the entry of judgment on the undisputed grounds identified in the Accused Parties' summary judgment motion and expect to present the Court with a joint Stipulation for Entry of Judgment of Non-Infringement and Joint Order for entry by the Court within two weeks from the date of this status report.  The parties anticipate that the proposed judgment will be final.  No party wishes to proceed further with this case in the trial court given the undisputed summary judgment grounds, which establish that judgment of non-infringement should be entered.

Other than entry of judgment, there is nothing left for the Court to do.  Of course, the parties would be pleased to participate in a status conference to discuss this matter if the Court believes that would be beneficial.

## CURRENT STATUS OF CLAIMS RELATED TO THE EIGHT PATENTS

As the Court stated in its July 8, 2011 Order (D.I. 920), Rembrandt Technologies LP dismissed all claims and counterclaims relating to the Eight Patents.  The only remaining issues are the applications by all of the parties adverse to Rembrandt on the Eight Patents (referred to as "All Other Parties") for an exceptional case determination.  The Court in its July 13, 2011 Order struck these applications from the docket with leave to renew.  All Other Parties intend to refile these applications at an appropriate time after entry of the final judgment referenced above, as permitted by the Court in its July 13, 2011 Order. (D.I. 921).

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ John W. Shaw
Josy W. Ingersoll (#1088)
John W. Shaw (#3362)
Jeffrey T. Castellano (#4837)
1000 West Street
Wilmington, DE 19801
(302) 571-6600
jshaw@ycst.com

*Co-Liaison Counsel for All Parties Other Than
Rembrandt*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Karen Jacobs Louden
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com
rsmith@mnat.com

*Co-Liaison Counsel for All Parties Other Than
Rembrandt*

SEITZ ROSS ARONSTAM & MORITZ LLP

/s/ Collins J. Seitz, Jr.
Collins J. Seitz, Jr. (#2237)
100 South West Street
Wilmington DE 19801
(302) 576-1600
cseitz@seitzross.com

*Attorneys for Rembrandt Technologies, LP*

August 8, 2011