

John W. Shaw
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
(302) 298-0701 – Direct
jshaw@shawkeller.com

October 1, 2014

<u>Via CM/ECF</u>

The Honorable Gregory M. Sleet
United States District Court
844 North King Street
Wilmington, DE 19801

    Re:    *In re Rembrandt Technologies Patent Litigation* –
              MDL Docket No. 07-1848-GMS

Dear Judge Sleet:

        All Other Parties adverse to Rembrandt ("AOPs") submit this Notice of Supplemental Authority pursuant to D. Del. LR 7.1.2(b) in support of their Motion for A Determination That This Is an Exceptional Case and an Award of Attorneys' and Experts' Fees and Costs (D.I. 883-84).[1]

        On September 12, 2014, Judge Andrews issued three decisions sanctioning patentees for litigation misconduct. While AOPs acknowledge that every litigation has a unique set of facts and thus provides no exactly analogous factual pattern, these decisions illustrate that conduct of the nature exhibited by Rembrandt here is sanctionable. Specifically:

- In *Chalumeau Power Systems LLC v. Alcatel-Lucent*, C.A. No. 11-1175-RGA, 2014 WL 4675002 (D. Del. Sept. 12, 2014), the Court awarded exceptional case fees because plaintiff "filed a frivolous lawsuit with the sole purpose of extorting a settlement fee," "str[ung] out the case in the hopes that Alcatel would incur fees while [plaintiff] would not," and dropped the case after an adverse claim construction "[w]hen it realized that was not going to happen." *Id.*, at *3. *Compare* D.I. 884 at 2-3, 16-18 (after falsely portraying itself as a practicing entity and threatening injunctive relief, Rembrandt abandoned its claims on five patents following adverse *Markman* decision and on the remaining three patents after the Court permitted AOPs to proceed with summary judgment practice).

- In *Parallel Iron LLC v. NetApp Inc.*, C.A. No. 12-769-RGA, 2014 WL 4540209 (D. Del. Sept. 12, 2014), the Court invoked its inherent authority to award attorney fees where plaintiff "brought [ ] suit without a good faith basis" and then "strung the defendant along" for over a year under the false premise that plaintiff was accusing an industry standard, prior to abandoning this theory altogether. *Id.*, at *5. *Compare* D.I. 884 at 2-3 (after AOPs produced millions of pages of

---

[1]     The Adelphia defendants also filed a Motion for an Award of Attorneys' and Experts' Fees and Costs (D.I. 887) and join this letter.

**SHAW KELLER LLP**

The Honorable Gregory M. Sleet
Page 2

      documents, spent hundreds of hours in depositions, and engaged in substantial expert discovery, Rembrandt abandoned its claims, including those based on industry standard).

- In *Vehicle Operation Techs. LLC v. Am. Honda Motor Co. Inc.*, C.A. No. 13-537-RGA, 2014 WL 4540064 (D. Del. Sept. 12, 2014), the Court dismissed several related litigations as a sanction under Rule 11 as the "only plausible reading" of the prosecution history precluded plaintiff's infringement claims and because plaintiff had "turned a blind eye to the actual vehicles that they were accusing of infringement." *Id.* at *7-8. *Compare* D.I. 884 at 14-16 (describing how Rembrandt had asserted two patents deliberately "*targeted* for abandonment," but later revived for purposes of litigation on false claim that owner "unintentional[ly]" allowed fees to lapse).

      There are, of course, additional and different facts warranting the relief sought here, including massive document spoliation and other exceptional conduct, as fully set forth in AOPs moving papers.

                                        Respectfully submitted,

                                        */s/ John W. Shaw*

                                        John W. Shaw (No. 3362)

cc:    Clerk of the Court (via CM/ECF)
         All Counsel of Record (via CM/ECF)