IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: REMBRANDT TECHNOLOGIES, LP<br>PATENT LITIGATION | MDL Docket No. 07-md-1848 (GMS) |

## ORDER

WHEREAS, on August 20, 2015, the court issued an order ("the Order") granting All Other Parties ("AOPs") Motion for a Determination That This Is an Exceptional Case[1] and an Award of Attorneys' and Experts' Fees and Costs and ordered AOPs to submit documentation detailing their requests. (D.I. 951);

WHEREAS, on September 30, 2015, AOPs filed an Opening Brief in Support of Their Reasonable Fees Request (D.I. 962) and accompanying declarations and documentation;

WHEREAS, the court having considered the parties' briefing, supporting documents, and letters;

IT IS HEREBY ORDEED THAT:

1. AOPs' Motion for Attorneys' Fees and Costs (D.I. 962) is GRANTED in part.[2]

---

[1] The court held that the case was exceptional for the purpose of awarding attorneys' fees because of (1) inequitable conduct on the part of the prior patent owner; (2) spoliation based on general disposal of documents by another prior patent owner; and (3) wrongful inducement by Rembrandt Technologies LP ("Rembrandt") for witness compensation. (D.I. 951 at 2–3 n.4.)

[2] In *Hensley v. Eckerhart*, the Supreme Court held that reasonable attorneys' fees are the product of the hours reasonably expended and the applicable hourly rate for the legal services. 461 U.S. 424, 433 (1983). This product is called the lodestar. AOPs have provided extensive documentation to enable an evaluation of reasonableness. Having reviewed the documentation, the court finds the rates to be reasonable. ("Only if the evidence reveals that the rate actually charged is abnormally high or abnormally low will the Court base an attorney fee award on an hourly rate at variance with the bill for legal services that was actually rendered to the client.") *Mathis v. Spears*, 857 F.2d 749, 756 (Fed. Cir. 1988) (quoting *Chromalloy Am. Corp. v. Alloy Surfaces Co.*, 353 F.Supp. 429, 431 (D. Del. 1973)). While local rates typically apply in determining reasonableness, the court finds that as complex multi-district litigation, "national" rates are appropriate in this case. *Eli Lilly & Co. v. Zenith Goldline Pharm., Inc.*, 264 F. Supp. 2d 753, 764 (S.D. Ind. 2003). The Federal Circuit has approved use of the American Intellectual Property Law Association's economic survey in awarding fees under § 285. *Mathis*, 857 F.2d at 755–56; *View Engineering, Inc. v. Robotic Vision Systems, Inc.*, 208 F.3d 981, 987 (Fed. Cir. 2000) (approving use of AIPLA survey to reduce hourly rates in determining sanctions). This was a challenging case calling for

2. AOPs' request for experts' fees and costs is DENIED.[3]

3. AOP's request for fees related to Adelphia's Bankruptcy is DENIED.[4]

4. AOPs' request for fees for time spent on secretarial or clerical work is DENIED.[5]

5. AOPs request for pre-judgment interest is DENIED.[6]

6. AOPs request for post-judgment interest at the statutory rate specified in 28 U.S.C. § 1961 from August 20, 2015 through satisfaction of the amounts awarded in this order

---

substantial time and expertise. However, the determination of the lodestar does not end the district court's inquiry. *Hensley*, 461 U.S. at 434. After a district court determines the lodestar, its discretion comes into play and it can adjust the fee for a variety of reasons. *Id.* The court finds several categories of fees unreasonable as discussed below.

[3] As the Federal Circuit has recognized, it "is a better practice for a district court to analyze expert witness fees separately and to explain why an award of attorney fees under § 285 is insufficient to sanction the patentee[.]" *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 921 (Fed. Cir. 2012). Use of this inherent authority is reserved for cases where the district court makes a "finding of fraud or bad faith whereby the 'very temple of justice has been defiled.'" *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 23 F.3d 374, 378 (Fed. Cir. 1994) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991)). Courts may consider whether the party acted in bad faith, vexatiously, wantonly, for oppressive reasons. Meeting the bar for sanctions under a court's inherent power is "more stringent" than the bar under § 285. *Howlink Glob. LLC v. Centris Info. Servs., LLC*, 2015 WL 216773, at *6 (E.D. Tex. Jan. 8, 2015). While, the court has found that this case is exceptional due to misconduct for the purpose of awarding attorneys' fees, it will exercise its discretion to deny experts' fees. (*See* D.I. 1001, Ex. M.) The Federal Circuit opinion in *Amsted Industries* allows for expert witness fee awards under the court's inherent authority if a case "goes sufficiently beyond 'exceptional' within the meaning of section 285 to justify an award of expert fees as a sanction under the court's inherent power." 23 F.3d at 379. The court does not believe that such a finding is warranted in this case.

[4] As stated in the Order, the court declines to consider actions that occurred before another court. (D.I. 951 at 2–3 n.5.) Therefore, Adelphia will not receive fees for conduct that occurred before the Bankruptcy Court for the Southern District of New York.

[5] The Federal Circuit has ruled: "The purpose of § 285 is . . . to compensate the prevailing party for its monetary outlays in the prosecution or defense of the suit. . . . We interpret attorney fees to include those sums that the prevailing party incurs in the preparation for and performance of legal services related to the suit." *Cent. Soya Co. v. Geo. A. Hormel & Co.*, 723 F.2d 1573, 1578 (Fed. Cir. 1983) (citations omitted). Thus, fees will be denied that are not "sufficiently complex to justify the efforts of a paralegal[.]" *Gen. Protecht Grp., Inc. v. Leviton Mfg. Co.*, 122 F. Supp. 3d 1114, 1149 (D.N.M. 2015) (quoting *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 553 (7th Cir. 1999)).

This does not mean that all para-legal and secretarial tasks should be excluded; rather it means that these costs should be excluded when they do not include tasks that are legal in nature. AOPs' work spent on secretarial or clerical tasks should therefore be excluded. While the court will not here review each entry to determine if it is legal, it will offer the guidance that copying, printing and distributing court documents are not tasks that are so complex as to require a paralegal. *Ysasi v. Brown*, 2015 WL 403930, at *41 (D.N.M. Jan. 7, 2015).

[6] The Federal Circuit has ruled that when "bad faith or other exceptional circumstances" occur, district courts have authority to award prejudgment interest on the unliquidated sum of an award made under § 285. *Mathis*, 857 F.2d at 761. Under § 285, the court exercises equitable discretion to determine whether to award prejudgment interest and how to calculate the award. *Id.* In this case, the court finds that there has not been the kind of bad faith through litigation that warrants prejudgment interest on the amount of fees awarded.

is GRANTED.[7]

7. The court orders AOPs to calculate costs and fees and submit an updated total of expenses incurred for approval within 14 days.

Dated: August 24, 2016

_____
UNITED STATES DISTRICT JUDGE

---

[7] "Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment[.]" 28 U.S.C. § 1961.