IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

In re:

REMBRANDT TECHNOLOGIES, LP
PATENT LITIGATION

Plaintiff,

) MDL Docket No. 07-md-1848-GMS

## ORDER

WHEREAS, on August 20, 2015, the court issued an Order granting All Other Parties ("AOPs") and Adelphia's Motions for a Determination That This Is an Exceptional Case and an Award of Attorneys' and Experts' Fees and Costs and ordered AOPs to submit documentation detailing their requests (D.I. 951);

WHEREAS, on August 24, 2016, the Court entered a further order ruling on Rembrandt's objections to the AOPs (including Adelphia's) Reasonable Fees Request (D.I. 1013);

WHEREAS, the Court ordered the AOPs to submit a revised proposed order in compliance with the Court's August 24, 2016 Order;

WHEREAS, the court having considered the AOPs revised proposed order (D.I. 1022), Rembrandt's Notice of Objection (D.I. 1027), and the AOPs Opposition to Rembrandt's Notice of Objection (D.I. 1043);

IT IS HEREBY ORDERED THAT[1]:

---

[1] The court notes that Rembrandt did not have leave to file notice of objection to the AOPs Final Proposed Order. Nevertheless, the court will address relevant objections out of an abundance of caution to Rembrandt's substantive rights.

Rembrandt objects to the revised proposed order, arguing it is procedurally and substantively flawed, because it includes the following: (1) an additional $7-10.5 million in fees and expenses, (2) new parties and four counsel that were not included in the original request, (3) bankruptcy fees and expenses which the court expressly precluded, and (4) newly asserted expenses relating to the '627 patent. (D.I. 1027 at 4.) Particularly, Rembrandt asserts that waiver or equitable estoppel bars the relevant AOPs from unilaterally amending their fee request to see additional fees and claims the proposed amendment prejudices Rembrandt. (Id. at 6-7.) In response, the AOPs argue that it inadvertently

1.  Plaintiff shall pay the fees and costs listed below:

| Party | Attorneys' Fees | Costs |
| --- | --- | --- |
| Motorola, Inc. | $4,071,863.54 | $727,513.80 |
| Cisco Systems, Inc. | $6,145,305.65 | $1,030,551.12 |
| Thomson, Inc. | $956,313.97 | $155,990.50 |
| Ambit Microsystems, Inc. | $850,327.22 | $139,421.56 |
| NETGEAR, Inc. | $268,990.54 | $32,694.82 |
| Cablevision entities | $4,379,036.28 | $219,903.51 |
| Charter entities | $3,429,306.25 | $89,135.70 |
| Comcast entities | $8,256,815.90 | $1,697,429.02 |
| Time Warner Cable entities | $8,051,264.4 | $323,226.15 |
| Cox entities | $3,646,498.13 | $135,981.43 |

---

omitted information from its proposed order and that the revision identified a correction in the proposed order to make it consistent with the fully supported fee application. (D.I. 1043 at 7-8.)

The court is not convinced by Rembrandt's objections. Rembrandt seeks to elevate form over substance, asserting that the AOPs did not follow the necessary procedure to amend their fee request. (D.I. 1027 at 4.) First, the AOPs revised proposed order includes fees and expenses submitted with the documentation in their final fee submission. (D.I. 962.) The court does not view the correction of the tabulation error as a substantive application, as in *Honeywell Intern. Inc. v. Audiovox Commun. Corp.,* 2005 WL 2465898, at *1 n.3 (D. Del. May 18, 2005), for which the court requires a motion. Accepting the AOPs explanation, the court finds that Rembrandt has not been prejudiced and the record belies any waiver of relevant fees. In fact, the AOPs point to Rembrandt's own briefing and declarations in opposition to the fee submission, which demonstrates Rembrandt's knowledge of the Cox and Adelphia fees and costs request respectively. (D.I. 994 at 1; 1001, ¶¶ 23, 61, 68.)

Rembrandt also objects to expenses related to the '627 patent. (D.I. 1027 at 10-11.) The AOPs assert that they have made timely applications for fees incurred relating to the '627 patent, citing the AOPs' Opening Brief in Support of Their Reasonable Attorney Fees Request which provided detailed calculations of attorneys' fees and costs in connection with the '627 patent. (D.I. 962 at 6 n.2; D.I. 965; D.I. 970; D.I. 971; D.I. 975.) The court agrees. Because there is neither evidence of prejudice to Rembrandt nor grounds to exclude, the court will award fees and costs attributable to the '627 patent litigation.

Finally, Rembrandt objects to fees and costs related to the Adelphia Bankruptcy that were precluded by the court's fee order. (D.I. 1027 at 10.) As Rembrandt correctly notes, the court expressly denied fees related to Adelphia's Bankruptcy. This limitation, however, does not preclude an award of fees incurred defending the causes of action that Rembrandt brought against Adelphia in the bankruptcy court that were ultimately consolidated in the above-captioned multi-district litigation. Such a result would be inappropriate and deprive Adelphia of reasonable attorneys' fees and costs absent evidence of a double recovery or prejudice to Rembrandt. As a result, the court concludes that it is reasonable to award Adelphia expenses relating to the Rembrandt litigation while it was pending in the Bankruptcy Court for the Southern District of New York.

|   |   |   |
|---|---|---|
| Adelphia entities | $5,422,870.83 | $253,430.37 |

2. The applicable post-judgment interest rate is 0.39%, as set forth in 28 U.S.C. §1961(a). Post-judgment interest on the amounts listed in paragraph 1 of this Order shall accrue in a total amount of $537.28 per day, beginning August 20, 2015, until the judgment is satisfied, and shall be paid to each defendant in proportion to the total fees and costs owed to that defendant. Interest shall be compounded annually, as specified by 28 U.S.C. §1961(b).

3. Plaintiffs shall further pay the fees and costs listed below:

| Party | Attorneys' Fees | Costs |
|---|---|---|
| Cisco Systems, Inc. | $381,507.15 | $2,954.88 |
| Cablevision entities | $117,011.70 | $0.00 |
| Charter entities | $65,933.69 | $0.00 |
| Comcast entities | $177,496.60 (fees and costs) | |
| Time Warner Cable entities | $34,427.92 (fees and costs) | |
| Cox entities | $44,994.25 | $3,612.73 |
| Adelphia entities | $128,951 | $432.45 |

4. The applicable post-judgment interest rate is 0.58%, as set forth in 28 U.S.C. §1961(a). Post-judgment interest on the amounts listed in paragraph 3 of this Order shall accrue in a total amount of $15.21 per day, beginning August 24, 2016, until the judgment is satisfied, and shall be paid to each defendant in proportion to the total fees and costs owed to that defendant. Interest shall be compounded annually, as specified by 28 U.S.C. §1961(b).

Dated: March 2, 2017

UNITED STATES DISTRICT COURT